IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF ROGER D. OWENSBY,** | : | CASE NO. C-1-01-769 |
| Plaintiff | : | (Judge S. Arthur Spiegel) |
| vs. | : | **DEFENDANT'S REPLY IN SUPPORT** |
| | | **OF MOTION FOR SUMMARY JUDGMENT** |
| **CITY OF CINCINNATI, et al.** | : | **ON STATE TORT CLAIMS AND** |
| | | **PUNITIVE DAMAGES RELATED TO** |
| Defendant | : | **WRONGFUL DEATH CLAIM** |

**MEMORANDUM**

**A. Supreme Court precedent establishes sovereign immunity under Revised Code 2744 is constitutional.**

Plaintiffs' constitutional challenges are misleading because they noticeably fail to address Supreme Court precedent, which has held Ohio Revised Code's Chapter 2744 sovereign immunity, indeed, is Constitutional. Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666 (citing Shapiro v. Thompson (1969), 394 U.S. 618, 633, 89 S.Ct. 1322, 1330); Fabrey v. McDonald Village Police Dept. (1994), 70 Ohio St.3d 351, 355; *accord* Taddeo v. Estate of Ellis (2000), 144 Ohio App.3d 235.

Legislative enactments enjoy a presumption of constitutionality. Fahnbulleh, 73 Ohio St.3d at 668; State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, 147. To overcome this presumption, the challenger must establish that a statute is "clearly unconstitutional beyond a reasonable doubt." Dickman,

*supra;* State v. Gill (1992), 63 Ohio St.3d 53, 55. **"This presumption, which can be overcome only in the most extreme cases, works to protect the domain of the legislature from encroachment by the judiciary."** Cent. Ohio Transit Auth. v. Transport Workers Union Local 208 (1988), 37 Ohio St.3d 56, 62. (emphasis added).

In Fahnbulleh v. Strahan, the Ohio Supreme Court rejected a claimant's view that sovereign immunity, under Chapter 2744.02 and 2744.03, is an unconstitutional violation of Section 16, Article I. (1995), 73 Ohio St.3d 666, 669-670. The Fahnbulleh claimant brought a negligence lawsuit against the City of Columbus and the City employee fire truck driver for injuries sustained in a collision with a City fire truck. Id. at 666. The common pleas and appellate courts granted summary judgment in the defendants' favor based on Chapter 2744 sovereign immunity. Id. On appeal to the Supreme Court, the claimant argued sovereign immunity of the city, under Chapter 2744.02, and of the municipal employee, under 2744.03, was unconstitutional and violated public policy. Id. at 667.

Since Chapter 2744.02 involved neither a fundamental right nor a suspect class, the Supreme Court stated, this statute is constitutional if it was "reasonably calculated to advance a legitimate governmental interest." Id. at 668. The Court recognized two distinct legitimate governmental interests including: 1) the government encourages rapid response of emergency

vehicles and personnel; and 2) the preservation of the financial soundness of the political subdivision. Id. at 668-669 (citing Shapiro v. Thompson (1969), 394 U.S. 618, 633 (holding that states have a valid interest in preserving the fiscal resources and integrity of political subdivisions.) In turn, "the state may make a rational determination to limit recovery in certain circumstances in order to advance that legitimate state interest." Fahnbulleh, 73 Ohio St.3d at 669; Fabrey v. McDonald Village Police Dept. (1994), 70 Ohio St.3d 351, 353; Menafee v. Queen City Metro. (1990), 49 Ohio St.3d 27, 29.

Additionally, the Supreme Court rejected the view that sovereign immunity violates Section 16, Article I of the Ohio Constitution by leaving injured persons without recourse under the law. Fahnbulleh, *supra* at 669. The Court noted that the Ohio Constitution does not provide a "fundamental right" for injured persons to sue the state for personal injuries. Id. The on-point text states:

> It may well be argued that any grant of immunity necessarily impairs some individual's rights to seek redress in a court of law, and thus treats some persons harshly. All to frequently, decision making requires difficult balancing of competing interests and equities. **The Ohio Constitution specifies that suits may be brought against the state 'as provided by law.' This language can only mean that <u>the legislature may enact statutes to limit suits</u> if it does so in a rational manner calculated to advance a legitimate state interest**.

Id. (emphasis added). Consequently, the Court held sovereign immunity was a "constitutional exercise of legislative authority which did not violate the guarantees of equal protection of the

Ohio and United States Constitutions because its grant of limited immunity of political subdivisions is rationally related to a legitimate state interest." Id. at 669-70.

See also, Fabrey v. McDonald Village Police Dept. (1994), 70 Ohio St.3d 351, (rejecting challenge to political subdivision immunity based on Section 16, Article I of the Ohio Constitution); Bundy v. Five Rivers Metroparks (2003), 152 Ohio App.3d 426, 433 (holding Chapter 2744.02 does not violate Section 16, Article I of the Ohio Constitution); Taddeo v. Estate of Ellis (2000), 144 Ohio App.3d 235, 241 (holding Chapter 2744 is rationally related to preserving the fiscal resources of political subdivisions and does not violate Section 16, Article I); Krokey v. City of Cleveland (2001), 146 Ohio App.3d 179, 185 (stating no Chapter 2744 political subdivision immunity exception exists for tort or constitutional claims); Grange Mutual Casualty Co. v. City of Columbus (1989), 49 Ohio App.3d 50, 55 (holding Chapter 2744.05's damages clause is a constitutional exercise of the state's police power and is reasonably related to the maintenance of public peace, health and safety); Longstreth v. Franklin Cty. Childrens' Serv., 14 F.3d 601, 1993 U.S. App. LEXIS 37271 (6th Cir. 1993)(recognizing that Ohio enjoys sovereign immunity from state tort claims under Chapter 2744 as well as federal 1983 claims under the Eleventh Amendment).

In the case at bar, Plaintiff's constitutional challenges should be rejected because Ohio's sovereign immunity statutes further two legitimate state interests. First, under the

4

underlying circumstances of this case, this immunity promotes police officers' abilities to promote public peace, health and welfare. Without immunity from subsequent negligence claims, police officers would be inhibited from carrying out their professional duties for fear of exposure to civil liability in a negligence lawsuit. Therefore, municipal employee immunity is constitutional because this legitimate state interest outweighs any possible harm to injured individuals. See Fahnbulleh, *supra.*

Second, Ohio has a legitimate interest in preserving the financial soundness of political subdivisions like the City of Cincinnati. See Fahnbulleh, Taddeo, Fabrey, Shapiro, *supra.* In recognizing this interest, the Ohio Supreme Court relied upon the U.S. Supreme Court, which had held "that states have a valid interest in preserving the fiscal resources and integrity of political subdivisions." Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666, 668-69 (citing Shapiro v. Thompson (1969), 394 U.S. 618, 633). The courts in these cases collectively have adjudicated and rejected a wide array of constitutional challenges to various subsections of Chapter 2744 sovereign immunity, including the precise challenges plaintiffs raise today.

Plaintiff's view that the Ohio Constitution, Section 16, Article I provides injured persons with a fundamental and automatic right to sue political subdivisions for tort injuries is flawed because this clause is not self-executing. Again, the Fahnbulleh court emphasized this clause's express wording only "specifies that

5

suits <u>may be brought</u> against the state <u>'as provided by law.'</u>" <u>Fahnbulleh,</u> *supra* at 669.(emphasis added).  Therefore, "the legislature <u>may enact</u> statutes [like Chapter 2744] to limit suits if it does so in a rational manner calculated to advance a legitimate state interest." Id. (emphasis added). The Supreme Court affirmed the constitutionality of Ohio's sovereign immunity statutes because they were narrowly tailored to further legitimate state interests discussed earlier.  Id. at 669-670.

Additionally, the <u>Bundy</u> Court built upon the Supreme Court's reasoning by stating:

> Appellants argue that Section 16, Article I endows them with a fundamental right to sue a political subdivision for damages for the negligence of its employees.  We do not agree.  This court has held that **the clause permitting suits to be brought against the state is not self-executing, and that the state of Ohio is not subject to suits in tort without the consent of the General Assembly**.  Even when this court abrogated the doctrine of sovereign immunity of political subdivisions for acts of negligence, our holding applied only in the absence of a statute providing immunity.
>
> . . .
>
> **Because the General Assembly has the power to define the contours of the state's liability, within the constraints of equal protection and due process, the right to sue the state is not fundamental**.  The immunity of the defendants in this case is not such an infringement of a preexisting right.  It is, rather, in accord with a traditional common-law principle.

<u>Bundy v. Five Rivers Metroparks</u> (2003), 152 Ohio App.3d 426, 433. (emphasis added). Plaintiff noticeably fails to cite, acknowledge or address any of this on-point case law when they argue no constitutional challenges of Chapter 2744.02 and 2744.03 have been

6

asserted "until now." In turn, this case law is dispositive of Plaintiffs' constitutional arguments. Therefore, summary judgment is appropriate on the state claims against defendant City of Cincinnati as well as the state negligence claims against the individual officers. R.C. 2744.02(A)(1); 2744.03(A)(6).

**B. Ohio's wrongful death statute does not permit recovery of punitive damages.**

Plaintiffs torture the holding of Gollihue v. Consol. Rail Corp. by arguing this decision stands for allowing recovery of punitive damages in wrongful death claims, in violation of binding Supreme Court precedent. (1997), 120 Ohio App.3d 378. As plaintiffs concede in their response contra summary judgment, Ohio's wrongful death statute expressly states "compensatory damages may be awarded in an action for wrongful death ..." R.C. 2125.02(B). Moreover, longstanding Supreme Court precedent has interpreted the General Assembly's silence on punitive damages to mean such relief is not permitted under this statute. Wightman v. Consol. RR Corp. (1999), 86 Ohio St.3d 431, 448 (J. Lundberg concur)(citing Rubeck v. Huffman (1978), 54 Ohio St.2d 20, 23. The Canon of statutory interpretation, expressio unius, *est exclusion alterius,* creates a negative inference that Revised Code 2125.02(B)'s express inclusion of terms such as "compensatory damages" implies an automatic exclusion of other commonly associated terms, such as "punitive damages." See Lindh v. Murphy (1997), 521 U.S. 320, 337-38.

By arguing the appellate court <u>Gollihue</u> decision somehow overrules Supreme Court precedent that contradicts their view, the plaintiffs tortured the true spirit and meaning of <u>Gollihue</u>, as stated in the following text:

> R.C. 2125.02 identifies the types of damages recoverable in a wrongful death action.
>
> . . .
>
> **Since punitive damages are 'assessed over and above that amount adequate to compensate an injured party' they are, by definition, not available in a wrongful death action.**

<u>Gollihue,</u> 120 Ohio App.3d at 406 (quoting <u>Rubeck v. Huffman</u> (1978), 54 Ohio St.2d at 22-23)(emphasis added).

Contrary to Plaintiff's arguments, Ohio courts have not "recognized a right to recover punitive damages in a wrongful death action" under any circumstances, especially in the underlying facts of this case.  The <u>Gollihue</u> case, in reality, cites, recognizes and adheres to Supreme Court precedent and the wrongful death statute's text, which prohibits recovery of punitive damages.  Under these facts, the defendants are entitled to summary judgment on the claims for punitive damages related to the wrongful death claim.

    C.    <u>**The attachments to Plaintiffs' response memorandum constitute improper evidence for summary judgment analysis.**</u>

All of the attachments, exhibits, reports and statements that accompany Plaintiff's response contra summary judgment should be disregarded as unreliable, untrustworthy evidence. Fed. R. Civ. P. 56(c). Rule 56's summary judgment standard prohibits the use of such evidence as follows:

8

> The judgment sought shall be rendered forthwith if the **pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,** if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). (emphasis added).

In the case at bar, none of Plaintiff's attachments qualify as admissible evidence for summary judgment analysis pursuant to the above standard. None of these attachments were signed by the declarant in the presence of a notary public or any other officer qualified to administer an oath. There is no indication any of these documents are certified or self-authenticating.

Ohio's summary judgment standard mirrors Federal Rule 56 and Ohio courts employ the Celotex standard. Ohio R. Civ. P. 56; Dresher v. Burt (1996), 75 Ohio St.3d 280, 286-90 (citing Fed. R. Civ. P. 56; Celotex v. Catrett, (1986), 477 U.S. 317). Under this standard, courts have granted summary judgment after excluding evidence that does not qualify as proper evidence under Rule 56. See e.g., Taddeo v. Estate of Ellis (2000), 144 Ohio App.3d 235, fn.5 (holding police investigation reports as well as eyewitness accounts contained in police reports constitute inadmissible hearsay and may not be used to support a motion for summary judgment under Rule 56(c). Consequently, the entire factual background section in Plaintiffs' response should be disregarded because it stems from unreliable evidence that may not be considered on summary judgment analysis.

9

**CONCLUSION**

For the foregoing reasons, the defendants respectfully request this Court grant summary judgment in their favor on all state tort claims against the city of Cincinnati; the state negligence claims against the police officers that do not fall within any exception to the qualified immunity, and allow only claims that fall within the "malicious, bad faith conduct" exception to remain; and all punitive damages claims for the state wrongful death claim.

Respectfully submitted,

JULIA L. McNEIL (0043535)
City Solicitor

_____
Neil F. Freund (0012183)
Vaseem S. Hadi (#0075617)
FREUND, FREEZE & ARNOLD
1800 One Dayton Centre
1 South Main Street
Dayton, OH 45402-2017
(937) 222-2424

Geri Hernandez Geiler (0042081)
Gloria Sigman (0065145)
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, OH 45202
(513) 352-3338
Trial Attorneys for Defendants

**PROOF OF SERVICE**

This will certify that a copy of the foregoing was served upon counsel of record by regular U.S. mail this ____ day of September, 2003:

Mark T. Tillar (0029898)
240 Clark Road
Cincinnati, OH 45202
(513) 761-2958
**Attorney for Plaintiff**

John Helbling (0046727)
3672 Springdale Road
Cincinnati, OH 45251
513-923-9740
**Attorney for Plaintiff**

Paul B. Martins
HELMER, MARTINS & MORGAN CO.
Fourth & Walnut Centre, Suite 1800
105 East 4th Street Cincinnati, Ohio 45202-4008
(513) 421-7902
**Attorney for Plaintiff**

Donald E. Hardin (0022095)
HARDIN, LEFTON, LAZARUS &
MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202
513-721-7300
**Special Counsel for Defendants**
**Robert Blaine Jorg, Patrick Caton,**
**Darren Sellers, Jason Hodge, and**
**Victor Spellen**

Wilson G. Weisenfelder, Jr.  (0030179)
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, OH 45202
513-381-9200
**Attorney for Defendants**
**Village of Golf Manor,**

**Chief Stephen Tilley,**
**Officer Robert Heiland, and**
**John Doe #7 nka Chris Campbell**

Dale A. Stalf (0000471)
BUCKLEY, KING & BLUSO
1320 PNC Center
201 East Fifth Street
Cincinnati, OH 45202

11

(513) 412-5400
**Attorney for Huntington Meadows, LTD**

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, OH 45202
(513) 587-2887
**Attorney for Defendant**
**Cincinnati Police Officer**
**David Hunter**

_____
Neil F. Freund

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**