UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF<br>ROGER D. OWENSBY JR.,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF CINCINNATI, ET AL.,<br><br>      Defendants. | Case No. 01-CV-769<br><br>Senior Judge S. Arthur Spiegel |

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE
DEPOSITIONS IN EXCESS OF THOSE PRESCRIBED BY FED. R. CIV. P. 30(a)(2)(A)**

Plaintiff, Estate of Roger D. Owensby, Jr., hereby moves this Court for leave, pursuant to Rule 30(a)(2)(A), Fed. R. Civ. P., for each side to take thirty fact depositions and five expert depositions. This motion is justified based upon the large number of defendants and fact witnesses in this Civil Rights wrongful death action and because expert testimony will be required from various disciplines, including economics, police tactics and procedures, forensics, and medicine.

In accord with Civil Rule 30(a)(2), Plaintiff attempted to modify the ten-deposition limit informally by stipulation among the parties. All parties agreed to the proposed thirty fact deposition and five expert deposition limit—except Defendant City of Cincinnati. Therefore, Plaintiff is forced to file this motion. A memorandum in support of this motion is attached.

Respectfully submitted,


<u>/s/ James B. Helmer, Jr.</u>
<u>/s/ Paul B. Martins</u>
James B. Helmer, Jr.  (0002878)
Paul B.  Martins (0007623)
Frederick M. Morgan, Jr.  (0027687)
HELMER, MARTINS & MORGAN CO., LPA
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone:  (513) 421-2400
Facsimile:  (513) 421-7902
*Trial Attorney for Plaintiff*

Mark T. Tillar (0029898)
240 Clark Road
Cincinnati, Ohio  45202
*Trial Attorney for Plaintiff*

John J. Helbling (0046727)
3672 Springdale Road
Cincinnati, Ohio 45251
*Trial Attorney for Plaintiff*

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO TAKE
DEPOSITIONS IN EXCESS OF THOSE PRESCRIBED BY FED. R. CIV. P. 30(a)(2)(A)**

**I.   INTRODUCTION**

This is a Civil Rights wrongful death action initiated pursuant to 42 U.S.C. §§ 1983 and 1988 as well as pendent state tort claims, including wrongful death. It arises out of the Cincinnati Police stop and frisk of twenty-nine-year-old Roger Owensby, Jr., who was then improperly arrested, beaten, choked, maced, handcuffed, beaten some more while handcuffed, and left to die in the back seat of a Golf Manor police cruiser. The Hamilton County Coroner has listed the cause of death as "mechanical asphyxia" and the manner of death as "police intervention: asphyxiation during restraint attempts." All of this took place on November 7, 2000, between 7:30 and 8:00 p.m., at a convenience store at the corner of Seymour Avenue and Langdon Farm Road.

Rule 30(a)(2)(A), Fed. R. Civ. P., limits the number of depositions to ten per side, unless the parties stipulate to some alternative number that is fair or, absent such a stipulation, leave of court is obtained.

Plaintiff attempted to informally resolve this matter through a stipulation with the defendants that would allow each side to take thirty fact depositions and five expert depositions. Exhibit A, Martins 9/4/03 Letter, requesting consent of a stipulation by September 11, 2003. All Defendants agreed to this proposed modification of the deposition limit, except Defendant City of Cincinnati. Thus, Plaintiff is required to file this motion.

II.     ARGUMENT

    A.     **Thirty Fact Depositions Per Side Are Necessary Due To The Number Of Parties And The Number Of Fact Witnesses In This Case.**

There are twelve named individual defendants in this action. Doc. 1, Complaint.[1] Unmodified, Civil Rule 30(a)(2)(A) would not afford Plaintiff even the opportunity to depose all of the individual defendants. Further, there are three entity defendants: the City of Cincinnati; the Village of Golf Manor; and Huntington Meadows. *Id.* Unmodified, Civil Rule 30(a)(2)(A) would prohibit Plaintiff from depositing representatives of these entities.

Although discovery is ongoing, Plaintiff has already identified twenty-seven individuals who witnessed some or all of the stop, search, arrest, beating, and failure to provide necessary medical attention to Mr. Owensby. Exhibit B, Plaintiff's Answer to Defendants' First Set of Interrogatories, Interrogatory 21, attached. Ten of these twenty-seven individuals are police officers—some of whom are not defendants. *Id.* Thus, if the Rule 30(a)(2)(A) deposition limit is unaltered, Plaintiff would exhaust his deposition limit by simply deposing the police officers who were present on the scene.

In addition to these twenty-seven witnesses at the scene, Plaintiff has identified eleven individuals who have knowledge of some or all of the events that give rise to Mr. Owensby's death. *Id.*, at Answer to Interrogatory 22. This includes emergency room as well as coroner personnel. Thus, there are almost forty fact witnesses in this action, excluding supervisory personnel for Defendants City of Cincinnati and Village of Golf Manor.

---

[1] The individual defendants are: Thomas Streicher, Jr.; Robert B Jorg; Patrick Caton; David Hunter; Darren Sellers; Jason Hodge; Victor Spellen; Stephen Tilley; Robert Heiland; Donald Whittaker; Nat Watson; and, Brian Manefee.

B.  **Five Expert Deposition Per Side Is Necessary Given The Various Disciplines Relevant To This Action.**

Beside the 40 fact witnesses, Plaintiff anticepates that each side will have expert witnesses who are expected to address the disciplines of economics, police procedures, forensics, as well as other disciplines that are relevant to this Civil Rights wrongful death action. Therefore, Plaintiff proposes that each side in this litigation be afforded the right to take five expert depositions.

Thus, the facts of this case justify a modification of Civil Rule 30(a)(2)(A)'s deposition limit to allow a full development of the facts. A proposed Order, is attached as Exhibit C.

Respectfully submitted,

/s/ James B. Helmer, Jr.
/s/ Paul B. Martins
James B. Helmer, Jr.  (0002878)
Paul B.  Martins (0007623)
Frederick M. Morgan, Jr.  (0027687)
HELMER, MARTINS & MORGAN CO., LPA
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone:  (513) 421-2400
Facsimile:  (513) 421-7902
*Trial Attorney for Plaintiff*

Mark T. Tillar (0029898)
240 Clark Road
Cincinnati, Ohio  45202
*Trial Attorney for Plaintiff*

John J. Helbling (0046727)
3672 Springdale Road
Cincinnati, Ohio 45251
*Trial Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Plaintiff's Motion For Leave To Take Depositions In Excess Of Those Prescribed By Fed. R. Civ. P. 30(a)(2)(A), was electronically filed on September 12, 2003. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Paul B. Martins

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF ROGER D. OWENSBY JR., <br><br>       Plaintiff, <br><br> v. <br><br> CITY OF CINCINNATI, ET AL., <br><br>       Defendants. | Case No. 01-CV-769 <br><br> Senior Judge S. Arthur Spiegel |

**ORDER**

    This matter having come before this Court on Plaintiff's Motion for Leave To Take Depositions In Excess Of Those Prescribed By Fed. R. Civ. P. 30(a)(2)(A), considering the arguments and submissions of all the parties and for good cause shown, Plaintiff's Motion is hereby GRANTED.

    In accordance with Rule 30(a)(2)(A), Plaintiff is granted leave to take up to thirty fact depositions and five expert depositions. Likewise, Defendants are granted leave to take up to thirty fact depositions and five expert depositions.

    SO ORDERED

_____        _____
      Date                                                                   Senior Judge S. Arthur Spiegel
                                                                                                   United States District Judge