UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF ROGER OWENSBY, JR. | : | NO. C-1-01-769 |
| Plaintiff | : | (Judge Spiegel) |
| vs. | : | |
| CITY OF CINCINNATI, et al. | : | **MOTION TO QUASH SUBPOENA DIRECTED TO MICHAEL K. ALLEN HAMILTON COUNTY** |
| Defendants | : | **PROSECUTOR** |

Pursuant to Civil Rule 45(c)(3)(A), Michael K. Allen, Hamilton County Prosecuting Attorney, hereby moves this court for an order quashing the subpoena issued by Paul Martins, Counsel for Plaintiff in the above captioned matter. The reasons therefore are set forth in the attached memorandum and exhibits.

Respectfully submitted,

MICHAEL K. ALLEN
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO


/s/ Stephen K. Shaw (0018652)
/s/ Joseph M. Hutson (0069849)
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/946-3071
513/946-3018 (Fax)
sshaw@prosecutor.hamilton-co.org

**MEMORANDUM**

**I.     INTRODUCTION**

On September 15, 2003, Michael K. Allen was served with a subpoena in his official capacity as Hamilton County Prosecutor (sic) issued by Paul B. Martins, counsel for the plaintiff in the above captioned matter. A copy of the subpoena is attached hereto as Exhibit A. It seeks disclosure of the following protected documents:

(1) Trial exhibits and pleadings filed in State v. Robert Blaine Jorg, Case No. B-0009502, Hamilton County Court of Common Pleas, which records are subject to an Order issued by Common Pleas Judge Thomas Nurre, sealing those records after a hearing, pursuant to O.R.C. §2953.53;

(2) Witness statements obtained in State v. Robert Blaine Jorg, including secret Grand Jury testimony of witnesses, all of which are subject to the Order of Judge Nurre and which are additionally protected from disclosure under Ohio Crim. R. 6(E);

(3) All statements of witnesses obtained in State v. Patrick E. Caton, Case No. 01-CRB-206, Hamilton County Municipal Court, including witness statements in the Grand Jury proceedings. These records are subject to the Judge Nurre's Order in State v. Robert Blaine Jorg as the investigation was jointly conducted as to all potential criminal complaints arising out of the death of Roger Owensby, Jr. and the Prosecutor does not have any independent records that relate solely to the investigation of the criminal complaint against Mr. Caton.

(4) All documents or things in the possession or control of the Hamlton County Prosecutor that relate to the death of Roger D. Ownseby, Rm. and or the investigation and/or prosecution of any public employee, including, Robert B. Jorg or Patrick E. Caton. These documents are all subject to Judge Nurre's Order and some represent Grand Jury records that are secret and not subject to disclosure.

Prior to the issuance of the forementioned subpoena, the City of Cincinnati filed a motion in the Hamilton County Court of Common Pleas seeking the release of the records now sought by federal subpoena. That motion was yet pending when the federal subpoena now in dispute was issued and the Common Pleas Court only recently issued an order denying the motion. [See Exh. B]. The time to appeal the state court's decision denying the motion has yet to run. The Plaintiffs have thus far elected not to intervene in the state court action or pursue an appeal of the order denying the motion.

Michael K. Allen, Hamilton County Prosecuting Attorney, now respectfully moves this Court to quash the subpoena issued by the plaintiff based upon state statutes prohibiting the release of the requested records under penalty of law as well as jurisdictional restrictions prohibiting this Court from engaging in appellate review of a state court proceeding or interfering with a pending state court action. An argument follows.

## II. ARGUMENT

**A.     The Hamilton County Prosecutor is Prohibited from Releasing Official Records Sealed Pursuant to R.C. §2953.53 without Authorization from Defendant Jorg.**

There is a simple solution to the quandary placed before this Court. As the appellate court determined in *USA, ex rel. Woodard v. Tynan*, 776 F.2d 250 (10th Cir. 1985):

> It is established doctrine, however, that federal courts should avoid "unseemly conflict between two sovereignties, the unnecessary impairment of state functions, and the premature determination of constitutional [**2] questions." *Martin v. Creasy*, 360 U.S. 219, 224, 3 L. Ed. 2d 1186, 79 S. Ct. 1034 (1959).

The solution reached by the Court in *Tynan* was to order the defendant, who had the right to request release of the records, to make such a request. The Federal Court of appeals found that such an order was the appropriate path to take in such litigation.

Defendant Jorg is entitled to release of the records pursuant to O.R.C. 2953.53(D)(1) and (2). Thus this Court, pursuant to the reasoning in *Tynan*, can avoid the conflict between the power of the State and Federal Court systems by simply ordering Mr. Jorg to authorize release of the records. Upon receipt of that request the Hamilton County Prosecuting Attorney will produce the documents subject to objections to the production of attorney-client privileged and confidential documents contained in the file. As to those documents, the Hamilton County Prosecuting Attorney will provide a privilege log, listing the documents for review by the Court and the parties. Absent such an authorization, the Hamilton County Prosecuting Attorney is prohibited from releasing the requested documentation.

**B.    The Hamilton County Prosecutor may not Release Official Records Sealed Pursuant to R.C. §2953.53 under Penalty of Law.**

On September 15, 2003, Michael K. Allen was served with a subpoena in his official capacity as Hamilton County Prosecutor (sic) issued by Paul B. Martins, counsel for the plaintiff. The subpoena requests disclosure of the following protected documents:

Request 1. seeks:

> All trial exhibits and pleadings filed in State v. Robert Blaine Jorg, Case No. B-0009502, tried in October 2001 before the Honorable Thomas C.

Case No. B-0009502 was ordered sealed by Judge Nurre, pursuant to O.R.C. 2953.53. This section of the Ohio Revised Code provides that "the sealed official records . . . shall not be available to any person...." O.R.C. 2953.53(D).

2953.51 defines, "official records:"

> (D) "Official records" means all records that are possessed by any public office or agency that relate to a criminal case, including, but not limited to: the notation to the case in the criminal docket; all

> subpoenas issued in the case; all papers and documents filed by the defendant or the prosecutor in the case; all records of all testimony and evidence presented in all proceedings in the case; all court files, papers, documents, folders, entries, affidavits, or writs that pertain to the case; all computer, microfilm, microfiche, or microdot records, indices, or references to the case; all index references to the case; all fingerprints and photographs; all records and investigative reports pertaining to the case that are possessed by any law enforcement officer or agency, except that any records or reports that are the specific investigatory work product of a law enforcement officer or agency are not and shall not be considered to be official records when they are in the possession of that officer or agency; and all investigative records and reports other than those possessed by a law enforcement officer or agency pertaining to the case. "Official records" does not include records or reports maintained pursuant to section 2151.421 [2151.42.1] of the Revised Code by a public children services agency or the department of job and family services.

This definition makes it quite clear that the records of the prosecutor's office are "official records" which shall not be produced. Further, R.C. § 2953.54, § 2953.55, and § 2705.02 make it equally clear that the release of the records at issue would constitute a criminal offense.

There are specific exceptions, which are not applicable to the instant request. One exception is the release of the records to a law enforcement officer who was involved in the case, for use in the officer's defense of a civil action arising out of the officer's involvement in that case. However, in this case, it is not the officer who seeks release of the information.

Based upon the mandatory language in §2953.53, the Hamilton County Prosecuting Attorney is not at liberty to release the records requested in item number 1 and respectfully requests that this court issue an order quashing the subpoena as to those records.

Request number 2 requests:

> All statements of witnesses obtained in the above-referenced case, State v. Jorg, including, but not limited to, all transcripts of grand jury testimony of witnesses provide to Mr. Jorg's counsel in conjunction with the October 2001 trial.

This request is subject to the same restriction as discussed above and cannot be produced by the Prosecuting Attorney.

This request, to the extent it seeks grand jury testimony, also seeks production of secret grand jury testimony which the prosecuting attorney is not at liberty to produce. Ohio Crim. R.6(E) provides:

> A . . . prosecuting attorney . . . may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in conjunction with a judicial proceeding....

The Ohio Supreme Court has recognized the importance of keeping grand jury testimony secret. Only the Court that supervised the grand jury can authorize the release of the records. "Such disclosure can be ordered only after the court carefully weighs the need to maintain the secrecy of the grand jury proceedings against petitioner's need for the information and determines that justice can only be done if disclosure is made." *Petition for Disclosure of Evidence*, 63 Ohio St. 2d 212, 218; 407 N.E.2d 513 (1980). The person seeking disclosure must establish a "particularized need" for the information that outweighs the need for secrecy. Examples of particularized need include, to impeach a witness, to refresh a witness's recollection, to test the credibility of a witness and similar needs. *Wurth v. Emro Marketing Co.*, 125 Ohio App. 3d 494, 500; 708 N.E.2d 1057 (Lucas Co. App. 1998).

Therefore, if the plaintiff seeks production of Grand Jury testimony, the plaintiff must petition the Court of Common Pleas, Hamilton County, Ohio for an order releasing the testimony.

Request no. 3 seeks:

> All trial exhibits and pleadings filed in State v. Patrick E. Caton, Case No. 01-CRB-206, tried on October 2001 before the Honorable Guy C. Guckenberger.

Defendant does not have any records responsive to request number 3 as the matter was tried by the City of Cincinnati Solicitor's Office, which office had jurisdiction over the misdemeanor claims brought against Mr. Caton and all such documents would be in the possession of the City of Cincinnati Solicitor's office.

Request no. 4 seeks:

> All statements of witnesses obtained in the above-referenced case, State v. Caton, including, but not limited to, all transcripts of grand jury testimony of witnesses provide to Mr. Caton's counsel in conjunction with the October 2001 trial.

The death of Mr. Owensby was investigated without reference to the specific persons who may have been responsible for his death, if anyone. To the extent witness statements were gathered in conjunction with that investigation, those witness statements are protected from disclosure by Judge Nurre's Order sealing the records in the *Jorg* case. To the extent the request seeks records that are contained in Grand Jury testimony, such statements must be obtained through an order of the Court of Common Pleas. Thus, the Hamilton County Prosecuting Attorney seeks a protective order protecting it from producing the documents requested in item 4 as they are covered by either or both of the bases argued in response to the foregoing requests.

Request number 5 seeks:

> All documents or things in the possession or control of the Hamilton County Prosecutor that relate to the death of Robert D. Owensby, Jr., on November 7, 2000 and/or the investigation and/or prosecution of any public employee, including but not limited to, Robert B. Jorg or Patrick E. Caton.

The Hamilton County Prosecuting Attorney does not have any documents in its possession or under its control which fit within the description given in request number 5, other than the documents described in the plaintiff's previous four requests. Therefore, this request is simply repetitive of the foregoing document requests and the response as to those requests is incorporated herein by reference.

Based upon the foregoing, the Hamilton County Prosecutor moves this Court to issue appropriate protective orders and quash the subpoena now in dispute.

**C.  This Court Lacks Subject Matter Jurisdiction to Engage in Appellate Review of a State Court Proceeding.**

Lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings. *Peterson Novelties, Inc. v City of Berkley,* 305 F.3d 386, 390 (6th Circ. 2002). If the claims presented to a United States District Court are inextricably intertwined with a state court's adverse ruling, then the district is in essence being called upon to review the state court decision. See *District of Columbia Court of Appeals et al., v. Feldman, et al.,* 460 U.S. 462 (1983). "In practice, this means that when granting relief on a federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction." *Hood v. Keller,* et al, 2003 FED App. 0314P (6th Cir.) (citing *Pieper v. Am. Arbitration Ass'n,* 2003 WL 21663246 (6th Cir. July, 11, 2003)). A federal district court has no jurisdiction to entertain what is essentially an appeal from a state court. Accordingly, a party may not attempt to collaterally attack a state court's judgment for alleged errors of law in a federal district court. See generally *Rooker et al. v. Fidelity Trust Company et al.* 263 U.S. 413 (1923).

The subpoena issued by Plaintiff's counsel demands the production of records ordered sealed by an Ohio Court of Common Pleas pursuant to R.C. 2953.53. A second order was recently issue

by the Common Pleas Court denying the City of Cincinnati's motion to unseal the same records.[ See Exh. B]. Granting the Plaintiff's request and unsealing the pertinent records would certainly imply that the state court's initial judgment in sealing the records, as well as its subsequent decision denying the motion to unseal the records, was incorrect.   In essence, Plaintiff's counsel is asking this Court to exceed its jurisdiction and engage in appellate review of the state court's decision ordering the records to remain sealed. Plaintiff's appropriate course of action is to exhaustively pursue the unsealing of the records through the state court appellate process. Only then may he subpoena the unsealed records for use in his pending federal case.    Accordingly, this Court lacks the jurisdiction to order the production of the records sought by Plaintiff and the subpoena should be quashed.

D.    **The Plaintiff has an Adequate Remedy at Law by way of Appeal and This Court should Abstain from Interfering with the State Court Proceeding.**

In ordering the production of records sealed by a judge of the Hamilton County Court of Common Pleas, this Court necessarily must pass on the validity of the state court order sealing the records. This would require an analysis of the same issues that have recently been considered in proceedings before the Hamilton County Court of Common Pleas whereby the court denied the City of Cincinnati's motion to release the records. [See Exh. B]. This is contrary to the long-standing doctrine of abstention announced in *Younger v. Harris,* 401 U.S. 37 (1971); *Feaster v. Miksch*, 846 F. 2d 21 (1988).

*Younger* and its progeny stand for the proposition that, absent extraordinary circumstances, federal jurisdiction may not be used to enjoin pending state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). The rule in *Younger* is "designed to permit state courts to try state cases free from interference by federal courts, particularly when the party to the federal case may fully litigate his

claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). In determining the applicability of the *Younger* abstention rule, the court must consider three separate factors: 1) whether a state proceeding is pending at the time the federal action is initiated; 2) whether an adequate opportunity is provided to raise the claims in the state proceeding; and, 3) whether there are extraordinary circumstances which nevertheless warrant federal intervention. *Id.* at 202. If the party has an adequate opportunity to raise the issue on appeal, abstention pursuant to *Younger* is appropriate. *Nernberg v. City of Pittsburgh*, 50 F. Supp.2d 437, 440 (1999).

In the matter now before the court, the City of Cincinnati recently filed a motion seeking release of the sealed records in a Hamilton County Court of Common Pleas. That motion was denied on September 18, 2003. Prior to the Common Pleas Court's order, and well within the time for an appeal, the Plaintiffs issued the subpoena now in dispute through the U.S. District Court, Southern District of Ohio. In the interest of justice, the Plaintiffs certainly could have intervened in the action brought forth by the City of Cincinnati and could still pursue that option as the time for an appeal has yet to run. As the Plaintiff's have a clear and adequate opportunity to intervene and appeal the decision of the Common Pleas Court, this Court should abstain from interfering with the state court proceeding and quash the federal subpoena now at issue.

### III.   CONCLUSION

Based upon the foregoing, Michael K. Allen, Hamilton County Prosecuting Attorney respectfully urges this court to quash plaintiff's subpoena on the basis that the requested documents are protected by Judge Nurre's order, sealing all "official records" in reference to Mr. Jorg's case, as well as Ohio Crim. R. 6(E), and on the basis that this Court lacks jurisdiction to engage in appellate review of state court proceeding and should abstain from interfering in pending state court

proceedings. In the alternative, the Hamilton County Prosecutor urges the Court to order Defendant Jorg to authorize the release of the requested documents.

                    Respectfully submitted,

                    MICHAEL K. ALLEN
                    PROSECUTING ATTORNEY
                    HAMILTON COUNTY, OHIO


                    /s/Stephen K. Shaw, 0018652P
                    /s/Joseph M. Hutson, 009849
                    Assistant Prosecuting Attorney
                    230 East Ninth Street, Suite 4000
                    Cincinnati, Ohio 45202
                    513/946-3071


                    CERTIFICATE OF SERVICE

    I hereby certify that a copy of this document was served by upon each party or attorney of record in the proceedings by ordinary U.S. mail or electronically on this 26th day of September, 2003.

                    /s/Stephen K. Shaw, 0018652P
                    Assistant Prosecuting Attorney