AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| ESTATE OF ROGER D. OWENSBY, JR. | SUBPOENA IN A CIVIL CASE |
|---|---|
| Plaintiff | Case Number:[1] |
| v. | Civil Action No. C-1-01-769 (S.D. Ohio) |
| CITY OF CINCINNATI, et al. | JUDGE S. ARTHUR SPIEGEL |
| Defendant | |

TO: Michael K. Allen
Hamilton County Prosecutor
Hamilton County Prosecutor's Office
230 East Ninth Street Suite 4000
Cincinnati, Ohio 45202

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A (attached)

| PLACE: Helmer, Martins & Morgan<br>105 East Fourth Street, Suite 1900<br>Cincinnati, OH 45202 | DATE AND TIME<br>September 30, 2003 at<br>10:00 a.m. |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE FOR ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff   /s/ Paul B. Martins | DATE<br>15 Sept. 2003 |
|---|---|

ISSUING OFFICER'S NAME. ADDRESS AND PHONE NUMBER

Paul B. Martins, Esq.     Helmer, Martins & Morgan Co., L.P.A.
(513) 421-2400            105 East Fourth Street, Suite 1900
                          Cincinnati, Ohio 45202

(See Rule 45. Federal Rule of Civil Procedure, Parts C & D on Reverse)

EXHIBIT A

SEP 1 5 2003

# EXHIBIT A

I. **GENERAL INSTRUCTIONS**

    A.    The term "document" is used as defined in Fed. R. Civ. P. 34 and includes "writings" as defined in Fed. R. Evid.1001. The terms "document" or documents" also include, but are not limited to, the original and all copies (regardless of origin and whether or not including additional writing thereon or attached thereto) of electronic mail ("e-mail") messages, memoranda, reports, books, manuals, instructions, financial statements or reports, price books, records, notes, letters, notices, confirmations, correspondence, telegrams, receipts, pamphlets, magazines, newspapers, inventory books, inter-office and intra-office communications, contracts, cables, notations or memoranda of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, reviews, opinions, offers, studies and investigation questionnaires and surveys, worksheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind (including, without limitation, photographs, photomicro-graphs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures, electronic and mechanical records) or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings), computer hard drive, com-puter diskette, computer back-up tape, and other written, printed, typed or other graphic or recorded matter of any kind or nature, however produced or reproduced, and

whether preserved in writing, phonograph recording, film tape or videotaped.

B.    With respect to any document you produce, each original is to be produced, and each copy is to be produced if it in any way varies from the original by addition or subtraction of marginalia, notations, text, or any other information. Additionally, each and every draft or part of any responsive document is to be produced.

C.    If you withhold any document because of a claim of privilege or an assertion of work product, you must provide a privilege log in accord with Rule 45(d)(2), Fed. R. Civ. P., consisting of a written list of all documents falling within the description contained in the applicable request which are not produced, identifying each such document by date, preparer and addressee, identifying each person to whom a copy was furnished, stating the general subject matter of each document, stating the ground upon which each document is considered to be privileged from disclosure, and identifying each paragraph of this request which requests the production of the withheld document.

D.    Documents are to be produced which are in the possession, custody or control of you or your employees, agents or representatives.

E.    As required by the specific terms of Rule 45(d)(1), all documents produced pursuant to this subpoena are to be organized and labeled to correspond with the numbered requests or are to be produced, without alteration, as they are kept in the usual course of business.

F.    "Any" as used herein refers to each and all.

II.   **REQUESTS.**

Pursuant to the attached subpoena, you are directed to produce to Plaintiff's counsel for inspection and copying the following documents and/or things that are in your possession, custody or control.

1.  All trial exhibits and pleadings filed in State v. Robert Blaine Jorg, Case No. B-0009502, tried in October 2001 before the Honorable Thomas C. Nurre.

2.  All statements of witnesses obtained in the above-referenced case, State v. Jorg, including, but not limited to, all transcripts of grand jury testimony of witnesses provided to Mr. Jorg's counsel in conjunction with the October 2001 trial.

3.  All trial exhibits and pleadings filed in State v. Patrick E. Caton, Case No. 01-CRB-206, tried in October 2001 before the Honorable Guy C. Guckenberger.

4.  All statements of witnesses obtained in the above-referenced case, State v. Caton, including, but not limited to, all transcripts of grand jury testimony of witnesses provided to Mr. Caton's counsel in conjunction with the October 2001 trial.

5.  All documents or things in the possession or control of the Hamilton County Prosecutor that relate to the death of Roger D. Owensby, Jr., on November 7, 2000 and/or the investigation and/or prosecution of any public employee, including, but not limited to, Robert B. Jorg or Patrick E. Caton.