IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF ROGER D. OWENSBY,** | * | CASE NO. C-1-01-769 |
| | | (Judge S. Arthur Spiegel) |
| **Plaintiff** | | |
| | | **DEFENDANTS CITY OF CINCINNATI** |
| vs. | * | **AND POLICE CHIEF THOMAS** |
| | | **STREICHER, JR.'S MOTION TO** |
| **CITY OF CINCINNATI, et al.** | | **BIFURCATE CLAIMS FROM THE** |
| | * | **CLAIMS AGAINST THE INDIVIDUAL** |
| **Defendant** | | **POLICE OFFICER DEFENDANTS** |

Defendants, City of Cincinnati and Chief of Police, Thomas Streicher, Jr., pursuant to Fed. R. Civ. P. 42(b), respectfully move this Court for an Order bifurcating trial on the issues of official policy/practice against Cincinnati and Police Chief Streicher, from the claims against the individual police officers, Robert B. Jorg, Patrick Caton, David Hunter, Darren Sellers, Jason Hodge, and Victor Spellen, arising out of the alleged actions of the individual officers on November 7, 2000.

In turn, these Defendants request that trial on the remaining claims issue of official policy and practice, against the municipal defendants, be conducted after the trial on the claims against the individual officers.

A Memorandum in support of this Motion follows.

                                        JULIA L. McNEIL (0043535)
                                        City Solicitor


                                        _____
                                        Neil F. Freund (0012183)
                                        Vaseem S. Hadi (#0075617)
                                        FREUND, FREEZE & ARNOLD
                                        One Dayton Centre
                                        1 South Main Street, Suite 1800
                                        Dayton, OH 45402-2017
                                        (937) 222-2424

                                        Geri Hernandez Geiler (0042081)
                                        Gloria Sigman (0065145)
                                        Assistant City Solicitors
                                        Room 214, City Hall
                                        801 Plum Street
                                        Cincinnati, OH 45202
                                        (513) 352-3338
                                        Trial Attorneys for Defendants

**MEMORANDUM**

I. **STATEMENT OF FACTS**

This case involves the death of plaintiff's decedent, Roger D. Owensby, Jr., from alleged excessive use of force. On November 8, 2001, plaintiff Roger D. Owensby, as Administrator of the Estate of Roger D. Owensby, Jr., filed a lawsuit against the City of Cincinnati, Chief of Police, Thomas Streicher, Jr., individual police officers and other defendants. See Complaint. In the first claim, plaintiff asserts the defendants' conduct gave rise to constitutional deprivations under 42 U.S.C.§1983. The §1983 claim against the City of Cincinnati and Police Chief Streicher, in part, relates to alleged failure to establish policies, procedures and improper training/supervision of the individual officers. Complaint ¶¶25-40.

In the second claim, plaintiff asserts pendant and ancillary state tort claims including wrongful death, negligence, and assault/battery. Id. ¶¶41-54. On August 11, 2003, the defendants filed a motion for summary judgment to dismiss all state claims against Cincinnati, state claims involving negligence against the individual officers, and punitive damages claims against the officers for wrongful death.[1]

---

[1] Also, on July 8, 2003, the defendants filed a 12(b)(6) motion to dismiss city officials, John Shirey, Kent Ryan, and S. Gregory Baker, who were sued in their individual capacities. This motion to dismiss further requested dismissal of the punitive damages claims against the City of Cincinnati. On August 13, 2003, the plaintiffs filed a response acquiescing to dismissal of defendants Shirey, Ryan, Baker as well as the punitive damages claims against Cincinnati. As the defendants fully expect this Court will grant their motion related to these claims, the only remaining claims against the municipal defendants City of Cincinnati and Police Chief Thomas J. Streicher, Jr. relate to official policy/practice/training/supervision of the individual officers. As such, this Motion addresses bifurcation of these remaining issues against the municipal defendants from the claims against the individual officers.

2

The defendants now move this Court to bifurcate the remaining claims against Cincinnati and Police Chief Streicher from the claims against the individual officers. For plaintiff to prevail on his federal claims against Cincinnati or Chief Streicher, he must show that Cincinnati implemented a policy or custom that caused plaintiff, or decedent Owensby, a constitutional injury. See Monell v. Department of Social Services of the City of New York, 436 U.S. 658(978). Absent of finding of "official policy/practice," there can be no federal liability against Cincinnati or Mr. Streicher. See Id. at 691. Before liability can be triggered against a municipality, the plaintiff must prove that his injuries, or the decedent's injuries, rise to the level of a "constitutional tort." Id.

Accordingly, plaintiff must show that his (or the decedent's) constitutional rights were violated during the events of November 7, 2000, before the claims against the municipal defendants Cincinnati and Police Chief Streicher can be addressed. Id.; see, also, Tinch v. City of Dayton, No. 94-3436/94-3516, slip op. at 12-13(Sixth Cir. February 20, 1996) *cert. denied* 519 U.S. 862(1996) L. Ed. 2d 110(copy attached hereto as Exhibit A). Consequently, plaintiffs' claims against the municipal defendants should be bifurcated from his claims against the individual officers to promote convenience and avoid prejudice.

**II.  LAW AND ARGUMENT**

Defendants, City of Cincinnati Police Chief Thomas Streicher, Jr., and the individual officers request that this Court, pursuant

3

to Federal Rule of Civil Procedure 41(b), bifurcate and order separate trials of the claims against the individual officers arising from the events of November 7, 2000, from the official policy/practice/supervision claims against the municipal defendants; the trial against the individual officers should proceed first.  Federal Rule of Civil Procedure 42(b) allows the Court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," and "to order a separate trial of any claim or issue." Rule 42(b) sets forth relevant factors including the potential prejudice to the parties, the potential confusion of the jury, and the relative convenience and economy that would result from separate trials. In re Beverly Hills Fire Litigation, 675 F.2d 207, 216(6th Cir. 1982).

Bifurcation of the claims against the municipal defendants will further convenience, economy, and justice.  Such action will serve to avoid prejudice to the individual defendants, which would result if all issues and claims are tried simultaneously.  In Tinch, the Court of Appeals of the Sixth Circuit affirmed this Court's decision to bifurcate the trial against the individual police officers for the trial as to the "official policy/practice" claims against Dayton and the police chief in his official capacity.  See Tinch, *supra*.

As this Court recognized in Tinch, under Monell a plaintiff may have separate claims for violation of constitutional rights against a municipal defendant and the individual defendant officers, finding that the plaintiff suffered an actual violation

4

of his constitutional rights at the hands of the defendant individual officers acting under color of state law was a necessary prerequisite to a finding of liability against the municipal defendants. See Id. at 13; City of Los Angeles v. Heller, 475 U.S. 796, 799(1986). Further, as that Court recognized, consistent with rulings of the United States Supreme Court, "[a] city or state's policies, standing alone, do not give rise to a §1983 action." Id. Because a plaintiff must first show that his constitutional rights were violated by the individual defendant officers before reaching the additional issues of "official policy/practice" against the municipal defendants, it follows that the claims against the individual officers should be severed and tried first. See Ricciuti v. New York City Transit Authority, 796 F.Supp. 84, 85-86(S.D.N.Y. 1992).

If, therefore, the excessive use of force and other Constitutional claims against the individual officers are unsuccessful, plaintiff Owensby will no longer have any Federal Constitutional claims against municipal defendants Cincinnati or Mr. Streicher. See Id. Thus, this Court would be spared significant time and effort and the individual officers will be spared the prejudice which naturally occurs when 'custom and policy' issues are tried together. Id. at 85. The Court in Ricciuti concluded that the potential benefit of avoiding a second trial outweighs the potential cost of conducting one large trial. See Ricciuti, 376 F. Supp. at 86. Convenience and economy alone warrant bifurcation. Id. In Ricciuti the Court noted that

5

bifurcation required the presence of only one of the following conditions: 1) avoidance of prejudice; 2) convenience; or 3) judicial economy. See Id. As in Ricciuti, the presence of all three conditions warranting bifurcation was demonstrated.

In addition to promoting judicial economy and convenience, separate trials are necessary to avoid prejudice. The defendant officers will be unfairly prejudiced by evidence of alleged deficient policies and procedures allegedly implemented by the municipal defendants. Evidence directed toward establishing the "official policy/practice" elements would not be applicable to the claims against the individual officers. Instead, such evidence only taints the jurors' minds and clouds their determinations of that issue attributable to the individual officers; namely whether their actions on November 7, 2000 caused any constitutional depravation to plaintiff or decedent Owensby. See Ricciuti, 796 F.Supp. at 86(stating a consolidated trial "has a significant disadvantage: the danger of contaminating the minds of the jurors with evidence that is applicable to some defendants but not others.") The prejudicial impact of a consolidated trial substantially outweighs any probative value of the same. See Fed. R. Evid. 403.

Similarly, bifurcation will allow the plaintiffs to avoid prejudice as well. As the Sixth Circuit held, in agreeing with this Court, bifurcation still allows the jury to evaluate the totality of the injuries suffered by the plaintiff. See Tinch, slip op. at 13-14. This Court recognized that "[w]hile a plaintiff may

FREUND, FREEZE & ARNOLD
A Legal Professional Association

assert separate and distinct §1983 actions against municipal defendants and the defendant officers, [he] may recover only once for the injuries suffered by [plaintiff]." Id.  The Tinch Court further noted:

> Given the assumption of liability for those damages by the City of Dayton, plaintiff can achieve nothing beyond a fruitless waste of judicial resources by proceeding against the municipal defendants.

Id. at 14.  According, the federal courts, including this Court, have recognized that bifurcation promotes expedition and economy while eliminating potential prejudice to the plaintiffs. Stated differently, bifurcation should be ordered under these facts to avoid prejudice to both plaintiffs and the individual officer defendants.

Justice, convenience, and economy would be served best, while jury confusion and prejudice would be avoided, if this Court bifurcated the municipal defendants' trial from the trial on the issues and claims against the individual officer defendants relating to their conduct on November 7, 2000; the trial against the defendant officers should be first.  In turn, trial on the issues against the municipal defendants, if necessary, should proceed after trial on the claims against the defendant officers has been completed.

Finally, a second trial is almost never necessary since municipalities almost always will consent that it is responsible in the event of an adverse verdict against the officers.  See, e.g., Tinch v. City of Dayton, No. 94-3436/94-3516, 1996 U.S. App. LEXIS

5716 fn. 1(Exhibit A)(noting that after bifurcating claims against the municipal defendants City of Dayton and police chief from claims against the individual officers in an excessive use of force lawsuit, the lower court properly dismissed the plaintiff's claims against the municipal defendants when the City of Dayton agreed to pay the judgment against its police officer-employee.)  If bifurcation occurs, a second trial in this case will be futile because damages will have been established already.

Alternatively, any unlikely challenge of the first trial's outcome would occur on appeal to the United States Court of Appeals for the Sixth Circuit.  Therefore, regardless of the outcome in the first trial, a second trial is almost always unnecessary and would not serve to increase or decrease the amount of any award rendered in the first trial.  For these reasons, the Court should order separate trials to promote judicial economy, substantially shorten the length of the first trial, and avoid prejudice to all parties.  Further, it is highly unlikely bifurcation will result in a second trial, under any circumstances, as discussed earlier. See Tinch, *supra.*

### III. CONCLUSION

Accordingly, defendant City of Cincinnati, Chief of Police Thomas Streicher, Jr. and the individual officers respectfully request this Court bifurcate the trial against the municipal defendants, and proceed first with trial of the claims against the defendant police officers.

FREUND, FREEZE & ARNOLD
A Legal Professional Association

Respectfully submitted,

JULIA L. McNEIL (0043535)
City Solicitor

_____
Neil F. Freund (0012183)
Vaseem S. Hadi (#0075617)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937) 222-2424

Geri Hernandez Geiler (0042081)
Gloria Sigman (0065145)
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, OH 45202
(513) 352-3338
Trial Attorneys for Defendants

PROOF OF SERVICE

    This will certify that a copy of the foregoing was served upon counsel of record by electronic mail this ____ day of October, 2003:

Mark T. Tillar (0029898)
240 Clark Road
Cincinnati, OH 45251
(513) 761-2958
**Attorney for Plaintiff**

John Helbling (0046727)
3672 Springdale Road
Cincinnati, OH 45251
513-923-9740
**Attorney for Plaintiff**

Donald E. Hardin (0022095)
HARDIN, LEFTON, LAZARUS & MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place

Cincinnati, OH 45202
513-721-7300
**Special Counsel for Defendants**
**Robert Blaine Jorg,**
**Patrick Caton,**
**Darren Sellers,**
**Jason Hodge, and**
**Victor Spellen**

Wilson G. Weisenfelder, Jr. (0030179)
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, OH 45202
513-381-9200
**Attorney for Defendants**

9

**Village of Golf Manor,
Chief Stephen Tilley,
Officer Robert Heiland, and
John Doe #7 nka Chris Campbell**

Dale A. Stalf (0000471)
BUCKLEY KING
1420 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 412-5400
**Attorney for Huntington Meadows, LTD**

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, OH 45202
(513) 587-2887
**Attorney for Defendant Cincinnati Police Officer David Hunter**

_____
Neil F. Freund