UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF<br>ROGER D. OWENSBY JR., | :<br>:<br>: |
| Plaintiff, | : Case No. 01-CV-769<br>:<br>: Senior Judge S. Arthur Spiegel |
| v. | :<br>: Magistrate Judge Timothy S. Hogan |
| CITY OF CINCINNATI, ET AL., | :<br>:<br>: |
| Defendants. | : |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO HAMILTON COUNTY PROSECUTOR MICHAEL K. ALLEN'S MOTION TO QUASH (Doc. 56)**

**I.      INTRODUCTION.**

Hamilton County Prosecutor Michael K. Allen has in his possession relevant documents relating to this case.  Those documents include trial exhibits, pleadings and witness statements (including grand jury witness testimony) from the state court criminal prosecutions of former Cincinnati police officers Robert Jorg and Patrick Caton.  Jorg and Caton are defendants in this civil action, and were the primary actors in the homicide of Roger Owensby, Jr., which gives rise to this matter.

Plaintiff subpoenaed those documents from Mr. Allen's office, but he has declined to produce them and has moved to quash the subpoena (Doc. 56).  He offers three reasons for this refusal.  First, he claims that he cannot comply with the subpoena—which is, beyond dispute, an Order of this Court—because, long after the Complaint in this case was filed, a state court judge sealed all responsive documents pursuant to an expungement order issued in State v. Jorg.  Second, Prosecutor Allen argues that grand jury witness statements are secret and cannot be disclosed pursuant to Rule 6(E), Ohio

R. Crim. P. Third, he claims that this Court lacks subject matter jurisdiction to enforce Plaintiff's subpoena because doing so would somehow require the Court to "pass on the validity" of the state court's expungement order.

The first and third of these arguments are merely obstructionist. As Mr. Allen well knows, this Court already has, in this case, applied a Supremacy Clause analysis to determine that the Federal Rules of Civil Procedure preclude the withholding of discoverable evidence in this instance over Ohio's expungement procedures (Doc. 33). As to the Rule 6(E) issue, the grand jury materials sought by Plaintiff already have been disclosed by Mr. Allen's office to third parties—the defendants in the criminal cases—and therefore no longer enjoy the protection of Rule 6(E). The Prosecutor has refused even to inventory the grand jury materials in his possession for comparison to those produced to Plaintiff by defense counsel for the City of Cincinnati.

Plaintiff has already spent months trying to obtain this body of highly-relevant evidence. The deposition phase of this case is in full swing, and discovery rapidly is coming to a close. The County's Motion to Quash should be denied, and Mr. Allen should be ordered to comply fully and immediately.

## II. ARGUMENT

### A. It is the Law of the Case that the Supremacy Clause Mandates Production of the Documents Notwithstanding the State-Court Expungement Order

The issues raised by Mr. Allen's papers were resolved in this lawsuit many months ago, when the City of Cincinnati asserted (as Mr. Allen now repeats) that the state-court expungement order entered pursuant to Ohio Rev. Code Ann. § 2953.53 prevented it from producing documents relating to Jorg's criminal prosecution. Plaintiff

moved to compel.  Judge Sherman granted Plaintiff's motion.  The Court held:

> The statutory provision under which the court documents were sealed, Ohio Rev. Code § 2953.52, appears in direct conflict with Fed. R. Civ. P. 26(b)(1), pursuant to which the Jorg materials would otherwise be discoverable.  The Supremacy Clause mandates that, in this litigation, Rule 26(b)(1) must triumph over Ohio Rev. Code § 2953.52.  *See Burlington N.R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987).  *Accord Lehman v. Kornblau*, 206 F.R.D. 345, 348 (E.D.N.Y. 2001) ("[State] law does not govern discoverability and confidentiality in federal civil rights actions, and state privacy rules should never be permitted to frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983") (internal quotations and ellipses deleted).  Plaintiff's motion to compel should thus be granted with respect to the Jorg trial materials ordered sealed by the state court trial judge.

Doc. 33, Order Granting Plaintiff's Motion to Compel Discovery, at 2-3.  Magistrate Judge Sherman then specifically ordered production of "all materials . . . which (1) concern or relate to the Jorg criminal trial, (2) are in the City's custody or control, and (3) were ordered sealed by the state court judge presiding over Jorg's trial."  *Id*. at 3.  Neither the City nor Mr. Jorg sought Judge Spiegel's review of Judge Sherman's Order, and it became final by operation of Rule 72, Fed. R. Civ. P.  The City has represented that it has complied with the Order compelling discovery.[1]

Judge Sherman's Order establishes the law of this case.  The law-of-the-case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983).  This Court has squarely so held:

---

[1] After Judge Sherman's Order issued, the City filed a motion in the Court of Common Pleas to unseal the record in State v. Jorg.  That motion was denied, but the City nonetheless complied with Judge Sherman's Order and produced documents to Plaintiff.  However, because the City did not prosecute Officer Jorg, it did not have all documents and things relevant to the case, and that is the reason for the subpoena which Mr. Allen's Motion to Quash addresses.

Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of the same litigation. United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994); United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993). Once an issue is decided, it should be reopened only in limited circumstances. Moored, 38 F.3d at 1421. These circumstances include: (1) where substantially different evidence is raised in a subsequent trial; (2) when a controlling authority issues a subsequent contrary view of the law; or (3) where a clearly erroneous decision would work a manifest injustice. Petition of United States Steel Corp., 479 F.2d 489, 494 (6th Cir. 1973).

United States ex rel. Stevens v. McGinnis, Inc., 1996 U.S. Dist. LEXIS 22112 (S.D. Ohio 1996) (Hooe, M.J.) (Exhibit A).  Here, there is no new evidence, no controlling decision, and no conceivable basis to argue that Judge Sherman's Order was clearly erroneous.

Magistrate Judge Sherman's Order is dispositive.  The only distinction between the City's and County's positions is the difference between discovery requests to a party and a subpoena to a non-party.  This is, however, a distinction without a difference: Both are governed by Rule 26(b)(1), Fed. R. Civ. P., and it is that Rule that this Court found "must triumph" over Ohio's expungement statute.

### B.    The "Solution" Proposed by Mr. Allen is Untenable and Unnecessary

Invoking the spectre of federal abstention, Mr. Allen asserts that this Court should avoid constitutional crisis by "simply" ordering Jorg to authorize the release of his expunged records, the thesis being that Jorg alone controls access to the requested documents.  This, Mr. Allen asserts, is an "adequate remedy at law" which should

supplant his obligation to respond to this Court's subpoena.

In the first instance, it makes little sense to call an order compelling Jorg to go back to the Ohio court and unring the bell tolled by his expungement motion a "remedy at law." Rather, it obviously would be in the nature of an injunction, albeit one *arguably* within the Court's authority under Rule 37. See United States *ex rel.* Woodard v. Tynan, 776 F.2d 250, 252 (10th Cir. 1985).

More importantly, the prosecutor's preferred mechanism, if followed, has the potential to lead to substantial delay; indeed, the prosecutor's tongue was perhaps in his cheek when he asserts that our "appropriate course of action is to *exhaustively* pursue the unsealing of the records through the state court appellate process." Doc. 56 at 9 (emphasis supplied). Beyond the additional, unnecessary motions practice which would be a prerequisite, were Jorg ordered to give consent, he might have the opportunity to seek appellate review. The vagaries of the proposed remedy advocated by Mr. Allen are amply demonstrated by the single, inapposite case he cites in support of it.

In United States *ex rel.* Woodard, 776 F.2d 250, the issue was "whether federal courts have the power to order a state court to release documents it has placed under seal." *Id*. at 251. The *qui tam* relator sought release of records sealed by a state trial court *eleven separate times*. *Id*. at 252. The district court then denied a motion to order the state court to release its seal. Only after two rounds of appellate review—first by a panel and then by the Tenth Circuit sitting *en banc*—was the defendant finally forced to consent. Here, no party has yet moved to compel defendant Jorg to give his consent and, should the Court eventually do so, there may well be occasion for defendant Jorg to appeal. More importantly, however, Plaintiff in this case does not ask this Court to

enter any relief whatsoever against the Ohio trial court. Rather, Plaintiff seeks only to enforce a subpoena *against the Prosecutor's office.* As the City already has done, the County need only comply with the subpoena; this Court's Order gives it all the protection it needs.

There is no need for this Court to endorse, much less require, Prosecutor Allen's self-described "exhausting" proposal.

### C.     There is No Preemption Issue

Mr. Allen's suggestion that the principles of Younger v. Harris, 401 U.S. 37 (1971) are relevant to the matter at bar is at best misguided. The hallmark of abstention theory is that abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Loch v. Watkins, 337 F.3d 574, 578 (6th Cir. 2003). Younger abstention is not even triggered unless the federal court is asked to review "a matter that would be properly before them but for the pendency of state criminal proceedings in the matter." Loch, 337 F.3d at 578. Here, the criminal proceeding against Mr. Jorg was long ago resolved. Mr. Allen's attempt to bootstrap the City's seemingly ill-conceived motion to set aside the expungement order into "the pendency of criminal proceedings" *in this matter* is as silly as the suggestion that plaintiff must intervene as a party in that case and take up the City's cause is bizarre.

The issues in this case are governed by federal law. Federal courts considering whether state-created privileges apply to federal causes of action apply "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Rule 501, Fed. R. Evid. As regards the expungement issue, state law creates a privilege to withhold information which federal law does not

recognize. That ends the matter at bar. Certainly, there is no basis for Mr. Allen's suggestion that this Court must become enmeshed in the vagaries of Ohio expungement law, or the propriety of the underlying state-court conduct.

### III. THE REQUESTED GRAND JURY DOCUMENTS HAVE ALREADY BEEN DISCLOSED AND THEREFORE SHOULD BE PRODUCED.

The Prosecutor also asserts that pursuant to Rule 6(E), Ohio Crim. P., he cannot produce the grand jury witness statements addressed in the subpoena. Under Rule 6(E) Plaintiff must, according to Mr. Allen, go and petition the state court for an order releasing the testimony—and pursue whatever appeals may be necessary should the state court deny our request.

To the extent this argument is predicated not on Rule 6(E), but rather upon the expungement order, it is controlled by the law of the case, as set out above. To the extent it is predicated on the compelling-need standards of Rule 6(E), those issues are potentially moot since the Prosecutor already released many or all Grand Jury transcripts to Mr. Jorg and/or Mr. Caton. And the City of Cincinnati has already provided an unknown quantity of these transcripts to Plaintiff pursuant to Magistrate Judge Sherman's Order. However, because the prosecutor has refused even to so much as inventory the transcripts in his possession, Plaintiff is prepared to provide Mr. Allen with an inventory of the grand jury testimony produced by the City's attorneys, and asks that the Court require Mr. Allen to timely advise whether additional testimony exists.

### IV. CONCLUSION.

Under Rule 26 and the law of the case, this Court is empowered to enforce Plaintiff's subpoena. The motion to quash should be denied as to all documents not

subject to the provisions of Rule 6(E), Ohio R. Crim. P., and the prosecuting attorney should be required to identify for Plaintiff any grand jury transcripts not already in his possession so that appropriate proceedings can occur.

                Respectfully submitted,

/s/ James B. Helmer, Jr.
/s/ Paul B. Martins
/s/ Frederick M. Morgan, Jr.
James B. Helmer, Jr. (0002878)
Paul B. Martins (0007623)
Frederick M. Morgan, Jr. (0027687)
HELMER, MARTINS & MORGAN CO., LPA
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone: (513) 421-2400
Facsimile: (513) 421-7902
*Trial Attorney for Plaintiff*

Mark T. Tillar (0029898)
240 Clark Road
Cincinnati, Ohio 45202
*Trial Attorney for Plaintiff*

John J. Helbling (0046727)
3672 Springdale Road
Cincinnati, Ohio 45251
*Trial Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Plaintiff's Memorandum in Opposition to Hamilton County Prosecutor Michael K. Allen's Motion to Quash (doc. 56) was electronically filed on October 20, 2003.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      /s/ Paul B. Martins