UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF ROGER OWENSBY, JR.** | : | **NO. C-1-01-769** |
| **Plaintiff** | : | **Senior Judge S. Arthur Spiegel** |
| vs. | : | **Magistrate Judge Timothy S. Hogan** |
| **CITY OF CINCINNATI, et al.** | : | **REPLY MEMORANDUM IN SUPPORT OF** |
| **Defendants** | : | **MOTION TO QUASH SUBPOENA DIRECTED TO MICHAEL K. ALLEN** |
| | : | **HAMILTON COUNTY PROSECUTOR** |
| | : | |

**1.    The "law of the case" does not apply to pretrial interlocutory orders that are subject to modification.**

Plaintiff cites this Court's prior order, requiring the defendant, City of Cincinnati, to produce the sealed records, as being binding on a non-party, the Hamilton County Prosecuting Attorney. Such is not the law.  First, the Court's order was a discovery order that was interlocutory in character, as such it is subject to modification:

> We note that a trial court may control discovery, even if it means altering earlier rulings about the discovery schedule, without being constrained by the law-of-the-case doctrine. "It is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment. . . ." *In re "Agent Orange" Product Liability Litig.*, 733 F.2d 10, 13 (2d Cir. 1984). *See also  In re George Worthington Co.*, 921 F.2d 626, 628 (6th Cir. 1990).
> *Polec v. Northwest Airlines (In re Air Crash Disaster),* 86 F.3d 498, 518 (6th Cir. 1996)

**2.    The "law of the case" is not binding on a non-party who did not have the opportunity to litigate the issue.**

The "law of the case" doctrine applies only to parties to the litigation. It is clear, in cases that have discussed the issue, that the doctrine bars a party, that has failed to challenge a decision on appeal, from re-litigating that decision at a later time. The Sixth Circuit has repeatedly stated this principle:

> The law-of-the-case doctrine bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but [was] not. *See, County of Suffolk v. Stone & Webster Eng'g Corp*, 106 F.3d 1112, 1117 (2d Cir. 1997). A party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter, for "it would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost." *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981).
> *Carballo v. Luttrell*, 2001 U.S. App. LEXIS 21695, 2001 FED App. 0363P (6th Cir. 2001)

Thus, this Court's order that directed the City of Cincinnati to release the records is not binding upon this non-party movant, and movant potentially would be subjected to criminal sanctions under Ohio law if it voluntarily released the requested records in violation of the state court order. Therefore, Movant respectfully requests that this Court issue an appropriate order that pertains to Movant.

**3.     This Court must balance the competing interests between the state in sealing the record and the federal claims for which discovery is sought.**

Analysis of the conflict between the state court's order sealing the Jorg criminal trial court records (and all associated prosecution records) and this Court's interest in full discovery must be carefully undertaken. While the existing case law supports a conclusion that it is permissible for the Federal Court to order disclosure, in Federal Question litigation, of documents that are protected

from disclosure by state law, that same body of law requires that the federal court enter into an

analysis of the balance between the interest of the state and the interest of the litigants.  As the

Editorial Explanatory Comment to FRE 501 provides, a balancing test must be used:

> One way to resolve a conflict in privilege laws in mixed federal-state
> cases is to adopt the proposal in the Senate Report to use the rule
> favoring admissibility. But this approach could undermine legitimate
> substantive interests of one of the jurisdictions. We prefer that the
> Court make an inquiry into the respective state and federal interests
> involved, using the same approach we outlined for resolving a
> somewhat similar problem in the Editorial Explanatory Comment
> accompanying Rule 302. Some state privileges may be so significant
> that, when weighed against the need for evidence to prove federal
> claims, they should be respected. Other state privileges will pale in
> importance when compared to the need for information on federal
> questions. A similar balance of interests could be conducted where
> state law would admit the evidence and federal law would grant a
> privilege.

O.R.C. 2953.52 provides the standard for granting a motion to seal a criminal record of

acquittal.  This statute requires that the court determine that the interests of the person seeking to

have the records sealed are "not outweighed by any legitimate governmental needs to maintain such

records...."  Thus, this Court must determine that the interests of the plaintiffs outweigh the interests

of Mr. Jorg to have his records sealed.  Therefore, it is incumbent upon Mr. Jorg to establish his

interest in keeping the documents under seal and not to permit the release of the records in this

litigaiton.

The Hamilton County Prosecuting Attorney has no desire to hide evidence from this Court.

The Prosecuting Attorney is subject to a state court order, the violation of which exposes the violator

to criminal penalties.  Furthermore, as the plaintiff has indicated, the City of Cincinnati sought an

order from the Court of Common Pleas unsealing the records.  The Common Pleas Court denied the

City's motion. This non-party is not in a position to go against the order of a Common Pleas judge which is binding on this entity under Ohio law.

However, rather than decide the difficult issues that demand a hearing before this Court, this Court should require defendant Jorg to request the release of the records to the plaintiffs and to himself. Mr. Jorg is in control of the order sealing the records. He requested that they be sealed and he is entitled to request their release. The statute makes clear that the sealing of the records is done solely for his benefit. O.R.C. §2953.52(B)(3). He may request a copy of the records. He does not need to ask for the order sealing the records to be lifted as he is entitled to the records both as the subject of the records and as a law enforcement officer who was involved in the case, who is defending himself in a civil action. O.R.C. §2953.53(D)(1), (2).

Plaintiff complains that defendant Jorg may appeal such an order and further delay release of the records. As the Prosecuting Attorney of Hamilton County, Ohio, this office may be compelled to appeal a decision by this Court that directly affects the sanctity of an Ohio statute and the sanctity of an order by a state court.

Finally, plaintiff complains that the Prosecuting Attorney has "refused" to provide an acknowledgment of whether the plaintiff is in possession of the full record before the Grand Jurty. This office has not refused such a request. This office orally indicated that it would consider such an action. No decision was made prior to the filing of the plaintiff's brief. In fact, this office will provide a comparison of the transcripts contained in the Grand Jurty testimony to the transcripts held by the plaintiff in order to allow plaintiff to determine if there are any transcripts missing from their list when plaintiff provides this office with such a list.

Based upon the foregoing, defendant respectfully requests that this Court review the issues presented in an orderly fashion and enter an appropriate discovery order as required by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. If this Court orders the Movant to produce the records that have been sealed, Movant will produce the requested records, including the Grand Jurty transcripts. Since the Grand Jury transcripts have been provided to defendant Jorg, they will be produced to the plaintiff upon a court order that overrules the State court order sealing the records.

Respectfully submitted,

MICHAEL K. ALLEN
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO


/s/  Stephen K. Shaw, 0018652
/s/  Joseph M. Hutson, 009849
Assistant Prosecuting Attorneys
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/946-3071

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was electronically filed with the ECF/CM service and that

it has been served electronically upon each party or attorney of record in the proceedings on this 21st

day of October, 2003 and by ordinary U.S. Mail upon the following:


**Ravert J Clark**
114 E Eighth Street
Cincinnati, OH 45202



/s/Stephen K. Shaw, 0018652
Assistant Prosecuting Attorney