Get a Document - by Citation - 1997 U.S. Dist. LEXIS 16530   Page 1 of 3

Case 1:01-cv-00769-SAS   Document 61-4   Filed 10/27/2003   Page 1 of 4

Service: **Get by LEXSEE®**
Citation: **1997 U.S. Dist. LEXIS 16530**

*1997 U.S. Dist. LEXIS 16530, \**

FRANCIS PAVONE, TONIANNE PAVONE, and CHRISTINA PAVONE, infants by their father and natural guardian ANTHONY PAVONE, Plaintiffs, -against- LYDIA GIBBS, individually, and as Caseworker for Child Welfare Administration; MARSHA LEWIS CONNYERS, individually and as Supervising Caseworker for the Child Welfare Administration; WILLIAM CARRION, individually and as Supervising Caseworker for the Child Welfare Administration; JAVITA BANKS, individually, and as Child Protective Manager for the Child Welfare Administration; ROBERT LITTLE, individually and as Executive Deputy Commissioner, Child Welfare Administration; BARBARA SABOL, individually and as Administrator of the Human Resources Administration, and as Commissioner of the New York City Department of Social Services; CITY OF NEW YORK; Defendants.

CV 95-0033

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

1997 U.S. Dist. LEXIS 16530

September 29, 1997, Decided

**DISPOSITION:** **[\*1]** Defendants' motion for separate trials denied. Motion to stay Monell discovery denied.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant city and individual welfare workers moved the United States District Court for the Eastern District of New York for separate trials in the 42 U.S.C.S. § 1983 action filed by plaintiff father.

**OVERVIEW:** The father filed a 42 U.S.C.S. § 1983 action on behalf of his children who were removed from his custody and placed with their abusive mother against the city and individual welfare workers. The city and individual welfare workers moved for separate trials but the court denied the motion. The court found that the city and individual welfare workers failed to satisfy their burden of establishing that separate trials were necessary to prevent prejudice or confusion. The court found they did not overcome the fundamental presumption that favored trial of all issues to a single jury. .

**OUTCOME:** The court denied the motion by the city and individual welfare workers for separate trials in the civil rights action filed by the father.

**CORE TERMS:** infants, bifurcation, discovery, custody, documentary evidence, judicial economy, undue prejudice, civil rights, bifurcate, overlap, illegally

**LexisNexis (TM) HEADNOTES - Core Concepts -** ✦ Hide Concepts

Civil Procedure > Trials > Separate Trials
*HN1* ✦ Fed. R. Civ. P. 42(b) vests the decision to bifurcate in the discretion of the district court. While the rule provides that the court "may order" a separate trial of any claim "in furtherance of convenience or to avoid prejudice," separate trials remain the exception rather than the rule. More Like This Headnote

Get a Document - by Citation - 1997 U.S. Dist. LEXIS 16530    Page 2 of 3

Case 1:01-cv-00769-SAS    Document 61-4    Filed 10/27/2003    Page 2 of 4

Civil Procedure > Trials > Separate Trials
HN2± Separate trials are not appropriate when issues, witnesses and documentary evidence overlap. More Like This Headnote

Civil Procedure > Trials > Separate Trials
HN3± The moving party bears the burden of establishing that separate trials are necessary to prevent prejudice or confusion and of overcoming the fundamental presumption which favors the trial of all issues to a single jury and underlies the assumption of Fed. R. Civ. P. 42(b) that bifurcation is reserved for truly extraordinary situations of undue prejudice. More Like This Headnote

**COUNSEL:** For plaintiffs: BRUCE A. YOUNG, ESQ., New York, NY.

For defendants: PAUL A. CROTTY, Corporation Counsel of the City of New York, Anna Zetlin, Assistant Corporation Counsel, of counsel, New York, NY.

**JUDGES:** Eugene H. Nickerson, U.S.D.J.

**OPINIONBY:** Eugene H. Nickerson

**OPINION:** MEMORANDUM AND ORDER

NICKERSON, District Judge:

Anthony Pavone as father and natural guardian of three infants, Francis Pavone, Tonianne Pavone, and Christina Pavone, brought this action on their behalf. The defendants are the City of New York and various individual members of the Child Welfare Administration of the City of New York. The complaint alleges violations of the infants' civil rights under 42 U.S.C. § 1983.

The complaint says that the infants' civil rights were violated when they were illegally removed from the custody of their father by agents of the Child Welfare Administration. Their whereabouts were kept from him for six and a half months while they were turned over to the custody of their mother, a known drug user who physically and emotionally abused them while in her custody. The complaint claims various [*2] violations by defendants of the constitutional rights, both federal and state, of the infants, and also alleges common law state claims.

Defendants moved to dismiss the complaint on the ground that the suit was barred by the doctrine of res judicata, as well as by case law precluding derivative claims after the underlying claim had been settled. The court denied the motion by memorandum and order dated March 26, 1996.

Defendants now move for separate trials of plaintiffs' claims against the City and against the individually named defendants under Rule 42(b) of the Federal Rules of Civil Procedure. They also move pursuant to Rule 26(c) for an order staying discovery of plaintiffs' claim under Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), pending the outcome of the suit against the individual defendants.

Defendants argue that bifurcation will prevent jury confusion, preserve judicial resources and ensure that the individual defendants will not be unfairly prejudiced by the introduction of evidence of the City's policies or customs relevant to plaintiffs' claims under Monell. Defendants urge that evidence of the City's alleged [*3] practice of illegally removing children from parental custody in non-emergency situations, discriminating against children

Get a Document - by Citation - 1997 U.S. Dist. LEXIS 16530 Page 3 of 3

Case 1:01-cv-00769-SAS Document 61-4 Filed 10/27/2003 Page 3 of 4

born out of wedlock, and inadequately supervising and training its caseworkers would unduly lengthen the trial and reflect badly upon the individual defendants.

**HN1** Rule 42(b) vests the decision to bifurcate in the discretion of the district court. See Katsaros v. Cody, 744 F.2d 270, 278 (2d Cir. 1984) (quoting In re Master Key Antitrust Litig., 528 F.2d 5, 14 (2d Cir. 1975)). While Rule 42(b) provides that the court "may order" a separate trial of any claim "in furtherance of convenience or to avoid prejudice," Fed. R. Civ. P. 42(b), separate trials remain the exception rather than the rule. See Monaghan v. SZS 33 Assocs., 827 F. Supp. 233, 245 (S.D.N.Y. 1993).

**HN2** Separate trials are not appropriate when "issues, witnesses and documentary evidence overlap." Bowers v. Navistar Int'l Transp. Corp., 1993 WL 159965 (S.D.N.Y.). Here the issues sought to be tried separately are inextricably intertwined. In deciding the issue of the individual defendants' liability, the jury would need to hear about the policies and procedures of the Child Welfare Administration, [*4] themselves the basis of the Monell claims. There would be substantial overlap of witnesses and documentary evidence in the event of separate trials, none of which would further judicial economy.

Defendants argue that judicial economy would be served by bifurcation as it would be "likely" that the litigation would be disposed of in a single trial, for if the individual defendants are not found liable, the City will not be subject to claims under Monell. But there is no reason to assume that it is any more likely that the individual defendants would be found not liable rather than liable. These are questions for the jury to decide and are not sufficient reason to bifurcate the trial.

**HN3** The moving party bears the burden of establishing that separate trials are necessary to prevent prejudice or confusion, see Buscemi v. Pepsico, Inc., 736 F. Supp. 1267, 1271 (S.D.N.Y. 1990), and of overcoming the "fundamental presumption which favors the trial of all issues to a single jury and underlies the assumption of Rule 42(b) that bifurcation . . . is reserved for truly extraordinary situations of undue prejudice." Monaghan, 827 F. Supp. 233 at 246 (S.D.N.Y. 1993) (emphasis in original). [*5]

Defendants have made no showing of undue prejudice particular to the circumstances of this case. They assert that there would be prejudice to the City if the jury finds the individuals acted unconstitutionally, and prejudice to the individual defendants if the jury finds that the City engaged in a pattern of unconstitutional conduct. But there is no limiting principle to defendants' argument. If defendants were granted the relief they seek on this record based only upon speculation and their generalized assertion of prejudice, then the trial of virtually any civil rights action against a municipality and its individual employees would require bifurcation.

Defendants' motion for separate trials is denied. As the trial shall not be bifurcated, there is no reason to stay discovery on the Monell claims. The motion to stay Monell discovery is denied.

Defendants' motions are denied in their entirety.

So ordered.

Dated: Brooklyn, New York

September 29, 1997

Eugene H. Nickerson, U.S.D.J.