EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF ROGER D. OWENSBY JR., et al., | Case No. 01-CV-769 |
| | Senior Judge S. Arthur Spiegel |
| Plaintiff, | Mag. J. Timothy S. Hogan |
| v. | |
| CITY OF CINCINNATI, et al., | |
| Defendants. | |

**PLAINTIFF'S THIRD REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
CITY OF CINCINNATI**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Estate of Roger D. Owensby ("Plaintiff") submits the following Plaintiff's Third Request for Production of Documents to Defendant City of Cincinnati ("Defendant").

**DEFINITIONS AND INSTRUCTIONS**

A. The terms "Defendant," "you" or "your" mean Defendant City of Cincinnati ("Defendant") as well as its agents and other representatives.

B. The term "document" is used as defined in Fed. R. Civ. P. 34 and includes "writings" as defined in Fed. R. Evid.1001. The terms "document" or documents" also include, but are not limited to, the original and all copies (regardless of origin and whether or not including additional writing thereon or attached thereto) of electronic mail ("e-mail") messages, memoranda, reports, books, manuals, instructions, records, notes, letters, notices, confirmations, correspondence, telegrams, receipts,

pamphlets, magazines, newspapers, inventory books, inter-office and intra-office communications, contracts, cables, notations or memoranda of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, transcripts, diaries, analyses, returns, summaries, minutes, messages, correspondence, press releases, circulars, reviews, opinions, offers, studies and investigation questionnaires and surveys, worksheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind (including, without limitation, photographs, photomicrographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures, electronic and mechanical records) or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings), and other written, printed, typed or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, phonograph recording, film tape or videotaped.

D. With respect to any document you produce, each original is to be produced, and each copy is to be produced if it in any way varies from the original by addition or subtraction of marginalia, notations, text, or any other information. Additionally, each and every draft or part of any responsive document is to be produced.

F. If you withhold any document because of a claim of privilege or an assertion of work product, you must provide a privilege log in accord with Rule 26(b)(5), Fed. R. Civ. P., consisting of a written list of all documents falling within the description contained in the applicable request which are not produced, identifying each

such document by date, preparer and addressee, identifying each person to whom a copy was furnished, stating the general subject matter of each document, stating the ground upon which each document is considered to be privileged from disclosure, and identifying each paragraph of this request which requests the production of the withheld document.

    G.    Documents are to be produced which are in the possession of the Defendant, as well as its attorneys, agents or representatives.

    H.    As required by the specific terms of Rule 34, all documents produced pursuant to these requests are to be organized and labeled to correspond with the numbered requests or are to be produced, without alteration, as they are kept in the usual course of business.

    I.    If documents responsive to a particular request no longer exist, but are known to have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the request(s) to which they are responsive, and identify any persons having knowledge of the content of such documents.

    J.    Each of the following requests is a continuing one. If subsequent to complying with this request, Defendant obtains or becomes aware of any additional documents, please serve them upon Plaintiff immediately.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

25. All reports, complaints and interviews pertaining to Cincinnati Police Department's use of force that were reviewed or developed by the U.S. Department of Justice and the City of Cincinnati in developing the *Memorandum of Agreement between the United States Department of Justice and the City of Cincinnati, Ohio and the Cincinnati Police Department, April 12, 2002.*

RESPONSE:

26. The 1979 report by the Mayor's Community Relations Panel (sometimes referred to as the Hawkins Report) in which Chair Lawrence Hawkins, V.P. of the University of Cincinnati and member Archbishop Joseph L. Bernadin allegedly reported to City Council that a problem of misconduct existed in the Cincinnati Police Department.

RESPONSE:

27. The 1981 review of policing in Cincinnati published by The United States Commission on Civil Rights.

RESPONSE:

28. All reports of studies conducted by the City of Cincinnati Office of Municipal Investigation (OMI) pertaining to policing in Cincinnati during the period 1981 through the present.

RESPONSE:

29. All reports of investigations conducted by OMI pertaining to citizen complaints against Cincinnati police relating to alleged excessive use of force or improper stops, searches and/or seizures upon African-Americans during the period 1981 through the present.

RESPONSE:

30. The 1983 "Comprehensive Report" prepared by City administrators, including the Honorable Cheryl Grant, allegedly advising the City Manager that 86% of the Cincinnati Police Department's personnel interviewed answered "Yes" to the question, "Is there racial prejudice-racism in the Cincinnati Police Division."

RESPONSE:

31. The report by City administrators investigating the 1991 Cincinnati police actions that resulted in the deaths of two African-American citizens, which allegedly recommended increased training for officers dealing with minority and special needs populations.

RESPONSE:

32. The recommendations by a City panel to the City Manager allegedly calling for increased training and better measures to review police misconduct and track and supervise officers who use excessive force following the 1995 alleged excessive use of force on Pharon Crosby by Cincinnati police.

RESPONSE:


33. The August 1995 report from the panel headed by former Ohio Governor John J. Gilligan addressing allegations of racism lodged by the Sentinel Police Association against the City of Cincinnati.

RESPONSE:

34. The 1998 agreement between the City of Cincinnati and several community groups drawn largely from the African-American community, mediated by the U.S. Department of Justice, in which the City allegedly agreed to upgrade the following: OMI and the system for holding police accountable, training on cultural awareness and special needs, and the system for tracking officers' performance.

RESPONSE:

35. The 1999 Sentinel Police Association's *Final Report for the New Millennium* presented to the City of Cincinnati.

RESPONSE:

*[signature]*

James B. Helmer, Jr. (0002878)
Paul B. Martins (0007623)
Frederick M. Morgan, Jr. (0027687)
Robert M. Rice (0061803)
*Trial Attorneys for Plaintiff*
HELMER, MARTINS & MORGAN CO., L.P.A.
Fourth & Walnut Centre, Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 421-2400
Facsimile: (513) 421-7902

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served, by facsimile and ordinary U.S. mail, postage prepaid, on October 1, 2003, upon the following:

Neil F. Freund
Vaseem S. Hadi
FREUND, FREEZE & ARNOLD
One Dayton Centre
One South Main Street, Suite 1800
Dayton, Ohio 45402-2017
*Trial Counsel for Defendants City of Cincinnati and Thomas Streicher, Jr.*

Geri H. Geiler
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
*Trial Attorney for Defendants City of Cincinnati and Thomas Streicher, Jr.*

Mark T. Tillar
240 Clark Road
Cincinnati, Ohio 45202
*Trial Attorney for Plaintiff*

John J. Helbling
3672 Springdale Road
Cincinnati, Ohio 45251
*Trial Attorney for Plaintiff*

Donald E. Hardin
HARDIN, LEFTON, LAZARUS
   & MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202
*Trial Attorney for Defendants Robert B. Jorg, Patrick Caton, Darren Sellers, Jason Hodges, and Victor Spellen*

Wilson G. Weisenfelder, Jr.
RENDIGS, FRY, KIELY &
   DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, Ohio 45202
*Trial Attorney for Defendants City of Golf Manor, Stephen Tilley, Robert Heiland, and Chris Campbell*

Dale A. Stalf
BUCKLEY, KING & BLUSO
1320 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
*Counsel for Defendants Huntington Meadows, LTD, and Bryan Menefee*

Ravert J. Clark
114 East Eighth Street
Suite 400
Cincinnati, Ohio 45202
*Trial Attorney for Defendant David Hunter*

_____