UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF ROGER D. OWENSBY JR., ET AL., | : : : |
| Plaintiff, | : : Case No. 01-CV-769 : : Senior Judge S. Arthur Spiegel |
| v. | : : |
| CITY OF CINCINNATI, ET AL., | : : : |
| Defendants. | : : |

**MOTION TO COMPEL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANTS CITY OF CINCINNATI AND THOMAS STREICHER, JR.**

On September 18, 2003, Plaintiff served his Second Request for Production of Documents upon Defendants City of Cincinnati and its Police Chief ("Defendants"). Defendants' response to these document requests were due over a month ago, on October 21, 2003. However, Defendants have ignored Plaintiff's document requests, refused to provide a written response to the document requests as required by Rule 34, Fed. R. Civ. P., and ignored Plaintiff's attempts to informally resolve this matter. Therefore, in accord with Civil Rules 34 and 37, Plaintiff moves this Court to compel the production of all documents responsive to Plaintiff's Second Request for Production of Documents, and awarding reasonable expenses incurred in making this motion, including attorneys' fees.

An Declaration of Counsel, submitted in accord with Civil Rule 37(a)(2)(B) and Local Rule 37.2, and a Memorandum in support of this motion are attached.

2

Respectfully submitted,

/s/ Paul B. Martins
James B. Helmer, Jr.  (0002878)
Paul B.  Martins (0007623
Frederick M. Morgan, Jr.  (0027687)
HELMER, MARTINS & MORGAN CO., LPA
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone:   (513) 421-2400
Facsimile:    (513) 421-7902

*Trial Attorney for Plaintiff*

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS CITY OF CINCINNATI AND THOMAS STREICHER, JR.**

## I.   INTRODUCTION

On November 7, 2000, a group of five Cincinnati police officers beat Roger Owensby, Jr., choked him, handcuffed him, beat him after he was handcuffed, maced him, and left him to die in the back seat of a Golf Manor police cruiser. Other Cincinnati police officers, Golf Manor police officers and Huntington Meadows security personnel on the scene failed to provide prompt medical attention for Mr. Owensby's injuries. This lawsuit, brought by Mr. Owensby's father and estate administrator, alleges violations of constitutionally-created civil rights afforded to all United States citizens under 42 U.S.C. § 1983 as well as state tort claims for the wrongful death of his son at the hand of these defendants. Mr. Owensby, a 29-year-old African American man, is survived by his twelve-year-old daughter and her mother, his parents and his brother. Doc. 1, Complaint.

## II.   FACTS

On September 18, 2003, Plaintiff served upon Defendants his Second Request for Production of Documents, attached as Exhibit A. In accord with Civil Rule 34(b), Defendants were required to serve Plaintiff with "a written response within 30 days after service of the request." Such a timely written response must "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Rule 34(b), Fed. R. Civ. P.

3

Although this response was due by October 21, 2003, it is undisputed that Defendants have never served Plaintiff with a written response.

Two weeks after Defendants written response was due, Plaintiff's counsel faxed a letter to the Defendants reminding them that their written responses were now overdue and asking for the immediate production of the requested documents. Exhibit B, Martins 11/7/03 Letter. This reminder met the same fate as Plaintiff's Second Document Request—it was ignored by the Defendants. Martins Declaration, attached.

Five weeks have now passed since Defendants' written responses were due. And the January 1, 2004 discovery cutoff is now less than six weeks away. Doc. 32, Order. Defendants' blatant refusal to follow the most rudimentary standards of discovery mandated by the Federal Rules of Civil Procedure requires this Court's action.

## III. ARGUMENT

### A. Plaintiff Is Entitled To An Order Compelling Written Responses And The Production Of Documents Responsive To The Second Request For Production Of Documents.

The Defendants are required to serve "a written response within 30 days after the service of the request [for production of documents]." Rule 34(b), Fed. R. Civ. P. The written response to document requests is important in establishing: whether Defendants have responsive documents; whether all requested documents are being produced; and whether any responsive documents are being withheld based upon some objection or privilege. *Id.* Here, Defendants have refused to provide any written

4

response to Plaintiff's Second Request for Production of Documents.[1]

The Federal Rules of Civil Procedure unequivocally establish Plaintiff's right to an order compelling Defendants to immediately submit written responses to Plaintiff's timely documents requests and to immediately produce the documents requested.

> The party submitting the request [for production of documents] may move for an order under Rule 37(a) with respect to any objections to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

Rule 34(b), Fed. R. Civ. P.

In tandem, Civil Rule 37(a)(2)(b) authorizes an order compelling a written response and the production of the requested documents:

> ...if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer...or an order compelling inspection in accordance with the request.

Thus, Plaintiff is entitled to an order compelling Defendants to immediately respond in writing to the pending Second Request for Production of Documents and to immediately produce the requested documents.

### B. Defendants Have Waived Their Objections to Plaintiff's Document Requests

By ignoring the pending September 18, 2003 documents requests for the past

---

[1] Some of the documents produced by the Defendants to date may relate to Document Request 19 (Cincinnati Police Department Chain of Command documentation) and Document Request 22 (Complaints against the individual police officer defendants). However, without written responses to Plaintiff's Second Request for Production of Documents, Plaintiff cannot determine whether these documents are, in fact, responsive; if all responsive documents have been produced; or whether responsive documents have been withheld.

five weeks, Defendants have waived any objections they may have to the production of responsive documents. Their failure to respond timely to discovery properly served in accordance with the Federal Rules of Civil Procedure results in a waiver of all objections a party might otherwise be entitled to assert. *Bailey v. Container Corp. of America*, 36 Empl. Prac. Dec. ¶ 35096 (S.D. Ohio 1985).

In *Bailey* the defendant responded to the discovery requests almost four months after the 30-day response deadline, and then continued to respond over the next couple of months. At no time did the defendant seek a protective order or extension of time to respond. The plaintiff filed a motion to compel and the court held that the failure to timely respond to properly served document requests results in the waiver of all objections:

> Because we conclude that defendant failed to timely comply with, or object to, facially legitimate discovery requests, we grant plaintiff's motion [to compel discovery] without considering the merits of defendant's various objections to certain of plaintiff's requests.

*Id.*, *citing* Rule 37(a)(2), Fed. R. Civ. P.

More recently, *Bailey* was followed in *United States ex rel. Davis v. M/G Transport Services, Inc.*, which establishes that objections to document requests are waived absent a protective order. *United States ex rel. Davis v. M/G Transport Services, Inc.*, No. C-1-92-1001, p. 5 (S.D. Ohio Mar. 11, 1996), attached as Exhibit C.

Here, the undisputed facts are that Defendants ignored Plaintiff's Second Request for Production of Documents, ignored Plaintiff's informal attempt to resolve this matter two weeks after their response was due, and have never responded to the subject document requests. All objections that Defendants may have had are waived.

All responsive documents must be immediately produced.

    **C.    Plaintiff Is Entitled to the Reasonable Expenses Incurred In Having To Make This Motion**

Plaintiff has been required to devote time and resources to filing this motion instead of conducting discovery during this time period as this Court intended. Doc. 32, Order. As such, Plaintiff is entitled to an award for the reasonable expenses incurred in making this motion, including attorneys' fees. Rule 37(d), Fed. R. Civ. P; *Bailey*, 36 Empl. Prac. Dec. ¶ 35096; *Davis*, No. C-1-92-1001, p. 5, attached as Exhibit C.

Plaintiff made a good faith effort to obtain discovery of the requested documents without this Court's intervention. Furthermore, Defendants' lack of a formal response and production is without justification. Defendants have given no reason for their failure to respond. Instead they have simply ignored Plaintiff's documents requests and their obligations under the Federal Rules of Civil Procedure. As such, Plaintiff is entitled to an award for his reasonable expenses incurred in having to file this motion, including attorneys' fees.

**IV.    CONCLUSION**

Plaintiff timely and properly served upon Defendants his Second Request for Production of Documents. Defendants have ignored this document request and ignored Plaintiff's attempt to informally resolve this matter. Defendants have never responded to Plaintiff's pending document requests.

Thus, in accord with Civil Rules 34 and 37, Defendants should be compelled to immediately respond in writing to Plaintiff's Second Request for Production of Documents, produce all of the requested documents, and pay for Plaintiff's reasonable

expenses incurred in having to file this motion, including Plaintiff's attorneys' fees.

          Respectfully submitted,

          <u>/s/Paul B. Martins</u>
          James B. Helmer, Jr.  (0002878)
          Paul B.  Martins (0007623
          Frederick M. Morgan, Jr.  (0027687)
          HELMER, MARTINS & MORGAN CO., LPA
          Fourth & Walnut Centre
          Suite 1900
          105 East Fourth Street
          Cincinnati, Ohio 45202-4008
          Telephone:   (513) 421-2400
          Facsimile:    (513) 421-7902

          *Trial Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Plaintiffs' Motion to Compel was electronically filed on November 24, 2003.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                            /s/ Paul B. Martins