UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF<br>ROGER D. OWENSBY JR., et al., | : | Case No. 01-CV-769 |
| | : | |
| | : | Senior Judge S. Arthur Spiegel |
| Plaintiff, | : | Mag. J. Timothy S. Hogan |
| | : | |
| v. | : | |
| | : | |
| CITY OF CINCINNATI, et al., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S SECOND REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
CITY OF CINCINNATI AND THOMAS STREICHER, JR.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Estate of Roger D. Owensby ("Plaintiff") submits the following Plaintiff's Second Request for Production of Documents to Defendants City of Cincinnati and its Chief of Police, Thomas Streicher, Jr. ("Defendants").

**DEFINITIONS AND INSTRUCTIONS**

A.   The terms "Defendants," "you" or "your" mean Defendants City of Cincinnati and its Chief of Police, Thomas Streicher, Jr. ("Defendants") as well as their agents and other representatives.

B.   The term "document" is used as defined in Fed. R. Civ. P. 34 and includes "writings" as defined in Fed. R. Evid.1001. The terms "document" or documents" also include, but are not limited to, the original and all copies (regardless of origin and whether or not including additional writing thereon or attached thereto) of

**EXHIBIT A**

electronic mail ("e-mail") messages, memoranda, reports, books, manuals, instructions, financial statements or reports, price books, records, notes, letters, notices, confirmations, correspondence, telegrams, receipts, pamphlets, magazines, newspapers, inventory books, inter-office and intra-office communications, contracts, cables, notations or memoranda of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, reviews, opinions, offers, studies and investigation questionnaires and surveys, worksheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind (including, without limitation, photographs, photomicrographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures, electronic and mechanical records) or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings), computer hard drive, computer diskette, computer back-up tape, and other written, printed, typed or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, phonograph recording, film tape or videotaped.

    C.    The term "excessive force," as used in this request for production of documents, includes any alleged improper contact with a citizen, from simple battery to deadly force.

    D.    The term "Internal Affairs Bureau" shall include any department, division, board, committee or file in which police misconduct complaints are lodged, investigated

and/or filed, and /or any department, division, board or committee which supervises and monitors the conduct of police officers.

E.    With respect to any document you produce, each original is to be produced, and each copy is to be produced if it in any way varies from the original by addition or subtraction of marginalia, notations, text, or any other information. Additionally, each and every draft or part of any responsive document is to be produced.

F.    If you withhold any document because of a claim of privilege or an assertion of work product, you must provide a privilege log in accord with Rule 26(b)(5), Fed. R. Civ. P., consisting of a written list of all documents falling within the description contained in the applicable request which are not produced, identifying each such document by date, preparer and addressee, identifying each person to whom a copy was furnished, stating the general subject matter of each document, stating the ground upon which each document is considered to be privileged from disclosure, and identifying each paragraph of this request which requests the production of the withheld document.

G.    Documents are to be produced which are in the possession of the Defendants, as well as their attorneys, agents or representatives.

H.    As required by the specific terms of Rule 34, all documents produced pursuant to these requests are to be organized and labeled to correspond with the numbered requests or are to be produced, without alteration, as they are kept in the usual course of business.

I.    If documents responsive to a particular request no longer exist, but are

known to have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the request(s) to which they are responsive, and identify any persons having knowledge of the content of such documents.

    J.    Each of the following requests is a continuing one. If subsequent to complying with this request, Defendants obtain or become aware of any additional documents, please serve them upon Plaintiff immediately.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

    18.    Any and all indemnification agreements that cover any award of punitive damages resulting from this litigation.

    RESPONSE:

    19.    All documents that set forth the chain of command for the Cincinnati Police Department, including documents that set forth the chain of command from officers like Defendants Robert B. Jorg and Patrick Caton up to the Chief of Police of the Cincinnati Police Department.

    RESPONSE:

20. The finger print identification cards for decedent Roger D. Owensby, Jr., Defendant Robert B. Jorg, Defendant Patrick Caton, and Defendant David Hunter.

RESPONSE:

21. All documents provided to, or receive from, the Department of Justice investigation concerning the death of Roger D. Owensby, Jr.

RESPONSE:

22. Any and all documents concerning or at all relevant to any formal or informal complaint made against or about Defendants Robert B. Jorg, Patrick Caton, David Hunter, Darren Sellers, and/or Jason Hodge, from any source and concerning any subject matter, including but not limited to, complaints concerning the use of excessive force or complaints concerning the failure to provide medical care for suspects in custody.

This includes, but is not limited to:

    a.    documents concerning all complaints and other disciplinary or police review of activities listed for Defendants Robert B. Jorg, Patrick Caton, David Hunter, Darren Sellers, and/or Jason Hodge by the "Internal Affairs Bureau," as that term is defined in paragraph D of the Definition and Instructions, above;

    b.    the complete documents concerning each incident listed in the disciplinary record for Defendants Robert B. Jorg, Patrick Caton, David Hunter, Darren Sellers, and/or Jason Hodge;

    c.    the complete documents concerning all complaints and other disciplinary or internal police review of activities maintained by the Cincinnati Police Department concerning Defendants Robert B. Jorg, Patrick Caton, David Hunter, Darren Sellers, and/or Jason Hodge; and,

    d.    all information contained in the computers maintained by the Internal Affairs Bureau of the Cincinnati Police Department or any other division of the City of Cincinnati or the Cincinnati Police Department concerning complaints made against Defendants Robert B. Jorg, Patrick Caton, David Hunter, Darren Sellers, and/or Jason Hodge, including but not limited to the information which is retrievable by computer codes.

RESPONSE:

23. Copies of all Internal Affairs Bureau annual reports and case logs from January 1990 through November 7, 2000.

RESPONSE:

24. Any and all documents concerning audits, reports, evaluations, consulting studies, and/or similar reviews of the performance of your Internal Affairs Bureau, whether by evaluators or other persons within or from outside of the City of Cincinnati, from January 1990 through November 7, 2000.

RESPONSE:

_[signature]_
_____
James B. Helmer, Jr. (0002878)
Paul B. Martins (0007623)
Frederick M. Morgan, Jr. (0027687)
Robert M. Rice (0061803)
*Trial Attorneys for Plaintiff*
HELMER, MARTINS & MORGAN CO., L.P.A.
Fourth & Walnut Centre, Suite 1900
105 East Fourth Street
Cincinnati, Ohio  45202
Telephone:  (513) 421-2400
Facsimile: (513) 421-7902

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served, by ordinary U.S. mail, postage prepaid, on September 18, 2003, upon the following:

Neil F. Freund
Vaseem S. Hadi
FREUND, FREEZE & ARNOLD
One Dayton Centre
One South Main Street, Suite 1800
Dayton, Ohio 45402-2017
*Trial Counsel for Defendants City of Cincinnati and Thomas Streicher, Jr.*

Geri H. Geiler
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
*Trial Attorney for Defendants City of Cincinnati and Thomas Streicher, Jr.*

Mark T. Tillar
240 Clark Road
Cincinnati, Ohio 45202
*Trial Attorney for Plaintiff*

John J. Helbling
3672 Springdale Road
Cincinnati, Ohio 45251
*Trial Attorney for Plaintiff*

Donald E. Hardin
HARDIN, LEFTON, LAZARUS
    & MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202
*Trial Attorney for Defendants Robert B. Jorg, Patrick Caton, Darren Sellers, Jason Hodges, and Victor Spellen*

Wilson G. Weisenfelder, Jr.
RENDIGS, FRY, KIELY &
    DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, Ohio 45202
*Trial Attorney for Defendants City of Golf Manor, Stephen Tilley, Robert Heiland, and Chris Campbell*

Dale A. Stalf
BUCKLEY, KING & BLUSO
1320 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
*Counsel for Defendants Huntington Meadows, LTD, and Bryan Menefee*

Ravert J. Clark
114 East Eighth Street
Suite 400
Cincinnati, Ohio 45202
*Trial Attorney for Defendant David Hunter*