RECEIVED
MAR 11 1995
Holmer, Lumbm,
Martins & Ne..Co., L.P.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES ex. rel.
HAROLD M. DAVIS and
DANNY JOE DENNISON,
   Relators

vs

Case No. C-1-92-1001

M/G TRANSPORT SERVICES, INC. et. al.,
   Defendants

## ORDER

This matter is before the Court on the motion for leave to file a supplemental complaint by Relators Harold M. Davis and Danny Joe Dennison (Doc. 94), Defendant M/G Transport Services, Inc.'s (M/G Transport) response (Doc. 99), Relators' reply (Doc. 104), defendant The Midland Company's (Midland) motion for protective order (Doc. 102), Relators' response (Doc. 107), defendant Midland's reply (Doc. 110), Relators' motion to compel (Doc. 103), defendant Midland's response (Doc. 109), and Relators' reply (Doc. 112).

### BACKGROUND

On March 17, 1995, Relators moved the Court for leave to file a second amended complaint. (Doc. 47). The Court granted the motion on June 20, 1995, (Doc. 77), and Relators filed the second amended complaint on June 23, 1995, naming Midland as a defendant. (Doc. 79). The second amended complaint was not filed under seal. Pursuant to the Government's request, Relator has served the United States with copies of all pleadings filed in the present case.

EXHIBIT C

On July 12, 1995, M/G Transport answered the second amended complaint and counterclaimed against Relators, alleging breach of fiduciary duty, breach of duty of loyalty, and breach of employment duties. (Doc. 86). Relators contend that these counterclaims constitute retaliation for bringing this *qui tam* action and they seek leave to file a supplemental complaint alleging violations of FCA § 3730(h). (Doc. 94). On June 19, 1995, this Court issued a stay of discovery ordering Relators to refrain from taking the deposition of all persons currently employed by M/G Transport, pending completion of the criminal trial in *United States v. M/G Transport Services, Inc.*, Case No. CR-1-95-18. (Doc. 77).

On August 22, 1995, Midland filed a motion to dismiss Relators' second amended complaint for lack of subject matter jurisdiction. (Doc. 96). On September 20, 1995, Midland filed a motion for a protective order staying discovery until after the question of subject matter jurisdiction is resolved. (Doc. 102). On September 21, 1995, Relators filed a motion to compel Midland to respond to Relators' discovery requests. (Doc. 103). On October 23, 1995, Relators filed a motion for a hearing on their motion to compel. (Doc. 113). On December 1, 1995, this Court held a hearing on the above-stated motions.

## RELATORS' MOTION TO FILE A SUPPLEMENTAL COMPLAINT WILL BE GRANTED

Relators seek leave to file a supplemental complaint. Relators contend that M/G Transport asserted breach of contract and breach of duty counterclaims solely to harass and intimidate Relators for providing testimony in this FCA action. Relators contend that M/G Transport brings these claims against Davis and Dennison only, while available evidence establishes that several other M/G Transport employees engaged in similar conduct.

Midland contends that the Court should deny Relators' motion to supplement the complaint because: (1) Relators' new allegations cannot withstand a motion to dismiss; (2) the supplemental claims alleging retaliation by M/G Transport are based on M/G Transport's assertion of compulsory counterclaims; and (3) the new claims are barred by Relators' failure to adhere to the FCA's procedural requirements.

Fed. R. Civ. P. 15(d) provides in pertinent part:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Under this Rule, the Court has broad discretion to allow supplemental pleading. Where a party relies on facts or circumstances that may be the proper subject for relief, he should be afforded an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of reasons such as undue delay, bad faith on the part of the movant, undue prejudice to the opposing party, or futility of amendment, leave to amend or supplement should be freely given. *Id.* Where a proposed amendment would not survive a motion to dismiss, the Court need not permit the amendment. *Thoikol Corp. v. Department of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).

The FCA "whistleblower provision" was designed to prevent harassment, retaliation, or threatening of employees who bring *qui tam* actions. *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir. 1994). The FCA provides relief to employees who are discharged, demoted, suspended, harassed or discriminated against in the terms and conditions of employment by their employer, if the employer takes such action because of lawful acts done by the employee in furtherance of an FCA claim. 31 U.S.C. § 3730(h). To bring a claim under § 3730(h), Relators must demonstrate that defendant had knowledge that Relators engaged in a protected activity. *Robertson*, 32 F.3d at 951.

M/G Transport concedes that its counterclaims are based on information learned from Realtors' deposition testimony. Realtors' retaliation claims are based upon these counterclaims which were asserted after the second amended complaint was filed. While relevant authority distinguishes between permissible and impermissible counterclaims in an FCA action, *compare Burch ex. rel. United States v. Piqua Engineering Inc.*, 145 F.R.D. 452, 456 (S.D. Ohio 1992) *with United States ex. rel. Madden v. General Dynamics Corp.*, 4 F.3d 827,

830-31 (9th Cir. 1993) and *United States ex. rel. Newsham v. Lockheed Missiles and Space, Co., Inc.*, 779 F. Supp. 1252, 1254 (N.D. Cal. 1991), the issue of whether M/G Transport's counterclaims are cognizable is separate from the issue of whether Relators have alleged facts sufficient to support a claim for relief. Contrary to M/G Transport's assertions, it is not clear that Realtors' supplemental claims would fail to withstand a motion to dismiss. Nor are Relators' claims barred for failure to follow the FCA procedural filing requirements. (*See* Magistrate Judge's Report and Recommendation filed in this case on March 11, 1996). Relators' supplemental claims, which are based on M/G Transport's motive for filing counterclaims against Relators, raise issues of fact. *See Robertson*, 32 F.3d at 951. Relators' are entitled to an opportunity to test their claims on the merits. *Foman*, 371 U.S. at 182. For the foregoing reasons, Relators' motion to file a supplemental complaint is granted.

### MIDLAND'S MOTION FOR A PROTECTIVE ORDER WILL BE DENIED AS MOOT

Midland moves this Court for a protective order staying certain discovery until after the issue of jurisdiction is resolved. As stated in the Magistrate Judge's Report and Recommendation filed in this case on March 11, 1996, this Court has jurisdiction. Midland's motion for protective order staying discovery until the jurisdictional issues are resolved is therefore denied as moot.

### RELATORS' MOTION TO COMPEL WILL BE GRANTED IN PART

Relators served Midland with their first set of interrogatories on June 30, 1995. On July 5, 1995, Relators served Midland with their first request for production of documents. Under Fed. R. Civ. P. 33 and 34, Midland's responses to these requests were due on or about August 5, 1995. On August 22, 1995, approximately two and a half weeks after its discovery responses were due, Midland filed its motion to dismiss. (Doc. 96). On September 16, 1995, Midland responded to Relators' first set of interrogatories and request for documents by objecting to the requests because its motion to dismiss was pending. On September 20, 1995, Midland filed its motion for a protective order staying discovery until after the Court resolved the issue of jurisdiction. (Doc. 102).

4

Realtors move this Court to compel Midland to (1) produce documents for inspection and copying; (2) answer fully Relators' first set of interrogatories; (3) produce Midland personnel previously noticed for depositions. Realtors argue that the Court should order Midland to produce the requested discovery, having waived any objections thereto. Relators ask the Court to award attorneys fees and costs for the filing of their motion to compel.

Midland contends that Relators' motion to compel should be denied because Midland's pending motion to dismiss is potentially dispositive. Midland argues that it may properly oppose discovery on these grounds because it has a motion for protective order pending before the Court. Midland argues that Relators' discovery requests are focused on the merits of the case, rather than the issue of jurisdiction; therefore, discovery is not warranted. Midland asserts that if discovery is ordered to proceed, Relators must be precluded from issuing notices of deposition to all members of the Midland Board of Directors. Midland argues that these putative witnesses do not have knowledge of the relevant events. Midland contends that Relators' deposition notices amount to harassment, requiring the Court to deny discovery.

If a party finds interrogatories or requests to inspect documents objectionable and wishes to remain silent, he must apply for a protective order. Fed. R. Civ. P. 37(h). The pendency of a motion to dismiss does not excuse a party's failure to timely comply with discovery deadlines under Fed. R. Civ. P. 33 and 34, unless the party opposing discovery has first sought a protective order from the Court. *Bailey v. Container Corp. of America*, 36 Empl. Prac. Dec. ¶ 35,096 (S.D. Ohio 1985). Fed. R. Civ. P. 37(d), 1993 amend. advisory committee notes, subdiv. (d). The extent of discovery and the use of protective orders in a particular case is within the sound discretion of the Court. *Chemical & Industrial Corp. v. Druffel*, 301 F.2d 126, 129 (6th Cir. 1962). The Court may impose sanctions where a party has failed to serve answers or objections to interrogatories or to produce documents for inspection after proper service of the requests. Fed. R. Civ. P. 37(d).

Midland failed to timely respond to Relators' discovery requests. Midland's motion for protective order was not filed until approximately six weeks after its responses to Relators' interrogatories and document production requests were due. Midland's motion to dismiss was likewise filed after the discovery deadline for its responses to Realtors' interrogatories and requests to inspect. Midland objected to Relators' discovery requests based on its pending motion to dismiss four days before its motion for a protective order was even filed. If Midland wished to remain silent as to Relators' interrogatories and request to inspect, it should have filed a motion for protective order with the Court before objecting to the requests based on its pending motion to dismiss. For the foregoing reasons, Relators' motion to compel is granted. However, the Court will reserve decision on sanctions regarding to the motion to compel until the conclusion of the litigation.

## IT IS THEREFORE ORDERED THAT:

1) Relators' motion to file a supplemental complaint is GRANTED;

2) The Midland Company's motion for protective order is DENIED AS MOOT; and

3) Relators' motion to compel Midland to respond to discovery requests is GRANTED IN PART. IT IS FURTHER ORDERED THAT Midland: (1) produce the documents requested in Relators' first request for production of documents; (2) answer Relators' first set of interrogatories; (3) produce Midland personnel noticed for deposition in accordance with Fed. R. Civ. P. 30, 33, and 34; and (4) nothing in this order affects the Court's order of June 19, 1995, which granted a limited stay of discovery.

4) The issue of sanctions related to Relators motion to compel is RESERVED, to be determined by the District Court at the conclusion of this case, unless otherwise ordered by the Court.

Date: 3-11-96

Lynn V. Hooe, Jr.
United States Magistrate Judge

lww/LVH