UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF ROGER D. OWENSBY JR., ET AL., | : : : |
| Plaintiff, | : Case No. 01-CV-769 : : Senior Judge S. Arthur Spiegel |
| v. | : : |
| CITY OF CINCINNATI, ET AL., | : : : |
| Defendants. | : : |

DECLARATION OF PAUL B. MARTINS

1. I, Paul B. Martins, am trial counsel for the Plaintiff in the above-captioned action.

2. Before serving Plaintiff's Third Request for Production of Documents to Defendant City of Cincinnati, I called and spoke to the Senior Assistant City Solicitor assigned to this case, Ms. Geri H. Geiler. I told her that I was planning to ask for the types of historic documents identified in Plaintiff's Third Request for Production of Documents and asked her whether she preferred that this request be in the form of an Ohio Public Records Request or in the form of a Civil Rule 34 Document Request. Ms. Geiler stated that she preferred a Civil Rule 34 Document Request.

3. On October 1, 2003, I served Ms. Geiler and the other counsel with Plaintiff's Third Request for Production of Documents to Defendant City of Cincinnati, a copy of which is attached as Exhibit A to the City's Motion for Protective Order. Doc. 63.

4. The City's written response to Plaintiff's Third Request for Production was due on or before October 30, 2003, in accordance with Rule 34(b), Fed. R. Civ. P.

5. Some time before the due date, I received a call from Ms. Geiler asking for a week extension because of the press of other business. I agreed to an extension of time to November 6, 2003, for the City to respond to Plaintiff's Third Request for Production. During this conversation I asked Ms. Geiler if the City would produce the requested documents with its November 6 response. She responded that we would receive everything on November 6. She also stated that the City may need a protective order to cover some of the documents requested. I understood this to mean that the City desired an order to protect certain responsive documents from public disclosure. At no time did Ms. Geiler or anyone else say that the City objected to the production of all of the requested documents.

6. On November 6, 2003, I expected to receive written responses to Plaintiff's Third Request for Production, responsive documents, and perhaps some proposed confidentiality order. Instead, I received the City's Motion for Protective Order, Doc. 63.

7. I have never received written responses to Plaintiff's Third Request for Production of Documents, as required by Civil Rule 34(b).

8. No one from the City has ever contacted me to explore extrajudicial resolution of the objections voiced by the City in its Motion for Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of November, 2003.

/s/ Paul B. Martins