**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ESTATE OF ROGER D. OWENSBY,** | **\*** | **CASE NO. C-1-01-769** |
| | | **(Judge S. Arthur Spiegel)** |
| **Plaintiff** | | |
| | | **MOTION FOR PROTECTIVE ORDER OF** |
| **vs.** | **\*** | **DEFENDANTS CITY OF CINCINNATI** |
| | | **AND POLICE CHIEF THOMAS** |
| **CITY OF CINCINNATI, et al.** | | **STREICHER,JR.** |
| | | |
| **Defendant** | **\*** | |

Now come the Defendants, City of Cincinnati and Police Chief Thomas Streicher, Jr., by and through counsel, and hereby request this Court grant a protective order preventing the plaintiffs from conducting the discovery deposition of the defendants' non-testifying expert witness, Cyril Wecht, M.D., J.D., pursuant to Federal Rules of Civil Procedure 26(b)(4)(B) and 26(c).

The defendants bring this motion in good faith and after unsuccessful attempts to resolve this dispute with other affected parties without court action as required under Federal Rule of Civil Procedure 26(c).

This Motion is more fully supported by the accompanying memorandum and affidavit of City of Cincinnati former Acting Municipal Investigator Manager Mark A. Gissiner, which is attached as Exhibit A.

Respectfully submitted,

JULIA L. McNEIL (0043535)
City Solicitor

S/Neil F. Freund
Neil F. Freund (0012183)
Vaseem S. Hadi (#0075617)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937) 222-2424

Geri Hernandez Geiler (0042081)
Julie F. Bissinger
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, OH 45202
(513) 352-3338
Trial Attorneys for Defendants

2

**MEMORANDUM**

## I.  OVERVIEW

This case involves the November 7, 2000 death of plaintiffs' decedent, Roger D. Owensby, Jr. Complaint. On November 8, 2001, the Estate of Roger D. Owensby, Jr. filed this suit against the City of Cincinnati, Police Chief Thomas Streicher, Jr., and other defendants alleging excessive use of force in violation of federal and state law. On September 16, 2003, this Court granted plaintiffs' request for the right to call additional witnesses beyond the local court rules' standards. Pursuant to this order, the plaintiffs were permitted to depose thirty fact witnesses and five expert witnesses respectively.

On November 20, 2003, plaintiffs' counsel issued a notice scheduling the deposition of Cyril Wecht, M.D./J.D., to occur on December 16, 2003 in Pittsburgh. The city of Cincinnati hired Dr. Wecht, last year, as a non-testifying expert to assist in Cincinnati's independent investigation into the decedent's death. (Affidavit of Cincinnati former Acting Municipal Investigator Manager Mark A. Gissiner, attached as Exhibit A). Plaintiffs' counsel scheduled Dr. Wecht's deposition even though defense counsel objected on the basis that Federal Rule of Civil Procedure 26(b)(4)(B) prohibits plaintiffs from inquiring into any facts, opinions, or communications of a non-testifying expert like Dr. Wecht. Also on November 20, 2003, the plaintiffs filed a notice scheduling the deposition of Hamilton County Deputy Coroner, Daniel

3

Schultz, M.D. to occur on December 17, 2003. Dr. Schultz performed the post-mortem examination of the decedent. Defendants City of Cincinnati and Police Chief Streicher now move the Court for a protective order to prohibit plaintiffs from conducting the discovery deposition of non-testifying expert witness Cyril Wecht, M.D./J.D.

## II.  STATEMENT OF FACTS

Former Acting Municipal Investigations Manager, Mark A. Gissiner, submitted his sworn affidavit in support of this motion. (Exhibit A). Since February, 2003, Mr. Gissiner has served as Senior Human Resources Analyst for the City of Cincinnati's City Manager Department. (Gissiner Aff.¶2.) From October, 2001 to February 2003, Mr. Gissiner served as Acting Municipal Investigations Manager for Cincinnati.(Id.) As Acting Municipal Investigations Manager, Mr. Gissiner investigated the death of decedent Roger Owensby, Jr. as part of his employment duties after the plaintiffs filed this lawsuit on November 8, 2001.(Id.¶4.)

In 2002, Mr. Gissinger hired Cyril Wecht, M.D./J.D. to assist in Mr. Gissiner's investigation of decedent Owensby's death. (Id.¶5.) Defendant City of Cincinnati paid Dr. Wecht's fees. (Id.) Dr. Wecht was hired to assist in this investigation as a non-testifying expert witness in anticipation of litigation. (Id.¶6.) It was Mr. Gissiner's belief and understanding that Dr. Wecht was never intended to be a testifying expert witness in the above-captioned lawsuit when he was hired to assist in this

4

investigation. (Id.¶7.) Defendant Cincinnati has not identified Dr. Wecht as an expert witness in this lawsuit. It has no intention of identifying Dr. Wecht as an expert in the future.(Id.)

In the past, Mr. Gissiner's office enlisted Dr. Wecht's services as a non-testifying expert in an investigation unrelated to this lawsuit, in the course of Mr. Gissiner's employment with the City of Cincinnati. (Id.¶8.) It was never Mr. Gissiner's belief and understanding at the time he hired Dr. Wecht to assist in the Owensby investigation, that Dr. Wecht would be deposed or called to testify on matters within the scope of his involvement in Mr. Gissiner's investigation. (Id.¶9.) Instead, the only reason Dr. Wecht was hired was to assist Mr. Gissiner in completing his investigation. (Id.) Finally, any facts or opinions Dr. Wecht disclosed in the course of this investigation can be obtained from other sources including but not limited to Hamilton County Deputy Coroner Daniel Schultz, M.D. (Id.¶10.) Under these circumstances, the defendants move for a protective order because Civil Rule 26(b)(4)(B) prohibits inquiry into communications with non-testifying experts and no exceptional circumstances exist that might support making an exception in this case.

## III. <u>LAW AND ARGUMENT</u>

Civil Rule 26 establishes a "shield of immunity" under which fact/opinion discovery from non-testifying experts remains non-discoverable. <u>Marine Petroleum Co. v. Champlin Petroleum Co.</u>, 206

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

U.S. App. D.C. 31, 641 F.2d 984, 990(citing Fed. R. Civ. P. 26(b)(4)(B)(D.C. Cir. 1978). This rule states:

> A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only . . . upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means...

Fed. R. Civ. P. 26(b)(4)(B).

Discovery into facts and opinions of an adversary's experts is regulated by the Federal Rules of Civil Procedure. Marine Petroleum, *supra* at 988-89. Civil Rule 26 "deals separately with those experts whom the party expects to call as trial witnesses and with those experts who have been retained or specially employed by the parties who are not expected to be witnesses." Id. at 989(citing Advisory Committee Note to Rule 26(b)(4). To qualify for protection under Civil Rule 26(b)(4)(B), the non-testifying expert must have been "retained or specially employed by another party in anticipation of litigation" or preparation for trial and the data sought to be discovered must have been acquired or developed in anticipation of litigation or for trial. Id. at 990(quoting Fed. R. Civ. P. 26(b)(4)(B)). A narrow exception to this immunity exists only if exceptional circumstances exist under which "it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Id.

6

Rule 26(b)(4)(B) exists so parties will be free to conduct thorough preparation of their cases. Marine Petroleum, *supra* at 992-93. Without this protection, parties would be deterred from properly exploring their cases for fear their opponents would be permitted to "freely discover information from a hired expert whose assistance is important but not yet so vital as to require his testimony at trial." Id. at 993. "The rule's tacit acknowledgment of the necessity of meticulous preparation has equal force whether the expert is one originally and exclusively retained for anticipated litigation or one whose employment responsibilities are expanded to encompass consultation and advice in expectation of litigation." Id. (citing Seiffer v. Topsy's Int'l. Inc., 69 F.R.D. 69, 72-73 & n3 D. Kans. 1975); Inspiration Consol Copper Company v. Lumbermans Mut. Cas. Co., 60 F.R.D. 205, 210(S.D.Y. 1973); Graham, Discovery of Experts under Rule 26(b)(4) of the Federal Rules of Civil Procedure: Part One, an Analytical Study, 1976 U. of Ill. L.F. 895, 941-43.

Rule 26(b)(4)(B) furthers the policy that non-testifying experts may not be examined as freely as testifying experts so parties may not be "allowed to delve at will into an expert mind solely to sustain its own burden of preparing for litigation." Marine Petroleum, 641 F.2d 984 at 993, n49(quoting Seiffer v. Topsy's Int'l Inc., 69 F.R.D. at 72).

In the case at bar, the defendants' motion for protective order related to Dr. Wecht's deposition should be granted for two

7

reasons. First, defendant City of Cincinnati hired Dr. Wecht in the sole capacity as a non-testifying expert in anticipation of litigation. (Gissiner Aff. ¶¶6-9.) It is undisputed Cincinnati hired Dr. Wecht, during the course of an internal investigation into the decedent's death, after the plaintiffs filed this lawsuit. (Id. ¶4.) Thus, Dr. Wecht was hired "in anticipation of litigation" because Cincinnati had been defending this lawsuit actively for months when it hired Dr. Wecht. (Id. ¶6). Further, former Acting Municipal Investigations Manager Mark Gissiner submitted his affidavit stating he never intended Dr. Wecht to be a testifying expert witness at any time. (Id.¶7.) Cincinnati has not identified Dr. Wecht as an expert witness in this lawsuit and does not intend to identify Dr. Wecht in such capacity in the future. (Id.) In turn, Dr. Wecht was never expected to be deposed or called to testify on matters within the scope of his involvement in Cincinnati's investigation. (Id.¶9). Under these circumstances, the facts and opinions of non-testifying expert witness Dr. Wecht fall within the "shield of immunity" established in Rule 26(b)(4)(B). Marine Petroleum, 641 F.2d 984, 990(D.C. Cir. 1978).

Second, the extremely narrow "exceptional circumstances" exception is inapplicable to this case. (Id.); Scardino & The Pennsylvania Co.'s Inc. v. Amalgamated Bank of New York, 1995 U.S. Dist. LEXIS 7256, Fed. Sec. L. Rep. (C.C.H.) P.98, 758(E.D. Pa.)(attached as Exhibit B). Parties seeking to override the Civil Rule 26(b)(4)(B) shield of immunity bear a "heavy burden."

FREUND, FREEZE & ARNOLD
A Legal Professional Association

Scardino, *supra* *12(quoting <u>Hoover v. United States Department of</u>
<u>the Interior</u>, 611 F.2d 1132, 1142, n.13(5th Cir. 1980). The
"exceptional circumstances" exception must be construed narrowly to
promote fairness by precluding unreasonable access to an opposing
party's diligent trial preparation. <u>Scardino,</u> *supra* *12(quoting
<u>Durflinger v. Artiles</u>, 727 F.2d 888, 891(10th Cir. 1984); Federal
Rule of Civil Procedure 26(b)(4)(B), advisory committee notes.)
"Exceptional circumstances" do not exist when the parties seeking
to override Civil Rule 26(b)(4)(B) immunity have their own experts
which can develop sufficient facts and opinions. <u>Scardino,</u> *12; <u>see</u>
<u>also</u>, <u>Eliasen v. Hamilton</u>, 111 F.R.D. 396, 400(N.D. Il.
1986)(stating exceptional circumstances exist only when opinions by
others on the subject are not available.)

    In this case, any facts or opinions Dr. Wecht disclosed in the
course of his employment with the City of Cincinnati can be
obtained from other sources including but not limited to Hamilton
County Deputy Coroner Daniel Schultz, M.D. (<u>Gissiner</u> Aff.¶10.)
Thus, exceptional circumstances do not exist in this case as
plaintiffs can obtain Dr. Schultz's facts and opinions during his
already scheduled December 17, 2003 deposition. Finally, this Court
granted Leave for plaintiffs to utilize five experts in this case.
No argument has been made that plaintiffs cannot obtain sufficient
facts and opinions from their own medical experts. Under these
facts, this Court should grant a protective order prohibiting the

FREUND, FREEZE & ARNOLD
A Legal Professional Association

plaintiffs from deposing non-testifying expert witness Cyril Wecht, M.D./J.D.

**IV.  CONCLUSION**

_____For the foregoing reasons, defendants City of Cincinnati and Police Chief Thomas Streicher, Jr., respectfully request this Court grant a protective order and prohibit the plaintiffs from deposing non-testifying expert witness Cyril Wecht, M.D., J.D., currently scheduled for December 16, 2003.

## CERTIFICATION OF GOOD FAITH

_____The undersigned hereby certifies that this motion has been brought in good faith and after an attempt to confer with other affected parties in an effort to resolve this dispute without Court action. Before plaintiffs' counsel filed their November 20, 2003 notice regarding Dr. Wecht's deposition, defense counsel objected to such action. Defense counsel further stated that if the plaintiffs insisted on deposing Dr. Wecht, in direct violation of Federal Rule of Civil Procedure 26(b)(4)(B), a motion for protective order would follow. After this communication, plaintiff's counsel ignored these objections and filed a notice to depose Dr. Wecht. Defense counsel interpreted this action to mean the previous attempt to confer with opposing counsel to resolve this dispute had failed and that Court intervention would be necessary. Pursuant to Civil Rule 26(c), good cause exists for this Court to issue a protective order preventing opposing counsel from conducting the discovery deposition of Cyril Wecht, M.D., J.D.
_____

                              Respectfully submitted,

                              JULIA L. McNEIL (0043535)
                              City Solicitor


                              S/Neil F. Freund
                              Neil F. Freund (0012183)
                              Vaseem S. Hadi (#0075617)
                              FREUND, FREEZE & ARNOLD
                              One Dayton Centre
                              1 South Main Street, Suite 1800
                              Dayton, OH 45402-2017
                              (937) 222-2424

Geri Hernandez Geiler (0042081)
Julie F. Bissinger
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, OH 45202
(513) 352-3338
Trial Attorneys for Defendants

PROOF OF SERVICE

    This will certify that a copy of the foregoing was served upon counsel of record by electronic mail this ___ day of December, 2003:

Paul B. Martins
HELMER, MARTINS & MORGAN CO., LPA
Fourth & Walnut Centre,
Suite 1900
105 East 4th Street
Cincinnati, OH 45202-4008
**Attorney for Plaintiff**

Mark T. Tillar (0029898)
240 Clark Road
Cincinnati, OH 45251
(513) 761-2958
**Attorney for Plaintiff**

John Helbling (0046727)
3672 Springdale Road
Cincinnati, OH 45251
513-923-9740
**Attorney for Plaintiff**

Donald E. Hardin (0022095)
HARDIN, LEFTON, LAZARUS &
MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202
513-721-7300
**Special Counsel for Defendants
Robert Blaine Jorg,
Patrick Caton, Darren Sellers,
Jason Hodge, and Victor Spellen**

Wilson G. Weisenfelder, Jr.
(0030179)
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, OH 45202
513-381-9200
**Attorney for Defendants
Village of Golf Manor,
Chief Stephen Tilley,
Officer Robert Heiland, and
John Doe #7 nka Chris Campbell**

Dale A. Stalf (0000471)
BUCKLEY KING
1420 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 412-5400
**Attorney for Huntington
Meadows, LTD**

Ravert J. Clark
114 East 8th Street, Suite 400
Cincinnati, OH 45202
(513) 587-2887
**Attorney for Defendant
Cincinnati Police Officer David
Hunter**

S/Neil F. Freund
Neil F. Freund

11

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**