Source: Legal > Cases - U.S. > Federal Court Cases, Combined
Terms: **"26(b)(4)(b)" w/para "nontestifying expert"** (Edit Search)

↓Select for FOCUS™ or Delivery
☐

*1995 U.S. Dist. LEXIS 7256, \*; Fed. Sec. L. Rep. (CCH) P98,758*

FRANK G. SCARDINO and THE PENNSYLVANIA COMPANIES, INC., Plaintiffs, v. AMALGAMATED BANK OF NEW YORK, Defendant.

CIVIL ACTION NO. 93-6740

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1995 U.S. Dist. LEXIS 7256; Fed. Sec. L. Rep. (CCH) P98,758

May 25, 1995, Decided
May 25, 1995, Filed; May 26, 1995, ENTERED

## CASE SUMMARY

**PROCEDURAL POSTURE:** In a federal securities lawsuit, plaintiffs, an individual and a corporation, moved to compel defendant bank's **nontestifying experts** to submit to depositions.

**OVERVIEW:** An individual and corporation sued a bank for violations of federal securities laws. In response, the bank retained two **nontestifying expert** witnesses. The first expert was retained to prepare a schedule depicting the loans, securities transactions, interest, and commissions related to the corporation's clearance loan account. The second expert was retained to examine and issue an independent opinion of the schedule's reliability. The individual and corporation then moved to compel both experts to produce documents and appear for depositions. The court granted the motion in part and denied it in part. It granted the motion to compel production of documents produced by the first expert in the ordinary course of the bank's business. It denied the motion to obtain discovery from the second expert, and to depose officers of the two experts. Documents produced in the ordinary course of business were discoverable, but the other matters sought were privileged.

**OUTCOME:** The motion of the individual and corporation to compel was granted in part and denied in part. The bank's experts could be compelled to testify about documents produced in the ordinary course of business, but other matters were privileged.

**CORE TERMS:** work product doctrine, subpoena, work product, depose, undue hardship, discoverable, preparation, discovery, discover, course of business, deposition, confidential, motion to compel, comprise, exceptional circumstances, disclosure, anticipation of litigation, loan account, clearance, waived, impracticable, lawsuit, documents produced, discovery request, obtain discovery, prepare, intend

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Disclosure & Discovery > Work Product
**HN1** ↨ A party may obtain discovery of documents prepared in anticipation of litigation only upon a showing of substantial need of the materials in the preparation of the

party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Work Product
HN2 ± The work product doctrine, codified at Fed. R. Civ. P. 26(b)(3), protects from discovery materials produced by a party or its representative in the course of preparation for possible litigation. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Work Product
HN3 ± Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test for whether materials have been prepared for litigation is whether, in light of the nature of the document and the factual situation in the particular case, the material can fairly be said to have been prepared or obtained because of the prospect of litigation. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Work Product
HN4 ± Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes, are not protected work product. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Work Product
HN5 ± The work product doctrine seeks to prevent disclosure of an attorney's legal theories, strategies, and certain factual information gathered in the course of litigation. It promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Work Product
HN6 ± Any protection that the work product doctrine provides may extend to other litigation, as materials prepared in anticipation of one lawsuit are protected by the work product doctrine in another lawsuit. The literal language of Fed. R. Civ. P. 26(b)(3) protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Work Product
HN7 ± According to Fed. R. Civ. P. 26(b)(3), a party may discover protected work product upon a showing of substantial need of the materials in the preparation of its case and that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Work Product
HN8 ± A party waives the work product doctrine's protections as to all adversaries when it discloses privileged materials to an adversary and such disclosure does not further the doctrine's underlying goals. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Work Product
HN9 ± The protection of the work product doctrine is qualified as it is waivable and may be overcome by a showing of substantial need and that similar information cannot be obtained without undue hardship. The doctrine's broadest protection is reserved for materials that reveal the legal strategies or mental impressions of an attorney or a party's representative. The discovery rules are also to be construed liberally to permit broad discovery, and to make trials less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Privileged Matters

HN10 Fed. R. Civ. P. 45(c)(3)(B)(i) states that if requires disclosure of a trade secret or other confidential research, development, or commercial information, a court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions. More Like This Headnote

Civil Procedure > Discovery Methods > Expert Witness Discovery

HN11 According to Fed. R. Civ. P. **26(b)(4)(B)**, a discovering party may depose another party's expert who is not expected to testify upon a showing of exceptional circumstances under which it impracticable for it to obtain facts or opinions on the same subject by other means. More Like This Headnote

Civil Procedure > Discovery Methods > Expert Witness Discovery

HN12 Fed. R. Civ. P. **26(b)(4)(B)** states that a party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. More Like This Headnote

**COUNSEL:** **[*1]** FOR FRANK G. SCARDINO, THE PENNSYLVANIA COMPANIES, INC., PLAINTIFFS: VINCENT B. MANCINI, MEDIA, PA. G. ALEXANDER BOCHETTO, KOJI F. FUKUMURA, BOCHETTO AND LENTZ, P.C., PHILA, PA.

FOR AMALGAMATED BANK OF NEW YORK, DEFENDANT: BARRY E. BRESSLER, JAMES E. MILLER, PATRICK J. DORAN, PELINO & LENTZ, PHILA, PA. CHARLES J. LANDY, PHILIP J. HARVEY, SHAW, PITTMAN, POTTS AND TROWBRIDGE, WASHINGTON, DC.

**JUDGES:** CLIFFORD SCOTT GREEN, S.J.

**OPINIONBY:** CLIFFORD SCOTT GREEN

**OPINION: MEMORANDUM-ORDER**

**GREEN, S.J.**

May 25th, 1995

Presently before me is plaintiffs' ("Mr. Scardino and PCI") motion to compel two experts retained by defendant ("Amalgamated") to produce documents and to appear for depositions. Fed. R. Civ. P. 37(d) and 45(b). Upon consideration of the motion and the responses of Amalgamated and its experts, and for the reasons stated below, the motion will be granted in part and denied in part. Amalgamated will be ordered to produce for plaintiffs the documents they seek from Peterson Consulting Limited Partnership ("Peterson") which comprise documents produced in Amalgamated's ordinary course of business. Plaintiffs' motion to obtain discovery from Ernst & Young, LLP ("E&Y") and **[*2]** to depose officers at Peterson and E&Y will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs served subpoenas on Peterson and E&Y to produce documents and to appear for oral depositions in this case. n1 Defendant retained Peterson and E&Y as nontestifying expert witnesses in a suit (the "SEC Litigation") brought against it by the Securities and Exchange Commission (the "SEC"). It retained Peterson to prepare a schedule depicting the loans, securities transactions, interest, and commissions related to PCI's clearance loan account at Amalgamated ("Schedule") and retained E&Y to examine and issue an independent opinion of the Schedule's reliability. Amalgamated had the Schedule prepared to settle the SEC Litigation which charged Amalgamated with various violations of federal securities law. Plaintiffs have a copy of the Schedule. Defendant does not intend to call either expert as a witness at trial.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Plaintiffs had the subpoena issued from the district court in the Southern District of New York which is the court for the district in which discovery was to be taken. Fed. R. Civ. P. 45(a)(2). Peterson and E&Y objected to the subpoena and served such objection on that court. Fed. R. Civ. P. 45(c)(2)(B). Plaintiffs originally filed this motion in the court that issued the subpoena, Fed. R. Civ. P. 37(a)(1), which subsequently transferred the motion to this Court.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*3]

Plaintiffs seek to depose and gather documents from Peterson and E&Y to discover the facts underlying the Schedule. Plaintiffs request the production of "any and all documents memoranda or notes related to the 'Schedule of Loans Securities Transactions and Commissions for the Pennsylvania Companies Inc.'" from Peterson and want to depose the officer who prepared the Schedule. Subpoena, Plaintiffs' Motion, Exhibit A. From E&Y, they seek "any and all documents, memoranda, or notes related to the June 11, 1993 examination of Amalgamated Bank of New York's records of Securites [sic] Transactions by PCI" and want to depose the officer involved in that examination. Subpoena, Plaintiff's Motion, Exhibit B.

Amalgamated, E&Y, and Peterson assert that the documents are not discoverable because they comprise work product which the work product doctrine protects from discovery. Mr. Scardino and PCI contend that the work product doctrine does not extend to this case because Amalgamated produced the Schedule and its underlying documents for another suit. Further, plaintiffs charge that Amalgamated waived the protection of the work product doctrine. Finally, they assert that the documents are [*4] discoverable because they have met the "substantial need" and "without undue hardship" exception to the work product doctrine. n2

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 Fed. R. Civ. P. 26(b)(3), in relevant part, states:

> HN1
> 
> [A] party may obtain discovery of documents . . . prepared in anticipation of litigation . . . only upon a showing of substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Plaintiffs' motion presents several issues. The first issue is whether the work product doctrine protects the documents sought. If the work product doctrine applies, the Court must then determine whether plaintiffs have met the "substantial need" and "without undue hardship" exception of the doctrine or whether Amalgamated waived the doctrine's protection. If the work product doctrine does not apply, the Court must determine whether another privilege protects the documents plaintiffs seek. Finally, the **[*5]** motion requires the Court to determine whether plaintiffs may compel Amalgamated's experts to appear for depositions.

II. DISCUSSION

A. The Work Product Doctrine

*HN2* The work product doctrine, codified at Fed. R. Civ. P. 26(b)(3), protects from discovery materials produced by a party or its representative "in the course of preparation for possible litigation." Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947); In Re Grand Jury Investigation (Sun Co.), 599 F.2d 1224, 1228 (3d Cir. 1979). Materials have been prepared for litigation when they come within the following standard:

> *HN3*
> Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

Sun Co., 599 F.2d at 1229 quoting 8 Wright & Miller, Federal Practice and Procedure: Civil § 2024 at 198 (1970) (footnote omitted).

*HN4* "Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to **[*6]** litigation, or for other nonlitigation purposes" are not protected work product. Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1260 (3d Cir. 1993) (citations omitted).

*HN5* The work product doctrine seeks to prevent disclosure of an attorney's legal theories, strategies, and certain factual information gathered in the course of litigation. Hickman, 329 U.S. at 508-13, 67 S. Ct. at 391-94. It "promotes the adversary system . . . by enabling attorneys to prepare cases without fear that their work product will be used against their clients." Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1428 (3d Cir. 1991) (citations omitted).

*HN6* Any protection that the work product doctrine provides the documents plaintiffs seek would extend to this litigation as materials prepared in anticipation of one lawsuit are protected by the work product doctrine in another lawsuit. F.T.C. v. Grolier Inc., 462 U.S. 19, 25, 103 S. Ct. 2209, 2213, 76 L. Ed. 2d 387 (1983); In Re Grand Jury Proceedings (FMC Corp.), 604 F.2d 798, 803 (3d Cir. 1979). "The literal language of [Rule 26(b)(3)] protects materials prepared for *any* litigation or trial as long as they were prepared by **[*7]** or for a party to the subsequent litigation." Grolier, 462 U.S. at 25, 103 S. Ct. at 2213 (1983).

*HN7* A party may discover protected work product upon a showing of "substantial need of the

materials in the preparation of its case and that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

HN8 A party has waived the doctrine's protections as to all adversaries when it has disclosed privileged materials to an adversary and such disclosure does not further the doctrine's underlying goals. Westinghouse, 951 F.2d at 1429.

The Court notes that HN9 the protection of the work product doctrine is qualified as it is waivable and may be overcome by a showing of substantial need and that similar information cannot be obtained without undue hardship. United States v. Nobles, 422 U.S. 225, 239, 95 S. Ct. 2160, 2170, 45 L. Ed. 2d 141 (1974). The doctrine's broadest protection is reserved for materials that reveal the legal strategies or mental impressions of an attorney or a party's representative. See Upjohn Co. v. United States, 449 U.S. 383, 400, 101 S. Ct. 677, 688, 66 L. Ed. 2d 584 (1981); Sporck v. Peil, 759 F.2d 312, 316 (3d Cir. 1985). **[*8]** The Court further notes that the discovery rules are to be construed liberally to permit broad discovery, Hickman, 329 U.S. at 507, 67 S. Ct. at 392, and to "make [] trials less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 683, 78 S. Ct. 983, 987, 2 L. Ed. 2d 1077 (1958).

B. Discovery of Documents from Peterson

Plaintiffs' discovery request seeks documents produced in Amalgamated's ordinary course of business to monitor the transactions in PCI's clearance loan account. These documents are not protected work product as they were not "prepared in anticipation of litigation." In fact, they already existed. Mr. Scardino and PCI will be permitted to discover these documents from Amalgamated to the extent that Amalgamated has not already provided them such information.

Plaintiffs' discovery request, however, also seeks protected work product. To the extent that plaintiffs request memoranda, notes, and correspondence prepared by Peterson in compiling the Schedule, plaintiffs seek protected work product. Unlike the bank records which were produced in **[*9]** Amalgamated's ordinary course of business, Peterson produced its documents in preparation for litigation. Mr. Scardino and PCI will not be permitted to discover these documents from Peterson as they are protected and plaintiffs have not met their burden to obtain them. Moreover, there has been no waiver of the protections of the work product doctrine.

C. Discovery of Documents from E&Y

Similarly, plaintiffs seek protected work product from E&Y to the extent that they seek notes and memoranda which E&Y generated in issuing its report which was prepared for litigation. These materials are not discoverable as plaintiffs have not met their burden under the work product doctrine. Further, there has been no waiver.

The documents plaintiffs seek are also not discoverable because they comprise, as E&Y contends, confidential commercial information. Plaintiffs seek documents exploring the manner in which E&Y conducts its examinations and such materials comprise confidential commercial information. As such, Mr. Scardino and PCI must show a "a substantial need for the . . . material that cannot be otherwise met without undue hardship" to be permitted to discover them. Fed. R. Civ. **[*10]** P. 45(c)(3)(B)(i); n3 see also Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1185 (D. S.C. 1974) (holding that confidential commercial information are trade secrets discoverable only upon a clear showing that they are relevant to the issues involved in the litigation). Plaintiffs' assertions that the information is discoverable because it is relevant or reasonably calculated to lead to the discovery of admissible evidence is insufficient to meet their burden.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 HN10 Fed. R. Civ. P. 45(c)(3)(B), in relevant part, states:

> (B) If a subpoena
>
> (i) requires disclosure of a trade secret or other confidential research, development, or commercial information . . . .
>
> the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*11]

D. Deposing Peterson and E&Y

Finally, plaintiffs wish to depose officers at Peterson and E&Y regarding the documents they seek. Such relief will be denied. HN11 A discovering party may depose another party's expert who is not expected to testify "upon a showing of exceptional circumstances under which it is impracticable for it to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(B) n4 (emphasis added); United States v. 215.7 Acres of Land in Kent County, Del., 719 F. Supp. 273, 280 (D. Del. 1989).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 HN12 Fed. R. Civ. P. 26(b)(4)(B), in relevant part, states:

> A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only . . . upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*12]

Plaintiffs have not shown that they cannot obtain facts or opinions about the subjects which it seeks to depose Amalgamated's experts elsewhere. Indeed, they have retained their own experts who possess the Schedule and the clearance loan account statements and can develop facts and opinions about those documents. See Bailey v. Meister Brau, Inc., 57 F.R.D. 11, 14 (N.D. Il. 1972); Eliasen v. Hamilton, 111 F.R.D. 396, 400 (N.D. Il. 1986) (exceptional circumstances exist when opinions by others on the subject are not available).

Plaintiffs bear a "heavy burden" under this Rule, Hoover v. United States Dept. of the Interior, 611 F.2d 1132, 1142, n.13 (5th Cir. 1980), as it "is designed to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation." Durflinger v. Artiles, 727 F.2d 888, 891 (10th Cir. 1984); Fed. R. Civ. P. 26(b)(4)(B), Advisory Committee Notes. Further, plaintiffs have less of a need to depose the experts in this case because Amalgamated does not intend to call them as witnesses. Plaintiffs, therefore, are not required to inquire of them for cross examination.

An appropriate Order follows.

ORDER

AND NOW, [*13] this 25th day of May, 1995, IT IS ORDERED THAT

1. Plaintiffs' motion to compel Peterson to produce documents is denied. The Court orders Amalgamated to produce for plaintiffs, to the extent that it has not already done so, the records and statements underlying the compilation of the Schedule of Loans, Securities Transactions and Commissions for the Pennsylvania Companies, Inc. which it produced in its ordinary course of business within 10 days of the date of this Order;

2. plaintiffs' motion to compel Ernst & Young to produce documents is denied; and

3. plaintiffs' motion to compel officers from Peterson and Ernst & Young to appear for depositions is denied.

BY THE COURT:

CLIFFORD SCOTT GREEN, S.J.

Source: Legal > Cases - U.S. > Federal Court Cases, Combined
Terms: "26(b)(4)(b)" w/para "nontestifying expert" (Edit Search)
View: Full
Date/Time: Monday, December 1, 2003 - 3:51 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
▲ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
A - Citing Refs. With Analysis Available
I - Citation information available
* Click on any Shepard's signal to Shepardize® that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.