UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The Estate of Roger D. Owensby | : | Case No. C-1-01-769 |
| Plaintiff, | : | (Judge Spiegel) |
| -vs- | : | |
| CITY OF CINCINNATI, et al., | : | **CITY'S REPLY TO MEMORANDUM IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER WITH CERTIFICATION ATTACHED** |
| Defendant. | : | |
| | : | |
| | : | |

Now comes Defendant City of Cincinnati and hereby replies to Plaintiff's Memorandum in Opposition to the City's Motion for Protective Order as follows.

**A.   An Extra-judicial Conversation Regarding the Requests Was Held With Opposing Counsel.**

During the phone conversation which attorney for Plaintiff, Paul Martins, discusses in his Declaration executed on November 28, 2003, it was discussed that the City would be filing a motion for protective order covering the documents requested.  Mr. Martins is incorrect in stating that he was told that he "would receive everything on November 6."  On the contrary, Mr. Martins was advised that the City would be filing the motion for protective order rather than providing the documents requested, making clear the City's objection to providing the documents.  At that time Mr. Martins made no attempt to further discuss any changes in the requests.  As the requests pertain mostly to public records there is no reason that the City would have advised Mr. Martins that the purpose of the

motion for protective order would be to prevent the public disclosure of said documents. That would have made no sense to either the City or to Mr. Martins and he did not so state his assumption during the phone conversation. Counsel for the City understood that specific conversation to be an extra-judicial attempt to resolve the City's objections to the requests. Furthermore, the requests leave little if no room for compromise or resolution in that, except for two, the requests cover documents involving studies or reports from specific years. Nothing more is required from a party seeking a protective order. The Certification of Geri H. Geiler, Sr. Assistant City Solicitor is attached hereto as Ex. A

**B.     *Leisure v. City of Cincinnati*  Is Inapplicable To This Issue.**

Plaintiff cites to this Court's language in *Leisure v. City of Cincinnati,* 267 F. Supp.2d 848, 856 (S.D. Ohio 2003) for the proposition that historical documents are discoverable in this case to prove past discriminatory policies and practices. First, however, the Court's consideration therein pertained to a motion to dismiss the complaint and motion to strike rather than to discovery of documents. The Court simply ruled that the complaint's allegations of historical discrimination stated a viable claim for equal protection and that the allegations of historical discrimination did not need to be stricken from the complaint. *Id.* at 856.

Second, the complaint in this case does not make similar allegations of racial discrimination or equal protection claims. The documents requested which

Plaintiff argues proves racial discrimination by the police are therefore irrelevant to the case at bar.

Furthermore, Plaintiff is wrong to draw the conclusion from the Court's opinion that Timothy Thomas' constitutional rights were, in fact, violated.  This Court was careful to point out, not once, but twice, that it's opinion was not to be taken to mean that the Court had already decided that Thomas' rights had been violated.  *Id.* at 851, 859.  "At this point the Court is only determining whether Plaintiffs' allegations meet the threshold requirements to survive a motion to dismiss and to defeat a claim of qualified immunity."  *Id.* at 851.  "Finally, the Court again wishes to make explicitly clear that as Defendants' Motion is a motion to dismiss, the Court's taking of Plaintiffs' allegations as true at this point does not mean that the Court is accepting such allegations as established."  *Id.* at 859.  The City has never admitted any liability or fault in that case, nor has any legal conclusion been made that the City or any officer was liable or at fault in that case.  Therefore, Plaintiff should not be allowed to place the death of Roger Owensby in a historical context based on *Leisure v. City of Cincinnati*.

C.    **Plaintiff's Argument Demonstrates the Justice of Bifurcated Trials.**

Plaintiff fully acknowledges that use of historic documents is meant to lead to the unjust cloud of suspicion over the individual officers.  Even if the Court allows such historical and irrelevant documents to be used against the City, the use of such documents will confuse the jury by weaving together the issues which are legally separable and in the end, the confusion will unjustly prejudice

3

the individual officers.  Plaintiff argues that the "facts and legal issues that gave rise to Mr. Owensby's death are inextricably intertwined between the individual police officers and the City and its police chief."  Plaintiff's Memorandum in Opposition to Motion for Protective Order, Doc. 63, pp. 10-11).  On the contrary, other courts which have ruled that bifurcation is appropriate have done so on the basis that testimony and other evidence of custom and policy of the employer can be omitted from trials against individual officers.  See *Tinch v. City of Dayton,* No. 94-3436/94-3516, slip op. at 12-13 (6th Cir. 1996) cert. denied 519 U.S. 862 (1996) L. Ed. 2d 110 (copy attached as Ex. A to Defendants City of Cincinnati and Police Chief Thomas Streicher, Jr.'s Motion to Bifurcate claims from the Claims against the Individual Police Officer Defendants), *Ricciuti v. New York City Transit Authority*, 796 F.Supp. 84, 85-86 (S.D.N.Y. 1992).  Certainly, the creation of such confusion will benefit Plaintiff but will ultimately cheat justice.

**D.    A Protective Order is Appropriate in this Instance.**

Regarding request No. 25, for all reports, complaints and interviews pertaining to Cincinnati Police Department's use of force that were reviewed or developed by the U.S. Department of Justice ("DOJ") and the City in developing the *Memorandum of Agreement*, *April 12, 2002,* Plaintiff argues that the work product privilege has been waived by the City because it gave such information to the DOJ.  This is not necessarily the case at all.  What documents the City reviewed on its own part, in an effort to develop the Agreement, was not necessarily released to anyone other than counsel for the City.  Even if the

4

documents themselves are found to be discoverable, which specific ones the City's counsel reviewed are attorney work product and therefore, not discoverable.

      The documents which the DOJ demanded and what documents they actually reviewed or developed are not necessarily one in the same.  The City has no way of knowing what the DOJ actually reviewed; the DOJ provided the City with nothing pertaining to what they actually reviewed or developed.  The City gave the DOJ access to the entire records of the Cincinnati Police Department and the DOJ copied far in excess of 81,000 pieces of paper.  The City does not have an already prepared set of copies of the documents provided to the Department of Justice (DOJ) because of the shear volume of documentation requested by the DOJ and the undue expense required to make a copy.  See Certification of Geri H. Geiler, Sr. Assistant City Solicitor.

      Furthermore, the request specifically calls for documentation "reviewed or developed by the [DOJ]. . ."  Plaintiff makes no argument as to why it cannot obtain such information from the DOJ directly, the DOJ being in the best position to know what it was they actually reviewed or developed.

      Plaintiff argues that the protective order issued by Judge Dlott does not protect the documents from disclosure in this case.  However, the protective order does cover reports to the monitor, which reports include ongoing discussions of the materials requested either in a specific or general way.  Therefore, the City should not be made to produce the documents requested in No. 25.

5

As stated in the City's Motion for Protective Order regarding request No. 28 for studies by OMI pertaining to policing from 1981 to the present, no such documents exist as it was not OMI's function to conduct reports of studies pertaining to policing.

Plaintiff argues that it's requests are not overly broad or vague.  Given the size of the city of Cincinnati and volume of paperwork required to be kept by the City government, requests for a "1983 Comprehensive Report," (No. 30) regardless of the identity of its authors or the allegations contained therein, and a 1991 report by "City administrators" regarding the deaths of two African-Americans (No. 31) are indeed overly broad and vague.  Plaintiff provides no identification of the "City administrators."  City administrators might include the Fire Chief, the Police Chief, the City Manager, the Mayor, the City Solicitor, OMI personnel or dozens of other City employees or even elected officials.  In addition to the irrelevance of the documents, their obsolescence and vagueness in identity  make the documents, if they even exist, undiscoverable.

Other documents, even if they are found to be discoverable, are more readily obtained by other sources.  A report addressing allegations of racism lodged by the Sentinels (request No. 33) as well as the Sentinel's *Final Report for the New Millennium* (request no. 35) should not be required of the City, but rather from the direct source of the documents.  Requests for a 1981 review of policing by the United States Commission on Civil Rights (request No. 27) can be more readily obtained from its source, if found to be discoverable after 23 years.

6

**E.    Conclusion**

In conclusion, none of the documents requested have any relation to the actions of the individual officers on November 7, 2000, the date Roger Owensby attempted to run from the police.  The confusion of liability issues resulting in unfair prejudice to the officers is inevitable should the requested historical documentation be allowed.  The certainty of prejudice clarifies the need for bifurcation.  The requested documents are irrelevant given the lack of any equal protection claim and the historical nature of the documents.  Likewise, the vagueness of the requests and the burden in producing them make the City's Motion for Protective Order necessary for equal justice.

Wherefore, the City prays for an Order granting the City's Motion for Protective Order prohibiting the discovery sought in Plaintiff's Third Request for Production of Documents to Defendant City of Cincinnati.

                                      **Respectfully submitted,**
                                      **JULIA L. McNEIL** (0043535)
                                      City Solicitor

                                      s: *Geri Hernandez Geiler*
                                      **GERI HERNANDEZ GEILER** (0042081)
                                      Room 214 City Hall
                                      801 Plum Street
                                      Cincinnati, Ohio  45202
                                      Ph. (513) 352-3338
                                      Fax (513) 352-3750
                                      email: geri.Geiler@cincinnati-oh.gov

*s: Neil F. Freund*
**NEIL F. FREUND** (0012183)
One Dayton Centre
1 South Main St.
Suite 1800
Dayton, Ohio  45402-2017
Ph. (937) 222-2424
Fax (937) 2225369
email: nfreund@ffalaw.com

Trial Attorneys for Defendant City of Cincinnati

## CERTIFICATE OF SERVICE
## BY ELECTRONIC FILING

**I hereby certify that on Dec. 9, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record listed below.**

*s: Geri Hernandez Geiler*
GERI HERNANDEZ GEILER
Atty. Reg. No. 0042081
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph.: (513) 352-3338
Fax: (513) 352-1515
Email: geri.geiler@cincinnati-oh.gov

Certificate of Service:

**Attorney for Village of Golf Manor, Chief Stephen Tilley, Officers Robert Heiland and John Doe #7 (Chris Campbell):**
**Wilson G. Weisenfelder**
**900 Fourth & Vine Tower**
**Cincinnati, Ohio  45202**

8

**Attorney for Huntington Meadows, LTD:**
**Dale A. Stalf**
**1320 PNC Center**
**201 East Fifth Street**
**Cincinnati, Ohio  45202**

**Donald E. Hardin**
**915 Cincinnati Club Building**
**30 Garfield Place**
**Cincinnati, Ohio  45202**

**Attorney for David Hunter:**
**Ravert J. Clark**
**114 East 8th Street**
**Suite 400**
**Cincinnati, Ohio  45202**


s:\Geiler\Owensby\moprotorderreply