UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **The Estate of Roger D. Owensby** | : | Case No. C-1-01-769 |
| Plaintiff, | : | (Judge Spiegel) |
| -vs- | : | |
| **CITY OF CINCINNATI, et al.,** | : | **EXHIBIT A: CERTIFICATION OF GERI H. GEILER, SR. ASSISTANT CITY SOLICITOR** |
| Defendant. | : | |

    1.    I, Geri H. Geiler, am trial co-counsel for Defendant City of Cincinnati in this case.

    2.    During the phone conversation which attorney for Plaintiff, Paul Martins, discusses in his Declaration executed on November 28, 2003, I did state that the City would be filing a motion for protective order covering the documents requested.  Mr. Martins is incorrect in stating that I told him that he "would receive everything on November 6."

    3.    On the contrary, I specifically advised Mr. Martins that the City would be filing the motion for protective order rather than providing the documents requested, making clear the City's objection to providing the documents.

    4.    At that time Mr. Martins made no attempt to discuss any changes in the requests.

    5.    As the requests pertain mostly to public records there is no reason that the City would have advised Mr. Martins that the purpose of the motion for

1

protective order would be to prevent the public disclosure of said documents. That would have made no sense to either the City or to Mr. Martins and he did not so state his assumption during the phone conversation.

6. I understood that specific conversation to be an extra-judicial attempt to resolve the City's objections to the requests.

7. Furthermore, the requests leave little if no room for compromise or resolution in that, except for two, the requests cover documents involving studies or reports from specific years.

8. Regarding request No. 25, the City does not have an already prepared set of copies of the documents provided to the Department of Justice (DOJ) because of the shear volume of documentation requested by the DOJ and the undue expense required to make a copy.

9. The City has no way of knowing what the DOJ actually reviewed and nothing was provided by the DOJ pertaining to what they actually reviewed or developed.

10. The City gave the DOJ access to the entire records of the Cincinnati Police Department and the DOJ copied in excess of 81,000 pieces of paper.

11. As stated in the City's Motion for Protective Order regarding request No. 28 for studies by OMI pertaining to policing in Cincinnati from 1981 to the present, no such documents exist as it was not OMI's function to conduct reports of studies pertaining to policing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day December, 2003.

s: *Geri H. Geiler*