UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF<br>ROGER D. OWENSBY JR., | :<br>:<br>: | |
| Plaintiff, | :<br>: | Case No. 01-CV-769 |
| | : | Senior Judge S. Arthur Spiegel |
| v. | :<br>: | |
| CITY OF CINCINNATI, ET AL., | :<br>:<br>: | |
| Defendants. | :<br>: | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
MOTION FOR EXTENSION OF DISCOVERY DEADLINE
AND CONTINUANCE OF TRIAL DATE
BY DEFENDANTS CITY OF CINCINNATI AND
POLICE CHIEF THOMAS STREICHER, JR. (Doc. 65)**

Plaintiff filed this action over two years ago, on November 6, 2001. Doc. 1. Since then, this case was stayed on two occasions pending a federal criminal investigation. Docs. 13, 24. At a January, 2003 Status Conference, this Court vacated the stay and set the present discovery cutoff and trial date. Doc. 32, Order. No Party objected to any of the dates set by the Court.

Now, Defendants City of Cincinnati and its Police Chief Thomas Streicher, Jr.,[1] move this Court to further delay the prosecution of this case by extending the January 1, 2004 discovery cutoff for an unspecified period of time and vacating the May 3, 2004 trial date. Doc. 65, Motion for Continuance. Defendants' motion should be denied for the following reasons:

---

[1] Once again Defendants City of Cincinnati and Chief Streicher have filed a motion incorrectly claiming to be on behalf of additional Defendants David Hunter, Darren Sellers and Jason Hodge. These individual Cincinnati police officer Defendants have their own individual counsel who have not joined in this motion.

1.       Defendants have failed to establish a valid reason for vacating this Court's schedule. Defendants have had ample time to conduct discovery and prepare for trial. If Defendants are not ready to proceed, it is by their choosing, not because the time allotted by this Court was insufficient.

2.       The Court's September 16, 2003 Order allowing the Parties to take up to thirty fact depositions and up to five expert depositions does not justify an extension of the discovery cutoff or vacating the trial date.

3.       The failure of the Scheduling Order to specify a deadline for disclosure of experts is no justification for extending the discovery cutoff or vacating the trial date because the Federal Rules of Civil Procedure provide such deadlines.

4.       The issues detailed in the Rule 26(f) conference procedures were covered by the Court and the Parties during the numerous preliminary pretrial conferences and status conferences conducted by this Court.

## I.    INTRODUCTION

This case arises out of the November 7, 2000 death of Roger Owensby, Jr., at the hands of five Cincinnati police officers who beat him, choked him, handcuffed him, beat him and maced him after he was handcuffed, and left him to die in the back seat of a Golf Manor police cruiser. At the scene, these and other Cincinnati police officers, Golf Manor police officers and Huntington Meadows security personnel failed to provide medical attention for Mr. Owensby's injuries. The beatings and subsequent inattention caused his death.

This lawsuit was filed on November 6, 2001 by Mr. Owensby's father and estate administrator, alleging violations of constitutionally-created civil rights afforded to all United States citizens under 42 U.S.C. § 1983 as well as state tort claims for the wrongful death of his son at the hand of these defendants. Mr. Owensby, a 29-year-old African American man, is survived by his thirteen-year-old daughter and her mother, his parents and his brother. Doc. 1, Complaint.

This heavy-handed and excessive force by the Cincinnati police led to protests and calls for an investigation by the African-American community. On April 7, 2001—five months to the day after Mr. Owensby's death—Cincinnati Police Officer Stephen Roach shot and killed another unarmed African American man, Timothy Thomas. *Leisure v. City of Cincinnati*, 267 F. Supp. 2d 848, 850 (S.D. Ohio 2003). This death, coupled with the history of excessive force by Cincinnati police against African-American citizens, led to riots, protests, and a boycott of the City of Cincinnati by the African-American community. *Id.* It also caused the Department of Justice to initiate an investigation which is still pending. *Id.*

Since these events, the City of Cincinnati has been engaged in numerous investigations, criminal trials, civil lawsuits (other than this lawsuit) and administrative proceedings, all revolving around the facts of Roger Owensby, Jr.'s death. In each of those other proceedings the City exhaustively researched the facts surrounding this case. In fact, the City has already interviewed and presented witnesses, including experts, to several tribunals.

The City fails to advise this Court of the preparation, study, investigation and conclusions it has already made and presented regarding the facts of this case while Plaintiff's action was stayed. The City also fails to apprise the Court of a single additional piece of discovery it desires to obtain during the open-ended extension it now requests.

On May 16, 2002, this Court held a preliminary pretrial conference with the parties. At that time the Court stayed all proceedings pending the outcome of the Department of Justice investigation. Doc. 13, Order. The stay was extended at an August 14, 2002 preliminary pretrial conference. Doc. 24, Order. Finally, at a January 30, 2003 Status Conference, this Court vacated

the stay, designated January 1, 2004 as the discovery cutoff, and set this matter for trial on May 3, 2004. Doc. 32, Order.[2]

## II. ARGUMENT

### A. Defendants Have Had Sufficient Time To Conduct Discovery.

Defendants have known of this civil rights action for the past three years. During the period of the Court-imposed stay, Defendants were free to prepare their case for this trial. In fact, during this time the City and its Police Chief were involved in the criminal prosecution of two of its police officers, Defendants Robert B. Jorg and Patrick Caton, for their use of excessive force in the arrest and death of Mr. Owensby. The City and its Police Chief also administratively disciplined a number of the Defendant police officers for their failure to render prompt medical attention to Mr. Owensby. Thus, Defendants have had ample time and have expended substantial resources in "discovering" the facts underlying this action and the death of Mr. Owensby at the hand of their police officers.

On July 28, 2003, undersigned counsel entered this case on behalf of the Plaintiff and asked this Court for and received permission to expand the number of deposition for both sides beyond that specified in the Federal Rules of Civil Procedure. Doc. 54, Mot. For Leave; Doc. 55, Order. Since then, Plaintiff has taken eleven depositions, served document requests upon these Defendants, responded to all of their discovery requests, and produced responsive documents.

---

[2]On October 18, 2002, the Court issued a Scheduling Order designating a March 1, 2003 discovery cutoff. Doc. 26. However, Plaintiff was unable to obtain discovery documents from Defendant City of Cincinnati because of an expungement order which Defendants Jorg persuaded the Common Pleas Court to enter on August 23, 2002—*after* this action was initiated—which thwarted Plaintiff's discovery in this case. Helbling Declaration, attached. This matter was not resolved until February 24, 2003, when this Court ordered the production of discovery despite the expungement order. Doc. 33, Order Granting Plaintiff's Motion To Compel Discovery (doc. 28).

Plaintiff also has scheduled and noticed seven more deposition before the end of this month. Thus, Plaintiff expects to have taken almost twenty depositions by the discovery cutoff and will be ready to proceed to trial in May, 2004.[3]

In contrast, at the time Defendants filed their motion to extend the discovery cutoff and vacate the trial date, the City of Cincinnati and Police Chief Streicher had taken no depositions. The day after filing their motion, they took four depositions of the Owensby family members for a total of 4 ½ hours. Defendants have neither scheduled nor taken any other depositions. Furthermore, Defendants fail to advise this Court of any depositions or discovery they either want to take during the unspecified extension or any discovery they have been prevented from conducting.

Instead, the City and its Police Chief have actively attempted to foreclose Plaintiff's discovery of relevant documents. Doc. 63, Motion for Protective Order; Doc. 67, Plaintiff's Memo in Opposition. They have also ignored Plaintiff's timely document requests. Doc. 66, Plaintiff's Motion to Compel. Martins Declaration, attached; Martins 11/7/03 Ltr. re: Failure of City to respond to Plaintiff's Second Request for Production of Documents, attached as Exhibit A; Martins 12/2/03 Ltr. re: Failure of the City to respond to Plaintiff's Fourth Request for Production of Documents, attached as Exhibit B; Martins 12/10/03 Ltr. re: Failure of the City to respond to Plaintiff's Fifth Request for Production of Documents, attached as Exhibit C.

Defendants should not be allowed to benefit from such dilatory tactics by extending the discovery cutoff and delaying the trial of this matter.

---

[3]Plaintiff additionally noticed the deposition of Defendant Cincinnati Police Officer Jason Hodge. However, Plaintiff has been informed that Officer Hodge is serving in the Army Reserves in Iraq and is not expected to return until April, 2004.

    **B.    This Court's Order Allowing The Parties To Take Up To Thirty Fact Depositions And Up To Five Expert Depositions Does Not Justify An Extension Of The Discovery Cutoff Or A Continuance Of The Trial Date.**

The City and its Police Chief argue that the discovery cutoff should be extended (for an unspecified period of time) and the trial date vacated because the Parties were afforded the option of taking more depositions then the ten prescribed by Rule 30(a)(2)(A). Doc. 65, Mot. For Continuance, pp. 1, 3. According to these Defendants, this allowance "drastically altered the discovery process" which would result in a "substantial increase in discovery activity." *Id.* at 3. As demonstrated above, the facts belie this broad assertion.

*Before* the Court issued its September 16, 2003 Order allowing the Parties to take up to thirty fact depositions (Doc. 55), Defendants had taken no depositions. *After* the Court issued its Order, the Defendants have noticed and taken four depositions of the Owensby family. Defendants' interrogation, in total, took less than one day. Defendants have neither requested nor scheduled any other depositions.

Thus, this Court's Order allowing the Parties to take a greater number of depositions has had no impact upon Defendant's discovery activity. The only effect of this Court's September 16, 2003 Order has been to afford Plaintiff the opportunity to level the playing field with the Defendants who employ the vast majority of all of the witnesses in this case; an army of investigators; its own legal department; and special outside counsel. In contrast, Plaintiff acquired additional counsel in July of this year and is committed to abiding by all of this Court's schedule. Plaintiff will be ready to proceed to trial on May 3, 2004.

The third anniversary of Mr. Owensby's death has now come and gone. It is time for the Owensby family and this community to have the opportunity for a jury to determine if the policies and practices of the Cincinnati Police Department pass constitutional muster.

    **C.**    **The Scheduling Order Need Not Specify A Deadline For Disclosure Of Experts.**

The City and its Police Chief next claim that the discovery cutoff should be extended and the trial date vacated because this Court's February 3, 2003 Scheduling Order failed to specify an expert disclosure deadline. Doc. 65, Mot. For Continuance, p. 4. Defendants' argument lacks merit and would unnecessarily require this Court to redundantly designate a date that has already been set by the Federal Rule of Civil Procedure.

Rule 26(a)(2)(C), Fed. R. Civ. P., specifically requires that the parties make their expert disclosures to each other ninety days before the trial—on February 3, 2004:

> In the absence of other directions from the court or stipulation by the parties, the disclosures [of expert testimony] shall be made at least 90 days before the trial date or the date the case is to be ready for trial or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.

Defendants acknowledge this February 3 deadline in their Motion but mistakenly identify its source as a "Local Rule." Doc. 65, Mot. For Continuance, p. 4. Further, Defendants have never approached Plaintiff concerning a possible "stipulation by the parties" for the disclosure of experts. Thus, there was never any defect in this Court's Scheduling Order. Expecting Defendants to abide by the Federal Rules of Civil Procedure is no justification for extending the discovery cutoff or vacating the trial.

    **D.**    **The Matters Included In Civil Rule 26(f) Were Addressed By The Parties And Court At Its Preliminary Pretrial Conferences and Status Conference.**

Rule 26(f), Fed. R. Civ. P., requires that the parties meet "at least 21 days before a scheduling conference" to address: (1) the nature and basis of their claims and defenses; (2) the possibilities of a prompt settlement; (3) disclosures required by Rule 26(a)(1); and, (4) a

discovery plan. A written report should then be provided to the Court "14 days after the conference"—7 days before the scheduling conference. *Id.*

In a final attempt to derail this trial, Defendants argue that the discovery cutoff should be extended and the trial date vacated because "the parties have not agreed upon discovery issues and must conduct a Rule 26(f) conference." Doc. 65, Mot. For Continuance, p. 4. This is a failed attempt to elevate form over substance. Defendants claim that the failure of the Parties to submit a written report to the Court before the May, 2002 preliminary pretrial conference now justifies extending the discovery cutoff and vacating the trial date. *Id.* Defendants' argument is fatally flawed in two respects.

First, Defendants themselves were equally obligated to submit to this Court the very written report which they now complain is absent and, thus, should not now be allowed to delay the prosecution of this case based upon their own misfeasance.

> **The attorneys of record** and all unrepresented parties that have appeared in the case **are jointly responsible** for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and **for submitting to the court within 14 days after the conference a written report outlining the plan**.

Rule 26(f), Fed. R. Civ. P., (emphasis supplied).

Second, the parties not only discussed all of the substantive issues identified by Civil Rule 26(f) among themselves, they also discussed it with this Court over the course of the various preliminary pretrial conferences and status conferences held in 2002 and 2003. Helbling Declaration, attached. As a result, the Court has already considered the views of the Parties on these discovery issues in setting the present discovery cutoff and trial date. *Id.*

In fact, this Court found that the Parties complied with Rule 26(f) when it issued its Scheduling Order on February 3, 2003. Doc. 32, ¶ I(G). Although not in writing, the Parties

nevertheless "submitted" their "joint discovery agreement" to the Court through the series of preliminary pretrial conferences and status conferences held in 2002 and 2003. Helbling Declaration, attached.

Finally, Defendants do not identify any discovery issue not addressed by this Court or which they believe requires any agreement by the Parties. The fact is that with all of the investigations, other civil matters, as well as criminal and administrative proceedings conducted by the City, there is little reason for it to conduct discovery in this case. The City knew enough facts to prosecute two of its officers and to administratively discipline at least six others. That explains why Defendants have done precious little discovery and can not identify any additional discovery to be done for this Court.

Thus, the substance of Civil Rule 26(f) was met. No purpose will be served by now discussing Rule 26(f) discovery issues on the eve of the discovery cutoff. The transparency of this argument exposes it for what it is—a frantic attempt to further delay Plaintiff's day in court on May 3, 2004.

### III.   CONCLUSION

The City of Cincinnati and its Police Chief have been afforded ample time to conduct discovery and prepare for trial in this case. There is no justification for extending the January 1, 2004 discovery cutoff or vacating the trial date of May 3, 2004.

This Court's Order offering the Defendants the *option* of taking more depositions then the limit set by the Federal Rules of Civil Procedure does not justify any delay—especially since these Defendants have elected not to avail themselves of this option. The failure of the Scheduling Order to specify a date for expert disclosure is no justification for delay since such date is provided by Rule 26(a)(2)(C), Fed. R. Civ. P. Finally, the technical failure to have a Rule

9

26(f) written report covering discovery issues is of no consequence since the substance of these issues was discussed between the Parties and the Court at the four conferences held in 2002 and 2003.

Therefore, Defendants' Motion to extend the discovery cutoff and vacate the trial date should be denied. After numerous trials, hearings and press conferences, with the resources of an entire City at their disposal, and a year to conduct any discovery they believed appropriate, these Defendants should now be afforded the opportunity to defend their conduct, policies and practices in response to the complaints of a single citizen.

Fact discovery should be cutoff on January 1, 2004, as previously established in this Court's Scheduling Order. Doc. 32, Order. Expert disclosure and discovery should be conducted on February 3, 2004, with disclosure and discovery as to rebuttal experts on March 4, 2004, as specified by Rule 26(a)(2)(C), Fed. R. Civ. P. And the trial of this matter should start on May 3, 2004, as determined by this Court almost a year ago. Doc. 32, Order.

Respectfully submitted,


/s/ Paul B. Martins
James B. Helmer, Jr.  (0002878)
Paul B.  Martins (0007623)
Frederick M. Morgan, Jr.  (0027687)
HELMER, MARTINS & MORGAN CO., LPA
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone:  (513) 421-2400
Facsimile:  (513) 421-7902
Trial Attorney for Plaintiff

Mark T. Tillar (0029898)
240 Clark Road
Cincinnati, Ohio  45202
Trial Attorney for Plaintiff

John J. Helbling (0046727)
3672 Springdale Road
Cincinnati, Ohio 45251
Trial Attorney for Plaintiff

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Plaintiffs' Memorandum in Opposition to Motion For Extension Of Discovery Deadline and Continuance of Trial Date (Doc. 65) was electronically filed on December 11, 2003.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    /s/ Paul B. Martins