IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF ROGER D. OWENSBY,** | * | CASE NO. C-1-01-769 |
|     **Plaintiff** | | (Judge S. Arthur Spiegel) |
| **vs.** | * | |
| **CITY OF CINCINNATI, et al.** | | <u>**DEFENDANTS' REPLY IN SUPPORT**</u> |
| | | <u>**OF MOTION FOR CONTINUANCE**</u> |
|     **Defendants** | * | <u>**AND EXTENDED DISCOVERY**</u> |
| | | <u>**DEADLINE**</u> |

_____

<u>MEMORANDUM</u>

The Plaintiffs' recent postponement of the deposition of Cyril Wecht, M.D./J.D. provides further basis to extend the January 1, 2004 discovery deadline as well as the May, 2004 tentative trial date. Plaintiff had noticed Dr. Wecht's deposition to take place on December 16, 2003. On December 12, 2003, the Defendants filed a Motion for Protective Order to prevent Plaintiffs from taking Dr. Wecht's deposition. The Defendants, in this motion, argued that Dr. Wecht's opinions and work product is privileged because the Defendants hired Dr. Wecht as a non-testifying expert witness. On December 9, 2003, the Plaintiffs filed a Notice of Postponement of Dr. Wecht's deposition. In this notice, the Plaintiffs indicated that they would file a Response Contra Motion for Protective Order. The previous December 16 date to conduct Dr. Wecht's deposition, however, will be postponed until response and reply memos were

filed and the Court would rule upon the same. Consequently, in the event the Court overrules the Defendants' Motion for Protective Order, Dr. Wecht's deposition could not be conducted until after the January 1, 2004 discovery cutoff deadline. Under these circumstances, it follows the Court should issue an extended discovery cutoff.

Moreover, Plaintiffs' Response Contra Motion for Continuance lacks merit for other reasons. For example, it is utterly illogical for Plaintiffs to be permitted to disclose expert witnesses one month after the proposed January 1, 2004 discovery cutoff deadline. The Local Court rules of the Honorable S. Arthur Spiegel, indeed, state that expert witnesses must be disclosed 90 days before the final pretrial conference. Like Federal Rule of Civil Procedure 26, Judge Spiegel's Local Rule II(H) sets forth this standard. Consequently, as the previous scheduling order noticeably lacked an expert witness deadline, the local rules' 90-day expert disclosure deadline is completely inconsistent with the January 1st discovery cutoff. Stated differently, any argument that discovery of expert witnesses should be permitted to occur <u>after</u> the final discovery cutoff deadline thwarts the purpose of having a discovery cutoff in the first place. Only a new extended discovery cutoff deadline can remedy this inconsistency.

Next, Plaintiffs' view that various communications in status/preliminary conferences qualify as a Civil Rule 26(f)

"written report" contradicts this Rule's text.  As Plaintiffs pointed out on Page 8 of their Response, Civil Rule 26(f) states:

> The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging and being present or represented at the meeting, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court <u>within 10 days after the meeting a written report outlining the plan</u>.

Fed. R. Civ. P. 26(f) (emphasis added). Plaintiffs' response noticeably fails to state that the attorneys of record conducted a discovery plan meeting.  Further, Plaintiffs never argue a "written report" was submitted to the Court at any time.  Plaintiffs' view that informal, vague communications that might have involved discovery at various conferences qualifies as a Civil Rule 26(f) written report is simply unsupported.  As such, an extended discovery cutoff deadline is needed for the parties to comply with this requirement.

 Finally, Defendants City of Cincinnati and Police Chief Thomas Streicher, Jr., Counsel of Record, Neil F. Freund, has a scheduling conflict with the May, 2004 tentative trial date.  During the first two weeks of May, Attorney Freund is scheduled to be in trial. Because the other trial was scheduled first and this trial's May, 2004 trial date is tentative, it does not appear Attorney Freund can be available at that time.  In turn, the Plaintiffs have not argued any good faith basis to oppose this Motion for Continuance. Plaintiffs have never argued undue prejudice or burden will result

3

if the discovery cutoff and trial date are extended. Under these circumstances, the Court should grant the Defendants' Motion to Extend the Discovery Cutoff Deadline and Trial Date.

## CONCLUSION

For the foregoing reasons, Defendants City of Cincinnati and Police Chief Thomas Streicher, Jr. respectfully requests this Court grant an extension of the January 1, 2004 discovery deadline as well as the May, 2004 trial date.

                                    JULIA L. McNEIL (0043535)
                                  City Solicitor

                                S/Neil F. Freund
                                Neil F. Freund (0012183)
                                Vaseem S. Hadi (#0075617)
                                FREUND, FREEZE & ARNOLD
                                One Dayton Centre
                                1 South Main Street, Suite 1800
                                Dayton, OH 45402-2017
                                (937) 222-2424

                                Geri Hernandez Geiler (0042081)
                                Julie F. Bissinger (0012055)
                                Assistant City Solicitors
                                Room 214, City Hall
                                801 Plum Street
                                Cincinnati, OH 45202
                                (513) 352-3338
                                Trial Attorneys for Defendants

## PROOF OF SERVICE

This will certify that a copy of the foregoing was served upon counsel of record by electronic mail this 16th day of December, 2003:

Paul B. Martins
HELMER, MARTINS & MORGAN CO., LPA
Fourth & Walnut Centre,
Suite 1900
105 East 4th Street
Cincinnati, OH 45202-4008
**Attorney for Plaintiff**

Mark T. Tillar (0029898)
240 Clark Road

Cincinnati, OH 45251
(513) 761-2958
**Attorney for Plaintiff**

John Helbling (0046727)
3672 Springdale Road
Cincinnati, OH 45251
513-923-9740
**Attorney for Plaintiff**

Donald E. Hardin (0022095)
HARDIN, LEFTON, LAZARUS &
MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202
513-721-7300
**Special Counsel for Defendants
Robert Blaine Jorg,
Patrick Caton, Darren Sellers,
Jason Hodge, and Victor Spellen**

Wilson G. Weisenfelder, Jr.
(0030179)
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, OH 45202

513-381-9200
**Attorney for Defendants
Village of Golf Manor,
Chief Stephen Tilley,
Officer Robert Heiland, and
John Doe #7 nka Chris Campbell**

Dale A. Stalf (0000471)
BUCKLEY KING
1420 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 412-5400
**Attorney for Huntington
Meadows, LTD**

Ravert J. Clark
114 East 8th Street, Suite 400
Cincinnati, OH 45202
(513) 587-2887
**Attorney for Defendant
Cincinnati Police Officer David
Hunter**

    S/Neil F. Freund
    Neil F. Freund