UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF : | |
| ROGER D. OWENSBY JR., ET AL., : | |
| : | |
| : | Case No. 01-CV-769 |
| Plaintiff, : | |
| : | Senior Judge S. Arthur Spiegel |
| v. : | |
| : | |
| CITY OF CINCINNATI, ET AL., : | |
| : | |
| : | |
| Defendants. : | |
| : | |

**PLAINTIFF'S MOTION FOR LEAVE TO
FILE SURREPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR CONTINUANCE AND EXTENSION OF DISCOVERY DEADLINE
OR, IN THE ALTERNATIVE,
MOTION TO STRIKE NEW ARGUMENT PRESENTED IN DEFENDANTS' REPLY IN
SUPPORT OF MOTION FOR CONTINUANCE AND EXTENSION OF DISCOVERY
DEADLINE (Doc. 73)**

Defendants City of Cincinnati and its Police Chief, Thomas Streicher, Jr. ("Defendants"), have moved this Court to further delay the prosecution of this case by extending the January 1, 2004 discovery cutoff for an unspecified period of time and vacating the May 3, 2004 trial date. Doc. 65, Motion for Continuance. Defendants based their motion on three arguments. First, that the Court "altered" the deposition schedule by allowing the parties the option of taking up to thirty fact depositions. Second, that the Court's Scheduling Order failed to specify an expert disclosure date. And, third, that no written Rule 26(f) Joint Discovery Plan was submitted to the Court in advance of the Scheduling Order. *Id.*

Plaintiff opposed this Motion by pointing out: that Defendants have had ample time to

conduct discovery and prepare for trial and, in fact, have failed to identify any specific discovery that they still need to perform; that offering the Defendants the *option* of taking more depositions than the limit set by the Federal Rules of Civil Procedure does not justify any delay—especially since these Defendants only noticed and took four depositions totaling 4 ½ hours; the failure of the Scheduling Order to specify a date for expert disclosure is no justification for delay since such a date is provided by Rule 26(a)(2)(C), Fed. R. Civ. P.; and, the technical failure to have a Rule 26(f) written Joint Discovery Agreement is of no consequence since the substance of these issues were discussed between the Parties and the Court at the four conferences held in 2002 and 2003, before the Scheduling Order was issued. Doc. 71, Plaintiff's Memorandum in Opposition to Motion for Continuance.

Now, in their Reply, Defendants' raise a new argument stating that counsel of record for the City of Cincinnati and Police Chief Thomas Streicher, Jr., Neil F. Freund, has a prior scheduling conflict with the May, 2004 trial date. Doc. 73, Reply pgs 3-4. Defendants also argue, for the first time, that conducting the expert deposition of Dr. Cyril Wecht, M.D., after the fact discovery cutoff justifies extending the fact discovery cutoff. *Id*. at 1-2. These arguments were never raised in the underlying motion and, thus, Plaintiff should be afforded the chance to respond.

Therefore, Plaintiff moves this Court for leave to file the attached Surreply Memorandum to address these new arguments that are without merit. In the alternative, Plaintiff moves this Court to strike Defendants' arguments that were raised for the first time in their Reply.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR CONTINUANCE AND EXTENSION OF DISCOVERY DEADLINE OR, IN THE ALTERNATIVE, MOTION TO STRIKE NEW ARGUMENT PRESENTED IN DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CONTINUANCE AND EXTENSION OF DISCOVERY DEADLINE (Doc. 73)**

In their Reply memorandum, Defendants argue, for the first time, that the May 2004 trial date set by this Court in its February 3, 2003 Scheduling Order (Doc. 32) should be vacated because, "Counsel of Record, Neil F. Freund, has a scheduling conflict with the May, 2004 tentative trial date." Doc. 73, Reply, p. 3. Defendants further assert that Mr. Freund is scheduled to be in trial during the first two weeks in May and that "the other trial was scheduled first." *Id.* This new argument fails under scrutiny and belies Defendants desperate attempts to avoid trial of this matter.

Mr. Freund did not enter an appearance in this case until June 18, 2003 (Doc. 40) – more than four months *after* this Court established the trial date in its February 3, 2003 Scheduling Order (Doc. 32). Thus, when Mr. Freund entered his appearance in this case, he was already on notice that this Court had set this matter for trial to start on May 3, 2004. He accepted this engagement, and thereby agreed to abide by this Court's established schedule. Now, on the eve of the discovery cutoff, Defendants ask this Court to vacate the trial date because Mr. Freund has a conflict in his schedule—the same conflict that existed when he entered his appearance in this case and became bound by this Court's orders. As a result, this Court should not countenance Mr. Freund's attempt to delay the prosecution of this case by claiming that he had a previously scheduled trial in May 2004.

Plaintiff attempted to resolve this matter informally by asking the Defendants to withdraw this new argument from their Reply, pointing out that it was improper for Defendants to raise a new argument in a reply memorandum which deprives the Plaintiff of the fair opportunity to

respond. Exhibit A, Martins 12/16/03 Ltr. Defendants have ignored Plaintiff's informal request, necessitating this surreply memorandum.

Finally, Defendants also now claim the need for an extension of the fact discovery cut-off date because the expert deposition of Dr. Cyril Wecht, M.D., will take place after the current January 1, 2004 fact discovery cutoff—which the Defendants say "thwarts the purpose of having a discovery cutoff in the first place." Doc. 73, Reply, p. 2. This is a flawed argument very simply because fact discovery is not the same as expert discovery. An expert may, for example, wish to consider all information developed during the whole of fact discovery. As such, expert depositions are quite regularly conducted after the close of fact discovery, affording the testifying expert the benefit of all pertinent facts prior to his or her deposition. This simply makes good sense, and is certainly no reason to further delay the fact discovery cutoff in this case.

In the alternative to allowing Plaintiff to file this Surreply Memorandum to address these newly-raised arguments, Plaintiff asks that the Defendants' new arguments of a prior trial conflict on behalf of Mr. Freund, and of the "illogic" of taking the expert deposition of Dr. Cyril Wecht, M.D., after the fact discovery cut-off, be stricken from its Reply Memorandum.

Respectfully submitted,

/s/James B. Helmer, Jr.
James B. Helmer, Jr. (0002878)
Paul B. Martins (0007623
Frederick M. Morgan, Jr. (0027687)
HELMER, MARTINS & MORGAN CO., LPA
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone:    (513) 421-2400
Facsimile:    (513) 421-7902

Trial Attorney for Plaintiff

2

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Plaintiff's Motion for Leave to File Surreply Memorandum in Opposition to Defendants' Motion for Continuance and Extension of Discovery Deadline Or, in the Alternative, Motion to Strike New Arguments Presented in Defendants' Reply in Support of Motion for Continuance and Extension of Discovery Deadline (Doc. 73) was electronically filed on December 22, 2003. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Paul B. Martins