UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF ROGER D. OWENSBY JR., ET AL., | : : : : | |
| Plaintiff, | : : | Case No. 01-CV-769 |
| v. | : : : | Senior Judge S. Arthur Spiegel |
| CITY OF CINCINNATI, ET AL., | : : : | Mag. J. Susan M. Novatny |
| Defendants. | : : | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS CITY OF CINCINNATI AND THOMAS STREICHER, JR. (doc. 66)**

Plaintiff moved to compel Defendants City of Cincinnati and its Police Chief, Thomas Streicher, Jr., ("Defendants"), to respond and produce documents responsive to Plaintiff's Second Request for Production of Documents. Doc. 66. This motion to compel was necessitated by Defendants' refusal to provide a written response to Plaintiff's Second Document Request, their refusal to informally address this issue, and the fact that Plaintiff had a month to complete discovery before the scheduled discovery cutoff. *Id.* at 3-4.

On the eve of filing their memorandum in opposition (Doc. 73), Defendants served Plaintiff with a written response to the document requests and some documents. Exhibit A. In their brief Defendants acknowledge that their written response to Plaintiff's document request is untimely. Doc. 75 at 1. However, they argue that their tardy response should be excused because they "attempted to comply with the spirit of the

rules of this court and will continue to do so to assure that this court is not confronted with unnecessary Motions to Compel, such as this one." *Id.* Defendants actions betray their argument and do not resolve this Motion to Compel.

Defendants' practice of ignoring Plaintiff's document requests and refusing to provide written responses as required by Rule 34 continues unabated. On November 26, December 3, and December 15, Defendants' response to Plaintiff's Fourth, Fifth and Sixth documents requests were, respectively, due. As with Plaintiff's Second document requests, Plaintiff wrote Defendants asking them to provide the required written responses and requested documents. Plaintiff's attempts at informal resolution, like the document requests themselves, were ignored. Exhibit B, Martins 12/2/03 Ltr. re Fourth Document Request. Exhibit C, Martins 12/10/03 Ltr. re Fifth Document Request. Exhibit D, Martins 12/18/03 Ltr. re Sixth Document Request. Defendants have also moved this Court for a protective order to avoid providing any documents responsive to Plaintiff's Third Request for Production of Documents. Docs. 63, 67, 70.

Thus, Defendants have refused to provide written responses and documents to responsive to virtually all but Plaintiff's First document request. Their practice of delay and evasion expressly violates the terms of Rule 34, Fed. R. Civ. P., as well as, in Defendants' words, "the spirit of the rules of this court." Moreover, Defendants' conduct squarely contradicts their promise to this Court that they "remain ready, willing and able to work with opposing counsel to resolve any discovery dispute." Doc. 75, Defendants' Response to Mot. To Compel, p. 2.

Defendants' tardy response to Plaintiff's Second Request for Production of Documents also attempts to assert objections that were waived by operation of law as untimely asserted. Specifically, Defendants attempted to assert an objection to

Plaintiff's Document Request 20 (which seeks fingerprint identification cards for the decedent as well as certain identified officers) by refusing to provide the officer's fingerprint identification cards.  Exhibit A, 12/16/03 Response to Document Request 20.  As discussed in Plaintiff's Motion to Compel, all objections to document requests are waived when not timely asserted.  Doc. 66 at 5-6, *citing Bailey v. Container Corp. of America*, 36 Empl. Prac. Dec. ¶ 35096 (S.D. Ohio 1985); *United States ex rel. Davis v. M/G Transport Services, Inc.*, No. C-1-92-1001, p. 5 (S.D. Ohio Mar. 11, 1996).  The Court overruled Defendants' untimely objection at a December 23, 2003 Status Conference (Doc. 76) and ordered the Defendants to produce the officers' fingerprint cards along with the fingerprint identification cards for everyone in the chain of custody for the drugs allegedly found on the body of the decedent at the hospital emergency room.

Finally, Defendants argue, without any authority, that "any motion for fees in this matter lacks merit."  Not so.  The record is clear that Defendants only provided written responses to Plaintiff's Second Request for Production of Documents when Plaintiff filed his Motion to Compel.  In fact, Defendants' written responses and some of the responsive documents were not provided until the day before they filed their memorandum response with this Court.  Exhibit A.

The Federal Rules of Civil Procedure clearly require the payment of fees and costs when a party, for no good reason, fails to comply with discovery requests and forces another party to trouble this Court to compel compliance.

> ...the court <u>shall require</u> the party failing to act or the attorney advising that party of both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a valid discovery request] unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

3

Rule 37(d), Fed. R. Civ. P., (emphasis supplied); *accord*, *Bailey v. Container Corp. of America*, 36 Empl. Prac. Dec. ¶ 35096 (S.D. Ohio 1985); *United States ex rel. Davis v. M/G Transport Services, Inc.*, No. C-1-92-1001, p. 5 (S.D. Ohio Mar. 11, 1996), attached as Exhibit C to Doc. 66, Plaintiff's Motion To Compel.

Here, Defendants' decision to simply ignore Plaintiff's document request was not "substantially justified." In fact, this conduct—now repeated in response to Plaintiff's Fourth, Fifth and Sixth document requests—is totally *un*justified.[1]

Defendants' actions forced Plaintiff and this Court to expend time and resources in addressing what the Federal Rules of Civil Procedure envision as an informal procedure that should not have required judicial intervention. As such, Plaintiff is entitled to recover his reasonable expenses, including attorney's fees, in having to initiate and prosecute this Motion to Compel. Rule 37(d), Fed. R. Civ. P.

Therefore, Plaintiff's Motion to Compel should be granted, Defendants' asserted objections in their 12/16/03 response (Exhibit A) should be overruled in keeping with this Court's directive at the 12/23/03 Status Conference, and Defendants should be required to pay Plaintiff's reasonable expenses, including attorney's fees, in having to initiate and prosecute this Motion to Compel.

---

[1] Unless Defendants promptly depart from their present practice of ignoring Plaintiff's document requests, Plaintiff will be forced to file yet another companion motion to compel written responses and the production of documents in response to Plaintiff's Fourth, Fifth and Sixth Document Requests.

4

        Respectfully submitted,


        <u>/s/ Paul B. Martins</u>
        James B. Helmer, Jr.  (0002878)
        Paul B.  Martins (0007623
        Frederick M. Morgan, Jr.  (0027687)
        HELMER, MARTINS & MORGAN CO., LPA
        Fourth & Walnut Centre
        Suite 1900
        105 East Fourth Street
        Cincinnati, Ohio 45202-4008
        Telephone:   (513) 421-2400
        Facsimile:     (513) 421-7902

        *Trial Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing Reply Memorandum in Support of Plaintiffs' Motion to Compel was electronically filed on December 29, 2003. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ Paul B. Martins