```
            UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

```
THE ESTATE OF ROGER D.         :
   OWENSBY, JR.,               :   NO. 1:01-CV-00769
                               :
        Plaintiff,             :
                               :   ORDER
                               :
   v.                          :
                               :
                               :
CITY OF CINCINNATI, et al.,    :
                               :
        Defendants.
```

On December 23, 2003, the Court held a status conference in the instant case in an attempt to ascertain and resolve a number of pending motions and discovery disputes existing among the parties. In particular, the parties sought to address: (1) the City of Cincinnati's and Police Chief Thomas Streicher, Jr.'s Motion for Protective Order barring the deposition of the Defendant's purported non-testifying expert witness (doc. 68); (2) third-party witness Abraham Lawson's Motion for a Protective Order barring the parties from taking his deposition testimony regarding the incidents at issue (doc. 72); (3) the City's motion requesting continuance of the trial date and extension of the discovery deadline in the instant case (doc. 65); and (4) the City's motion requesting bifurcation of the trial against the individual and municipal defendants (doc. 57). The parties also had a few miscellaneous discovery issues that did not appear to be raised by any pending motion.

At the status conference, the parties argued the merits of their respective opinions on each of the enumerated pending motions. Assisted by the briefing, the Court reached the following conclusions now memorialized in the instant Order. First, the Court denied City of Cincinnati's and Police Chief Thomas Streicher, Jr.'s Motion for Protective Order (doc. 68) and ordered that Dr. Cyril Wecht, M.D., J.D.'s deposition be conducted as soon as possible. Second, the Court denied Officer Abraham Lawson's Motion for Protective Order (doc. 72), but instructed the City, based upon the representations made during the status conference, to stipulate in writing prior to the deposition that he is not being investigated for conduct related to the incidents at issue in the instant suit and that he may offer the desired deposition testimony without fear that it will be used against him in subsequent administrative proceedings. Third, the Court denied the City's motion seeking continuance of the trial date and extension of the discovery deadline entered in the instant case (doc. 65). Finally, the Court indicated that it will take the City's motion requesting bifurcation of claims under advisement and will issue a subsequent written decision at an appropriate time in the future (doc. 57).

In addition to the discovery issues presented by the motions currently pending before the Court, the parties presented two additional matters for consideration. First, Plaintiff moved

to require the Defendants to provide fingerprint cards for all individuals involved in the chain of custody of the purported cocaine found on the deceased, including the nurse who originally located the sample during a hospital examination; it seeks to determine whether the package had been handled by other individuals and, as a result, whether there is an inference that the illegal drugs were planted on the deceased.  The Court found this motion well founded and ordered the production of this information at the earliest possible opportunity.  Second, the parties expressed some confusion regarding the disclosure of expert witnesses, given that this Court's scheduling order did not establish a deadline for such disclosures in the instant case.  Plaintiff's counsel indicated that they could provide the Defendants with their list by letter the day following the conference.  The Court instructed them to do so and for the Defendants to make a similar disclosure to the Plaintiff immediately thereafter.

The Court expressly notes that two motions related to discovery were not addressed by the parties during the status conference; namely, the City's Motion for Protective Order preventing or limiting the discovery sought by the Plaintiff's Third Request for Production of Documents (doc. 63) and the Plaintiff's Motion to Compel (doc. 66).  The former is fully briefed, while the latter still provides for a reply to be filed by January 12, 2003.  The assigned Magistrate Judge, however, will be

-3-

leaving the Court in the first week of January and will not be replaced by her interim successor until on or about January 20, 2003. In order to avoid the confusion and delay that might well result from the transition and to ensure that this case remains on the established trial schedule, the Magistrate Judge will be instructed to decide both of these motions at the earliest possible opportunity without additional briefing.

      For the foregoing reasons, the City of Cincinnati's and Police Chief Thomas Streicher, Jr.'s Motion for Protective Order (doc. 68) is DENIED. Officer Abraham Lawson's Motion for Protective Order (doc. 72) is DENIED, and the City is to provide him a written stipulation in accordance with this Order. The City's Motion for Continuance of Trial Date and Extended Discovery Deadline (doc. 65) is DENIED, rendering Plaintiff's Motion for Leave to File Surreply (doc. 77) MOOT. The Plaintiff is hereby ORDERED to make full disclosure of all its expert witnesses to the Defendants within two days of the date of this Order, if it has not already done so. The Defendants are ORDERED to make a similar disclosure of all of their expert witnesses to the Plaintiff immediately thereafter, no later than fourteen days of the date of this Order or the Plaintiff's disclosure, whichever occurs first. The Magistrate Judge is hereby instructed to decide the City's Motion for Protective Order preventing or limiting the discovery sought by the Plaintiff's Third Request for Production of Documents

(doc. 63) and the Plaintiff's Motion to Compel (doc. 66) at the earliest possible opportunity.

    SO ORDERED.

Dated: <u>December 31, 2003</u>    <u>s/S. Arthur Spiegel</u>
                                         S. Arthur Spiegel
                                         United States Senior District Judge