UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

*FILED JAN 0 9 2004 JAMES BONINI, Clerk CINCINNATI, OHIO*

THE ESTATE OF
ROGER D. OWENSBY
    Plaintiff,

vs

CITY OF CINCINNATI, et al.
    Defendants.

C-1-01-769
Senior Judge S. Arthur Spiegel

ORDER

    Now before the Court is a motion for protective order filed by defendant, City of Cincinnati ("City") (doc. 63). Plaintiff filed a memorandum in opposition (doc.67), and the City replied (doc.70).

    The City seeks a protective order concerning discovery demanded in plaintiff's third request for production of documents. The City maintains that the documents requested are irrelevant to the issues in this case and that the requests are overly broad and vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City argues that the information sought by the third request for production pertains only to the City's custom and policy and that such evidence, if allowed at trial, will serve only to confuse and prejudice the jury which will be deciding solely whether Roger Owensby suffered a constitutional deprivation by the actions or inaction of the individual officers. The City challenges requests for production numbered 26 through 28, 30, 31, 33, and 35.

    Plaintiff opposes the motion on several grounds. First, plaintiff contends the City failed to comply with the rules requiring a movant to attempt to resolve the issue extrajudicially. Second, plaintiff contends the City waived its objections because it failed to provide written answers to the requests prior to filing the motion. And third, plaintiff maintains the documents requested are relevant and discoverable.

    Although technically correct with regard to the City's failure to comply with Rule 34(b), F.R.Civil P., by failing to provide written responses to the requests for production prior to the filing of its motion for protective order, this Court rejects plaintiff's procedure-based arguments and will address the substantive issues presented by the motion and plaintiff's opposition. However, before evaluating the individual requests for production

which the City challenges, the Court notes that, in its complaint, plaintiff clearly set out claims based upon the City's "policies, practices and customs ... to use excessive force and intimidation against citizens of Cincinnati" and the City's "failure to establish adequate policies and procedures to properly train and/or supervise [the officers] on appropriate use of force as well as other police tactics" (doc.1). Defendants' motion to bifurcate the trial "on the issues of official policy/practice against Cincinnati and Police Chief Streicher, from the claims against the individual police officers...arising out of the alleged actions of the individual officers on November 7, 2000" (doc.57) remains under advisement by Judge Spiegel (see doc.80).

The parties have set forth in their submissions the correct standards governing discovery under Rule 26(b) and (c), F.R.Civil P. The Court is mindful of the liberal language within Rule 26(b)(1) and that there exists no valid objection to discovery based upon the contention that the documents requested will be inadmissible at trial. Since objections to the requests for production have been lodged, plaintiff has the burden of demonstrating that the requests are within the scope of Rule 26(b), and if successful, the burden then shifts to the City to show sufficient reason why the discovery should not be allowed.

**REQUEST TO PRODUCE NO. 25**

This request asks for all reports, complaints and interviews pertaining to the use of force that were reviewed or developed by the U.S. Department of Justice and the City in developing the Memorandum of Agreement dated April 12, 2002. The City objects to the production alleging that the documents are (1) work product in anticipation of litigation and part of settlement negotiations, (2) confidential and privileged, (3)vague, overly broad and unduly burdensome, and (3) more readily obtainable from the Department of Justice. The City advises that, in developing the Memorandum of Agreement, it provided the Department of Justice access to the entire records of the Cincinnati Police Department and has no record of what the Department actually reviewed.

The Court finds as to those records reviewed by the Department of Justice, plaintiff must address its request to the Department of Justice. The City need not respond to this request. With regard to records developed by the Department of Justice, the City shall be required to produce all such records in its possession. The Court finds this request does not violate Judge Dlott's Protective Order Re: Implementation of Collaborative Agreement in Case C-1-99-3170 because only records developed prior to the implementation of the Memorandum of Agreement are requested.

As to records reviewed or developed by the City, the court finds these records constitute attorney work product. See, Sporck v Peil, 759 F.2d 312, 315-317 (3rd Cir. 1985). Plaintiff has failed to show a substantial need for these records. Accordingly, the motion for protective is GRANTED in this regard.

**REQUEST TO PRODUCE NO. 26**

A 1979 "Hawkins Report", a report of the Mayor's Community Relations Panel, is the subject of this request. The City argues this report is too remote in time to yield relevant evidence and would require substantial time and resources to produce.

Because the City provides no specific information as to difficulty in locating or producing the "Hawkins Report", its argument as to the burdensomeness of this request is discounted. With regard to the age of the report, the Court recognizes that plaintiff's claims based upon the custom and practices of the City require proof of practices that are "so permanent and well settled as to constitute a 'custom or usage' with the force of law". Monell v Dept. fo Social Services of the City of New York, 436 U.S. 658, 691 (1978). This Court is unable to find that the production of this report is not reasonably calculated to lead to the discovery of admissible evidence. As to Request No. 26, the motion for protective order is DENIED.

**REQUEST TO PRODUCE NO. 27**

At issue is a 1981 publication of the U.S. Commission on Civil Rights which reviews policing in Cincinnati. The City maintains this publication is too remote in time and is too broad in its scope to yield relevant evidence.

For the reasons stated above as to Request No. 26, the motion for protective order as to this document is DENIED. The City shall make a reasonable and good faith effort to determine if this document is in its possession and, if so, produce it.

**REQUEST TO PRODUCE NO. 28**

Plaintiff requests production of "all reports of studies" conducted by the City's Office of Municipal Investigation "pertaining to policing" in Cincinnati from 1981 to present. The City argues this request is overly broad, calls for documents that are too remote in time, and is unduly burdensome. It also notes that it is unlikely that such documents exist.

This Court finds this request to be too broad and vague to require production. The request seemingly includes reports on investigations into any and all subjects relating to the administration of law enforcement in the City. Such a request exceeds the bounds of Rule 26. The motion for protective order is GRANTED as to this request.

**REQUESTS TO PRODUCE NO. 30 and NO. 31**

These requests are for a 1983 Comprehensive Report to the City Manager prepared by City administrators and a report by City administrators investigating the

1991 Cincinnati police actions that allegedly resulted in the deaths of two African-American citizens.

The motion for protective order is DENIED as to these requests. The City shall produce these reports, assuming that they can be readily identified.

**REQUESTS TO PRODUCE NO. 33 and NO. 35**

Plaintiff requests production of a 1995 report by the Sentinel Police Association and a 1999 Final Report for the New Millennium by that same Association. The City objects to these requests due to the lack of relevance of the reports and because the reports are obtainable from the Association which produced them.

Plaintiff does not mention these requests in its opposition to the motion. Because plaintiff has failed to demonstrate that the production of these reports is reasonably calculated to lead to the discovery of admissible evidence, the motion for protective order is GRANTED as to these two requests.

In accordance with the above findings, it is now ORDERED:

The City's motion for protective order (doc.63) is GRANTED IN PART as set forth above.

Done this 9th day of January, 2004.

_____
Susan M. Novotny
United States Magistrate Judge