## No. 99-3927 (6th Cir.) Weeks, Admin. Estate of Weeks, Jr. v. Portage Cty. Exec. Offices

Federal Appellate District: 6th

Charlene Weeks, Administrator of the Estate of Ray Lee Weeks, Jr., Plaintiff-Appellant,
v.
Portage County Executive Offices; Portage County Sheriff's Department; Robert A. Longbottom, in his individual and official capacity; Mark Cox, Defendants-Appellees.

No. 99-3927

Appeal from the United States District Court for the Northern District of Ohio at Akron.

No. 98-01337 - Dan A. Polster, District Judge.

ARGUED: August 11, 2000

Decided and Filed: December 19, 2000

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

COUNSEL

ARGUED: Edward L. Gilbert, Akron, Ohio, for Appellant.

Steven K. Kelley, LAW OFFICES OF STEVEN K. KELLEY, Independence, Ohio, for Appellees. **ON BRIEF:** Edward L. Gilbert, Akron, Ohio, for Appellant. Steven K. Kelley, LAW OFFICES OF STEVEN K. KELLEY, Independence, Ohio, Denise L. Smith, OFFICE OF THE PROSECUTING ATTORNEY, Ravenna, Ohio, for Appellees.

OPINION

ALICE M. BATCHELDER, Circuit Judge.

Plaintiff-Appellant Charlene Weeks appeals the district court's order granting summary judgment to the defendants in this 42 U.S.C. § 1983 action in which she claims that the actions of the defendants caused the death of her son in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Because we find that Ms. Weeks failed to demonstrate any violation of her son's constitutional rights, we AFFIRM the judgment of the district court.

### I. Procedural Background

Charlene Weeks, in her capacity as administrator of the estate of her son, Ray Lee Weeks, Jr., sued the Portage County Executive Offices, Portage County Sheriff's Department, Robert A. Longbottom, and Mark W. Cox under 42 U.S.C. § 1983, alleging that the Portage County Sheriff's department, through the inaction of its Deputy Sheriff Longbottom, caused the death of Ray Weeks in violation of his constitutional rights. Mrs. Weeks also brought a state law claim for the wrongful death of her son. The defendants(fn1) sought summary judgment, and the district court granted the motion as to all federal claims; the court dismissed the pendent state wrongful death claim, declining to exercise jurisdiction. Mrs. Weeks filed a timely notice of appeal.

**EXHIBIT**

A

## II. Facts

One summer night in 1996, Ray Weeks was involved in a fight with Mark Cox in the vicinity of Ravenna, Ohio. During the course of the fight, Cox hit Weeks on the forehead and on the top of the head with a large flashlight, and left him bleeding along the side of the road. Some time later, Weeks arrived on foot at a housing project in Ravenna, where one of the defendants in this action, Deputy Sheriff Robert Longbottom, was engaged in a routine traffic stop of a pickup truck driven by David Bogden. As Deputy Longbottom sat in his cruiser, checking for outstanding warrants on Bogden, Weeks approached Bogden and offered to assist him in dealing with the deputy. According to Bogden, Weeks was bleeding from a gash on his forehead, his eyes were wide and dark as if he were in shock, he was staggering and incoherent, and, in Bogden's view, clearly in need of medical attention. Bogden expressed concern about Weeks's condition, and Weeks responded that he had been injured at work earlier in the day but that he was fine. When Deputy Longbottom returned to Bogden's vehicle, Longbottom also inquired about Weeks's injuries, and Weeks repeated that he had been injured earlier but was fine. Taking him at his word, Longbottom instructed Weeks to leave the scene of the traffic stop. Bogden protested that the deputy should call an ambulance; Bogden also told Longbottom that he had seen a group of black youths following Weeks as he approached Bogden's truck. Longbottom, however, responded that Weeks was an alcoholic, a crackhead and a white man in the wrong neighborhood. Longbottom did nothing further with regard to Weeks.

The following morning, Weeks was found dead along the side of the road. He had been badly beaten, and although the autopsy demonstrated that he had suffered additional beating after his encounter with defendant Longbottom, the medical examiner testified that the blow to the top of his head had been the likely cause of death, and that blow had been inflicted by a large flashlight.

## III. Standard of Review

We review de novo a district court's grant of summary judgment. See Allen v. Michigan Dep't of Corrections, 165 F.3d 405, 409 (6th Cir. 1999). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, we must view the evidence and any inferences that may be drawn from the evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)).

## IV. The § 1983 Claim

Mrs. Weeks claims that by ordering her son away from the scene of the traffic stop instead of placing him in protective custody and obtaining medical attention for him, Deputy Longbottom violated Ray Weeks's fourteenth amendment rights to substantive due process and equal protection of the laws. (fn2) She claims further that the county defendants are liable for these violations because they failed adequately to train Deputy Longbottom.

A.

Fourteenth Amendment - Substantive Due Process

The district court rejected Mrs. Weeks' substantive due process claim because it found that Deputy Sheriff Longbottom had no affirmative duty to take Ray Weeks into protective custody or to obtain

medical assistance for him to address the harm inflicted by private citizens. See DeShaney v. Winnebago County Dep't of Soc. Services, 489 U.S. 189 (1989). We have held that unless the police have a "special relationship" with the victim, the victim has no constitutional right to have the police provide medical assistance or intervene to protect him from the actions of private actors. See **Tucker** v. **Callahan**, 867 F.2d 909, 914 (6th Cir. 1989) ("The failure to provide medical assistance is not actionable under §1983 for the same reason that the failure to intervene in the fight is not: in neither case did the state actor cause the injury of which plaintiff complains."); accord Walton v. City of Southfield, 995 F.2d 1331 (6th Cir. 1993); Foy v. City of Berea, 58 F.3d 227 (6th Cir. 1995).

Here, Longbottom could have requested an ambulance for Weeks, but he was under no constitutional duty to do so. We have found a deprivation under the due process clause in situations when the victim was in police custody and the police failed to act or when the police affirmatively acted to put the victim in a more vulnerable position that he would have been in otherwise. See Stemler v. City of Florence, 126 F.3d 856 (6th Cir. 1997) (finding a due process claim under §1983 because the officers actively placed the victim in a harmful situation); Davis v. Brady, 143 F.3d 1021 (6th Cir. 1998) (same); Kallstrom v. City of Columbus, 136 F.3d 1055 (6th Cir. 1998) (finding deprivation under §1983 because the city actively provided to criminal defendants information from the personnel files of plaintiffs--who were undercover police officers--substantially increasing the risk that a private actor would deprive plaintiffs of their liberty interest in personal security). In the case before us here, however, Weeks was not and had not been in police custody; it was not Longbottom's actions that caused Weeks' harm; and Longbottom's order to Weeks to move along did not put Weeks in a more vulnerable position than he was in before he encountered Longbottom.

Mrs. Weeks cites two cases from other circuits that she contends are persuasive on the question of whether Longbottom owed Ray Weeks an affirmative duty to obtain medical treatment for him. See Salas v. Carpenter, 980 F.2d 299 (5th Cir. 1992); Wyke v. Polk County Sch. Bd., 129 F.3d 560 (11th Cir. 1997). Neither of those cases provides any help to Mrs. Weeks. In Salas, a county sheriff, untrained and unequipped to respond to a hostage situation, refused to permit properly trained and equipped city police officers to attempt to resolve a hostage crisis on property within the sheriff's jurisdiction, and instead attempted to handle it himself. The hostage was killed by the hostage-taker, and the estate of the hostage sued. The court refused to find that the sheriff had increased the vulnerability of the hostage "in the sense envisioned by the Court in DeShaney." Salas, 980 F.2d at 309. Wyke presented the question of whether school officials who had knowledge of a student's attempts to commit suicide but failed to relay that knowledge to the student's mother had violated an affirmative duty to protect that student from harming himself. The court held that there was no such duty.

Longbottom had no duty under the Constitution to take Weeks into protective custody or to provide medical assistance to him. The district court correctly held that Mrs. Weeks has demonstrated no violation of her son's due process rights.

B.

Fourteenth Amendment - Equal Protection

The district court dismissed Mrs. Weeks' equal protection claim, finding that the lone comment attributed to Deputy Longbottom--that Ray Weeks was a white man in the wrong neighborhood--was not sufficient evidence to raise an inference of racial discrimination and Mrs. Weeks had therefore failed to state an equal protection claim. We agree. There is no evidence in this record that Deputy Longbottom would have called an ambulance for Ray Weeks if he had been black instead of white or that in sending Weeks on his way rather than summoning medical help or taking him into custody, Longbottom was motivated by racial or any other constitutionally impermissible animus. In the absence

of such evidence, Mrs. Weeks has failed to state an equal protection claim.

C.

Failure to train

Mrs. Weeks also seeks to impose liability under §1983 upon the Portage County Executives for their alleged failure to provide adequate training for Deputy Longbottom. However, because Deptuy Longbottom's actions did not violate Ray Weeks' constitutional rights, there can be no §1983 liability on the part of the municipal defendants as a matter of law. See Doe v. Claiborne County, 103 F.3d 495, 505-506 (6th Cir. 1996) (citing Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992) in holding that in order to hold a municipality liable in a § 1983 action, the court must determine both that the plaintiff has shown that he was deprived of a constitutional right and that the municipality is responsible for that violation).

D.

Wrongful Death Claims

The district court dismissed plaintiff's state law claims, declining to exercise supplemental jurisdiction. Such a decision falls within sound discretion of the district court and will not be overturned on appeal absent an abuse of discretion. See Valot v. Southeast Local Sch. Dist. Bd. of Educ., 107 F.3d 1220, 1230 (6th Cir. 1997). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367 (c) (3). Having granted summary judgment to the defendants and dismissed all of the federal claims in this action, the district court did not abuse its discretion in dismissing the state law claims.

V. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

_____

Footnotes:

1 Defendant Mark Cox did not move for summary judgment. However, he was named as a defendant in the wrongful death claim only, and that claim was ultimately dismissed when the district court declined to exercise pendent jurisdiction over Mrs. Weeks' state law claims.

2 Mrs. Weeks's complaint also claimed a fourth amendment violation; the district court held that because no seizure had occurred--indeed, it is the essence of Mrs. Weeks's complaint that her son should have been seized and was not--no violation of the fourth amendment had been demonstrated. Mrs. Weeks does not raise this issue on appeal.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.