## 12.545    USE OF FORCE

*Reference:*

Graham vs. Conner, 490 US 386, 396 (1989)
Tennessee vs. Garner, 471 US 1 (1985)
Manual of Rules and Regulations:  1.50, 1.51, 1.52,
                                   1.53, 1.70, 1.71,
                                   2.26
Procedure 12.140 - Canine Operations
Procedure 12.546 - Taser Electronic Device
Procedure 12.550 - Discharging of Firearms by Police
                   Personnel
Procedure 12.554 - Investigatory Stops and Field
                   Interview Report (FIR)
Procedure 12.600 - Prisoners:  Securing, Handling,
                   and Transporting
Procedure 12.905 - Fingerprinting and Photographing
                   of Juveniles
Standards Manual - Chapter 1.2.4, 1.3.1, 1.3.2,
                   1.3.4, 1.3.5, 1.3.6, 1.3.7,
                   1.3.9, 46.1.5, 52.1.1, 71.3.2

*Definitions:*

Force:  The following situations require a Form 18
(Supervisor's Preliminary Use of Force
Investigation) report: any strike, blow, kick, bite,
stab, shot, or slap with any object, including but
not limited to any body part, flashlight, PR-24,
firearm, knife, clipboard, etc.

Restraining Force: That force used to prevent
movement and achieve full physical control of the
subject.  Specifically, it is the use of one's body
weight and physical strength to restrict mobility
with full body control as the goal.  Holding a
subject to the ground while applying handcuffs is an
example of restraining force.  Injuries resulting
from restraining force are not a use of force and
are reported as an Injury to Prisoner (Form 18I)
only.

Deadly Force: Force likely to cause or capable of
producing death.

Ex. 60

*Policy:*

When officers have a right to make an arrest, they may use whatever force is reasonably necessary to apprehend the offender or effect the arrest, and no more.  They must avoid using unnecessary violence. Their privilege to use force is not limited to that amount of force necessary to protect themselves, but extends to that amount reasonably necessary to enable them to perform their duty.

If the offender resists, the officer may use such force as required under the circumstances to overcome the resistance, even to the extent of taking life, if that is necessary.  They may not use deadly force merely to prevent escape in misdemeanor cases.  The use of deadly force to prevent escape of felony suspects is constitutionally unreasonable except where the escape presents an immediate risk of death or serious physical harm to the officer or another.  Where the suspect poses no immediate threat of death or serious physical harm to others, the harm resulting from failing to apprehend the suspect does not justify the use of deadly force to do so.  If officers use unnecessary and excessive force, or act wantonly and maliciously, they may be guilty of assault, even of culpable homicide if they kill the person they are trying to arrest.

The courts could consider a choke hold or other similar type hold as deadly force. Choke holds should only be used with this in mind. The use of any type choke hold to prevent the swallowing of evidence is prohibited.

When possible, personnel will use chemical irritant as the primary response to aggressive citizen behavior.

Whenever employees use deadly force, force, restraining force with injury, chemical irritant, taser, beanbag shotgun, or have knowledge of a use of force, they will immediately notify a supervisor. The supervisor will respond to the scene and investigate the use of force.  The supervisor will submit a report of the incident to the Police Chief before the end of his tour of duty. The supervisor investigating the use of force must be of equal or higher rank than the employee using the force.

Following any use of force resulting in a citizen's injury, officers will ensure appropriate first aid is rendered immediately once the incident scene is stabilized.

***Procedure:***

A.  Reporting a Use of Force:

1.  The investigating supervisor will immediately notify the district/section/unit OIC (officer in charge), if on duty, or the Night Chief, if on duty.  This does not include chemical irritant incidents unless the chemical irritant is part of the physical injury.

    a.  If none of the above are on duty, ensure the next command officer is notified when he comes on duty.

    b.  Contact the IIS (Internal Investigation Section) Commander and the officer's district/section/unit commander if more than the necessary amount of force appears to have been used, or the injuries are inconsistent with the reported force.

2.  The supervisor will conduct a preliminary fact finding interview of any witnesses and officers at the scene, and search for evidentiary materials.  The supervisor will then conduct a thorough investigation and evaluate the propriety of the action taken.

Rev. 7/00, Replaces 5/00                                      3

12.545

a.  Other than a simple use of chemical
    irritant, a supervisor will ensure
    neutral officers transport the prisoner
    to a detention facility or hospital, if
    applicable.

    1)  Officers may remove a prisoner to a
        safe location to prevent an
        escalation of the incident.

b.  Detail supervisors will be responsible
    for the investigation of a use of force
    involving officers under their
    supervision.

c.  A supervisor in the district where the
    force occurred will investigate and
    report incidents when the officer is off
    duty.

    1)  If a use of force occurs outside the
        city limits, a supervisor from the
        closest district will investigate
        the incident.

d.  If an officer is involved in a use of
    force outside a 50 mile radius of the
    city, the officer will immediately
    contact a PCS (Police Communications
    Section) supervisor and notify him of
    the use of force.  The officer will
    leave a phone number where he can be
    contacted.

    1)  PCS will contact the involved
        officer's assigned
        district/section/unit commander and
        notify him of the incident.

    2)  The district/section/unit commander
        will call the officer to determine
        the correct course of action.

Rev. 7/00, Replaces 5/00                                    4

3. After the preliminary fact finding interview, tape record all further interviews with the arrested, civilian witnesses, and police officer witnesses in incidents involving canine bites or the physical use of force. Attach the interview tapes to the original report.

   a. The tape recorded interview will contain the following information:

      1) Date, time, and location of interview.

      2) Interviewer's name and title.

      3) Reason for the interview, e.g., "I am investigating the arrest of John Doe, which took place at 1012 Ludlow Ave."

      4) Identity of the person interviewed.

      5) Explanation of what happened with specific reference to how the injury occurred. Do not ask leading or suggestive questions.

   b. If more information is needed, ask the appropriate questions.

   c. Upon completion, conclude the taped interview by identifying yourself, the person interviewed, and state the time; e.g., "This is Sgt. Saunders concluding this interview with Mr. John Doe. The time is 2000 hours."

4. The investigating supervisor will interview and examine the subject of the use of force. Be sure the arrested is fully aware of the supervisor's rank and purpose of the interview.

   a. The investigating supervisor will take Polaroid photographs of the subject. Take specific photos of any injury, or claimed injury, to the subject.

Rev. 7/00, Replaces 5/00                                    5

12.545

    1) The investigating supervisor will record his name, badge number, date, time, and name of the subject on the photographs.  Attach the photographs to the original report.

b. Anytime the subject of a use of force goes to a hospital, a supervisor will respond and:

    1) Ask permission of the medical staff to view the arrested to note the total extent of the injuries.

    2) Interview the arrested. Tape record the interview.

    3) Interview the treating physician. Tape record the interview if the physician permits it.  Include the diagnosis in the report.

        a) If the treating physician cannot release a diagnosis of the subject's injuries due to doctor-patient confidentiality, the supervisor will note it in the report.

    4) If possible, obtain a hospital and division release for medical records from the arrested.  Attach the release to the original investigative report.

    5) Note on the Form 18 if the subject refuses treatment at the hospital.

c. If the arrested is seriously injured or admitted to a hospital, immediately notify the IIS (Internal Investigations Section) Commander, the district/section/unit commander of the involved officer, the CIS (Criminal Investigation Section) Commander, and the Night Chief/Duty Officer if on duty. The district/section/unit commander will coordinate the investigation in the absence of an IIS investigator.

Rev. 7/00, Replaces 5/00                                             6

12.545

    1)   The Homicide Unit and IIS will conduct an investigation with the assistance of the affected district/section/unit when the injury is a result of the use of force.

        a)   The CIS and IIS Commanders will forward all findings and reports to the Police Chief's Office through command channels.

        b)   When IIS or the Homicide Unit is conducting the use of force investigation, the investigating unit will complete a Form 18.

5.   The investigating supervisor will complete a Form 18.

   a.   Ensure all blocks are completed.

   b.   Include concise statements addressing corroboration or contradiction for each witness.

6.   The investigating supervisor will ensure the completion of and sign the Form 527 (Arrest and Investigation Report) and Form 527A (Case and Bond Information Sheet) listing the prisoner's physical condition.  The Form 527 will accompany the prisoner to Central Intake at the Hamilton County Justice Center.

7.   The investigating supervisor will immediately fax the Form 18 to the following locations:

   a.   Police Chief's Office.

      1)   The Police Chief's Office will make copies for the:

        a)   Affected bureau commander.

        b)   IIS Commander.

   b.   Patrol Bureau.

Rev. 7/00, Replaces 5/00                   7

    c.  Inspections Section.

8.  The original report and one copy will be forwarded to the involved officer's assigned district/section/unit commander.  The district/section/unit commander will review the original report and complete a use of force supplement.  Within seven days, the district/section/unit commander will forward, in a sealed envelope, the taped statements, photos, and original report to the Police Chief's Office through the affected bureau commander.

    a.  Inspections Section will file the photographs and tapes with its copy of the Form 18.

9.  If an additional investigation is required, note it on the supplement.

10. The investigating supervisor will make a blotter entry describing the incident and action taken.

B.  Reporting an Injury to Prisoner:

1.  Form 18I will be used when either of the following criteria is met:

    a.  Restraining force is the only force used and the arrested is injured.

    b.  Any injury to the arrested, not the result of the use of force, while under or just prior to police control, and as a result of police activity.

2.  Restraining force without any injury to the arrested does not require a Form 18I.

3.  The narrative section of the Form 18I will be brief and concise.

4.  The investigating supervisor will fax the Form 18I to the following locations:

    a.  Police Chief's Office.

    b.  Patrol Bureau.

12.545

     c.  Inspections Section.

  5.  Forward the original Form 18I along with the photographs to the district/section/unit commander for review.

C.  Use of Chemical Irritant:

  1.  Chemical irritant offers a nonlethal alternative for controlling, subduing, or apprehending a suspect(s).

  2.  If necessary, an officer may use the division issued chemical irritant as a crowd control device in self-defense situations, or to disperse a disorderly crowd.

  3.  If it is necessary to use chemical irritant on a disorderly prisoner after handcuffing and placing him in the rear seat of the police vehicle, officers will not open the rear doors of the police vehicle to spray the prisoner.  Instead officers will spray the prisoner through the protective screen.

     a.  If the vehicle is equipped with a plexiglass partition, officers can either slide the partition to an open position and spray the prisoner through the opening, or through the rear door window nearest the prisoner's face.

  4.  When spraying chemical irritant, if possible spray five to ten feet from an individual. The target should be an individual's eyes, nose, and mouth.

     a.  Chemical irritant will leave an invisible ultraviolet, light-sensitive dye on an individual, which can aid in identification.

  5.  Expose individuals sprayed with chemical irritant to fresh air.  Give them an opportunity to rinse their face with plenty of clear, cool water.  Individuals should not rub or hold their faces, or use any oils, creams, or ointments.

6.  Supervisors will complete a Form 18CI (Use of Chemical Irritant) when reporting the use of chemical irritant.

    a.  Fax copies to:

        1)  Patrol Bureau.

        2)  Inspections Section.

    b.  Forward the original report to the involved officer's assigned district/section/unit commander.  After review, the district/section/unit commander will forward the original report to Inspections Section through the affected bureau commander.

    c.  Keep a copy for the unit files.

7.  The investigating supervisor will make a blotter entry describing the incident and action taken.

8.  If an officer uses force in addition to chemical irritant, a separate Form 18CI is not required.  Route the appropriate report as outlined in Section A.7.

D.  Documentation Needed for Each Form:

    1.  Form 18 (Supervisor's Preliminary Use of Force Investigation):

        a.  Taped statement.

        b.  Photos.

        c.  Medical release (if treated).

        d.  Summary of doctor's diagnosis (if treated).

    2.  Form 18TB (Use of Taser/Beanbag Shotgun):

        a.  Taped statement with use of beanbag shotgun.

        b.  No taped statement with use of taser.

       c.   Photos.

       d.   Medical release (if treated).

       e.   Summary of doctor's diagnosis (if treated).

3.   Form 18C (Use of Canine):

       a.   Taped statement.

       b.   Photos.

       c.   Medical release (if treated).

       d.   Summary of doctor's diagnosis (if treated).

4.   Form 18I (Injury to Prisoner):

       a.   Photos only.

       b.   No taped statement.

5.   Form 18CI (Use of Chemical Irritant):

       a.   No narrative.

       b.   No photos.

       c.   No taped statement.

E.   Priority of Forms:

1.   If more than one act by an individual occurs (e.g., use of force and a macing), only one report is needed.

2.   Listed below is the order in which a report is made, with "a." being the highest priority:

       a.   Use of Force.

           1)   Include canine information, if applicable.

12.545

      b.   Taser/Beanbag Shotgun.

          1)  Include canine information, if applicable.

      c.   Canine.

      d.   Injury to Prisoner.

      e.   Chemical Irritant.

12.545

Procedure 12.545 Index

This procedure appears in the main Procedure Manual Index in the following manner:

Page 8

ARRESTS (Continued):

    Use of Force    12.545

Page 11

Beanbag Shotgun
12.545

Page 14

Chemical Irritant, Use pg. 8    12.545

Page 39

Force, Use of    12.545
    Chemical Irritant pg. 8
    Report Guidelines pg. 3
    Report Routing pg. 7

Page 97

USE OF:

    Force  12.545
        Chemical Irritant pg. 8
        Report Guidelines pg. 3
        Report Routing pg. 7

Rev. 7/00, Replaces 5/00