UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF ROGER D. OWENSBY JR., et al., | : : : : | |
| Plaintiff, | : : | Case No. 01-CV-769 |
| v. | : : : | Senior Judge S. Arthur Spiegel |
| CITY OF CINCINNATI, et al., | : : : : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT CITY OF CINCINNATI'S MOTION FOR EXTENSION OF TIME
TO FILE MEMORANDUM CONTRA MOTION FOR SUMMARY JUDGMENT
(doc. 92)**

In October 2003, the City of Cincinnati filed a motion for separate trials so that it would not have to stand trial with its police officers. Doc. 57, City of Cincinnati's Motion to Bifurcate Claims From The Claims Against The Individual Police Officers. Plaintiff responded to this motion, pointing out that separate trials would be inefficient and was nothing more than a ploy to artificially deprive Plaintiff of a just assessment of damages. Doc. 61, Plaintiff's Memorandum in Opposition.

After filing Plaintiff's motion for partial summary Judgment against the City of Cincinnati and its police officers (Doc. 88), counsel for the individual officers, Mr. Hardin, called undersigned counsel to inform him that his brother had recently died and that he would probably need some additional time to respond to Plaintiff's motion. Undersigned counsel agreed to extend time to Mr. Hardin and expressed his condolences.

On February 20, 2004, Mr. Hardin and the Assistant City Solicitor for the City of Cincinnati, Ms. Geiler, called undersigned counsel. Mr. Hardin asked for a week extension of time, to March 4, 2004, to file his memorandum in opposition to Plaintiff's motion. Undersigned counsel again agreed to the extension of time.

At this time Mr. Hardin and Ms. Geiler asked for an extension of time for the City's responsive memorandum also, stating that they planned to file a joint memorandum. Undersigned counsel asked the City to specify why it could not timely file its response. The City had no reason, other than to say that it wanted to file a joint memorandum. Undersigned counsel refused to agree to an extension of time for the City of Cincinnati, reminding Ms. Geiler that, up to this time, the City wanted to be disassociated with its individual officers and had moved the Court for separate trials.

Plaintiff will be prejudiced by such an extension of time because the Joint Final Pretrial with this Court is scheduled for March 9, 2004. Doc. 84, Notice of Pretrial Conference. Such an extension of time would result in Plaintiff having only 5 days to reply to the City's memorandum (possibly only 1 day if the City's memorandum is mailed) before the Final Pretrial Conference, whereas a timely City memorandum would afford Plaintiff 11 days to reply in accord with the Local Rules.

The City admits that it "could prepare and file its portion of the Memorandum in Opposition by the due date of February 26, 2004." Doc. 92, p. 1. Therefore, because the City has articulated no good reason to justify an extension of time and because such an extension of time would prejudice Plaintiff, the City of Cincinnati's motion for an extension of time should be denied.

                                                    Respectfully submitted,

|  |  |
|---|---|
|  | /s/Paul B. Martins |
| Mark T. Tillar (0029898) | James B. Helmer, Jr.  (0002878) |
| 240 Clark Road | Paul B.  Martins (0007623) |
| Cincinnati, Ohio  45202 | Frederick M. Morgan, Jr.  (0027687) |
| Telephone: (513) 761-2958 | HELMER, MARTINS & MORGAN CO., LPA |
|  | Fourth & Walnut Centre, Suite 1900 |
| John J. Helbling (0046727) | 105 East Fourth Street |
| 3672 Springdale Road | Cincinnati, Ohio 45202-4008 |
| Cincinnati, Ohio 45251 | Telephone:    (513) 421-2400 |
| Telephone: (513) 923-9740 | Facsimile:    (513) 421-7902 |

                                                     *Trial Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Plaintiff's Memorandum in Opposition To Defendant City of Cincinnati's Motion for Extension of Time To File Memorandum Contra Motion for Summary Judgment (Doc. 92), was electronically filed on February 20, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                 /s/ Paul B. Martins