UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE ESTATE OF ROGER D. OWENSBY | : | CASE NO. C-1-01-769 |
| | : | Judge Spiegel |
| Plaintiff | | |
| -vs- | : | |
| CITY OF CINCINNATI, et al., | : | **DEFENDANTS MOTION IN _LIMINE_** |
| Defendants. | : | |

Now come Defendants City of Cincinnati and Chief Streicher, Officer Brian Brazile and Officer Darren Sellers (collectively referred to as the "City") and hereby move this Court for an Order prohibiting Plaintiffs from calling Cyril Wecht, M.D. as a witness in this case and/or from presenting any evidence or testimony that Wecht was ever hired or retained by the City of Cincinnati or any of its departments or agents, including but not limited to the Office of Municipal Investigation ("OMI"). The reasons are more fully set forth below in the Memorandum in Support.

**MEMORANDUM IN SUPPORT**

The City previously moved for protective order to prohibit Plaintiff from being allowed to take the deposition of Cyril Wecht because the City's Office of Municipal Investigations hired Dr. Wecht in 2002, as a non-testifying expert to assist in the City's independent investigation into Roger Owensby's death, in anticipation of litigation. Federal Rule of Civil Procedure 26(b)(4)(B) prohibits

plaintiffs from inquiring into any facts, opinions, or communications of a non-testifying expert like Dr. Wecht. Over the City's objection, the Court has ruled that Plaintiff may take Dr. Wecht's deposition. (Order, Doc. #80). Plaintiff has scheduled Dr. Wecht's deposition on February 25, 2004.

The City has not identified Dr. Wecht as an expert witness in this lawsuit, nor does the City have any intention of identifying Dr. Wecht as an expert witness in the future. The City maintains its objection over Plaintiff's attachment to the expert previously hired by OMI in anticipation of litigation. Assuming that Plaintiff intends to use Dr. Wecht's deposition at trial or otherwise to call Dr. Wecht as a witness at trial, the Court should issue an Order prohibiting Plaintiff from using Dr. Wecht as a witness. In the alternative, the Court should prohibit any statement by counsel, testimony by any witness or evidence tending to show that Dr. Wecht was ever hired by the City or any of it's departments or agents.

Allowing Plaintiff to call Wecht as a witness in the trial of this matter would violate Fed. R. Evid. 403, which states that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Generally, non-testifying experts are protected from discovery so as to allow a party to feel free to hire and consult with such experts without the risk of exposing certain information to the opposing party, pursuant to Fed R. Civ. P. 26(b)(4)(B). That same reasoning applies to prevent the opposing party from calling as a witness at trial that same expert. *Zvolensky v. Ametek, Inc.* 1998 U.S. App. LEXIS 5074 (6th Cir. 1998), citing Fed. R. Civ. P. 26(b)(4)(B) (attached).

2

In *Zvolensky,* the plaintiff and defendant agreed that the plaintiff would be examined by the defendant's medical expert but that the jury would never hear the results of the exam or learn of the medical expert's opinion. The plaintiff then argued that he should have been allowed to call the medical expert as a witness in the trial. The Sixth Circuit stated:

> Generally, non-testifying experts are protected from discovery so as to allow a party to feel free to hire and consult with such experts without risking exposing certain information to the opposing party. *See* Fed R. Civ. P. 26(b)(4)(B). **Likewise, the same reasoning would apply to prevent the opposing party from calling as a witness at trial that same expert**. *See, e.g., Durflinger v. Artiles*, 727 F.2d 888, 891 (10th Cir. 1984) (district court acted within its discretion when it prohibited defendants from calling expert witness when plaintiffs might have been prejudiced by expert's testimony because they had formerly hired expert and shared important information with him).

*Zvolensky* at 7 (emphasis added). The Sixth Circuit has made it perfectly clear that experts hired by one party, but not identified as a testifying witness by that same party, cannot then be called as a witness by opposing counsel.

In *Dayton-Phoenix Group, Inc. v. General Motors Corp.* 2000 U.S. Dist. LEXIS 8261 (S.D. Ohio), pp. 6-7 (attached) Judge Rice explained that even when one party names an expert and later changes his mind and decides not to call that expert at trial, opposing counsel cannot even conduct discovery of that expert. In his ruling, Judge Rice outlined three reasons why the opposing party should not be allowed to conduct discovery of, nor call as a witness, the non-testifying expert hired by the other party:

> First, the Advisory Committee Notes to Rule 26(b)(4)(A) indicate that "discovery is limited to trial witnesses ...." Walters will not be a trial witness. Second, courts have recognized that the primary purpose of Rule 26(b)(4)(A) is to allow a party to prepare for cross-examination of the expert witnesses to be called at trial by the opposing party. *Hoover v.*

3

> *United States Dept. of Interior*, 611 F.2d 1132, 1142 (5th Cir. 1980); *In re Shell Oil Refinery*, 132 F.R.D. 437, 440 (E.D.La. 1990). Since the Defendant will not call Walters to testify, the Plaintiff does not need to prepare to cross-examine him, and the purpose of Rule 26(b)(4)(A) will not be frustrated by preventing the Plaintiff from deposing the expert. Third, the purpose of Rule 26(b)(4)(B) is to promote fairness by preventing one party from obtaining access to the other party's trial preparation. *Durflinger v. Artiles*, 727 F.2d 888, 891 (10th Cir. 1984). By preventing Plaintiff from deposing Walters, the Court will further that purpose. In sum, the Court concludes that Rule 26(b)(4)(B) controls.

Clearly, when an expert witness is not being used as a trial witness, and therefore, there is no need to prepare for the expert's cross-examination, the rules do not allow an opposing party to conduct discovery of that expert.

Rule 26(b)(4)(B) is a specialized application of the work-product doctrine. *Dayton-Phoenix Group, Inc.* at footnote 2. Plaintiff should not be allowed to call Wecht as a witness because the City, having retained him as a consulting witness in anticipation of litigation, has not and will not name him as a trial witness. There is no need for Plaintiff to even prepare for a cross-examination of this medical expert, therefore, Rule 26(b)(4)(A) would not have been frustrated by preventing Plaintiff from deposing the expert in the first place. Since the Court has ruled otherwise though, and has allowed Wecht to be deposed by Plaintiff, in due fairness to the City and the officers, Rule 26(b)(4)(B) must be followed in order to prevent Plaintiff from using the City's trial preparation.

Dr. Schultz, the county coroner, has provided deposition testimony providing his opinion that Owensby died of mechanical asphyxiation. His testimony makes clear that the exceptional circumstances described in Rule 26(b)(4)(B), where it is impracticable for the party seeking discovery to obtain an

4

opinion through another witness, do not exist in this case. The Court must therefore, prohibit Plaintiff from calling Wecht as a witness at trial.

That any testimony or evidence tending to show that the City previously hired Wecht would unfairly prejudice the City was specifically addressed in *Dayton-Phoenix Group, Inc.* Judge Rice ruled that the plaintiff could discover facts and opinions held by the defendant's expert **before** he was retained for the litigation which was at bar, as opposed to opinions formed **after** the expert was retained by the defendant. He warned that although admissible, if the evidence gleaned from the expert was cumulative of the plaintiff's experts, the Court could refuse to allow the introduction of the evidence. *Id.* at 10, citing *Rubel v. Eli Lilly and Co.*, 160 F.R.D. 458 (S.D.N.Y. 1995). Judge Rice then made the exact point which the City's motion herein aims to illustrate: "In addition, there is a significant risk of unfair prejudice to the Defendant in any trial testimony of [the expert], to wit: the danger that the jury might learn that it initially retained him." *Id.* at 9-10, citing *Peterson v. Willie*, 81 F.3d 1033 (11th Cir. 1996). Judge Rice instructed that the "potential for such unfair prejudice could be the basis for refusing to allow Plaintiff to present trial testimony from [the expert]." *Id.* at 10.

As Judge Rice fully recognized in *Dayton-Phoenix Group, Inc.*, there is a significant risk of unfair prejudice to the City in any trial testimony of Wecht, to wit: the danger that the jury might learn that the City initially retained him. That potential of unfair prejudice to the City should be the basis for the Court to refuse to allow Plaintiff to present trial testimony from Wecht.

WHEREFORE, Defendants City of Cincinnati and Chief Streicher, Officer Brian Brazile and Officer Darren Sellers respectfully request that the Court issue an Order prohibiting Plaintiff from calling Cyril Wecht, M.D. as a witness in this case and/or from introducing evidence or testimony tending to show that the City previously retained him.

Respectfully submitted,

**JULIA L. McNEIL** (0043535)
City Solicitor

s: *Geri Hernandez Geiler*
**GERI HERNANDEZ GEILER** (0042081)
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph. (513) 352-3338
Fax (513) 352-3750
email: geri.Geiler@cincinnati-oh.gov

s: *Neil F. Freund*
**NEIL F. FREUND** (0012183)
One Dayton Centre
1 South Main St.
Suite 1800
Dayton, Ohio  45402-2017
Ph. (937) 222-2424
Fax (937) 2225369
email: nfreund@ffalaw.com

Trial Attorneys for Defendant City of Cincinnati

## CERTIFICATE OF SERVICE
## BY ELECTRONIC FILING

      I hereby certify that on February 20, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record listed below.

                *s: Geri Hernandez Geiler*
                GERI HERNANDEZ GEILER
                Atty. Reg. No. 0042081
                Sr. Assistant City Solicitor
                Room 214 City Hall
                801 Plum Street
                Cincinnati, Ohio  45202
                Ph.: (513) 352-3338
                Fax: (513) 352-1515
                Email: geri.geiler@cincinnati-oh.gov

**Certificate of Service:**

John J. Helbling
3672 Springdale Road
Cincinnati, Ohio  45251

Mark T. Tillar
240 Clark Road
Cincinnati, Ohio  45215

Paul B. Martins
Fourth & Walnut Centre
Suite 1900
105 East Fourth St.
Cincinnati, Ohio  45202

Wilson G. Weisenfelder
900 Fourth & Vine Tower
Cincinnati, Ohio  45202

Dale A. Stalf
1320 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202

Donald E. Hardin
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, Ohio 45202


s:\Geiler\Owensby\molimwecht