Source: Legal > / . . . / > 6th Circuit - US Court of Appeals, District & Bankruptcy Cases, Combined
More Like: **HN2 - Generally, non-testifying experts are protected from discovery so as to allow a party to feel free to hire and consult with such experts without risking exposing certain information to the opposing party, pursuant to Fed R. Civ. P. 26(b)(4)(B)....** More  Zvolensky v. Ametek, Inc., 1998 U.S. App. LEXIS 5074 (6th Cir. March 12, 1998, Filed)

Select for FOCUS™ or Delivery

*2000 U.S. Dist. LEXIS 8261, \**

DAYTON-PHOENIX GROUP, INC., Plaintiff, vs. GENERAL MOTORS CORPORATION, Defendant.

Case No. C-3-95-480

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

2000 U.S. Dist. LEXIS 8261

February 19, 2000, Filed

**DISPOSITION:** **[\*1]** Defendant's Motion for Protective Order (Doc. # 115) sustained in part and overruled in part.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant filed a motion seeking a protective order preventing the deposition of a witness that defendant had named as an expert witness but then decided not to call as a witness.

**OVERVIEW:** After plaintiff requested that it be allowed to depose a witness identified by defendant as an expert, but whom defendant had subsequently decided not to call to testify, defendant sought a protective order preventing the deposition. The court concluded that a party was entitled to change its mind about calling an expert witness without waiving the protections afforded by Fed. R. Civ. P. **26(b)(4)(B)**. Thus, the court sustained defendant's motion to the extent that **defendant sought to** prevent plaintiff from **discovery** of the facts acquired and opinions held by the witness as a result of being retained by defendant in anticipation of litigation. However, the court overruled the motion to the extent that defendant sought to prevent plaintiff from discovering facts acquired and opinions held by that expert before he was retained by defendant. Before plaintiff could depose the witness, it was required to explain that information elicited in the deposition would be admissible at trial.

**OUTCOME:** Motion sustained to extent that defendant sought to prevent plaintiff from **discovery** of facts acquired and opinions held by witness as result of being retained by defendant, but overruled to extent defendant sought to prevent plaintiff from discovering facts and opinions held before witness was retained by defendant.

**CORE TERMS:** depose, discover, deposition, exceptional circumstances, expert witness, discovery, deposing, protective order, anticipation, trial testimony, opposing party, admissible, machinery, n2 Rule, general knowledge, exceptionable, testifying, prepare, unfair, discovery of admissible evidence, instant motion, used equipment, work-product, discoverable, agreeing

**LexisNexis (TM) HEADNOTES - Core Concepts -** ♦ Hide Concepts

Civil Procedure > Discovery Methods > Expert Witness Discovery

**HN1** Fed. R. Civ. P. **26(b)(4)(B)** provides that a party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Fed. R. Civ. P. 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking **discovery** to obtain facts or opinions on the same subject by other means. More Like This Headnote

Civil Procedure > Discovery Methods > Expert Witness Discovery

**HN2** Fed. R. Civ. P. 26(b)(4)(A) provides that a party may depose any person who has been identified as an expert whose opinions may be presented at trial. More Like This Headnote

Civil Procedure > Discovery Methods > Expert Witness Discovery

**HN3** The United States District Court for the Southern District of Ohio, Western Division, adopts the view that a party may change its mind without waiving the protections afforded by Fed. R. Civ. P. **26(b)(4)(B)**. More Like This Headnote

Civil Procedure > Discovery Methods > Expert Witness Discovery

**HN4** Courts have routinely allowed one party to depose experts who were actors or viewers of the occurrences which gave rise to suit. With respect to an expert's general knowledge, courts have held that one party may discover those facts and opinions held by the other party's consulting, as opposed to testifying, expert, which were developed before he was retained for the particular litigation, although a party may not discover facts and opinions acquired by the expert through his employment with the **opposing party,** in anticipation of the underlying litigation. More Like This Headnote

**COUNSEL:** For DAYTON-PHOENIX GROUP INC, plaintiff: Ann Wightman, Thomas Robert Kraemer, Jennifer L Hurley, Faruki Gilliam & Ireland, Dayton, OH.

For GENERAL MOTORS CORPORATION, defendant: John Matthew Kunst, Jr, David D Black, Dinsmore & Shohl, Cincinnati, OH.

For GENERAL MOTORS CORPORATION, defendant: Dean L Ellis, General Motors Corporation, Detroit, MI.

For GENERAL MOTORS CORPORATION, counter-claimant: John Matthew Kunst, Jr, David D Black, Dinsmore & Shohl, Cincinnati, OH.

For GENERAL MOTORS CORPORATION, counter-claimant: Dean L Ellis, General Motors Corporation, Detroit, MI.

For DAYTON-PHOENIX GROUP INC, counter-defendant: Ann Wightman, Jennifer L Hurley, Faruki Gilliam & Ireland, Dayton, OH.

**JUDGES:** WALTER HERBERT RICE, CHIEF JUDGE, UNITED STATES DISTRICT COURT.

**OPINIONBY:** WALTER HERBERT RICE

**OPINION:** DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOC. # 115)

The Defendant has filed a motion seeking a protective order preventing the deposition of James Walters ("Walters"). Since the Defendant had named Walters as an expert witness **[*2]** who would testify regarding the equipment and machinery at issue in this litigation, n1 the parties had scheduled his deposition. Although Defendant subsequently decided not to call Walters as a witness, Plaintiff, nevertheless, requested that it be allowed to depose him. When Defendant refused, the Plaintiff sought to subpoena Walters, and the Defendant filed the instant motion.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 In his affidavit which is attached to Defendant's Motion for Protective Order (Doc. # 115), Lawrence Elleman states that Defendant retained Walters as an expert consultant to provide facts and opinions as to the equipment and machinery at issue in this case. The fact is that Defendant did, at one time, anticipate calling Walters as an expert witness on that issue. On August 14, 1996, the Defendant identified Walters as an expert who would provide testimony regarding the value of certain used equipment and machinery Plaintiff wanted to purchase from Defendant. See Doc. # 63. Walters was also so identified in the initial Joint Final Pretrial Order.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*3]**

In that motion, the Defendant argues that Rule **26(b)(4)(B)** of the Federal Rules of Civil Procedure prevents the Plaintiff from deposing Walters. n2 HN1 Rule **26(b)(4)(B)** provides:

> (B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking **discovery** to obtain facts or opinions on the same subject by other means.

The Defendant contends that since the Plaintiff cannot demonstrate the existence of exceptional circumstances, n3 it is not entitled to depose Walters. The Plaintiff does not argue that exceptional circumstances are present; rather, it contends that it is entitled to depose Walters, because the Defendant at one time identified him as an expert who would be called to testify at trial. In other words, according to the Plaintiff, Rule **26(b)(4)(B)** does not apply to an expert who has been identified as one who will **[*4]** testify, even though the party so identifying him ultimately decides not to call him as a witness. The Plaintiff asserts that its request to depose Walters is governed by HN2 Rule 26(b)(4)(A), which provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial," even though that party later determines not to call the witness, and that, therefore, the exceptional circumstances standard is inapplicable.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 Rule **26(b)(4)(B)** is a specialized application of the work-product doctrine. Neither party has argued that the work-product doctrine is otherwise applicable to this particular dispute.
n3 While Defendant does not mention Fed. R. Civ. P. 35(b), that Rule, dealing with physical

and mental examinations, is clearly inapplicable.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Unquestionably, Walters, at one time, came within the ambit of Rule 26(b)(4)(A), since Defendant had identified him as an expert witness who would testify at trial. On the other hand, Walters now appears to be [*5] covered by Rule 26(b)(4)(B), since he is presently not expected to be called as a witness at trial. Therefore, the issue before the Court is whether a party's designation of an expert as a Rule 26(b)(4)(A) witness prevents it from changing its mind by deciding not to call that witness and, therefore, relying upon Rule 26(b)(4)(B) to preclude its adversary from discovering the opinions held by that expert, in the absence of exceptional circumstances. n4 The few cases which have considered this question have not reached consistent results. For instance, in House v. Combined Insurance Co. of America, 168 F.R.D. 236 (N.D.Iowa 1996), the court concluded that, by designating a person as a testifying expert witness, a party waives the protection afforded by Rule 26(b)(4)(B). n5 In Ross v. Burlington Northern Railroad, 136 F.R.D. 638 (N.D.Ill. 1991), the court reached the opposite conclusion, HN3holding that a party may change its mind without waiving the protections afforded by Rule 26(b)(4)(B). For reasons which follow, this Court adopts the result reached by Ross. First, the Advisory Committee Notes to Rule 26(b)(4)(A) indicate [*6] that "discovery is limited to trial witnesses ...." Walters will not be a trial witness. Second, courts have recognized that the primary purpose of Rule 26(b)(4)(A) is to allow a party to prepare for cross-examination of the expert witnesses to be called at trial by the opposing party. Hoover v. United States Dept. of Interior, 611 F.2d 1132, 1142 (5th Cir. 1980); In re Shell Oil Refinery, 132 F.R.D. 437, 440 (E.D.La. 1990). Since the Defendant will not call Walters to testify, the Plaintiff does not need to prepare to cross-examine him, and the purpose of Rule 26(b)(4)(A) will not be frustrated by preventing the Plaintiff from deposing the expert. Third, the purpose of Rule 26(b)(4)(B) is to promote fairness by preventing one party from obtaining access to the other party's trial preparation. Durflinger v. Artiles, 727 F.2d 888, 891 (10th Cir. 1984). By preventing Plaintiff from deposing Walters, the Court will further that purpose. In sum, the Court concludes that Rule 26(b)(4)(B) controls.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n4 The Defendant relies upon Toledo Edison Co. v. G. A. Technologies, Inc., 847 F.2d 335 (6th Cir. 1988), and argues that the Plaintiff is not entitled to depose Walters in the absence of a showing of exceptional circumstances. The Defendant further asserts that the Plaintiff cannot demonstrate such circumstances, because it has retained an expert witness, Adam Gutowski, to testify on the same issues as would Walters. This Court agrees with the Defendant that if Rule 26(b)(4)(B) is applicable, then the Plaintiff cannot discover the facts and opinions which Walters learned after being retained by Defendant, in the absence of a showing of exceptionable circumstances. Furthermore, the Plaintiff does not argue that exceptionable circumstances are present. Rather, Plaintiff argues that since Defendant initially named Walters as an expert who would provide trial testimony, Rule 26(b)(4)(A), not Rule 26(b)(4)(B), governs its request to take his deposition. In Toledo Edison, the Sixth Circuit did not address the issue of whether Rule 26(b)(4)(A), rather than Rule 26(b)(4)(B) governs a party's request to depose a person who, although initially identified by the opposing party as an expert who would provide testimony, will not be called as a witness. Therefore, Toledo Edison does not govern the Court's resolution of the instant motion. [*7]

n5 House is somewhat distinguishable from this case, since the expert in question was a medical professional who had had formed his opinions by examining the plaintiff. Consequently, the plaintiff was entitled to discover certain information from that witness pursuant to Rule 35(b).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Alternatively, the Plaintiff argues that it is entitled to discover facts and opinions held by Walters before his involvement in this litigation. It is unclear whether the Plaintiff asserts that Walters may have knowledge of the facts which underlie this lawsuit or whether it is asserting that it is permissible to discover what general knowledge of the used equipment market Walters possessed before he was retained by the Defendant. To the extent that the Plaintiff is relying upon the former premise, it is entitled to depose Walters. HN4 Courts have routinely allowed one party to depose experts who "were actors or viewers of the occurrences which gave rise to suit ...." 8 Wright, Miller & Marcus, Federal Practice and Procedure, § 2029 at 429. With respect to Walters' general knowledge, courts have held **[*8]** that one party may discover those facts and opinions held by the other party's consulting (as opposed to testifying) expert, which were developed before he was retained for the particular litigation, although a party may not discover facts and opinions acquired by the expert through his employment with the **opposing party,** in anticipation of the underlying litigation. Rocky Mountain Natural Gas v. Cooper Industries, 166 F.R.D. 481 (D.Colo. 1996) (and cases cited therein). Accordingly, the Plaintiff is not precluded by Rule **26(b)(4)(B)** from taking Walters' deposition to this limited extent. However, before the parties go to the time and expense of same, the Court will inquire of Plaintiff of the purpose of that deposition. Merely because Plaintiff may depose Walters for a limited purpose does not mean that any testimony obtained from him will be admissible at trial. n6 Rather, before admitting that testimony, even if deemed relevant, the Court will engage in the rigorous analysis required by Rule 403 of the Federal Rules of Evidence. To the extent that Walters' testimony is cumulative of Plaintiff's experts, the Court could refuse to allow the introduction of same. **[*9]** Rubel v. Eli Lilly and Co., 160 F.R.D. 458 (S.D.N.Y. 1995). In addition, there is a significant risk of unfair prejudice to the Defendant in any trial testimony of Walters, to wit: the danger that the jury might learn that it initially retained him. See Peterson v. Willie, 81 F.3d 1033 (11th Cir. 1996). Such potential for such unfair prejudice could be the basis for refusing to allow Plaintiff to present trial testimony from Walters.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n6 If Walters' testimony will not be admitted at trial, there does not appear to be any practical reason for the Plaintiff to depose him. Of course, information need not be admissible at trial to be discoverable; rather, Rule 26(b)(1) provides that information is discoverable, if it "appears reasonably calculated to lead to the **discovery** of admissible evidence." Since **discovery** is now closed, it does not seem likely that deposing Walters would lead to the **discovery** of admissible evidence other than testimony from Walters himself.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In sum, the Court **[*10]** has sustained the Defendant's Motion for Protective Order (Doc. # 115), to the extent that said party seeks to prevent the Plaintiff from **discovery** of the facts acquired and opinions held by Walters as a result of being retained by Defendant in anticipation of this litigation. However, the Court has overruled that motion, to the extent that the Defendant seeks to prevent the Plaintiff from **discovery** of the facts acquired and opinions held by that expert before he was retained by Defendant in anticipation of this litigation. n7 Nevertheless, before that deposition can occur, Plaintiff must articulate the purpose for same and convince the Court that there is a practical, trial based reason for that deposition, i.e., that information elicited thereby will be admissible at trial. See Footnote 6, supra.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n7 In its Memorandum (Doc. # 129), the Plaintiff requests that the Court award costs. The Court declines that request, since neither party was completely correct in this particular dispute. The Court has concluded that the Plaintiff is not entitled to discover the facts Walters learned and the opinions he developed as a result of being retained by Defendant in anticipation of this litigation (thus agreeing, in part, with Defendant). However, the Court has concluded that the Plaintiff is, in the abstract, entitled to discover the facts and opinions Walters developed before being so retained (thus agreeing, in part, with Plaintiff).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*11]

WALTER HERBERT RICE, CHIEF JUDGE

UNITED STATES DISTRICT COURT

Return to top
Source: Legal > / . . . / > 6th Circuit - US Court of Appeals, District & Bankruptcy Cases, Combined
More Like: HN2 - **Generally, non-testifying experts are protected from discovery so as to allow a party to feel free to hire and consult with such experts without risking exposing certain information to the opposing party, pursuant to Fed R. Civ. P. 26(b)(4)(B). Likewise, the same reasoning would apply to prevent the opposing party from calling as a witness at trial that same expert.** Zvolensky v. Ametek, Inc., 1998 U.S. App. LEXIS 5074 (6th Cir. March 12, 1998, Filed)
View: Full
Date/Time: Friday, February 20, 2004 - 4:06 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.