Service: **Get by LEXSEE®**
Citation: **1998 US APP LEXIS 5074**

*1998 U.S. App. LEXIS 5074, ** 

MICHAEL G. ZVOLENSKY, Plaintiff-Appellant, v. AMETEK, INC., Defendant-Appellee.

No. 96-4342

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1998 U.S. App. LEXIS 5074

March 12, 1998, Filed

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 1998 U.S. App. LEXIS 15928.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO. 95-00375. Abel (III). 11-21-96.

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff employee filed suit against defendant employer alleging injuries arising from the intentional exposure of the employee to harmful chemicals; when the United States District Court for the Southern District of Ohio found in favor of the employer, plaintiff sought review, alleging numerous errors in the conduct of the trial.

**OVERVIEW:** An employee filed suit against his employer alleging that his employer had intentionally exposed him to harmful chemicals. When the lower court found in favor of the employer, the employee sought review, challenging certain decisions of the lower court relating to witness testimony, the motion for new trial, and the propriety of the verdict. The court held that (1) the had employee no right to challenge the denial of a medical expert's written report or the denial of the right to call the medical expert as a fact witness, (2) there had been no abuse of discretion in the modification of the lower court's pretrial order to bar the employee from calling two medical witnesses where the lower court had permitted a continuance as an alternative to proceeding to trial, (3) there had been no impropriety in allowing another medical expert to testify and in denying the employee a chance to impeach that expert, (4) there had been no impropriety in denying the use of that expert as a rebuttal witness, and (5) where none of the assigned errors had merit, there had been no abuse of discretion in overruling the employee's motion for new trial or in finding the verdict proper.

**OUTCOME:** The judgment for the employer was affirmed.

**CORE TERMS:** new trial, pretrial, rebuttal witness, written report, manifest, brain, perc, abuse of discretion, opposing party, court erred, continuance, modifying, discovery,

examiner, impeach, binding, abused, scan, assignments of error, chemical, harmful, hired, vapor

**LexisNexis (TM) HEADNOTES - Core Concepts -** ♦ Hide Concepts

Civil Procedure > Disclosure & Discovery > Stipulations

**HN1** Stipulations voluntarily entered into by the parties to a suit are binding. More Like This Headnote

Civil Procedure > Discovery Methods > Expert Witness Discovery

**HN2** Generally, non-testifying experts are protected from discovery so as to allow a party to feel free to hire and consult with such experts without risking exposing certain information to the opposing party, pursuant to Fed R. Civ. P. 26(b)(4)(B). Likewise, the same reasoning would apply to prevent the opposing party from calling as a witness at trial that same expert. More Like This Headnote

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

**HN3** Rulings of the district court concerning matters of discovery and use of experts are reviewed for abuse of discretion. More Like This Headnote

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

**HN4** The decision whether to modify a final pretrial order is within the sound discretion of the district court and will be set aside only if the district court abuses that discretion. More Like This Headnote

**COUNSEL:** For MICHAEL G. ZVOLENSKY, Plaintiff - Appellant: Steven D. Bell, Lynn R. Rogozinski, Timothy J. Downing, Ulmer & Berne, Cleveland, OH.

For AMETEK, INCORPORATED, Defendant - Appellee: Frank G. Mazgaj, Buckingham, Doolittle & Burroughs, Akron, OH.

For AMETEK, INCORPORATED, Defendant - Appellee: Larry J. Rappoport, Stevens & Lee, Wayne, PA.

**JUDGES:** BEFORE: NORRIS and CLAY, Circuit Judges, and BORMAN, District Judge. *

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

**OPINION: OPINION**

**PER CURIAM.** Plaintiff Michael G. Zvolensky brought this action alleging that he was injured when his employer, defendant Ametek, Inc., intentionally caused **[*2]** him to be exposed to harmful chemicals. The jury returned a general verdict in favor of defendant, and the district court subsequently denied plaintiff's motion for a new trial. Plaintiff now raises multiple issues on appeal. Because we believe that plaintiff's assignments of error are without merit, we affirm the judgment.

**I. FACTS**

Plaintiff was hired in 1991 to work at defendant's Cambridge, Ohio manufacturing plant. After initially being placed in the general labor pool, plaintiff was then assigned to operate a vapor degreaser, which is a machine used to remove excess oil from metal parts made in the plant. The degreasing process involved the use of a chemical called perchloroethylene ("perc").

According to plaintiff, as the liquid perc boiled, it transformed into a harmful vapor that forced him, on more than one occasion, to rush to the hospital emergency room. Plaintiff worked for defendant until May 1993. Thereafter, he filed this action in the United States District Court for the Southern District of Ohio, alleging that he had suffered organic brain and central nervous system depression due to overexposure to perc while employed by defendant.

Both parties consented **[*3]** to the case being handled by Magistrate Judge Mark Abel. The court made a number of procedural and evidentiary rulings against plaintiff, and the jury, on July 23, 1996, returned a verdict in favor of defendant. Plaintiff's motion for a new trial was also denied by the court, and this timely appeal followed.

## II. ANALYSIS

Plaintiff argues that the district court erred by: (1) not requiring defendant to provide plaintiff with a written report from Dr. John Kenny, an expert retained by defendant, and in preventing plaintiff from calling Kenny as a fact witness at trial; (2) modifying its pretrial order on the day of trial; (3) allowing defendant's expert, Dr. Jess Bond, to testify beyond the scope of his Federal Rule of Civil Procedure 26 report and then denying plaintiff the opportunity to impeach Bond; (4) refusing to allow Dr. Johannes Olsen to testify as a rebuttal witness; (5) denying plaintiff's motion for a new trial; and (6) holding that the verdict was not against the manifest weight of the evidence. We now consider briefly these issues raised by plaintiff.

Plaintiff first argues that he should have been supplied with a written report from Dr. Kenny, who, on behalf of **[*4]** defendant, had conducted a psychological examination of plaintiff. Plaintiff argues that he is entitled to the report under Federal Rule of Civil Procedure 35(b)(1) and Federal Rule of Civil Procedure 35(b)(3). Specifically, Rule 35(b)(1) provides, in relevant part, that:

> If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to the requesting party a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition.

Fed. R. Civ. P. 35(b)(1). Further, Rule 35(b)(3) states that, "this subdivision applies to examinations made by agreement of the parties." Fed. R. Civ. P. 35(b)(3). As plaintiff notes, his examination was in fact conducted by agreement of the parties.

On the eve of trial, the parties entered into a stipulation whereby they agreed that the jury would be instructed that plaintiff had been examined by Kenny, but it would never learn the results of the examination. Plaintiff contends that the stipulation **[*5]** unfairly denied him the opportunity to present the results of Kenny's examination to the jury. However, "**HN1** stipulations voluntarily entered by the parties are binding, both on the district court and on us." Federal Deposit Ins. Corp. v. St. Paul Fire and Marine Ins. Co., 942 F.2d 1032, 1038 (6th Cir. 1991) (citations omitted). As the stipulation between the parties was agreed to voluntarily, plaintiff cannot now complain that he made a bad bargain. In addition, though Kenny never prepared an expert report in conjunction with his examination, his entire set of work papers were eventually turned over to plaintiff. Furthermore, plaintiff could have deposed Kenny, but failed to do so even after the court ordered that his deposition be taken. The stipulation entered into by the parties is binding.

Similarly, plaintiff argues that the court erred by preventing him from calling Kenny as a fact witness. HN2 Generally, non-testifying experts are protected from discovery so as to allow a party to feel free to hire and consult with such experts without risking exposing certain information to the opposing party. See Fed R. Civ. P. 26(b)(4)(B). Likewise, the same reasoning would apply to prevent [*6] the opposing party from calling as a witness at trial that same expert. See, e.g., Durflinger v. Artiles, 727 F.2d 888, 891 (10th Cir. 1984) (district court acted within its discretion when it prohibited defendants from calling expert witness when plaintiffs might have been prejudiced by expert's testimony because they had formally hired expert and shared important information with him). HN3 We review rulings of the district court concerning matters of discovery and use of experts for abuse of discretion, and we are not persuaded that the court abused its discretion by ruling that plaintiff could not call Kenny as a fact witness at trial.

In a related issue, plaintiff contends that the court erred by modifying its pretrial order on the day of trial. At the pretrial hearing conducted on the day the trial began, the court modified its pretrial order to bar plaintiff from calling both Kenny and Dr. Johannes Olsen. When plaintiff submitted Olsen's name as an additional witness only days before the start of trial, the court gave plaintiff the choice of proceeding to trial without Olsen or having the matter continued. Plaintiff decided against a continuance. This court has previously held [*7] that "HN4 the decision whether to modify the final pretrial order is within the sound discretion of the district court and will be set aside only if the district court abused that discretion." Daniels v. Board of Educ., 805 F.2d 203, 210 (6th Cir. 1986) (citations omitted). Clearly, the district court, by excluding Kenny and giving plaintiff the option of a continuance, did not abuse its discretion.

Plaintiff further argues that the court improperly allowed Dr. Jess Bond to testify beyond his Rule 26(a)(2)(B) report and then denied plaintiff the opportunity to impeach Bond by either questioning him about the results of a brain scan performed on plaintiff or allowing Olsen to testify as a rebuttal witness. Because we are persuaded by the district court's holding that Bond was not permitted to testify beyond the scope of his Rule 26 report and, further, that plaintiff's attempt to use the brain scan for impeachment purposes was improper, we affirm the holding based upon the reasons articulated by that court. Moreover, as Bond's testimony was proper, the district court did not abuse its discretion by disallowing plaintiff's attempt to use Olsen as a rebuttal witness. See Benedict v. [*8] United States, 822 F.2d 1426, 1428 (6th Cir. 1987).

Finally, plaintiff argues that the court erred by not granting his motion for a new trial and by holding that the jury's verdict was not against the manifest weight of the evidence. Plaintiff bases his claim for a new trial upon the aggregate of several of his assignments of error. Since we have affirmed the trial court on those points, it follows that there was no abuse of discretion in overruling the motion for new trial. Nor can we disagree with the trial court's reasoning when it concluded that the verdict was not against the manifest weight of the evidence.

Accordingly, the judgment of the district court is **affirmed**.

---

Service: **Get by LEXSEE®**
Citation: **1998 US APP LEXIS 5074**
View: Full
Date/Time: Monday, February 23, 2004 - 4:47 PM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment

♦ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.