# TABLE OF CONTENTS

Code of Ethics                                              0.5

Section One - Failure of Good Behavior                     1.00

Section Two - Neglect of Duty                              2.00

Section Three – Attendance                                 3.00

Section Four – Insubordination                             4.00

Section Five – Dishonesty                                  5.00

Section Six - Substance Abuse                              6.00

Section Seven - Care of Division Equipment                 7.00

Section Eight - Uniforms and Grooming                      8.00

Section Nine - Disciplinary Process                        9.00

Section Ten – Appeal                                       10.00

Section Eleven - Temporary Relief From Duty                11.00

Section Twelve – Suspension                                12.00

Section Thirteen – Dismissal                               13.00

Section Fourteen - Probationary Personnel                  14.00

Section Fifteen - Disciplinary Table                       15.00

Section Sixteen – Index                                    16.00

C001717

## CODE OF ETHICS

0.5    Law enforcement is an honorable calling. Service in this field commands a professional rather than an occupational philosophy. Personal honor, a desire for professional status, and devotion to service above self, are the motives which impel police officers to discharge their responsibility in full measure.

Police officers' lives are ones of self-sacrificing service to a high ideal, based upon their recognition of the responsibilities entrusted to them and the belief that law enforcement is an honorable vocation. They fully accept their responsibilities to protect the weak, to aid the distressed, and to apply the law without prejudice. They accept the obligation to report facts and to testify without bias or display of emotion, and to consider all information coming to their attention by virtue of their position, as a sacred trust, to be used for official purposes only. They give their loyal and faithful attention to the apprehension and identification of criminals, being equally alert to protect the innocent and prosecute the guilty. They perform the functions of their office without fear, favor, or prejudice and do not engage in unlawful or improper practices.

They are respectful and courteous to all citizens. They serve their city with zeal, courage, dedication, and fidelity. They are faithful and loyal to their organization, constantly striving to cooperate with and to promote better relations with all regularly constituted law enforcement agencies in matters of mutual interest and obligation.

There must be a moral philosophy, or strong appreciation of the need for obligatory service associated with any profession. Unwavering adherence to such a moral philosophy will earn for police officers the respect and support of the public. Each member of the Cincinnati Police Division will be required to conform to a high standard of personal conduct.

Members shall:

Be honest in all matters.

Face their problems with determination and persistence.

Avoid the use of obscene, profane, or violent language.

Keep their mind and body sound and healthy.
Be loyal to the law enforcement service and to their associates and neither divulge nor tolerate gossip detrimental to any member of the Division.

Encourage their associates to fully discharge the obligation of their office and assist associates promptly and energetically.

Foster in all personnel a sensitivity to misconduct and have the courage to strive against it.

Take their oath of office without reservation or evasion.

C001718

# RULES AND REGULATIONS

## SECTION ONE – FAILURE OF GOOD BEHAVIOR

1.01  Members shall not commit any acts or omit any acts which constitute a violation of any of the rules, regulations, procedures, directives, or orders of the Division.

   A. Members shall not negligently fail to carry out any rule, regulation, procedure, directive, or order of the Division, which may lead to risk of physical injury to another or financial loss to the Division.

   B. Members shall not intentionally fail to carry out any rule, regulation, procedure, directive, or order of the Division, which may lead to risk of physical injury to another or financial loss to the Division.

   C. Members shall not negligently fail to carry out any rule, regulation, procedure, directive, or order of the Division, which leads to physical injury to another or financial loss to the Division.

   D. Members shall not intentionally fail to carry out any rule, regulation, procedure, directive, or order of the Division, which leads to physical injury to another or financial loss to the Division.

   E. Members shall not intentionally fail to carry out any rule, regulation, procedure, directive, or order of the Division, which leads to serious injury to another.

1.02  Members shall obey all laws and ordinances.

   A. Members shall obey all minor misdemeanor criminal laws.

   B. Members shall obey all 1st through 4th degree misdemeanor traffic offenses and all 1st through 4th degree criminal laws.

   C. Members shall obey all felony traffic and felony criminal laws.

1.03  Members shall exercise the responsibility and authority of the position to which they are assigned in accordance with job specifications and work rules of that agreement.

1.04  Members of the Division, having a disagreement involving another member which cannot be resolved amicably, shall consult their immediate supervisor.

1.05  Members of the Division will not recognize or address a plainclothes or undercover (covert) officer as police personnel or call attention to their presence unless first addressed by them.

1.06  Members of the Division shall always be civil, orderly, and courteous in dealing with the public, subordinates, superiors and associates.

   A. They shall avoid the use of coarse, violent, or profane language.

   B. They shall not express any prejudice concerning race, sex, religion, national origin,

C001719

life-style, or similar personal characteristics.

1.07 Members shall not exhibit or divulge the contents of any criminal record to any person except in the conduct of Division functions or in accordance with the provisions of law.

1.08 Members shall treat the official business of the Division as confidential. They shall not disclose information concerning Division activities when such disclosures would hinder accomplishment of police objectives.

1.09 Members shall not recommend or suggest in any manner, while acting in an official capacity, the employment or procurement of a particular bondsman, attorney, product, or professional or commercial service.

1.10 Members shall not publicly criticize or ridicule the Division, its policies, or other members by talking, writing, or expressing themselves in any manner, when such expression:

A. Is directed towards a person with whom the member has a working relationship and the expression impairs the working relationship.

B. Is stated or inferred as the official position of the Division, without obtaining the prior approval of the Division.

C. Improperly disclosed investigative or confidential information.

D. Tends to impair the operation of the Division by interfering with its efficiency; interfering with the ability of supervisors to maintain discipline; or having been made with reckless disregard for truth or falsity.

1.11 Members of the Division shall not authorize the use of their name, a photograph which identifies them as being affiliated with the Division, or their official title, in connection with testimonial or advertisement of any commodity or commercial enterprise without official approval.

1.12 Members shall not engage in any other employment or business without the permission of the Police Chief. Requests for permission to engage in outside employment shall be made according to Division and Civil Service procedure.

1.13 Members shall not at any time use or attempt to use their official position, badge, or credentials for personal or financial gain.

A. Is directed towards a person with whom the member expects a sexual favor in lieu of performing an official act or responsibility.

1.14 Members, while acting in an official capacity, shall not interfere with or attempt to influence business which is being conducted in a lawful manner.

1.15 Members shall not solicit or accept from any person, business or organization any gift (including money, tangible personal property, food, beverage, loan, promise, service, or entertainment) for the benefit of the officers, Division, or any other person or organization if it may reasonably be inferred that the person, business or organization:

A. Seeks to influence action of an official nature or seeks to affect the performance or nonperformance of an official duty, or

C001720

B. Has an interest which may be substantially affected directly or indirectly by the performance or nonperformance of an official duty.

1.16 A. Members shall not interfere with cases being handled by other members of the Division or by any other governmental agency. Interference with a case includes, but is not limited to, actions taken which may affect an arrest, bond setting, prosecution, sentencing or any other facet of an investigation.

B. Members shall not undertake any investigation or other official action not part of their regular duties without obtaining permission from their unit commander unless the circumstances of the situation require immediate police action. Members shall not undertake any investigation or other official action involving family members without first consulting a supervisor, who will then decide the appropriate course of action and the extent of the member's involvement.

C. Members shall not undertake any covert investigation of prostitution or soliciting without prior knowledge and approval of their supervisor and without a backup officer or officers.

D. Members subpoenaed, in their capacity as a police officer (or when there is a probability that the member's position will be made known to the court), to testify in behalf of the defense, will notify their unit commander of said subpoena.

1.17 A. Members shall not participate directly or indirectly in any unethical or unlawful compromise arrangement or settlement between criminals and their victims.

B. Members shall report to their superior officer any knowledge of such arrangement in which any other member of the Division is involved.

1.18 Members of the Division shall participate in political matters only as provided in the City Personnel Policy and Procedure.

1.19 Members of the Division shall not support, join, or be a member of any organization or society designed to interfere with the orderly process of government by illegal acts or designed to disrupt the discipline and control of members of the Division.

1.20 A. Members shall not chew tobacco nor smoke in uniform, while in contact with or visible to the general public, whether on duty or not. Smoking is prohibited in any Cincinnati Police facility at all times. Smoking in all Cincinnati Police Division vehicles, whether owned or leased, is prohibited when: Any member of the public is in the vehicle or when any member of the Division in the vehicle objects to smoking.

Uniform members shall not chew gum or similar substance in court, on parade, or in contact with the general public.

B. Members assigned to civilian clothes shall not smoke, chew gum or tobacco while in court or in personal contact with members of the general public while representing the Police Division.

1.21 Members shall not knowingly or with malice make any arrest, search, or seizure which is not in accordance with law and Division procedure.

1.22 Members shall not verbally and/or physically mistreat persons who are in custody and

C001721

shall protect them from mistreatment by others. Members shall handle such persons in accordance with law and Division procedure.

1.23 Members shall not use more force in any situation than is reasonably necessary under the circumstances. Members shall use force in accordance with law and Division procedure.

1.24 Members of the Division, while acting in an official capacity, shall not fire any weapon except as authorized by Division procedure.

1.25 Members of the Division shall only draw or display their firearms in time of demonstrated need or for official inspection. Members shall not use or handle weapons in a careless or imprudent manner.

1.26 Members of the Division, while utilizing police radios and MDT's, shall conduct themselves in a professional manner at all times and will adhere to proper radio discipline.

1.27 Members of the Division will not carry unauthorized radios while on duty in the field.

1.28 Members of the Division shall not knowingly visit any place of questionable character, such as a house of prostitution, gambling establishment, or any place frequented by criminals, except in the line of duty. No member shall knowingly associate with operators of, or individuals who patronize such places.

1.29 Members of the Division shall not permit any person to remain in a police building or vehicle unless the person's presence is necessary to the conduct of official business.

1.30 Members shall not permit any other person to possess, control or use their badge or credentials.

1.31 Members shall not use Division real estate, equipment, vehicles, or other resources for personal business.

1.32 Members shall not use or attempt to use their position as a police officer to influence the decisions of government officials in matters relating to the members' personal advantage.

1.33 Members shall not undertake any financial obligations which they know or should know they will be unable to meet, and shall pay all legally enforceable debts when due.

## SECTION TWO — NEGLECT OF DUTY

2.01 Members will keep their commanding officer informed of their current residence and telephone number. Any changes in the above will be immediately reported on the appropriate forms.

2.02 Members of the Division shall provide necessary advice and/or assistance to citizens in a prompt and courteous manner, whether the request is made by telephone or in person. Information from citizens relating to complaints or reports will be thoroughly documented in accordance with existing Division procedure.

2.03 Members shall submit all necessary reports on time and in accordance with established Divisional procedures. Reports submitted by officers, as well as official statements, shall be truthful and complete.

2.04 Members of the Division will be thorough in the preparation of their cases for trial by

Revised 1/16/01, Replaces 5/31/00          9

C001722

proper execution of legal documents, analysis and preservation of evidence, summoning of witnesses, and review of their testimony.

2.05 Members shall not play games, watch television or movies or otherwise engage in entertainment while on duty, except as may be required in the performance of duty. They shall not engage in any activities or personal business which would cause them to neglect or be inattentive to their duties.

2.06 Members shall remain awake while on duty. If unable to do so, they shall so report to their immediate supervisor, who shall determine the proper course of action.

2.07 Members are obligated to take action in any criminal or emergency situation coming to their attention whether on or off duty, in accordance with City ordinances, State law and Division policy. Members shall respond promptly whenever ordered to emergency duty.

2.08 Members of the Division shall not congregate or loiter in any place or in any manner as to bring discredit to the Division. Not more than two uniform officers shall simultaneously eat in the same public restaurant. They shall direct their efforts to those places and conditions that will have the greatest impact on current crime and traffic conditions.

2.09 Members of the Division shall, at all times, respond promptly and safely to radio calls. They shall, as soon as practical, make themselves available for further service. As soon as practical, they shall notify their unit of actions taken.

2.10 Members of the Division shall immediately report to their superior officer all information they acquire concerning crime or crime conditions.

2.11 Members of the Division shall not conduct social or personal associations or relationships with another person while on duty which would impair the operation or efficiency of the Division.

2.12 Members are responsible for insuring the safety and welfare of persons and their personal property when transporting or having custody of persons who are sick, injured, arrested, or incapacitated in any way.

2.13 Any member of the Division becoming aware of, or receiving a complaint regarding any infraction of Division regulations or violation of City ordinance or State law by Division personnel, excepting civil matters arising outside the scope of the member's employment or minor traffic violations, shall immediately report such conduct to his supervisor should the matter come to the member's attention while on duty. If received while not on duty, the member shall report the information to his supervisor or to the Internal Investigations Section Commander before the end of business hours on the next working day.

2.14 A member of the Division receiving a complaint of, or becoming aware of any infraction or violation by Division personnel shall not discuss such information with anyone except his supervisor and the Internal Investigations Unit.

2.15 A supervisor receiving information from a citizen concerning alleged misconduct by a member of the Division shall conduct a preliminary investigation, if practical.

2.16 If there appears to be some justification of the complaint, including anonymous complaints, the supervisor shall record the complaint on a Citizen's Complaint form as soon as practical. If the complaint appears unjustified and the citizen continues to demand

C001723

a report, the receiving supervisor will submit a written report of the incident to his unit commander.

2.17  Members shall immediately report to their commanding officer any arrests or court actions instituted against them, except in civil matters arising outside the scope of their employment or minor traffic violations.

2.26  A.  A member must, upon direction of the Police Chief or his designated representative, respond completely and truthfully to all questions that are specifically, directly and narrowly related to his performance as a police officer.  Since the member is required by rule and case law to answer, and has no right against self incrimination, the response to such questions may be used only in the application of administrative justice.  The member is immune in any subsequent related criminal proceeding from the uses of his answers or fruits thereof.

B.  Should the member fail or refuse to respond completely and truthfully to all questions of this nature directed to him as a member of the Police Division, he will be given a direct order to do so.  Refusal or failure to then respond will result in the pursuit of disciplinary action against the member for failure to obey the order.  That disciplinary action may result in administrative sanction against the member which may include dismissal from his employment as a member of the Police Division.

### SECTION THREE — ATTENDANCE

3.01  A.  Members shall report for duty at the time and place required by assignment or orders and shall be neatly and properly groomed, as well as physically and mentally fit to perform their duties.  They shall be properly equipped and cognizant of information required for the proper performance of duty so that they may immediately assume their duties.

B.  Sworn members reporting for duty in civilian clothing will wear acceptable civilian attire of conservative color and design.  Male members' attire to include a coat and tie.  Members assigned in old clothes (undercover or covert) will report for duty as prescribed by their unit commander.  Members assigned   to auxiliary services, i.e., Impound Unit, Court Property Unit, etc., will report for duty in such clothing as prescribed by their unit commander.

C.  Sworn members on duty and assigned to the uniform force will report to court in the uniform of the day.   Members who are off-duty may report to court in either the uniform of the day or in acceptable civilian attire of conservative color and design.  Male members' attire to include a coat and tie.

D.  Sworn members assigned in old clothes (undercover or covert) or to auxiliary services will, when appearing in court, dress in acceptable civilian attire as outlined above.  Members may wear the uniform of the day, providing they meet current grooming standards.

E.  Civilian members reporting for duty will wear acceptable attire of conservative design.  Cutoffs, shorts, halter-tops, patched clothing, blue jeans, and other bizarre type clothing is expressly prohibited.

3.02  Members of the Division shall not be absent from duty without first obtaining permission.

3.03  Members, when reporting for or terminating their tour of duty, will report to their

C001724

immediate supervisor or that person designated as being in charge.

3.04 Members of the Division shall not be absent from any trial or hearing except for a good cause. In such instances, they shall notify their superior officer at a reasonable time before the trial or hearing begins.

### SECTION FOUR — INSUBORDINATION

4.01 Members of the Division shall promptly obey the legitimate orders of superior officers and other members acting in a supervisory capacity.

4.02 When two or more members of equal rank are simultaneously employed in the same operation, the senior member shall be in charge, except when otherwise ordered.

4.03 Members of the Division shall conduct official business through channels as indicated in the current organizational structure. Rank shall not be disregarded in conducting official business except where authorized by the Police Chief, by law, or any current labor agreement.

4.04 All command and supervisory personnel will be addressed by their correct title and last name.

4.05 A member must, upon direction of the Police Chief or his designated representative, respond completely and truthfully to all questions that are specifically, directly and narrowly related to his performance as a police officer or member of the Police Division.

4.06 A member must, upon direction of the Police Chief or his designated representative, submit to a drug and/or alcohol test.

### SECTION FIVE — DISHONESTY

5.01 No member shall knowingly state, enter, or cause to be entered on any official document, any inaccurate, false, incomplete, misleading, or improper information.

5.02 Members of the Division shall not remove or attempt to remove any official record, report, or citation from any file or take any official record from the office where it is kept except in the performance of their duties.

### SECTION SIX — SUBSTANCE ABUSE

6.01 Members shall not consume alcoholic beverages, be under the influence of, or have an odor of an alcoholic beverage on their person, while in uniform or on duty except in the performance of duty and while acting under proper and specific orders from a superior officer.

6.02 Members shall not appear for duty or be on duty while under the influence of any illegal controlled substances.

6.03 Members shall not possess or use any controlled substances except when prescribed in the treatment of members by a physician or dentist. When controlled substances are prescribed, members shall notify their supervisor when reporting for duty.

6.04 Members shall not have alcoholic beverages, controlled substances or contraband on their person or in any police installation or police vehicle except for legitimate purposes.

C001725

## SECTION SEVEN — CARE OF DIVISION EQUIPMENT

7.01 Members of the Division shall not operate any police equipment or vehicle unless they are qualified and authorized to do so.

7.02 Members shall operate official vehicles in a careful and prudent manner, and shall conform to divisional procedures pertaining to such operation (Official vehicles include motor vehicles, motorcycles, bicycles, and horses).

7.03 Members shall, before use, examine any divisional vehicle or equipment assigned to them, and report unrecorded damage or operational defects to their supervisor and make necessary reports.

7.04 Members of the Division shall be responsible for the care of Division property of every description and the prompt reporting of loss, damage, or defect.

7.05 Members assigned to operate police vehicles shall be responsible for the cleanliness of such vehicles, especially the interior cleanliness.

## SECTION EIGHT — UNIFORMS AND GROOMING

8.01 Members assigned to the uniform force may wear civilian clothing to and from their duty station.  The uniform hat will be worn only with the uniform of the day.

8.02 A.  Members of the Division shall not wear on their uniforms any insignia of a fraternal organization or any insignia which would prejudice their position or neutrality. Authorized insignia for service or achievement in the Police Division may be worn.

B.  Members will not wear any insignia or ornament of any kind upon any part of their uniform or any item of civilian attire, while on duty, unless authorized by the Police Chief.

8.03 Members of the Division shall keep their clothing or uniform in good repair, cleaned and pressed; their shoes, belt and holster shined; and metal parts of their uniform polished and will wear their uniform completely fastened. Uniformed members shall wear prescribed headgear while outdoors.  Members shall maintain a military bearing and an alert attitude and appearance.

8.04 A.  Sworn members shall carry their badge and identification card when carrying their Division approved firearm. Sworn members in civilian attire while in police installations shall at all times wear their identification card in a visible manner.

B.  Civilian members of the Division, while in police installations, shall at all times wear their identification card in a visible manner.

## SECTION NINE -- DISCIPLINARY PROCESS

9.01 The supervisor's portion of the Citizen's Complaint Form shall outline the allegations, identifying principals and witness, and provide information developed as a result of any preliminary investigation.

C001726

9.02 A supervisor may initiate a request for disciplinary action or a request for an investigation as a result of personal knowledge or information from another source. In such cases, the request will be routed through the normal chain of command unless such routing would jeopardize the information or investigation. In any such cases, the request may be given directly to any person in the chain of command. Any supervisor can issue a written reprimand subject to review and approval by the affected bureau commander.

9.03 Any member who is the subject of a formal investigation shall be notified of the investigation by the Internal Investigations Unit, unless such notification would jeopardize and/or hinder the investigation.

9.04 In addition to notifying the member who is the subject of the investigation, the Internal Investigations Unit will notify the member's commander regarding the investigation.

9.05 A copy of the Citizen Complaint Form shall be routed in accordance with current procedures. A notation in the blotter will be placed, advising the receipt of the complaint, denoting the name of the complaining citizen, and who delivered the complaint to the unit responsible for conducting the internal investigations, unless such notation would hinder the complaint investigation.

    A. All complaints handled through the Citizen Conflict Resolution process shall be recorded in accordance with current procedures.

9.06 At the direction of the Police Chief, a complaint may be investigated either by the Internal Investigations Unit or the alleged infractor's unit.

    A. In any interrogation conducted by the Police Division Internal Investigations Section or similar Police Division unit, an accused member shall have the right to tape record his entire interrogation, including comments prior to and following the actual questioning   The interrogation shall not be unreasonably delayed because of the request for a tape recording.

    B. Upon completion of the investigation, the investigating officer will prepare a report detailing his findings. The report will include his recommendations for the type of closure and action, if any, to be initiated. It will also contain all statements, photographs, and other pertinent materials.

    C. After review and endorsement by the section/district commander, the report will be forwarded to the Internal Investigation Unit.

    D. The Internal Investigation Unit will review the information and make a final recommendation to the Police Chief for action and closure.

9.07 The complaint investigation can result in any of the following types of closures:

    A. SUSTAINED -- Allegation is supported by sufficient evidence.

    B. NOT SUSTAINED -- Insufficient evidence to prove or disprove the allegation.

    C. EXONERATED -- Incident did occur, but the actions taken were lawful and proper.

    D. UNFOUNDED -- Allegation is not factual; did not happen.

    E. SUSTAINED-OTHER -- Sustaining of violation or misconduct other than the

C001727

allegation of the original complaint.

9.08  The member and his commander will be notified of the disposition of the complaint by the Internal Investigations Unit within five (5) days of the date the complaint is closed.

9.09  The prime objective of a Disciplinary Hearing is to afford administrative justice. It is an administrative process and is governed by administrative law, which dictates that the primary objective of the hearing is the furtherance of the public interest rather than the neutral arbitration of differences, which is the purpose of a court of law. Legal technicalities will not be permitted to defeat the achievement of this objective. Toward that end result, the following general precepts will apply at Disciplinary Hearings:

9.10  The Police Chief shall designate Division Hearing Officers. The Hearing Officers will conduct all Disciplinary Hearings held within the Division except when to do so would be in conflict of interest, e.g., close personal friend, officer of equal or superior rank, etc. In such case, the Police Chief will designate a different Hearing Officer or will conduct the hearing himself.

9.11  Under ordinary circumstances, the accused member will be served a copy of Form 36, Charge Sheet, at least five (5) days prior to the hearing date, indicating the charges preferred and a basic statement of the facts causing the charges to be filed. The location, date, and time of the hearing will be included in the form. The unit responsible for conducting the internal investigations will be responsible for preparing the Form 36, and causing same to be served.

   NOTE:  In the case of Division I employees, the Union President will also be served with a copy of the Form 36, Charge Sheet.

9.12  It is not necessary to prepare formal charges and conduct a formal hearing if the hearing can be dealt with by issuing a written reprimand.

9.13  The subject of an investigation which results in a Disciplinary Hearing, or his designated representative, shall have the right to obtain a copy of any written or recorded statements the subject has given which are to be used in the Disciplinary Hearing, provided he makes a written request for such a copy prior to the hearing. The officer and/or his representative shall be provided a reasonable time after receiving the statement to review the materials prior to the hearing.

9.14  Any member of the Division who is required to appear at any hearing in his own defense may select another member of any rank, with such member's consent, and/or an attorney to accompany and represent him. However, any person who is required to participate in the hearing in any other capacity is prohibited from participating as the representative of a police officer who is the subject of the disciplinary hearing.

9.15  Any member being the subject of any hearing may have witnesses appear in his behalf. Also any matters of mitigation may be presented to the Hearing Officer.

9.16  If the accused member desires to waive his right to legal representation and/or to present witnesses, he will be requested to sign a form indicating a waiver of those rights.

9.17  Either the Internal Investigation Unit Commander or his designate will act as coordinator for hearings.

9.18  A written or taped record of all hearings conducted within the Police Division will be

C001728

made and kept on file for five (5) years. The record will be stored at the office of the Internal Investigations Unit.

9.19 A prepared statement will be read concerning the authority and purpose of conducting the hearing.

9.20 The Charge Sheet with specifications against the accused will be read into the record.

9.21 The Hearing Officer will be permitted to question any witnesses and to call or recall any witnesses, as he may deem necessary.

9.22 The Hearing Officer will arrive at a decision to sustain or not sustain the charges and will notify the subject of the hearing when that decision is reached.

9.23 The recommendation, exclusive to the Hearing Officer and pending final approval, will not be disclosed to the officer who is being disciplined unless the recommendation is for dismissal. It shall be explained to the officer by the Hearing Officer that the recommendation may be amended in the review process, with final approval by the City Manager. The officer may have a representative or attorney present for this disclosure.

9.24 If the Hearing Officer determines that the charges are not sustained, no further action will be taken subject to review and approval by the Police Chief. This does not preclude counseling and/or training of a non-punitive nature.

9.25 The Hearing Officer will submit a written report to the Police Chief within ten calendar days of the hearing. The Police Chief must approve any extension beyond the ten days. The report must contain the following:

A.  Time and date of the hearing.

B.  Location of the hearing.

C.  A list of those present at the hearing, including the identity of the person representing the employee.

D.  The charges against the employee.

E.  If the employee is not represented, a statement from the employee acknowledging his waiver of representation.

F.  A statement from the supervisor documenting the charges.

G.  A statement from the employee, should he wish to make a statement, concerning the charges.

H.  The resolution of the charges and recommendation.

9.26 If the Hearing Officer sustains the charge(s), he will recommend either corrective measures or disciplinary action to the Police Chief. Recommendations may include:

A.  Corrective Measures:

1.  Referral to Public Employees Assistance Program (PEAP)

C001729

    2. Oral Reprimand (documented via ESL)

    3. Administrative Insight process
    4. Training

B. Disciplinary Actions:

  *1. Written Reprimand

   2. Suspension

   3. Demotion

   4. Dismissal

   5. Withdrawal of outside employment privileges when the outside employment is the subject matter of the disciplinary proceeding or action

- A copy of any written reprimand that is issued to a Division 1 employee must be given to the union steward who represents the employee.

C. Any combination of Section A., and/or one from Section B.

9.27  The Internal Investigations Unit will ensure the execution of the necessary documents and serve them on the member and also, when required, upon the union steward.

9.28  The Internal Investigation Unit will ensure that the disciplinary documents are served on the member and will advise the member's unit commander of the sanction imposed. The member's unit commander will advise the Internal Investigation Unit at the time the stipulated penalty has been completed whereupon the Internal Investigation Unit will so notify the Police Chief.

9.29  The Police Chief may suspend an officer, pending review by the Director of Safety, based on the severity of the infraction, safety of the public, or potential for jeopardizing the reputation or objectives of the Police Division.

9.30  If the member is suspended, the Director of Safety shall review the cause of that suspension within five (5) calendar days of suspension.

## SECTION TEN -- APPEAL

10.01  Any member of the Division may appeal disciplinary action in accordance with Personnel Policies and Procedures of the Department of Personnel. All forms of disciplinary action which are not acceptable to the Civil Service Commission or the courts, except written and oral reprimands and Forms 475, shall be subject to review through Steps 3, 4, 5 and 6 of the grievance procedure.

C001730

10.02  The notice of appeal must be in writing and filed not later than ten (10) days after the order of disciplinary action has been filed by the appointing authority with the Civil Service Commission, in accordance with Civil Service Commission Policies and Procedure and State law.  Upon receipt of such an appeal, the Commission shall hear such appeal within thirty (30) days after the time-stamped date of receipt of the written appeal.

## SECTION ELEVEN -- TEMPORARY RELIEF FROM DUTY

11.01  A supervisor may, for a period not to exceed the member's regular or remaining tour of duty, temporarily relieve from duty a member under his or her supervision on the grounds that the member is unfit for duty.  "Unfit for duty" may include any physical or mental condition which might, in the judgment of the supervisor, render the member incapable of adequately performing duties; or performing them in such a way as to embarrass or discredit the Division, or jeopardize the safety of any person or property. The supervisor shall immediately notify the affected member's commander.  During the night season, the ranking command officer on duty will also be notified.  The member will be carried on the personnel report as "Sick With Pay".

11.02  A member can also be relieved of duty because of misconduct.  The supervisor in charge will relieve the employee of duty and immediately notify the employee's unit commander.  The supervisor when relieving the employee of duty will:

A.  Inform the employee of the charge.

B.  Give the employee notice of the factual basis for the charge.

C.  Give the employee an opportunity to explain to the supervisor why he should not relieve him of duty.  Request the employee submit a Form 17 stating all pertinent information about the incident.

D.  Direct the employee to report to the Police Chief's Office at 0900 hours.  The Police Chief, or his designate, will determine whether to suspend the employee without pay or return the employee to duty.

E.  Ensure the employee is safely removed.

11.03  In either of the above, if circumstances warrant, the member will be relieved of his official identification and Division firearm.

## SECTION TWELVE -- SUSPENSION

12.01  Officer suspension of more than five (5) days will require that the officer immediately be relieved of gun, badge, wreath, identification card, and ammunition.  A receipt will be issued the officer for the items held.  If the suspension is for five (5) days or less, the officer's equipment need not be surrendered.  Rather, the officer will be notified of the suspension dates, with admonishment that the police powers are suspended and the carrying of or use of the police equipment is prohibited.

## SECTION  THIRTEEN -- DISMISSAL

C001731

13.01  In accordance with Civil Service Rules and State Law, any member may be dismissed from the Division when proven guilty of any of the following:

- Incompetency

- Inefficiency

- Dishonesty

- Drunkenness
- Insubordination

- Immoral Conduct

- Neglect of Duty

- Failure of Good Behavior

- Discourteous Treatment of the Public

- Violation of Civil Service Law

- Violation of Rules and Regulations of the Civil Service Commission

### SECTION FOURTEEN – PROBATIONERY PERSONNEL

14.01  A probationary employee may be removed or demoted, in accordance with current Civil Service Rules and the Personnel Policies and Procedures of the Department of Personnel.

### SECTION FIFTEEN - DISCIPLINARY TABLE

A - Any Corrective Measure Outline in Rule 9.26, Section A.

B - Written Reprimand

C - Hearing (1-3 days suspension)

D - Hearing (3-5 days suspension)

E - Hearing (5-10 days suspension)

F - Hearing (10 days suspension or more, demotion, or dismissal)

G - Hearing (dismissal)

All time lengths for repeated conduct are based on a 36-month period unless otherwise stated.

| Section One – Failure of Good Behavior | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| 1.01a | A | B | C | D |
| 1.01b | B | C | D | E |
| 1.01c | C | D | E | F |
| 1.01d | D | E | F | G |
| 1.01e | E | F | G |  |
| 1.02a (one year- mm criminal) | A | B | C | D |
| 1.02b (two years - 3rd and 4th degree misd) | B | C | F | G |
| 1.02b (two years - 1st and 2nd degree misd) | D | E | F | G |
| 1.02c (three years - any felony) | F | G |  |  |
| 1.03 | B | C | D | F |
| 1.04 | A | A/B | B | C |
| 1.05 (negligent circumstances) | A | B | C | D |
|  |  |  |  |  |
| 1.05 (intentional circumstances) | D | F | G |  |
| 1.06a | A | B | C | D |
| 1.06b | B | C | D | F |
| 1.07 | B | F | G |  |
| 1.08 | B | D | F | G |
| 1.09 | A | B | C | D |
| 1.10a | A | B | C | D |
| 1.10b | B | C | D | F |
| 1.10c | B | D | F | G |
| 1.10d | B | D | F | G |
| 1.11 | A | B | C | D |
| 1.12 | A | B | C | D |
| 1.13 | B | C | D | F |
| 1.13a | F | G |  |  |
| 1.14 | B | C | D | F |
| 1.15a | A | B | C | D |
| 1.15b | B | C | D | F |
| 1.16a | B | D | F | G |
| 1.16b | B | C | D | F |
| 1.16c | B | C | D | F |
| 1.16d | A | B | C | D |
| 1.17a | C | D | F | G |
| 1.17b | B | C | D | F |
| 1.18 | A | B | C | D |
| 1.19 | E | F | G |  |
| 1.20a | A | A | B | C |
| 1.20b | A | A | B | C |
| 1.21 | B | C | D | F |
| 1.22a (verbal abuse) | A | B | C | D |
| 1.22b (physical abuse) | C | D | F | G |
| 1.23 | C | D | F | G |
| 1.24 | C | D | F | G |
| 1.25 | B | C | D | F |
| 1.26 | A | A | B | C |
| 1.27 | A | A | B | C |
| 1.28 | B | C | D | F |
| 1.29 | A/B | B | C | D |
| 1.30 | C | D | F | G |

C001733

| | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| **Section One – Continued** | | | | |
| 1.31 | B | C | D | F |
| 1.32 | C | D | F | G |
| 1.33 | A | B | C | D |
| **Section Two – Neglect of Duty** | **1st** | **2nd** | **3rd** | **4th** |
| 2.01 | A | B | C | D |
| 2.02 | A | B | C | D |
| 2.03 | A | B | C | D |
| 2.04 | A/B | B | C | D |
| 2.05 | A | B | C | D |
| 2.06 | A | B | C | D |
| 2.07 | B | C | D | F |
| 2.08 | A/B | C | C | D |
| 2.09 | A/B | B | C | D |
| 2.10 | A/B | B | C | D |
| 2.11 | A/B | B | C | D |
| 2.12 | B | C | D | F |
| 2.13 | B | C | D | F |
| 2.14 | A/B | B | C | D |
| 2.15 | A/B | B | C | D |
| 2.16 | A/B | B | C | D |
| 2.17 | A/B | B | C | |
| 2.26a | F | G | | |
| 2.26b | F | G | | |
| **Section Three – Attendance** | **1st** | **2nd** | **3rd** | **4th** |
| 3.01a | A | A/B | B | C |
| 3.01b | A | A/B | B | C |
| 3.01c | A | A/B | B | C |
| 3.01d | A | A/B | B | C |
| 3.01e | A | A/B | B | C |
| 3.02 | B | C | D | F |
| 3.03 | A/B | B | C | D |
| 3.04 (one year) | A | A | B | C |
| **Section Four – Insubordination** | **1st** | **2nd** | **3rd** | **4th** |
| 4.01 (non-serious) | A/B | B | C | D |
| 4.01 (serious) | C | D | F | G |
| 4.02 | A | B | C | D |
| 4.03 | A/B | B | C | D |
| 4.04 | A | A | B | C |
| 4.05 | F | G | | |
| 4.06 | F | G | | |
| **Section Five – Dishonesty** | **1st** | **2nd** | **3rd** | **4th** |
| 5.01 | C | D | F | G |
| 5.02 | B | C | D | F |

C001734

| Section Six -Substance Abuse | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| 6.01 | C | D | F | G |
| 6.02 | F | G | | |
| 6.03 | B | C | F | G |
| 6.04 | B | C | D | F |

| Section Seven - Care of Division Equipment | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| 7.01 | A/B | B | C | D |
| 7.02 (category 1 accidents) | per | current | guidelines | |

| Section Seven - Continued | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| 7.02 (category 2 accidents) | per | current | guidelines | |
| 7.03 | A | A/B | B | C |
| 7.04 | A | B | C | D |
| 7.05 | A | A/B | B | C |

| Section Eight - Uniforms and Grooming | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| 8.01 | A | A/B | B | C |
| 8.02a | A | A/B | B | C |
| 8.02b | A | A/B | B | C |
| 8.03 | A | A/B | B | C |
| 8.04a | A | A/B | B | C |
| 8.04b | A | A/B | B | C |

C001735

**SECTION SIXTEEN – INDEX**

| | |
|---|---|
| Absence from duty | 3.01, 3.02 |
|   from trial or hearing | 3.04 |
| Advertisement, use of name in | 1.11 |
| Affiliation with organizations | 1.19 |
| Alcoholic beverages, appearing for duty | 6.01 |
|    consumption in uniform | 6.01 |
|    possession of | 6.04 |
|    under the influence of | 6.01 |
| Appeals | 10.01, 10.02 |
| Appearance personal | 3.01, 8.03 |
| Arrests, illegal | 1.21 |
|   reporting of | 2.18 |
| Association, social or personal while on duty | 2.11 |
| Availability for service | 2.08, 2.09 |
| | |
| Badge, to be carried | 8.04 |
|   use of | 1.13, 1.30 |
| Business, attempting to influence | 1.14 |
| | |
| Case preparation | 2.04 |
| Cases, interfering with | 1.16 |
| Charge Sheet, serving on member | 9.11 |
| Chewing gum | 1.20 |
| Citizen complaints, processing of | 9.05 |
|    Receiving | 2.13, 2.15 |
| Citizen Conflict Resolution | 9.05A |
| Civilian attire | 3.01 |
|   clothing to and from duty station | 8.01 |
| Civilians, wearing of identification card | 8.04 |
| Cleanliness of clothing | 8.03 |
|   police vehicles | 7.05 |
| Closure of complaints, types of | 9.07 |
| Clothing, condition of | 8.03 |
| Code of Ethics. | 0.50 |
| Complaints, handling of | 2.02 |
| Confidentiality of official business | 1.08 |
| Conflict Resolution | 9.05A |
| Congregating by members | 2.08 |
| Contraband | 6.04 |
| Controlled substances. | |
|    possession of | 6.03 |
|    under the influence of | 6.02 |
| Court, absence from | 3.04 |
| Courtesy, dealing with public, subordinates, superiors and associates | 1.06A, 2.02 |
| Covert (undercover) officer, recognition | 1.05 |
| Credentials, improper use of | 1.13 |
|   use by another | 1.30 |
| Crime conditions, reporting of | 2.10 |
| Criminal contents, divulging contents | 1.07 |
| Criminal or emergency situations | 2.07 |



C001736

Index

Criminals, association with ................................................................ 1.59

Damage to equipment, reporting .......................................................... 7.03
Disagreements involving members ........................................................ 1.04
Discipline ............................................................................... 9.00
    Appeals ............................................................................ 10.01, 10.02
    Charge Sheet, serving on member ................................................... 9.11
    citizen complaints, processing of ................................................. 9.05
        receiving ...................................................................... 2.13, 2.15
    closure of complaints, types of ................................................... 9.07
    dismissal .......................................................................... 13.01
    General Precepts of Hearings ...................................................... 9.09
    Hearing Officer, Police Chief will determine ...................................... 9.10
    Hearings ........................................................................... 9.10
    investigation of complaints ....................................................... 9.01, 9.06
    notifying member of complaint
        and disposition ................................................................ 9.03, 9.08
    objectives of hearings ............................................................ 9.09
    penalties, notification and service of ............................................ 9.22, 9.23, 9.24, 9.26
        types of ....................................................................... 9.26
    preparing citizen complaints ...................................................... 2.16, 9.01
    probationary personnel ............................................................ 14.01
    record of hearings, to be kept .................................................... 9.18
    relief from duty, temporary ....................................................... 11.01, 11.02, 11.03
    representation at hearings ........................................................ 9.14
    summary of hearing ................................................................ 9.25, 9.26
    supervisor initiating request for
        disciplinary action ........................................................... 9.02
    suspension pending Director of Safety
        hearing ........................................................................ 9.29, 9.30, 12.02
    testimony at hearing, member
        required to answer ............................................................ 2.26
    waiver of rights at hearings ...................................................... 9.16
    witnesses at hearings ............................................................. 9.15
Dismissal ............................................................................... 13.01
Division representation, without approval ............................................... 1.10
Drinking, while on duty ................................................................. 6.01
Drug testing ............................................................................ 4.06
Duty, absence from ...................................................................... 3.02
    reporting for and terminating ..................................................... 3.01, 3.03

Emergencies, responding to .............................................................. 2.07
Entertainment, while on duty ............................................................ 2.05
Equal rank, senior officer in charge .................................................... 4.02
Equipment, authority to operate ......................................................... 7.01
    careful use of .................................................................... 7.02
    personal use of ................................................................... 1.31
Ethics, Code of ......................................................................... 0.50

Financial Obligations ................................................................... 1.33

C001737

Index

Firearms, careless use of                                                  1.25
   carrying of                                               8.04
   drawing or displaying of                                  1.25
   use of                                                    1.24
Force, use of                                                              1.23

General Precepts of Hearings                                               9.09
Government, influencing officials of                                       1.32
Gratuities, solicit                                                        1.15

Hearing, absence from                                                      3.04
Hearing Officer, Police Chief will determine                               9.14
Hearings, types of                                                         9.10

Identification, improper use of                                            1.13
Identification card, civilians wearing of                                  8.04
   to be carried                                            8.04
Illegal searches and seizures                                              1.21
Influence, Use of                                                          1.32
Insignia, wearing of on uniform                                            8.02
Interfering with, lawful business                                          1.14
Interior cleanliness, vehicles                                             7.05
Investigation of complaints                                          9.01, 9.06
   off duty                                                 1.16
   interfering with                                         1.16
   required to answer                                       4.05

Job specifications, responsibility and authority to                        1.03

Laws and ordinances, obedience to                                          1.02
Loitering                                                                  2.08

Mistreatment of persons, verbally and physically                           1.22

Neglect of duty .                                                          2.05
Notifying member of complaint and disposition                       9.03, 9.08
   member's commander of complaint                          9.04

Obedience to laws and ordinances                                           1.02
Objectives of hearings                                                     9.09
Official business, confidentiality                                         1.08
Official position, use of                                            1.13, 1.32
Operation of police vehicles                                               7.02
Orders of superior officers, obedience to                                  4.01
Organization structure, official business
   through channels                                         4.03
Outside employment                                                         1.12



C001738

Index

Penalties, notification and service of                              9.22, 9.23
types of                                                                   9.26
Personal appearance                                                  3.01, 8.03
    use of equipment .                                                     1.30
Personal gain, use of influence                                           1.32
Persons in police buildings                                               1.29
Physical fitness                                                          3.01
Plainclothes officer, recognition of                                     1.05
Police installations, smoking in                                         1.20
Police vehicles, smoking in                                              1.20
Prejudice, will not express                                             1.06B
Preparing citizen complaints                                        2.16, 9.01
Prescribed medicine                                                      6.03
Probationary personnel                                                  14.01
Professional or commercial service, recommending                         1.09
Political matters, participation in                                      1.18
Property, reporting loss or damage to                                    7.04
Property personal, responsibility for                                    2.12

Radio calls, responding to                                               2.09
Radio conduct                                                             1.26
Radios, unauthorized                                                      1.27
Recognition of plainclothes officer                                      1.05
Recommend, professional or commercial service                            1.09
Record of hearing to be kept                                       -     9.18
Records (criminal), divulging contents                                   1.07
Relief from duty, temporary                                  11.01, 11.02, 11.03
Reporting for duty.                                                  3.01, 3.03
    loss or damage to Division property                                  7.04
    of vehicle damage                                                    7.03
Reports, removal without authority                                       5.02
    submitted on time                                                    5.01
    submitted truthful and complete                                      5.01
Representation at hearings                                               9.14
Representing, Police Division                                            1.10
Residence, informing supervisor of current                              2.01
Rules, violation of                                                      1.01

Searches and seizures, illegal                                           1.21
Senior officer, in charge                                                4.02
Service, availability for                                                2.09
Sleeping on duty                                                         2.06
Smoking, in police installations                                         1.20
    in police vehicles                                                   1.20
    uniform or civilian clothing                                         1.20
Societies, membership in                                                1.19
Solicit, gratuities                                                      1.15
Statements, improper                                                    1.10
Summary of hearing                                                  9.25, 9.26

C001739

Index

Supervisor, initiating request for disciplinary action   9.02
Supervisors, use of correct title   4.04
Suspension pending Director of Safety hearing   9.29, 9.30

Telephone number, informing supervisor of current   2.01
Terminating tour of duty   3.03
Testimony at hearing, member required to answer   2.26
Titles, addressing supervisors   4.04
Trial, absence from   3.04
    preparation for.   2.04
Tobacco, chewing of   1.20

Unauthorized persons in building or vehicle   1.29
Unauthorized radio   1.27
Under influence of alcoholic beverage or controlled substance   6.02
Undercover officer, recognition of   1.05
Unethical practices   1.17
Uniform, condition of   8.03
    hat, wearing of   8.03
    insignia, wearing of   8.02
    wearing parts of   8.01
Use of badge for personal gain   1.13
    force   1.23
    name in testimonial or advertisement   1.11

Vehicles, careful use of   7.02
    cleanliness of   7.05
    inspection of   7.03
Violation of Division rules   1.01
Visiting questionable places   1.28

Waiver of rights at hearings   9.16
Weapons, careless use of   1.25
    drawing or displaying of   1.25
    use of   1.24
Witnesses at hearings   9.15
Work rules of assignment   1.03



C001740

P.04/14

DEC-02-2003  14:24        RENDIGS FRY KIELY

## HAMILTON COUNTY LOCAL GOVERNMENT .
## MUTUAL AID AGREEMENT FOR LAW ENFORCEMENT

THE UNDERSIGNED local governments and law enforcement
agencies (hereinafter the Agency or Agencies) in Hamilton
County, Ohio have entered this mutual aid contract pursuant to
Sections 505.43, 505.431, 737.04 and 737.041 of the Revised Code
and pursuant to any other applicable local government authority
including home-rule.  This agreement has been executed for the
purpose of providing reciprocal police services across
jurisdictional lines to enhance the capabilities of law
enforcement to protect citizens and property throughout Hamilton
County.  Each undersigned local government Agency acknowledges
the adoption of and shall provide a certified copy of a
resolution by the appropriate legislative authority authorizing
the terms of this agreement, authorizing the provision of police
services to any other Agency pursuant to the terms of Section
505.431 and 737.041 of the Ohio Revised Code and authorizing
those police department members acting outside of their
jurisdiction to exercise full police authority within the
jurisdiction of any other Agency except as provided in paragraph
VI(J).

The undersigned Agencies shall provide and exchange the full
array of police services to and from any of the other Agencies
without limitation but generally in accord with the following
guidelines.



PLAINTIFF'S
EXHIBIT 78
12-3-03    WW

I.  <u>COOPERATIVE ENFORCEMENT WITHOUT REQUEST</u>

The Agencies recognize related criminal activities routinely occur across jurisdictional lines and that cooperation between Agencies can increase the effectiveness of law enforcement throughout Hamilton County.  Any Agency or Agencies may proceed without request from a cooperating Agency generally according to the following guidelines:

A.  <u>In-Progress Crime Assistance Without Request</u>

Whenever an <u>on-duty</u> law enforcement officer from one jurisdiction views or otherwise has probable cause to believe a criminal offense has occurred outside the officer's home jurisdiction but within the jurisdiction of a cooperating Agency the officer may make arrests according to law and take any measures necessary to preserve the crime scene.  Control of any arrested person, evidence and the crime scene shall be relinquished to the first available officer from the jurisdiction within which the crime took place.  The arresting officer may immediately transport or relocate any arrested persons or evidence if the officer determines that remaining at the crime scene could endanger himself or others or threaten the preservation of any evidence.

-2-

DEC-02-2003  14:25        RENDIGS FRY KIELY                                      P.06/14

B.  Whenever an on-duty law enforcement officer from one jurisdiction views or otherwise has probable cause to believe that a serious traffic offense, including DUI violations, has occurred within the jurisdiction of another cooperating Agency the law enforcement officer may stop, arrest or cite the suspected violator according to law.  The DUI or other traffic violator will be turned over to the first available officer from the cooperating Agency for completion of all necessary processing.  The initiating officer will provide any further assistance to the limited extent necessary for subsequent court proceedings.

## II.  INVESTIGATION OUTSIDE ORIGINAL JURISDICTION

On-duty officers from one Agency may, without request or prior notice, continue to conduct investigations that originate within their home jurisdiction into the jurisdiction of any cooperating Agency.  If enforcement action is anticipated the location and nature of the investigation will be reported to the appropriate cooperating Agency.  Subsequent arrests, search warrant service or similar police actions will be coordinated with the affected Agency.

-3-

III.  INDEPENDENT POLICE ACTION

The police department of any cooperating Agency may provide police protection service to any other cooperating Agency without request.  Each cooperating Agency that is a party to this contract shall provide a certified copy of a resolution adopted by the appropriate legislative authority that authorizes both the provision and receipt of such services by each cooperating Agency.  Such certified copies shall be kept on file with the original of this contract in a location to be agreed upon by the Agencies.

IV.  OPERATIONAL ASSISTANCE UPON REQUEST

The Agencies recognize that special public safety incidents occasionally occur that require the services of additional law enforcement personnel.  Such additional services may be provided by or to any cooperating Agency generally according to the following guidelines:

A.  Dangerous Criminal Activity

Whenever one Agency reports criminal activity and that Agency is unable to provide the immediate response necessary to prevent death, serious physical harm or substantial property loss as a result of said criminal activity, that Agency may request police assistance services of any nature from any other Agency.

-4-

B.  Searches for Fugitive or Wanted Persons

When one Agency is conducting a search for a fugitive person whose presence is reasonably believed to be within the Agency jurisdiction and immediate police assistance is reasonably necessary to apprehend or prevent the escape of the fugitive or to protect the safety of persons and property from imminent danger related to said fugitive, that Agency may request police assistance services from any other Agency.

C.  Traffic Control Assistance

1.  Whenever a traffic accident involving suspected injuries, a driver under the influence (DUI) or other serious traffic violation is reported to the jurisdiction in which the accident occurred, and that Agency is unable to provide the immediate response necessary to render aid to the injured, prevent further injury, prevent serious property loss, or arrest a suspected DUI violator, then a cooperating Agency may be contacted for any necessary assistance.  The cooperative effort will include necessary first aid, traffic control, accident scene protection, property protection, and detention of any suspected DUI or serious traffic violators.  The requesting Agency will assume control of the accident investigation and any suspected DUI violators as soon as possible.

-5-

1.  **Hazardous Traffic Conditions Assistance.**

    a.   In a situation where automated traffic control devices located within the jurisdictional boundaries of one Agency have malfunctioned and a traffic accident is imminent unless control is established immediately, assistance from another cooperating Agency may be provided upon request of the affected jurisdiction.

    b.   Where an incident occurs on or near a roadway creating the imminent danger of a traffic accident, assistance from a cooperating Agency may be provided upon request of the affected jurisdiction.

V.  **General Police Service**

    A.  Any incident may form the basis for the request of police protection services from one or more cooperating Agencies to another when police assistance is reasonably necessary to protect the safety of persons and property.

    B.  Police services assistance including routine patrol services may be requested and supplied by cooperating Agencies for special events or other circumstances over extended periods.

-6-

DEC-02-2003  14:26        RENDIGS FRY KIELY                    P.10/14

## VI.  General Terms and Procedures

A.  A request for police services assistance will be made by the commander of the law enforcement Agency, or his designee.  The designee must be of supervisory rank, or the senior shift officer when no supervisor is present.

B.  A participating Agency will provide police services assistance only to the extent that the personnel and equipment are not required for the adequate protection of that Agency's jurisdiction.  The commander of the law enforcement Agency, or his designee, will have the sole authority to determine the amount of personnel and equipment if any, available for assistance.

C.  Whenever the law enforcement employees of one cooperating Agency are providing police services in or to another cooperating agency pursuant to the authority contained in this contract, other legislative authority or state law, such employees will have the same power, duties, rights and immunities as if taking action within the territory of their employing Agency.

D.  Whenever the law enforcement employees of one cooperating Agency are providing police services upon request to another cooperating Agency they will be under the lawful direction and authority of the commanding law enforcement officer of the Agency to which they are rendering assistance.

-7-

Officers shall be subject to the code of ethics, policies, and rules and regulations of their employing Agency at all times.

E.  Police services assistance can be initiated by any on-duty officer who has probable cause to believe a crime is in progress.  Such police services assistance can also be initiated by any on-duty officer who becomes aware of a traffic accident, the need for traffic control, a suspected DUI, a serious traffic violation or other circumstance requiring law enforcement intervention in another cooperating Agency jurisdiction.  The officer must contact his immediate supervisor to enable that supervisor to authorize and direct actions taken by the employee.

F.  An on-duty officer initiating police services assistance action will notify a law enforcement officer from the affected cooperating Agency as soon as possible.  The assisted cooperating Agency will relieve the officer as soon as possible when appropriate.

G.  All wage and disability payments, pension, worker's compensation claims, medical expenses or other employment benefits will be the responsibility of the employing Agency, unless the requesting Agency is reimbursed for such costs from any other source.  Each Agency shall be responsible for the negligence of its employees to the extent specified by law.

-8-

DEC-02-2003  14:26          RENDIGS FRY KIELY

    H.  Each cooperating Agency shall be responsible for any costs arising from the loss of or damage to the Agency's equipment or property while providing police assistance services within any other cooperating Agency.

    I.  The terms of this contract shall be in continuous effect for each participating Agency from the date the authorized signature for such Agency is affixed hereto.  Any Agency may revoke its future contractual obligations hereunder only upon 60 days written notice to each of the other participating Agencies by registered mail.

    J.  Certain Agencies may choose to limit their participation in this agreement to mutual aid efforts exclusively in cooperation with the City of Cincinnati.  For such Agencies the legislative resolution authorizing participation in this Agreement shall state that the terms of the mutual aid agreement shall extend only between the Agency and the City of Cincinnati.  For such Agencies choosing limited participation the mutual obligations and authorizations contained herein shall extend only to said Agency and the City of Cincinnati and shall not extend to any other Agency.  A list of the limited Agencies shall be separately maintained and shall be distributed to all other Agencies participating in this Agreement.

-9-

DEC-02-2003  14:26          RENDIGS FRY KIELY

VII.  LIST OF COOPERATING AGENCIES

AGENCY                                              LEGISLATIVE RESOLUTION
                                                    OF AUTHORITY, # & DATE

AUTHORIZED OFFICIAL


Print Name _____

Print Name _____

_____ Date:
Signature

RHJ/pj _____ 2/12/21

P.14/14

DEC-02-2003  14:26       RENDIGS FRY KIELY

# City of Cincinnati

Interdepartmental
Correspondence Sheet

Date 10/30/00

| | |
|---|---|
| **To** | Colonel Thomas H. Streicher, Jr., Police Chief |
| **From** | Sergeant Jeffrey L. Butler Jr., Planning Section |
| **Copies to** | |
| **Subject** | Mutual Aid Agreements |

As of 10/30/00, the following law enforcement agencies have Mutual Aid Agreement on file with the Division:

Addyston
Amberley Village
Anderson Park District
Arlington Heights
Blue Ash
Cheviot
Cleves
Deer Park
Delhi Township
Elmwood
Evendale
Fairfax
Forest Park
Glendale
Golf Manor
Green Hills
Green Township
Hamilton County Park District
Harrison
Indian Hill
Lincoln Heights

Lockland
Loveland
Madeira
Mariemont
Milford
Mount Healthy
Newtown
North College Hill
Norwood
Reading
Saint Bernard
Sharonville
Silverton
Spingdale
Springfield Township
Terrace Park
University of Cincinnati
Woodlawn
Wyoming
Xavier University Campus Police

JLBJ

| Post-it® Fax Note  7871 | Date 6/11 | # of pages ▶ 1 |
|---|---|---|
| To CHIEF OLVEY | From CAPT JONES | |
| Co./Dept. | Co. | |
| Phone # | Phone # | |
| Fax # 242-0757 | Fax # | |

TOTAL P.14