**LexisNexis** Total Research System    Practice Area Pages | Change Client | Options | Feedback | Sign On

Search | Research Tasks | Search Advisor | Get a Document | Shepard's®    ECLIPSE™ | History

View: **Full** | Custom    ◄ 1 of 1 ►    Print | Download | Fax | Email | Text Only
FOCUS™ | More Like This | More Like Selected Text | Shepardize® | TOA

⚠ **Grooms v. Dockter, 1996 U.S. App. LEXIS 3444**    Pages:    5

Service: **Get by LEXSEE®**
Citation: **1996 U.S. App. Lexis 3444**

*1996 U.S. App. LEXIS 3444, ***

KENNETH LEE GROOMS, Plaintiff-Appellee, v. GARY DOCKTER and RICHARD SUEMNICK, Defendants-Appellants.

No. 95-1261

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1996 U.S. App. LEXIS 3444

January 23, 1996, Filed

**NOTICE: [*1]** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 76 F.3d 378, 1996 U.S. App. LEXIS 6953.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN.

**DISPOSITION:** Affirmed.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant police officers sought review of the decision of the United States District Court for the Eastern District of Michigan, which denied their motion for summary judgment in plaintiff arrestee's 42 U.S.C.S. § 1983 action for excessive force.

**OVERVIEW:** The arrestee brought an action against the police officers under 42 U.S.C.S. § 1983. He alleged that they used excessive force during his arrest by handcuffing him too tightly. The police officers filed a motion for summary judgment based on qualified immunity. The district court denied the motion. The police officers appealed. The court affirmed the decision because the arrestee alleged facts that constituted a violation of a constitutional right of which the police officers should have been aware.

**OUTCOME:** The court affirmed the denial of the police officers' motion for summary judgment.

**CORE TERMS:** qualified immunity, summary judgment, handcuffing, reasonable officer, excessive force, constitutional right, police officer, arrest, wrist, handcuffs, tight, Fourth Amendment, non-supervisory, guard, minutes, entitled to summary judgment, used excessive force, failure to protect, general principles, intervene, arrestee, duty, patrol car, specialist, handcuffed, fingers, cuffs, pain

## LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Constitutional Law > Civil Rights Enforcement > Immunity > Public Officials
**HN1** Qualified immunity is lost when constitutional rights are so clearly established when the acts were committed that any officer in the defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from such conduct. There is no qualified immunity when precedent, even precedent with different factual elements, renders the unlawfulness of the conduct apparent to any reasonable officer. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Immunity > Public Officials
**HN2** A police officer, even if he is not a supervisor, has a duty to try to stop another officer who summarily punishes a person in the first officer's presence. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Immunity > Public Officials
**HN3** A non-supervisory officer may not be liable for conduct in which he or she was not directly involved if a reasonable officer would not have been aware that the conduct was occurring. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Immunity > Public Officials
**HN4** A non-supervisory officer may not be liable for conduct that occurred completely without his "participation" or "involvement." More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Immunity > Public Officials
**HN5** Qualified immunity will exist if the plaintiff cannot prove facts that constitute the violation of a clearly established constitutional right, i.e., a right of which any reasonable officer would have been aware. More Like This Headnote

**COUNSEL:** KENNETH LEE GROOMS, Plaintiff - Appellee, Thomas M. Loeb, Southfield, MI.

GARY DOCKTER, Defendant - Appellant, Gail P. Massad, Hoelscher E. Gregory, Cummings, McClorey, Davis & Acho, Livonia, MI.

RICHARD SUEMNICK, Huron Township Police Officers, Defendant - Appellant, Gail P. Massad, (See above). Hoelscher E. Gregory, (See above).

**JUDGES:** BEFORE: BOGGS and DAUGHTREY, Circuit Judges; and MATIA, * District Judge.

* The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation.

**OPINION: PER CURIAM.** The defendants, who are police officers in Huron Township, Wayne County, Michigan, arrested the plaintiff, Kenneth Lee Grooms, for failure to pay an overdue traffic fine. Grooms brought **[*2]** a Section 1983 action alleging that the officers used excessive force during his arrest, resulting in permanent injury to his wrists and hands. The district court denied the defendant officers' motion for summary judgment on grounds of

qualified immunity, and we hear their appeal of this denial pursuant to Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817, 86 L. Ed. 2d 411 (1985) (denial of summary judgment on grounds of qualified immunity is a "final judgment" under the collateral order doctrine of 28 U.S.C. § 1291). Our jurisdiction is limited to determining whether the facts as alleged by the plaintiff *could* establish a violation of a clearly established constitutional right. We do not pass judgment on the consistency or accuracy of these facts, nor do we consider contrary evidence presented by the defendants. Johnson v. Jones, 115 S. Ct. 2151, 2155-58, 132 L. Ed. 2d 238 (1995).

Grooms tells the following story. Although Grooms did not resist arrest in any way, Dockter handcuffed Grooms extremely tightly before he was placed in the officers' police cruiser. Grooms repeatedly told both officers that his handcuffs were too tight, and that he was losing circulation [*3] and feeling in his hands. He whimpered and cried, in visible pain, throughout his detention, and was forced to lie down on his side in the back seat of the patrol car to take pressure off his wrists. The officers, after putting him in the patrol car, left him handcuffed there for fifteen minutes before leaving the scene of the arrest, although there was no reason for the officers to remain at this location. They then proceeded to the police station, with Suemnick driving, a journey that lasted another fifteen minutes. Once in the station, the officers left Grooms in the cuffs, despite obvious and continuing indications that he was in pain, until immediately before Grooms was placed in a cell. When Dockter finally removed the cuffs, he saw Grooms's hands and chuckled: "I guess they *were* on too tight!"

Grooms suffered serious damages to his hands and wrists. Immediately after the incident, he could not use his fingers to dial a phone or get change out of his pockets. He went to the hospital two days after the arrest. The nurse noted that his hand was swollen and bruised, and that he had only partial mobility in his fingers. The hospital recommended an appointment with a specialist. [*4] Eventually, two separate specialists diagnosed Grooms as suffering from bilateral carpal tunnel syndrome caused by the handcuffing. Wrist surgery has eliminated some, but not all, of the substantial long-term effects.

Dockter argues that he is entitled to summary judgment on grounds of qualified immunity because there is no clearly established right against being placed in excessively tight handcuffs. The district court denied his motion for summary judgment because "the general right to be free from excessive force is clearly established." Suemnick argues that he is entitled to summary judgment because a police officer who was present at, but did not participate in, an application of excessive force does not violate any clearly established constitutional right. The court denied the motion with respect to Suemnick because "the jury could find that [Suemnick] did have a duty to intervene." We review the district court's decisions *de novo,* Russo v. City of Cincinnati, 953 F.2d 1036, 1041 (6th Cir. 1992), and we affirm.

The district court properly denied Dockter summary judgment because the facts alleged could constitute a violation of a clearly established constitutional [*5] right. We have held that HN1 qualified immunity is lost when constitutional "rights were so clearly established when the acts were committed that any officer in the defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from such conduct." Dominque v. Telb, 831 F.2d 673, 676 (6th Cir. 1987); see also Anderson v. Creighton, 483 U.S. 635, 639-40, 107 S. Ct. 3034, 3038-39, 97 L. Ed. 2d 523 (1987). There is no qualified immunity when precedent, even precedent with different factual elements, renders the unlawfulness of the conduct apparent to any reasonable officer. Anderson, supra, 483 U.S. at 640.

In support of his qualified immunity claim, Dockter cites Walton v. City of Southfield, 995 F.2d 1331, 1342 (6th Cir. 1993), and several cases from other circuits for the proposition that failure to loosen tight handcuffs is not usually seen as a violation of the Fourth Amendment. But these cases do not hold that handcuffing can *never* be excessive force, and

each case applies general principles of Fourth Amendment jurisprudence. In Walton, for example, the plaintiff alleged that the arresting [*6] officer knew of the plaintiff's arm injury and still used excessive force in handcuffing. This court reversed an award of summary judgment on qualified immunity grounds, holding that, under the alleged circumstances, any reasonable officer would have known his actions were unconstitutional. Walton, 995 F.2d at 1342. Dockter asks this court to read Walton as requiring the plaintiff to show knowledge of a pre-existing injury before the right against unconstitutional handcuffing is "clearly established." But Walton does not make actual knowledge a prerequisite. Walton only says that handcuffing can be excessive force, and general principles of Fourth Amendment doctrine should determine if the force used was reasonable. Under these principles, the facts described above could support recovery.

Nor did the district court err by denying Officer Suemnick summary judgment on grounds of qualified immunity, even though Suemnick did not physically place the handcuffs on Grooms. In Bruner v. Dunaway, 684 F.2d 422 (6th Cir. 1982), cert. denied, 459 U.S. 1171, 103 S. Ct. 816, 74 L. Ed. 2d 1014 (1983), we held that HN2 a police officer, even if he is not a supervisor, has a duty [*7] to try to stop another officer who summarily punishes a person in the first officer's presence. Id., 684 F.2d at 426. District courts in this circuit have followed this rule in the context of police officer interaction with arrestees, see, e.g., Gibson v. City of Clarksville, 860 F. Supp. 450, 463-64 (M.D. Tenn. 1993) (police officer stands by as dogs under control of another officer bite arrestee), and we have extended the rule to regulate the conduct of prison guards, McHenry v. Chadwick, 896 F.2d 184, 188 (6th Cir. 1990) (other guards may, under certain circumstances, be held liable for their failure to protect an inmate from a beating by another guard).

The liability of a non-supervisory officer for his or her failure to protect a detainee is limited by several principles, but none of these definitely apply to Suemnick on the facts as alleged. HN3 A non-supervisory officer may not be liable for conduct in which he or she was not directly involved if a reasonable officer would not have been aware that the conduct was occurring. Gibson, supra, 860 F. Supp. at 465; McHenry, supra, 896 F.2d at 188. But Grooms alleges facts indicating that a reasonable [*8] officer in Suemnick's situation would have been aware of Grooms's plight. Similarly, HN4 a non-supervisory officer may not be liable for conduct that occurred completely without his "participation" or "involvement." Walton v. City of Southfield, 995 F.2d 1331, 1340 (defendant officer who saw another officer's pat-down of plaintiff is not liable because the defendant officer did not "participate"). But Suemnick, who was one of the two arresting officers, watched the initiation of an application of potentially excessive force in handcuffing by his partner, and then failed to intervene as that application of force continued in his presence for over thirty minutes. Suemnick therefore was more involved in the alleged constitutional deprivation, and had a better opportunity to stop it, than the defendant officer in Walton.

For these reasons, we affirm. We remind the district court, however, that, although the facts as alleged by the plaintiff do not now result in qualified immunity for either defendant, as the evidence develops, HN5 qualified immunity will exist if the plaintiff cannot prove facts that constitute the violation of a clearly established constitutional right, i.e., [*9] a right of which any reasonable officer in the position of Dockter and/or Suemnick would have been aware. Dominique, supra, 831 F.2d at 676.

View: Full | Custom                           1 of 1           Print | Download | Fax | Email | Text Only
                    FOCUS™ | More Like This | More Like Selected Text | Shepardize® | TOA
                            Grooms v. Dockter, 1996 U.S. App. LEXIS 3444        Pages:   5

Service: Get by LEXSEE®
Citation: 1996 U.S. App. Lexis 3444


http://www.lexis.com/research/retrieve?_m=702ac854a4abebf13f9bc576131f625b&csvc=le...  3/5/2004