# City of Cincinnati



Interdepartmental
Correspondence Sheet

Date 12/10/02

| | |
|---|---|
| To | Colonel Thomas H. Streicher., Police Chief |
| From | Captain Andrew G. Raabe, District Three Commander |
| Copies to | |
| Subject | **Pre-Disciplinary Hearing Summary – Police Officer Darren Sellers** |

COPY

On Monday November 18, 2002 at 1330 hours, Captain Andrew G. Raabe conducted a pre-disciplinary hearing on the charges of Failure of Good Behavior and Neglect of Duty placed by the Internal Investigations Section and Office of Municipal Investigations against Police Officer Darren Sellers of Police Communications Section. Officer Sellers is charged with violations of sections 1.01C, 1.01D, and 2.12 of the Manual of Rules and Regulations and Disciplinary Process for the Cincinnati Police Department.

### REPRESENTATION:

Specialist Scotty Johnson of the Fraternal Order of Police Lodge #69 and Sentinel Police Organization represented Officer Sellers at the hearing. Also present were Sergeants Maris Herold and Anthony Carter of Internal Investigations Unit, and Mr. John Plahovinsk from the Office of Municipal Investigations.

### Specification I

On November 7, 2000, Officer Sellers (P672) was aware Mr. Owensby was injured. Officer Sellers failed to tend to or seek medical aid for Mr. Owensby's injuries.

Officer Sellers' actions are in violation of section 1.01 (C) of the Manual of Rules and Regulations for the Cincinnati Police Division, which states:

1.01    Members shall not commit any acts or omit any act, which constitute a violation of any of the rules, regulations, procedures, directives, or orders of the Division.

C.    Members shall not negligently fail to carry out any rule, regulation, procedure, directive, or order of the Division, which leads to physical injury to another or financial loss to the Division, to wit:

Exh. 45

Procedure 12.545 <u>Use of Force</u>

Policy (in part);

Following any use of force resulting in the citizen's injury, officers will ensure appropriate first aid is rendered immediately once the incident scene is stabilized.

## Specification II

On November 7, 2000, Officer Sellers observed Officer Caton strike Mr. Owensby. Officer Sellers failed to immediately report the use of force to a supervisor.

Officer Sellers' actions are in violation of section 1.01 (D) of the Manual of Rules and Regulations and Disciplinary Process for the Cincinnati Police Division, which states:

1.01   Members shall not commit any acts or omit any act, which constitute a violation of any of the rules, regulations, procedures, directives, or orders of the Division.

D.   Members shall not intentionally fail to carry out any rule, regulation, procedure, directive, or order of the Division, which leads to physical injury to another or financial loss to the Division. To wit:

12.545 <u>Use of Force:</u>

Policy (in part)

Whenever employees use deadly force, force, chemical irritant, or confronts active resistance that results in injury to a citizen, or have knowledge of any of the above, they will immediately notify a supervisor.

## Specification III

On November 7, 2000, Officer Darren Sellers observed a medical injury to Mr. Owensby and rendered no appropriate first aid immediately once the incident scene was stabilized. is sustained. Officer Sellers' action violated Procedure 12.545 <u>Use of Force</u> and section 2.12 of the Manual of Rules and Regulations and Disciplinary Process for the Cincinnati Police Division.

2.12   Members are responsible for insuring the safety and welfare of persons and their personal property when transporting or having custody of persons who are sick, injured, arrested, or incapacitated in any way.

### The following is a summary of information presented in support of Specification I:

- Officer Sellers told IIS that he did not see any movement or here any sounds from Mr. Owensby once he was picked up off the ground and taken to the car.

- When questioned by Sergeant Carter, Officer Sellers stated that it was unusual for someone who was fighting the police to not move, yell, or such during the encounter.

- Officer Sellers stated he noticed he had blood on his sleeve as he walked away from the Golf Manor police car. He stated he knew it was not his blood and assumed it was from Mr. Owensby as a result of the struggle on the ground.

- Officer Sellers stated that when he observed the officers place Mr. Owensby in the Golf Manor police car, they shoved him in at a weird angle. When asked, Officer Seller stated he never saw Mr. Owensby sit up and observed that Mr. Owensby was still lying across the seat when the door was closed.

### The following is mitigation presented by Specialist Johnson and Officer Sellers in reference to Specification I:

- Officer Sellers stated that he observed two officers pick up Mr. Owensby from the ground and escort him to the Golf Manner car. Officer Sellers added he followed them to the car, watched them shut the door, then went back over towards where his car was. Officer Sellers stated that although he knew Mr. Owensby was not moving a lot, he never saw his face and did not know he was injured at this time.

- Officer Sellers stated that when he left the Golf Manor car, there were several officers including Officer Jorg still standing in the area of the car.

- Officer Sellers stated he never went back to check on Mr. Owensby because he knew this was a very chaotic scene and the best thing for him to do was stay where he was and wait for direction.

- Specialist Johnson pointed out that Officer Sellers had no idea that Mr. Owensby was injured to the extent he was and that the officer was not approached or asked about the blood on his sleeve by a supervisor until after medical was already summoned.

### Conclusion Specification I:

Information presented during the hearing and a review of the IIS and courtroom transcripts and statements submitted as part of the overall investigation, support Specification I.

### Finding Specification I:

There is a finding of **sustained** for Specification I.

### The following is a summary of information presented in support of Specification II:

- Officer Sellers told IIS that he saw Officer Caton punch Mr. Owensby and he knew force was used. The videotape from Officer Spellen's in-car MVR confirms that Officer Sellers had an opportunity to tell supervisors about the use of force when they arrived on the scene.

- The MVR videotape time line shows that there is a 4½ to 5 minute opportunity for Officer Sellers to inform Sergeants Watts and Browner about the force, the blood, body position, and injuries to Mr. Owensby, prior to the supervisors calling for medical assistance. This opportunity was present before Mr. Owensby was discovered to be unresponsive by the supervisors and before the supervisors approached Officer Sellers.

### The following is a summary of information presented as rebuttal by Specialist Johnson and Officer Sellers in reference to Specification II:

- Officer Sellers stated that he did not feel that he had an adequate chance to tell the supervisors, once they arrived on the scene, about the force he had observed. He further added that the scene was so chaotic that when a supervisor finally did come over to him, he was told not to say anything until he was questioned at CIS.

- Officer Sellers added that he did not say anything to CIS investigators on the advice of his attorney, and that when he was finally questioned by Internal he told them everything he observed.

- Specialist Johnson felt the when Officer Sellers was interviewed by Internal, it was his first opportunity to tell everything that he observed. He also felt that Officer Sellers did not have the opportunity to approach Sergeants Watts or Browner because they were busy talking to the primary officers involved when they first arrived.

### Conclusion Specification II:

Information presented during the hearing, a review of the IIS and courtroom transcripts and statements, and the MVR videotapes submitted as part of the overall investigation, support Specification II.

### Finding Specification II:

Based on the information presented, there is a **sustained** finding for Specification II.

### The following is a summary of information presented in support of Specification III:

- Officer Sellers told IIS that he did not see any movement or here any sounds from Mr. Owensby once he was picked up off the ground and taken to the car.

- When questioned by Sergeant Carter, Officer Sellers stated that it was unusual for someone who was fighting the police to not move, yell, or such during the encounter.

- Officer Sellers stated he noticed he had blood on his sleeve as he walked away from the Golf Manor police car. He stated he knew it was not his blood and assumed it was from Mr. Owensby as a result of the struggle on the ground.

- Officer Sellers stated that when he observed the officers place Mr. Owensby in the Golf Manor police car, they shoved him in at a weird angle. When asked, Officer Seller stated he never saw Mr. Owensby sit up and observed that Mr. Owensby was still lying across the seat when the door was closed.

### Conclusion Specification III:

While Officer Sellers did not transport Mr. Owensby, information from the investigation supported the fact that Officer Sellers observed injury to the prisoner without seeking or rendering medial aid. Officer Sellers was also shown to be part of the arrest and custody of Mr. Owensby, and observed actions, which should have led him to maintain both custody and care of the prisoner.

Information presented during the hearing and a review of the IIS, OMI, and courtroom transcripts and statements submitted as part of the overall investigation, support Specification III.

### Finding Specification III:

Based on the information presented, there is a **sustained** finding for Specification III:

### Disciplinary Profile:

| Date | Discipline | Rule | Failure of Good behavior |
|---|---|---|---|
| 6/25/01 | Written Reprimand | 1.01b | Operate Police Vehicle in Emergency Mode with Witness in car |

| Date | Discipline | Rule | Neglect of Duty |
|---|---|---|---|

| 2/24/00 | Written Reprimand | 1.27 | 3rd Missed Court |
|---|---|---|---|
| **Date** | **Discipline** | | |
| 8/22/01 | Administrative Insight | | Shoving incident with another Employee |

### Recommendation

5 days (40 hours) suspension.

Form 32-S BDYX (Rev 1/85)

# City Of Cincinnati
## Notice of Disciplinary Action, Layoff or Displacement

Employee I.D. / Social Sec. No.: [ ][ ][ ][ ][#][#][#][#][#]    Name: Darren Sellers

Address: 1012 Ludlow Avenue

City, State, Zip: Cincinnati, Ohio 45223

Job Title/Classification: Police Officer    Dept./Div.: Police Department

This is your Notice of: __X__ Disciplinary Action
(Check One)
_____ Layoff
_____ Displacement to position of _____

Effective Date of Disciplinary Action, Layoff, or Displacement: 0 3 / 0 5 / 0 3

**Complete For All Disciplinary Actions**

**Reason Codes** (Enter up to 3 codes)
1: 07   2: 06   3: [ ]

**Penalty Codes** (Enter up to 2 codes)
1: 01   2: [ ]

**Hours Penalized** (Enter if applicable): [ ][ ]4 0 0

Reason Codes:
- 01—Failed Probation
- 02—Incompetency
- 03—Inefficiency
- 04—Dishonesty
- 05—Insubordination
- 06—Neglect of Duty
- 07—Failure of Good Behavior
- 08—Substance Abuse
- 09—Excessive Absenteeism
- 10—Violation of C.S. Rules/C.S. Law/Code of Ethics
- 11—Other

Penalty Codes:
- 01—Suspension
- 02—Loss of Vacation Time
- 03—Loss of Off-Day Time
- 04—Loss of Holiday Time
- 05—Demotion*
- 06—Reduction in Pay*
- 07—Dismissal*
- 09—Other

*Personnel Action Form (Form 14) required

**Complete For All Layoffs and Displacements**
**Reason Codes** (Enter 1 Code)
- 41—Lack of Work*
- 42—Lack of Funds*
- 43—Job Abolishment*
- 49—Other

*Personnel Action Form (Form 14) required

**Specifications:** Attach a sheet giving full details of the charges so that the employee may be placed fairly upon his/her defense. Include disciplinary action(s) assessed, including dates and nature of offense(s), except written reprimands older than three (3) years. If demotion/displacement in lieu of layoff, include new title. If Job Abolishment, include one of the following reasons: 1. Reasons of Economy 2. Lack of Work, or 3. Reorganization for the efficient operation of the employing unit.

(Appointing Authority)

This Notice Served Upon:
Police Officer Darren V. Sellers

By Registered Mail/Certified Mail/Personally (Strike out those not applicable)

This 5th Day March
19 2003 At 1800 O'Clock P.M.

(Signature of Individual Service This Notice)

**To The Employee:**
You have 10 calendar days from the date this notice is filed with the Civil Service Commission in which to appeal this action to the Civil Service Commission. Dismissals, demotions, layoffs, displacements, reductions in pay, suspensions of more than 3 days (uniform police personnel may appeal suspension of any duration) and first half probationary failures are appealable.

(Appeals must contain the person's name, address and phone number and be sent or brought to Room 215, City Hall.)

Approved As To Form By Law Dept.:
Dept./Div Head Initials:
Approved As To Equity By Personnel Dept.:

1 White—Employee  2 Canary—Civil Service  3 Pink—Department  4 Goldenrod—Division

Page 2
Form 32

Form 32 Attachment
Pre-Disciplinary Hearing
November 18, 2002
Police Officer Darren Sellers

Charges: Failure of Good Behavior and Neglect of Duty

## Specification I

On November 7, 2000, Officer Sellers (P672) was aware Mr. Owensby was injured. Officer Sellers failed to tend to or seek medical aid for Mr. Owensby's injuries.

Officer Sellers's actions are in violation of Rule 1.01 (C) of the Manual of Rules and Regulations for the Cincinnati Police Division, which states:

Rule 1.01   Members shall not commit any acts or omit any act, which constitute of any of the rules, regulations, procedures, directives, or orders of the Division.

C. Members shall not negligently fail to carry out any rule, regulation, procedure, directive, or order of the Division, which leads to physical injury to another or financial loss to the Division. To wit:

Procedure 12.545 Use of Force

Policy (in part);

Following any use of force resulting in the citizen's injury, officers will ensure appropriate first aid is rendered immediately once the incident scene is stabilized.

## Specification II

On November 7, 2000, Officer Sellers observed Officer Caton strike Mr. Owensby. Officer Sellers failed to immediately report the use of force to a supervisor.

Officer Sellers's actions are in violation of Rule 1.01 (D) of the Manual of Rules and Regulations and Disciplinary Process for the Cincinnati Police Division, which states:

Rule 1.01   Members shall not commit any acts or omit any act, which constitute of any of the rules, regulations, procedures, directives, or orders of the Division.

D. Members shall not intentionally fail to carry out any rule, regulation, procedure, directive, or order of the Division, which leads to physical injury to another or financial loss to the Division. To wit:

12.545 Use of Force:

Form 32
IIS Case #00248

Policy (in part);

> Whenever employees use deadly force, force, chemical irritant, or confronts active resistance that results in injury to a citizen, or have knowledge of any of the above, they will immediately notify a supervisor.

## Specification III

The allegation that on November 7, 2000, Officer Darren Sellers observed a medical injury to Mr. Owensby and rendered no appropriate first aid immediately once the incident scene is stabilized is sustained. Officer Sellers' action violated CPD Procedure Manual Section 12.545, Use of Force, and the Manual of Rules and Regulations and Disciplinary Process, Section Two, 2.12.

Rule 2.12    Members are responsible for insuring the safety and welfare of persons and their personal property when transporting or having custody of persons who are sick, injured, arrested, or incapacitated in any way.

**Employee Profile Information:**

| Date | Discipline | Rule | Failure of Good Behavior |
|---|---|---|---|
| 6/25/01 | Written Reprimand | 1.01b | Operate Police Vehicle in Emergency Mode with Witness in Car |

| Date | Discipline | | Neglect of Duty |
|---|---|---|---|
| 2/24/00 | Written Reprimand | 1.27 | 3rd Missed Court |
| 8/22/01 | Administrative Insight | | Shoving incident with employee |

EVALUATION ˹ ˌLEMENT LOG

SELLERS, DARREN   BADGE P672   1ST QUARTER   2002 YEAR
EMPLOYEE NAME:

| DATE OF ENTRY | ACTIVITY SUMMARY INCLUDING DATE OF OCCURANCE | SUPERVISORY ACTION TAKEN | DATE NOTIFIED | EMPLOYEE BADGE # & INITIALS | INITIATING SUPERVISOR BADGE # AND INITIALS | REVIEWING SUPERVISOR BADGE # & INITIALS | FUTHER DISPOSITION |
|---|---|---|---|---|---|---|---|
| 1/10/02 | Arrest of Paul M. Swanson o[REDACTED] 12/21/01. Swanson was armed with a knife. | Commended | | ⟨illegible⟩ P672 | L-28 | S620/JNK | |
| 1/14/02 | Talked Ricky Baskins into surrendering to police at [REDACTED] Mr. Baskins was wanted for Felony Possession. | Commended | | ⟨illegible⟩ P672 | L-28 | S620/JNK | |
| 2/9/02 | Assisted in arrest of [REDACTED] for crack cocaine and through skillfull handling of arrested developed him into a D5 CI for VCS. | Commend | | ⟨illegible⟩ P672 | L-28 | S620/JNK | |
| 3/13/02 | Received verbal counseling and ESL entry at direction of Police Chief as a result of the findings of OMI Case #01138 and IIS Case Review #02009. | Counseled | 4/27/02 | ⟨illegible⟩ P672 | S-133 | S620/JNK | |
| 4/27/02 | QUARTERLY REVIEW | REVIEW | | ⟨illegible⟩ P672 | S620/JNK | S620JNK | |

EVALUATION SU... .EMENT LOG
2002

| SELLERS, DARREN | | P672 | | 2002 | YEAR | | | |
|---|---|---|---|---|---|---|---|---|
| EMPLOYEE NAME: | | BADGE | | 1ST QUARTER | | | | |
| DATE OF ENTRY | ACTIVITY SUMMARY INCLUDING DATE OF OCCURANCE | SUPERVISORY ACTION TAKEN | DATE NOTIFIED | EMPLOYEE BADGE # & INITIALS | INITIATING SUPERVISOR BADGE # AND INITIALS | REVIEWING SUPERVISOR BADGE # & INITIALS | FUTHER DISPOSITION |
| 1/10/02 | Arrest of Paul M. Swanson of ~~[redacted]~~ on 12/21/01. Swanson was armed with a knife. | Commended | | | L-28 | | |
| 1/14/02 | Talked Ricky Baskins into surrendering to police at ~~[redacted]~~ Mr. Baskins was wanted for Felony Possession. | Commended | | | L-28 | | |
| 2/9/02 | Assisted in arrest of Bennie Bowman ~~[redacted]~~ for crack cocaine and through skillfull handling of arrested developed him into a D5 CI for VCS. | Commend | | | L-28 | | |
| 3/13/02 | Received verbal counseling and ESL entry at direction of Police Chief as a result of the findings of OMI Case #01138 and IIS Case Review #02009. | Counseled | | | S-133 | | |
| 4/27/02 | QUARTERLY REVIEW | REVIEW | 4/27/02 | | S620/JNK | S620/NK | |
| 7/31/02 | Commended by Lt. March for work on PVO on 7/27/02. | Commended | 7/31/02 | | JER S100 | JER S100 | |
| 8/7/02 | Officer issued NTA #75C-851108 with an incorrect section number. (PBM #02-3646) | Counseled | 8/7/02 | | JER S100 | JER S100 | |
| 8/24/02 | QUARTERLY REVIEW | REVIEW | | | S620/JNK | S620/JNK | |
| 10/14/02 | Officer issued CPI #99-21-280716-7 with an incorrect address. (PBM 02-3766) | Counseled | 10/14/02 | | JER S100 | JER S100 | |