```
         IN THE UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

**ESTATE OF ROGER D. OWENSBY,**  \*   CASE NO. C-1-01-769

    **Plaintiff**                              (Judge S. Arthur Spiegel)

vs.                                           \*   **MOTION *IN LIMINE* TO EXCLUDE**
                                                     **DISCIPLINARY ACTION AND**
**CITY OF CINCINNATI, et. al.,**       **HISTORY OF DEFENDANT CITY**
                                                   \*   **OF CINCINNATI AND POLICE CHIEF**
                                                        **THOMAS STREICHER, JR.**
    **Defendants.**

    Now come the Defendants, City of Cincinnati and Police Chief Thomas Streicher, Jr., by and through counsel, and hereby move the Court in limine to exclude all evidence and references to disciplinary action and/or history of Cincinnati police officers before November 7, 2000, as irrelevant, highly prejudicial evidence.

    Moreover, under Federal Rule of Evidence 407, public policy requires excluding any disciplinary action and history of the individual defendant officers, after November 7, 2000, as subsequent remedial measures.

    This Motion is more fully supported by the accompanying Memorandum.

                                            Respectfully submitted,

                                            JULIA L. McNEIL (0043535)
                                            City Solicitor

                                            s/Neil F. Freund
                                            Neil F. Freund (0012183)
                                            Vaseem S. Hadi (#0075617)
                                            FREUND, FREEZE & ARNOLD
                                            One Dayton Centre
                                            1 South Main Street, Suite 1800
                                            Dayton, OH 45402-2017
                                            (937) 222-2424

Geri Hernandez Geiler (0042081)
Julie F. Bissinger
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, OH 45202
(513) 352-3338
Trial Attorneys for Defendants

**MEMORANDUM**

**I.   OVERVIEW**

This case involves the death of plaintiffs' decedent, Roger D. Owensby, Jr., after the decedent violently resisted arrest on November 7, 2000. On November 8, 2001, the plaintiff, as Administrator of the Estate of Decedent, filed a lawsuit against the City of Cincinnati Chief of Police, Thomas Striecher, Jr., individual police officers and other defendants. The first claim involves 42 U.S.C.§1983 claims against Cincinnati and Police Chief Striecher for alleged failure to establish policies, procedures and improper training/supervision of the individual defendant police officers. Complaint ¶¶25-40. The second claim asserts pendant and ancillary state tort claims involving wrongful death, negligence, and assault/battery. Id.¶¶41-54.

On October 2, 2003, Cincinnati and Chief Striecher filed a Civil Rule 42 motion to bifurcate plaintiffs' claims against these defendants from their claims against the individual defendant officers. While the motion to bifurcate is pending before the Court

2

currently, bifurcation is expected to occur because the plaintiffs must establish the individual officers inflicted a constitutional injury on the decedent before Cincinnati and/or Chief Striecher may incur liability. Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658(1978). Before liability can be triggered against a municipality under these circumstances, the plaintiffs must prove that the decedent's injuries rose to the level of a "constitutional tort." Id. at 691. As such, the plaintiffs must show the decedent's constitutional rights were violated on November 7, 2000, before the claims before the municipal defendants Cincinnati and Chief Striecher can be addressed. Id.; see also, Tinch v. City of Dayton, No. 94-3436/94-3516 slip op. at 12-13(6th Cir. February 20, 1996) *cert. denied* 519 U.S. 862(1996)L. Ed. 2d 110(Exhibit A of Mot. Bifurcate). Consumately, bifurcation is expected to occur to promote convenience, economy and justice.

Plaintiffs may attempt to introduce or refer to the individual officers' disciplinary history or action. As the bifurcation issue is still pending and it is possible all claims will be tried together, the disciplinary history and action of Cincinnati police officers, before and after November 7, 2000 should be excluded as irrelevant, highly prejudicial evidence. Moreover, any disciplinary action and history of the individual defendant officers, which occurred after November 7, 2000, should be excluded as subsequent

3

remedial measures under Federal Rule of Evidence 408. These issues will be addressed in this order below.

## II. LAW AND ARGUMENT

### A. Disciplinary action and history of Cincinnati Police officers before November 7, 2000, is irrelevant, highly prejudicial to all defendants, and will confuse the jury.

The disciplinary action and history of all Cincinnati police officers, including but not limited to disciplinary history of the individual defendant officers in this case, should be excluded when: 1) evidence of police disciplinary history <u>before</u> November 7, 2000 constitutes improper character evidence intended to show conformity with past conduct and; 2) disciplinary action or history of the individual defendant officers, occurring <u>after</u> November 7, 2000, similarly is prejudicial as well as excluded by publica policy as subsequent remedial measures under Evidence Rule 407.

Fed. R. Evid. 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed with the danger of unfair prejudice, confusion of the issues, or misleading the jury or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Civ. 403.

In <u>Brunson v. City of Dayton</u>, involved similar claims against individual officers and municipal defendants. The <u>Brunson</u> Court ordered bifurcation and concluded disciplinary action and history

4

of officers was irrelevant, highly prejudicial evidence. 163 F. Supp.2d 919, 925(S.D. Ohio 2001). Specifically, while overall disciplinary history of all city police officers <u>before</u> the underlying events could be introduced on the police customs/training/procedure claims only against municipal defendants, such previous disciplinary history would be irrelevant and highly prejudicial to the individual officers. "These individual defendants cannot be made to bear the burden of answering for all of the alleged misdeeds of every past and current Dayton Police officer, when defending against the allegations of the plaintiff as to the incidents that occurred in this case." <u>Id.</u>

In the case at bar, disciplinary action and history occurring before November 7, 2000 should be excluded because the plaintiffs must prove the defendant officers inflicted a constitutional injury based on the underlying facts. In turn, past conduct of other officers before November 7, 2000, should be excluded to avoid confusing or misleading the jury as well as to stamp out unavoidable prejudice that will result from the introduction of such evidence. Relevant evidence includes evidence having any tendency to make the existence of any fact that is of consequence to the termination of the acts more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Proffered

FREUND, FREEZE & ARNOLD
A Legal Professional Association

evidence must be relevant to prove a proposition that is itself of consequence to the determination of the action; relevant to prove a proposition that is material to the instant case. U.S. v. Hart 70 F.3d 854, 860(6th Cir. 1995).

In this case, general disciplinary action or history of Cincinnati police officers, which occured before November 7, 2000, will not assist the jury in determining whether the individual officers' conduct on November 7, 2000 was appropriate. Such disciplinary action or history involving completely different circumstances and/or police officers does not involve any facts of consequence of November 7, 2000. The plaintiffs have the burden of proving the individual officers' conduct on November 7, 2000 led to a constitutional violation. As such, fairness and justice requires that plaintiffs be required to do so based solely on the events of November 7, 2000 as opposed to relying on highly prejudicial circumstances of other officers in unrelated, past circumstances. Brunson, *supra*. Stated differently, the actions of the individual defendant officers on November 7, 2000, in this case, should be weighed separate and apart from disciplinary history of Cincinnati officers and events over previous years and decades, to avoid prejudice and confusing the jury. Id. at 925.

Finally, the disciplinary action and history should be excluded as improper character evidence. Fed. R. Evid. 404(b).

6


evidence must be relevant to prove a proposition that is itself of consequence to the determination of the action; relevant to prove a proposition that is material to the instant case. U.S. v. Hart 70 F.3d 854, 860(6th Cir. 1995).

In this case, general disciplinary action or history of Cincinnati police officers, which occured before November 7, 2000, will not assist the jury in determining whether the individual officers' conduct on November 7, 2000 was appropriate. Such disciplinary action or history involving completely different circumstances and/or police officers does not involve any facts of consequence of November 7, 2000.  The plaintiffs have the burden of proving the individual officers' conduct on November 7, 2000 led to a constitutional violation. As such, fairness and justice requires that plaintiffs be required to do so based solely on the events of November 7, 2000 as opposed to relying on highly prejudicial circumstances of other officers in unrelated, past circumstances. Brunson, *supra.* Stated differently, the actions of the individual defendant officers on November 7, 2000, in this case, should be weighed separate and apart from disciplinary history of Cincinnati officers and events over previous years and decades, to avoid prejudice and confusing the jury. Id. at 925.

Finally, the disciplinary action and history should be excluded as improper character evidence. Fed. R. Evid. 404(b).

6

Federal Rule of Evidence 404 states that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person ordered to show action and conformity therewith." Fed. R. Evid. 404(b). Again, the plaintiffs first must show the individual officers' conduct on November 7, 2000 resulted in a constitutional injury or violation. The plaintiffs must sustain this burden before they can reach their training/custom/policies claims against Cincinnati and Chief Streicher. While overall, general disciplinary history of all Cincinnati police officers might be admissible against the municipal defendants, this same evidence constitutes improper character evidence of the individual officers. Such evidence could be misleading and prejudicial because the jury might infer the defendant officers acted in conformance with past incidents as discussed earlier. As such, any probative value of the disciplinary action and history before November 7 is substantially outweighed by the danger of unfair prejudice to the defendant officers. Therefore, all disciplinary action and history, before and after November 7, 2000, should be excluded as irrelevant, highly prejudicial evidence. Fed. R. Evid. 403, 404.

  **B. Disciplinary and discharge action of the individual defendant officers, occurring after November 7, 2000, should be excluded as subsequent remedial measures under Evid. Rule 407.**

Disciplinary action and histories of the individual officers, occurring after the underlying November 7, 2000 arrest, should be

excluded as subsequent remedial measures under Federal Rule of Evidence 407. Fed. R. Evid. 407; see also, Specht v. Jensen, 863 F.2d 700, 701(10th Cir. 1988). Federal Rule of Evidence 407 states:

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event.

Fed. R. Evid. 407.

This rule furthers the public policy of "encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed. R. Evid. 407. Advisory Committee's notes. Subsequent remedial measures include discharge of employees, changes in governmental policies and priorities and imposing disciplinary proceedings on specific employees. Id., Specht, *supra.* (excluding evidence of police departments' investigation and disciplinary action after individual police officers conducted an alleged unconstitutional search or subsequent remedial measures under Evidence Rule 407); Maddox v. City of Los Angeles, 792 F.2d 1408 (9th Cir. 1986)(excluding police department disciplinary, internal investigation and disciplinary charges against individual defendant officer as subsequent remedial measures under Evidence Rule 407).

In this case, all investigations, evaluations, and disciplinary action of the individual police officers, occurring

FREUND, FREEZE & ARNOLD
A Legal Professional Association

after November 7, 2000, should be excluded as subsequent remedial measures. Fed. R. Evid. 407. As discussed above, investigations and disciplinary action of employees after a particular incident giving rise to a lawsuit, falls within the scope of Evidence Rule 407. The public policy of encouraging municipal defendants like Cincinnati and Police Chief Streicher to pursue investigations and conduct disciplinary proceedings, after alleged inappropriate conduct of their employees, far outweighs the probative value of such evidence in one trial.

Alternatively, if such evidence is admitted in this case to show culpability, municipalities like Cincinnati and their police chiefs would be stifled from conducting much-needed investigations and disciplinary proceedings in the fear that such action could be used by plaintiffs in the future to establish civil liability in a civil lawsuit. This type of chilling effect would destroy the public policy behind the subsequent remedial standard created by Evidence Rule 407. Under these circumstances all disciplinary action in history after November 7, 2000 should be excluded as irrelevant, highly prejudicial evidence to further the statutorily prescribed public policies contained in Federal Rule of Evidence 407.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

**III. <u>CONCLUSION</u>**

  For the foregoing reasons, defendants City of Cincinnati and Police Chief Thomas Striecher, Jr., respectfully request:

1) evidence of disciplinary action and history of any Cincinnati police officers, occurring before November 7, 2000 be excluded as irrelevant, highly prejudicial character evidence;

2) disciplinary action and history of the individual defendant police officers, occurring after November 7, 2000, should be excluded as highly prejudicial evidence that is prohibited as subsequent remedial measures under Fed. R. Evid. 407.

        Respectfully submitted,

        JULIA L. McNEIL (#0043535)
        City Solicitor


        <u>s/Neil F. Freund</u>
        Neil F. Freund (#0012183)
        Vaseem S. Hadi (#0075617)
        FREUND, FREEZE & ARNOLD
        One Dayton Centre
        1 South Main Street, Suite 1800
        Dayton, OH 45402-2017
        (937) 222-2424

        Geri Hernandez Geiler (#0042081)
        Julie F. Bissinger
        Assistant City Solicitors
        Room 214, City Hall
        801 Plum Street
        Cincinnati, OH 45202
        (513) 352-3338
        Trial Attorneys for Defendants

<u>PROOF OF SERVICE</u>

    This will certify that a copy of the foregoing was served upon counsel of record electronically:

Mark T. Tillar (0029898)
240 Clark Road
Cincinnati, OH 45202
(513) 761-2958
Attorney for Plaintiff

John Helbling (0046727)
3672 Springdale Road
Cincinnati, OH 45251
513-923-9740
Attorney for Plaintiff

Paul B. Martins
HELMER, MARTINS & MORGAN CO.
Fourth & Walnut Centre, Suite 1800
105 East 4th Street Cincinnati, Ohio 45202-4008
(513) 421-7902
Attorney for Plaintiff

Donald E. Hardin (0022095)
HARDIN, LEFTON, LAZARUS &
MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202
513-721-7300
Special Counsel for Defendants
Robert Blaine Jorg, Patrick Caton,
Darren Sellers, Jason Hodge, and
Victor Spellen

Wilson G. Weisenfelder, Jr.  (0030179)
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, OH 45202
513-381-9200
Attorney for Defendants
Village of Golf Manor,

11

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

Chief Stephen Tilley,
Officer Robert Heiland, and
John Doe #7 nka Chris Campbell

Dale A. Stalf (0000471)
BUCKLEY, KING & BLUSO
1320 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 412-5400
Attorney for Huntington Meadows, LTD

and the following by U.S. Mail this 16th day of March, 2004.

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, OH 45202
(513) 587-2887
Attorney for Defendant
Cincinnati Police Officer
David Hunter

                                      s/Neil F. Freund
                                      Neil F. Freund