## AFFIDAVIT

The undersigned, being duly cautioned and sworn, deposes and states as follows:

1. My name is Charles V. Wetli, M.D. I am a physician and the Chief Medical Examiner of Suffolk County, located at Hauppauge, New York. I am also a Clinical Professor of Pathology at the State University of New York at Stony Brook, New York. I have been board certified in Anatomic and Clinical Pathology since 1974, and in Forensic Pathology since 1979. Attached is a true and accurate copy of my Curriculum Vitae, updated as of July 3, 2002.

2. I have personally performed nearly 7000 autopsies and have supervised and reviewed thousands more. Numerous cases involved the evaluation of asphyxia, strangulation and choke holds.

3. I was consulted by the attorney for R. Blaine Jorg to review the autopsy of Roger Owensby, Jr., to determine the cause of death of Mr. Owensby. I have reviewed the autopsy report of Roger Owensby, Jr., the microscopic slides from the autopsy, the autopsy photographs, the University Hospital medical report, the EMS record, various photographs, including photographs of Ariel St. Clair and George Weaver with their arms around the neck of a police officer, the property report of the evidence recovered concerning Mr. Owensby, the trial testimony of Dr. Daniel L. Schultz, who performed the autopsy of Roger Owensby, Jr., and statements of witnesses Brian Menefee, Ariel St. Clair, George Weaver, and Police Officer Robert Heiland. Although other evidentiary materials are available, I am able to render an opinion on the cause of death of Roger Owensby, Jr., based on the above described items, all of which are hereby incorporated by reference. All of the opinions that I describe in this affidavit are based on my personal knowledge, my review of the evidentiary materials described above, based on my education, training and experience, and I hold all of my opinions to a reasonable degree of medical certainty.

4. Roger Owensby, Jr., did not die from any type of asphyxia, including a mechanical asphyxia, or a choke hold. Roger Owensby, Jr., died a sudden cardiac death - i.e. an

arrhythmia, which follows a period of intense exertion, from the effects of epinephrine (adrenaline) and nor-epinephrine. Further, it has been shown that many such individuals also experience profound metabolic acidosis, which may also lead to a sudden cessation of cardiac function.

5. The following are the basis for my opinion that Roger Owensby, Jr., died from Sudden Cardiac Death:

- The death occurred suddenly;
- There is a chest wall injury, but no evidence that there was chest compression with no ability to breath for 3-5 minutes, which would be necessary to cause an asphyxia;
- There is absolutely no evidence of neck injury;
- It is inconceivable that a forearm bar hold as demonstrated in the photographs of St. Clair and/or Weaver would not leave any injury in the neck of a non-sedated, struggling man with the habitus of Mr. Owensby;
- Sudden loss of vital signs after an intense period of physical exertion is typical for a cardiac arrhythmia;
- Additionally, the petechiae, which are pinpoint hemorrhages in the white portion of the eye, are not adequately depicted in the autopsy photographs, casting doubt on their actual existence;
- However, if you assume that there were petechiae in the right eye, but not depicted in the photograph of the left eye, as testified to by Dr. Schultz, it would be evidence of a localized injury to the right eye like you would receive from an irritant or dirt, not from an asphyxia. If Mr. Owensby had been asphyxiated, there would have been bilateral petechiae, or equal petechiae in both eyes, which would have been easily observed and photographed;
- The bruises to Mr. Owensby's back are consistent with blows from a fist, not from compression with knees as testified to by Dr. Schultz; and

3

- Witnesses indicated Mr. Owensby walked from the arrest scene to the police car, and then had a sudden loss of vital signs while alone in the police car, which means that Roger Owensby, Jr., could not have died during his arrest, but died from a sudden cardiac event in the police car.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Charles V. Wetli, M.D.

Personally appearing before me this /3/ day of September, 2002, was Charles V. Wetli, M.D., known to me, who swore that the foregoing was true to the best of his knowledge and belief.

Vera Moren
Notary Public, State of New York
No. 4895712
Qualified in Suffolk County
Commission Expires May 18, 2003

_____
Notary Public

### CERTIFICATE OF SERVICE

This is to certify that a copy of this motion has been served on all counsel of record on this ___ day of September, 2002, by regular U.S. mail, postage prepaid.

_____
William M. Gustavson

4