UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE ESTATE OF ROGER D. OWENSBY | : | CASE NO. C-1-01-769 |
| Plaintiff | | (Judge Spiegel) |
| vs- | : | **DEFENDANTS CITY OF CINCINNATI AND POLICE CHIEF THOMAS STREICHER, JR.'S, MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF JOHN F. BURKE, JR., Ph.D.** |
| CITY OF CINCINNATI, et al., | | |
| Defendants. | : | |

## MOTION

Now come Defendants, City of Cincinnati and Police Chief Thomas Streicher, Jr., by and through counsel, and hereby move in limine to prohibit Plaintiff from calling as an expert witness in this case John F. Burke, Jr., Ph.D., on the issue of economic loss or economic damages for three reasons: 1) Mr. Burke's testimony is not scientific, technical or otherwise specialized knowledge which will assist the jury to understand the evidence or to determine a fact in issue; 2) evidence of hedonic damages are not admissible; and 3) Mr. Burke's testimony will cause confusion of the issues. A Memorandum in Support is attached hereto.

Respectfully submitted,

J. Rita McNeil (0043535)
City Solicitor

S/Neil F. Freund
Neil F. Freund (0012183)
Trial Attorneys
Vaseem S. Hadi (0075617)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937)222-2424(937)222-5369 (fax)
nfreund@ffalaw.com
vhadi@ffalaw.com

S/Geri Hernandez Geiler
Geri Hernandez Geiler (0042081)
Sr. Assistant City Solicitor
Julie F. Bissinger (0012055)

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

```
                        Chief Counsel
                        City Solicitor's Office
                        Room 214, City Hall
                        801 Plum Street
                        Cincinnati, OH 45202
                        (513) 352-3338(513) 352-515(fax)
                        geri.geiler@cincinnati-oh.gov
                        julie.bissinger@cincinnati-oh.gov
                        Trial Attorneys for Defendant City
                        Of Cincinnati
```

2

**MEMORANDUM**

I. **INTRODUCTION**

Plaintiff has named as an expert witness, John F. Burke, Jr., Ph.D. to testify on the issue of loss of earning capacity and replacement cost of services of the decedent, Roger Owensby, Jr. Defendants move in limine to prohibit Mr. Burke from testifying or presenting any testimony of economic damages because he will present no scientific, technical or otherwise specialized knowledge which will assist the jury to understand the evidence or to determine a fact in issue; 2) evidence of hedonic damages are not admissible; and 3) Mr. Burke's testimony will cause confusion of the issues.

1. **Mr. Burke's Expected Testimony Is Not Scientific, Technical Or Otherwise Specialized Knowledge Which Will Assist The Jury To Understand The Evidence Or To Determine A Fact In Issue.**

"Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Rule 401. Rule 702, governing expert testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Under the Evidentiary Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only

relevant, but reliable. Rule 702 further requires that the evidence or testimony "assist the trier of fact to understand the evidence or to determine a fact in issue." This condition goes primarily to relevance. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." 3 Weinstein & Berger P702[02], p. 702-18. See also *United States* v. *Downing*, 753 F.2d 1224, 1242 (CA3 1985) ("An additional consideration under Rule 702 -- and another aspect of relevancy -- is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute").

The expected testimony of Mr. Burke on economic damages is neither relevant nor reliable. His report attempts to estimate the amount of money the decedent would have earned had he lived until the age of 71. The report is replete with so many variable and uncertainties that it cannot be said to be reliable evidence. For example, Mr. Burke "guestimates" the decedent's earning capacity based on variables such as: if the decedent had found a job (he had been unemployed since the time he was discharged from the Army until the time of his death); and if that job paid him the average working wage for a person with some college education; and if that job provided average fringe benefits of the typical American worker; and if he worked until the age of 67. Mr. Burke then estimated that

the decedent would spend a large amount of his earnings on his own living expenses, after which the remainder would be the estimated economic loss to the family.  This was but one scenario Mr. Burke admits is possible.

Or, guessed Mr. Burke, the decedent might have retired at age 65.  The loss to the family then would be less than just stated.  Or, "he might work as little as his statistical work life expectancy" and then the loss to the family would be even less. Yet another variable is if the decedent did not obtain a college education.  If that were the case, his earnings might have been $1,299,200, if, again he found a job, etc., the result being less of an economic loss to the family.  Finally, Mr. Burke admits that the decedent may not have worked at any job earning an income, but rather, might have provided housework chores, in which case his earnings and the loss to the family would be still less.  Notably, even Mr. Burke admits that his numbers are not accurate, having based his estimates on the 1980 census.

The numerous variables and uncertainties admitted by Mr. Burke demonstrate the lack of reliability of his expected testimony.  The testimony will not assist the jury in understanding the economics issue or to determine what the economic damages are, if anything.  The jury will ultimately be left to guess what the future held for the decedent and Mr. Burke's testimony cannot aid them in doing so.

His report demonstrates that he has no more insight into what the future held for the decedent than the jury would.

Equally, his testimony cannot be defined as relevant in that with such uncertainties, it cannot make the existence of any fact that is of consequence to the determination of the action, that is, the amount of economic damages, either more or less probable than it would be without the evidence.  Therefore, Plaintiff should not be allowed to call Mr. Burke as an expert witness in the trial of this matter.

   2.   **Plaintiffs may not recover Hedonic Damages in the underlying case**.

Mr. Burkes' testimony is expected to present evidence of hedonic damages which are not recoverable under either §1983 or Ohio law. The law of the forum state determines whether hedonic damages are recoverable under §1983.

   The Sixth Circuit in *Jones v. Wittenberg University,* 534 F.2d 1203 (6th Cir. 1976), and *Jaco v. Bloechle* provide a clear and complete analysis of the actions available under Ohio law where the decedent's death is caused by a violation of his civil rights.  An action under § 1983 is, by the explicit language of the statute, a personal action which accrues to the benefit of the injured party. Ohio's survival of actions statute, Ohio Rev. Code § 2305.21, provides that a cause of action for personal injury survives the death of the injured party, and may be brought by the decedent's

6

personal representative on behalf of the decedent's estate to recover such damages as the deceased might have recovered had he lived. *E.g. Perry v. Eagle-Picher Indus., Inc.,* 52 Ohio St. 3d 168, 169-70, 556 N.E.2d 484, 486 (Ohio 1990); *Allen v. Burdette,* 139 Ohio St. 208, 211, 39 N.E.2d 153, 154 (1942); *Jones,* 534 F.2d at 1207. Plaintiff's § 1983 action on behalf of decedent is properly classified as a tort claim for personal injury which is preserved by Ohio's survival of actions statute. *Jaco,* 739 F.2d at 242-43.

A decedent's personal representative, in a survival action, may recover compensatory damages for the decedent's pain and suffering upon a showing that the decedent was conscious of his pain and suffering prior to death. *See Flory v. New York Central Rd. Co.,* 170 Ohio St. 185, 189, 163 N.E.2d 902, 905 (1959); *see also Jones,* 534 F.2d at 1213; Ohio Rev. Code § 2305.21. Ohio law does not, however, support recovery for decedent's loss of enjoyment of life. Axiomatically, no loss of enjoyment of life can accrue when a decedent dies virtually instantaneously and thus is not cognizant of that loss. *See, e.g., Flory,* 163 N.E.2d at 905; *Jones,* 534 F.2d at 1213; *cf. Ramos v. Kuzas,* 65 Ohio St. 3d 42, 43-44, 600 N.E.2d 241, 242-43 (1992) (newborn cannot suffer "hedonic" damages because she cannot be cognizant of the loss of enjoyment of life), *rehearing denied,* 65 Ohio St. 3d 1459, 602 N.E.2d 254 (1992). The Sixth Circuit has concluded that the award of damages for decedent's loss

of enjoyment of life is improper. *Tinch v. City of Dayton*, 1996 U.S. App. LEXIS 5716, p4 (attached) (damages resulting from a decedent's *post mortem* loss of enjoyment of life are not recoverable in a §1983 action).

Furthermore, the Sixth Circuit has also concluded that compensation for the actual harm suffered by a decedent acts as a deterrent to state actors from committing constitutional rights violations and that state law disallowing recovery of hedonic damages is not inconsistent with the purposes of §1983. *Id.* at 5, see also, *Alexander v. Beale Street Blues Co., Inc.*, 108 F.Supp.2d 934, 951.

3.  **The Probative Value of Burke's Testimony is Substantially Outweighed by the Danger of Unfair Prejudice, Confusion of the Issues or Misleading the Jury**.

Federal Rule of Guidance 403 provides for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Judge Weinstein has explained: "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." Weinstein, 138 F.R.D. at 632.

As already demonstrated, Mr. Burke's opinions are based on nothing but speculation as to what the future held for the decedent. He is able to provide no scientific, technical or other specialized knowledge to the jury which would help them to determine economic damages, if any. However, as Weinstein has noted, the very fact that Mr. Burke would be called as an "expert witness" at the trial of this matter, would improperly mislead and confuse the jury into viewing Mr. Burke as holding some special knowledge or expertise as to what the decedent would have made of his life. As the gatekeeper of evidence during the trial of this matter, it is up to the Court to prevent such prejudice from occurring.

WHEREFORE, Defendants request an Order in *limine* prohibiting Plaintiff from calling John F. Burke, Jr., Ph.D., as an expert in the trial of this matter.

    Respectfully submitted,

    Rita J. McNeil (0043535)
    City Solicitor

    <u>S/Neil F. Freund</u>
    Neil F. Freund (0012183)
    Trial Attorneys
    Vaseem S. Hadi (0075617)
    FREUND, FREEZE & ARNOLD
    One Dayton Centre
    1 South Main Street, Suite 1800
    Dayton, OH 45402-2017
    (937)222-2424 (937)222-5369 (fax)
    nfreund@ffalaw.com
    vhadi@ffalaw.com

<u>s: Geri Hernandez Geiler</u>  
Geri Hernandez Geiler(0042081)  
Room 214 City Hall  
801 Plum Street  
Cincinnati, Ohio  45202  
(513)352-3338  
(513) 352-3750 fax  
<u>geri.geiler@cincinnati-oh.gov</u>  
<u>julie.bissinger@cincinnati-oh.gov</u>

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 31st day of March 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record listed below.

John J. Helbling  
3672 Springdale Road  
Cincinnati, Ohio  45251

Mark T. Tillar  
240 Clark Road  
Cincinnati, Ohio  45215

Paul B. Martins  
Fourth & Walnut Centre  
Suite 1900  
105 East Fourth St.  
Cincinnati, Ohio  45202

Wilson G. Weisenfelder  
900 Fourth & Vine Tower  
Cincinnati, Ohio  45202

Dale A. Stalf  
1320 PNC Center  
201 East Fifth Street  
Cincinnati, Ohio  45202

Donald E. Hardin  
915 Cincinnati Club Building  
30 Garfield Place  
Cincinnati, Ohio  45202

**FREUND, FREEZE & ARNOLD**  
**A Legal Professional Association**

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, Ohio  45202

                                                <u>S/Neil F. Freund</u>
                                                Neil F. Freund