Service: **Get by LEXSEE®**
Citation: **1996 U.S. App. LEXIS 5716**

*1996 U.S. App. LEXIS 5716, \**

TONYA M. TINCH, Administratrix of the Estate of Scott E. Tinch; Individually as the surviving spouse of Scott E. Tinch; As Parent, guardian, and next friend of Amanda M. and Justin S. Tinch, Minors, Plaintiff-Appellant, Cross Appellee vs. CITY OF DAYTON; Michael J. Sipes; Russell E. Neville; James E. Newby, Defendant-Appellees. Cross Appellant

No. 94-3436/94-3516

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1996 U.S. App. LEXIS 5716

February 20, 1996, Filed

**NOTICE: [\*1]** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 77 F.3d 483, 1996 U.S. App. LEXIS 7879.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO.

**DISPOSITION:** The award of $ 25,000 for decedent's conscious pain and suffering accruing prior to death is AFFIRMED, and the award of $ 86,000 for decedent's post mortem loss of enjoyment of life is REVERSED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff administratrix and defendants, city, city officials, and police officers, appealed a judgment of the United States District Court for the Southern District of Ohio entered in favor of plaintiff in a 42 U.S.C.S. § 1983 action alleging that defendants violated decedent's constitutional rights.

**OVERVIEW:** Plaintiff administratrix filed a 42 U.S.C.S. § 1983 action alleging that defendants, city, city officials, and police officers, violated decedent's constitutional rights when he was shot and killed. The trial court entered judgment in favor of plaintiff. On appeal, the court affirmed in part and reversed in part. The court affirmed the award of compensatory damages for decedent's pain and suffering which occurred prior to his death because a decedent's personal representative, in a survival action under Ohio Rev. Code Ann. § 2305.21, may recover damages for a decedent's pain and suffering upon a showing that the decedent was conscious of his pain and suffering prior to death. The court reversed the award of damages for decedent's loss of enjoyment of life because Ohio law did not allow recovery for a decedent's loss of enjoyment of life. The court held that the trial court did not abuse its discretion when it bifurcated the claims against defendant police officers and defendant, city and city officials and when it dismissed the claims against defendants, city and city officials after they agreed to satisfy the judgment entered against defendant police officers.

**OUTCOME:** The court affirmed the award for decedent's conscious pain and suffering accruing prior to death because decedent was conscious of his pain and suffering prior to death. The court reversed the award of for decedent's post mortem loss of enjoyment of life because loss of enjoyment of life damages were not recoverable under state law.

**CORE TERMS:** decedent, enjoyment, municipal, constitutional rights, civil rights, pain and suffering, survival, deprivation, punitive damages, bifurcate, conscious, color of state law, convenience, bifurcated, wantonly, proximate cause, cross-appeal, addressing, personal representative, compensatory damages, personal injury, personal action, injured party, common law, indifference, oppressively, furtherance, maliciously, deterrence, expedition

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage
**HN1** See 42 U.S.C.S. § 1983.

Civil Procedure > State & Federal Interrelationships > Application of State Law
Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1866
**HN2** See 42 U.S.C.S. § 1988.

Torts > Wrongful Death & Survival
Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage
**HN3** An action under 42 U.S.C.S. § 1983 is, by the explicit language of the statute, a personal action which accrues to the benefit of the injured party. Ohio Rev. Code Ann. § 2305.21 provides that a cause of action for personal injury survives the death of the injured party, and may be brought by the decedent's personal representative on behalf of the decedent's estate to recover such damages as the deceased might have recovered had he lived. A § 1983 action on behalf of decedent is properly classified as a tort claim for personal injury which is preserved by Ohio's survival of actions statute. More Like This Headnote

Torts > Wrongful Death & Survival
**HN4** A decedent's personal representative, in a survival action, may recover damages for the decedent's pain and suffering upon a showing that the decedent was conscious of his pain and suffering prior to death. More Like This Headnote

Governments > Legislation > Interpretation
Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1866
**HN5** In resolving questions of inconsistency between state and federal laws pursuant to 42 U.S.C.S. § 1988, a court must examine not only the particular federal statutes and constitutional provisions at issue, but also the policies underlying them. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage
**HN6** The deterrence policy of 42 U.S.C.S. § 1983 operates through the mechanism of compensation of the actual damages suffered by the victim. More Like This Headnote

Civil Procedure > Trials > Separate Trials
Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
**HN7** Fed. R. Civ. P. 42(b) authorizes a court to bifurcate a trial in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. The decision to bifurcate is reviewed for abuse of discretion. In determining whether bifurcation is appropriate, a district court must

balance several factors, including potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result from separate trials. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage
Constitutional Law > Civil Rights Enforcement > Immunity > Local Governments

HN8 A single violation of a person's constitutional rights may give rise to two separate and distinct 42 U.S.C.S. § 1983 actions: one against the offending official and one against the city or state in whose name the official acted. A finding that a plaintiff suffered an actual violation of his constitutional rights at the hands of the defendant officials acting under color of state law is a necessary prerequisite to a finding of liability against municipal defendants. A city or state's policies, standing alone, do not give rise to a § 1983 action. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings

HN9 A complaint must set forth a short and plain statement of claims and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). More Like This Headnote

Civil Procedure > Jury Trials > Jury Instructions
Civil Procedure > Appeals > Standards of Review

HN10 Jury instructions are reviewed in their entirety to determine whether they adequately inform the jury of relevant considerations and provide a basis in law for aiding the jury to reach its decision. More Like This Headnote

**COUNSEL:** For TONYA M. TINCH, Administratrix of the Estate of Scott E. Tinch; Individually as the surviving spouse of Scott E. Tinch; As parent, guardian and next friend of Amanda M. and Justin S. Tinch, minors, Plaintiff - Appellant, Cross-Appellee: Dwight D. Brannon, Brannon & Deutsch, Dayton, OH.

For CITY OF DAYTON, et al., Defendant - Appellee, Cross-Appellant: Neil Freund, Lisa A. Hesse, Freund, Freeze & Arnold, Dayton, OH. For MICHAEL J. SIPES, RUSSELL E. NEVILLE, JAMES E. NEWBY, Defendants - Appellees, Cross-Appellants: Lisa A. Hesse, (See above).

**JUDGES:** BEFORE: KRUPANSKY, NORRIS, [*2] SUHRHEINRICH, Circuit Judges.

**OPINION:** OPINION

**PER CURIAM.**

This is an appeal from the Southern District of Ohio, Western Division. Plaintiff-appellant Tonya M. Tinch (Plaintiff) has challenged, *inter alia,* the district court's instruction as to the measure of damages available in a § 1983 action, that court's decision to bifurcate and subsequent dismissal of the municipal defendants, and the district court's jury instructions and evidentiary rulings. Defendant-appellees Michael J. Sipes, Russell E. Neville, James E. Newby, and the City of Dayton challenged on cross-appeal the award of damages under § 1983 for decedent's loss of enjoyment of life and evidentiary rulings by the lower court.

Plaintiff's husband, Scott Tinch, was fatally shot by Detective Michael Sipes of the City of Dayton Police Department. Immediately prior to the shooting, Detectives Sipes and Neville (the defendant officers) were searching the decedent's brother at gunpoint. The record disclosed that the decedent entered upon the scene carrying an axe handle. Seeing his brother held at gunpoint, the decedent attacked the defendant officers. The officers had no opportunity to identify themselves [*3] during the short scuffle when Sipes shot and killed the decedent. Plaintiff charged that the shooting was unjustified and filed the instant action

in federal district court, alleging violations of the decedent's constitutional rights, as well as state causes of action under the Ohio survival of actions and wrongful death statutes, Ohio Rev. Code § 2305.21 and § 2125.01, against the defendant officers, the City of Dayton, the city commissioners, the police chief, and the mayor. n1

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 Plaintiff's actions against the city commissioners and the mayor were subsequently dismissed.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Prior to trial, the lower court bifurcated Plaintiff's suit into claims against the defendant officers n2 and claims against the City of Dayton and the police chief in his official capacity (the municipal defendants). The jury returned a verdict against Sipes under 42 U.S.C. § 1983 and awarded decedent's estate $ 111,000. After the City of Dayton announced its intention to satisfy the judgment against Sipes, the lower court dismissed **[*4]** Plaintiff's claims against the municipal defendants. The parties filed timely cross-appeals. n2

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n2 Plaintiff's complaint named the defendant officers as defendants in their official capacities only.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Of the $ 111,000, $ 25,000 was allocated to the decedent's conscious pain and suffering prior to death and $ 86,000 to loss of enjoyment of life by the decedent. Plaintiff charged on appeal that the district court erred when it instructed the jury that Plaintiff could recover damages only for the decedent's actual damages and damages for decedent's loss of enjoyment of life. By cross-appeal, Defendants charged that the lower court erred when it failed to limit the measure of damages to compensation for the actual damage suffered by the decedent.

Section 1983 creates a federal cause of action for a deprivation of civil rights. n3 An action under § 1983 is a personal action accruing to the benefit of the person whose constitutional rights were violated and does not survive his death. E.g. Jaco v. Bloechle, **[*5]** 739 F.2d 239, 242 (6th Cir. 1984). As such, § 1983 is a "species" of tort committed against the individual whose constitutional rights have been denied. Carey v. Piphus, 435 U.S. 247, 253, 98 S. Ct. 1042, 1047, 55 L. Ed. 2d 252 (1978). In enacting § 1983 Congress expressed an intent to compensate the victims of a civil rights violation committed under color of state law. Eg., Robertson v. Wegmann, 436 U.S. 584, 590-91, 98 S. Ct. 1991, 1995, 56 L. Ed. 2d 554 (1978). It is well settled that federal standards govern determination of damages under the civil rights statutes. 42 U.S.C. § 1988; see also Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 238-40, 90 S. Ct. 400, 405-06, 24 L. Ed. 2d 386 (1969); Gordon v. Norman, 788 F.2d 1194, 1199 (6th Cir. 1986). It is equally well settled that § 1983 does not provide adequate guidance to determine the measure of damages available in an action for a violation of a claimant's civil rights. E.g. Bell v. Milwaukee, 746 F.2d 1205, 1232 (7th Cir. 1984). Accordingly, 42 U.S.C. § 1988 directs that this Court turn to the common law of the forum state, in this case Ohio, to fill in the interstices in the federal framework. **[*6]** n4

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n3 <sup>HN1</sup> 42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding.

n4 <sup>HN2</sup> 42 U.S.C. § 1988 provides in pertinent part:

> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title "Civil Rights," and of the Title "Crimes," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*7]

The decisions of this Circuit in *Jones v. Wittenberg University,* 534 F.2d 1203 (6th Cir. 1976), and *Jaco v. Bloechle* provide a clear and complete analysis of the actions available under Ohio law where the decedent's death is caused by a violation of his civil rights. <sup>HN3</sup> An action under § 1983 is, by the explicit language of the statute, a personal action which accrues to the benefit of the injured party. Ohio's survival of actions statute, Ohio Rev. Code § 2305.21, provides that a cause of action for personal injury survives the death of the injured party, and may be brought by the decedent's personal representative on behalf of the decedent's estate to recover such damages as the deceased might have recovered had he lived. *E.g. Perry v. Eagle-Picher Indus., Inc.,* 52 Ohio St. 3d 168, 169-70, 556 N.E.2d 484, 486 (Ohio 1990); *Allen v. Burdette,* 139 Ohio St. 208, 211, 39 N.E.2d 153, 154 (1942); *Jones,* 534 F.2d at 1207. Plaintiff's § 1983 action on behalf of decedent is properly classified as a tort claim for personal injury which is preserved by Ohio's survival of actions statute. *Jaco,* 739 F.2d at 242-43.

Accordingly, the jury award of compensatory damages [*8] for Scott Tinch's pain and suffering which accrued prior to death was proper. Ohio Rev. Code § 2305.21. The jury verdict assigned $ 25,000 as compensatory damages for conscious pain and suffering resulting from decedent's virtually instantaneous death. <sup>HN4</sup> A decedent's personal representative, in a survival action, may recover damages for the decedent's pain and suffering upon a showing that the decedent was conscious of his pain and suffering prior to death. *See Flory v. New York Central Rd. Co.,* 170 Ohio St. 185, 189, 163 N.E.2d 902, 905

(1959); *see also Jones,* 534 F.2d at 1213.

Ohio law does not, however, support recovery for decedent's loss of enjoyment of life. Axiomatically, no loss of enjoyment of life could have accrued in Scott Tinch's lifetime because Scott Tinch died virtually instantaneously and thus was not cognizant of that loss. *See, e.g., Flory,* 163 N.E.2d at 905; *Jones,* 534 F.2d at 1213; *cf. Ramos v. Kuzas,* 65 Ohio St. 3d 42, 43-44, 600 N.E.2d 241, 242-43 (1992) (newborn cannot suffer "hedonic" damages because she cannot be cognizant of the loss of enjoyment of life), *rehearing denied,* 65 Ohio St. 3d 1459, 602 N.E.2d 254 (1992). This Court concludes **[*9]** that the award of damages for decedent's loss of enjoyment of life was improper.

Pursuant to 42 U.S.C. § 1988, the Court must determine if a state law allowing for an award of damages for pain and suffering, and not for a decedent's loss of enjoyment of life in a survival action pursuant to § 1983, is "inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988. *HN5* In resolving questions of inconsistency between state and federal laws pursuant to § 1988, a court must examine not only the particular federal statutes and constitutional provisions at issue, but also the policies underlying them. *Robertson,* 436 U.S. at 590.

As noted above, Congress expressed an intent that § 1983 serve to compensate the victims of civil rights violations committed under color of state law. Absent a showing of bad faith on the part of the governmental actor, n5 the Supreme Court has ruled that *HN6* the deterrence policy of § 1983 operates through the mechanism of compensation of the actual damages suffered by the victim. *See Carey v. Piphus,* 435 U.S. at 256-57 (1978); *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 307, 106 S. Ct. 2537, 2543, 91 L. Ed. 2d 249 (1986) **[*10]** ("deterrence is also an important purpose of this system, but it operates through the mechanism of damages that are *compensatory*") (emphasis in original). As the Supreme Court noted in *Carey,* "to the extent that Congress intended that awards under § 1983 should deter the deprivation of constitutional rights, there is no evidence that it meant to establish a deterrent more formidable than that inherent in the award of compensatory damages." 435 U.S. at 256-57. In the case at bar, Plaintiff has received compensation for the actual harm suffered by the decedent. This result is not inconsistent with the Constitution and laws of the United States.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 The jury concluded that the defendant officers' bad faith conduct was not a proximate cause of the lethal deprivation of Scott Tinch's constitutional rights.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Plaintiff had initially joined both the defendant officers and the municipal defendants in her complaint. The district court bifurcated Plaintiff's action into claims against the Sipes and **[*11]** Neville, and claims against the City of Dayton and its Chief of Police. After the jury returned a verdict against defendant Sipes and fixed the amount of damages to be awarded, the lower court dismissed Plaintiff's suit against the municipality and the Chief of Police when the City of Dayton agreed to satisfy the entire amount of damages awarded. On appeal, Plaintiff challenged both the lower court's initial decision to bifurcate the claims against the separate defendants and the subsequent dismissal of the municipal defendants.

*HN7* Federal Rule of Civil Procedure 42(b) authorizes a court to bifurcate a trial, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." n6 The decision to bifurcate is reviewed for abuse of discretion.

*E.g. Yung v. Raymark Industries, Ind.,* 789 F.2d 397, 400 (6th Cir. 1986). In determining whether bifurcation is appropriate, a district court must balance several factors, including potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result from separate trials. *See, e.g.,* In re Beverly Hills Fire Litigation, 695 F.2d **[*12]** 207, 216 (6th Cir. 1982), *cert. denied,* 461 U.S. 929, 103 S. Ct. 2090, 77 L. Ed. 2d 300 (1983); *Beeck v. Aquaslide,* 562 F.2d 537, 542 (8th Cir. 1977).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n6 Fed. R. Civ. P. 42(b) reads in full:

> The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Contrary to Plaintiff's assertions of error on appeal, the district court did not abuse its discretion when it bifurcated the trial as to the separate defendants. <sup>HN8</sup> A single violation of a person's constitutional rights may give rise to two separate and distinct § 1983 actions: one against the offending official **[*13]** and one against the city or state in whose name the official acted. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-036, 56 L. Ed. 2d 611 (1978). While Plaintiff may have had separate claims for the violation of Scott Tinch's constitutional rights against the municipal defendants and the defendant officers, a finding that Scott Tinch suffered an actual violation of his constitutional rights at the hands of the defendant officers acting under color of state law was a necessary prerequisite to a finding of liability against the municipal defendants. *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S. Ct. 1571, 1573, 89 L. Ed. 2d 806 (1986). A city or state's policies, standing alone, do not give rise to a § 1983 action. *Id.*

The subsequent dismissal of the municipal defendants after the City of Dayton announced its intention to satisfy the judgment against Defendant Sipes was also proper. The trial record disclosed that the jury evaluated the totality of the injury suffered by Scott Tinch. While Plaintiff may assert separate and distinct § 1983 actions against the municipal defendants and the defendant officers, she may recover only once **[*14]** for the injury suffered by Scott Tinch. Given the assumption of liability for those damages by the City of Dayton, Plaintiff can achieve nothing beyond a fruitless waste of judicial resources by proceeding against the municipal defendants.

Plaintiff asserted that she was entitled to seek declaratory or injunctive relief against the City of Dayton. Plaintiff, however, had failed to include a request for such relief in her complaint as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a). Plaintiff's boilerplate reference in her complaint to "such other and future relief to which [Plaintiff] may be deemed entitled" does not constitute notice of a claim, especially where Plaintiff failed to request such relief until after the jury returned its verdict.

Plaintiff also failed to assert a § 1983 action on her own behalf, or on behalf of the Tinch children, for possible violations of their constitutional rights arising from the death of Scott Tinch. The record disclosed that Plaintiff joined several § 1983 causes of action, but only on behalf of the decedent. HN9 A complaint must set forth "a short and plain statement of claims[s]," and "a demand for judgment for the [*15] relief the pleader seeks." Fed. R. Civ. P. 8(a). Plaintiff's failure to plead the above-mentioned claims constitutes waiver. Cf. *Purnell v. City of Akron,* 925 F.2d 941 n.6 (6th Cir. 1991).

Plaintiff also argued on appeal that the district court improperly instructed the jury. Specifically, Plaintiff asserted that (1) it was improper to instruct the jury on proximate cause in a § 1983 action; and (2) the instruction addressing punitive damages was confusing. n7

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n7 Because damages resulting from a decedent's *post mortem* loss of enjoyment of life, are not recoverable in a § 1983 action, the plaintiff exception to the district court's instructions addressing the measure of damages available in a § 1983 action are moot.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

HN10 Jury instructions are reviewed in their entirety "to determine whether they adequately inform the jury of relevant considerations and provide a basis in law for aiding the jury to reach its decision." *Gafford v. General Elec. Co.,* 997 F.2d 150, 166 (6th Cir. 1993) (quoting [*16] *Beard v. Norwegian Carribean Lines,* 900 F.2d 71, 72 (6th Cir. 1990)).

Plaintiff's allegation that the district court's "proximate cause" instruction was also erroneous is misconcieved since Plaintiff failed to enter a timely objection to the charge. Fed. R. Civ. P. 51; see also *Clarksville-Montgomery City School System v. U.S. Gypsum,* 925 F.2d 993, 1006 (6th Cir. 1991).

The district court's instruction addressing punitive damages was equally correct. This instruction n8 clearly is in accord with the definition of reckless or callous indifference referrenced in *Smith v. Wade,* 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983) (concluding that it was error to require evil intent or malice toward plaintiff before imposing punitive damages on defendant under civil rights laws). Plaintiff's allegation that the jury was confused by the disjunctive "maliciously *or* wantonly *or* oppressively" (emphasis added) into believing that malice was a requirement for an award of punitive damages is not well taken. Since the jury concluded that Plaintiff had failed to prove any of the three elements in the instruction, any error regarding the inclusion of the element of malice [*17] was harmless.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n8 The jury instruction reads in pertinent part:

[If] the act of Michael Sipes by seizing Scott Tinch through the use of excessive force, thus causing his death, was maliciously, or wantonly, or oppressively done, then you may ... [award] punitive and exemplary damages.

\* \* \* \*

An act or failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the [rights] of one or more persons, including the injured person.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

This Court has examined the remaining charges of error on appeal and, upon due consideration, concludes they are without merit. Accordingly, the award of $ 25,000 for decedent's conscious pain and suffering accruing prior to death is **AFFIRMED,** and the award of $ 86,000 for decedent's *post mortem* loss of enjoyment of life is **REVERSED.**

IT IS SO ORDERED.


Service: **Get by LEXSEE®**
Citation: **1996 U.S. App. LEXIS 5716**
View: Full
Date/Time: Monday, March 29, 2004 - 6:13 PM EST

* Signal Legend:
● -  Warning: Negative treatment is indicated
▲ -  Caution: Possible negative treatment
◆ -  Positive treatment is indicated
Ⓐ -  Citing Refs. With Analysis Available
Ⓘ -  Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.