UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE ESTATE OF
ROGER D. OWENSBY

    Plaintiff

VS

CITY OF CINCINNATI, et al.,

    Defendants.

CASE NO. C-1-01-769

(Judge Spiegel)

**DEFENDANTS CITY OF CINCINNATI
AND POLICE CHIEF THOMAS
STRIECHER, JR.'S MOTION FOR
RECONSIDERATION OF MARCH 25,
2004 ORDER OVERRULING SUMMARY
JUDGMENT ON SOVEREIGN IMMUNITY;
REQUEST TO CERTIFY QUESTION
TO OHIO SUPREME COURT REGARDING
REVISED CODE 2744'S
CONSTITUTIONALITY; ALTERNATIVE
MOTION TO CERTIFY CONFLICT TO
SIXTH CIRCUIT COURT OF APPEALS**

---

**MOTION**

Now come Defendants, City of Cincinnati and Police Chief Thomas J. Streicher, Jr., by and through counsel, and hereby move the Court as follows:

1) that the Court reconsider its March 25, 2004 Order overruling the Defendants' motion for summary judgment on state tort claims because the 2001 Ohio Supreme Court Decision, <u>Butler v. Jordan</u>, as well as simultaneous and subsequent Ohio Supreme Court decisions collectively establish that Revised Code 2744 Sovereign Immunity, indeed, is constitutional;

2) that the Court stay its decision on the Defendants' motion for reconsideration and certify a question to the Ohio Supreme Court for clarification on the constitutionality of Revised Code 2744 as this Court's ruling that <u>Butler v. Jordan</u> held that Revised Code 2744 Sovereign Immunity is unconstitutional, appears to directly conflict the <u>Butler</u> decision as well as subsequent Ohio Supreme Court decisions.

3) alternatively, the Court should certify a conflict of its decision that Revised Code 2744 Sovereign Immunity is unconstitutional to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. §1292.

This Motion is more fully supported by the accompany Memorandum.

Respectfully submitted,

Rita J. McNeil(0043535)
City Solicitor

S/Neil F. Freund
Neil F. Freund (0012183)
Trial Attorneys
Vaseem S. Hadi (0075617)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937)222-2424(937)222-5369 (fax)
nfreund@ffalaw.com
vhadi@ffalaw.com

S/Geri Hernandez Geiler
Geri Hernandez Geiler (0042081)
Sr. Assistant City Solicitor
Julie F. Bissinger (0012055)
Chief Counsel
City Solicitor's Office
Room 214, City Hall
801 Plum Street
Cincinnati, OH 45202
(513) 352-3338(513) 352-515(fax)
geri.geiler@cincinnati-oh.gov
julie.bissinger@cincinnati-oh.gov
Trial Attorneys for Defendant City
Of Cincinnati

2

**MEMORANDUM**

I.    **OVERVIEW**

      This case involves Federal and State tort claims related to the death of plaintiffs' decedent Roger Owensby, Jr. after the decedent resisted arrest on November 7, 2000. Plaintiffs' pendant and ancillary state tort claims include wrongful death, negligence, assault and battery. All defendants moved for summary judgment on the state tort claims because Ohio Revised Code 2744.02(A)(1) provided Cincinnati with sovereign immunity. Further, Revised Code 2744.03(A)(6) provides the individual police officers with qualified immunity on the state tort claims for negligence and only the additional claims that might fall within the "malicious, willful conduct" immunity exception should remain.

      The plaintiffs filed a response opposing summary judgment on the basis that Revised Code 2744 Sovereign Immunity is an unconstitutional violation of Section 16, Article I of the Ohio Constitution. In turn, the plaintiffs never argued that if Chapter 2744 was constitutional, that the defendants would be entitled to such immunity. Cincinnati and Police Chief Streicher filed a reply asserting that Chapter 2744's Sovereign Immunity, indeed, was constitutional. In this reply, the defendants cited a myriad of Ohio Supreme Court and appellate case law, which rejected identical constitutional challenges to Revised Code 2744 Sovereign Immunity. See, e.g., Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666; Fabrey v. McDonald Village Police Department (1994), 70 Ohio St.3d 351;

3

<u>Taddeo v. Estate of Ellis</u> (2000), 144 Ohio App.3d 235; <u>Menafee v. Queen City Metro</u> (1990), 49 Ohio St.3d 27; <u>Bundy v. Five Rivers Metro Parks</u> (2003), 152 Ohio App.3d 426; <u>Krokey v. City of Cleveland</u>(2001), 146 Ohio App.3d 179; <u>Grange Mutual Casualty Co. V. City of Columbus</u> (1989), 49 Ohio App.3d 50.

On March 25, 2004, this Court overruled the defendants' motion for summary judgment on plaintiffs' state tort claims on the basis that Revised Code 2744 Sovereign Immunity might be unconstitutional. (Order at 8, Doc. #113.) This Order cited an earlier Southern District of Ohio Decision, <u>Kammeyer v. City of Sharonville,</u> which held sovereign immunity "violates the plaintiffs' rights to trial by jury and to remedy under the Ohio Constitution." (<u>Id.</u>) Pursuant to the Court's analysis, both its rationale in this case as well as <u>Kammeyer</u>, that Chapter 2744 Sovereign Immunity is unconstitutional, centers on the Ohio Supreme Court Decision <u>Butler v. Jordan,</u> 92 Ohio St.3d 354 (2001). Further, the Court stated that the apparent lack of "subsequent Ohio Supreme Court case law" after the <u>Butler</u> Decision, deprived the Court of any reason to revisit this issue. (<u>Id.</u>)

The defendants now move the Court to reconsider its Order overruling motion for summary judgment because <u>Butler v. Jordan</u> did not hold that Chapter 2744 Sovereign Immunity is unconstitutional. Moreover, Ohio Supreme Court decisions simultaneous and subsequent to <u>Butler</u>, have held Chapter 2744 Sovereign Immunity is constitutional. Next, the Court should delay ruling on the

4

defendants' motion for reconsideration and certify a question to the Ohio Supreme Court requesting an advisory opinion on the constitutionality of Chapter 2744 Sovereign Immunity. Alternatively, the Court should certify a conflict to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. §1292(b). These issues will be addressed in this order below.

## II.    **LAW AND ARGUMENT**

### A.    **The Ohio Supreme Court Decision Butler v. Jordan as well as subsequent Supreme Court decisions establish that Chapter 2744 Sovereign Immunity, indeed, is constitutional.**

The defendants submit that there is no language in the Ohio Supreme Court Decision, Butler v. Jordan, to support any notion that Revised Code 2744 Sovereign Immunity is unconstitutional, and consequently, non-existent. First, the Ohio Supreme Court, in Butler, reversed the Court of Appeals and reinstated the trial court's decision to grant the municipal defendants' motion to dismiss based on Revised Code §2744.02 Sovereign Immunity. The Butler plaintiffs sued the Cuyahoga County Department of Human Services, and other defendants, for negligent and/or reckless behavior, which proximately caused an eight month old baby's death. (2001), 92 Ohio St.3d 354, 355. The trial court granted CCDHS's Civil Rule 12(B)(6) motion to dismiss on a basis it was immune from civil liability pursuant to R.C. 2744.02.(Id.) The Court of Appeals reversed on the basis that the underlying conduct fell within the immunity exception Revised Code 2744.02(B)(5); the Appellate Court

5

never held sovereign immunity was unconstitutional.

The Supreme Court reversed the Court of Appeals and reinstated the trial court's decision to grant the defendants' motion to dismiss based on sovereign immunity. It is true the Supreme Court conducted a lengthy historical evaluation of sovereign immunity in Ohio. The Court noted that after common law sovereign immunity, the Ohio General Assembly responded by creating Chapter 2744 Sovereign Immunity. While the Court might have created "subtle hints" regarding its policy concerns regarding the existence of sovereign immunity, "[t]he constitutionality of R.C. Chapter 2744 is not at issue in this case." (Id. at 375 Justice Cook concur.) The Court emphasized that regardless of these policy concerns, "R.C. Chapter 2744 remains the law and must be interpreted and applied . . . as written." (Id. at 373-74.)

Finally, the Court discussed the possibility that some political subdivisions of the state may not be entitled to sovereign immunity. (Id. at 372-73.) For example, corporate political subdivisions of the state are not sovereign powers. (Id. at 372.) The definition, "sovereign" is "a person, body, or state vested with independent and supreme authority." (Id.)(quoting Black's Law Dictionary 7Ed. (1999) 1401.) The Court interpreted R.C. 2743.01(B) as defining political subdivisions, entitled to sovereign immunity, to include "all other bodies corporate and politic responsible for governmental activities . . . to which sovereign immunity of the state attaches." (Id. at 373). Eventually, the Supreme Court, in

6

Butler, concluded that the County Department of Human Services engaged in activities closely associated with a state's sovereign powers, entitling this political subdivision to sovereign immunity. Applying Butler to this case, it is undisputed that police activities of Cincinnati, Chief Streicher and the individual police officers, qualify as governmental activities for sovereign immunity purposes. Therefore, if the County Department of Human Services, in Butler, is entitled to sovereign immunity for alleged negligent acts, it follows Cincinnati and Chief Streicher are entitled to sovereign immunity for similar tort claims. Further, the defendant officers are entitled to immunity for negligent acts as well. In short, there is no language in Butler v. Jordan to support an interpretation that this decision struck down Revised Code 2744 Sovereign Immunity is unconstitutional.

Moreover, it appears this Court was unaware of simultaneous and subsequent Ohio Supreme Court decisions on this issue, when it issued its March 25, 2004 Order overruling summary judgment. For example, on June 19, 2002, eleven months after its Butler decision, the Ohio Supreme Court decided Ryll v. Columbus Fireworks Display Co., Inc., which set forth a three-tier analysis in adjudicating Revised Code §2744 immunity. (2002), 95 Ohio St.3d 467, 469-70. The Supreme Court in Ryll, expressly stated that it was not entertaining any constitutional challenge to Chapter 24 Sovereign Immunity. (Id. at 468.) Instead, "the general rule of R.C. Chapter 2744 that 'political subdivisions are not liable in damages' is applicable."

7

(Id. at 469)(quoting Greene Cty. Agricultural Society v. Liming (2000), 89 Ohio St.3d 551, 556-57). Therefore, the Supreme Court employed its three-tier analysis to determine whether the general rule immunized defendant City of Reynoldsburg from liability. Ryll, 95 Ohio St.3d at 469-70. This analysis includes:

> 1) whether the party claiming immunity engaged in a "governmental function";
>
> 2) whether any exception to the general rule of immunity applies; and
>
> 3) whether any defenses apply.

(Id. at 470-471.)

While the Ryll Court ultimately held Reynoldsburg was not entitled to immunity because it was not engaged in a "governmental function" under the test's first prong, the Supreme Court in Ryll never held Chapter 2744 Sovereign Immunity was unconstitutional. If this were true, the Court would have stated the same before engaging in its three-part analysis to determine if the general immunity rule applied. More importantly, if Chapter 2744 Sovereign Immunity was struck down as unconstitutional in the Butler Decision, decided eleven months earlier, it follows the Supreme Court in Ryll would have immediately dismissed Reynoldsburg's sovereign immunity claims and cited Butler. Stated differently, the Ryll Court's three-tier sovereign immunity analysis coupled with its failure to state that its earlier Butler Decision might have invalidated sovereign immunity as unconstitutional, displaces any view that the Butler Decision supports plaintiffs' Owensby's view.

8

Additionally, two decisions issued on the same day as Butler v. Jordan support Cincinnati's and Chief Streicher's view that they are entitled to sovereign immunity. Campbell v. Burton (2001), 92 Ohio St.3d 336; Marshall v. Montgomery County Children Services Board (2001), 92 Ohio St.3d 348. Campbell is identical to Ryll because the Court engaged in lengthy analysis of the three-tier general immunity doctrine. 92 Ohio St.3d at 342-43. Campbell involved municipal defendant City of Fairborn's alleged failure to report suspected child abuse in violation of Revised Code 2151.421(A)(1)(a). While Fairborn met the Chapter 2744.02 first tier, it was not entitled to immunity under the second tier. Specifically, the exception that a political subdivision is not entitled to immunity "when liability is expressly imposed upon the political subdivision by section of the Revised Code" applied. As stated earlier, Fairborn's alleged violation of Revised Code 2151.421(A)(1)(a) served to negate any immunity Fairborn, otherwise, might have received. Again, the Supreme Court in Campbell acknowledged that sovereign immunity, indeed, was constitutional. Fairborn did not receive immunity only because it could not sustain the three-tier test.

In Marshall v. Montgomery Cty. Childrens' Services Board, the Supreme Court affirmed the appellate court's and trial court's decisions to grant the municipal defendants' motions for summary judgment based on Chapter 2744 Sovereign Immunity.  As the Ohio Supreme Court decided Marshall on the same day as Butler, it is

9

wholly illogical that the <u>Marshall</u> defendants could have received summary judgment if the simultaneously <u>Butler</u> decision held Chapter 2744 Sovereign Immunity was unconstitutional. This Court's March 25, 2004 Decision overruling summary judgment, on the basis that the Ohio Supreme Court <u>Butler v. Jordan</u> decision held Chapter 2744 Sovereign Immunity is unconstitutional, noticeably fails to acknowledge, cite or reconcile its Decision with <u>Campbell,</u> <u>Marshall</u> and <u>Ryll.</u> For these reasons, Cincinnati and Police Chief Thomas Streicher, Jr. respectfully move the Court to reconsider its decision overruling summary judgment.

**B.** **The Court should delay ruling on the defendant's motion for reconsideration and certify a question to the Ohio Supreme Court regarding the constitutionality of Chapter 2744 Sovereign Immunity.**

This Court should certify a question to the Ohio Supreme Court for guidance and clarification of the constitutionality of Revised Code 2744 Sovereign Immunity. Ohio Supreme Court practice Rule XVIII, Section 1 states:

When a state law question may be certified.

The Supreme Court may answer a question of law certified to it by a court of the United States. This rule may be invoked when the certifying court, in a proceeding before it, determines there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court, and issues a certification order.

The Ohio Supreme Court welcomes federal courts to certify questions regarding the interpretation and constitutionality of state law to encourage uniformity. "Since federal law recognizes

10

Ohio's sovereignty by making Ohio law applicable in federal courts, the state has the power to exercise and the responsibility to protect that sovereignty." <u>Scott v. Bank One Trust Co.</u> (1991), 62 Ohio St.3d 39, 42. Therefore, if answering certified questions further states interest and preserves sovereignty, the appropriate branch of state government - the Ohio Supreme Court - may constitutionally answer them. (<u>Id.</u>)

The state's sovereignty is "unquestionably implicated when federal courts construe state law." (<u>Id.</u>)  If the federal court errs, it applies law other than Ohio law, in derogation of the state's right to prescribe a "rule of decision."(<u>Id.</u>)"By allocating rights and duties incorrectly, the federal court both does an injustice to one or more parties, and frustrates the state's policy that would have allocated the rights and duties differently." (<u>Id.</u>) The frustration of the state's policy may have a more lasting effect, because other potential litigants are likely to behave as if the federal decision were the law of the state. (<u>Id.</u>) In that way, the federal court has, at least temporarily, made state law of which the state would have disapproved, had its courts had the first opportunity to pass on the question. (<u>Id.</u>)(quoting <u>McCree,</u> Foreward, 1976 Annual Survey of Michigan Law (1977), 23 Wayne L. Rev. 255, 257 Footnote 10. "Certification 'freeze federal courts from' having to guess how state courts will decide important questions of state law." <u>Scott</u> 62 Ohio St.3d at 43. In turn, certification insures that federal courts will properly apply state law. (<u>Id.</u> at 43-44.)

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

Certification strengthens the "federalist structure of joint sovereigns . . . " (Id. at 44)(quoting Gregory v. Ashcroft (1991), 501 U.S., 111 S.Ct. 2395, 2400, 115 LED 2d 410.) *Accord* Grover v. Eli Lilly & Co., 33 F3d 716, 1994 U.S. App. LEXIS 24232(6th Cir. 1994)(reviewing the federal district court's decision on the defendants' motion for summary judgment on state tort negligence claims after the district court certified to the Ohio Supreme Court the question of whether Ohio recognizes the plaintiffs' cause of action.) Pursuant to Scott and Grover, the Ohio Supreme Court would welcome a certified question from this Court regarding the constitutionality of Chapter 2744 Sovereign Immunity. The recent Ohio Supreme Court decisions discussed earlier established collectively that sovereign immunity, indeed, is constitutional. As this Court appeared to have questions regarding the Supreme Court's position on this issue, certifying a question on this issue will afford the Supreme Court a chance to clarify its earlier holdings once and for all. Once the Supreme Court issues an advisory opinion, this Court will be enabled to make a decision that reflects the Ohio Supreme Court's prior holdings and achieve consistency between the federal courts and state courts. Under these circumstances, the defendants respectfully request this Court delay ruling on the underlying motion for reconsideration and certify a question to the Ohio Supreme Court regarding the constitutionality of Chapter 2744 Sovereign Immunity.

FREUND, FREEZE & ARNOLD
A Legal Professional Association

C.   **Alternatively, the Court should certify conflict to the**
     **Sixth Circuit Court of Appeals**

In the unlikely event the Court overrules the defendants' motion for reconsideration and requests to certify a question to the Ohio Supreme Court, the Court should certify a conflict to the Sixth Circuit Court of Appeals regarding the sovereign immunity issue. The Interlocutory Appeals Act of 1958, 28 U.S.C. §1292(b), was enacted to meet the recognized need for prompt review of certain non-final orders. Coopers & Lybrand, 437 U.S. 463, 475(1978).  This statute allows the Court of Appeals to review non-final orders immediately that:

> 1)   involve a controlling question of law;
>
> 2)   involve substantial grounds for differences of opinion;
>
> 3)   immediate appeal may materially advance the ultimate termination of the litigation.

28 U.S.C. §1292(b).

Further, the trial judge shall state these grounds in the subject on final order, thus, certifying the conflict. (Id.) Finally, the parties who wish to challenge the non-final order must file its brief with the reviewing appellate court within ten days of the non-final order's entry.

In the case at bar, the Court's decision overruling summary judgment on the plaintiffs' state tort claims involves the requisite exceptional circumstances to warrant certifying a conflict to the Sixth Circuit. When a decision has been made on the defendants'

13

earlier motion to bifurcate claims against the municipal defendants from claims against the defendant individual police officers. As such, if the municipal defendants receive sovereign immunity on all state tort claims, many of the claims against them would be decided. Further, since the police officers are entitled to qualified immunity on all state tort claims involving negligence, any claims against the individual defendants could be resolved as well. As such, an immediate appeal of the Court's March 25 Order overruling summary judgment to the Sixth Circuit would materially advance the ultimate termination of many claims in this litigation.

Also, the defendants have cited and discussed many Ohio Supreme Court cases on the sovereign immunity constitutionality issue, including the <u>Butler v. Jordan</u> case this Court based its decision to overrule summary judgment upon, which, at a minimum, creates a substantial ground for difference of opinion. Therefore, in the event the Court does not reconsider its March 25 Decision overruling summary judgment and does not certify a question to the Ohio Supreme Court, a conflict should be certified to the Sixth Circuit for immediate review. Finally, since 28 U.S.C. 1292 only permits the defendants ten days to file its brief with the Sixth Circuit on the conflict issue, the Defendants urge the Court to supplement its non-final order with the requisite language to certify a conflict, as stated in 28 U.S.C. 1292(b), before the deadline contained in this statute expires.

FREUND, FREEZE & ARNOLD
A Legal Professional Association

## CONCLUSION

For the foregoing reasons, Defendant City of Cincinnati and Police Chief Thomas Streicher, Jr. respectfully request:

1)   the Court reconsider its March 25, 2004 Decision overruling Motion for Summary Judgment on Plaintiffs' State Pendant and Ancillary State Tort Claims;

2)   the Court should delay ruling on the underlying motion for reconsideration and certify a question to the Ohio Supreme Court regarding the constitutionality of Ohio Revised Code §2744.02 and 2744.03 Sovereign Immunity; and

3)   alternatively, the Court should certify a conflict to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. §1292(b).

Respectfully submitted,

J. Rita McNeil
City Solicitor


S/Neil F. Freund
Neil F. Freund (0012183)
Trial Attorneys
Vaseem S. Hadi (0075617)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937)222-2424
(937)222-5369 (fax)
nfreund@ffalaw.com
vhadi@ffalaw.com


s: Geri Hernandez Geiler
Geri Hernandez Geiler(0042081)
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
(513)352-3338 (513) 352-3750 fax
geri.geiler@cincinnati-oh.gov
julie.bissinger@cincinnati-oh.gov

15

CERTIFICATE OF SERVICE

    I hereby certify that on March 31, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record listed below.

John J. Helbling
3672 Springdale Road
Cincinnati, Ohio  45251

Mark T. Tillar
240 Clark Road
Cincinnati, Ohio  45215

Paul B. Martins
Fourth & Walnut Centre
Suite 1900
105 East Fourth St.
Cincinnati, Ohio  45202

Wilson G. Weisenfelder
900 Fourth & Vine Tower
Cincinnati, Ohio  45202

Dale A. Stalf
1320 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202

Donald E. Hardin
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio  45202

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, Ohio  45202

                                          S/Neil F. Freund
                                          Neil F. Freund

FREUND, FREEZE & ARNOLD
A Legal Professional Association