# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

The Estate of
Roger D. Owensby Jr.,                    :              Case No. 01-CV-769

       Plaintiff                    :              (Judge S. Arthur Spiegel)

       v.                       :
City of Cincinnati, et al.,

                                   :
       Defendants

## DEFENDANTS CATON, HODGE, JORG, SELLERS AND SPELLEN'S MOTION TO STRIKE PLAINTIFF'S MARCH 11, 2004 REPLY IN SUPPORT OF SUMMARY JUDGMENT; MOTION TO STRIKE  MATERIALS THAT MAY NOT BE CONSIDERED ON SUMMARY JUDGMENT ANALYSIS; ALTERNATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE OPPOSING SUMMARY JUDGMENT

      Now come the Defendants, Patrick Caton, Jason Hodge, Robert Blaine Jorg, Darren Sellers and Victor Spellen, by and through counsel, and hereby move the Court to strike Plaintiff's reply in support of summary judgment because it asserts new arguments outside the scope of the initial motion for partial summary judgment and to further strike materials referenced in the reply that are outside the scope of summary judgment analysis.  In the alternative, Defendants move the Court for leave to file a supplemental response opposing partial summary judgment.

      The accompanying memorandum supports the motions.

                      Respectfully submitted,


                      /s/ Donald E. Hardin
                      Donald E. Hardin (0022095)
                      HARDIN, LEFTION, LAZARUS & MARKS
                      915 Cincinnati Club Building; 30 Garfield Place
                      Cincinnati, OH 45202-4322
                      Telephone:    (513) 721-7300
                      Facsimile:     (513) 721-7008

                      Trial Attorney for Defendants Patrick Caton, Robert Blaine Jorg, Jason Hodge, Darren Sellers and Victor Spellen in their individual and/or official capacities

1

## MEMORANDUM

Defendants Caton, Hodge, Jorg, Sellers and Spellen fully adopt herein the argument set forth by the Defendants, City of Cincinnati and Police Chief Thomas Streicher, Jr. in their omnibus motion filed March 30, 2004. (Doc. #115). Further, Defendant Hodge, having returned from military service in Iraq and Kuwait, adopts in its entirety Defendants' Caton, Jorg, Sellers and Spellen memorandum in opposition to partial summary judgment. (Doc #103).

**I.     Judicial estoppel does not apply to defendants Caton, Jorg, Hodge, Sellers and Spellen.**

Plaintiff states that the defendant police officers are judicially estopped from asserting that Roger Owensby died from sudden cardiac arrest. (Doc. #108, p.21) This fallible argument is premised on the fact that the City disciplined the officers. Plaintiff's erroneously state that "no appeals were taken" by the officers after they were disciplined. (Id. at p.15)(emphasis added) "Caton took no steps to pursue the matter through grievance proceedings or litigation." (Id. at p.20) These statements are completely false. Officers Caton, Hodge and Spellen did not complacently accept the discipline that they received. These officers are currently at various stages of the grievance or appeal process. (Doc #119) Officer Jorg resigned before receiving any discipline to appeal. (Id.)

Therefore, the doctrine of judicial estoppel does not prevent defendants from asserting that Roger Owensby died as a result of sudden cardiac death and raising a genuine issue of material fact that precludes summary judgment.

**II.    Plaintiff's reply memorandum contains false statements**

In addition to the false statements referenced above, there are several other blatant inaccuracies contained in Plaintiff's reply memorandum in support of motion for partial summary judgment that need to be addressed.    Plaintiff lists facts that are allegedly

2

"uncontested" by the Cincinnati defendants.  Several of these facts were contested by Defendants

Caton, Hodge, Jorg, Sellers and Spellen in their motion in opposition to partial summary

judgment including:

- Officer Hunter testified that Officer Caton repeatedly punched Mr. Owensby in the area of the head after he was handcuffed, as he lay unconscious on the back of the Golf Manor cruiser (Doc #108, p.4)(contested in Doc #103, p.3);
- Both Officers Hunter and Sellers testified that Officer Caton repeatedly punched Mr. Owensby *after* he was handcuffed and not resisting (Doc #108, p.4)(contested in Doc #103, pp. 2-3);
- Officer Caton straddled Mr. Owensby's buttocks as he struck at his back and right arm (Doc #108, p.7)(clarified in Doc #103, p. 2, that strikes were administered prior to handcuffs);
- In uniform, Officers Jorg and Caton weighed approximately 470 pounds as they knelt on and straddled Mr. Owensby as he lay face down on the asphalt (Doc #108, p. 7)(contested in Doc #103, p. 3).

Plaintiff also greatly exaggerates, "Officers Jorg and Caton had Mr. Owensby's blood *all*

*over* the sleeves of their shirts."  (Doc #108, p. 5)(emphasis added).    In their motion for

summary judgment the statement was "Officers Jorg and Caton had blood from Mr. Owensby on

the sleeves of their shirts." (Doc #88, p. 10)  The original statement was accurate in that there

was blood on the officers' shirts.  However the *allegedly uncontested* statement that there was

blood "all over the sleeves of their shirts" is an over exaggeration that was not made in the

original document and would have been highly contested.

More importantly, Plaintiff asserts as *uncontested facts* that "all of the officer knew that

Cincinnati Procedure 12.545 required immediate medical care," "that the scene was sufficiently

stabilized," and that "none of the eleven Cincinnati police officers…offered or provided medical

care to Mr. Owensby."  (Doc. #108, p.5-6)  All of these facts were vigorously contested in the

defendants' memorandum in opposition to partial summary judgment.  Specifically, the officers

did not realize that Mr. Owensby was in serious need of medical care when the only apparent

injuries were minor and the deputy coroner testified that the visible injuries visible to the officers

did not require immediate medical attention. (Doc. #103, pp. 6, 14) Medical care was commenced, immediately, upon discovery of its need. (Doc. #103, pp.8, 14) Furthermore, what "once the incident scene is stabilized" actually means and whether the scene was ever stabilized on November 7, 2000 is the subject of much confusion. (Id. at 9, 13) Plaintiff blatantly misstates the facts in an attempt to cover the fact that there are genuine issues of material fact that need to be presented to a jury for proper determination.

## III.    Conclusion

For the foregoing reasons, Defendants Caton, Hodge, Jorg, Sellers and Spellen respectfully request that Plaintiff's reply memorandum in support of partial summary judgment be stricken from the record and all materials outside the scope of summary judgment analysis be stricken; alternatively, Defendants ask leave to file a supplemental response.


Respectfully submitted,


/s/ Donald E. Hardin
Donald E. Hardin (0022095)
HARDIN, LEFTION, LAZARUS & MARKS
915 Cincinnati Club Building; 30 Garfield Place
Cincinnati, OH 45202-4322
Telephone:    (513) 721-7300
Facsimile:    (513) 721-7008

Trial Attorney for Defendants Patrick Caton, Robert Blaine
Jorg, Jason Hodge, Darren Sellers and Victor Spellen in their
individual and/or official capacities

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was electronically filed with the

Clerk of the Court on April 2, 2004.  Notice of this filing will be sent to all parties by operation

of the Court's electronic filing system.

James B. Helmer, Jr., Esq.
Paul B. Martins, Esq.
Frederick M. Morgan, Jr., Esq.
Robert M. Rice, Esq.
HELMER, MARTINS & MORGAN CO., L.P.A.
Fourth & Walnut Centre, Suite 1900
105 East Fourth Street
Cincinnati, Ohio  45202
Trial Attorneys for Plaintiff


Geri H. Geiler, Esq.
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio  45202
Trial Attorney for Defendants
John Shirey, Kent A. Ryan, S. Gregory
Baker, Thomas Streicher, Jr., Robert B.
Jorg, Patrick Caton


Mark T. Tillar, Esq.
240 Clark Road
Cincinnati, Ohio  45215
Trial Attorney for Plaintiff


John J. Helbling, Esq.
3672 Springdale Road
Cincinnati, Ohio  45251
Trial Attorney for Plaintiff

Neil F. Freund, Esq.
Vaseem S. Hadi, Esq.
FREUND, FREEZE & ARNOLD
One Dayton Centre
One South Main Street, Suite 1800
Dayton, Ohio  45402-2017
Trial Counsel for Defendants City of
Cincinnati, John Shirey,
Kent A. Ryan, S. Gregory Baker,
Thomas Streicher, Jr.,
Darren Sellers, Jason Hodge


Wilson G. Weisenfelder, Jr., Esq.
RENDIGS, FRY, KIELY &
DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, Ohio  45202
Trial Attorney for Defendants City
of Golf Manor, Stephen Tilley,
Roby Heiland, and Chris Campbell


Dale A. Stalf, Esq.
BUCKLEY, KING & BLUSO
1320 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202
Counsel for Defendants Huntington
Meadows, LTD, and Bryan Menefee


Ravert J. Clark, Esq.
114 East Eighth Street
Suite 400
Cincinnati, Ohio  45202
Trial Attorney for Defendant
David Hunter


/s/ Donald E. Hardin
_____
Donald E. Hardin                    (0022095)