UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **The Estate of Roger D. Owensby Jr.,** | : | **Case No. 01-CV-769** |
| Plaintiff | : | (Judge S. Arthur Speigel) |
| v. | : | **MOTION *IN LIMINE* TO EXCLUDE DISCIPLINARY ACTION AND INVESTIGATIVE HISTORY OF DEFENDANT OFFICERS CATON, HODGE, JORG, SELLERS AND SPELLEN** |
| **City of Cincinnati, et al.,** | : | |
| Defendant | : | |
| | : | |

Now come the Defendants, Patrick Caton, Jason Hodge, Robert Blaine Jorg, Darren Sellers and Victor Spellen, by and through counsel, and hereby move the Court to exclude all evidence and references to disciplinary actions taken against these officers or any other Cincinnati police officers by the City of Cincinnati as irrelevant and highly prejudicial. More specifically, any disciplinary action taken after November 7, 2000 should be excluded pursuant to Federal Rule of Evidence 407 as subsequent remedial measures.

This motion is more fully supported by the accompanying Memorandum in Support.

Respectfully submitted,

/s/ *Donald E. Hardin*
Donald E. Hardin                    (0022095)
HARDIN, LEFTON, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322
Telephone:   (513) 721-7300
Facsimile:    (513) 721-7008

Trial Attorney for Defendants Patrick Caton, Robert Blaine Jorg, Jason Hodge, Darren Sellers and Victor Spellen in their individual capacities. Trial Attorney for Patrick Caton, Robert Blaine Jorg and Victor Spellen in their official capacities.

1

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

This case involves the death of Roger Owensby on November 7, 2000, after he violently resisted arrest. The issue involved in this motion relates to the admissibility of records relating to the investigation of complaints, findings relating to those complaints, and/or disciplinary actions imposed against the defendant police officers herein. Plaintiff may attempt to introduce the defendant officers' past disciplinary records as well as historical disciplinary records of other Cincinnati officers. Such evidence should be excluded under Rule 403 of the Federal Rules of Evidence as irrelevant and extremely prejudicial, and also under Rule 404(b) as inadmissible character evidence. Any disciplinary action taken as a result of the events of November 7, 2000, should also be excluded under Rule 407 as subsequent remedial measures.

**II.   ARGUMENT**

   A. **All complaint investigation and/or disciplinary records of the individual officers involved should be excluded as irrelevant and extremely prejudicial**.

Any prior discipline that Officers Caton, Hodge, Jorg, Sellers and Spellen received is not relevant to the current case. Evidence is relevant if it makes the existence of a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" Fed. R. Evid. 403.

In a similar case involving Dayton police officers the Court stated, "The questions regarding liability of these individual Defendants must be decided by the jury only on the facts of the particular

encounter on which this case is based." *Brunson v. City of Dayton,* 165 F. Supp. 2d 919, 924 (S.D. Ohio 2001)(attached as Appendix "A").

The plaintiff must prove that the actions of the officers on November 7, 2000, led to a constitutional violation. Any prior complaint investigations and/or disciplinary records of these Defendants have no probative value in relation to the events of November 7, 2000. Admitting this evidence would only prejudice the jury against these officers. Therefore, all such records should be excluded.

Furthermore, evidence of prior complaint investigations and/or discipline should be excluded as improper character evidence. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Disciplinary records of the defendant officers and any historical data of other Cincinnati police officers would not provide the jury with any relevant information pertaining to the events of November 7, 2000.

**B. All disciplinary actions relating to November 7, 2000 are extremely prejudicial to Officers Caton, Hodge, Jorg, Sellers and Spellen and should be excluded pursuant to Rule 407 as subsequent remedial measures.**

Any disciplinary actions taken against these officers by the City of Cincinnati is evidence of a subsequent remedial measure governed by Rule 407 of the Federal Rules of Evidence which states:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct . . .

Fed. R. Evid. 407.

Exclusion of subsequent remedial measures is important to further the social policy of "encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed. R. Evid. 407, Advisory Committee's Notes.

In a case similar to the one at bar, the Court excluded Internal Affairs investigations and disciplinary measures taken by the city against the officer. *Maddox v. City of Los Angeles,* 792 F.2d 1408, 1417 (9th Cir. 1986). See also, *Specht v. Jensen,* 863 F.2d 700, 701 (10th Cir. 1988)(excluding press release where City stated officers "exercised poor judgment"); *Luera v. Snyder*, 599 F. Supp. 1459, 1463 (D.C. Col. 1984)(testimony of changes in police department's policies are inadmissible).

More importantly, any evidence of discipline relating to the events of November 7, 2000, is extremely prejudicial. Any probative value is substantially outweighed by the prejudicial effect on the jury. Fed. R. Evid. 403. It is *highly likely* that a jury would give great weight to the fact that the City of Cincinnati disciplined the officers for their conduct on November 7, 2000. Furthermore, Officers Caton, Hodge and Spellen still have ongoing appeals of the discipline they received. As a result of the incident involving this litigation, Officer Jorg took another job in law enforcement and was not the subject of any discipline.

The plaintiff must prove the actions of the officers on November 7, 2000, violated a constitutional right. Whether a constitutional violation occurred is an issue for the jury to decide based on evidence of the actual events, not based on the City's interpretation of those events. There will be ample evidence in the form of testimony from eyewitnesses and the officers involved, as well as exhibits. Disciplinary records are highly prejudicial and unnecessary in light of the availability of other evidence.

**C. Disciplinary reports should be excluded as Hearsay.**

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c) Any disciplinary records offered to prove that the officers violated Mr. Owensby's constitutional rights should be excluded as hearsay within hearsay. The officers will be available to testify under oath at trial.

**III.   CONCLUSION**

For the foregoing reasons, Defendants Patrick Caton, Jason Hodge, Robert Jorg, Darren Seller and Victor Spellen respectfully request all evidence of any disciplinary investigations and/or actions be excluded.

Respectfully submitted,

/s/ Donald E. Hardin
Donald E. Hardin                    (0022095)
HARDIN, LEFTON, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322
Telephone:    (513) 721-7300
Facsimile:    (513) 721-7008

Trial Attorney for Defendants Patrick Caton, Robert
Blaine Jorg, Jason Hodge, Darren Sellers and Victor
Spellen in their individual capacities. Trial Attorney
for Patrick Caton, Robert Blaine Jorg and Victor Spellen
in their official capacities.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion in Limine has been electronically filed with the Clerk of the Court on April 5, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

| | |
|---|---|
| James B. Helmer, Jr., Esq. | Neil F. Freund, Esq. |
| Paul B. Martins, Esq. | Vaseem S. Hadi, Esq. |
| Frederick M. Morgan, Jr., Esq. | FREUND, FREEZE & ARNOLD |
| Robert M. Rice, Esq. | One Dayton Centre |
| HELMER, MARTINS & MORGAN CO., L.P.A. | One South Main Street, Suite 1800 |
| Fourth & Walnut Centre, Suite 1900 | Dayton, Ohio 45402-2017 |
| 105 East Fourth Street | Trial Counsel for Defendants City of |
| Cincinnati, Ohio 45202 | Cincinnati, John Shirey, |
| Trial Attorneys for Plaintiff | Kent A. Ryan, S. Gregory Baker, |
| | Thomas Streicher, Jr., |
| | Darren Sellers, Jason Hodge |
| Geri H. Geiler, Esq. | |
| Assistant City Solicitor | Wilson G. Weisenfelder, Jr., Esq. |
| Room 214, City Hall | RENDIGS, FRY, KIELY & |
| 801 Plum Street | DENNIS, LLP |
| Cincinnati, Ohio 45202 | 900 Fourth & Vine Tower |
| Trial Attorney for Defendants | Cincinnati, Ohio 45202 |
| John Shirey, Kent A. Ryan, S. Gregory | Trial Attorney for Defendants City |
| Baker, Thomas Streicher, Jr., Robert B. | of Golf Manor, Stephen Tilley, |
| Jorg, Patrick Caton | Roby Heiland, and Chris Campbell |
| Mark T. Tillar, Esq. | Dale A. Stalf, Esq. |
| 240 Clark Road | BUCKLEY, KING & BLUSO |
| Cincinnati, Ohio 45215 | 1320 PNC Center |
| Trial Attorney for Plaintiff | 201 East Fifth Street |
| | Cincinnati, Ohio 45202 |
| John J. Helbling, Esq. | Counsel for Defendants Huntington |
| 3672 Springdale Road | Meadows, LTD, and Bryan Menefee |
| Cincinnati, Ohio 45251 | |
| Trial Attorney for Plaintiff | Ravert J. Clark, Esq. |
| | 114 East Eighth Street |
| | Suite 400 |
| | Cincinnati, Ohio 45202 |
| | Trial Attorney for Defendant |
| | David Hunter |

/s/ Donald E. Hardin
Donald E. Hardin            (0022095)

6