UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
ESTATE OF ROGER OWENSBY,      :
    JR.,                      :   NO. 1:01-CV-00769
                              :
        Plaintiff,            :
                              :   ORDER
                              :
    v.                        :
                              :
                              :
CITY OF CINCINNATI, et al.,   :
                              :
        Defendants.
```

On February 2, 2004, Plaintiff Estate of Roger Owensby, Jr. (the "Estate") filed a motion seeking partial summary judgment against a number of the named Defendants (doc. 87, 88). On March 11, 2004, the Plaintiff filed a reply in support of its motion for partial summary judgment (doc. 108). In response, on March 30, 2004, Defendants City of Cincinnati, Thomas Streicher, Jr. filed a motion to strike the reply and/or various purported evidentiary materials filed in support thereof, contending that the reply contained new arguments outside the scope of Plaintiff's motion for summary judgment and that some of the purported evidentiary submissions do not constitute evidence properly considered in evaluating a motion for summary judgment pursuant to Fed. R. Civ. P. 56 (doc. 115). In the alternative, they sought leave to file a surreply to address the new arguments. Defendant Police Officers Caton, Hodge, Jorg, Sellers, and Spellen filed a similar motion

seeking similar relief on April 5, 2004 (doc. 122).

As a threshold matter, the Court does not agree with the Defendants' insistence that the Plaintiff's reply brief was improper. For example, in its motion for partial summary judgment, the Estate proffered evidence relating to, among other things, the cause of Owensby's death. It indicated that the Hamilton County Coroner ruled Owensby's death a "homicide," resulting from "mechanical asphyxia" (doc. 88). In response, the City of Cincinnati attached an affidavit from Dr. Tom Newman contending that the cause of death was a heart attack, rather than mechanical asphyxiation, and insisted that a question of material fact existed as to the cause of death. Faced with this evidence in briefing for the first time, the Estate advanced two grounds for rejecting Dr. Newman's position: (1) the City of Cincinnati was judicially estopped from advancing Dr. Neuman's report and position on the cause of Owensby's death; and (2) Ohio Rev. Code § 313.19 requires this Court to accept the coroner's assessment of the cause of death. In its instant motion, the City of Cincinnati contends that Plaintiff had "actual and/or constructive notice that a genuine issue existed on the cause of death and that the defendants would present medical experts rebutting the Coroner's theory" and that, as a result, the Plaintiff should not have proffered the argument (doc. 115). In light of Ohio Rev. Code. § 313.19, however, the Court sees no reason to strike the averments in the

reply brief on this ground.

The Court does agree, however, that all of the interested Defendants should enjoy an opportunity to respond to any new issues or facts raised in the Plaintiff's reply brief. In light of this fact, the Court finds it unnecessary to decide, at this point in the briefing, whether any materials germane to the determination of Plaintiff's motion for partial summary judgment are properly excluded from consideration by Fed. R. Civ. P. 56.

Accordingly, Defendants City of Cincinnati and Police Chief Thomas Streicher, Jr.'s Omnibus Motion to Strike Plaintiff's March 11, 2004 Reply in Support of Summary Judgment; Alternative Motion for Leave to File Supplemental Response Opposing Summary Judgment; Motion to Strike Plaintiffs' Materials That May Not Be Considered On Summary Judgment Analysis (doc. 115) is GRANTED IN PART AND DENIED IN PART, to wit: Defendants' motion to strike is DENIED and Defendants' motion to file surreply is GRANTED. Defendants Caton, Hodge, Jorg, Sellers and Spellen's Motion to Strike Plaintiff's March 11, 2004 Reply In Support of Summary Judgment; Motion to Strike Materials That May Not Be Considered on Summary Judgment Analysis; Alternative Motion For Leave To File Supplemental Response Opposing Summary Judgment (doc. 120) is GRANTED IN PART AND DENIED IN PART, to wit: Defendants' motion to strike is DENIED and Defendant's motion to file surreply is

GRANTED.  All surreplies must be filed on or before April 16, 2004.

    SO ORDERED.


Dated: <u>April 6, 2004</u>        <u>s/S. Arthur Spiegel</u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge