88 of 100 DOCUMENTS

MARY TRAHAN, Plaintiff-Appellant, v. CITY OF OAKLAND; GABRIEL CERVANTES, Defendants-Appellees.

No. 89-16573

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

1992 U.S. App. LEXIS 8566

November 5, 1991, Argued and Submitted, San Francisco, California
April 20, 1992, Filed

**NOTICE:** [*1]

THIS DISPOSITION IS NOT APPROPRIATE FOR PUBLICATION AND MAY NOT BE CITED TO OR BY THE COURTS OF THIS CIRCUIT EXCEPT AS PROVIDED BY THE 9TH CIR. R. 36-3.

**SUBSEQUENT HISTORY:** *Reported as Table Case at 960 F.2d 152, 1992 U.S. App. LEXIS 23274.*

**PRIOR HISTORY:** Appeal from the United States District Court for the Northern District of California. D.C. No. CV-88-0204-DLJ. D. Lowel Jensen, District Judge, Presiding.

**DISPOSITION:** REVERSED AND REMANDED.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**JUDGES:** Before: BOOCHEVER, NORRIS, and KLEINFELD, Circuit Judges

**OPINION:**

**MEMORANDUM**

Mary Trahan filed a section 1983 and state law assault and battery suit against Gabriel Cervantes, a police officer, and the City of Oakland. She alleged excessive use of force. The jury rendered a verdict in favor of Cervantes and the City.

On appeal, Trahan argues that (1) the district court improperly asserted jurisdiction in this case; (2) the district court erred in allowing Cervantes's counsel to use her peremptory challenges to exclude all black jurors from the jury panel; and (3) the district court committed reversible error in several of its evidentiary and other trial rulings.

We uphold the district court's jurisdiction, but reverse because the district court abused its discretion in excluding evidence of Officer Cervantes's prior acts of excessive use of force and of [*2] his reputation for untruthfulness.

I

As an initial matter, we must decide whether Trahan is correct in arguing that the district court improperly asserted jurisdiction because defendants' motion for removal was not filed within the thirty-day period required by *28 U.S.C. § 1446.* We uphold jurisdiction without deciding the issue of the timeliness of the removal petition because Trahan failed to preserve the issue for appeal. The statutory time limitation for removal petitions is merely a formal and model requirement and is not jurisdictional. See *Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980).* Under Ninth Circuit precedent, a party preserves this issue for appeal only if she (1) moves to remand the action to state court and (2) seeks an interlocutory appeal of the district court's order denying her motion to remand. See *Sorosky v. Burroughs Corp., 826 F.2d 794, 798 (9th Cir. 1987).* Although Trahan moved to remand the action to state court, she did not seek an interlocutory appeal. She has, therefore, failed to preserve this issue for appeal.

II

Appellant Trahan next contends that the district court erred in [*3] refusing to allow her to introduce evidence of Officer Cervantes's prior acts of excessive use of force against minorities in his duties as a police officer. The admissibility of "other acts" evidence is governed by *Federal Rule of Evidence 404(b),* which provides that:

**EXHIBIT A**

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therein. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In determining whether evidence of other wrongful acts is admissible under the *Fed. R. Evid. 404(b)* exceptions, we apply a four factor test that we articulated in *United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir. 1982)*, and modified in *United States v. Miller, 874 F.2d 1255, 1268 (9th Cir. 1989):* (1) "'There [must be] sufficient evidence to support a finding by the jury that the defendant committed the similar act.'" *Miller, 874 F.2d at 1268* (quoting *Huddleston v. United States, 108 S. Ct. 1496, 1499 (1988))*. [*4] (2) "The prior [act] must not be too remote in time from the commission of the [present wrong]." *Bailleaux, 685 F.2d at 1110*. (3) "The prior . . . conduct must, in some cases, be similar to the offense charged." Id. (4) "The prior conduct must be introduced to prove an element of the charged offense that is a material issue in the case." Id.

In a motion in limine, Trahan moved to admit evidence of the other wrongful acts under the *Fed. R. Evid. 404(b)* exceptions to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" with respect to the federal section 1983 claim. The district court excluded the evidence on the ground that none of the exceptions was applicable. Focusing in particular on the use of the prior acts to prove intent to use excessive force, the court invoked *Graham v. Connor, 490 U.S. 386, 397 (1989)* and held that, because intent is not an element of a section 1983 unreasonable force claim, the evidence may not be admitted to prove intent. In essence, the district court found that Graham rendered the evidence inadmissible under prong four of the Bailleaux [*5] test. *Bailleaux, 685 F.2d at 1110*. ("The prior conduct must be introduced to prove an element of the charged offense that is a material issue in the case.").

Subsequently, Trahan moved to introduce the same evidence to prove intent under the state law assault and battery claim. Relying on a California court of appeal opinion, *Andrews v. City and County of San Francisco, 205 Cal. App. 3d 938, 945 (1988)*, Trahan argued that, because intent is an element of the state law claim, evidence of other wrongs may be admitted to prove intent. The district court denied the motion first on the ground that the evidence was inadmissible because assault and battery "is a general intent crime in California [and] one can prove it without getting into areas of specific intent." In the alternative, the district court conducted the section 403 balancing inquiry and held that the probative value of the testimony is outweighed by its potential for prejudice. The court said, "Your argument about the use of [the other acts] as probative evidence of the intent necessary in a state action, is of marginal relevance as compared to its prejudice."

We hold that the [*6] district court was correct in holding that the evidence was inadmissible on the federal law claim. Because intent is not an element of the Fourth Amendment claim, prong four of the Bailleaux test precludes the admission of the evidence of other acts. See *United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir. 1982)* ("The prior conduct must be introduced to prove an element of the charged offense that is a material issue in the case."). n1

> n1 For the Fourth Amendment claim, Trahan would be able to introduce evidence of intent for purposes of recovering punitive damages. *Smith v. Wade, 461 U.S. 30, 56 (1983)*. Indeed, the district court ruled that, if liability were found at trial, it would allow a subsequent trial for punitive damages where evidence of intent could be introduced.

Trahan, however, has the better of the argument with respect to the state law claim. As far as the state law claim is concerned, the district court appears to have misread *Andrews, 205 Cal. App. 3d at 945*, [*7] another case of police brutality which is on all fours with this case. In Andrews, the court considered the admissibility of an officer's acts of excessive use of force under a California rule of evidence which is materially indistinguishable from *Fed. R. Evid. 404(b)*. Reasoning that "evidence that [the officer] had a practice of bullying and assaulting other persons under his custody without provocation or apparent reason would tend to show that the injuries suffered by plaintiff were not the product of efforts to control him, but were inflicted intentionally and with malice," the court concluded that "[defendant's] intent was a central issue in the case." *Id. at 945*. It then held that the evidence of other acts was admissible to prove intent and absence of mistake. Accordingly, under Andrews, Cervantes' alleged prior acts of assault and battery against minorities were admissible to prove intent which is an essential element of the state law cause of action. We therefore conclude that the district court erred in holding that the evidence was inadmissible on the state law claim.

Because the district court also excluded the evidence on the alternate [*8] ground that its probative value is outweighed by its potential for prejudice, we must review for abuse of discretion its balancing under *Fed. R. Evid.*

1992 U.S. App. LEXIS 8566, *

403. In conducting the balancing inquiry, the district court was influenced by its view that intent is not an essential element of assault and battery. The court said: "You can prove [assault and battery] without getting into areas of specific intent. Considering it that way, . . . your argument about the use of [other acts] as probative evidence . . . is of marginal importance."

Because the district court's balancing inquiry was influenced by its views on the admissibility of the evidence, the court undervalued the probative value of the evidence. The district court also overestimated the potential for prejudice. On this issue, Andrews provides helpful guidance. In Andrews, the California trial court excluded the evidence of past acts of police brutality because it thought that the prejudicial effect of the evidence outweighed its probative value and that it would have to hold a "mini-trial" for each incident. In reversing, the California Court of Appeal held that the trial court abused its discretion. It reasoned: [*9]

> While we appreciate the court's concern, we do not perceive it as constituting sufficient justification for keeping out all of the misconduct incidents. . . . The court's ruling effectively left [defendant]'s testimony untarnished by depriving plaintiff of all the evidence to rebut it.

205 Cal. App. 3d at 947.

Under Andrews, Trahan would have been able to introduce evidence of past wrongful acts by Officer Cervantes if she had been able to proceed in state court. Although Andrews is a state law case, we see no reason why a federal appellate court should strike the balance any differently than a state appellate court, particularly because the applicable balancing inquiries are identical in state and federal court. There is no reason why Trahan should fare any worse in federal court than in California state court in prosecuting her California state law claim. In light of Andrews and having concluded that the district court underweighted the probative value of the other acts evidence, we hold that the district court abused its discretion in excluding the evidence under sections 404(b) and 403.

The final step in our inquiry is whether Trahan's [*10] substantial rights were prejudiced by the exclusion of the evidence. Because there is a strong possibility that the jury's verdict would have been affected by the evidence showing that Officer Cervantes has engaged in several past acts of police brutality, we resolve this issue in favor of Trahan. Accordingly, we reverse the judgment and remand.

III

Because we remand to the district court for further proceedings, we need not decide any of the remaining issues in this case. In our discretion and in the interests of justice, however, we may decide those issues which are likely to reoccur in a possible new trial.

Accordingly, we decline to decide the propriety of defendants' use of their peremptory challenges to exclude the two black jurors from the panel. Defendants' proffered justifications for excluding the two black jurors are so particular to the record of the first trial that our analysis of this issue would be no more helpful to the parties before us than to any other set of parties. Similarly, we decline to decide whether the district court's exclusion of evidence of Cervantes's reputation for violence or untruthfulness was proper because we do not know whether Cervantes [*11] will take the stand in a possible new trial and whether he will introduce evidence of his peaceful character. If Cervantes does take the stand, we call attention to *Fed. R. Evid. 608*. The rule permits evidence of character for untruthfulness and only limits when evidence of truthfulness may be introduced. Subsection (B) also limits the use of specific instances of conduct of a witness for the purpose of attacking or supporting credibility.

We reach the question whether the district court abused its discretion in allowing three experts to testify that the force Cervantes used was reasonable and hold that the court did not abuse its discretion. A court can limit expert testimony if the testimony is cumulative and repetitive. A court's refusal to limit expert testimony is reviewed for abuse of discretion. We do not believe that allowing three experts to testify amounted to an abuse of discretion.

We also reach the question whether the court erred in refusing to give requested jury instructions on the proper weight to be accorded to a police officer's testimony. Trahan argues that the district court erred when it refused to give special jury instructions that "the testimony of [*12] a police officer is entitled to no special or exclusive sanctity." Cervantes argues that the court gave a general instruction on the credibility of all witnesses and that this instruction sufficiently covered the testimony of the police officer. Although special instructions might be appropriate in certain circumstances, we agree with Cervantes that the district court did not commit reversible error in refusing to give them here.

**REVERSED and REMANDED.**

Trahan v. City of Oakland, 89-16573

**CONCURBY:** KLEINFELD (In Part)

**DISSENTBY:** KLEINFELD (In Part)

**DISSENT:**

1992 U.S. App. LEXIS 8566, *

KLEINFELD, Circuit Judge, Dissenting:

I concur with parts I and III of the majority decision, but respectfully dissent from part II.

We review the district court's balancing of the probative value and prejudicial effect of evidence only for abuse of discretion. *United States v. Ressi, 868 F.2d 1097, 1107 (9th Cir. 1989)*. The district court judge had a difficult task to perform in exercising his discretion in this matter. We cannot perform it well for him, because we have not seen and heard the witnesses. The district court judge exercised discretion in a reasoned way, applying appropriate criteria. The discretion was his, not [*13] ours, and we cannot say that we are "left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors." *United States v. BNS Inc., 858 F.2d 456, 464 (9th Cir. 1988)*.

The majority determines that intent is an element of the state law tort of assault and battery, but not of the federal section 1983 excessive force claim, and reasons from this that the evidence of Cervantes' other wrongful acts was relevant on the state but not the federal claim. I think that the evidence had some relevance to both claims, because of its bearing on credibility of the police officer, but that the district court permissibly exercised its discretion to exclude the evidence under Rule 403.

I

A

As the majority correctly concludes, intent was not an element of the federal claim under *Graham v. Connor, 490 U.S. 386 (1989)*. Graham teaches that a Fourth Amendment excessive force claim arising out of an arrest must be evaluated under an objective reasonableness standard. The trier of fact must balance the nature and quality of the intrusion against the countervailing government [*14] interests, according case-specific attention to the severity of the crime at issue, whether the suspect poses an immediate threat to safety, and whether the suspect is actively resisting arrest or attempting to flee. *Id. at 396*. The reasonableness of the use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the benefit of hindsight. Id. Finally, the reasonableness determination must be made based upon whether the officer's actions are objectively reasonable, without regard to the officer's intent or motive. Graham instructs us that even "malicious and sadistic" purposes will not make an otherwise reasonable use of force violative of the Fourth Amendment, *id. at 397-99,* so Officer Cervantes' intent was not an element of the plaintiff's section 1983 claim.

Even though subjective motivation is immaterial, Graham notes that "evidence that the officer harbored ill-will" might properly be considered by the factfinder "in assessing the credibility of an officer's account." *Graham, 490 U.S. at 399 n.12*. This dictum means that even though intent is not an element [*15] of excessive force, evidence of intent may be relevant to whether objectively excessive force was used.

B

1

The majority appears to suggest that *Andrews v. City & County of San Francisco, 252 Cal. Rptr. 716 (Cal. App. 1988)* controls on admissibility of the other acts evidence relating to the state law claim. This cannot be reconciled with *Federal Rule of Evidence 101*, which provides that federal evidence law controls in cases tried in federal courts regardless of what law controls on the substantive claims. The identical question, i.e., whether the state or federal construction of identical language in an evidence rule controls when a state law claim is tried in federal court, was answered by us in the context of a products liability diversity case, *Gauthier v. AMF, Inc., 788 F.2d 634 (9th Cir.), amended, 805 F.2d 337 (9th Cir. 1986)*. In Gauthier, we held that federal standards control. The California appellate courts have authority to decide upon the scope of appellate deference to discretionary decisions of California trial judges, but federal appellate courts make the analogous decisions for federal trial judges. [*16]

2

The majority suggests that California law makes intent an element of battery, so the officer's intent was an element, for the purpose of Rule 404(b), of the state tort claim. Since I analyze the case as a Rule 403 discretion problem, I would reach the same outcome regardless of the content of California law, obviating the need to decide what the substantive law of California may be on this issue. However, a rough outline may serve to clarify the issue.

Ordinarily, the only intent needed for battery is an intent to inflict an offensive touching. 1 F. Harper & F. James, The Law of Torts § 3.3 (1956); W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts 39 (5th ed. 1984) [hereinafter Prosser and Keeton]; *Restatement (Second) of Torts § 18 (1979)*. Nearly any arrest constitutes a battery. Sadistic or malicious intent is not necessary. A battery to accomplish a lawful arrest is privileged, provided the force is limited to what is reasonable. 1 Harper & James, supra, § 3.17; Prosser and Keeton, supra, § 26; *Restatement (Second) of Torts § 118*. The privilege to commit a battery for the purpose of making a lawful arrest, rather [*17] than absence of tortious intent, is what prevents most arrests from being actionable torts. The test of reasonableness is not so precisely developed in the battery context as in the section 1983 context, but