accident. . . ." FED. R. EVID. 404(b). We review *de novo* whether the district court correctly determined that the evidence was admissible for a legitimate purpose. [*9] *United States v. Comer*, 93 F.3d 1271, 1277 (6th Cir.), *cert. denied*, 136 L. Ed. 2d 523, 117 S. Ct. 595 (1996). If we conclude that a legitimate purpose exists, we then review a trial court's decision on the issue of admissibility of the evidence for an abuse of discretion, *Laney v. Celotex Corp.*, 901 F.2d 1319, 1320 (6th Cir. 1990), and consider whether the decision is inconsistent with substantial justice. *Doe v. Sullivan County, Tenn.*, 956 F.2d 545, 559 (6th Cir. 1992). Specifically, we must review for abuse of discretion the district court's determination that the evidence admitted is more probative than prejudicial under Rule 403 of the Federal Rules of Evidence. *Comer*, 93 F.3d at 1277. In so doing, we must view the evidence in the light most favorable to the proponent, giving the "evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 587 (6th Cir. 1994) (citation omitted).

We find that evidence of Greene's conduct leading to his arrest on July 16, 1993, and the convictions stemming from that arrest were admissible to provide the jury with a full account of the [*10] events giving rise to Greene's present claims and to demonstrate Greene's motive to run, hide, and resist arrest. *See, e.g., Hernandez v. Cepeda*, 860 F.2d 260, 265 (7th Cir. 1988) (holding that evidence of charges on which arrestee was being arrested at time of alleged civil rights violations was admissible to demonstrate motive to resist arrest). The drug abuse conviction was based on the marijuana found in Greene's possession at the time of the arrest and was admissible for the purpose of demonstrating Greene's motive to flee and resist arrest and the officers' motive to maintain pursuit. The conviction for resisting arrest was admissible for two reasons: first, the circumstances surrounding that arrest were critical to the determination of whether the officers used excessive force in arresting Greene; and second, because Greene was found guilty of resisting arrest, he was precluded from relitigating that issue in this action.

Having reviewed the record, we further conclude that the district court did not abuse its discretion in rejecting Greene's argument that this evidence was more prejudicial than probative. Because the evidence was necessary to provide the jury with a full [*11] account of the events surrounding Greene's claims against the City and the police officers, it was admissible for that legitimate purpose, and the district court did not abuse its discretion in admitting it for that limited purpose.

### B. State Tort Claim as Time-Barred

The plaintiff also claims that the district court erred in granting summary judgment to the defendants on the state tort claim of assault and battery because it was barred by Ohio's one-year statute of limitations. Greene alleges that the police officers assaulted him on July 16, 1993, while arresting him. He contends that the statute of limitations did not expire on July 16, 1994, but rather on July 29, 1994 -- one year after he discovered for certain the identity of the officers who allegedly assaulted him on July 16, 1993. He also argues that he was incarcerated during his arraignment and in no position to investigate all the persons who assaulted him. We reject plaintiff's assertions.

We review the grant of summary judgment *de novo* under the same standard applied by the district court. *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996). Summary judgment is appropriate "if [*12] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Because this is a state-law tort claim brought pursuant to the pendent jurisdiction of the federal court, Ohio state law governs the appropriate statute of limitations to be applied. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966); *A.I. Trade Finance, Inc. v. Petra*

*Int'l*, 314 U.S. App. D.C. 122, 62 F.3d 1454, 1463 (D.C. Cir. 1995); *Bouton v. BMW of North America, Inc.*, 29 F.3d 103, 110 (3d Cir. 1994). Under Ohio law, "an action for assault or battery shall be brought within one year after the cause of action accrues." OHIO REV. CODE ANN. § 2305.111 (Anderson 1995). Section 2305.111 also provides in part:

> For purposes of this section, a cause of action for assault or battery accrues upon the later of the following:
>
> (A) The date on which the alleged assault or battery occurred;
>
> (B) If the plaintiff did not know the identity of the [*13] person who allegedly committed the assault or battery on the date on which it allegedly occurred, the earlier of the following dates:
>
>> (1) The date on which the plaintiff learns the identity of that person;
>> (2) The date on which, by the exercise of reasonable diligence, he should have learned the identity of that person.

*Id.*

The plaintiff claims that he learned "with certainty" Officer Distelhorst's identity on July 29, 1993, the date on which he filed, by telephone, a citizen's complaint with the City of Columbus Police Division. That complaint alleged that Officer Distelhorst and five to seven unknown police officers utilized excessive force in his arrest. However, the record indicates that the plaintiff, through the exercise of reasonable diligence, should have known the identity of Officer Distelhorst on July 17, 1993. It is undisputed that on July 17, 1993, the plaintiff received both a copy of a citation with Officer Distelhorst's name and badge number and a copy of the complaint/charges against him listing Officer Distelhorst's name. Moreover, plaintiff's arrest information report, Form U-10-100, was completed on July 17, 1993, and contained the names [*14] of Officers Distelhorst, Houston, and Slane, the reason for the arrest, and the charges. This report was available to the plaintiff on July 17, 1993, as well as on July 19, 1993, at his arraignment. Thus, Greene should have discovered not only Officer Distelhorst's identity on July 17, 1993, but also that of Officers Houston and Slane. Therefore, the plaintiff should have filed his assault and battery claim by July 17, 1994, and the fact that he was incarcerated for a brief period does not toll the statute of limitations. *See* OHIO REV. CODE ANN. § 2305.16 (Anderson 1995) (effective January 13, 1991, incarceration no longer serves as a basis for tolling in the State of Ohio). Accordingly, we hold that the district court did not err by finding that the assault and battery claim was time-barred, and by granting summary judgment to the defendants on that claim.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.