IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF ROGER D. OWENSBY,** | * | CASE NO. C-1-01-769 |
| Plaintiff | | (Judge S. Arthur Spiegel) |
| vs. | * | **REPLY IN SUPPORT OF MOTION** |
| **CITY OF CINCINNATI, et al.** | | **FOR RECONSIDERATION; MOTION** |
| | | **TO CERTIFY QUESTION TO THE** |
| Defendants. | * | **OHIO SUPREME COURT; AND** |
| | | **ALTERNATIVE MOTION TO CERTIFY** |
| | | **CONFLICT TO THE SIXTH CIRCUIT** |
| | * | **OF DEFENDANTS CITY OF** |
| | | **CINCINNATI AND POLICE CHIEF** |
| | | **THOMAS J. STREICHER, JR.** |

**MEMORANDUM**

In their "memorandum in opposition to defendants' motion for reconsideration of order denying summary judgment on sovereign immunity," the plaintiffs present a tortured, misguided view of the four Ohio Supreme Court decisions, which held collectively that Revised Code 2744 Sovereign Immunity, indeed, is constitutional. For example, the plaintiffs concede that the Ohio Supreme Court, in <u>Butler,</u> did not hold Revised Code §2744 Sovereign Immunity is unconstitutional. The <u>Butler</u> Court, in fact, could not have held Chapter 2744 Sovereign Immunity is unconstitutional because the <u>Butler</u> appellants never challenged the Sovereign Immunity statute's constitutionality. (Pl. Response Contra Mot. Reconsideration filed March 25, 2004 at 3(citing <u>Butler v. Jordan</u> (2001), 92 Ohio St.3d 354, 358.)) According to plaintiffs, at most, the Supreme Court might have used its <u>Butler</u> Decision to "invit[e] such a

constitutional challenge in the future."(Pl. Response Contra Reconsideration at 4(citing <u>Butler</u>, 92 Ohio St. 3d at 358-74). By acknowledging the constitutionality of Chapter 2744 Sovereign Immunity was not addressed and that the Supreme Court only might have invited future challenges, the Owensby plaintiffs, in reality, have conceded that <u>Butler v. Jordan</u> did not hold Chapter 2744 Sovereign Immunity was unconstitutional.  Under plaintiffs' interpretation, <u>Butler v. Jordan</u> does not support any view that Chapter 2744 Sovereign Immunity is unconstitutional.

    Moreover, the plaintiffs equally misconstrue the Ohio Supreme Court's <u>Ryll</u>, <u>Campbell</u>, and <u>Marshall</u> decisions. The plaintiffs concede that all three of these decisions employed the three-prong test Ohio Courts have utilized historically to determine whether municipal defendants are immune from civil liability under Chapter 2744 Sovereign Immunity.  The plaintiffs further concede the Supreme Court issued its <u>Ryll</u> Decision eleven months after <u>Butler</u>. Again, if <u>Butler v. Jordan</u> held Chapter 2744 Sovereign Immunity was unconstitutional, it would have been utterly pointless for the Supreme Court to employ the lengthy three-pong Chapter 2744 analysis future cases. <u>See, e.g., Ryll.</u>  Also, it would have been equally futile for the Supreme Court to employ the three-prong analysis in cases decided simultaneous to <u>Butler v. Jordan,</u> like <u>Campbell,</u> if <u>Butler</u> held Chapter 2744 Sovereign Immunity was unconstitutional.

It should be noted the Owensby plaintiffs provided absolutely no explanation for how the Ohio Supreme Court, in Marshall, could have reversed the underlying Court of Appeals and sustained the municipal defendants' motion to dismiss based on Chapter 2744 Sovereign Immunity, if Butler held Chapter 2744 Sovereign Immunity is unconstitutional. By employing the three-prong Chapter 2744 analysis, reinstating the municipal defendants' sovereign immunity and failing to acknowledge that the simultaneous Butler Decision struck down sovereign immunity as unconstitutional, the Ohio Supreme Court's Marshall Decision, in essence, supports Cincinnati's and Chief Streicher's view that they are entitled to Chapter 2744 Sovereign Immunity from the state tort claims. Stated differently, when interpreted in the context of Ryll, Campbell and Marshall, Butler v. Jordan does not set a precedent for future Ohio and federal courts to reject municipal defendants' sovereign immunity defenses as unconstitutional or bypass the lengthy three-part Sovereign Immunity analysis.

At a minimum, these inconsistencies should be certified in a question to the Ohio Supreme Court. Specifically, this Court should question why the Supreme Court continues to employ the lengthy three-prong Chapter 2744 Sovereign Immunity analysis, and granted sovereign immunity from state tort claims to the Butler and Marshall municipal defendants, if Butler struck down Chapter 2744 Sovereign Immunity as unconstitutional.

3

Second, plaintiffs improperly opposed certification of this question to the Ohio Supreme Court based on possible delay of the underlying proceedings. Ohio Supreme Court Practice Rule XVIII encourages federal courts to certify questions to the Ohio Supreme Court "that may be determinative of the proceeding . . . " In this case, the plaintiffs asserted state as well as federal claims against all defendants. While the Chapter 2744 Sovereign Immunity issue in this case might not involve the federal claims, the constitutionality of Ohio's Sovereign Immunity most certainly is "determinative" of the state tort claims. There is no authority in the Supreme Court Practice Rules or on-point case law, which Cincinnati Police Chief Streicher rely upon in their initial motion for certification to the Ohio Supreme Court, to support that the certified question must address all claims of the underlying proceeding.

Also, there is no authority to support opposing certification due to a potential delay in the underlying proceedings.  In contrast, relevant factors on certification include preservation of state sovereignty, consistent interpretation and application of state law in federal courts, and strengthening the "federalists structure of joint sovereigns . . ." Scott v. Bank One Trust Co (1991), 62 Ohio St.3d 39, 42, 44(quoting Gregory v. Ashcroft (1991), 501 U.S., 111 S. Ct. 2395, 2400, 115 LED 2d 410); see also, Grover v. Eli Lilly & Co., 33 F.3d 716, 1994 U.S. App. LEXIS 24 232(6th Cir. 1994). Consequently, since this Court concluded

4

Chapter 2744 Sovereign Immunity is unconstitutional, even though this conclusion runs afoul of <u>Butler v. Jordan</u> and other on-point Ohio Supreme Court decisions, certification is especially necessary so the Ohio Supreme Court can provide much-needed guidance and clarification.

Finally, Cincinnati and Police Chief Streicher filed their 28 U.S.C.§ 1292(b) Petition for expedited review with the Sixth Circuit Court of Appeals appropriately. Such action enabled these defendants to avoid inadvertently missing this jurisdictional statute's ten-day filing period. The plaintiffs assert the ten day window, to file a petition for immediate review of an interlocutory order with the Sixth Circuit, would begin to run when the Court issues a decision on the underlying motion for reconsideration. There is no case law or statutory authority, however, to suggest a motion for reconsideration of a decision overruling summary judgment extends the ten-day filing period under Section 1292(b). As such, it is entirely possible the Sixth Circuit will measure the ten-day period as starting on March 25, 2004; the date the decision overruling summary judgment was issued. Therefore, Cincinnati and Police Chief Streicher filed their petition to avoid any possibility missing this deadline inadvertently.

## **CONCLUSION**

For the foregoing reasons, defendants City of Cincinnati and Police Chief Thomas J. Striecher, Jr. respectfully request this Court reconsider its March 25, 2004 Motion Overruling Summary

5

Judgment and, instead, render summary judgment in these defendants' favor on all pendant and ancillary state tort claims. If this Court has questions related to the constitutionality of Ohio Revised Code §2744 Sovereign Immunity, the Court should certify a question to the Ohio Supreme Court seeking an advisory opinion and delay ruling on the motion for reconsideration until the advisory opinion has been received. Alternatively, the Court should certify a conflict to the Sixth Circuit Court of Appeals.

    Respectfully submitted,

    J. Rita McNeil (0043535)
    City Solicitor

    S/Neil F. Freund
    Neil F. Freund (0012183)
    Trial Attorneys
    Vaseem S. Hadi (0075617)
    FREUND, FREEZE & ARNOLD
    One Dayton Centre
    1 South Main Street, Suite 1800
    Dayton, OH 45402-2017
    (937) 222-2424(937) 222-5369 (fax)
    nfreund@ffalaw.com
    vhadi@ffalaw.com

    Geri Hernandez Geiler (0042081)
    Sr. Assistant City Solicitor
    Julie F. Bissinger (0012055)
    Chief Counsel
    City Solicitor's Office
    Room 214, City Hall
    801 Plum Street
    Cincinnati, OH 45202
    (513) 352-3338(513) 352-1515(fax)
    geri.geiler@cincinnati-oh.gov
    julie.bissinger@cincinnati-oh.gov

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

**PROOF OF SERVICE**

    This will certify that a copy of the foregoing was served upon counsel of record by email this 14th day of April, 2004:

Mark T. Tillar (0029898)
240 Clark Road
Cincinnati, OH 45202
(513) 761-2958
Attorney for Plaintiff

John Helbling (0046727)
3672 Springdale Road
Cincinnati, OH 45251
513-923-9740
Attorney for Plaintiff

Paul B. Martins
HELMER, MARTINS & MORGAN CO.
Fourth & Walnut Centre, Suite 1800
105 East 4th Street Cincinnati, Ohio 45202-4008
(513) 421-7902
Attorney for Plaintiff

Donald E. Hardin (0022095)
HARDIN, LEFTON, LAZARUS &
MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202
513-721-7300
Special Counsel for Defendants
Robert Blaine Jorg, Patrick Caton,
Darren Sellers, Jason Hodge, and
Victor Spellen

Wilson G. Weisenfelder, Jr.  (0030179)
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, OH 45202
513-381-9200
Attorney for Defendants
Village of Golf Manor,
Chief Stephen Tilley,
Officer Robert Heiland, and
John Doe #7 nka Chris Campbell

7

```
Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, OH 45202
(513) 587-2887
Attorney for Defendant
Cincinnati Police Officer
David Hunter
```

                                        <u>S/Neil F. Freund</u>
                                        Neil F. Freund

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**