UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The Estate of Roger D. Owensby Jr., | : | Case No. 01-CV-769 |
| Plaintiff | : | (Judge S. Arthur Speigel) |
| v. | : | MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND |
| City of Cincinnati, et al., | : | ANY REFERENCES RELATING TO THE |
| Defendants. | : | CRIMINAL TRIALS OF DEFENDANT OFFICERS |
| | : | CATON AND JORG |

Now come the Defendants, Patrick Caton and Robert Blaine Jorg, by and through counsel, and hereby move the Court to exclude all evidence and references to their criminal trials relating to the death of Roger Owensby.

This motion is more fully supported by the accompanying Memorandum in Support.

Respectfully submitted,

/s/ Donald E. Hardin
Donald E. Hardin                           0022095
HARDIN, LEFTON, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322
Telephone:   (513) 721-7300
Facsimile:     (513) 721-7008

Trial Attorney for Defendants Patrick Caton, Robert Blaine Jorg, in their individual and official capacities.

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

This case involves the death of Roger Owensby, Jr. on November 7, 2000, after he violently resisted arrest. The issue involved in this motion relates to the admissibility of evidence involving the criminal trials of Officer Jorg and Officer Caton relating to the events of November 7, 2000. Plaintiff may attempt to make reference to the fact that these officers were criminally prosecuted. Such evidence should be excluded under Rule 403 of the Federal Rules of Evidence as irrelevant, unnecessary, and extremely prejudicial.

**II.    ARGUMENT**

Any reference to and any evidence from the criminal trials of Officer Jorg and Officer Caton relating to the events of November 7, 2000, should be excluded as irrelevant hearsay that is extremely prejudicial, likely to confuse the issues and mislead the jury. Such evidence would also be unnecessary cumulative evidence.

Evidence is relevant if it makes the existence of a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Criminal acquittals are not admissible in a subsequent civil proceeding. See *McKinney v. Galvin,* 701 F.2d 584, 586 n.5 (6th Cir. 1983); see also *Dunlap v. Fields*, 2000 U.S. App. LEXIS 14498 (6th Cir. June 20, 2000) (Attached hereto as "Appendix

A"). Affirming the exclusion of the acquittal on criminal charges, the court in *McKinney* elaborated on the admissibility of acquittals in the subsequent civil case as follows:

> Although relying on a variety of principles to support the conclusion, commentators favor excluding evidence of prior acquittals and prior civil judgments. "Technically, the record of a prior judgment does fall within the usual definition of hearsay insofar as it is used to demonstrate the findings of fact supporting it, for it is evidence of assertions made outside the civil trial, offered to show the truth of the matters alleged, and deriving its probative value partially from the credibility and capacity of the absent asserter." 4 *Weinstein's Evidence* para. 803(22) [01], p. 803-271, n.3 citing Note, "Use of Record of Criminal Conviction in Subsequent Civil Action Arising from the Same Facts as the Prosecution," *64 Mich. L. Rev. 702, 703 (1966).* "Judgments of acquittal are almost always excluded because of a lack of relevancy since they do not necessarily prove innocence but may indicate only that the prosecution failed to meet its burden of proof beyond a reasonable doubt as to at least one element of the crime." *Id.,* at 803-275. Although an exception allows for the admissions of convictions, see *Fed. R. Evid. 803(22)*, "the rule does not apply to judgments of acquittal."
> *Id.*

In the present case, referring to the criminal prosecution would only serve to prejudice the jury against Jorg and Caton. The plaintiffs have the burden to prove a constitutional violation occurred on November 7, 2000. A jury would be highly likely to give undue weight to the fact that these officers were criminally prosecuted, even though they were both acquitted. The inherent differences between criminal and civil proceedings would also result in confusion of the issues.

Furthermore, all of the defendants and numerous witnesses will be available to testify. Ample evidence and exhibits directly relating to the events of November 7, 2000, will also be available at trial. Any attempt to refer to evidence from the criminal trials would amount to a "needless presentation of cumulative evidence" and should be excluded pursuant to Fed. R. Evid. 403.

3

In the evident that previous trial testimony is offered for impeachment purposes, defendants Caton and Jorg request that any reference to the fact that the testimony was given at their criminal trials be prohibited.

### III.  CONCLUSION

For the foregoing reasons, defendants Robert Blaine Jorg and Patrick Caton respectfully request that all references to their criminal trials be excluded.

Respectfully submitted,

/s/Donald E. Hardin
Donald E. Hardin                                0022095
HARDIN, LEFTON, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322
Telephone:    (513) 721-7300
Facsimile:     (513) 721-7008

Trial Attorney for Defendants Patrick Caton, Robert Blaine Jorg, in their individual and official capacities.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion *In Limine* To Exclude Evidence and any References Relating to the Criminal Trials of Defendant Officers Caton and Jorg has been electronically filed with the Clerk of the Court on April 14, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

| | |
|---|---|
| James B. Helmer, Jr., Esq. | Neil F. Freund, Esq. |
| Paul B. Martins, Esq. | Vaseem S. Hadi, Esq. |
| Frederick M. Morgan, Jr., Esq. | FREUND, FREEZE & ARNOLD |
| Robert M. Rice, Esq. | One Dayton Centre |
| HELMER, MARTINS & MORGAN CO., L.P.A. | One South Main Street, Suite 1800 |
| Fourth & Walnut Centre, Suite 1900 | Dayton, Ohio  45402-2017 |
| 105 East Fourth Street | Trial Counsel for Defendants City of |
| Cincinnati, Ohio  45202 | Cincinnati, John Shirey, Kent A. Ryan, |
| | Trial Attorneys for Plaintiff S. Gregory |
| | Baker, Thomas Streicher, Jr., |
| | Darren Sellers, Jason Hodge |

4

5

| | |
|---|---|
| Geri H. Geiler, Esq.<br>Assistant City Solicitor<br>Room 214, City Hall<br>801 Plum Street<br>Cincinnati, Ohio  45202<br>Trial Attorney for Defendants<br>John Shirey, Kent A. Ryan, S. Gregory<br>Baker, Thomas Streicher, Jr., Robert B.<br>Jorg, Patrick Caton | Wilson G. Weisenfelder, Jr., Esq.<br>RENDIGS, FRY, KIELY &<br>DENNIS, LLP<br>900 Fourth & Vine Tower<br>Cincinnati, Ohio  45202<br>Trial Attorney for Defendants City<br>of Golf Manor, Stephen Tilley,<br>Roby Heiland, and Chris Campbell |
| Mark T. Tillar, Esq.<br>240 Clark Road<br>Cincinnati, Ohio  45215<br>Trial Attorney for Plaintiff | Dale A. Stalf, Esq.<br>BUCKLEY, KING & BLUSO<br>1320 PNC Center<br>201 East Fifth Street<br>Cincinnati, Ohio  45202<br>Counsel for Defendants Huntington<br>Meadows, LTD, and Bryan Menefee |
| John J. Helbling, Esq.<br>3672 Springdale Road<br>Cincinnati, Ohio  45251<br>Trial Attorney for Plaintiff | Ravert J. Clark, Esq.<br>114 East Eighth Street<br>Suite 400<br>Cincinnati, Ohio  45202<br>Trial Attorney for Defendant<br>David Hunter |

/s/ Donald E. Hardin

Donald E. Hardin          (0022095)