1 of 2 DOCUMENTS

J.W. DUNLAP, Plaintiff-Appellant, v. JAMES D. FIELDS, individually; THOMAS LONG, individually; TERRY BAKER, individually; Officer FOX, individually; Officers JOHN DOE (S), Defendants-Appellees.

No. 98-6662

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

2000 U.S. App. LEXIS 14498

June 20, 2000, Filed

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *2000 U.S. App. LEXIS 24137*.

**PRIOR HISTORY:** Eastern District of Kentucky. 94-00053. Coffman. 9-29-98.

**DISPOSITION:** Request for oral argument denied and the district court's judgments affirmed.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** J. W. DUNLAP, Plaintiff - Appellant, Pro se, Charlotte, NC.

For JAMES D. FIELDS, THOMAS LONG, TERRY BAKER, FOX, JOHN DOE (S), Defendants - Appellees: David Bunning, Asst. U.S. Attorney, Office of the U.S. Attorney, Covington, KY.

**JUDGES:** Before: MARTIN, Chief Judge; WELLFORD and BATCHELDER, Circuit Judges.

**OPINION:**

ORDER

J.W. Dunlap, proceeding pro se and in forma pauperis, appeals a district court judgment in favor of the defendants in his civil rights action filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971). Dunlap also appeals a district court judgment in favor of the United States [*2] in his civil action filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *Fed. R. App. P. 34(a)*.

On February 18, 1994, Dunlap, a former federal prisoner, filed a complaint against Mark Luttrell, warden of the Federal Correctional Institution ("FCI") in Manchester, Kentucky, and the following correctional officers employed at FCI-Manchester: James D. Fields, Thomas Long, Terry Baker, Officer Fox, and Officer Balderas. Relying upon the Eighth Amendment, Dunlap alleged that on October 3, 1993, he was involved in an altercation with the correctional officers identified in the complaint during which he was subjected to excessive force. Dunlap also alleged that he was deliberately denied medical care following the altercation. Upon the motions of the defendants and recommendations of a magistrate judge, the district court dismissed from the case all of the defendants except Fields, Long, Baker, and Fox, and dismissed all of Dunlap's claims except [*3] the excessive use of force claim.

Following the filing of his *Bivens* action, Dunlap filed a complaint against the United States under the provisions of the FTCA. In his FTCA complaint, Dunlap

alleged that the United States failed to train and supervise the FCI-Manchester medical staff who treated him following the October 3, 1993, altercation. Dunlap also alleged medical malpractice and negligence against the United States based upon the medical treatment he received after the altercation. Upon Dunlap's motion, the *Bivens* and FTCA suits were consolidated by an order filed on September 12, 1996.

Dunlap subsequently retained counsel who represented him throughout the remainder of the proceedings. Thereafter, Dunlap's *Bivens* claim proceeded to trial before a jury. A jury found in favor of the defendants and on February 26, 1998, the district court entered judgment in accordance with the jury verdict. Dunlap's FTCA claim was tried to the bench. At the close of Dunlap's case-in-chief, the district court dismissed Dunlap's failure to train and supervise claim and ordered Dunlap to be examined by an orthopedic specialist and a neurologist. Following the submission of medical [*4] reports from the independent medical examiners, the district court filed its findings of fact and conclusions of law, in support of its judgment in favor of the United States. Dunlap filed a timely pro se notice of appeal, alleging that the *Bivens* defendants' peremptory challenge of a potential juror violated *Batson v. Kentucky, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986)*, and that the district court improperly excluded evidence of his acquittal in a prior criminal action, which arose from the same altercation involved in the *Bivens* suit. Dunlap also alleged that the district court improperly ordered him to submit to independent medical examinations and then admitted the medical reports generated as a result of those examinations in the FTCA suit. Dunlap requests oral argument in his reply brief.

Upon review of the transcript of the *Bivens* trial, we conclude that no *Batson* violation occurred in this case. Dunlap's attorney objected to the defendants' challenge of juror number 73, who was the only African-American juror in the jury pool. The district court specifically disallowed the defendants' challenge and juror number 73 remained a member [*5] of the jury pool even though she was not ultimately seated on Dunlap's jury.

We further conclude that the district court did not abuse its discretion by granting the defendants' motion in limine to exclude evidence of Dunlap's acquittal in a prior criminal trial for assault, which arose from the October 3, 1993, incident. *See United States v. Phibbs, 999 F.2d 1053, 1078 (6th Cir. 1993)* (district court's decision granting motion in limine to exclude evidence is reviewed for abuse of discretion); *Zamlen v. City of Cleveland, 906 F.2d 209, 215-16 (6th Cir. 1990)* (same). A criminal acquittal is not admissible in a subsequent civil proceeding, as it is generally regarded as hearsay. *See McKinney v. Galvin, 701 F.2d 584, 586 n.5 (6th Cir. 1983)*. A prior criminal acquittal is also irrelevant because it does not establish the defendant's innocence. *See id.* In addition, the probative value of the prior criminal acquittal was outweighed in this case "'by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *United States v. Kerley, 643 F.2d 299, 301 (5th Cir. 1981)* (quoting *Fed. R. Evid. 403*). [*6]

With regard to Dunlap's FTCA case, we conclude that the district court did not err by ordering Dunlap to submit to independent medical examinations for the purpose of generating medical reports as to whether any medical problems suffered by Dunlap were causally related to the October 3, 1993, altercation. Expert testimony is generally required to show that the medical provider failed to conform to the applicable standard of care and caused the plaintiff's injury. *See Vance v. United States, 90 F.3d 1145, 1148 (6th Cir. 1996)*. However, Dunlap did not retain or employ any expert witnesses to testify in support of his medical malpractice and negligence claims and the evidence presented by Dunlap was insufficient to permit a layman with general knowledge to recognize medical malpractice or negligence. *See id.*

Furthermore, the district court did not abuse its discretion by admitting the medical reports submitted by the independent medical examiners as evidence in the case. *See United States v. Jones, 107 F.3d 1147, 1150-51 (6th Cir. 1997)* (district court's decision with respect to the admissibility of expert testimony is reviewed for abuse of discretion); [*7] *United States v. L.E. Cooke Co., 991 F.2d 336, 341 (6th Cir. 1993)* (same). The medical reports submitted to the district court simply assisted the court in understanding the nature of Dunlap's physical ailments and their relationship to the October 3, 1993, incident. *See Fed. R. Evid. 702*.

Accordingly, the request for oral argument is denied and the district court's judgments are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.