Source: Legal > States Legal - U.S. > Ohio > Cases > OH Federal & State Cases, Combined
Terms: **sudimack** (Edit Search)

✔Select for FOCUS™ or Delivery
☐

*1997 U.S. App. LEXIS 17731, **

KEITH CALLIHAN, RAY CALLIHAN, BONNIE CALLIHAN, Plaintiffs-Appellants, v. JOSEPH **SUDIMACK**, M.D., RICHARD JACKMAS, Defendants-Appellees, TRUMBULL COUNTY, OHIO, Defendant.

NO. 96-3711

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1997 U.S. App. LEXIS 17731

July 10, 1997, FILED

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 117 F.3d 1420, 1997 U.S. App. LEXIS 24089.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO. 95-00476. Economus. 5-24-96.

**DISPOSITION:** AFFIRMED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs, decedent's family, sought review of the order of the United States District Court for the Northern District of Ohio, which dismissed their 42 U.S.C.S. §§ 1983, 1985 and Fourteenth Amendment claims against appellees, county, county officials, and a funeral home, alleging that defendants failed to adequately investigate the decedent's death, conspired to cover up the cause of death, and failed to train county officials.

**OVERVIEW:** The family's decedent was examined by the county coroner who determined that she died of an overdose of drugs and alcohol. The coroner refused the family's request to perform an autopsy, and the sheriff terminated the criminal investigation into her death. A subsequent sheriff reopened the investigation, exhumed the body, and discovered that the decedent died of manual asphyxiation. The court affirmed the judgment for defendants, holding that the family had to have established a violation of civil rights separate from that of the decedent. Their substantive due process claim failed because the coroner's refusal to do an autopsy did not so "shock the conscience" or deny a fundamental right as to rise to the level of a deprivation of substantive due process. The court rejected the family's claim that Ohio Rev. Code § 313.15, which required the coroner to hold the body until such time as the cause of death could be determined, gave the family a procedural due process right under the Fourteenth Amendment because the coroner had discretion in making that decision.

JACKMAS, Defendant - Appellee: Charles L. Richards, (See above).

**JUDGES:** BEFORE: MARTIN, Chief Judge; RYAN and BATCHELDER, Circuit Judges.

**OPINION: PER CURIAM.** Keith, Bonnie, and Ray Callihan filed an action under 42 U.S.C. §§ 1983 and 1985 against Joseph **Sudimack,** a former Trumbull County Coroner; Richard Jakmas, **[*2]** a former Trumbull County Sheriff; Trumbull County; and Yuhasz Funeral Home for alleged violations of their rights under the Fourteenth Amendment to the United States Constitution. The action arose out of the defendants' alleged failure to discover the true cause of death of the Callihan's family member, Sharon Callihan Brain. The district court, finding that the Callihans had failed to demonstrate that they were denied a right secured by the Constitution or laws of the United States, granted the defendants' motion to dismiss for failure to state a claim. The Callihans filed a timely notice of appeal. We affirm.

**I. Background** n1

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Because this appeal is from a dismissal under Fed R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, we accept the factual allegations in the Callihan's complaint as true.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

Appellants are the son, father, and mother of decedent Sharon Callihan Brain. On August 28, 1978, Brain's corpse was discovered in Trumbull County, Ohio. The body was delivered **[*3]** to Dr. Joseph **Sudimack,** the County Coroner from 1961 to 1987, who was responsible for determining the official cause of Brain's death. Following blood tests on the body, **Sudimack** determined that the decedent died from a self-induced drug and alcohol overdose. The blood tests, while showing concentrations of blood and alcohol, actually did not support this conclusion.

After being informed of his daughter's death, Ray Callihan met with **Sudimack** on August 29, 1978 and openly questioned **Sudimack's** conclusion concerning Brain's cause of death. Ray Callihan requested that **Sudimack** perform an autopsy on the body and offered to pay for the procedure. He also enlisted the help other local physicians in his attempt to persuade **Sudimack** to perform an autopsy. Nevertheless, **Sudimack** refused to perform the procedure.

Although he initially supported Callihan's request for an autopsy, Richard Jakmas, the Sheriff of Trumbull County from 1977 to 1992, adopted **Sudimack's** determination of the cause of death and ceased all investigation into Brain's death. Although the Callihans apparently could have availed themselves of a procedure under Ohio law to compel the coroner to change his determination regarding **[*4]** the cause, manner, or mode of death, they failed to do so.

In 1994, the current Trumbull County Sheriff reopened the investigation into Brain's death and obtained an order to exhume Brain's body. The body was exhumed on May 11, 1994, and an autopsy was performed shortly thereafter. The autopsy revealed that the cause of death was asphyxiation due to manual strangulation.

On March 1, 1995, the Callihans filed a § 1983 cause of action against **Sudimack,** Jakmas, Trumbull County, and Yuhasz funeral home. The Callihans alleged that their civil rights were violated by **Sudimack's** refusal to perform an autopsy on Brain's body to discover the true cause of death and by Jakmas's termination of the criminal investigation of Brain's death.