Case 1:01-cv-00769-SAS     Document 131-18     Filed 04/16/2004     Page 1 of 2

Page 1
2003 U.S. Dist. LEXIS 7105, *

**Elsie Carpenter, Administratrix of the Estate of Michael Carpenter, Plaintiff v. City of Cincinnati et al., Defendants**

**Case No. C-1-99-227**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION**

**2003 U.S. Dist. LEXIS 7105**

**April 17, 2003, Decided**

**DISPOSITION:** [*1] Defendants' motion for summary judgment, Defendants' motions to strike, and Defendants' motion to exclude testimony denied.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** For ELSIE CARPENTER, plaintiff: Kenneth L Lawson, Lawson & Associates, Cincinnati, OH.

For CINCINNATI CITY OF, MICHAEL B MILLER, II, BRENT MCCURLEY, defendants: Neil Frank Freund, Freund Freeze & Arnold, Dayton, OH.

For CINCINNATI CITY OF, MICHAEL B MILLER, II, BRENT MCCURLEY, defendants: Donald Edson Hardin, Hardin Lefton Lazarus & Marks LLC, Richard Ganulin, Assistant City Solicitor, Geri H Geiler, Cincinnati, OH.

**JUDGES:** Susan J. Dlott, United States District Judge.

**OPINIONBY:** Susan J. Dlott

**OPINION:**

ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment (doc. # 112), Defendants' Motion to Strike Incompetent and Otherwise Inadmissible Materials and Motion to Strike the "Failure to Train" Claim (doc. # 122), and Defendants' Motion to Exclude the Testimony of Wilson Seay (doc. # 110). n1 For the following reasons, the Court **DENIES** Defendants' motions.

   n1 There are two other motions pending in this case: Defendants' Motion for Separate Trials (doc. # 128) and Plaintiff's Motion to Add Survival Claim Under State Law (doc. # 130). Because the issues addressed therein are not germane to Defendants' motion for summary disposition, the Court will address those motions in a separate order.

[*2]

**I. FACTUAL BACKGROUND**

This lawsuit stems from an incident in which Defendants Officer Brent McCurley and Officer Michael Miller of the Cincinnati Police Department shot and killed Michael Carpenter during a traffic stop. Officers McCurley and Miller say that when they shot at Michael Carpenter they believed he threatened their safety, but it is now undisputed that Michael Carpenter was not armed. Michael Carpenter's mother, Plaintiff Elsie Carpenter, brought this action on behalf of the estate of Michael Carpenter, herself, her husband and Michael Carpenter's minor child against Officers Miller

Case 1:01-cv-00769-SAS    Document 131-18    Filed 04/16/2004    Page 2 of 2

Page 6
2003 U.S. Dist. LEXIS 7105, *

his deposition that he was not familiar [*17] with the particular regulations or training practices of the Cincinnati police. (Doc. # 122 at 6.) First, the Court cannot strike any references to Dr. Kirkham's declaration found in Plaintiff's brief, as there are none. As Plaintiff found it unnecessary to rely on Dr. Kirkham's declaration in responding to Defendants' motion for summary judgment, the Court finds it unnecessary to rely on that declaration in considering Defendants' motion. Any lingering concerns regarding Dr. Kirkham's qualification to testify at trial as an expert in this case may be addressed through a motion in limine.

### 3. Newspaper Article

Finally, Defendants ask the Court to strike from Plaintiff's opposition reference to a newspaper article describing an incident where Cincinnati police officers shot a minor driving a vehicle. There is no exception to the hearsay rule that allows the Court to consider the article as evidence of the truth of the matters described therein. However, the Court notes that the only reference to this article in Plaintiff's brief is contained in a short footnote that gives context to an otherwise unexplained reference to the incident contained in the admissible CPRP report on the death [*18] of Timothy Blair. Therefore, the Court sees no reason to strike reference to the news article from Plaintiff's pleading. The Court notes that it will not consider the article itself in ruling on Defendants' motion for summary judgment.

### III. MOTION TO STRIKE THE "FAILURE TO TRAIN" CLAIM

The City moves the Court "to strike the materials and text submitted by the plaintiff in support of an alleged 'failure to train' claim against the City." (Doc. # 122 at 6.) In her complaint, Plaintiff alleged three counts: first, constitutional claims under the Fourth and Fourteenth Amendment against the officers and the City; second, a state law wrongful death action against the officers; and third, a state law negligent hiring action against the City. The Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Adopting a Report and Recommendation issued by Magistrate Judge Jack Sherman, Jr., Judge Weber dismissed Plaintiff's negligent hiring claim but denied Defendants' motion to dismiss as to the remaining claims. (See doc. # 92.) The City notes that in the Report and Recommendation, Judge Sherman stated, in response to Defendants' argument [*19] that Plaintiff's "failure to train" claim was insufficiently pled, that "no such claim was pled in the complaint." (Doc. # 9 at 2 n.1.) However, Plaintiff's Fourth and Fourteenth Amendment claims against the City unquestionably survived Judge Weber's order. Thus, to the extent that any evidence that the City failed to train its employees is relevant to Plaintiff's Fourth and Fourteenth Amendment claims against the City, Plaintiff may present that evidence. Defendants' motion to strike the "failure to train" claim is **DENIED.**

### IV. MOTION TO EXCLUDE TESTIMONY OF WILSON SEAY

In October 2002, Defendants filed a motion seeking an order to "exclude" the testimony of Wilson Seay, a third-party witness identified by Plaintiff. (Doc. # 110.) As grounds for exclusion, Defendants noted that Mr. Seay twice failed to appear for his deposition. Since filing their motion, however, Defendants have taken Mr. Seay's deposition and filed it with the Court. Therefore, the Court **DENIES** Defendants' motion seeking an order excluding the testimony of Mr. Seay.

### V. MOTION FOR SUMMARY JUDGMENT

#### 1. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 governs motions for [*20] summary judgment. Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). **On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S.**