Source: Legal > States Legal - U.S. > Ohio > Cases > **OH Federal & State Cases, Combined** [i]
Terms: **sudimack** (Edit Search)

◆Select for FOCUS™ or Delivery
☐

*1999 U.S. App. LEXIS 12022, ***

LORA EMPH, et al., Plaintiffs-Appellants, v. JOSEPH **SUDIMACK,** M.D., et al., Defendants-Appellees.

No. 97-4446

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1999 U.S. App. LEXIS 12022

June 7, 1999, Filed

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 206 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 206 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 1999 U.S. App. LEXIS 27674.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO. 95-02827. Economus. 9-19-97.

**DISPOSITION:** AFFIRMED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellants challenged an order from the United States District Court for the Northern District of Ohio in which the court granted appellee sheriff and coroner's motion for summary judgment dismissing appellants' complaint for intentional infliction of emotional distress.

**OVERVIEW:** The judgment granting appellee sheriff and coroner's motion for summary judgment and dismissing appellants' complaint for intentional infliction of emotional distress for failure to perform an autopsy was affirmed. In affirming the lower court's decision, the appeals court held that appellants were aware of their injury at the time of their father's death and should have brought suit at that time. Thus, appellants' action was time barred. According to the appeals court, a four-year statute of limitations governed intentional infliction of emotional distress claims. The appeals court held that a cause of action for intentional infliction of emotional distress did not accrue until the tort was complete, that was, at the time the injury was incurred and the emotional impact was felt. The appeals court held that appellants were at all times aware of the suspicious nature of their father's death and should have pursued the matter then.

**OUTCOME:** The appeals court affirmed the dismissal of appellants' complaint for intentional infliction of emotional distress because appellants' claim was time barred where appellants were always aware of the suspicious nature surrounding their father's death.

dismissed the claim on summary judgment because the four-year statute of limitations governing this action had run. Specifically, the district court held that the appellants' cause of action accrued shortly after Morris' death when the appellees refused to perform the autopsy, not when Morris' body was exhumed and the autopsy was performed.

On appeal, the appellants assert that their cause of action accrued in 1993 when the appellees' successors ordered Morris' body exhumed and autopsied, not in 1979 when the appellees refused to exhume and autopsy the body:

> In finding this action time-barred, the trial court relied entirely on the fact that the Morris family's suspicions of impropriety bothered them immediately. The trial court's application of the statute of limitations was not liberal. The tort of intentional infliction of emotional harm involves two [*6] parts. One is the emotional distress itself. The Morris family may have suffered emotionally from the time their suspicions arose. The second element is the actual identification of the individuals who caused the upset. That identification could not occur until Donald Morris' body [was] exhumed. Were exhumation a simple process the trial court's logic would prevail. Since exhumation is far from the norm, a properly liberal application of the "discovery rule" validates the Morris family's contention that this cause of action accrued in 1993.

Appellants' Brief at 14-15. In response, the appellees asserts that the statute of limitations began running in 1979 when the appellees refused to exhume and autopsy Morris' body following his suspicious death.

"Statutes of limitation are vital to the welfare of society and are favored in the law." Zion Nursing Home, Inc. v. Creasy, 6 Ohio St. 3d 221, 225, 452 N.E.2d 1272 (1983) (citation omitted). "Statutory limitation periods are 'designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" [*7] Bowen v. City of New York, 476 U.S. 467, 481 n.13, 90 L. Ed. 2d 462, 106 S. Ct. 2022 (1986) (citation omitted). HN3 In Ohio, a four-year statute of limitations governs intentional infliction of emotional distress claims. See Ohio Rev. Code § 2305.09(D). Accordingly, we must determine when the appellants' cause of action accrued.

HN4 In Ohio, "a cause of action for intentional infliction of emotional distress does not accrue until the tort is complete, that is, at the time the injury is incurred and the emotional impact is felt." Biro v. Hartman Funeral Home, 107 Ohio App. 3d 508, 514, 669 N.E.2d 65 (Ohio App. 1995). Though the appellants in this action admit that they always suspected that DelGros murdered their father, they assert that they were not sure of his cause of death prior to his autopsy. Accordingly, the appellants argue that their cause of action did not accrue until their father's body was exhumed and autopsied in 1993. We disagree.

It seems clear that the appellants were aware, or should have been aware, of DelGros' criminal conduct shortly after their father's death. Indeed, the appellants acknowledge in their appellate brief that, shortly after their father's [*8] death, they knew the fire was purposefully set because: one of Morris' ears had been severed from his body; Morris's body was found in a suspicious position following the fire; and DelGros engaged in occult practices. Appellants' Brief at 6-7. Based on these facts and their suspicions, the appellants demanded that their father's body be exhumed and autopsied. Because the precipitating event in this action was the appellees' refusal to exhume and autopsy Morris' body in 1978, and because the appellants could have successfully challenged the appellees' refusal to exhume and autopsy Morris' body in a declaratory judgment action under Ohio Rev. Code § 313.19 in the