Source: Legal > Cases - U.S. > Federal & State Cases, Combined
Terms: fuerst v. ford (Edit Search)

↱Select for FOCUS™ or Delivery
☐

*2004 Ohio 1510, \*; 2004 Ohio App. LEXIS 1334, \*\**

ANGELA L. **FUERST**, ADMINISTRATRIX OF THE ESTATE OF KEVIN J. **FUERST**, DECEASED, PLAINTIFF-APPELLANT v. CARMON **FORD**, ADMINISTRATOR, DEFENDANT-APPELLEE

CASE NUMBER 1-03-81

COURT OF APPEALS OF OHIO, THIRD APPELLATE DISTRICT, ALLEN COUNTY

2004 Ohio 1510; 2004 Ohio App. LEXIS 1334

March 29, 2004, Date of Judgment Entry

**PRIOR HISTORY:** [\*\*1] CHARACTER OF PROCEEDINGS: Civil Appeal from Common Pleas Court.

**DISPOSITION:** Judgment affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** The Allen County Court of Common Pleas (Ohio) granted summary judgment against appellant administratrix, and in favor of appellee administrator, in the former's wrongful death action filed against the decedent's estate of which the latter was the administrator. The administratrix appealed.

**OVERVIEW:** The administratrix challenged the judgment entered, contending that the trial court erred in finding that she could not prevail on the evidence that the administrator's decedent (first decedent) committed suicide and negligently caused the death of her decedent (second decedent). The appeals court disagreed. The administratrix was required to put forth some evidence that the first decedent committed suicide, but none of her evidence indicated that the first decedent was attempting to commit suicide. Moreover, the coroner ruled that the first decedent's death was indeterminate, which meant that insufficient evidence existed for the coroner to determine the manner of death. These factual determinations created a non-binding, rebuttable presumption of which no challenge was sought. To reach the conclusions set forth by the administratrix, one had to make several inferences based upon other inferences. The evidence she presented amounted to hearsay, speculation, and rumors based upon hindsight. The fact that there were numerous possible explanations as to the first decedent's death supported the coroner's conclusion that the manner of death was indeterminate.

**OUTCOME:** The judgment was affirmed.

**CORE TERMS:** coroner, summary judgment, suicide, credible evidence, indeterminate, coworkers, nonmoving party, matter of law, found dead, granting summary judgment, court of common pleas, evidence presented, committed suicide, commit suicide, administrator, negligently, accidental, depressed, garage

**LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts**

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN1** When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Ohio R. Civ. P. 56(C) provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. More Like This Headnote

Civil Procedure > Appeals > Standards of Review > De Novo Review
Civil Procedure > Summary Judgment > Standards of Review
**HN2** When reviewing an order of the trial court granting summary judgment, an appellate court reviews the case de novo. More Like This Headnote

Evidence > Procedural Considerations > Inferences & Presumptions
Governments > Local Governments > Employees & Officials
**HN3** As a matter of law, the manner of death delivered by the county coroner is the legally accepted manner absent a hearing protesting the ruling. Ohio Rev. Code Ann. § 313.19. Further, the coroner's factual determinations concerning the manner of the decedent's death, create a non-binding, rebuttable presumption concerning such facts in the absence of competent, credible evidence to the contrary. Any challenges to the ruling must be made in the common pleas court. More Like This Headnote

**COUNSEL:** RICHARD E. SIFERD, Attorney at Law, Lima, OH, For Appellant.

MARIA A. VON DER EMBSE, Attorney at Law, Lima, OH, For Appellant.

KENT D. RIESEN, Attorney at Law, Toledo, OH, For Appellee.

**JUDGES:** Bryant, J. SHAW, P.J., and CUPP, J., concur.

**OPINIONBY:** Bryant

**OPINION: Bryant, J.**

[*P1] Plaintiff-appellant Angela L. **Fuerst**, Administratrix ("**Fuerst**") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to defendant-appellee Carmon **Ford**, Administrator ("**Ford**").

[*P2] On December 24, 2001, emergency personnel were summoned to the home of Donna Dirr ("Dirr"). The bodies of Dirr and Kevin **Fuerst** ("Kevin") were found at the location. An investigation into the deaths were conducted and it was determined that Dirr and Kevin died from carbon monoxide poisoning when a vehicle was left running in the garage. The deaths were estimated to have occurred on December 22, 2001. No witnesses survived. The matter was referred to the Allen County Coroner's Office for further investigation. Following the investigation, the coroner ruled that the manner [**2] of Kevin's death was accidental and the manner of Dirr's death was undetermined. A second, independent investigation was conducted by the Lucas County Coroner's Office and identical conclusions were reached.

[*P3] On July 10, 2002, **Fuerst,** on behalf of Kevin's estate, filed a wrongful death claim

against the estate of Dirr, of which **Ford** was the administrator. **Fuerst** claimed that Dirr was attempting to commit suicide and negligently caused the death of Kevin in the process. **Ford** filed an answer on September 4, 2002. On April 3, 2003, **Ford** filed a motion for summary judgment. **Fuerst** filed a response to the motion for summary judgment on July 10, 2003. On October 17, 2003, the trial court granted summary judgment to **Ford.** It is from this judgment that **Fuerst** appeals and raises the following assignment of error.

The trial court erred when it found that [**Fuerst**] could not prevail in a wrongful death action, when two people were found dead in a closed home and [**Fuerst**] presented competent credible evidence, which if believed, would prove that one of the dead persons in committing suicide also negligently caused the death of the other person. [*P4] *HN1* When reviewing a motion [**3] for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. *HN2* When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.

[*P5] In this case, **Fuerst's** whole premise of liability is that Dirr was committing suicide and accidentally killed Kevin in the process. **Fuerst** is thus required to put forth some evidence that Dirr committed suicide. The evidence supplied by **Fuerst** is as follows: (1) Dirr was found dead in the garage, so could be presumed to be the one who [**4] started the car; (2) Dirr was not communicating with her coworkers; (3) Dirr did not interact with people at a party for one of her coworkers; (4) several years before her death, Dirr sought counseling for her alcohol problems; and (5) a statement by Dirr's daughter that she seemed depressed. None of this evidence however, indicates that Dirr was attempting to commit suicide.

[*P6] The coroner ruled that Dirr's death was indeterminate. The coroner could have ruled that the death was accidental, homicide, or a suicide. Unfortunately, not enough evidence existed for the coroner to be able to make that decision. *HN3* As a matter of law, the manner of death delivered by the coroner is the legally accepted manner absent a hearing protesting the ruling. R.C. 313.19 The coroner's factual determinations concerning the manner of the decedent's death, create a non-binding, rebuttable presumption concerning such facts in the absence of competent, credible evidence to the contrary. Vargo v. Travelers Ins. Co. (1987), 34 Ohio St.3d 27, 516 N.E.2d 226. Any challenges to the ruling must be made in the common pleas court. Perez v. Cleveland (1997), 78 Ohio St.3d 376, 1997 Ohio 33, 678 N.E.2d 537. [**5] No challenge was brought to the coroner's findings that the manner of death was indeterminate.

[*P7] **Fuerst** claims that the evidence presented is competent, credible evidence to the contrary. However, to reach the conclusions set forth by **Fuerst,** one must make several inferences based upon other inferences. Although one may make several inferences from a piece of evidence, one may not make inferences upon inferences to reach a conclusion. The evidence presented by **Fuerst** is not evidence, but rather hearsay, speculation and rumors based upon hindsight. Dirr may have been having trouble at work because she did not like her job or her coworkers rather than being depressed. It is also possible that she did start the car with the intent of leaving, which would explain why the seat was moved up into a driving position, and got out of the car for some reason and, in her intoxicated state, merely passed out. This would then be an accidental death, rather than a suicide. Unfortunately, there are numerous possible scenarios of how Dirr's death occurred and the true one will

never be known. The fact that there are numerous possible explanations for the manner of Dirr's death supports the [**6] coroner's conclusion that the manner of death is indeterminate. Since the coroner's ruling is the accepted fact, no reasonable finder of fact could determine that Dirr committed suicide in contradiction of that ruling. The trial court thus did not err by granting summary judgment to **Ford.**

[*P8] The judgment of the Court of Common Pleas of Allen County is affirmed.

Judgment affirmed.

SHAW, P.J., and CUPP, J., concur.

Source: Legal > Cases - U.S. > **Federal & State Cases, Combined**
Terms: **fuerst v. ford** (Edit Search)
View: Full
Date/Time: Friday, April 16, 2004 - 9:46 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.