UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF | : | |
| ROGER D. OWENSBY JR., et al., | : | |
| | : | |
| | : | Case No. 01-CV-769 |
| **Plaintiff,** | : | |
| | : | Senior Judge S. Arthur Spiegel |
| v. | : | |
| | : | Magistrate Judge David S. Perelman |
| CITY OF CINCINNATI, et al., | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**DECLARATION OF PAUL B. MARTINS IN SUPPORT OF
APPLICATION FOR ATTORNEYS FEES
ASSOCIATED WITH MOTION TO COMPEL RESPONSES TO
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

1. I, Paul B. Martins, am trial counsel for the Plaintiff in the above-captioned action.

2. I certify that the following time and fees were expended in connection with Plaintiff's Motion to Compel Responses to Plaintiff's Second Request for Production of Documents. I have attempted to remove all duplicate times associated with conferences between Plaintiff's counsel or duplicate efforts by attorneys.

3. Upon receipt of this Court's Orders awarding Plaintiff attorneys fees in this matter (Docs. 81, 83) I wrote to counsel for the Defendants City of Cincinnati and its Police Chief, itemizing the attorneys fees incurred in this matter. A true and accurate copy of my January 16, 2004 letter is attached.

4. I received no response to my January 16 letter. Therefore, three weeks later, on February 10, 2004, I again wrote the City of Cincinnati asking that they pay the attorneys fees denominated in my earlier letter. A true and accurate copy of my February 10, 2004 letter is attached.

5. On February 19, 2004, I spoke with Neil Freund, counsel for Defendants City of Cincinnati and its Police Chief. In that conversation, Mr. Freund did not challenge Plaintiff's hours or rates but asked whether I would agree to postpone the payment of attorneys fees until the case was resolved by trial or settlement. I told Mr. Freund that I would discuss his proposal with my client and co-counsel. Over the next several days, I discussed this proposal with my co-counsel.

6. On February 26, 2004, I again spoke with Mr. Freund, advising that Plaintiff would not agree to his proposal for indefinitely postponing the payment of attorneys fees. Mr. Freund said that he would talk to his client, the City of Cincinnati, and get back to me on the payment of Plaintiff's attorneys fees.

7. On March 19, 2004, I again spoke to Mr. Freund, reminding him that I was still awaiting the payment of the attorneys fees. Mr. Freund said that he had not heard from the City and would check on this matter.

8. On March 30, 2004, I again spoke to Mr. Freund concerning the overdue payment of Plaintiff's attorneys fees associated with the Motion to Compel Responses to the Second Request for Production of Documents. This time, I told Mr. Freund that I was planning to file this fee application by Friday, April 2. Mr. Freund asked that I forebear filing the fee application for a week, until April 7, 2004, to allow him time to take this matter up with the City. I agreed.

9. Three weeks have now passed since our March 30 conversation. I have received no word from the City of Cincinnati or from any defense counsel offering to pay Plaintiff's attorneys fees associated with the Motion to Compel Responses to the Second Request for Production of Documents. I believe that further requests for payment of the attorneys fees awarded in this Court's January Orders would be ignored by the City of Cincinnati in the same manner that it initially ignored responding to Plaintiff's Second Requests for Production of Documents.

10. As a result, I believe that Plaintiff has gone above and beyond the directive of this Court to "confer with Defendants in an effort to amicably conclude this matter." Doc. 83, Order, ¶ 3. I believe all attempts at informal resolution are now exhausted and ask this Court to award the attorneys fees itemized below and as further detailed in Exhibit A, attached.

11. The following training, background, experience, knowledge, and skill of my partner, James B. Helmer, Jr., justifies his hourly rate:

   A. Mr. Helmer graduated from the College of Law of the University of Cincinnati in 1975. While at the College of Law, he served as the Editor-in-Chief of the University of Cincinnati Law Review and was elected to the Order of the Coif.

   B. He was admitted to the Bar in Ohio in 1975. He is also admitted to practice before the United States Supreme Court, the District of Columbia Court of Appeals, the United States Court of Claims, the United States Court of Appeals for the Fifth, Sixth, and Eleventh Circuits, and the United States District Courts for the Eastern District of Kentucky, Northern and Southern Districts of Ohio and Eastern District of Wisconsin. He has also been admitted *pro hac vice* in numerous federal courts from Maine to California.

C.  He served as a law clerk to the Honorable Timothy S. Hogan, United States District Judge for the Southern District of Ohio from 1975 to 1977. Since the completion of his clerkship with Judge Hogan, he has been engaged in the private practice of law. His practice has been devoted exclusively to complex litigation matters. He has successfully tried numerous cases to conclusion, including class actions, in both the federal and state courts, in the areas of antitrust, securities fraud, breach of contract, product liability, personal injury, employment discrimination, and the False Claims Act.

D.  He has delivered over 100 lectures at professional seminars regarding civil litigation, trial practice, the False Claims Act, employment law, and attorneys' fees.

E.  He has testified before committees of the United States Senate and House of Representatives concerning the 1986 Amendments to the False Claims Act, 31 U.S.C. §3729, et seq.

F.  He has been rated "AV" by the Martindale Hubbell Law Directory every year since 1981 and has been listed in the last ten editions of *The Best Lawyers in America* (Woodward-White). On May 22, 1999, The National Law Journal selected him as one of the top ten litigators in the State of Ohio. He is the author of a book entitled *False Claims Act: Whistleblower Litigation*, (LexisNexis 3rd ed. 2002) and of several published articles on the same subject. He is also co-author of a chapter entitled "Attorneys' Fees in Employment Cases," in *Litigating Wrongful Discharge Claims*, §8.22 (Tobias ed. 1987), and of a book entitled *Representing the Terminated Employee in Ohio, Evaluating, Litigating and Settling State and Federal Claims* (Anderson 2nd ed. 1998).

G.  He has substantial experience with respect to the cost of legal representation in Cincinnati and is regularly consulted by other practitioners because of his expertise in that area. He has testified as an expert on the subject of attorney fees on more than one dozen occasions. He is a member of the Cincinnati Bar Association's Fee Arbitration Committee for many years.

12. My training, background, experience, knowledge, and skill justifies my hourly rate as follows:

A.  I graduated from the University of San Diego School of Law in 1979 where I was a member of the Law Review and Moot Court Board.

B.  I was admitted to practice in Ohio and before this Court in 1979. I am also admitted to practice before the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court. I have been admitted to practice

    *pro hac vice* before the Norther District of Ohio and the Northern District of Illinois.

  C. Between 1980 and 1986, I served in the United States Army Judge Advocate General's Corps as a prosecutor with the Fifth Infantry Division, then as a defense counsel covering the Army installations in the region of Maryland, Virginia and the District of Columbia.  I tried over one hundred cases while serving as a prosecutor and then as a defense counsel.  Finally, I served in the Pentagon as a legal advisor to the Deputy Assistant Secretary of the Army - Review Boards Agency and wrote and published the Army's Regulation 690-600, *Equal Employment Opportunity Discrimination Complaints*, 32 C.F.R. Part 588 (Jan. 31, 1986).

  D. Since 1987, I have specialized in complex civil litigation in the areas of civil rights, securities and environmental class actions, personal injury and the False Claims Act.  I have tried several of these cases to juries before this Court.

  E. I have held an "AV" rating from Martindale Hubbell Law Directory since 1987 and have contributed to Mr. Helmer's treatise on the False Claims Act, *False Claims Act: Whistleblower Litigation*, (LexisNexis 3rd ed.2002).

  F. I am a Master of the Bench and a member of the Executive Committee of the Potter Stewart Inn of Court in Cincinnati.

13. The training, background, experience, knowledge, and skill of my colleague, Donald G. Stiens, justifies his hourly rate as follows:

  A. Mr. Stiens graduated from the College of Law of the University of Cincinnati in 2002.

  B. Mr. Stiens is admitted to practice in Ohio and before this Court.

  C. Mr. Stiens has experience in civil litigation, having worked for Helmer, Martins & Morgan, Co., L.P.A., since April, 2003.  Before that, he worked for Lerner, Sampson & Rothfuss, here in Cincinnati.

  D. Mr. Stiens is a Barrister in the Potter Stewart Inn of Court in Cincinnati.

  E. Mr. Stiens is presently a Commander in the United States Navy Reserves, having graduated from the Naval Science Institute in 1986 and the Navy's Surface Warfare Officer School in 1988.

14. I personally examined our billing records and I personally compiled the following statement of attorneys fees incurred in connection with the following events: informal attempts to obtain written responses to Plaintiff's Second Request for Production of Documents from the Defendants; drafting, editing and filing the Motion to Compel; reviewing and analyzing Defendants' Memorandum in Opposition; and, drafting, editing and filing Plaintiff's Reply.

15. This firm is primarily known for representing plaintiffs on a contingency basis. However, the rates designated for James B. Helmer, Jr., and Paul B. Martins are based upon market rates actually paid by a corporate hourly client of this firm for the services of these attorneys over the past two years. Further, these rates were previously approved by Judge Spiegel in approving False Claims Act settlements and the payment of attorneys fees involving these attorneys in, *United States ex rel. Roby v. The Boeing Co.*, Case No. C-1-95-375 (S.D. Ohio 2000) and *United States ex rel. Anderson v. General Electric Co.*, Case No. C-1-97-225 (S.D. Ohio 2002).

16. Attached as Exhibit A is a detailed billing statement for the three attorneys who incurred fees in association with the Motion to Compel Responses To Plaintiff's Second Request For Production of Documents. A summary of these attorneys' time, rates and fees is as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| James B. Helmer Jr. (JBH) | $420 | 0.50[1] | $ 210 |
| Paul B. Martins (PBM) | $375 | 9.90[2] | $3,712 |
| Donald G. Stiens (DGS) | $125 | 7.00[3] | $ 875 |
|  |  |  | Total  $4,797 |

---

[1]Mr. Helmer actually devoted 2.5 hours in reviewing and editing the motions filed in this matter. However, 2 hours have been deducted to avoid duplication of efforts with other Plaintiff's counsel.

[2]Mr. Martins actually devoted 15.7 hours in drafting, reviewing, researching, editing and finalizing the letters and pleadings involved in this matter. However, 5.8 hours have been deducted to avoid duplication of efforts with other Plaintiff's counsel.

[3]Mr. Stiens actually devoted in excess of 19.3 hours in researching and drafting the Motion to Compel and researching the documents that Defendants had produced in attempting to determine whether Plaintiff could determine in some other fashion whether the documents requested in Plaintiff's Second Request for Production of Documents had been produced so as to avoid having to file the Motion to Compel. Plaintiff has deducted 12.3 hours of Mr. Stiens' time to avoid duplication of efforts with other Plaintiff's counsel.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of April, 2004.

                                                <u>/s/ Paul B. Martins</u>

## EXHIBIT A

Estate of Roger D. Owensby, Jr., et al.
MOTION TO COMPEL SECOND REQUEST
FOR PRODUCTION OF DOCUMENTS

Attorneys Fees Detail

| DATE | | HOURS |
|---|---|---|
| 11/07/03 | | |
| PBM | Letter to City regarding failure to respond to Second Request for Production | 0.40 |
| 11/14/03 | | |
| PBM | Conference with D. Stiens regarding discovery issues and Motion to Compel on Second Request for Production | 0.20 |
| DGS | Research and draft Motion to Compel Production of Documents on City for 2nd Request for Production of Documents | 1.40 |
| 11/18/03 | | |
| DGS | Research and draft Motion to Compel City of Cincinnati's 2nd Request for Production of Documents | 2.50 |
| 11/19/03 | | |
| DGS | Research and draft Motion to Compel City of Cincinnati's 2nd Request for Production of Documents | 1.50 |
| 11/20/03 | | |
| DGS | Conference with P. Martins regarding Motion to Compel City's production regarding Request for Production 2; Edit Motion to Compel | 1.10 |
| 11/21/03 | | |
| DGS | Edit Motion to Compel City's production regarding Request for Production 2 | 0.50 |

11/23/03
PBM   Motion to Compel Second Request for Production of Documents         3.10


11/24/03
PBM   Motion to Compel Second Request for Production of Documents         1.10

JBH   Review and Edit Motion To Compel Second Request for Production
      of Documents                                                        0.25


12/17/03
PBM   Review Defendant' Memorandum Contra Motion to Compel
      Second Request for Production; Conference with D. Stiens
      regarding discovery responses and Second Request for Production     0.70

JBH   Review Cincinnati Memorandum Contra regarding
      Motion to Compel; Review Cincinnati document responses              0.25


12/26/03
PBM   Reply Memorandum regarding Motion to Compel Second
      Request for Production                                              3.20


12/29/03
PBM   Edit and finalize Reply Memorandum regarding Motion to
      Compel Second Request for Production                                1.20