## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF ROGER D. OWENSBY,** | : | CASE NO. C-1-01-769 |
| Plaintiff | : | (Judge S. Arthur Spiegel) |
| vs. | : | **MOTION TO STRIKE PLAINTIFFS' APRIL 16, 2004 SURREPLY IN** |
| **CITY OF CINCINNATI, et al.** | : | **SUPPORT OF SUMMARY JUDGMENT; MOTION TO STRIKE AFFIDAVIT OF** |
| Defendant | : | **FREDERICK MORGAN, JR. OF DEFENDANTS CITY OF CINCINNATI** |
| | : | **AND POLICE CHIEF THOMAS STREICHER, JR.** |

### MOTION

Now come the Defendants, City of Cincinnati and Police Chief Thomas J. Streicher, Jr., by and through counsel, and hereby move the Court to strike Plaintiff's April 16, 2004 Surreply in support of Motion for Partial Summary Judgment on the alleged failure to provide timely medical care issue, pursuant to Local Court Rule 7.2(a)(2), as Plaintiff did not request or receive Leave of Court to file any additional memoranda. Moreover, good cause does not exist to warrant the filing of additional memoranda.

The Defendants further move the Court to strike the affidavit of Plaintiff's counsel Frederick M. Morgan, Jr. because the affiant lacks personal knowledge and the requisite medical background, education and experience to authenticate the medical exhibits that fall outside the scope of evidence that may be considered on summary judgment analysis.

This Motion is more fully supported by the accompanying Memorandum.

                                        Respectfully submitted,

                                        J. Rita McNeil (#0043535)
                                        City Solicitor

                                        S/Neil F. Freund

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

Neil F. Freund (0012183)
Trial Attorney
Vaseem S. Hadi (0075617)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937) 222-2424
(937) 222-5369 (fax)
nfreund@ffalaw.com
vhadi@ffalaw.com

Geri Hernandez Geiler (0042081)
Sr. Assistant City Solicitor
Julie F. Bissinger (0012055)
Chief Counsel
City Solicitor's Office
Room 214, City Hall
801 Plum Street
Cincinnati, OH 45202
(513) 352-3338
(513) 352-1515 (fax)
geri.geiler@cincinnati-oh.gov
julie.bissinger@cincinnati-oh.gov

## MEMORANDUM

**I.   Plaintiffs' April 26, 2004 surreply should be stricken because the plaintiffs did not request or receive Leave to file an additional memoranda and "good cause" does not warrant additional filings.**

On February 2, 2004, the plaintiffs filed a motion for summary judgment against Cincinnati and Police Chief Streicher on the 42 U.S.C. § 1983 alleged failure to provide medical care issue. In this motion, the plaintiffs argued the decedent died from mechanical asphyxiation. On February 26, 2004, Cincinnati and Chief Streicher filed a response opposing summary judgment. The Defendants further submitted the affidavit of emergency medicine expert Tom Neuman, M.D. to establish that decedent died from a

2

sudden heart attack related to resisting arrest, and not mechanical asphyxiation.

On March 11, 2004 the plaintiffs improperly filed a reply in support of summary judgment, which set forth completely new arguments. Specifically, the plaintiffs argued 1) judicial estoppel prevents the defendants from arguing cause of death was a sudden heart attack; 2) Ohio Revised Code 313.19 precludes the defendants from establishing sudden heart attack through competent expert evidence; and 3) defense expert Dr. Neuman should be excluded in a pre-trial dispositive motion without conducting a <u>Daubert</u> hearing. U.S. District Court Local Rule 7.2 prevented the defendants, however, from addressing these new issues without Leave of Court. Therefore, on March 30, 2004, Cincinnati and Chief Streicher filed a motion to strike the Plaintiff's reply because it raised issues beyond the initial motion and an alternative motion for leave to file a surreply addressing these issues.

On April 6, 2004, the Court granted Cincinnati and Chief Streicher's request for Leave to file a surreply as follows:

> The Court does agree, however, that **all of the interested Defendants should enjoy an opportunity to respond to any new issues or facts raised in the Plaintiff's reply brief**.
>
> ...
>
> Defendants' motion to strike is DENIED and Defendants' motion to file surreply is GRANTED.
>
> ...
>
> All surreplies must be filed on or before April 16, 2004.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

(Order dated April 6, 2004)(emphasis added). Even though the Plaintiffs never requested or received Leave of Court to file a surreply, and the Court's April 6, 2004 Order expressly states only the "interested defendants' may file surreplies, the Plaintiffs filed an additional surreply after the Defendants filed their surreplies.

Under these circumstances, the Plaintiff's April 16, 2004 surreply should be stricken for two reasons. First, Local Court Rule 7.2(a) states that after a reply has been filed, "[n]o additional memoranda beyond those enumerated will be permitted, except upon leave of court for good cause shown." It is undisputed that the plaintiffs filed a reply in support of summary judgment already. Further, the record shows that only the Defendants requested and received leave of court to file surreplies beyond the Plaintiff's reply. Therefore, Plaintiff's action of filing a surreply on April 16th without leave of court directly violates Local Rule 7.2. Plaintiff's surreply should be stricken to preserve judicial economy, preserve the integrity of the local rules and expedite decision on the underlying motion.

Second, "good cause" does not exist to warrant plaintiff's surreply as they merely reiterated the same arguments set forth in the reply. Again, the Defendants requested leave to file a surreply to address new arguments raised in Plaintiff's reply. In their surreply, the Defendants merely distinguished the new case law and legal arguments raised initially in the reply. Since the

plaintiffs discussed these issues fully in their reply and the defendants did not raise any new arguments in their surreply, good cause does not exist to warrant plaintiffs' surreply, especially without leave of court. Under these circumstances, plaintiffs' surreply was unwarranted under Local Rule 7.2(a) even if they properly requested leave of court. Plaintiff's surreply should be disregarded when the Court rules upon the underlying motion for partial summary judgment.

   B. **The affidavit of Plaintiffs' counsel Fredrick Morgan should be stricken because the affiant lacks the requisite personal knowledge and medical background to authenticate plaintiffs' medical exhibits.**

Opposing counsel Morgan's affidavit should be disregarded because there is no evidence the affiant possesses the requisite medical education, background and training to authenticate plaintiffs' proposed medical exhibits. Stipkala v. American Red Cross, 2000 U.S. App. LEXIS 11833, No. 99-3099 *17 (6th Cir., May 23, 2000)(citing Finch v. Monumental Life Ins. Co., 820 F.2d 1426, 1431-32 (6th Cir. 1987)(attached as Exhibit A). "An affidavit supporting a motion for summary judgment must (1) be made on **personal knowledge,** (2) set forth facts as would be admissible at trial, and (3) show that **the affiant is competent to testify** concerning the matters contained in the affidavit." Id. (citing Fed. R. Civ. P. 56(e)(emphasis added). An affidavit which sets forth "facts" and "inferences," not based upon the affiant's personal knowledge, are not admissible evidence and should be

5

disregarded. <u>Stipkala,</u> *supra* at *17-18. If the Civil Rule 56(e) requirements set forth above are not satisfied, "the affidavit must be disregarded." <u>Stipkala,</u> *supra* (citing <u>Moore v. Holbrook,</u> 2 F.3d 697, 699 (6th Cir. 1993).

In the case at bar, the Morgan affidavit should be disregarded because it does not meet any of Civil Rule 56(e)'s three requirements. First, Mr. Morgan lacks personal knowledge of the validity or accuracy of the medical issues, resume statements or website information the defendants moved to strike as improper summary judgment materials. While Mr. Morgan might have been involved in gathering such materials, his research activities as an attorney in no way render the medical information plaintiffs seek to introduce, to rebut the sworn affidavit of defense medical expert Dr. Tom Neuman, as accurate and trustworthy.

Second, the affidavit contains facts and inferences Mr. Morgan drew from his medical research, which may not be introduced at trial. The only way plaintiff's proposed medical exhibits could be introduced would be if the authors of these exhibits or a testifying medical expert opined on the accuracy of these exhibits, in light of current medical science, at trial. Finally, Mr. Morgan is incompetent to authenticate these medical exhibits as his affidavit noticeably fails to set forth the requisite medical education, background and training to authenticate such medical literature. Under these circumstances, the Morgan affidavit should be disregarded. Fed. R. Civ. P. 56(e); <u>Stipkala,</u> *supra.*

**CONCLUSION**

    For the foregoing reasons, Defendants Cincinnati and Police Chief Thomas Streicher, Jr. request the Court:

1) strike plaintiffs' April 16, 2004 surreply in support of motion for partial summary judgment under Local Court Rule 7.2(a);

2) strike the affidavit of plaintiff's counsel Fredrick Morgan under Federal Rule of Civil Procedure 56(e); and

3) strike all medical exhibits attached to Plaintiffs' March 11, 2004 reply in support of summary judgment, which do not constitute proper materials under Federal Rule of Civil Procedure 56(C).

Respectfully submitted,

J. Rita McNeil (#0043535)
City Solicitor


S/Neil F. Freund
Neil F. Freund (0012183)
Trial Attorney
Vaseem S. Hadi (0075617)
FREUND, FREEZE & ARNOLD
One Dayton Centre
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937) 222-2424
(937) 222-5369 (fax)
nfreund@ffalaw.com
vhadi@ffalaw.com

Geri Hernandez Geiler (0042081)
Sr. Assistant City Solicitor
Julie F. Bissinger (0012055)
Chief Counsel
City Solicitor's Office
Room 214, City Hall
801 Plum Street
Cincinnati, OH 45202
(513) 352-3338
(513) 352-1515 (fax)

7

geri.geiler@cincinnati-oh.gov
julie.bissinger@cincinnati-oh.gov

**PROOF OF SERVICE**

This will certify that a copy of the foregoing was served upon counsel of record by email this 26th day of April, 2004:

Mark T. Tillar (0029898)
240 Clark Road
Cincinnati, OH 45202
(513) 761-2958
Attorney for Plaintiff

John Helbling (0046727)
3672 Springdale Road
Cincinnati, OH 45251
513-923-9740
Attorney for Plaintiff

Paul B. Martins
HELMER, MARTINS & MORGAN CO.
Fourth & Walnut Centre, Suite 1800
105 East 4th Street Cincinnati, Ohio 45202-4008
(513) 421-7902
Attorney for Plaintiff

Donald E. Hardin (0022095)
HARDIN, LEFTON, LAZARUS &
MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202
513-721-7300
Special Counsel for Defendants
Robert Blaine Jorg, Patrick Caton,
Darren Sellers, Jason Hodge, and
Victor Spellen

Wilson G. Weisenfelder, Jr.  (0030179)
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, OH 45202
513-381-9200
Attorney for Defendants
Village of Golf Manor,
Chief Stephen Tilley,
Officer Robert Heiland, and
John Doe #7 nka Chris Campbell

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, OH 45202
(513) 587-2887
Attorney for Defendant
Cincinnati Police Officer
David Hunter

                                      **s: Neil F. Freund**
                                      Neil F. Freund

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**