Source: Legal > Cases - U.S. > All Courts - By Circuit > 6th Circuit - Federal & State Cases, Combined
Terms: affidavit w/sent "personal knowledge" and qualifi! and (background or experie! or train! or first-hand) (Edit Search)
Focus: **affidavit w/sent "personal knowledge" and qualifi! and medical and (background or experie! or train! or first-hand)** (Exit FOCUS™)

⨀Select for FOCUS™ or Delivery
☐

*2000 U.S. App. LEXIS 11833, \*; 25 Employee Benefits Cas. (BNA) 1240*

FRANK M. STIPKALA, Plaintiff-Appellant, v. AMERICAN RED CROSS, Greater Cleveland Chapter, Defendant-Appellee.

No. 99-3099

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

2000 U.S. App. LEXIS 11833; 25 Employee Benefits Cas. (BNA) 1240

May 23, 2000, Filed

**NOTICE: [\*1]** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 2000 U.S. App. LEXIS 19751.

**PRIOR HISTORY:** On Appeal from the United States District Court for the Northern District of Ohio. 97-01766. Gaughan. 12-22-98.

**DISPOSITION:** AFFIRMED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff employee appealed from the judgment of the United States District Court for the Northern District of Ohio, granting summary judgment for defendant employer in plaintiff's action alleging age discrimination under the Age Discrimination in Employment Act, 29 U.S.C.S. § 623.

**OVERVIEW:** Plaintiff employee brought an action against defendant employer under the age discrimination under the Age Discrimination in Employment Act, 29 U.S.C.S. § 623, alleging age discrimination when his position was eliminated due to a reduction in the workforce. The trial court granted summary judgment for defendant, holding that plaintiff failed to show material issues of fact regarding any purported age discrimination by defendant. Plaintiff appealed, claiming trial court error because age was a determining factor in the decision to eliminate his position, defendant's budget crisis was used as a pretext for discrimination, and plaintiff's eligibility for early retirement was used to force him to retire to make room for a substantially younger person. The court affirmed, holding that the trial court did not err, because plaintiff failed to establish a prima facie case of age discrimination under 29 U.S.C.S. § 623, and defendant produced sufficient evidence demonstrating that the decision was based upon economic constraints and arose in the context of a reorganization and reduction in its workforce.

**OUTCOME:** Judgment affirmed because plaintiff employee failed to establish a prima facie case of age discrimination under the Age Discrimination in Employment Act, and defendant employer produced sufficient evidence demonstrating that the decision was based upon economic constraints and arose in the context of a reorganization and reduction in its workforce.

**CORE TERMS:** public relations, summary judgment, age discrimination, eliminated, specialist, early retirement, cross-motion, salary, prima facie case, pretext, duty, reorganization, replaced, budget, reduction, temporary, abuse of discretion, younger, older, transferred, posted, staff, newly, crisis, public affairs, work force, manager, fill, circumstantial evidence, personal knowledge

### LexisNexis (TM) HEADNOTES - Core Concepts - ✦ Hide Concepts

Civil Procedure > Summary Judgment
Civil Procedure > Appeals > Standards of Review > De Novo Review
**HN1** The appellate court reviews the district court's decision to grant summary judgment de novo.  More Like This Headnote

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN2** In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the non-moving party. The court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.  More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination
**HN3** In the absence of direct evidence, a plaintiff may establish a prima facie case of age discrimination based upon circumstantial evidence under the McDonnell-Douglas burden-shifting framework. Once a prima facie showing is made, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action. Then the burden returns to the plaintiff to show that the proffered reason was not the true reason, but was pretext for discrimination. The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that age was a determining factor in the employer's decision.  More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination
**HN4** To make a prima facie case of age discrimination, plaintiff must show that (1) he was a member of the protected class of those age 40 and older, (2) he was subjected to an adverse employment action, (3) he was **qualified** for the position, and (4) he was replaced by a substantially younger person.  More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination
**HN5** An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge. However, a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties.  More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
**HN6** When a plaintiff's position is eliminated due to a reduction in force, the fourth prong of the McDonnell-Douglas framework is met by presenting additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons. While the Age

Discrimination in Employment Act (ADEA), 29 U.S.C.S. § 623, bars discrimination based upon age, it does not create an affirmative duty to retain older workers whenever a reduction in staff becomes necessary. Nor was the ADEA intended to protect older workers from the often harsh economic realities of common business decisions and corporate reorganizations. More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
HN7 If an employer uses a mandatory retirement policy to force an employee to retire, the policy violates the Age Discrimination in Employment Act, 29 U.S.C.S. § 623, unless the employer can establish that age is a bona fide occupational **qualification.** To prove age discrimination based upon a retirement plan, plaintiff must show that the plan was in reality used as a subterfuge for age discrimination. More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Remedies
HN8 An employee who is offered early retirement under a voluntary retirement program in lieu of termination may pursue an age discrimination claim under a theory of constructive discharge. More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
HN9 A plaintiff can establish a pretext for age discrimination by showing that the proffered reasons for termination (1) had no basis in fact, (2) did not actually motivate the discharge, or (3) were insufficient to motivate the discharge. More Like This Headnote

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
Evidence > Procedural Considerations
HN10 Decisions concerning the admission and exclusion of evidence are reviewed for abuse of discretion. More Like This Headnote

Civil Procedure > Summary Judgment > Supporting Papers & Affidavits
Evidence > Procedural Considerations > Inferences & Presumptions
HN11 An **affidavit** supporting a motion for summary judgment must (1) be made on **personal knowledge,** (2) set forth facts as would be admissible at trial, and (3) show that the affiant is competent to testify concerning the matters contained in the **affidavit.** Fed. R. Civ. P. 56(e). If the requirements of Fed. R. Civ. P. 56(e) are not satisfied, the **affidavit** must be disregarded. More Like This Headnote

Civil Procedure > Summary Judgment
HN12 Fed. R. Civ. P. 56(a) does not grant a party the right to file a motion for summary judgment without regard to the court's scheduling orders. More Like This Headnote

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
HN13 The appellate court reviews decisions based upon noncompliance with a local rule for abuse of discretion. More Like This Headnote

**COUNSEL:** For FRANK M. STIPKALA, Plaintiff - Appellant: James F. Sexton, Cleveland, OH.

For AMERICAN RED CROSS, Defendant - Appellee: Margaret M. Koesel, Porter, Wright, Morris & Arthur, Cleveland, OH.

**JUDGES:** BEFORE: GUY, NORRIS, and BATCHELDER, Circuit Judges.

**OPINION: PER CURIAM.** Plaintiff, Frank M. Stipkala, appeals from the entry of summary judgment in favor of his former employer, the American Red Cross, Greater Cleveland Chapter (Chapter), with respect to his claim of discrimination brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. n1 Plaintiff was 62 years old at the time that his position was eliminated in what defendant claimed was a reorganization undertaken in response **[*2]** to a serious budget crisis. Plaintiff argues that the district court erred in granting summary judgment to the Chapter with respect to his ADEA claim because (1) age was a determining factor in the decision to eliminate his position, (2) the budget crisis was used as a pretext for discrimination, and (3) plaintiff's eligibility for early retirement was used to force him to retire to make room for a substantially younger person. Plaintiff also contends that the district court erred by striking his affidavit and by finding that his cross-motion for summary judgment was not filed timely. Other errors were asserted in plaintiff's statement of issues, but were not fully developed in his brief. After review of the record and the arguments presented on appeal, we affirm.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Although plaintiff asserted a claim of age discrimination under Ohio law, it was dismissed because plaintiff had elected an administrative remedy with the Ohio Civil Rights Commission. Also, the district court granted summary judgment to defendant with respect to plaintiff's claim for breach of contract or promissory estoppel based upon alleged representations of continued employment. No issues are raised on appeal with respect to either of these claims.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*3]**

I.

Plaintiff, born May 26, 1931, began working as a public relations specialist for the Red Cross, Cleveland Chapter, in 1957. After completing a journalism degree, plaintiff was made public relations director in 1962. Plaintiff continued as public relations director until 1987, except for an extended **medical** leave following a fall in 1984. As public relations director, he reported directly to the Chapter Manager and CEO.

Steve Bullock, born July 20, 1936, began his Red Cross career in 1962 and was the Chapter Manager and CEO in Cleveland from 1982 through plaintiff's retirement. In 1987, Bullock hired a new public relations director, Jim Hartley, to supervise the department, take on marketing responsibilities, and bring the Chapter into the computer age. Plaintiff reported to Hartley and became a public affairs manager, but continued to receive the same salary and benefits. In January 1991, Jennifer Bloomfield (now Baker), born July 20, 1965, became public relations director with responsibility for the newly combined public relations departments of the Blood Services and the Chapter.

Defendant began to **experience** serious budgetary problems in 1991. The Chapter lost $ 475,676 **[*4]** in funding from the United Way between 1990 and 1994, with the largest drop occurring between 1992 and 1993. Compounding this loss of income, the National Red Cross underwent a reorganization in 1992 that split the Red Cross Blood Services and Red Cross Chapters into separate corporate entities. This caused a loss of funding to the five Red Cross Chapter branch offices in the Cleveland area and increased the expenses borne by the Chapter. The Chapter closed three branches and reduced staff at the remaining branches. Other steps were taken to reduce expenses, eliminate some large purchases, and increase revenue from gifts.

In 1992, the Chapter chose not to fill several vacant or budgeted positions and began to

reduce its work force. Over the course of a year and a half, ten positions were eliminated. The public relations department escaped staff reductions until 1993, when a critical look at the department revealed that it was "top-heavy" with three individuals receiving director level salaries:

> Director Public Relations, Jennifer Bloomfield, $ 40,424;
> Associate Director, Nancy Carlucci-Smith, $ 42,170.63;
> Manager, Public Affairs, Frank Stipkala, $ 37,939;
> Graphics, Carla **[*5]** Misner, $ 27,562;
> Secretary, Gloria Hricko, $ 20,739.

One option that Bullock considered would have allowed plaintiff to collect early retirement benefits and continue working part-time for the Chapter. This option, however, required an exemption from the retirement system, which was not granted.

On June 30, 1993, plaintiff (age 62) and Nancy Smith (age 38) were each informed that their position was being eliminated because of severe budgetary constraints. Unlike Smith, plaintiff had worked for the Chapter for 35 years and was eligible for early retirement. Plaintiff, given the choice between layoff and early retirement, chose the latter and remained on the job until August 13, 1993. Having eliminated two upper-level positions, the Chapter created an entry-level, public relations specialist position. Although posted in July 1993, plaintiff was unaware of the position and did not apply for it. Meg Cochran, who was 25 years old at the time, applied for and was offered the Chapter public relations specialist position at a salary of $ 26,000.

Plaintiff commenced this action in federal court in July 1997, after filing a charge of discrimination with the EEOC. The district court **[*6]** found that the administrative charge barred plaintiff's state law age discrimination claim and dismissed it. Defendant filed a motion for summary judgment, which was followed by plaintiff's cross-motion for summary judgment. Plaintiff submitted his own affidavit, which purports to "summarize the pertinent facts" from the depositions of other witnesses and set out the inferences to be drawn from those facts. The district court granted defendant's motion to strike the affidavit, denied plaintiff's cross-motion for summary judgment, and entered summary judgment in favor of defendant for the reasons set forth in its written opinion and order of December 18, 1998. This timely appeal followed.

II.

A. Summary Judgment

HN1 We review the district court's decision to grant summary judgment *de novo*. See, e.g., Smith v. Ameritech, 129 F.3d 857, 863 (6th Cir. 1997). HN2 In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). The court is not "to weigh **[*7]** the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

HN3 In the absence of direct evidence, a plaintiff may establish a *prima facie* case of age discrimination based upon circumstantial evidence under the burden-shifting framework adopted in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). Once a *prima facie* showing is made, the burden of production shifts to the

defendant to articulate a legitimate, nondiscriminatory reason for its action. Then the burden returns to the plaintiff to show that the proffered reason was not the true reason, but was pretext for discrimination. The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that age was a determining factor in the employer's decision.

### 1. *Prima Facie* Case

HN4 To make a *prima facie* case of age discrimination, plaintiff must show that (1) he was a member of the protected class of those age 40 and older, (2) he was subjected to an adverse employment action, (3) **[\*8]** he was **qualified** for the position, and (4) he was replaced by a substantially younger person. See *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 134 L. Ed. 2d 433, 116 S. Ct. 1307 (1996). There is no dispute that plaintiff was 62 years old at the time his position was eliminated and that he continued to be **qualified** for the position of public affairs manager. Defendant also cannot deny that plaintiff was constructively discharged when his position was eliminated, even though he was offered the alternative of taking early retirement. Nonetheless, the district court found plaintiff had not satisfied the fourth prong of the *prima facie* case.

Plaintiff contends that he was forced to take early retirement to make room for Cochran a substantially younger employee, within the Chapter's public relations department. In *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990), we explained that:

> HN5
>
> An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge. However, a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other **[\*9]** duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties.

See also *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 372-73 (6th Cir. 1999). The district court specifically found that (1) defendant eliminated a number of positions as part of an overall response to a serious budget crisis, and (2) plaintiff was not replaced by Cochran. While Cochran assumed some of plaintiff's former duties, there is no dispute that Cochran did not take on all of his duties. In fact, Cochran spent 60 to 65 percent of her time working in the newly created public relations specialist position servicing two large accounts that had previously been Smith's responsibility. Cochran spent at most 15 percent of her time on duties that had been plaintiff's responsibility.

HN6 When a plaintiff's position is eliminated due to a reduction in force (RIF), the fourth prong is met by presenting "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible **[\*10]** reasons." *Barnes*, 896 F.2d at 1465. While the ADEA bars discrimination based upon age, it does not create an affirmative duty to retain older workers whenever a reduction in staff becomes necessary. See *Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 517 (6th Cir. 1991). Nor was the ADEA intended to protect older workers from the often harsh economic realties of common business decisions and corporate reorganizations. See *Allen v. Diebold, Inc.*, 33 F.3d 674 (6th Cir. 1994). We find the district court did not err in concluding that plaintiff did not establish a *prima facie* case of age discrimination. We turn to the circumstantial evidence plaintiff relies upon to support his contention that he was forced out because of age.

Faced with a continuing budget deficit in early 1993, one of the options Bullock considered

was for plaintiff to collect early retirement benefits while continuing to work for the Chapter on a part-time basis. In a letter dated March 1, 1993, Bullock, who was 57 years old at the time, asked that the retirement system grant an exemption to allow this arrangement and emphasized plaintiff's contributions to **[*11]** the Red Cross and his strong ties to its volunteers. Plaintiff points to the following statement in the letter as evidence of age bias: "Unfortunately over the past few years, the technological advancement of Public Relations and public image the Greater Cleveland Chapter now possesses, have outgrown Frank's capabilities." Plaintiff equates this statement with the opinion that he was "too old to learn." This remark, however, is age neutral and does not suggest bias based upon age. *Cf. Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 350 (6th Cir. 1998). The statement also reflects the undisputed fact that plaintiff had not learned to use a computer, except to enter time records, despite being asked to do so in several performance evaluations.

Plaintiff makes much of the fact that Cochran, age 25, was selected for the new entry-level position reporting to her friend, 28-year-old Bloomfield. Cochran started working for the Red Cross in May 1991 as an unpaid volunteer. She became a paid temporary public relations employee in May 1992. Then, in the fall of 1992, Cochran was temporarily assigned to work as a public relations specialist for Blood Services during **[*12]** the maternity leave of another employee. After the maternity leave ended, Blood Services continued to employ Cochran in public relations. n2

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 While Cochran and other Blood Services employees were transferred to the Chapter payroll in January 1993 for the convenience of human resources, the Chapter was reimbursed for their salaries.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In May 1993, when another public relations specialist for Blood Services left the Red Cross, Cochran was appointed to the position on a transitional basis until the position could be posted and filled. In making this temporary appointment, Bloomfield noted that Cochran was "a strong candidate for this position." Although the Blood Services position was posted in June 1993, the new executive director of Blood Services did not interview anyone or fill the position. After plaintiff and Smith learned that their positions were being eliminated, the Chapter posted its newly created public relations specialist position on July 6, 1993. Plaintiff did not apply. Cochran was selected for the **[*13]** new job and transferred from Blood Services to the Chapter position on August 30, 1993.

We find the fact that Cochran held more than one temporary public relations specialist position and applied for more than one permanent public relations specialist position, does not tend to show that plaintiff's position was eliminated because of his age. Nor was defendant obligated to transfer plaintiff to the newly created position. *See Ercegovich,* 154 F.3d at 353. This case is not like *Ercegovich,* in which a *prima facie* case was established when the employer transferred younger displaced workers to other positions, but denied the same opportunity to older displaced workers. n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 Plaintiff also relies upon language from *Miller v. CIGNA Corp.*, 47 F.3d 586, 590 (3rd Cir. 1995) (en banc), to suggest that defendant's failure to inform him of the new position was evidence of age discrimination. In *Miller*, however, the employer had a practice of not posting any positions above a certain grade and instead used an informal process by which

candidates were contacted directly to fill available positions above a certain grade level. As a result, the fact that the employer did not advise or contact plaintiff concerning available positions was significant.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*14]**

Finally, the district court properly rejected the argument that age discrimination could be inferred from the existence of defendant's voluntary early retirement plan. See Wilson, 932 F.2d at 515. *HN7* If an employer uses a mandatory retirement policy to force an employee to retire, the policy violates the ADEA unless the employer can establish that age is a *bona fide* occupational **qualification.** See EEOC v. Johnson & Higgins, Inc., 91 F.3d 1529 (2d Cir. 1997); EEOC v. Kentucky State Police Dep't, 860 F.2d 665 (6th Cir. 1988). To prove age discrimination based upon a retirement plan, plaintiff must show that the plan was in reality "used as a subterfuge for age discrimination." Public Employees Retirement Sys. v. Betts, 492 U.S. 158, 180, 106 L. Ed. 2d 134, 109 S. Ct. 2854 (1989). Plaintiff has not made this showing. n4

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 Nonetheless, we have recognized that *HN8* an employee who is offered early retirement under a voluntary retirement program in lieu of termination may pursue an age discrimination claim under a theory of constructive discharge. See Scott v. Goodyear Tire & Rubber Co., 160 F.3d 1121, 1127 (6th Cir. 1998).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*15]**

## 2. Defendant's Reasons and Pretext

Assuming *arguendo* that plaintiff had established a *prima facie* case of age discrimination, defendant produced evidence demonstrating that the decision was based upon economic constraints and arose in the context of a reorganization and RIF. The burden then shifts back to plaintiff to establish, by a preponderance of the evidence, that defendant's reasons were pretext for age discrimination. *HN9* Plaintiff can establish pretext by showing that the proffered reasons (1) had no basis in fact, (2) did not actually motivate the discharge, or (3) were insufficient to motivate the discharge. See Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1083 (6th Cir. 1994).

To show pretext, plaintiff argues first that it cost more to keep Cochran on the payroll than was saved by eliminating his position. Plaintiff also claims that although Smith's employment should have been terminated earlier, her downsizing was delayed to coincide with his to camouflage age discrimination. After calculating an estimate of the pay Cochran received as a temporary intern in 1992 and as a temporary public relations specialist in 1993, plaintiff contends **[*16]** that this amount more than offset the difference between his salary and Cochran's new salary. This argument ignores the elimination of Smith's position from the budget and overlooks the fact that Blood Services was reimbursing the Chapter for Cochran's salary between January and August of 1993. Further, the public relations department escaped the work force reductions until 1993. When the department's budget finally came under scrutiny, there were three individuals receiving director level salaries.

Plaintiff also contends that written criticisms of Smith's work performance in another position during 1986 and 1988 establishes that she should no longer have been employed by 1993. Shortly after concerns were raised about Smith's performance in 1988, she was transferred

from Blood Services to the Chapter's public relations department where she received the highest overall ratings possible in her next three performance reviews. Plaintiff's speculation that the budget deficit in 1993 could have been avoided if staff reductions had been made earlier, does not in any way suggest that the deficit was a pretext for age discrimination in the 1993 reorganization. We find the evidence taken in **[*17]** the light most favorable to plaintiff could not lead a rational trier of fact to conclude that age was a determining factor in the elimination of plaintiff's position.

### B. Plaintiff's Affidavit and Cross-Motion

We reject plaintiff's contention that the district court erred by striking his **affidavit** offered in support of his cross-motion for summary judgment. *HN10* Decisions concerning the admission and exclusion of evidence are reviewed for abuse of discretion. *See Finch v. Monumental Life Ins. Co., 820 F.2d 1426, 1431-32 (6th Cir. 1987).* *HN11* An **affidavit** supporting a motion for summary judgment must (1) be made on **personal knowledge,** (2) set forth facts as would be admissible at trial, and (3) show that the affiant is competent to testify concerning the matters contained in the **affidavit.** *See* FED. R. CIV. P. 56(e). If the requirements of Rule 56(e) are not satisfied, the **affidavit** must be disregarded. *See Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir. 1993).*

It is immediately apparent from an examination of the **affidavit,** which was signed by plaintiff himself, that the "facts" and "inferences" to which plaintiff attests are not based upon plaintiff's **[*18] personal knowledge.** Even plaintiff acknowledges that the facts are based upon information he gathered from the depositions of others and documents obtained through discovery. Further, the inferences that plaintiff urges should be drawn from those facts are not themselves admissible evidence. We find no abuse of discretion.

Next, disputing the district court's finding that the cross-motion was not timely filed, plaintiff argues that he had the right under Fed. R. Civ. P. 56(a) to file a cross-motion for summary judgment "after service of a motion for summary judgment by the adverse party." The district court granted an extension of the motion deadline during a settlement conference and specifically directed that "dispositive motions are now due August 31, 1998." Although defendant's motion was filed on that date, plaintiff's cross-motion for summary judgment was not filed until September 24, 1998. The local rules provide that a motion filed beyond the motion deadline set by the court may be denied solely for that reason. Contrary to plaintiff's claim, *HN12* Rule 56(a) does not grant a party the right to file a motion for summary judgment without regard to the court's scheduling orders. *HN13* We **[*19]** review decisions based upon noncompliance with a local rule for abuse of discretion. *See Stough v. Mayville Community Schs., 138 F.3d 612, 614 (6th Cir. 1998).* Not only was there no abuse of discretion in finding plaintiff's motion was untimely, but any error would be harmless since the district court also considered and denied plaintiff's motion on the merits.

**AFFIRMED.**

Source: Legal > Cases - U.S. > All Courts - By Circuit > 6th Circuit - Federal & State Cases, Combined
Terms: affidavit w/sent "personal knowledge" and qualifi! and (background or experie! or train! or first-hand) (Edit Search)
Focus: affidavit w/sent "personal knowledge" and qualifi! and medical and (background or experie! or train! or first-hand) (Exit FOCUS™)
View: Full
Date/Time: Friday, April 23, 2004 - 3:25 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment