1997 U.S. App. LEXIS 15461, *

WILLIAM A. GREENE, Plaintiff-Appellant, v. CHARLES DISTELHORST, Individually and in his capacity as Columbus Police Officer; TIM HOUSTON, Individually and in his capacity as Columbus Police Officer; ROBERT SLANE, Individually and in his capacity as Columbus Police Officer; and JOHN DOE I, II, III, IV, and V, c/o Columbus Division of Police. Defendants-Appellees.

Case No. 96-3044

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1997 U.S. App. LEXIS 15461

June 23, 1997, FILED

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 116 F.2d 1480, 1997 U.S. App. LEXIS 21782.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO. 94-00994. Beckwith. 12-5-95.

**DISPOSITION:** AFFIRMED.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** For WILLIAM GREENE, Plaintiff - Appellant: Paula J. Trout, Cooke Legal Services, Columbus, OH. Reginald A. Cooke, Columbus, OH.

For CITY OF COLUMBUS, Defendant - Appellee: Glenn B. Redick, Nancy Lynn Weidman, Columbus City Attorney's Office, Civil Division, Columbus, OH. For CHARLES DISTEHORST, individually and in his capacity as a Columbus Police Officer, Defendant - Appellee: Glenn B. Redick, (See above), Nancy Lynn Weidman, (See above). For TIM HOUSTON, individually and in his capacity as a Columbus Police Officer, Defendant - Appellee: Glenn B. Redick, (See above), Nancy Lynn Weidman, (See above). For ROBERT SLANE, Defendant - Appellee: Glenn B. Redick, (See above), Nancy Lynn Weidman, (See above).

**JUDGES:** BEFORE: BROWN, BOGGS, [*2] and BATCHELDER, Circuit Judges.

**OPINION:**

PER CURIAM. Plaintiff William A. Greene brought this action against the City of Columbus and various police officers, alleging a claim under 42 U.S.C. § 1983 for use of excessive force during his arrest, as well as claims under Ohio tort law for assault and battery, and intentional infliction of emotional distress. Summary judgment was granted to the City on all counts and Greene stipulated to the dismissal of his claims against Officer Lawrence T. Brown. The district court also granted summary judgment on the assault and battery claim on the ground that it was time-barred. The remaining claims proceeded to trial, and the jury returned a verdict for the

defendants, finding no intentional infliction of emotional distress and no use of excessive force by the police officers. On appeal, the plaintiff contends: (1) that the pretrial evidentiary rulings prejudiced his claim of excessive force; and (2) that his state tort claim of assault and battery is not time-barred. For the following reasons, we AFFIRM.

## I. BACKGROUND

This case arises from an arrest which occurred in the City of Columbus, Ohio, on July 16, 1993, involving Greene and [*3] Columbus police officers Charles Distelhorst, Tim Houston, and Robert Slane. On July 16, at approximately 11:40 p.m., Officer Distelhorst observed Greene loitering along a public street, engaging in what the officer believed was the aiding of a drug offense. Officer Distelhorst approached Greene in an attempt to question and/or arrest him on the above-stated offense. Upon seeing the officer approach, Greene fled the scene and hid on the porch of a vacant house. Once discovered, Greene was handcuffed and arrested. A quantity of marijuana was found on his person.

The facts surrounding the arrest are disputed. The officers claim that Greene resisted their attempts to handcuff him; that Officer Houston and Officer Slane assisted Distelhorst with Greene's arrest; and that only the appropriate amount of force needed to effect Greene's arrest was used. On the other hand, Greene claims that there were other officers responding to this incident and coming to the aid of Officers Distelhorst, Houston, and Slane and that all the officers used excessive force to arrest him. n1

> n1 Greene also named Officer Lawrence T. Brown and other unnamed "John Does" as defendants involved during his arrest.

[*4]

Following his arrest, Greene was charged with failure to use a crosswalk, drug abuse, resisting arrest, loitering in the aid of a drug offense, and assault. Greene had a state jury trial on the criminal charges in January 1994, and was acquitted of the charges of loitering in the aid of a drug offense and assault. However, he was convicted for resisting arrest and drug abuse.

Over a year after his arrest, on July 29, 1994, Greene filed this complaint against the City of Columbus, the named officers and the other unnamed "John Does," alleging that his July 16, 1993, arrest was unlawful, and that in effecting that arrest the officers assaulted him and inflicted emotional distress upon him. He also asserted that the City was liable for constitutional violations committed by the officers, because it permitted a pattern and practice of the use of excessive force and failed to instruct, supervise, control, and discipline the officers. Greene sought $ 2,500,000 in compensatory damages and $ 2,500,000 in punitive damages.

The district court granted defendants summary judgment with respect to Greene's claim of assault and battery, concluding that the statute of limitation had elapsed prior [*5] to filing of the complaint. Greene's emotional distress and § 1983 claims proceeded to trial. Prior to the commencement of trial, Greene filed three separate motions in limine. The first two motions sought to exclude any evidence relative to his convictions on the charges of drug abuse and resisting arrest that resulted from his July 16, 1993, arrest. Greene's third motion in limine sought to exclude a 1990 felony conviction for aggravated drug-trafficking. The district court denied all three motions in limine and the case proceeded to trial. The jury returned a verdict in favor of the defendants on both the emotional distress and the 42 U.S.C. § 1983 claims. Greene timely appealed to this court.

Before us on appeal are Greene's challenges to the denials of his motions in limine concerning his convictions for drug abuse and resisting arrest, and the circumstances underlying those convictions. n2 The plaintiff also appeals the district court's grant of summary judgment in favor of the defendants on the state law assault and battery claim.

1997 U.S. App. LEXIS 15461, *

> n2 Greene initially appealed the district court's denials of all three of his motions in limine. However, on February 2, 1997, this court granted Greene's motion to withdraw his Assignment of Error regarding the district court's decision to admit evidence concerning Greene's prior felony conviction for aggravated trafficking.

[*6]

## II. DISCUSSION

### A. Evidentiary Rulings

Greene first claims that the district court erred in denying his motions in limine and admitting evidence relating to the misdemeanor convictions for drug abuse and resisting arrest, arising out of his July 16, 1993, arrest. Greene contends that Rule 609 of the Federal Rules of Evidence prohibits the introduction of these misdemeanors for impeachment purposes and that the admission of evidence of his prior convictions is barred by Rule 404(b). We conclude that the evidence was not admitted for impeachment purposes, but rather to place the events surrounding Greene's arrest in the proper context and to show motive for his conduct.

Plaintiff's reliance on Rule 609 is clearly misplaced. The record demonstrates that the evidence of Greene's conduct leading to and during his arrest, and the resulting convictions, was not admitted in order to impeach him. In this regard, the district court stated:

> Well, [defense counsel], my understanding of the purpose that the City wants to introduce evidence about these misdemeanors on July the 16th, 1993, is not for the purpose of impeaching Mr. Greene, but rather for showing the full circumstances [*7] under which he was arrested. And I would permit them to inquire on that basis because that's part of what happened here, the full situation and events.
>
> I would not permit them to inquire as to any other misdemeanor convictions of any kind at any time prior to or subsequent to the events on July the 16th, 1993.

Indeed, the court permitted the evidence to be mentioned during the defendants' opening statements. Hence, we need to determine whether the district court properly permitted the evidence pursuant to Rule 404(b) or any other rule.

The evidence which Greene sought to exclude in his first two motions in limine is not, strictly speaking, evidence of "other crimes," and does not fit neatly into a Rule 404(b) analysis. The arrest that Greene was convicted of resisting is the very arrest that Greene here contends was unlawful and accomplished by means of the use of excessive force. Whether an arrest involved the excessive use of force is determined by applying the standard of objective reasonableness to the specific conduct of the arresting officers in the context of the facts and circumstances actually present in the particular case. *Graham v. Connor*, 490 U.S. 386, 388, [*8] 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989). The drug abuse conviction was based on the drugs that Greene had on his person when he was arrested. Thus, this criminal activity was part and parcel of the arrest of which Greene now complains, not "other crimes" unrelated in time and place. Evidence of this activity, except for the fact of conviction, hardly could have been excluded without denying these defendants the right to present their defense. The rationale underlying Rule 404(b), however, is useful in determining whether the defendants sought to introduce the evidence of Greene's convictions and the circumstances underlying them for this legitimate reason or for the impermissible purpose of proving Greene's character.

Under Rule 404(b), evidence of other crimes is "not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

accident. . . ." FED. R. EVID. 404(b). We review de novo whether the district court correctly determined that the evidence was admissible for a legitimate purpose. [*9] United States v. Comer, 93 F.3d 1271, 1277 (6th Cir.), cert. denied, 136 L. Ed. 2d 523, 117 S. Ct. 595 (1996). If we conclude that a legitimate purpose exists, we then review a trial court's decision on the issue of admissibility of the evidence for an abuse of discretion, Laney v. Celotex Corp., 901 F.2d 1319, 1320 (6th Cir. 1990), and consider whether the decision is inconsistent with substantial justice. Doe v. Sullivan County, Tenn., 956 F.2d 545, 559 (6th Cir. 1992). Specifically, we must review for abuse of discretion the district court's determination that the evidence admitted is more probative than prejudicial under Rule 403 of the Federal Rules of Evidence. Comer, 93 F.3d at 1277. In so doing, we must view the evidence in the light most favorable to the proponent, giving the "evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 587 (6th Cir. 1994) (citation omitted).

We find that evidence of Greene's conduct leading to his arrest on July 16, 1993, and the convictions stemming from that arrest were admissible to provide the jury with a full account of the [*10] events giving rise to Greene's present claims and to demonstrate Greene's motive to run, hide, and resist arrest. See, e.g., Hernandez v. Cepeda, 860 F.2d 260, 265 (7th Cir. 1988) (holding that evidence of charges on which arrestee was being arrested at time of alleged civil rights violations was admissible to demonstrate motive to resist arrest). The drug abuse conviction was based on the marijuana found in Greene's possession at the time of the arrest and was admissible for the purpose of demonstrating Greene's motive to flee and resist arrest and the officers' motive to maintain pursuit. The conviction for resisting arrest was admissible for two reasons: first, the circumstances surrounding that arrest were critical to the determination of whether the officers used excessive force in arresting Greene; and second, because Greene was found guilty of resisting arrest, he was precluded from relitigating that issue in this action.

Having reviewed the record, we further conclude that the district court did not abuse its discretion in rejecting Greene's argument that this evidence was more prejudicial than probative. Because the evidence was necessary to provide the jury with a full [*11] account of the events surrounding Greene's claims against the City and the police officers, it was admissible for that legitimate purpose, and the district court did not abuse its discretion in admitting it for that limited purpose.

### B. State Tort Claim as Time-Barred

The plaintiff also claims that the district court erred in granting summary judgment to the defendants on the state tort claim of assault and battery because it was barred by Ohio's one-year statute of limitations. Greene alleges that the police officers assaulted him on July 16, 1993, while arresting him. He contends that the statute of limitations did not expire on July 16, 1994, but rather on July 29, 1994 -- one year after he discovered for certain the identity of the officers who allegedly assaulted him on July 16, 1993. He also argues that he was incarcerated during his arraignment and in no position to investigate all the persons who assaulted him. We reject plaintiff's assertions.

We review the grant of summary judgment de novo under the same standard applied by the district court. Terry Barr Sales Agency, Inc. v. All-Lock Co., 96 F.3d 174, 178 (6th Cir. 1996). Summary judgment is appropriate "if [*12] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Because this is a state-law tort claim brought pursuant to the pendent jurisdiction of the federal court, Ohio state law governs the appropriate statute of limitations to be applied. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966); A.I. Trade Finance, Inc. v. Petra

1997 U.S. App. LEXIS 15461, *

*Int'l*, 314 U.S. App. D.C. 122, 62 F.3d 1454, 1463 (D.C. Cir. 1995); *Bouton v. BMW of North America, Inc.*, 29 F.3d 103, 110 (3d Cir. 1994). Under Ohio law, "an action for assault or battery shall be brought within one year after the cause of action accrues." OHIO REV. CODE ANN. § 2305.111 (Anderson 1995). Section 2305.111 also provides in part:

> For purposes of this section, a cause of action for assault or battery accrues upon the later of the following:
>
> (A) The date on which the alleged assault or battery occurred;
>
> (B) If the plaintiff did not know the identity of the [*13] person who allegedly committed the assault or battery on the date on which it allegedly occurred, the earlier of the following dates:
>
>> (1) The date on which the plaintiff learns the identity of that person;
>> (2) The date on which, by the exercise of reasonable diligence, he should have learned the identity of that person.

*Id.*

The plaintiff claims that he learned "with certainty" Officer Distelhorst's identity on July 29, 1993, the date on which he filed, by telephone, a citizen's complaint with the City of Columbus Police Division. That complaint alleged that Officer Distelhorst and five to seven unknown police officers utilized excessive force in his arrest. However, the record indicates that the plaintiff, through the exercise of reasonable diligence, should have known the identity of Officer Distelhorst on July 17, 1993. It is undisputed that on July 17, 1993, the plaintiff received both a copy of a citation with Officer Distelhorst's name and badge number and a copy of the complaint/charges against him listing Officer Distelhorst's name. Moreover, plaintiff's arrest information report, Form U-10-100, was completed on July 17, 1993, and contained the names [*14] of Officers Distelhorst, Houston, and Slane, the reason for the arrest, and the charges. This report was available to the plaintiff on July 17, 1993, as well as on July 19, 1993, at his arraignment. Thus, Greene should have discovered not only Officer Distelhorst's identity on July 17, 1993, but also that of Officers Houston and Slane. Therefore, the plaintiff should have filed his assault and battery claim by July 17, 1994, and the fact that he was incarcerated for a brief period does not toll the statute of limitations. *See* OHIO REV. CODE ANN. § 2305.16 (Anderson 1995) (effective January 13, 1991, incarceration no longer serves as a basis for tolling in the State of Ohio). Accordingly, we hold that the district court did not err by finding that the assault and battery claim was time-barred, and by granting summary judgment to the defendants on that claim.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.