UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE ESTATE OF ROGER D. OWENSBY, JR., et al., | : | CASE NO. C-1-01-769 |
| | : | Judge Spiegel |
| Plaintiff | : | |
| -vs- | : | |
| CITY OF CINCINNATI, et al., | : | **DEFENDANT CITY OF CINCINNATI & CHIEF THOMAS STREICHER, JR.'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF JOHN F. BURKE, JR., Ph.D (Doc. #117)** |
| Defendants. | : | |

Plaintiff's assertion that exclusion of evidence prior to trial is inappropriate contradicts the preference of the Sixth Circuit. Pre-trial decisions on motions in *limine* are favored by the Sixth Circuit, "as a last-minute decision made during trial can be disruptive to a party's strategy. . ." *Bowman v. Corrections Corp. 0f America*, 350 F.3d 537, 547 (6th Cir. 2003). Therefore, the City's Motion in *Limine* is appropriately before the Court and a decision pre-trial will prevent disruption to the parties' strategy. See *Id.*[1]

1. <u>Hedonic Damages Are Not Recoverable Under 42 U.S.C. §1983.</u>

Plaintiff cites to Sixth Circuit Rule 28(g) to persuade the Court that *Tinch* has no precedential value and is not binding. In order to suit its own purposes, Plaintiff fails to cite the entire rule.

> Citation of unpublished decisions in briefs and oral arguments in this Court and in the district courts within this Circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case. If a party believes, **nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case, and that there is no published opinion that would serve as well, such decision may be cited if that party serves a copy thereof on all other parties in the case and on this Court.** Such service shall be accomplished by including a copy of the decision in an addendum to the brief.

FRAP. 28(g) (emphasis added). There is no other published opinion in the Sixth Circuit, as Plaintiff admits, which directly addresses the issue of hedonic damages in a §1983 suit. Plaintiff attempts to steer the court to cases outside the Sixth Circuit to force acceptance of hedonic damages where the Sixth Circuit has already provided a complete and well-founded analysis of the issue.

*Tinch,* being grounded in detailed analysis and supported by Ohio case law, Ohio statute and federal case law, has precedential value in relation to the material issue of hedonic damages. Citing *Tinch* for the proposition that hedonic damages are not allowed under §1983, the district court for the Western District of Tennessee noted that "although citation to unpublished Sixth Circuit precedent is disfavored, [*Tinch*] is referred to because it established the law governing the present action and there is no published opinion that would serve as well." *Alexander v. Beale Street Blues Co., Inc.*, 108 F.Supp.2d 934 (W.D. Tenn. 1999). Regardless of Plaintiff's baseless attack upon the Sixth Circuit's decision in *Tinch*, the Sixth

2

Circuit found it to be reversible error to allow loss of enjoyment of life damages in a §1983 suit.

*Tinch* relied on *Jones v. Wittenberg University*, 534 F.2d 1203 (6th Cir. 1976) and *Jaco v. Bloechle,* 739 F.2d 239 (6th Cir. 1984), two previous Sixth Circuit decisions, which provide a complete analysis of the **actions** available under Ohio law where the decedent's death is alleged to have been caused by a violation of his civil rights.  Wrongful death actions are designed to recompense a decedent's beneficiaries for any pecuniary injury they have suffered by virtue of his untimely death.  *Jones* at 1208, 1213 citing O.R.C. 2125.02.  Specifically, *Jones* explained, the wrongful death statute allows beneficiaries to recover for benefits which they might have reasonably expected to derive in the future had it not been for the decedent's premature death. *Id.* at 1213.  Survival actions, however, are not concerned with the wrong to the beneficiaries, but with the wrong to the injured (deceased) person.  *Id.*  "The survival statute provides that any cause of action which a person would have for personal injury **during his lifetime** survives his death and may be brought on behalf of his estate." *Id.* (Emphasis added).  Both in *Jones* and *Tinch,* damages were allowed which were appreciated by the deceased, prior to death, for pain and suffering.  Although not raised in *Jones*, damages for loss of enjoyment of life were not allowed in *Tinch* because, having died almost instantly, such a loss could never have been appreciated by the deceased.

Plaintiff misunderstands *Jaco* as being at odds with *Tinch*. The only issue addressed by *Jaco*, however, was standing; that is, whether a mother (plaintiff) had standing to bring suit under §1983 on behalf of her deceased son. The lower court had ruled that the decedent's civil rights cause of action did not survive his death and dismissed the mother's suit. The Sixth Circuit simply ruled that it did, in fact, survive his death and declared that the mother then, had standing to bring the suit as a survivor action. *Jaco* did not address the issue of damages or hedonic damages. The numerous cases citing *Jaco* have cited it for its limited purpose of allowing §1983 claims to be brought in the name of the decedent's personal representative. See e.g., *Shepherd v. Wellman,* 313 F.3d 963, 971 (6th Cir. 2002); *May v. The County of Trubull, Ohio*, 1997 U.S. App. LEXIS 29108, *11 (attached). *Tinch* cites *Jaco* for that same purpose: "Plaintiff's §1983 action on behalf of decedent is properly classified as a tort claim for personal injury which is preserved by Ohio's survival of actions statute."[1] *Tinch* at *7, citing *Jaco* at 242-43.

---

[1] There is no survivorship claim in the case at bar.

*Tinch*, however, goes beyond the question of who has standing and rules that although the personal representative has the necessary standing to bring suit, the personal representative cannot recover damages for loss of enjoyment of life. *Id.*, citing *Flory v. New York Central Rd. Co.,* 170 Ohio St. 185, 189, 163 N.E. 2d at 905; *Jones,* 534 F.2d at 1213. The Sixth Circuit set forth its analysis pursuant to §1988, which requires the court to determine if a state law allowing for an award of damages for pain and suffering, but not for a decedent's loss of enjoyment of life in a survival action under §1983 was consistent with the Constitution and laws of the United States. *Id.* at 10. The court acknowledged the underlying policies of §1983 as being compensation for the victim and deterrence from further violations on behalf of the state actor. The court further abided by Supreme Court case law in accepting that "the deterrence policy of §1983 operates through the mechanism of compensation of the actual damages suffered by the victim." *Id.,* citing *Carey v. Piphus*, 435 U.S. 247, 256-57, 98 S.Ct. 1042 (1978); *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307, 106 S.Ct. 2537, 2543 (1986) ("deterrence is also an important purpose of this system, but it operates through the mechanism of damages that are *compensatory*") (emphasis in original). *Tinch* merely followed the rule set forth by the Supreme Court.

> As the Supreme Court noted in *Carey,* 'to the extent that Congress intended that awards under § 1983 should deter the deprivation of constitutional rights, there is no evidence that it meant to establish a deterrent

5

>    more formidable than that inherent in the award of
>    compensatory damages.' 435 U.S. at 256-57.

*Id.* at *10, citing *Carey* at 256-57. Resultantly, the Sixth Circuit in *Tinch* ruled that the plaintiff could recover for the actual damages the decedent suffered, but not for the loss of the decedent's enjoyment of life. *Id.* at *9-10, see also *Flory*, supra at 189; *Jones*, supra at 1213.

*Tinch* is the only case law in the Sixth Circuit which squarely addresses the issue of loss of enjoyment of life damages in §1983 cases. Plaintiff cites to no other. Although Plaintiff is forced to acknowledge that the *Tinch* court performed the necessary §1988 analysis as to whether a state law disallowing loss of enjoyment of life damages in a survival action under §1983, was consistent with the Constitution and laws of the U.S., Plaintiff wants the Court to reject out right the result of the Sixth Circuit's analysis. Plaintiff simply abhors the idea that one avenue of damages is closed to it by Ohio law, even though the Sixth Circuit found the disallowance to be consistent with the Constitution and laws of the U.S.

Plaintiff's effort to dismiss *Tinch's* citations to Supreme Court case law (*Carey, supra* and *Memphis Community School Dist,* stating that deterrence is also an important purpose of this system, but it operates through the mechanism of damages that are *compensatory)* is ludicrous when considering the illogical outcome of ignoring that case law. Plaintiff attempts to discount *Carey* and *Memphis Community School Dist.* because the injured parties in those

6

cases did not die. If Plaintiff had its way, the Sixth Circuit would allow loss of enjoyment of life damages resulting from constitutional rights violations in cases where the victim died but not for when the victim lived.

The *Tinch* decision is supported by Ohio statute, Ohio case law, Federal case law and Supreme Court case law. Although unpublished, its disposition has precedential value in relation to a material issue in this case, and there is no published opinion in the Sixth Circuit that would serve as well. The City's citation to *Tinch* and its reliance on *Tinch*, is not only proper but necessary to a consistent application of law within the Sixth Circuit. Hedonic damages, that is, loss of enjoyment of life damages are not permissible in 1983 cases in the Sixth Circuit. Mr. Burke must be precluded from testifying in any way inconsistent with the established rule.

Respectfully submitted,

**JULIA L. McNEIL** (0043535)
City Solicitor
/s/ *Geri Hernandez Geiler*
**GERI HERNANDEZ GEILER**
(0042081)
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph. (513) 352-3338
Fax (513) 352-3750
email: geri.Geiler@cincinnati-oh.gov

/s/ *Neil F. Freund*
**NEIL F. FREUND** (0012183)
One Dayton Centre
1 South Main St.
Suite 1800
Dayton, Ohio  45402-2017
Ph. (937) 222-2424
Fax (937) 2225369
email: nfreund@ffalaw.com

Trial Attorneys for Defendant
City of Cincinnati

**CERTIFICATE of SERVICE BY ELECTRONIC FILING**

I hereby certify that on May 7, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record listed below.

/s/ *Geri Hernandez Geiler*
GERI HERNANDEZ GEILER
Atty. Reg. No. 0042081
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph.: (513) 352-3338
Fax: (513) 352-1515

Email: geri.geiler@cincinnati-oh.gov

**Certificate of Service:**

John J. Helbling

3672 Springdale Road

Cincinnati, Ohio 45251


Mark T. Tillar

240 Clark Road

Cincinnati, Ohio 45215


Paul B. Martins

Fourth & Walnut Centre

Suite 1900

105 East Fourth St.

Cincinnati, Ohio 45202

Wilson G. Weisenfelder
900 Fourth & Vine Tower
Cincinnati, Ohio 45202

Dale A. Stalf
1320 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202

Donald E. Hardin
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, Ohio 45202


s:\Geiler\Owensby\molimburkereply