LEXSEE 1997 U.S. APP. LEXIS 29108

**EARL FRANCIS MAY, Deceased, and JACK EARL MAY, Individually and in his capacity as the Administrator of the Estate of Earl Francis May, and MARGARET M. MAY, Individually and as mother of Earl Francis May, Plaintiffs-Appellants, v. THE COUNTY OF TRUMBULL, OHIO; ARTHUR U. MAGEE; CHRISTOPHER S. LARDIS; ANTHONY A. LATELL, JR.; GEORGE A. STRICKLAND; THOMAS A. MEDVE; VALLEY MEDICAL SERVICES, INC.; and MARK A. BUSH; RICHARD G. JAKMAS, Administrator of the Estate of Richard A. Jakmas, Deceased, Defendants-Appellees.**

No. 96-3676

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

*1997 U.S. App. LEXIS 29108*

**October 20, 1997, Filed**

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *127 F.3d 1102, 1997 U.S. App. LEXIS 35054.*

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO. 93-00917. Wells. 5-8-96.

**DISPOSITION:** AFFIRMED.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

*Civil Procedure > Summary Judgment > Summary Judgment Standard*
[HN1] The appellate court reviews a grant of summary judgment de novo. Summary judgment is proper only if the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to summary judgment where the non-moving party fails to establish the existence of an element essential to its claim and on which that party would bear the burden at trial.

*Constitutional Law > Civil Rights Enforcement > Immunity > Public Officials*
[HN2] The Sixth Circuit has adopted the Supreme Court's standard for qualified immunity for government officials sued in their individual capacities for § 1983 cases based on failure to prevent suicides. In general, government officials performing discretionary functions have a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. Whether an official is protected by qualified immunity depends on the "objective legal reasonableness" of the action. This determination should be made at a particularized level. The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Criminal Law & Procedure > Postconviction Proceedings > Imprisonment & Prisoner Rights*

[HN3] The generalized right of prisoners to receive medical care has been extended to pretrial detainees. This right is evaluated under a standard of deliberate indifference, which requires that the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Applying the deliberate indifference standard, the Sixth Circuit has held that a prisoner's right to medical care does not extend to the right to have steps taken that would have prevented suicide. The general right to medical care is not sufficient to require a police officer to stop him from following through with suicide.

*Criminal Law & Procedure > Postconviction Proceedings > Imprisonment & Prisoner RightsConstitutional Law > Civil Rights Enforcement > Immunity > Public Officials*
[HN4] A suit against county officials in their official capacities is treated as a suit against the county itself. The liability of a county under 42 U.S.C.S. § 1983 for a jail detainee's suicide is whether the decedent showed a strong likelihood that he would attempt to take his own life in such a manner that failure to take adequate precautions amounted to deliberate indifference to the decedent's serious medical needs. The alleged actions of the municipalities such as inadequate training of officers, lack of suicide prevention procedures, or inadequate facilities rise only to the level of negligence, not deliberate indifference. Funding and staffing decisions, even where they do not comply with regulations, can not form the basis for a charge of deliberate indifference because intent and cause has not been demonstrated.

*Governments > Local Governments > Claims By & Against*
[HN5] Local legislators are protected by absolute immunity when they act in their legislative capacities. An action is legislative in nature if it was passed by a properly constituted legislative body, which was empowered to pass the measure in question.

*Civil Procedure > Justiciability > StandingConstitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage*
[HN6] A claim under 42 U.S.C.S. § 1983 is personal to the injured party.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Supplemental Jurisdiction*
[HN7] Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.

**COUNSEL:** For EARL FRANCIS MAY, JACK EARL MAY, MARGARET M. MAY, Plaintiffs - Appellants: Ellen S. Simon, Cathleen M. Bolek, Pamela Elaine Pantages, Lancione & Simon, Cleveland, OH.

For TRUMBULL COUNTY OHIO, JAMES E. REISER, JOHN DOE, ARTHUR U. MAGEE, CHRISTOPHER S. LARDIS, ANTHONY A. LATELL, JR., GEORGE A. STRICKLAND, THOMAS A. MEDVE, RICHARD G. JAKMAS, Defendants - Appellees: Charles L. Richards, Richards & Meola, Warren, OH.

For ARTHUR U. MAGEE, CHRISTOPHER S. LARDIS, ANTHONY A. LATELL, JR., Defendants - Appellees: James J. Misocky, Office of the Prosecuting Attorney, Warren, OH.

For VALLEY COUNSELING SERVICES, INC., MARK A. BUSH, Defendants - Appellees: Murray K. Lenson, Lawrence F. Peskin, Ulmer & Berne, Cleveland, OH.

**JUDGES:** Before: [*2] KENNEDY and SILER, Circuit Judges; DUGGAN, District Judge. n1

> n1 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

**OPINION:**

PER CURIAM. Plaintiffs Jack Earl May and Margaret M. May ("the Mays"), suing individually and as the administrators of Earl Francis May's ("May") estate, appeal summary judgment for all defendants in this § 1983 action alleging deliberate indifference to serious medical needs in failing to prevent May's suicide while he was a pretrial detainee in jail. They assert claims against Trumbull County; Corrections Officers George A. Strickland and Thomas A. Medve, in their individual and official capacities; Sheriff Richard Jakmas; Trumbull County Commissioners; and Valley Counseling Services ("Valley Counseling") and its employee, Mark A. Bush. Bush and Valley Counseling settled during the pendency of this appeal and will not be discussed further. For the reasons that follow, we **AFFIRM** summary judgment as to all other defendants.

I.

This case arises out of the suicide of May in the Trumbull County jail. He entered the jail on September 25, 1992, on a felony theft [*3] charge. He remained there as a pretrial detainee until his suicide on November 25, 1992. During his incarceration, he had problems getting along with other prisoners and was involved in at least three altercations. On November 23, the jail placed May in administrative segregation apart from other