UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF : | |
| ROGER D. OWENSBY JR., et al., : | |
| : | Case No. 01-CV-769 |
| Plaintiff, : | |
| : | Senior Judge S. Arthur Spiegel |
| v. : | |
| : | |
| CITY OF CINCINNATI, et. al., : | |
| : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE
TO DEFENDANT POLICE OFFICERS' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE AND ANY REFERENCES RELATING TO THE CRIMINAL
TRIALS OF DEFENDANT OFFICERS JORG AND CATON (Doc. 128)**

---

Defendant Police Officers Caton and Jorg ("Defendant Officers") have filed a motion in limine to preclude all evidence and references to their criminal trials relating to the in-custody death of Roger Owensby claiming that this evidence is irrelevant, unnecessary and extremely prejudicial hearsay.

We agree that evidence of the fact that the two officers faced criminal charges and were tried for criminal offenses should not be used by any party – including the City of Cincinnati – in this proceeding. However, testimony and documents from those criminal trials may well be necessary to impeach a witness who now changes his testimony or needs his recollection refreshed. Such use of evidence or testimony, without reference to the Caton-Jorg criminal trials, should be permitted.

In this case, there was an enormous record made by the City of Cincinnati and

Hamilton County when they investigated, and brought and participated in criminal trials concerning the facts and actors in this case. Numerous witness transcripts, witness declarations, affidavits and testimony exist from those proceedings.

Defendant Officers cannot expect this case to be tried as though such evidence does not exist. The evidence from the criminal trials deals with the same set of facts surrounding the in-custody death of Mr. Owensby that will be presented in this civil trial.

The Motion in Limine should be denied, with the exception that reference to the fact that a testimony was given at the criminal trials should be precluded.

**I.     Argument**

On November 7, 2000, several Cincinnati police officers crushed to death an unarmed Cincinnati citizen, suspected of past jaywalking, when he attempted to run from the officers.

With the public outcry over the facts of this case, the City conducted a lengthy investigation which encompassed taking statements from numerous witnesses, including the defendant police officers in this case. The City then initiated and successfully pursued disciplinary proceedings against several officers and prosecuted or assisted in prosecuting criminal trials against two Defendant Officers. Sworn testimony was taken from several witnesses who will also likely be called to testify before this Court.

Such evidence from the criminal trials of the Defendant Officers may be necessary and admissible in this case. For example, should any witness or party testify differently from their previous sworn testimony, then Plaintiff, under Rule 801(d), will

necessarily produce evidence from the criminal trials to impeach that witness or party. Such a statement is not hearsay.[1]

Accordingly this Court should follow the instructions of the United States Court of Appeals for the Sixth Circuit: "Orders *in limine* which exclude broad categories of evidence should rarely be employed. A better practice is to deal with the questions of admissibility of evidence as they arise."[2]

While the Defendant Officers imply Rule 402 and cite Rule 403 of the Federal Rules of Evidence as support for their Motion *in Limine*, neither of these Rules will prevent Plaintiff's use of evidence from the criminal trials of Defendant Officers.

As to Rule 402, the essential prerequisite of admissibility is relevance.[3] The evidence presented in the criminal trials of Defendant Officers is relevant to the case at hand because this civil action arises out of the same facts upon which the criminal proceeding was based, the in-custody death of Mr. Owensby.[4] The mere fact that Defendant Officers were acquitted of some of the charges has no effect on the relevancy or admissibility of the evidence.[5]

Rule 403 prohibits the introduction of evidence whose probative value is

---

[1] Fed R. Evid. 801(d). Again, Defendant Officers seem to concede this point. Doc. 128, Defendant Officers' Motion *in Limine* at 4.

[2] *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

[3] Fed. R. Evid. 402.

[4] See *Preferred Mut. Ins. Co. v. Dumas*, 1990 U.S. App. LEXIS 10822 (6th Cir. 1990) (attached).

[5] *Id.* at *7.

substantially outweighed by the danger of unfair prejudice.[6]  The probative value of the evidence in these categories will far outweigh any prejudice it may cause.  The testimonies given under oath in these trials include highly probative eyewitness accounts of the facts surrounding the in-custody death of Mr. Owensby.  Furthermore, with no reference made to the fact that evidence came from criminal trials, no unfair prejudice will result from the evidence Defendant Officers seek to exclude.

II.     Conclusion

We do not intend to reference the criminal trials against Officers Jorg and Caton and request the Court direct Defendants City of Cincinnati and Golf Manor to likewise not mention those proceedings.

But evidence from the criminal trials of the Defendant Officers concerning the in-custody death of Mr. Owensby is directly relevant to this case.  Such evidence from the criminal trials could be used for impeachment purposes.

The Motion in Limine should be denied, with the exception that any reference to the fact that evidence was given at the criminal trials should be precluded.

---

[6] Fed. R. Evid. 403.

Respectfully submitted,
/s/ James B. Helmer, Jr.
James B. Helmer, Jr.  (0002878)
Paul B. Martins (0007623
Frederick M. Morgan, Jr.  (0027687)
HELMER, MARTINS & MORGAN CO., LPA
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone:   (513) 421-2400
Facsimile:    (513) 421-7902

Trial Attorney for Plaintiff

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Plaintiff's Memorandum in Response to Defendant Police Officers' Motion *in Limine* to Exclude Evidence and Any References Relating to the Criminal Trials of Defendant Officers Jorg and Caton (Doc. 128) was electronically filed on May 10, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/ James B. Helmer, Jr.