FOCUS - 1 of 89 DOCUMENTS

PREFERRED MUTUAL INSURANCE COMPANY; and QUEEN CITY INDEMNITY COMPANY, Plaintiff-Appellees, Cross-Appellants, v. ROBERT DUMAS, Defendant-Appellant, Cross-Appellee, CYNTHIA DUMAS, Defendant

Nos. 89-3394, 89-3446

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

905 F.2d 1538; 1990 U.S. App. LEXIS 10822

June 26, 1990, Filed

**NOTICE:** [*1]

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** On Appeal from the United States District Court for the Northern District of Ohio; No. 84-03807; Krenzler, Judge.

**DISPOSITION:**

AFFIRMED and REMANDED.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**JUDGES:**

Kennedy and Ryan, Circuit Judges; and Julian A. Cook, Jr., District Judge. *

* The Honorable Julian A. Cook, Jr., Chief Judge of the United States District Court for the Eastern District of Michigan, sitting by designation.

**OPINIONBY:**

RYAN

**OPINION:**

Pro se Defendant Robert Dumas appeals the district court's judgment against him and in favor of plaintiffs Preferred Mutual Insurance Company and the Queen City Indemnity Company n1 on their fraud claims. The insurance companies cross-appeal the dismissal of their claim against Robert Dumas under the Racketeer Influenced and Corrupt Organization Act (RICO), *18 U.S.C. § 1964*(c).

n1 Cincinnati Insurance Company was the named plaintiff, not Queen City, but the district court granted plaintiffs' motion to amend the pleadings to regard all references to Cincinnati Insurance Company as references to Queen City Indemnity Company.

[*2]

Defendant's appeal raises no issue requiring reversal and, therefore, we shall affirm the district court's judgment awarding damages to the insurance companies on their fraud claims. However, we find the record inadequate to enable us to review the propriety of the

district court's dismissal of plaintiffs' RICO count and, therefore, we shall remand the case to the district court for detailed findings of fact and conclusions of law explaining its decision dismissing the RICO count.

I.

On December 11, 1984, plaintiffs filed this civil action against Robert Dumas and Cynthia Dumas, then defendant's wife, n2 alleging fraud and RICO violations. Preferred Mutual alleged that it insured defendants' interest in certain residential property located in Cleveland Heights, Ohio, and that on September 23, 1979 the property was damaged in a fire intentionally caused by defendants. As a result, Preferred Mutual paid $ 43,961.01 to the bank which held the mortgage on the property "in settlement of defendants' false and fraudulent claims arising from the Fire."

n2 Prior to trial, Cynthia Dumas was voluntarily dismissed as a party by plaintiffs' motion under *Fed. R. Civ. P. 41(a)*.

[*3]

Queen City alleged that defendants intentionally misrepresented to Queen City that on March 14, 1980, defendant Robert Dumas was a passenger in an automobile insured by Queen City that was involved in an accident. As a result, Queen City paid $ 19,264.50 to defendants "in settlement of defendant Robert Dumas' false, fraudulent and non-existent [injury] claim."

Both plaintiffs alleged that Robert Dumps engaged in a pattern of racketeering activity in violation of *RICO, 18 U.S.C. § 1961*, by fraudulently claiming and obtaining money from plaintiffs in settlement of false insurance claims. Plaintiffs contend that a pattern of racketeering activity was established through the several mailings done in furtherance of a scheme to defraud the insurance companies, and through acts of records tampering and perjury done in support of the scheme.

On October 12, 1983, defendant Robert Dumas was convicted by a jury in state court of tampering with records, *Ohio Rev. Code Ann. § 2913.42* (Anderson 1987), and two counts of perjury, *Ohio Rev. Code Ann. § 2921.11* (Anderson 1987), for events arising from the accident involving the automobile insured by Queen City. On November 11, 1983, defendant [*4] Robert Dumas pled guilty in state court of arson, Ohio Code Ann. § 2909.03 (Anderson 1987), and grand theft, *Ohio Rev. Code Ann. § 2913.01* (Anderson 1987), for events relating to the fire at the residential property insured by Preferred Mutual.

Following the civil bench trial, the district court dismissed with prejudice plaintiffs' joint RICO claim, finding plaintiffs failed to present evidence on each element of the RICO claim sufficient to establish a prima facie case. However, the court found in favor of plaintiffs on their fraud claims and awarded plaintiffs damages, prejudgment interest, and costs.

Defendant appealed and plaintiffs cross-appealed.

II.

The defendant's two state law perjury convictions, *Ohio Rev. Code Ann. § 2921.11* (Anderson 1987), were relied upon by the district court in deciding Queen City's common law fraud claim. Defendant claims the district court erred in receiving evidence of his two state court perjury convictions because the convictions were obtained upon a defective indictment. The claimed defect in the indictment is that the perjury count failed to allege that the subject matter of the false swearing must be material, thus denying the defendant [*5] fair notice of the charges against him. The claim is meritless. The Ohio Court of Appeals rejected this argument when affirming the perjury convictions. Moreover, defendant did not object at trial when this evidence was presented. Defendant concedes the indictments charged perjury under state law. Thus, defendant knew of the charges against him.

Defendant next claims that the district court erred in relying upon defendant's state court perjury and tampering with records convictions to prove Queen City's fraud claim because the "common law fraud claim requires proof of elements not encompassed in" those criminal convictions. This claim, too, is without merit.

The state court convictions for perjury, *Ohio Rev. Code Ann. § 2921.11* (Anderson 1987), and tampering with records, *Ohio Rev. Code Ann. § 2913.42* (Anderson 1987), fully support the court's finding of fraud with respect to Queen City's fraud claim. The tampering with records conviction, *Ohio Rev. Code Ann. § 2913.42*, was based on the defendant's alteration of the police report prepared in connection with the automobile accident claim defendant used to defraud Queen City. The perjury convictions, *Ohio Rev. Code § 2921.11*, were [*6] based on the defendant's false testimony given at an arbitration hearing and at a deposition taken in connection with his insurance claim against Queen City. The convictions are highly relevant to Queen City's fraud claim against defendant. In addition, Queen City introduced the former testimony of the vehicle's driver, given at the state criminal trial, which established that defendant was not a passenger in the vehicle involved in the accident but, nevertheless, made an insurance claim

and collected from Queen City. That evidence was entirely adequate to support the district court's finding of fraud.

The defendant's claim that the driver's former testimony was inadmissible because "no effort was made to obtain the witness" is likewise without merit. The district court took judicial notice of the fact that the driver of the automobile was unavailable based on the representations of plaintiffs' counsel that the driver was in the federal witness protection program. The trial court has the discretion to accept counsel's representations regarding the unavailability of a witness and it is the responsibility of the objecting party to show that the trial court erred in accepting the proponent's [*7] representation. *Bailey v. Southern Pacific Transp. Co., 613 F.2d 1385, 1390* (5th Cir.), cert. denied, *449 U.S. 836 (1980)*. The Bailey court's statement that "[t]he defendant has not met [his] burden, and no reason is made apparent to find that the trial court erred in holding [the witness] to be unavailable" is equally applicable here. We are satisfied that the transcript of the testimony of the driver of the automobile, given at a prior state criminal trial, was properly received in evidence under *Fed. R. Evid. 804(b)(1)*.

Finally, defendant claims the district court erred in rendering judgment against him and in favor of Queen City for $ 21,563.27 because he was acquitted in the state criminal proceeding of grand theft from Queen City. We disagree.

Defendant's acquittal of grand theft in the state court criminal proceeding involving the fraudulent claim submitted to Queen City is not a bar to the introduction of the same evidence in Queen City's civil action for fraud. It is well-settled that "[t]he difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata." *Helvering v. Mitchell, 303 U.S. 391, 397 (1938)*. [*8] "[A]cquittal on a criminal charge is not a bar to a civil action . . ., arising out of the same facts on which the criminal proceeding was based . . . ." Id.

III.

Plaintiffs/cross-appellants Preferred Mutual and Queen City claim the district court erred in dismissing their RICO claims against defendant Dumas.

RICO prohibits racketeering activity, including arson, chargeable under state law, and mail fraud, indictable under federal law. *18 U.S.C. § 1961(1)*. RICO provides a treble-damage civil remedy for violations of its provisions. *28 U.S.C. § 1964(c)*. In order to recover treble civil damages under RICO, plaintiffs must prove their RICO claim against a defendant by a preponderance of the evidence. *Platsis v. E.F. Hutton & Co., 642 F. Supp. 1277, 1309 (W.D. Mich 1986)*, aff'd, *829 F.2d 13 (6th Cir. 1987)*, cert. denied, *485 U.S. 962 (1988)*; see also *Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 491 (1985)*.

Section 1962 prohibits conducting or participating in the affairs of an enterprise engaged in interstate commerce through a pattern of racketeering activity: [*9]

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

*28 U.S.C. § 1962(c)*.

In this case, the plaintiffs alleged that the defendant himself was an enterprise engaged in a pattern of racketeering activity. n3 The pattern consisted of defendant's involvement in two separate schemes to defraud insurance companies, one involving arson, *18 U.S.C. § 1961(1)(a)*, and both involving mail fraud, *18 U.S.C. § 1961(1)(b)*.

---

n3 "Enterprise" includes any individual, partnership, corporation, nation or other legal entity and any union or group of individuals associated in fact, although not a legal entity. *18 U.S.C. § 1961(4)*.

"Pattern of racketeering activity" requires at least two acts of racketeering activity. *18 U.S.C. § 1961(5)*.

---

[*10]

At the conclusion of the bench trial, the court made detailed findings of fact and conclusions of law relating to the plaintiffs' common law fraud claims and entered judgment awarding damages on those claims. Then, turning to the plaintiffs' RICO count, the district court stated:

As to the plaintiffs' complaint relating to the RICO case, that -- those counts will be dismissed. The Court finds that plaintiff did not present evidence of each and every element of the RICO statute to make a prima facie case. Therefore, the RICO count is dismissed.

*Federal Rule of Civil Procedure 52(a)* requires that the court, in a bench trial, "find the facts specifically and state separately its conclusions of law therein."

Plainly, the district court's abbreviated statement dismissing the plaintiffs' RICO claim does not meet the requirements of Rule 52(a). There is no hint in the court's findings as to which of the several elements of the complex RICO claim the plaintiffs failed to "present evidence." Not only does the court's cryptic statement leave the losing plaintiffs in the dark as to which elements of the RICO claim the court found to be unsupported by any evidence at all, it also precludes [*11] this court from discharging its responsibilities to conduct proper appellate review. We cannot determine whether the trial court's findings of fact were clearly erroneous as to the insurance companies' RICO claim unless we are informed what those findings of fact are -- which elements of the RICO claim were unproved, and why. Secondly, we cannot perform a de novo review of the trial court's application of the law of civil RICO unless we are advised what the court's reasoning was and how the RICO statute was applied to the facts found. We have no choice but to remand the RICO claim with instructions to the district court to comply with the requirements of Rule 52(a).

IV.

We *AFFIRM* the judgment of the district court in favor of plaintiffs on the pendent fraud claims. We *VACATE* the dismissal of the RICO claim and *REMAND* the matter to the district court for detailed findings of fact and conclusions of law with respect to that claim. We retain jurisdiction.