```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | | |
|---|---|---|
| **THE ESTATE OF** | : | **CASE NO. C-1-01-769** |
| **ROGER D. OWENSBY, JR., et al.,** | | |
| | : | **(Judge Spiegel)** |
| Plaintiff | | |
| | : | |
| VS- | | **RESPONSE CONTRA PLAINTIFFS'** |
| | : | **APPLICATION FOR ATTORNEYS'** |
| **CITY OF CINCINNATI, et al.,** | | **FEES RELATED TO MOTION TO** |
| Defendants. | : | **COMPEL DISCOVERY OF** |
| | | **DEFENDANTS CINCINNATI AND** |
| | : | **POLICE CHIEF STREICHER** |

**MEMORANDUM**

Plaintiffs' application for this Court to award approximately four thousand eight hundred dollars ($4,800.00), for alleged seventeen hours of work in preparation of a simple Civil Rule 37 motion to compel, should be overruled as completely unreasonable. The parties agree that, under Federal Rule of Civil Procedure 37, a prevailing party in a discovery dispute may recover "just" and "reasonable" attorneys' fees at the Court's discretion. Fed. R. Civ. P. 37(a)(4)(B). The Owensby plaintiffs ignore the requirement that any recovery bear some semblance of reasonableness, however, by attempting to cash in the Court's decision sustaining the underlying motion to compel like a winning Powerball ticket.

The underlying motion to compel relied upon the commonly used Civil Rule 37 to resolve a discovery issue. At most, the motion to compel should have only cited the Civil Rule 37 standard, set forth a brief chronology and factual summary and a requested relief under

Rule 37.  The discovery issue raised in the motion to compel involved plaintiffs' issuance of document requests as well as several written and/or oral communications between counsel. The motion to compel noticeably fails to discuss any complicated or highly fact intensive issues surrounding a routine discovery dispute.

Under Civil Rule 37's "reasonable" and "just" standard, the underlying motion to compel should have taken only one attorney approximately four hours maximum to prepare, required very little legal research and almost no case law authority.  The Court might expect attorneys of opposing counsel's highly regarded stature to require even less time than four hours to prepare such a motion.

In contrast, the plaintiffs suggest they needed three attorneys, which included two attorneys billing at senior partner hourly rates in the hundreds of dollars, to prepare a simple motion to compel, two brief letters to defense counsel and the short underlying application for attorneys' fees.  Plaintiffs' request for four thousand seven hundred ninety seven dollars ($4,797.00) in reimbursement is not only outrageous, but violates Civil Rule 37(A)'s "reasonable" and "just" standard.

Moreover, like the original motion to compel, plaintiffs' counsel made certain factual misstatements and exaggerations in the underlying application for attorneys' fees.  For example, plaintiffs state that 'defendants ignored the second request for production of documents'. This statement is far from the truth.

Although defendants might not have been able to fully respond at the most ideal time, defense counsel, in fact, made great efforts to respond in timely fashion. Furthermore, plaintiffs' counsel failed to give defense counsel the same professional courtesy as provided to them in responding to defendants' interrogatories and first request for production of documents.

Additionally, the plaintiffs have provided a very one-sided, skewed account of counsels' written communications related to the document responses. The plaintiffs pointed out that their counsel issued written two letters and spoken to defense counsel on four separate occasions "in an effort to resolve this matter without judicial intervention." The plaintiffs noticeably omit from their factual summary, however, that defense counsel made several proposals to resolve this issue: specifically, the undersigned proposed to Attorney Martins that if the plaintiffs obtained a judgment, the requested fees could be added to the judgment. In the alternative, in the event the defense was successful they could then go ahead and pay the attorney fees found to be reasonable by the Court. Mr. Martins rejected this proposal.

In paragraph five of his affidavit, plaintiffs' counsel Attorney Martins misleads the Court by incorrectly suggesting, under oath as well as under penalty of perjury, that the defendants never challenged opposing counsels' hourly rate. This allegation suggests the defendants and defense counsel knew these rates and knowingly accepted the same without challenge. In short, Mr.

3

Martins suggests the defendants and defense counsel made an informed decision to waive any objection to these hourly rates.

While there might not discussion about hourly rates, there certainly was no agreement between counsel or the parties that the hourly rates suggested by opposing counsel were reasonable. There was a discussion regarding the amount of time listed to prepare a simple motion to compel. Spending over seventeen hours of time to prepare a motion to compel and charging some $4,797.00 seems not only unreasonable but absurd, even considering the quality of a plaintiffs' counsel. Again, one would think with all of the academic excellence and experience listed by plaintiffs' counsel, a simple motion to compel could be prepared and filed by an associate spending no more than four hours of time.

Finally, it is clear when reviewing the footnotes at page 5 of counsel's memorandum, specifically footnote 3, that the voluminous documents produced by the City of Cincinnati both before plaintiffs' second request for production of documents and after caused some confusion in determining what documents had been produced and what documents had not been produced and which would fall within the second request for production of documents. Such confusion and miscommunication should not rise to the level of bad faith, sanctionable conduct under Civil Rule 37(A). Alternatively, the plaintiffs may recover only reasonable and just attorneys' fees, which would equal an amount far less than the approximate $4,800.00 requested.

4

**CONCLUSION**

For the foregoing reasons, Defendants City of Cincinnati and Police Chief Thomas J. Streicher, jr. respectfully request the Court:

1) overrule plaintiffs' application for $4,797.00 in attorneys' fees as unjust, unreasonable and in violation of Civil Rule 37(a)(4)(B); or

2) alternatively, reduce the amount of billable hours and attorneys' fees requested to amounts that conform to Civil Rule 37's reasonable and just standard.

I, Neil Freund, first duly cautioned and sworn certify that the foregoing document is true and accurate to the best of my knowledge.

        S/Neil F. Freund
        Neil F. Freund

Sworn to before me, a Notary Public in and for the State of Ohio, and subscribed to in my presence by the said Neil F. Freund, this 12th day of May, 2004.

        S/Deberah K. Yahle
        Notary Public
        My Commission Expires: 5-25-04

        Respectfully submitted,

        J. Rita McNeil (0043535)
        City Solicitor

        S/Neil F. Freund
        Neil F. Freund (#0012183)
        Vaseem S. Hadi (#0075617)
        One Dayton Centre
        1 South Main St.
        Suite 1800
        Dayton, Ohio  45402-2017
        Ph. (937) 222-2424
        Fax (937) 222-5369

>Geri Hernandez Geiler (0042081)
>Sr. Assistant City Solicitor
>Julie Bissinger(0012055)
>Chief Counsel
>Room 214 City Hall
>801 Plum Street
>Cincinnati, Ohio  45202
>Ph. (513) 352-3338
>Fax (513) 352-3750
>email:geri.Geiler@cincinnati-oh.gov
>
>Trial Attorneys for Defendant City of Cincinnati and Police Chief Thomas J. Streicher, Jr.

**PROOF OF SERVICE**

This will certify that a copy of the foregoing was served upon counsel of record by email this 13th day of May, 2004:

Mark T. Tillar (0029898)
240 Clark Road
Cincinnati, OH 45202
(513) 761-2958
Attorney for Plaintiff

John Helbling (0046727)
3672 Springdale Road
Cincinnati, OH 45251
513-923-9740
Attorney for Plaintiff

Paul B. Martins
HELMER, MARTINS & MORGAN CO.
Fourth & Walnut Centre, Suite 1800
105 East 4th Street Cincinnati, Ohio 45202-4008
(513) 421-7902
Attorney for Plaintiff

Donald E. Hardin (0022095)
HARDIN, LEFTON, LAZARUS & MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202
513-721-7300

Special Counsel for Defendants
Robert Blaine Jorg, Patrick Caton,
Darren Sellers, Jason Hodge, and
Victor Spellen

Wilson G. Weisenfelder, Jr.  (0030179)
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, OH 45202
513-381-9200
Attorney for Defendants
Village of Golf Manor,
Chief Stephen Tilley,
Officer Robert Heiland, and
John Doe #7 nka Chris Campbell

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, OH 45202
(513) 587-2887
Attorney for Defendant
Cincinnati Police Officer
David Hunter

                                        S/Neil F. Freund
                                        Neil F. Freund