UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The Estate of Roger D. Owensby Jr., | : | Case No. 01-CV-769 |
| Plaintiff, | : | (Senior Judge S. Arthur Speigel) |
| v. | : | DEFENDANTS' CATON, HODGE JORG, SELLERS AND |
| | : | SPELLEN'S MOTION TO TAKE |
| City of Cincinnati, et al., | | SUPPLEMENTAL DEPOSITION |
| | : | OF DR. WECHT |
| Defendant. | | |

Now come the Defendants, Patrick Caton, Jason Hodge, Robert Blaine Jorg, Darren Sellers and Victor Spellen, by and through counsel, and hereby move the Court for leave to take a supplemental deposition of Dr. Cyril Wecht. Plaintiff has indicated that Dr. Wecht's testimony will be provided solely through his February 25, 2004, videotaped deposition. Several significant issues of fact have arisen as a direct result of the initial deposition that require further examination of Dr. Wecht. The attached memorandum supports this request.

Respectfully submitted,

/s/ Donald E. Hardin
Donald E. Hardin            0022095
HARDIN, LEFTON, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322
Telephone:   (513) 721-7300
Facsimile:   (513) 721-7008

Trial Attorney for Defendants Patrick Caton, Robert Blaine Jorg, Jason Hodge, Darren Sellers and Victor Spellen in their individual and official capacities.

**MEMORANDUM**

On February 25, 2004, Dr. Cyril Wecht's deposition was taken.  Dr. Wecht had ostensibly been hired by the City of Cincinnati to perform an "independent" forensic pathology evaluation relating to the death of Roger Owensby Jr.  During his deposition, Dr. Wecht testified that a meeting between Dr. Wecht and various officials from the City of Cincinnati occurred on August 14, 2002, at his offices in Pittsburgh.  Dr. Wecht could not identify any of the officials present at the meeting other than Mark Gissiner, Acting Municipal Investigation Manager.  (Wecht Depo. pp. 27-29, 80, 95, 164)  A letter faxed to defense counsel during Wecht's deposition confirms that Gissiner was part of the "contingent from the City of Cincinnati."  (Attached hereto as Appendix "A")  Defense counsel for the individual Cincinnati police officer defendants was unaware of any such meeting prior to the deposition.

Dr. Wecht also testified that he had received documents from City officials prior to preparing his two draft confidential memoranda of August 8 and August 14, 2002, and also his final report dated September 10, 2002. (Id. at 162-164)  Those documents included a "synopsis of events" stating that defendant Blaine Jorg had filed a lawsuit against the City of Cincinnati. (Attached hereto as Appendix "B")  In the first paragraph of his final September 10, 2002, report to the City, Dr. Wecht specifically states that he reviewed the complaint Jorg filed against the City.  (Attached hereto as Appendix "C")  One has to wonder why Jorg's pending lawsuit is relevant to an "independent" forensic evaluation.  The City hired Dr. Wecht <u>after</u> Jorg filed his lawsuit.  Was this truly "independent" or was the City defending itself against Jorg's pending lawsuit?

On March 12, 2004, following Dr. Wecht's deposition, counsel for the defendant officers sent a public records' demand to the City Manager of Cincinnati requesting, in part, the names of the persons who attended the meeting with Dr. Wecht on August 14, 2002. (Attached hereto as Appendix "D")  The City responded on April 2, 2004, providing a packet of information regarding Dr. Wecht. (Attached hereto as Appendix "E")  However, this information did not include the names of those individuals who attended the August 14, 2002, meeting.

Those names were first revealed to Donald Hardin, counsel for the defendant officers, on April 14, 2004.  One of the names provided was that of Lt. Colonel Richard Biehl.  On April 15, 2004, Lt. Colonel Biehl provided defense counsel with handwritten notes he took during the meeting with Dr. Wecht. (Attached hereto as Appendix "F")  These notes revealed information pertinent to the cardiac condition of Roger Owensby, as well as Dr. Wecht's speculations regarding the deep muscle bruises in Roger Owensby's scapular area.

Defense counsel for the individual officers was unaware of this information at the time of the deposition and therefore, was unable to <u>effectively</u> cross-examine Dr. Wecht.  On April 16, 2004, a letter was sent to Plaintiff's counsel disclosing the information obtained on the previous day. (Attached hereto as Appendix "G")  Plaintiff's counsel responded, stating opposition to any redeposition of Dr. Wecht. (Attached hereto as Appendix "H")  Plaintiff contends that the City failed to properly poll Police Division officials for documents.  However, the individual defendant officers have no control over any documents in the possession of the City and more importantly have absolutely no control over the actions of the City.

In the interest of justice and fairness to the defendant officers, further cross-examination of Dr. Wecht is necessary. Dr. Wecht is not expected to personally testify at trial. Plaintiff's counsel has objected to production of the Biehl document as hearsay. A supplemental deposition is necessary in order to allow effective cross-examination by counsel for the defendant officers.

Causation is a substantial issue in the defense of the individual officers. The additional information provided by Lt. Colonel Biehl presents significant questions that can only be resolved by Dr. Wecht. The inability to effectively cross-examine Dr. Wecht on these significant issues would be extremely prejudicial to the defendant officers. Therefore, Defendants Caton, Hodge, Jorg, Sellers and Spellen request the Court to grant leave to supplement Dr. Wecht's deposition.

Respectfully submitted,

/s/ Donald E. Hardin
Donald E. Hardin          0022095
HARDIN, LEFTON, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322
Telephone:   (513) 721-7300
Facsimile:   (513) 721-7008

Trial Attorney for Defendants Patrick Caton, Robert Blaine Jorg, Jason Hodge, Darren Sellers and Victor Spellen in their individual and official capacities.

4

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Motion to Take Supplemental Deposition of Dr. Wecht, has been electronically filed with the Clerk of the Court on May 17, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

James B. Helmer, Jr., Esq.
Paul B. Martins, Esq.
Frederick M. Morgan, Jr., Esq.
Robert M. Rice, Esq.
HELMER, MARTINS & MORGAN CO., L.P.A.
Fourth & Walnut Centre, Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202

Geri H. Geiler, Esq.
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Trial Attorney for Defendants
John Shirey, Kent A. Ryan, S. Gregory Baker, Thomas Streicher, Jr., Robert B. Jorg, Patrick Caton

Mark T. Tillar, Esq.
240 Clark Road
Cincinnati, Ohio 45215
Trial Attorney for Plaintiff

John J. Helbling, Esq.
3672 Springdale Road
Cincinnati, Ohio 45251
Trial Attorney for Plaintiff

Neil F. Freund, Esq.
Vaseem S. Hadi, Esq.
FREUND, FREEZE & ARNOLD
One Dayton Centre
One South Main Street, Suite 1800
Dayton, Ohio 45402-2017
Trial Counsel for Defendants City of Cincinnati, John Shirey, Kent A. Ryan, Trial Attorneys for Plaintiff S. Gregory Baker, Thomas Streicher, Jr., Darren Sellers, Jason Hodge

Wilson G. Weisenfelder, Jr., Esq.
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, Ohio 45202
Trial Attorney for Defendants City of Golf Manor, Stephen Tilley, Roby Heiland, and Chris Campbell

Ravert J. Clark, Esq.
114 East Eighth Street
Suite 400
Cincinnati, Ohio 45202
Trial Attorney for Defendant
David Hunter

 

/s/ Donald E. Hardin
Donald E. Hardin    0022095