# HELMER, MARTINS & MORGAN
## CO., L.P.A.
### ATTORNEYS AT LAW

James B. Helmer, Jr.*
Paul B. Martins
Frederick M. Morgan, Jr.
Julie Webster Popham**
Jennifer M. Verkamp
Robert M. Rice
Donald G. Stiens, Jr.
*Also D.C. Bar
**Also KY Bar

Fourth & Walnut Centre, Suite 1900
105 East 4th Street
Cincinnati, Ohio 45202-4008

APPENDIX "H"

Telephone: (513) 421-2400
Telecopier: (513) 421-7902

Of Counsel:
Robert Clark Neff, Jr.

April 28, 2004

**Sent via Facsimile**

Neil F. Freund, Esq.
Freund, Freeze & Arnold, LPA
One Dayton Centre
One South Main Street
Suite 1800
Dayton, Ohio 45402-2017

Donald E. Hardin, Esq.
HARDIN, LEFTON, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322

Re: *Estate of Roger D. Owensby, Jr. v. City of Cincinnati, et al.,*
Case No. 01-CV-769 (S.D. Ohio)

Gentlemen:

I write in connection with the City's recent production, through Mr. Hardin, of what purport to be handwritten notes of a meeting between City personnel and Dr. Wecht.

At the outset we are disturbed, although based on the history of this matter unsurprised, that the City failed to produce documents in discovery which it now apparently views as sufficiently relevant to consider reopening discovery. Given the obvious failure to properly poll Police Division officials for documents responsive to Plaintiffs' document requests, we ask that the City certify to us that it has conducted a *thorough* inquiry of *all* employees involved in the Owensby homicide investigation and has produced *all* responsive documents.

The notes in question are obviously suspect. First, of course, they are hearsay. Of equal or greater significance, however, the circumstances under which they surfaced—long after the close of discovery; as the defendants struggle to keep a hail-Mary theory alive. Moreover, the City, through OMI, the Chief, and the Manager's Office,

Neil F. Freud, Esq.
Donald E. Hardin, Esq.
April 28, 2004
Page 2

has taken the position that Mr. Owensby's death occurred due to mechanical asphyxiation; if there were any doubt these offices would presumably have acted differently. Finally, the purported statements written in the notes are inconsistent with Dr. Wecht's initial August 8, 2002 report issued a week *before* these notes allegedly were generated, his final September 10, 2002 report issued *after* the notes were generated; and his February 25, 2004 deposition testimony.

In short, while we are awestruck by the convenience of the situation, we are not persuaded that there is any basis to redepose Dr. Wecht. Had the City troubled to seek proper document production from its employees prior to the close of discovery, the issue at hand would not have arisen. Given the present context, however, we will oppose any redeposition. We do, however, anticipate that the City will provide us with a complete explanation as to why this document (and any other responsive documents of all other City employees at the August 14, 2002 meeting) was not produced during the period of discovery, and will ensure—and certify—that it has now engaged in a proper search for documents and has produced *all* responsive materials.

Sincerely,

Paul B. Martins

PBM:kmr

cc:  Mark T. Tillar, Esq. (via facsimile)
     John J. Helbling, Esq. (via facsimile)
     Geri H. Geiler, Esq. (via facsimile)
     Wilson G. Weisenfelder, Jr., Esq. (via facsimile)
     Ravert J. Clark, Esq. (via facsimile)