Source: Legal > Cases - U.S. > All Courts - By Circuit > 6th Circuit - Federal & State Cases, Combined
Terms: rule 901 and "chain of custody" (Edit Search)

⌘Select for FOCUS™ or Delivery
☐

*1996 U.S. App. LEXIS 24207, ***

United States of America, Plaintiff-Appellee, v. Lewis Brown, Defendant-Appellee.

No. 96-3074

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1996 U.S. App. LEXIS 24207

August 26, 1996, FILED

**NOTICE: [*1]** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 95 F.3d 1153, 1996 U.S. App. LEXIS 38182. Certiorari Denied January 6, 1997, Reported at: 1997 U.S. LEXIS 124.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO.

**DISPOSITION:** REVERSED and REMANDED

**CORE TERMS:** pouch, cocaine, bag, admissibility, abandoned, carrying, fulfillment, abuse of discretion, probable, motion in limine, modified, resident, unfair, porch, fled, drug trafficking, chain of custody, distribute, sufficient to support, kilograms of cocaine, exclude evidence, police officers, two weeks, authentication, indictment, approached, relevancy, passenger, searched, backyard

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellant: Bernard A. Smith, Office of the U.S. Attorney, Cleveland, OH. Samuel A. Yannucci, Asst. U.S. Attorney, Office of the U.S. Attorney, Akron, OH.

For LEWIS BROWN, Defendant - Appellee: Larry W. Zukerman, Paul B. Daiker, Zukerman & Associates, Cleveland, OH.

**JUDGES:** BEFORE: GUY, and BATCHELDER, Circuit Judges, and SPIEGEL, District Judge. *

* The Hon. S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation.

**OPINIONBY:** ALICE M. BATCHELDER

**OPINION: ALICE M. BATCHELDER, Circuit Judge.** The government brings this appeal from the district court's decision to grant defendant Lewis Brown's motion *in limine* to exclude evidence obtained subsequent to Brown's arrest. **[*2]** The district court granted this motion on two alternate theories, both premised on the view that the question raised by

Brown's motion was properly one of authentication of the evidence. Our review of the issues on appeal leads us to conclude that the district court erred in treating Brown's motion as raising authentication issues at all. For reasons explained in greater detail below, we **REVERSE** and **REMAND** with instructions for the district court to permit the evidence to be introduced at trial.

**I.**

During the course of federal undercover narcotics operations, a cooperating arrestee, Levester Johnson, named Lewis Brown and Norman Grant as his cocaine suppliers. Johnson provided federal agents with information regarding defendants' drug operations, including Brown's pager number, that both Brown and Grant were Jamaican, and the name of another client. Johnson indicated that he regularly purchased substantial quantities of cocaine from Brown starting in 1994. According to Johnson, some time in 1994, Grant became involved in Brown's drug trade, both Brown and Grant delivered cocaine to Johnson, and both often called upon Johnson to inquire about his demand for the illegal **[*3]** drug. Finally, Johnson indicated that Brown was awaiting a twelve-kilogram shipment of cocaine which would be available by March 6, 1995.

On March 6, 1995, Johnson, working with an undercover agent of the Drug Enforcement Administration ("DEA"), arranged for a controlled purchase of (what he understood would be) two kilograms of cocaine. Late in the morning, law enforcement officials established surveillance at Johnson's residence. Shortly after noon, Johnson received a call from Brown verifying that he would soon arrive.

At nearly half past twelve, a white Nissan with two occupants arrived and parked in the street, near Johnson's residence. As the passenger approached Johnson's residence, agents of the Federal Bureau of Investigation attempted to arrest him, but he fled. During the ensuing chase, the fleeing passenger dropped a handgun, and when agents eventually seized him, they discovered that he carried identification bearing the name of Lewis Brown.

Simultaneously, the driver of the white Nissan attempted to drive away from the scene. After a brief high-speed chase, police discovered the Nissan, its trunk open, abandoned in a driveway. One of the residents of the house where **[*4]** the car was abandoned told the police that he had seen a black male, wearing a black cap and glasses, and carrying a black, pouch-type bag, running into his backyard.

Shortly thereafter, a DEA agent spotted and approached the suspect, who was wearing a black cap and glasses, and who, although he had no black pouch in his possession, was carrying currency in excess of $ 4,000.00, and the keys to the abandoned Nissan. The DEA agent learned that he was a Jamaican by the name of Norman. His wallet contained a Florida driver's license in the name of Norman Grant, as well as Johnson's (and Johnson's brother's) telephone and pager numbers.

The resident of the house could not positively identify Grant as the man he had seen run into his backyard. Law enforcement officials searched the area near the abandoned automobile for cocaine, but found nothing.

On March 21, 1995, the local police department responded to a call from a home near the location where the Nissan had been abandoned some two weeks earlier. The resident provided police officers with a black pouch which a minor son had discovered under the front porch of the house. The pouch contained four plastic baggies of what was later **[*5]** identified as cocaine. Officers searched the location where the pouch had been discovered, and found a second black bag that also contained four baggies of cocaine. The bags, whose contents totalled two kilograms of cocaine, were immediately placed into evidence.

Prior to trial, Brown brought a "First Motion in Limine" to preclude the government from introducing into evidence at trial the two black pouches or their contents. At bottom, the motion maintained that the "reliability of the black bag and its contents cannot be established under" FED. R. EVID. Rules 401 and 901(a), and that such "evidence is irrelevant to the instant case and thus, inadmissible."

On January 12, 1996, the district court ruled on the motion. Focusing on the **Rule 901(**a) aspect of Brown's motion, the court concluded, on two different grounds, that the evidence should be excluded from trial. First, the district court concluded that there was an insufficient link between the evidence and Brown. And second, the district court determined that the government's failure to establish that the evidence was "in substantially the same condition [as] when the crime was committed," meant that the evidence was properly **[*6]** excluded.

The government timely appealed.

**II.**

We begin with a preliminary word about our jurisdiction in this case. Brown's motion, although denominated a motion *in limine*, sought to exclude evidence from being introduced at trial. Our exercise of jurisdiction in this appeal is, therefore, appropriate under 18 U.S.C. § 3731. n1

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 In relevant part, 18 U.S.C. § 3731 provides:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the

district court that the appeal is not taken for the purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

> . . .

> The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*7]**

**III.**

We now turn to the district court's evidentiary ruling that the two black bags of cocaine should be excluded from evidence at trial. We review this ruling for an abuse of discretion. *United States v. Hawkins*, 969 F.2d 169, 174 (6th Cir. 1992), *cert. denied*, 506 U.S. 1069, 122 L. Ed. 2d 168, 113 S. Ct. 1021 (1993). Errors of law amount to an abuse of discretion.

See *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996).

**A.**

The district court excluded the evidence on two bases. Proceeding under FED. R. EVID. 901, the district court first determined that:

> There is an insufficient link made between the two pouches containing the evidence and defendant Brown or Grant. No latent fingerprints were found on the pouches or on the containers inside the pouches and no other identifying information was present in the pouches when found. The police officers chasing Grant never saw him carrying any pouches. The gentlemen [sic] who saw a black-capped man running through the back yard saw the man carrying only one pouch, and could not identify Grant as the man who was carrying that one pouch. Furthermore, one of the officers has offered an affidavit **[*8]** stating that the informant Johnson "normally obtained quantities of nine ounces of cocaine at a time" from his suppliers. . . . This would imply that, when Johnson requested "the regular" amount for himself and also for another buyer, he was requesting a total of 18 ounces, or about one half kilogram--not two kilograms, the total amount found under the porch. Essentially, this leaves only the fact that the pouches containing the cocaine in question were found near where Grant fled his car. This fact does not sufficiently link the defendants to the two pouches.

Next, the district court held that the government could not establish that the evidence was in the same condition on March 21, 1995 (when the evidence was discovered), as it was on March 6, 1995 (the date on which the evidence was purportedly hidden beneath the porch). As the district court explained:

> Assuming that Grant hid the pouches under the porch when he fled the officers, there is no telling what happened to the pouches during the two week interim. The pouches and their contents may have been found and modified by persons before they were located by the young boy, or they may not have been found and modified--here **[*9]** there is no rational basis on which to conclude either way.

These two theories share the common misapprehension that the issue raised by Brown's motion is whether the evidence is "authentic," and that its admissibility is, therefore, governed by FED. R. EVID. 901(a). We disagree. Brown's challenge is not that the bags or their contents are not what they purport to be. Instead, Brown contends that the bags have not been linked to him or, in the alternative, that the government did not establish that the bags remained intact from the time they were reportedly seen in Grant's possession on March 6, 1995, until the time they were discovered some two weeks later. In our view, Brown's position boils down to an assertion about the relevance of the evidence, and not about its authenticity. n2 Therefore, we think the district court improperly applied a **Rule 901(**a) standard in its analysis, and, as a result, abused its discretion in granting Brown's motion to exclude the evidence.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 We think that the district court's "**chain of custody**" analysis is simply inapposite here.

In the context of this challenge to the admissibility of the black bags of cocaine, whether those bags might have been "found and modified" goes legitimately to the weight that the jury might give to them, but not to their admissibility. See *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990) ("Absent a clear showing of abuse of discretion, challenges to the **chain of custody** go to the weight of evidence, not its admissibility.") (citing authorities).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*10]**

**B.**

Ordinarily, based on the sort of legal error committed by the district court, we would simply reverse and remand for a reconsideration of the question. In this case, however, we have as complete a record before us as is likely to be developed before trial. Therefore, we will address what we understand to be the real basis of Brown's claim, namely that the evidence here is not relevant for purposes of establishing proof of his guilt at trial.

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FED. R. EVID. 401. In this case, Brown was initially charged with conspiracy to traffic in cocaine, 21 U.S.C. § 846, and with carrying a firearm during and in relation to a drug trafficking offense. 18 U.S.C. § 924(c). In a superseding indictment, Brown was additionally charged with possession with intent to distribute cocaine on March 6, 1995. In light of these charges, the black pouches filled with cocaine, which were the subject of Brown's motion *in limine*, have a "tendency to make the existence **[*11]** of any fact that is of consequence to the determination of the action more probable . . . than it would be without the evidence." The bags containing the cocaine, and the cocaine itself, if they can be shown to have some connection to Brown, have the tendency to establish that Brown trafficked in cocaine, that he was engaged in a drug trafficking offense, and that he possessed cocaine with the intent to distribute it on March 6, 1995.

The preliminary question of admissibility of the evidence Brown seeks to exclude is governed by FED. R. EVID. 104(b), which provides that:

> When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

The Rule's language is mandatory and not hortatory. It requires admission of evidence, the relevancy of which depends upon the fulfillment of a condition of fact -- in this case, that the two black pouches have some connection with defendant Lewis Brown. We have no doubt that the evidence the government was prepared to introduce at trial, which we have detailed above, is sufficient **[*12]** to support a finding of the fulfillment of that condition.

The only other question, as we see it, is whether the evidence might properly be excluded under FED. R. EVID. 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Undoubtedly, the admission of the evidence Brown seeks to exclude will have a "prejudicial" effect upon his defense. However, it is the danger of *unfair* prejudice with which the rule is concerned, and here, the prejudice to the defendant from introduction of this evidence is no more unfair than the prejudice of any otherwise inculpatory evidence to be admitted in the course of criminal proceedings. The evidence should not be excluded under Rule 403.

**IV.**

For the foregoing reasons, we **REVERSE** the district court's decision to exclude the evidence that is the subject of this appeal, and **REMAND** the cause with instructions for the district court to permit **[\*13]** its introduction at trial.

Source: Legal > Cases - U.S. > All Courts - By Circuit > 6th Circuit - Federal & State Cases, Combined
Terms: **rule 901 and "chain of custody"** (Edit Search)
View: Full
Date/Time: Friday, May 14, 2004 - 4:39 PM EDT

\* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.