UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTEOF | : | |
|    ROGER D. OWENSBY JR., et al., | : | |
| | : | |
| | : | Case No. 01-CV-769 |
|    Plaintiff, | : | |
| | : | Senior Judge S. Arthur Spiegel |
| v. | : | |
| | : | Magistrate Judge Timothy S. Black |
| CITY OF CINCINNATI, et al., | : | |
| | : | |
| | : | |
|    Defendants. | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS CITY OF CINCINNATI AND CHIEF STREICHER'S RESPONSE CONTRA TO PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES ASSOCIATED WITH MOTION TO COMPEL RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS (doc. 133)**

**I.   INTRODUCTION**

    Defendants City of Cincinnati and Chief Streicher failed to respond to Plaintiff's Second Request for Production of Documents as required by Rule 34, Fed. R. Civ. P. In fact, these Defendants failed to even provide a written response to Plaintiff's document request until they filed their memorandum in opposition to our motion to compel. As a result, on two separate occasions, this Court has ordered that these Defendants be sanctioned by paying Plaintiff's attorneys' fees and costs associated with having to compel written responses to document requests—an automatic Rule 34 obligation.[1]

    Plaintiff attempted to informally negotiate the amount of Court-mandated attorneys' fees. However, defense counsel ignored Plaintiff's efforts just as they ignored Plaintiff's document

---

[1] Doc. 81, Order; Doc. 83, Order (1) Vacating the Order of January 9, 2004 (Doc. 81); (2) Denying as Moot Plaintiff's Motion for an Order to Compel (Doc. 66); and (3) Granting Plaintiff Leave to Submit An Affidavit In Support Of His Request For Expenses And Fees, If Necessary.

requests. Defendants only response was not to resolve this issue but rather merely to seek to postpone any decision to some unknown future date. Defendants now ignore this Court's two prior decisions by arguing that they should not have to pay any attorneys fees.[2] The Defendants also falsely claim that Plaintiff's counsel failed to negotiate payment of attorneys' fees with defense counsel; that Plaintiff's application for attorneys' fees violates Fed. R. Civ. P. 37(a)(4)(B); and that Plaintiff request unreasonable attorneys' fees.[3]

Defendants' contentions are meritless because: (1) the record establishes that Plaintiff's counsel made a good faith effort to negotiate attorneys' fees which was met by stonewalling by defense counsel; (2) this Court has already determined that the Defendant's action violated Fed. R. Civ. P. 37(a)(4)(A), so Rule 37(a)(4)(B) is inapplicable; (3) Plaintiff's attorneys' fee request is reasonable; and (4) the Defendants should not escape the punishment of Rule 37 sanctions.

## II. THE COURT SHOULD DENY DEFENDANTS' FIRST REQUEST THAT THE COURT FIND PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES IN VIOLATION OF RULE 37(A)(4)(B) BECAUSE THE COURT HAS ALREADY DECIDED THIS ISSUE.

The Defendants argue that Plaintiff's Fee Application is "unjust, unreasonable and in violation of Civil Rule 37(a)(4)(B)."[4] Defendants' argument is based upon the wrong section of the Federal Rules of Civil Procedure. Since the Defendants provided the requested discovery to

---

[2] Doc 147, Response Contra Plaintiff's Application For Attorneys' Fees Related To Motion To Compel Discovery Of Defendants Cincinnati And Police Chief Streicher; Doc. 81, Order; Doc. 83, Order (1) Vacating The Order of January 9, 2004 (Doc. 81); (2) Denying As Moot Plaintiff's Motion For An Order To Compel (Doc. 66); and (3) Granting Plaintiff Leave To Submit An Affidavit In Support Of His Request For Expenses And Fees, If Necessary.

[3] Doc 147, Defendants' Memo Contra Plaintiff's Fee Application.

[4] *Id.* at 5.

the Plaintiff *after* the Motion to Compel was filed, Fed. R. Civ. P. 37(a)(4)(A) applies, not Rule 37(a)(4)(B).

Rule 37(a)(4)(B) imposes sanction for a meritless motion to compel.[5] This Rule only applies when a court *denies* a motion to compel discovery. Here, of course, Plaintiff's Motion to Compel was well-founded as evidenced by the Court's express award of attorneys' fees. Technically, the Motion to Compel was "denied as moot" because the written responses were produced after the motion to compel was filed.[6] Such a ruling falls under Rule 37(a)(4)(A) which expressly states that:

> If the motion is granted or ***if the disclosure or requested discovery is provided after the motion was filed, the court shall***, after affording an opportunity to be heard, ***require the party or deponent whose conduct necessitated the motion*** or the party or attorney advising such conduct or both of them ***to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees***...

The Defendants should clearly understand the distinction between these rules because this Court has twice decided that Plaintiff is entitled to attorneys' fees under Rule 37(a)(4)***(A)***.[7] Instead, the Defendants now attempt to cobble together an opposition to the payment of attorneys' fees based upon the wrong section of the Federal Rules of Civil Procedure, Rule 37(a)(4)***(B)***. Consequentially, the Court should reject Defendants' frivolous request that the Court deny Plaintiff's Application For Attorneys' Fees as "unjust, unreasonable and in violation of Civil Rule 37(a)(4)(B)."

---

[5] Rule 37(a)(4)(B) provides that "[i]f a motion to [compel] is denied, the court may enter any protective order authorize under Rule 26(c) and shall . . . require the moving party or the attorney filing the motion or both of them to pay the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees . . . "

[6] Doc. 81 and Doc. 83.

[7] *Id.*

3

### III. PLAINTIFF'S REQUESTED FEES ARE REASONABLE UNDER RULE 37(a)(4)(A).

The Defendants secondly request the Court to "reduce the amount of billable hours and attorneys' fees to amounts that conform with Civil Rule 37's reasonable and just standard."[8] Defendants provide no affidavit or legal authority.

    **a.    Defendants Do Not Challenge Plaintiff's Counsels' Hourly Rates.**

The Defendants state that Plaintiff's counsel misled the Court in paragraph 5 of his Declaration which describes a February 19, 2004 telephone conversation between Plaintiff's counsel, Mr. Martins, and Defendants' counsel, Mr. Freund. Defendants state that Mr. Martins' declaration that Mr. Freund did not challenge the Plaintiff's counsels' hourly rates is misleading because Mr. Freund did not know what Plaintiff's counsels' hourly rates were.[9] Not true. A month before this telephone conversation, Plaintiff's counsel wrote to Mr. Freund a January 16, 2004 letter setting out Plaintiff's rates and hours in this matter.[10] Thus, Mr. Martins justifiably asserts that Mr. Freund knew Plaintiff's hourly rates during their February conversations.[11]

Moreover, discussions concerning Plaintiff's hourly rates remain a non-issue here since Defendants again ultimately choose not to contest Plaintiff's hourly rates.[12]

    **b.    The Plaintiff's Counsels' Hourly Rates Are Reasonable.**

The Plaintiff's requested hourly rates are reasonable. The requested rates are the regular

---

[8] Doc. 147 at 5.

[9] *Id.* at 3-4.

[10] Doc. 133, Plaintiff's Application for Fees with Martins Declaration at ¶ 3.

[11] *Id.*, Martins Declaration at ¶ 5.

[12] Doc. 147 at 4.

market rates for the Plaintiff's counsel.[13]  As noted by Mr. Martins, the qualifications of Plaintiff's counsel justify their hourly rates.[14]  Judge Spiegel previously approved the hourly rates of Mr. Helmer and Mr. Martins in two other cases.[15]  And last week, Judge Royce C. Lamberth of the District of Columbia United States District Court held that "Mr. Helmer's hourly rate is reasonable in light of his billing practices, skill level, experience, reputation and the prevailing market rate in the attorney's respective community."[16]  Judge Lamberth also noted that considering Mr. Helmer's extensive experience and renown as a litigator, lecturer and author, Mr. Helmer's hourly rate "is below [the] market rate[] charged by other white collar litigators of comparable experience, skill and practice area."[17]  Furthermore, Judge Lamberth found that Mr. Martins's hourly rate was reasonable.[18]  Thus, Plaintiff has submitted reasonable hourly rates under Rule 37(a)(4)(A) to the Court.

      c.     **Plaintiff's Counsels' Time Was Reasonably Expended.**

Finally, Defendants contest the length of time Plaintiff's counsel spent on work

---

[13] Doc. 133 at 2; Martins Declaration at ¶ 15.

[14] *Id.*, Martins Declaration at ¶¶ 11-13.

[15] *Id.* at ¶ 15.

[16] *United States, ex rel. Scott Pogue v. Diabetes Treatment Centers of America, et al.*, Case no. 99-3298 at 3 (D.D.C. May 17, 2004), attached.

[17] *Id.* at 4 & n. 2 (citing Ruth Singleton, Billing; Rates Stay High Despite Recession, N.L.J., December 9, 2002, at B10 (reporting prevailing market rates between $600.000 - $800.000 an hour for billing partners)).

[18] *Id.* at 4 & n.3.

associated with the Motion to Compel.[19] Defendants argue that Plaintiff's use of three attorneys (one associate to prepare the pleading, a partner to review the submission to the court and to attempt to negotiate a resolution with the defense counsel and the trial counsel to spend one half of one hour assessing all the work) was unnecessary. Instead, Defendants believe one associate could have spent "four hours maximum to prepare" the underlying motion.[20] But quality control does not just apply to building automobiles or other consumer products. It should also be a component of a lawyer's work before the federal judiciary.

Attorneys have an ethical responsibility to "prepare adequately for and give appropriate attention to [their] legal work."[21] Most importantly, "[a] lawyer should have pride in his professional endeavors. His obligation to act competently calls for higher motivation than that arising from fear of civil liability or disciplinary penalty."[22]

Undoubtedly drafting high quality briefs and attempting - though futilely - to obtain Defendants' compliance with their obligations fulfills Plaintiff's counsels' ethical obligations to both the Plaintiff, the Court and to the legal profession. The Court should encourage lawyers to produce superior work for clients while striving for excellence in the legal profession. Yet, the Defendants believe Plaintiff's counsel should shirk these ethical obligations and allow associates

---

[19] Doc. 66, Motion To Compel Responses To Plaintiff's Second Request For Production Of Documents To Defendants City Of Cincinnati And Thomas Streicher, Jr.

[20] Doc. 133 at 2 and 4.

[21] Ohio Code of Professional Responsibility, EC 6-4.

[22] *Id.* at EC 6-5.

to churn out motions and other work in a minimal time period.[23]

Plaintiff removed potentially duplicative hours from the Fee Application.[24] The hours spent were both necessary and reasonable and were only expended because of the Defendants' recalcitrance.[25]

        **d.    Plaintiff Is Not "Cashing In" On The Court's Order Since Plaintiff Is Not Requesting Fees Incurred In Preparing The Application For Attorneys' Fees.**

Plaintiff is entitled to expenses incurred in preparing this attorney's fees petition.[26] However, in an exercise of discretion, Plaintiff is not now making such a request in this Application. Thus, Plaintiff is hardly seeking to cash in on this Court's orders "like a winning Powerball ticket" as recklessly alleged by Defendants.[27] Moreover, Defendants could have avoided any liability for attorneys fees by simply complying with their discovery obligations as required by Rule 34. They choose to ignore their obligations under the Federal Rules of Civil Procedure and now, in accord with Rule 37, they must bear the burden of their inattention to this case.

---

[23] Doc. 133 at 2, 4. Perhaps defense counsel should consider spending more time drafting intelligible filings to avoid work product such as:
    "[C]ounsel issued written two letters . . . " [sic] Doc. 147 at 3.
    "While there might not discussion about hourly rates . . . " [sic] Doc. 147 at 4.

[24] Doc. 133 at 3.

[25] *See also United States, ex rel. Scott Pogue v. Diabetes Treatment Centers of America, et al.*, Case no. 99-3298 at *4-5 & n.4 (D.D.C. May 17, 2004) (Relator's attorneys and paralegals from Helmer Martins and Morgan Co., L.P.A. found to have reasonably spent 292.85 hours of time at a total cost $58,826.98 preparing 3 motions to compel—an average of 98 hours per motion to compel. In contrast, Plaintiff here only seeks compensation for 17 hours devoted to this motion to compel).

[26] *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (time spent in preparing, presenting, and trying attorney fee applications is compensable).

[27] Doc. 147 at 1.

Since the time spent by Plaintiff's counsel in association with the Motion to Compel is reasonable and Plaintiff's hourly rates are reasonable, the Court should award the Plaintiff's requested attorneys' fees.

## IV. PLAINTIFF MADE A GOOD FAITH EFFORT TO NEGOTIATE PAYMENT OF ATTORNEYS' FEES WITH DEFENDANT WITHOUT JUDICIAL INTERVENTION

The Defendants ask the Court to deny Plaintiff's Application for Attorneys' Fees alleging that Plaintiff failed to attempt settlement of this issue before requesting judicial intervention as required by the Court.[28] It was Defendants, however, who failed to negotiate the amount of fees. Thus, Plaintiff hardly provides a "very one sided, skewed account" of the counsels' communications.[29] In actuality, Plaintiff submitted a detailed account of Plaintiff's good faith attempts to informally resolve this matter short of judicial intervention.[30] The City's only response to Plaintiff's numerous attempts to resolve the fee amount was to request that the Plaintiff table this issue until the City loses the case-in-chief. Such an "offer" was no offer at all since it merely postponed until a time more to the City's liking the decision on this issue. Of course, the granting of partial summary judgment in the Plaintiff's favor on May 20, 2004 (Doc. 156) establishes the Plaintiff as a prevailing party, reaffirms the City's responsibility to pay all legal fees and demonstrates the lack of substance to the City's idea of negotiation as just another means of delaying resolution of the issues in this case.

---

[28] Doc. 147 at 3. Defendants erroneously assert that Plaintiff in the "factual summary" omitted mention of Mr. Freund's "proposal" to merely defer deciding the attorneys' fees amount until any judgment ultimately awarded to the Plaintiff. This is false. Plaintiff's fact summary includes the declaration of Plaintiff's counsel which discusses the Defendants' non-offer. Doc. 133, Martins Decl. ¶¶ 5-6.

[29] Doc. 147 at 3.

[30] Doc. 133, Martins Declaration at ¶¶ 3-10.

**V.    THE COURT SHOULD NOT PERMIT DEFENDANTS TO ESCAPE THE PUNISHMENT OF RULE 37.**

The primary purpose of Rule 37 sanctions is to penalize violators and deter future violators.[31] The Defendant's arguments simply seek to avoid the ramifications of the Defendants' own dilatory and irresponsible behavior. The Court should allow Plaintiff to recover their reasonable attorneys' fees from these Defendants so that they are deterred in the future from violating the rules of practice for this Court resulting in the needless expenditure of time by this Court as well as by Plaintiff's counsel.

**VI.    CONCLUSION**

Pursuant to this Court's Orders (Doc 81 and 83), under Rule 37(a)(4)(A), the Plaintiff is entitled to recover attorneys' fees associated with the Motion to Compel. The Plaintiff's counsels' hourly rates are uncontested and nonetheless reasonable. Likewise, Plaintiff's counsel spent a reasonable amount of time on work associated with the Motion to Compel. The Defendants should pay the costs necessitated by failing to abide by the discovery rules of $4,797.00.

Respectfully submitted,

/s/Paul B. Martins

| | |
|---|---|
| Mark T. Tillar (0029898) | James B. Helmer, Jr.  (0002878) |
| 240 Clark Road | Paul B.  Martins (0007623) |
| Cincinnati, Ohio  45202 | Frederick M. Morgan, Jr.  (0027687) |
| Telephone: (513) 761-2958 | HELMER, MARTINS & MORGAN CO., LPA |
| | Fourth & Walnut Centre, Suite 1900 |
| John J. Helbling (0046727) | 105 East Fourth Street |
| 3672 Springdale Road | Cincinnati, Ohio 45202-4008 |
| Cincinnati, Ohio 45251 | Telephone:    (513) 421-2400 |
| Telephone: (513) 923-9740 | Facsimile:    (513) 421-7902 |

*Trial Attorneys for Plaintiff*

---

[31] *Roadway Express, Inc. v. Piper*, 447 US 752, 763-64 (1980).

9

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Plaintiff's Reply to the Defendants Response Contra to Plaintiff's Application for Attorneys Fees Associated with Motion to Compel Responses To Second Request For Production of Documents, was electronically filed on May 26, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ Paul B. Martins