**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ESTATE OF ROGER OWENSBY, JR.** | **:** | **CASE NO. C-1-01-769** |
| **Plaintiff,** | **:** | |
| | | **Judge Spiegel** |
| **vs.** | **:** | |
| | | **MOTION TO VACATE SCHEDULE** |
| **CITY OF CINCINNATI, et al.** | **:** | **AND STAY PROCEEDING AND** |
| | | **REQUEST FOR EXPEDITED** |
| **Defendants.** | **:** | **RULING** |

Defendants Police Officers Sellers, Spellen, Hunter, Jorg, and Caton, and the City of Cincinnati, move this Court to vacate the schedule in this case and to stay the proceeding while the defendants' appeal is pending in the United States Court of Appeals for the Sixth Circuit. On May 27, 2004, the defendants' filed their notice of appeal from this Court's Order dated May 19, 2004, rejecting the individual defendants' qualified immunity defense to the claim that they deprived the decedent of his substantive due process right to receive medical care. The appeal also presents the pendent issue challenging the ruling that the City of Cincinnati unconstitutionally failed to train its police officers. The defendants request expedited review of this motion since trial on use of excessive force allegations is scheduled to begin June 14, 2004.

The abstract issues of law presented to the Sixth Circuit in the appeal include this Court's unauthorized factfinding when ruling on a motion for summary judgment,[1] the

---

[1] For instance, notwithstanding that the Court conceded that "Owensby's condition and method of transport to the cruiser is in active dispute," "[t]he facts supporting the parties' respective positions [about cause of death] are hotly disputed," "[t]here appears to be a bona fide dispute among the parties that, viewed objectively, Owensby's medical need was 'sufficiently serious,'" the Court nevertheless erroneously and reversibly made material findings of fact adverse to the defendants' positions.

unreasonable and improper inferences and presumptions made against the defendants, the selective ignoring of Rule 56 admissible evidence provided by the defendants in opposition to the plaintiff's motion, and erroneous conclusions of law.[2] By depriving the individual defendants of their entitlement to qualified immunity from suit, this Court is requiring Officers Jorg and Caton to stand trial on liability and damages issues on the plaintiff's substantive due process claim, and requiring Officers Sellers, Spellen, and Hunter to stand trial on damages issues.

In *Behrens v. Peltier*, 516 U.S. 299 (1996), the Supreme Court emphasized that even "one appeal on the immunity issue might not be enough." 516 U.S. at 309. The defendant police officers have just filed their first qualified immunity appeal. It defeats the important public objectives underlying the qualified immunity defense to subject the defendant police officers to trial on liability and/or damages issues related to the failure to provide medical care claim even as their interlocutory appeal is pending.

Given the pendency of the qualified immunity appeals, and the prohibition against forcing the defendants to trial on those claims, the interrelated excessive force claims cannot practically and fairly be tried in isolation. Furthermore, the parties will inefficiently and wastefully be subjected to two trials if the Sixth Circuit subsequently rules that the plaintiff's substantive due process claim must be tried to the jury.

---

[2] For instance, the Court substantially relied on the 2003 decision involving a pretrial detainee in *Watkins v. City of Battle Creek*, 273 F.3d 682 (6th Cir. 2003) to conclude that the substantive due process standard of medical care due a pretrial detainee was clearly established in the year 2000. Other earlier decisions cited by the Court did not define a substantive due process standard for providing medical care to a pretrial detainee just placed in custody after resisting arrest. Substantive due process principles dictate that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998). The challenged conduct has to be "conscience shocking." *Id.*, p. 847. Under circumstances requiring concurrent attention to various matters, and limited time to act, substantive due process principles may require proof of malice and intent to harm. *Id.*, p. 854. The claim in the case at bar is very different than a situation where police officers had a minimum of five hours to deliberate prior to making a decision and, therefore, "deliberate indifference" was the appropriate standard. *Ewolski v. City of Brunswick*, 287 F.3d 492, 511 (6th Cir. 2002). Rather, only minutes, not hours, passed between the time Owensby was in custody and the provision of medical care to him.

Respectively submitted,

**JULIA L. McNEIL (0043535)**
City Solicitor


**s/ Richard Ganulin**
**RICHARD GANULIN (0025642-C)**
**GERI HERNANDEZ GEILER (0042081)**
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3329
Fax: (513) 352-1515
E-Mail: richard.ganulin @cincinnati-oh.gov


**NEIL F. FREUND (0012183)**
One Dayton Centre
1 South Main Street
Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424
Fax: (937) 222-5369
Email:  nfreund@ffalaw.com

**TRIAL ATTORNEYS FOR DEFENDANTS**
**CITY OF CINCINNATI, THOMAS STREICHER,**
**DARREN SELLERS**


**s/ Donald E. Hardin**
**DONALD E. HARDIN (0022095)**
**HARDIN, LEFTON, LAZARUS & MARKS**
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202
(513) 721-7300
FAX: (513) 721-7008

Email: donhardin@hllmlaw.com

**TRIAL ATTORNEY FOR ROBERT JORG,**
**PATRICK CATON & VICTOR SPELLEN**

**s/ Ravert J. Clark**
**RAVERT J.CLARK (0042027)**
114 East Eighth Street
Cincinnati, Ohio 45202
(513) 587-2887
FAX:  (513) 621-2525
Email: notguilty14@aol.com

**TRIAL ATTORNEY FOR DAVID HUNTER**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27th, 2004, I electronically filed the foregoing Motion to Vacate Schedule and Stay Proceeding and Request for Expedited Ruling with the Clerk of the Court using the CMF/ECF system that will send notification of such filing to all parties of record.

**s/Richard Ganulin**
RICHARD GANULIN (0025642-C)
Assistant City Solicitor

JLM/RG/(chs)
POL-505-RG

4