UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF ROGER D. OWENSBY JR., et al., | : : : : | |
| Plaintiff, | : : | Case No. 01-CV-769 |
| v. | : : | Senior Judge S. Arthur Spiegel |
| CITY OF CINCINNATI, et al., | : : : | Magistrate Judge Timothy S. Black |
| Defendants. | : : | |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
ROGER OWENSBY, JR.'S PRIOR MISDEMEANOR CONVICTIONS AND ARRESTS**

Defendants have clearly indicated in their pleadings,[1] proposed trial exhibits and at the Final Pretrial Conference that they intend to defend themselves in this civil rights § 1983 action through character assassination of the deceased victim Roger D. Owensby Jr.  They intend to accomplish this, in part, through the introduction of inadmissible misdemeanor convictions and records of arrests that were later dismissed or ignored.

But such evidence is inadmissible for any purpose in this case, including assessment of damages.  Plaintiff moves the Court for an order precluding Defendants from introducing or referencing such matters because they are irrelevant, improperly prejudicial, and inadmissible character or bad acts evidence barred by the Federal Rules of Evidence.

A memorandum in support of this motion is attached.

---

[1] Doc. 153, Response Contra Motion In Limine To Exclude Illegal Drugs Evidence of Defendants Cincinnati and Police Chief Thomas Streicher, Jr.

Respectfully submitted,

/s/ James B. Helmer, Jr.
James B. Helder, Jr.  (0002878)
Paul B.  Martins (0007623
Frederick M. Morgan, Jr.  (0027687)
HELDER, MARTINS & MORGAN CO., L.P.A.
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone:     (513) 421-2400
Facsimile:     (513) 421-7902

*Trial Attorneys for Plaintiff*

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
ROGER OWENSBY, JR.'S PRIOR MISDEMEANOR CONVICTIONS AND ARRESTS**

Prior to his death on November 7, 2000, Roger Owensby Jr., was twice convicted for misdemeanor offenses involving the possession of marijuana. Exhibit A, Criminal record of Roger D. Owensby, Jr., produced by the City of Cincinnati (C000039). He was also cited numerous times for traffic violations, many of which smack of racial profiling. *Id.* Finally, Mr. Owensby was charged with several non-traffic violations, all of which were either dismissed or ignored. *Id.*

The City of Cincinnati, in its submissions in the Final Pretrial Order and through statements of its defense counsel, intends to use such inadmissible evidence to smear the victim in this case. Such tactics are barred by the Evidence Rules and the case law and should not be permitted.[2]

**I.    EVIDENCE RULE 609: MR. OWENSBY'S ARRESTS AND CONVICTIONS ARE INADMISSIBLE**

The admission of convictions is governed by Rule 609, Fed. R. Evid. Under Rule 609, evidence of a conviction is admissible (subject to the Court's discretionary weighing of the potential for unfair prejudice under Rule 403) only if it meets one of two requirements: the crime is a felony (punishable by death or more than one year imprisonment) or the crime involves dishonesty or false statement. Rule 609(a), Fed. R. Evid.[3] Mr. Owensby's convictions meet

---

[2] Two of the defendant former Cincinnati Police Officers have moved this Court to bar any mention of their indictments and trials for manslaughter and assault of Mr. Owensby because no convictions were obtained. Doc. 128, Motion *In Limine* To Exclude Evidence And Any References Relating To The Criminal Trials Of Defendant Officers Caton And Jorg. This motion is unopposed by the City of Cincinnati and its Police Chief. The former officers are correct in this view of what is admissible in a federal courtroom. *See*, Doc. 144, Plaintiff's Response. This Court should so inform the City of Cincinnati.

[3] Rule 609(b) further limits the admissibility of convictions more than ten years old. However, this age provision is inapplicable to the convictions at issue in this case.

neither criteria.

      **A.    Two Misdemeanor Convictions Are Inadmissible.**

In March, 1998, Roger Owensby was convicted of the minor misdemeanor of possession of marijuana. Exhibit A. A year later, in November, 1999, Mr. Owensby paid a minor misdemeanor ticket for attempted possession of marijuana. *Id.* This is the sum total of Roger Owensby's criminal record of convictions.

Evidence of these misdemeanor convictions is inadmissible under Rule 609, Fed. R. Evid. *United States v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993) (misdemeanor conviction punishable by imprisonment for "no more than one year" is inadmissible under Rule 609(a)).

Further, misdemeanor possession (or attempted possession) of marijuana is not a crime involving dishonesty or false statement. 28 Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure* § 6135 (1993), *citing United States v. Jones*, 965 F.2d 1507, 1513-1514 (8th Cir. 1992), *United States v. Lewis*, 626 F.2d 940, 946 (D.C. Cir. 1980), *United States v. McLister*, 608 F.2d 785, 789 (9th Cir. 1979), *United States v. Gross*, 603 F.2d 757, 758 (9th Cir. 1979), *United States v. Millings*, 535 F.2d 121, 123 (D.C. Cir. 1976). *United States v. Hayward*, 6 F.3d 1241, 1253 (7th Cir. 1993), *cert denied*, 511 U.S. 1004 (1994) (misdemeanor conviction not admissible under Rule 609(a) to attack credibility because it did not involve dishonesty or false statement); *Wilson v. Union Pac. R.R. Co.*, 56 F.3d 1226, 1230-31 (10th Cir. 1995) (stating that evidence of drug possession conviction is not highly relevant to issue of veracity and can be highly prejudicial and arouse jury sentiment against a party-witness); *United States v. Hayes*, 553 F.2d 824, 827-828 (2nd Cir. 1977) (barring conviction for importation of cocaine under Fed. R. Evid. 609(a) because government failed to provide specific facts relating to dishonesty or false

statement). "Convictions for narcotic offenses are usually not considered to involve dishonesty or false statement." 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.03[2][b][iii] (2nd ed. 1998).

### B. Traffic Tickets Are Inadmissible.

In the ten years preceding his death, Roger Owensby Jr., received the following thirteen traffic tickets:

| Date | Matter | Disposition |
| --- | --- | --- |
| 12/14/90 | Right of way violation | Paid out |
| 01/03/91 | Safety restraint violation *[non-moving violation]* | Paid out |
| 01/13/91 | Traffic control device violation | Costs remitted |
| 01/13/91 | Safety restraint violation *[non-moving violation]* | Fine and costs |
| 07/15/92 | Alleged safety restraint violation *[non-moving violation]* | Charge dismissed |
| 03/20/98 | Improper lights on vehicle | Sentenced |
| 03/20/98 | Operating a vehicle without a license *[non-moving violation]* | Sentenced |
| 03/20/98 | Safety restraint violation *[non-moving violation]* | Sentenced |
| 09/10/98 | Improper lights on vehicle | Sentenced |
| 09/10/98 | Operating a vehicle without a license *[non-moving violation]* | Sentenced |
| 09/10/98 | Safety restraint violation *[non-moving violation]* | Sentenced |
| 01/10/00 | Alleged operator violation | Charge dismissed |
| 01/10/00 | Alleged operating a vehicle without a license *[non-moving violation]* | Charge dismissed |

Exhibit A.

Three of these traffic tickets were dismissed. And none of the remaining traffic violations are admissible under Rule 609, Fed. R. Evid., since none are felonies and none involve

dishonesty or false statement.

Moreover, all of the traffic tickets are irrelevant in this action since Mr. Owensby was not wanted for any traffic violations and was never even driving on the evening of his death. In fact, the only car to play any part in this case is the Golf Manor cruiser in which the handcuffed, bleeding and unconscious Mr. Owensby was placed and died. As such, all of the traffic violations are irrelevant and inadmissible. Rule 802, Fed. R. Evid.

Not only are these traffic tickets irrelevant and inadmissible, they are indicative of improper racial profiling. Eight of the thirteen traffic citations (61%) were for non-moving violations—either failing to wear a safety belt or driving without a license. Exhibit A. This pattern of traffic stops and tickets in Cincinnati for non-moving violations like driving without a seatbelt and driving without a license has recently been extensively examined and found to be indicative of racial profiling.

The DATELINE news magazine conducted a study of 300,000 traffic tickets in Cincinnati spanning the period 1998 to 2002. Exhibit B, *DATELINE: A Pattern of Suspicion*, p. 18 (NBC television broadcast, Apr. 9, 2004).[4] Specifically, DATELINE examined non-moving violations like those issued to Mr. Owensby, i.e., driving without a seat belt or license— violations that are difficult or impossible to spot until *after* the person has been pulled over. In examining those tickets DATELINE found that "Cincinnati police ticketed black drivers at a rate three times that of white drivers." *Id.* Even in low crime neighborhoods outside of Cincinnati's inner city DATELINE found that the Cincinnati police were pulling over and ticketing blacks for

---

[4]News articles, especially those concerning governmental agencies, may be admitted into evidence pursuant to Rule 807, Fed. R. Evid. *Jahn v. Regan*, 610 F. Supp. 1269, 1279 n.28 (E.D. Mich. 1985); *Dallas County v. Commercial Union Assurance Co.*, 286 F.2d 388, 397 (5th Cir. 1961). Also, newspapers and periodicals are self-authenticating under Rule 902(6), Fed. R. Evid.

non-moving violations at a disproportionate rate. *Id.* at 19.

Thus, any reference to the traffic tickets issued to Mr. Owensby should be prohibited as irrelevant and inadmissible under Evidence Rules 609 and 802. Further, if defendants do refer to these tickets, Plaintiff should be allowed to respond in rebuttal with the racial profiling evidence found in the DATELINE study.

## C. Arrests Without Convictions Are Inadmissible.

According to the record produced by the City of Cincinnati, Mr. Owensby was arrested on four occasions for non-traffic offenses where all charges were dismissed or ignored.

| 05/31/92 | Alleged domestic violence | Charge dismissed |
| 07/05/97 | Possession of marijuana (minor misdemeanor) | Charge dismissed |
| 01/04/00 | Alleged assault | Charge dismissed |
| 10/13/00 | Alleged preparation of drugs for sale | Ignored |

Once again, all of these arrests, without convictions, are inadmissible under Rule 609, Fed. R. Evid. *Michelson v. United States*, 335 U.S. 469, 482 (1948); *United States. v Chance*, 306 F.3d 356, 385 (6th Cir. 2002) (evidence of charges of which an arrestee is acquitted, i.e., charges either dismissed or ignored, is not admissible under Rule 609). In criminal law, the term "acquittal" includes a "judgment rendered otherwise than in pursuance of a verdict, as where [an accused] is discharged by a magistrate because of the insufficiency of the evidence, or the indictment is dismissed by the court or a [nolle prosequi] entered." *Black's Law Dictionary* 25 (6th ed. 1990). *See, Smalis v. Pennsylvania*, 476 U.S. 140 (1986) (trial judge's granting of petitioners' demurrer was an acquittal); *United States v. Miller*, 797 F.2d 336 (6th Cir. 1986).

In fact, in *Sauers v. Alaska Barge & Transport, Inc.*, 600 F.2d 238, 247 (9th Cir. 1979),

the United States Court of Appeals for the Ninth Circuit ruled that evidence of a dismissed criminal charge, offered to show impaired future earning capacity, was inadmissible because "[i]ts speculative character justifies it being excluded from consideration by the trial court." *Id.*

Thus, all references to charges which were ignored or dismissed are improper and inadmissible.

## II.   EVIDENCE RULE 402: MR. OWENSBY'S PRIOR ARRESTS AND CONVICTIONS ARE IRRELEVANT AND, THEREFORE, INADMISSIBLE

Relevant evidence is admissible and irrelevant evidence is inadmissible. Rule 402, Fed. R. Evid. "Relevant evidence" is defined as evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. Rule 401, Fed. R. Evid.

Roger Owensby's record of arrests and misdemeanor convictions (Exhibit A) is irrelevant to this action. None of the police officers who stopped Mr. Owensby on November 7, 2000 were aware of his arrest record. In fact, until they asked, they didn't even know his name. Even then, they did not recall his name until *after* he was seized, beaten, maced, handcuffed, and left bleeding and unconscious in the back seat of the Golf Manor police cruiser.[5]

Moreover, Mr. Owensby's minor misdemeanor convictions for possession and attempted possession of marijuana played no part in the officers' decision to arrest him, the officers' use of force upon him, or the officers' deliberate indifference to his critical medical needs.

---

[5] Caton Depo., pp. 139:19 - 140:4 ("And I walked up to him and I said, 'Hey, Sarge, I got to tell you what happened here.' And I began to tell him, 'We approached this' -- tell the story in chronological order. And he stopped me after a few seconds and said, 'Start at the beginning. What's this guy's name?' And I said, 'He said his name was Roger something, but I can't recall.' He said, 'Well, let's begin there.' And that's when we approached the Golf Manor cruiser.")

The same is doubly true for Mr. Owensby's traffic tickets and arrests where all charges were either dismissed or ignored. Thus, Mr. Owensby's record is inadmissible as irrelevant to the issues in this action.

### III. EVIDENCE RULE 404: MR. OWENSBY'S ARRESTS AND CONVICTIONS ARE INADMISSIBLE AS CHARACTER OR BAD ACTS EVIDENCE

The two misdemeanor convictions are also inadmissible as character evidence under Rule 404, Fed. R. Civ. P. Under Rule 404(a) character evidence is inadmissible for the purpose of proving action in conformity therewith on a particular occasion. This is precisely what Defendants want to do with Mr. Owensby's misdemeanor marijuana convictions—offer them in an attempt to prove that on November 7, 2000 he was acting in conformity with these convictions and in possession of marijuana or other drugs. Defendants have said as much in their prior pleadings: "decedent ran and violently resisted arrest on both occasions because of his own drug activities." Doc. 153, Response Contra Motion In Limine To Exclude Illegal Drugs Evidence of Defendants Cincinnati and Police Chief Thomas Streicher, Jr., p. 9. The use of these minor misdemeanor convictions for this improper purpose is, thus, prohibited by Rule 404(a), Fed. R. Evid.

In *Reyes v. Missouri Pacific R.R. Co.*, 589 F.2d 791 (5th Cir. 1979), the United States Court of Appeals for the Fifth Circuit prohibited the introduction of four prior misdemeanor convictions for public intoxication, offered to show that the plaintiff was intoxicated on the night that he was struck by the defendant's train. *Id.* at 794. In so ruling, the Fifth Circuit said,

> Because the evidence of Reyes' prior convictions was admitted for the sole purpose of showing that he had a character trait of drinking to excess and that he acted in conformity with his character on the night of the accident by becoming intoxicated, we conclude that the prior convictions were inadmissible character evidence under Rule 404.

*Id.*

With respect to Rule 404 and evidence of other crimes, wrongs or acts, the Sixth Circuit has stated that to be relevant, "evidence must relate to a matter which is 'in issue,' and must deal with conduct substantially similar and reasonably near in time to the offenses" in the case at hand. *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985), *citing United States v. Ring*, 513 F.2d 1001, 1005 (6th Cir. 1975). Here, the only "offense" at issue on November 7, 2000 when the Defendant police officers stopped Mr. Owensby was a possible prior jaywalking violation. Jaywalking five weeks earlier is not "conduct substantially similar and reasonably near in time to the offense."

Evidence Rule 404(b) likewise provides that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, Rule 404(b) does allow such evidence to be admitted if offered as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." None of these exceptions apply here since Mr. Owensby's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident is totally irrelevant in this § 1983 action for his death at the hands of the Cincinnati and Golf Manor police. In fact, the state of mind of Mr. Owensby is neither an element of the § 1983 claim nor an element of the pendent wrongful death claim.

## IV.   MISDEMEANOR CONVICTIONS AND ARRESTS ARE ALSO INADMISSIBLE AS TO ISSUES OF DAMAGES

Defendants have also argued that this record of arrests and convictions is admissible to challenge the assessment of damages in this action, maintaining that such a record is admissible under Rule 404(b) to rebut Mr. Owensby's future earning capacity. Again, Defendants are

mistaken. This very argument has been examined and rejected by federal courts across the United States.

In *Toombs v. Manning*, 835 F.2d 453, 469 (3rd Cir. 1987), the United States Court of Appeals for the Third Circuit upheld a district court's decision denying the defendant's attempt to introduce into evidence, pursuant to Rule 404(b), the plaintiff's prior criminal history on the basis of its relevance to the plaintiff's future earning capacity. *Toombs* held that the relevance of the proffered criminal history on the issue of damages was substantially outweighed by the risk of unfair prejudice under Rule 403. *Id.*

More recently, *Dover-Hymon v. Southland Corp.*, 1993 U.S. Dist. LEXIS 13494, *9-10 (E.D. Penn. Sept. 27, 1993) (attached), followed the lead of *Toombs* in likewise rejecting the attempted introduction into evidence under Rule 404(b) of a plaintiff's criminal history to address "future earning potential." Conducting a Rule 403 balancing test, *Dover-Hymon* held that the plaintiff's prior criminal record was inadmissible because any relevance was substantially outweighed by the risk of unfair prejudice.

Just over five years ago, the Tenth Circuit reached the same conclusion in *Gust v. Jones*, 162 F.3d 587, 596 (10th Cir. 1998). In *Gust*, the defendants offered the plaintiff's prior conviction to attack his prospects for employment and to "bolster Defendants' contention that Mr. Gust overstated his damages." *Id.* The Tenth Circuit rejected this argument, holding that "the potential prejudice of Mr. Gust's conviction outweighed its potential probative value." *Id.*; cf. *Meller v. Heil Co.*, 745 F.2d 1297, 1303 (10th Cir.), *cert. denied*, 467 U.S. 1206 (1984) (holding inadmissible decedent's drug paraphernalia, which was found at the accident scene, in a wrongful death products liability action).

-9-

As such, none of the acts contained in Mr. Owensby's record (Exhibit A) are admissible under Rule 404, Fed. R. Evid., for any reason, whether or not proffered to address future earnings.

## V.   EVIDENCE RULE 403:  MR. OWENSBY'S ARRESTS AND CONVICTIONS ARE INADMISSIBLE BECAUSE ANY SUPPOSED PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE POTENTIAL FOR UNFAIR PREJUDICE

Evidence Rule 403 prohibits the introduction of relevant evidence whose probative value is substantially outweighed by the danger of unfair prejudice.  The term "unfair prejudice" speaks to the capacity of some relevant evidence to lure the trier of fact into making a finding of fact on grounds different from proof specific to that fact. *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  Within the context of Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, although not necessarily, an emotional one." *Id.*

Reference to Mr. Owensby's prior arrests and convictions are unfairly prejudicial in that their disclosure would suggest to the jury that the officers were justified in stopping and using excessive force against him simply because he had a record.  As discussed earlier, such a suggestion would be patently unfair since the undisputed evidence is that the officers who stopped, beat and left Mr. Owensby to die were totally unaware of his record.  In fact, when they pulled his lifeless body out of the Golf Manor cruiser at the direction of a Cincinnati Police Sergeant, they were still unsure of his name.

Thus, the use of Mr. Owensby's record would constitute an unduly prejudicial attempt to use matters that were totally irrelevant and played no part in the actions of November 7, 2000.  Also, as established in the *Toombs*, *Gust* and *Dover-Hymon* cases, even if offered to address

future earnings capacity, Mr. Owensby's record is inadmissible under Rule 403 because its marginal probative value is substantially outweighed by the risk of unfair prejudice. Thus, the proffered use of Mr. Owensby's criminal record for any reason is prohibited by Rule 403, Fed. R. Evid.

## VI.    CONCLUSION

The record of Mr. Owensby's two minor misdemeanor convictions, his traffic tickets and his arrests where all charges were dismissed (Exhibit A) is inadmissible and irrelevant for all purposes in this action under Rules 609, 402 and 404, Fed. R. Evid.

Such matters had nothing to do with what happened to the victim on November 7, 2000 and play no role in any element Plaintiff must prove or any legitimate defense the City may assert. Nor do such matters have any consequence to damage issues in this case. The City desires to use such inadmissible matters to smear the victim so it can argue he was somehow less entitled to protection from the Constitution or for compensation for the City's violations of law.

Further, reference to these matters would constitute unfair prejudice and create confusion, in violation of Rule 403, Fed. R. Evid. As a result, this Court should grant Plaintiff's Motion *In Limine* to Exclude Evidence Of Roger Owensby Jr.'s Prior Misdemeanor Convictions and Arrests should be granted and Defendants should be prohibited from referring to this record.

Respectfully submitted,

/s/ James B. Helmer, Jr.
James B. Helmer, Jr.  (0002878)
Paul B.  Martins (0007623
Frederick M. Morgan, Jr.  (0027687)
HELMER, MARTINS & MORGAN CO., LPA
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone:     (513) 421-2400
Facsimile:     (513) 421-7902

*Trial Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Plaintiff's Motion *In Limine* to Exclude Evidence of Roger Owensby, Jr.'s Prior Misdemeanor Convictions And Arrests was electronically filed on May 28, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Paul B. Martins