Richard Ganulin (0025642-C)
Assistant City Solicitor

FILED
JAMES BONINI
CLERK

04 MAY 27 PM 4: 32

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF ROGER OWENSBY, JR., | : | CASE NO. C-1-01-769 |
| Plaintiff, | : | Judge Spiegel |
| vs. | : | |
| CITY OF CINCINNATI, et al. | : | **NOTICE OF APPEAL** |
| Defendants. | : | |
| | : | |

    Notice is given that Defendants City of Cincinnati, Thomas Streicher, Darren Sellers, Robert Jorg, Patrick Caton, Victor Spellen and David Hunter appeal to the United States Court of Appeals for the Sixth Circuit from the Order of the United States District Court for the Southern District of Ohio dated May 19, 2004 and entered on May 20, 2004 (Docket No. 156). The Order denied the police officers' qualified immunity defense to the plaintiff's claim that they unconstitutionally deprived the decedent of his right to substantive due process by failing to provide medical care to him. The City of Cincinnati seeks pendent jurisdiction of the inextricably intertwined holding in the Order that the City unconstitutionally failed to train its police officers.

    The abstract issues of law presented to the Sixth Circuit in the appeal include the district court's unauthorized factfinding when ruling on the plaintiff's motion for partial summary

judgment,[1] the unreasonable and improper inferences and presumptions made against the defendants, the selective ignoring of Rule 56 admissible evidence provided by the defendants in opposition to the plaintiff's motion, and erroneous conclusions of law.[2]  By depriving the individual defendants of their entitlement to qualified immunity from suit, the district court intends to require Officers Jorg and Caton to stand trial on both liability and damages issues on the plaintiff's substantive due process claim, and is requiring Officers Sellers, Spellen, and Hunter to stand trial on damages issues related to that claim.

---

[1] For instance, notwithstanding that the district court conceded that "Owensby's condition and method of transport to the cruiser is in active dispute," "[t]he facts supporting the parties' respective positions [about cause of death] are hotly disputed," "[t]here appears to be a bona fide dispute among the parties that, viewed objectively, Owensby's medical need was 'sufficiently serious,'" the district court nevertheless erroneously and reversibly made material findings of fact adverse to the defendants' positions.

[2] For instance, the district court substantially relied on the 2003 decision involving a pretrial detainee in *Watkins v. City of Battle Creek*, 273 F.3d 682 (6th Cir. 2003) to conclude that the substantive due process standard of medical care due a pretrial detainee was clearly established in the year 2000. Other earlier decisions cited by the district court did not define a substantive due process standard for providing medical care to a pretrial detainee just placed in custody after resisting arrest. Substantive due process principles dictate that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998). The challenged conduct has to be "conscience shocking." *Id.*, p. 847. Under circumstances requiring concurrent attention to various matters, and limited time to act, substantive due process principles may require proof of malice and intent to harm. *Id.*, p. 854. The claim in the case at bar is very different than a situation where police officers had a minimum of five hours to deliberate prior to making a decision and, therefore, "deliberate indifference" was the appropriate standard. *Ewolski v. City of Brunswick*, 287 F.3d 492, 511 (6th Cir. 2002). Rather, only minutes, not hours, passed between the time Owensby was in custody and the provision of medical care to him.

2

Respectfully submitted,

**JULIA L. McNEIL (0043535)**
City Solicitor


*Richard Ganulin* (signature)

**RICHARD GANULIN (0025642-C)**
**GERI HERNANDEZ GEILER (0042081)**
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3329
Fax: (513) 352-1515
E-Mail: richard.ganulin @cincinnati-oh.gov


**NEIL F. FREUND (0012183)**
One Dayton Centre
1 South Main Street
Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424
Fax: (937) 222-5369
Email: nfreund@ffalaw.com

**TRIAL ATTORNEYS FOR DEFENDANTS
CITY OF CINCINNATI, THOMAS STREICHER,
DARREN SELLERS**

*Donald E. Hardin by RC*
DONALD E. HARDIN (0022095)
HARDIN, LEFTON, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202
(513) 721-7300
FAX: (513) 721-7008

Email: donhardin@hllmlaw.com

**TRIAL ATTORNEY FOR ROBERT JORG, PATRICK CATON & VICTOR SPELLEN**

*Ravert J. Clark by RC*
RAVERT J. CLARK (0042027)
114 East Eighth Street
Cincinnati, Ohio 45202
(513) 587-2887
FAX:  (513) 621-2525
Email: notguilty14@aol.com

**TRIAL ATTORNEY FOR DAVID HUNTER**

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2004 I filed the foregoing with the Clerk of the Court and that I mailed the document by United States Postal Service to the following:

John J. Helbling, Esq.
3672 Springdale Road
Cincinnati, Ohio 45251

Paul B. Martins, Esq.
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202

Dale A. Stalf, Esq.
1320 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202

Ravert J. Clark, Esq.
114 East 8th Street
Suite 400
Cincinnati, Ohio 45202

Mark T. Tillar, Esq.
240 Clark Road
Cincinnati, Oho 45215

Wilson G. Weisenfelder, Esq.
900 Fourth & Vine Tower
Cincinnati, Ohio 45202

Donald E. Hardin, Esq.
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202

Neil F. Freund, Esq.
Freund, Freeze & Arnold
One Dayton Centre
1 S. Main Street
Suite 1800
Dayton, Ohio 45402-2017

*Richard Ganulin*
**Richard Ganulin (0025642-C)**
Assistant City Solicitor