UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF ROGER OWNENSBY JR., et al | : | (Judge Spiegel) |
| | : | |
| Plaintiff, | : | Case No. 01-CV-769 |
| | : | |
| vs. | : | |
| | : | **DEFENDANTS' MOTION IN** *LIMINE* **TO EXCLUDE THE TRIAL TESTIMONY OF MAYOR CHARLIE LUKEN** |
| CITY OF CINCINNATI, ET AL., | : | |
| Defendants. | : | |

Now come Defendants, by and through counsel, and hereby request an Order excluding potential trial testimony of Mayor Charlie Luken. Such testimony is not warranted in a trial of this matter. Specifically, Plaintiff expects to illicit testimony from Mayor Luken "concerning the policies, customs, training and practices of the City of Cincinnati and its Police Department as it relates to the issues in this action as well as his public statements concerning the issues in this action." (Final Pretrial Order). These testimony, if presented as proposed, is excluded by 403 of the Federal Rules of Evidence. The grounds for this Motion are set forth more fully in the attached Memorandum in Support.

       Respectfully submitted,

       JULIA L. McNEIL (0043535)
       City Solicitor

       /s/ *Neil F. Freund*
       Neil F. Freund (0012183)
       Vaseem S. Hadi (#0075617)
       FREUND, FREEZE & ARNOLD
       One Dayton Centre
       1 South Main Street,
       Suite 1800
       Dayton, OH 45402-2017
       Ph.(937) 222-2424

       /s/*Geri Hernandez Geiler*
       Geri Hernandez Geiler
       (0042081)
       Sr. Assistant City Solicitor
       Room 214, City Hall
       801 Plum Street
       Cincinnati, OH 45202
       Ph.(513) 352-3338

       Trial Attorneys for Defendants

## **MEMORANDUM IN SUPPORT**

**I. Mayor Luken's testimony is unnecessary and cumulative.**

Rule 403 of the Federal Rules of Evidence states that evidence may be excluded if its prejudicial effect outweighs its probative value. Moreover, the rule provides for exclusion of evidence which is needless and cumulative. Specifically, Rule 403 states:

> Evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In the instant case the proposed testimony of Mayor Charles Luken which Plaintiff wishes to elicit in their case-in-chief is irrelevant, unwarranted, unnecessary, cumulative and is far more prejudicial than probative. Plaintiff intends to question Mayor Luken about polices, customs, training and practices of the City of Cincinnati Police Department. As the Mayor of the City of Cincinnati, Mr. Luken may posses some general knowledge of organizational structure and general practices, polices and procedures of the Police Department. However, his depth of knowledge is cursory at best. Mayor Luken is not involved in the day-to-day operations of police administration and training.

Plaintiff already intends to call several witnesses more intimately involved in setting the polices, practices and customs of the City of Cincinnati Police Department. These individuals are much more able to define and articulate the policies and practices of the City of Cincinnati Police Department in general and in the case at bar more specifically. Plaintiff intends to call no less than nine (9) City of Cincinnati Police Officers with knowledge about the

3

practices, polices and procedures of the City of Cincinnati Police Department. Moreover, Plaintiff will call Defendant Chief Thomas Streicher, who will be able to answer any relevant questions regarding policies, customs, training and practices of the Police Department as it relates to the issues in this action.

Therefore, it will be unnecessary and cumulative to have Mayor Luken testify about policies, customs, training and practices of the City of Cincinnati and its Police Department as it relates to the issues in this action

**II. Mayor Luken's testimony concerning public statement he has made to the press is not relevant or probative to the issues in the trial of this matter.**

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. Rule Evid. 401. Evidence which is not relevant is not admissible. Fed. Rule Evid. 402. The common law requirement for admissibility of evidence is maintained in Fed. Rule Evid. 401: that "proffered evidence must be relevant to prove a proposition that is itself 'of consequence to the determination of the action,'" i.e., relevant to prove a proposition that is material to the instant case. *U.S. v. Hart*, 70 F.3d 854, 860 (6th Cir. 1995),

citing *U.S. v. Fountain*, 2 F.3d 656, 667 (6th Cir. 1993), cert. denied, 114 S.Ct. 608 (1993).

The Mayor was not a witness to the any of the circumstances surrounding this case.  Any public comment he may have made concerning his view of the facts is completely irrelevant to the resolution of the issues which will be before the jury.  His public comments will have **no** "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. Rule Evid. 401.  And therefore, any public comments the Mayor has made are inadmissible in the trial of this matter.  The same rules apply to exclude any attempt to present the Mayor's public comments by way of newspaper or magazine articles.

Respectfully submitted,

**JULIA L. McNEIL** (0043535)
City Solicitor

s: *Neil F. Freund*
**NEIL F. FREUND** (0012183)
One Dayton Centre
1 South Main St.
Suite 1800
Dayton, Ohio  45402-2017
Ph. (937) 222-2424
Fax (937) 2225369
email: nfreund@ffalaw.com

Trial Attorneys for Defendant
City of Cincinnati

s: *Geri Hernandez Geiler*
GERI HERNANDEZ GEILER (0042081)
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph. (513) 352-3338
Fax (513) 352-3750
email:geri.Geiler@cincinnati-oh.gov

## CERTIFICATE OF SERVICE
## BY ELECTRONIC FILING

I hereby certify that on      ,2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record listed below.

s: *Geri Hernandez Geiler*
GERI HERNANDEZ GEILER
Atty. Reg. No. 0042081
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph.: (513) 352-3338
Fax: (513) 352-1515
Email: geri.geiler@cincinnati-oh.gov

**Certificate of Service:**

John J. Helbling
3672 Springdale Road
Cincinnati, Ohio  45251

Mark T. Tillar
240 Clark Road
Cincinnati, Ohio  45215

Paul B. Martins
Fourth & Walnut Centre
Suite 1900
105 East Fourth St.
Cincinnati, Ohio  45202

Wilson G. Weisenfelder
900 Fourth & Vine Tower
Cincinnati, Ohio  45202

Donald E. Hardin
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio  45202

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, Ohio  45202