IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF ROGER OWENSBY, JR.** | : | CASE NO. C-1-01-769 |
| Plaintiff | : | (Judge S. Arthur Spiegel) |
| vs. | : | |
| | | **RESPONSE OPPOSING MOTION *IN LIMINE* TO EXCLUDE PRIOR MISDEMEANORS AND ARRESTS OF DEFENDANTS CITY OF CINCINNATI AND POLICE CHIEF THOMAS J. STREICHER, JR.** |
| **CITY OF CINCINNATI, et al.** | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM

Decedent Roger Owensby Jr.'s prior misdemeanors and arrests related to drug use, possession and preparation must be admitted 1) to rebut plaintiffs' portrayal of decedent as a law-abiding citizen; 2) to establish motive, identity and absence of mistake, and common plan or scheme under Evidence Rule 404(b); and 3) to decrease the amount of any economic damages, future earnings specifically, that might be awarded.

First, Plaintiff's reliance upon Federal Rule of Evidence 609 is misplaced because decedent Roger Owensby Jr. will not serve as a trial witness. Fed. R. Evid. 609. In contrast, Evidence Rule 609 only addresses how parties may impeach the credibility of trial witnesses during cross-examination as follows:

> Rule 609 Impeachment by Evidence of Conviction of Crime
>
> (a) General Rule.  For the purpose of attacking the credibility of a **witness**,
>
> (1) evidence that a **witness** other than an accused has been convicted of a crime shall be admitted ... if the crime was punishable by death or imprisonment in excess of one year under the law under which the **witness** was convicted ... and
>
> (2) evidence that any **witness** has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Fed. R. Evid. 609 (emphasis added).

It is undisputed that the decedent died on November 7, 2000; approximately one-year before this lawsuit was filed. Consequently, decedent cannot testify as a witness at trial. Moreover, the defendants seek to introduce decedent's prior misdemeanors and arrests for completely different reasons, than the limitations imposed by Evidence Rule 609. Since Rule 609 involves impeaching the credibility and veracity of sworn witnesses testifying at trial, Evidence Rule 609 has no bearing on decedent's prior misdemeanors and cannot serve as basis to exclude this highly relevant, material evidence. Plaintiffs' voluminous arguments related to Rule 609 should be completely disregarded.

Second, Plaintiffs' attempts to rely upon the hearsay rule to exclude this evidence is equally misplaced. Fed. Rule Evid. 801, 803 (6, 8). This evidence does not constitute hearsay, as a matter of law, because it does not involve the decedent's "statements." Fed. R. Evid. 801 (a-c). Hearsay must involve a "statement." Id. A "statement" is defined as (1) an oral or written assertion; or

(2) non-verbal conduct of a person, if it is intended by the person as an assertion. Id.

In this case, Decedent's prior misdemeanors for drug use, drug possession/preparation, domestic violence, assault and traffic violations involve only nonverbal conduct as opposed to any intended statements. There is no evidence to suggest decedent ever intended his underlying non-verbal conduct during his prior arrests, involving drug use, possession and preparation, to be interpreted by others as assertions or communications. See, e.g., United States v. Caro, 569 F.2d 411, 416 n.9 (5th Cir. 1978)(holding non-verbal conduct of pointing to a particular vehicle in response to a question asking the declarant to identify the source of drugs was intended to be an assertion and qualified as hearsay).

Also, evidence that decedent pled guilty to any drug offenses or misdemeanors qualifies as "admission by party-opponent" and not hearsay. Fed. R. Evid. 801(d)(2). The Federal Rules of Evidence expressly exclude "admissions by party-opponents" from the hearsay definition. Fed. R. Evid. 801(d)(2). An "admission by party opponent" includes any statement offered against a party and is the party's own statement in either an individual or a representative capacity. Id. In this case, decedent remains a party to the above-captioned lawsuit because his estate asserted this lawsuit in the decedent's name. Therefore, any admissions decedent made during his lifetime may be offered against his estate at trial and

3

cannot be excluded under the hearsay rule. Thus, the hearsay rule is irrelevant to this issue.

Assuming arguendo that the hearsay rule might have applied, decedent's prior misdemeanors and arrests still should be admitted under the "records of regularly conducted activity" and "public records and reports" hearsay rule exceptions. Fed. R. Evid. 803 (6, 8). Under the "records of regularly conducted activity" exception, police and judicial records of decedent's drug, domestic violence and traffic offenses were prepared and maintained in the regular course of business. Further, these records constitute public record documents of judicial proceedings and police activity under the "public records and reports" exception. The plaintiffs have not challenged the veracity or accuracy of this evidence under either exception. Therefore, even if decedent's prior misdemeanors and arrests consisted of "statements" as defined in the hearsay rule, this evidence still may be admitted under the Evidence Rule 803 (6)(8) hearsay exceptions.

In turn, decedent's prior misdemeanors and arrests are relevant because Plaintiffs intent to portray decedent as a saint who never broke the law. Fed. R. Evid. 401, 402. In contrast, the defendant police officers attempted to arrest the decedent twice after he deliberately obstructed a police investigation. The Plaintiffs allege probable cause did not exist to arrest decedent and that the only crime he ever committed in his entire life involved jaywalking. By placing the decedent's character into

FREUND, FREEZE & ARNOLD
A Legal Professional Association

evidence, the plaintiffs have made the decedent's prior misdemeanors and arrests, for identical drug-related activities at issue in the underlying controversy, highly relevant, probative evidence. Stated differently, it would be unduly prejudicial and patently unfair for plaintiffs to challenge the officers' probable cause to arrest decedent on both underlying incidents, by characterizing decedent as a law-abiding, non-violent citizen who with no drug connections, by simultaneously excluding material evidence of decedent's prior misdemeanors and arrests for drug activities. This evidence should be admitted to rebut plaintiffs character evidence, especially when it supports the police officers' testimony that the decedent obstructed a drug investigation for unexplained reasons.

Also, the decedent's prior arrests for domestic violence similarly rebut the plaintiffs' characterization of decedent as a peaceful, non-violent citizen. Officer Hunter positively identified the as the same suspect who assaulted him during the earlier incident. In both incidents, the decedent violated the law by actively running and resisting arrest. In addition to running, the officers collectively testified the decedent resisted violently by kicking at the officers once the foot chase ended.

Still, the plaintiffs hope to convince the jury any amount of force was unnecessary because it would not have been in the decedent's character to behave in such a violent manner. Once again, by placing the decedent's alleged character as a peaceful

5

and non-violent citizen into issue, to rebut the officers' testimony regarding probably cause and decedent's resisting arrest, the plaintiffs have rendered the decedent's prior arrests and charges for domestic violence highly relevant, probative evidence. Since reasonable jurors would consider evidence that decedent had been reported for and charged with domestic violence, this evidence would make it less probable that he was a peaceful, non-violent person. Such highly relevant evidence must be admitted under these circumstances. Fed. R. Evid. 401, 402.

The defendants also intend to present the decedent's prior misdemeanors and arrests for legitimate reasons that do not involve character in any way. Fed. R. Evid. 404(b). Plaintiffs correctly assert that Evidence Rule 404(a) excludes character evidence to show conformity on a particular occasion. Evidence Rule 404(b) contains exceptions when such evidence is offered for other purposes, such as to show motive, opportunity, intent, preparation, plan, knowledge, common plan/scheme and identity or absence of mistake or accident. The defendants intend to offer decedent's prior misdemeanors for such other purposes.

For example, the plaintiffs have argued mistaken identity to support their view probable cause did not exist to arrest decedent. In arguing mistaken identity, plaintiffs have characterized the decedent as a law-abiding citizen with absolutely no history or involvement in any drug activities. Officer Hunter has vehemently denied any possibility that his positive identification of decedent

6

as the same suspect who evaded arrest during the September, 2000 incident, was mistaken. Evidence of decedent's prior misdemeanors and arrests for drug activities, which completely contradict the plaintiffs' story for why mistaken identity occurred, will assist the jury in weighing the mistaken identity issue.

Similarly, decedent's prior misdemeanors further show an absence of mistake or accident on Officer Hunter's part when he positively identified decedent as a drug suspect. Fed. R. Evid. 404(b). As discussed earlier, the plaintiffs have denied that decedent was the same man who obstructed Officer Hunter's drug investigation in September, 2000. Officer Hunter has testified repeatedly that he came face-to-face with decedent on both occasions and that his positive identification was correct. There is no alibi for decedent's whereabouts, during the September, 2000 incident, to contradict Officer Hunter's identification. Again, plaintiffs hope to sway the jury by characterizing the decedent as a peaceful, non-violent drug-free citizen, even though this characterization is inconsistent with the decedent's own criminal history.

Under another Rule 404(b) exception, decedent's prior drug misdemeanors bear directly on his motives during the underlying conduct. In weighing the police officers' version of the underlying events, the jury certainly will question why decedent would have ran, violently resisted arrest twice and/or assisted drug dealing strangers who corrupted the decedent's own

FREUND, FREEZE & ARNOLD
A Legal Professional Association

neighborhood. Decedent's prior drug misdemeanors, construed in light of the police officers' testimony and drug evidence removed from decedent's body, establish decedent's motives in desperately trying to avoid arrest for drug activities and obstruction charges. The jury will be unable to fully understand and appreciate decedent's motives in running, as well as the officers' motives in employing force techniques, without all material evidence including decedent's prior misdemeanors for drug activities. Consequently, Evidence Rule 404(a) does not exclude decedent's prior misdemeanors for these reasons.

Finally, it should be noted that decedent's prior misdemeanors and arrests for drug activities bear on the damages and future wages calculations. Curiously, it is still undermined whether decedent worked when he died, what lawful profession he might have engaged in and where he worked. The absence of such information, coupled with decedent's drug history and drug investigation obstruction activities, strongly suggests he might have worked as a drug dealer. If proven true, the jury certainly would not award any damages for future income decedent might have earned illegally as a drug dealer over the next fifty years. Under these circumstances, decedent's prior misdemeanors and arrests for drug activities must be presented on both the liability and damages issues.

## CONCLUSION

     For the foregoing reasons, Defendants City of Cincinnati and Police Chief Thomas J. Streicher, Jr. respectfully request the Court overrule Plaintiffs' motion *in limine* to exclude the decedent's prior misdemeanors and arrests.

                                         Respectfully submitted,

                                         J. Rita McNeil (#0043535)
                                       City Solicitor


                                       S/Neil F. Freund
                                       Neil F. Freund (0012183)
                                       Vaseem S. Hadi (0075617)
                                       FREUND, FREEZE & ARNOLD
                                       One Dayton Centre
                                       1 South Main Street, Suite 1800
                                       Dayton, OH 45402-2017
                                       (937) 222-2424
                                       (937) 222-5369 (fax)
                                       nfreund@ffalaw.com
                                       vhadi@ffalaw.com

                                       Geri Hernandez Geiler (0042081)
                                       Sr. Assistant City Solicitor
                                       Julie F. Bissinger (0012055)
                                       Chief Counsel
                                       City Solicitor's Office
                                       Room 214, City Hall
                                       801 Plum Street
                                       Cincinnati, OH 45202
                                       (513) 352-3338
                                       (513) 352-1515 (fax)
                                       geri.geiler@cincinnati-oh.gov
                                       julie.bissinger@cincinnati-oh.gov

## PROOF OF SERVICE

    This will certify that a copy of the foregoing was served upon counsel of record by email this 1st day of June, 2004:

Mark T. Tillar (0029898)
240 Clark Road

Cincinnati, OH 45202
(513) 761-2958
Attorney for Plaintiff

John Helbling (0046727)
3672 Springdale Road
Cincinnati, OH 45251
513-923-9740
Attorney for Plaintiff

Paul B. Martins
HELMER, MARTINS & MORGAN CO.
Fourth & Walnut Centre, Suite 1800
105 East 4th Street Cincinnati, Ohio 45202-4008
(513) 421-7902
Attorney for Plaintiff

Donald E. Hardin (0022095)
HARDIN, LEFTON, LAZARUS &
MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202
513-721-7300
Special Counsel for Defendants
Robert Blaine Jorg, Patrick Caton,
Darren Sellers, Jason Hodge, and
Victor Spellen

Wilson G. Weisenfelder, Jr.  (0030179)
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, OH 45202
513-381-9200
Attorney for Defendants
Village of Golf Manor,
Chief Stephen Tilley,
Officer Robert Heiland, and
John Doe #7 nka Chris Campbell

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, OH 45202
(513) 587-2887
Attorney for Defendant
Cincinnati Police Officer
David Hunter

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

                                  **s: Neil F. Freund**
                                  Neil F. Freund

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**