UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ESTATE OF
ROGER OWENSBY, JR., *et al.*,

    Plaintiffs,

vs.

CITY OF CINCINNATI, *et al.*,

    Defendants.

Case No.  1:01-cv-769
(Spiegel, J.; Black, M.J.)

**ORDER: (1) GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES (Doc. 133); AND (2) AWARDING PLAINTIFFS' COUNSEL $4,797 IN FEES**

This matter is before the Court on plaintiffs' application for attorney's fees associated with a motion to compel responses to plaintiffs' second request for production of documents.  (Doc. 133).  Although the underlying motion to compel was denied as moot when it appeared that defendants had complied, albeit belatedly, with the discovery request in dispute, the Court stated that it would consider an application by plaintiffs' counsel for an award of attorney's fees.  (*See* doc. 83).  The Court directed the parties to confer in an effort to resolve plaintiffs' demand for fees and, in the event their extrajudicial efforts were unsuccessful, directed plaintiffs to file a formal application for fees.

Alleging that extrajudicial efforts were unsuccessful, plaintiffs now request an award of $4,797 based on a total of 17.4 hours of work by three attorneys.  (*See* doc. 133,

"Declaration of Paul B. Martins," ¶ 16). Counsel allege that they in fact spent more than 37 hours in preparing the motion but have reduced the hours to avoid duplication of efforts.

Defendants oppose the fees as unjust and unreasonable. They further assert that their inability to comply with plaintiffs' discovery request until after the motion to compel was filed was not attributable to bad faith, but rather was the result of confusion and miscommunication. Their assertions are unavailing.

Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If the motion [to compel] is granted or of the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard require the party or deponent whose conduct necessitated the motion of the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

As the Sixth Circuit has further explained:

> [O]nce the court grants a motion to compel and provides the responding party an opportunity to be heard, it "shall" require the responding party to pay the moving party's expenses unless the responding party had a "substantial justification" or some other circumstance makes such an award unjust. Rule 37 has no bad faith requirement.

*Youn v. Track, Inc.,* 324 F.3d 409, 421 (6th Cir. 2003).

An award of expenses under Rule 37 is calculated using the lodestar method, which involves calculating the reasonable number of hours spent multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). A reasonable hourly rate is to be determined according to the prevailing market rates in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895 (1984). The hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney. *Northcross v. Board of Educ. of Memphis City Schs.*, 611 F.2d 624, 638 (6th Cir. 1979). The fee applicant bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates. *See Blum,* 465 U.S. at 896 n.11.

This Court finds that the hourly rates submitted are reasonable in light of these factors. (*See* doc. 133, "Declaration of Paul B. Martins").

This Court also finds that the number of hours expended is reasonable. The application is self-limiting because plaintiffs have already reduced by more than half the number of hours for which they seek reimbursement. Moreover, they do not include the costs and expenses incurred in preparing the application for fees, for which reasonable expenses also are compensable. *See Sierra Club v. EPA,* 769 F.2d 796, 811 (D.C. Cir. 1985).

Accordingly, **IT IS ORDERED THAT** plaintiffs' application for attorney's fees

associated with the motion to compel responses to second request for production of documents is **GRANTED** and that counsel for plaintiffs are **AWARDED** fees of $4,797. Said sum shall be paid **WITHIN FIFTEEN DAYS** of the date of this Order subject to any applicable stay or appeal.

**IT IS SO ORDERED.**

Date:   6/1/04                                   s/Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge