UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF ROGER D. OWENSBY JR., et al., | : : : : | |
| | : | Case No. 01-CV-769 |
| Plaintiff, | : : | Senior Judge S. Arthur Spiegel |
| v. | : : | Magistrate Judge Timothy S. Black |
| CITY OF CINCINNATI, et al., | : : : | |
| Defendants. | : | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
TO EXCLUDE PRIOR MISDEMEANORS AND ARRESTS (doc. 170)**

Plaintiff has moved this Court to exclude Roger Owensby Jr.'s record of minor misdemeanor arrests, traffic stops and convictions. Doc. 170. In response, Defendants City of Cincinnati and Police Chief Streicher argue that they should be allowed to defend the misconduct of their police officers by attacking the character of the person that they killed to show that he was not a "saint." Doc. 175, Memo Contra, p. 4. As demonstrated in Plaintiff's Motion, Defendants' attempt at character assassination should be rejected and Plaintiff's Motion granted.

**I.  TWO MINOR MISDEMEANOR CONVICTIONS**

It is undisputed that Mr. Owensby had no felony convictions. Further, other than traffic tickets, it is undisputed that the sum total of his convictions were two minor misdemeanor citations—the first in 1998 for possession of marijuana and the second in 1999 for *attempted* possession of marijuana. Doc. 170, Motion, p. 2, Exhibit A.

Defendants concede that such misdemeanor convictions are inadmissible under Evidence Rule 609 but argue that this evidence standard for the admission of convictions is inapplicable because they killed Mr. Owensby and, therefore, will not be using it to impeach his testimony. Doc. 175, Memo Contra, p. 2. Such a perverse reading of the evidence rules should not be tolerated. Pursuant to Defendants' logic, had they only injured Mr. Owensby instead of killing him, they would be barred from discussing his petty offenses and arrests.

Rule 609 is the benchmark evidence rule in assessing the admissibility of convictions. Clearly, Mr. Owensby's minor misdemeanor convictions for possession and attempted possession of marijuana are inadmissible under Rule 609. Moreover, as demonstrated in Plaintiff's Motion and in this filing, Plaintiff's minor misdemeanor convictions for possession and attempted possession of marijuana is irrelevant to this action and is inadmissible under Evidence Rules 403 (unfair prejudice substantially outweighs any marginal relevance) and 404 (prohibiting the introduction of bad acts to attack character in an attempt to show behavior in conformity therewith).

**II.    DISMISSED ARRESTS AND TRAFFIC TICKETS**

What remains in the record proffered by the Defendants is a series of traffic tickets and several arrests that were all dismissed or ignored. Doc. 170, Motion, pp. 3-5, Exhibit A. In their Memorandum in Opposition the Defendants do not contest that the traffic tickets are inadmissible. Doc. 175, Memo Contra.

They do, however, stubbornly cling to their argument that arrests that were later dismissed or ignored are admissible to establish that Mr. Owensby was a bad man whose life was

2

not worth much and who the police (who knew nothing of his arrest record) were justified in beating unconscious and leaving to die handcuffed in the back seat of a cruiser. The law is well established otherwise. Records of arrests without convictions are inadmissible for all purposes (including to show impaired future earning capacity) because of its speculative nature. *Sauers v. Alaska Barge & Transport, Inc.*, 600 F.2d 238, 247 (9th Cir. 1979).

Defendants' memorandum in opposition confuses matters not at issue in this motion with those that are at issue. For instance, Defendants argue that Mr. Owensby's prior minor misdemeanors and arrests are relevant because "defendant police officers attempted to arrest the decedent twice after he deliberately obstructed a police investigation." Doc. 175, Memo Contra, p. 4. Although they do not cite any authority for this statement, we presume that they refer to the September 27, 2000 encounter between Officer Hunter and a person that he now identifies as Mr. Owensby and the November 7, 2000 fatal encounter of Mr. Owensby with Officers Hunter, Jorg, Caton, Hodge, and Sellers. Plaintiff's motion is not directed at these two incidents. We presume they will be discussed at trial. However, it is undisputed that *none of the police officers* who stopped Mr. Owensby on November 7 knew his name or his record of prior arrests and convictions. Therefore, Mr. Owensby's arrests and convictions are totally irrelevant and inadmissible.

## III.    DEFENDANTS' STRAWMAN ARGUMENTS

Defendants also endeavor to create a number of straw men in an attempt to fabricate an argument for the admission of Mr. Owensby's minor misdemeanor convictions and arrests. These false premises are fatal to all of their arguments.

3

### A. Mr. Owensby Did Not Assault Any Of The Officers.

First, Defendants argue that the 1992 arrest for domestic violence and its subsequent dismissal is relevant to establish Mr. Owensby as a violent man who "officer Hunter positively identified as the same suspect who assaulted him during the earlier incident." Doc. 175, Memo Contra, p. 5. This argument is utterly false. Officer Hunter repeatedly testified that the person who ran from him on September 27, 2000 *did not assault him*. Hunter Depo., pp. 94-96; 209:14-16. Likewise, Officer Hunter unequivocally testified that Mr. Owensby *did not assault him on November 7, 2000*. Hunter Depo., pp. 210:4-10; 213:18-19. Thus, there is no basis for introducing an eight-year-old *dismissed* arrest for domestic violence to show that Mr. Owensby was a violent man.

### B. Arrests And Convictions Are Not Probative Of Identity.

Second, Defendants argue that Mr. Owensby's misdemeanor marijuana arrests and convictions should be admitted under Evidence Rule 404(b) to somehow establish the "identity" exception to Rule 404's prohibition against introducing bad acts evidence to show behavior in conformity therewith. Here, Defendants' strawman is: "In arguing mistaken identity, plaintiffs have characterized the decedent as a law-abiding citizen with absolutely no history or involvement in any drug activities." Doc. 175, Memo Contra, p. 6. Defendants' strawman argument is devoid of citation to any statement Plaintiff has made because there is none. Plaintiff has never argued that Roger Owensby had "absolutely no history or involvement in any drug activities." Whether Mr. Owensby had such a history is irrelevant to the excessive use of force by these police officers and their subsequent failure to provide constitutionally required

medical care. All detainees are entitled to these basic constitutional rights, regardless of their prior criminal record. Thus, even if Mr. Owensby was the person who ran from Officer Hunter on September 27, 2000, the police would not be entitled to use excessive force or deny him medical care. As a result, prior minor misdemeanor arrests and convictions for marijuana are irrelevant and inadmissible.

The issue of identity rests on the testimony of the only police officer who saw the person who said "The Boys" or "Five-0" on September 27, 2000—Officer Hunter. Plaintiff's challenge rests upon the contradiction inherent in Officer Hunter's own testimony: that this person was clean shaven and had a short afro when, in fact, Mr. Owensby had a beard and dreadlocks. Hunter Depo., p. 86:19 - 87:1. Both of these facts—the description of the person on September 27 and the positive identification of Mr. Owensby on November 7—will be admissible. Whether, Mr. Owensby had a prior minor misdemeanor arrest or even a conviction for marijuana possession is completely irrelevant to the issue of identity and is inadmissible. It is nothing more than a thinly veiled attempt at improper and inadmissible character assassination, prohibited by Rule 404(a).

    C.    **Roger Owensby Was Never A Drug Suspect.**

The third strawman constructed by Defendants is that Roger Owensby was a "drug suspect" on September 27, 2000. Doc. 175, Memo Contra, p. 7. This argument is flawed in two respects. First, there is no evidence that there was *any* drug dealing on September 27, 2000. In fact, the evidence is to the contrary. The two "drug suspects" that Officers Jorg and Hunter arrested on that day had no drugs on them and had no large sums of money suggesting drug

5

dealing. Hunter Depo. p. 88:14-21. Thus, the objective evidence is that the officers were either mistaken in their belief that they was drug activity or were simply on an unwarranted fishing expedition conducting illegal searches with no probable cause. More importantly, the person who Officer Hunter later identified as Roger Owensby ***was not suspected of any drug activity on September 27, 2000.*** Hunter Depo., p. 76:12-19. Thus, there is no basis for Defendants' assertion that any of the Officers were looking for Mr. Owensby on November 7, 2000 because he was a "drug suspect." As a consequence, evidence of prior arrests or convictions for minor misdemeanor marijuana possession is totally irrelevant and an impermissible attempt to use bad acts evidence in violation of Rule 404.

      **D.**    **Mr. Owensby's Minor Misdemeanor Convictions And Arrests Do Not Qualify Under The Other Exceptions To Evidence Rule 404(b).**

Evidence Rule 404(b) expressly provides that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." This is precisely what the Defendants are trying to do in this case. However, they argue, as they must, that Mr. Owensby's minor misdemeanor convictions and arrests are admissible under the exception to Evidence Rule 404(b)—that it is being offered for another purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Doc. 175, p. 6. As demonstrated above, the record of dismissed arrests and misdemeanor convictions is not probative of identity in this action. It also does not meet any of the other exceptions.

Motive is inapplicable here, since it is undisputed that the police officers who arrested, beat and abandoned Mr. Owensby did not know who he was and, certainly, were unaware of his


dismissed arrests or misdemeanor convictions.[1]  Moreover, the motive or state of mind of the police officers in the use of excessive force is irrelevant under a § 1983 inquiry. *Graham v. Connor*, 490 U.S. 386, 397 (1989) ("the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation....An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional) (citation omitted).  Likewise, Mr. Owensby's "motive" or reason in trying to run or allegedly resist is not known and irrelevant.  *Whether* he ran and *whether* he resisted is the only appropriate inquiry for the resulting use of force, not his motive.  Thus, motive is not an applicable exception for admitting Mr. Owensby's record of misdemeanor convictions and dismissed arrests.

The exceptions of "opportunity, intent, preparation, plan, knowledge" are likewise inapplicable here.  In fact, Defendants do not argue that these exceptions apply.  Doc. 175, pp. 6-8.  As demonstrated above, intent of the officers and Mr. Owensby is irrelevant in a use of force inquiry.  Likewise, opportunity, preparation, plan, and knowledge are all inapplicable.  Mr. Owensby's record of misdemeanor convictions and dismissed arrests cannot establish any opportunity, preparation, plan, or knowledge, since the officer were unaware of Mr. Owensby's identity and criminal record and there is no evidence that Mr. Owensby even knew that he was

---

[1] Caton Depo., pp. 139:19 - 140:4 ("And I walked up to him and I said, 'Hey, Sarge, I got to tell you what happened here.'  And I began to tell him, 'We approached this' -- tell the story in chronological order.  And he stopped me after a few seconds and said, 'Start at the beginning. What's this guy's name?'  And I said, 'He said his name was Roger something, but I can't recall.' He said, 'Well, let's begin there.'  And that's when we approached the Golf Manor cruiser.")

wanted by the police. In fact, during his questioning and while agreeing to the pat-down search of his person, Mr. Owensby told Officers Hunter, Jorg and Caton, "I'm not wanted. You can pat me down after you run me through [your computer]." Hunter, Depo., p. 140:3-6.

Finally, Mr. Owensby's record of minor misdemeanor convictions and dismissed arrests is not probative of "absence of mistake or accident." Doc. 175, p. 7. This is just another version of the identity argument discredited above. Plaintiff fully expects that Officer Hunter will testify, consistent with his deposition that he positively identified Mr. Owensby as the man who ran from him on September 27, 2000. Since it is undisputed that Officer Hunter had no knowledge of Mr. Owensby's name or identity, he was likewise totally unaware of Mr. Owensby's record of minor misdemeanor convictions and dismissed arrests. Thus, Mr. Owensby's record is irrelevant to show absence of mistake or accident.

## IV.  MISDEMEANOR CONVICTIONS AND DISMISSED ARRESTS ARE NOT ADMISSIBLE TO ATTACK FUTURE EARNING CAPACITY

Finally, Defendants argue (again without citation to any authority) that Mr. Owensby's arrests and convictions for minor misdemeanor marijuana possession are admissible because they "bear on the damages and future wages calculations." Doc. 175, p. 8. Plaintiff has presented a number of cases that establish that such speculative evidence is inadmissible for the purpose of attacking future wage calculations. Doc. 170, Motion, pp. 8-10, *citing Toombs v. Manning*, 835 F.2d 453, 469 (3rd Cir. 1987) (relevance of a proffered criminal history on the issue of damages and future earning capacity is substantially outweighed by the risk of unfair prejudice under Rule 403); *Gust v. Jones*, 162 F.3d 587, 596 (10th Cir. 1998) ("the potential prejudice of Mr. Gust's convictions outweighed its potential probative value"); *Dover-Hymon v. Southland Corp.*, 1993

U.S. Dist. LEXIS 13494, *9-10 (E.D. Penn. Sept. 27, 1993) (prior criminal history of plaintiff inadmissible on the issue of future earning capacity because any relevance is substantially outweighed by the risk of unfair prejudice) (attached to Plaintiff's Motion).  In their response, Defendants cite not a single case or even attempt to distinguish Plaintiff's authority.

Instead, Defendants argue that such evidence of past minor misdemeanors and arrests for marijuana possession, coupled with the fact that Mr. Owensby was not working at the time that he was killed by the police, "strongly suggests he might have worked as a drug dealer."  Beyond the fact that this is patently illogical, Defendants' argument is contradicted by their own police officers.  Officer Caton was fired in March 2003 for his role in Mr. Owensby's death.  Caton Depo., p. 37:15-18.  However, as of his October 17, 2003 deposition, he had not worked a single day since his termination.  Caton Depo., p. 57:7-11.  Likewise, Officer Spellen was terminated for his alleged perjury at Officer Jorg's criminal trial in February 2003 and, as of his October 15, 2003 deposition, had not worked a single day since his termination.  Spellen Depo., pp. 17:14 - 18:2.  Under Defendants' warped logic, evidence of past minor misdemeanor convictions and arrests[2] could be used to establish that these officers are drug dealers who have no expectation of future earning capacity.

## V.   CONCLUSION

Defendants' insistence on using minor misdemeanor convictions and dismissed arrest records belies their true intent—to defend their constitutional violations by smearing the

---

[2] In the case of Officer Caton who has a conviction for driving while intoxicated with an unauthorized weapon, defendants' logic would make such a conviction admissible to prove that Officer Caton was an alcoholic illegal weapons dealer who would generate no future earning capacity.  Exhibit 129, C001638-1641.

9

reputation and character of the person they killed on November 7, 2000. The law is clear that such minor misdemeanor convictions and dismissed arrests are inadmissible as irrelevant under Evidence Rules 401 and 402, inadmissible as improper character evidence under Evidence Rule 404, and inadmissible as unfairly prejudicial under Evidence Rule 403.

Respectfully submitted,

/s/ James B. Helmer, Jr.
James B. Helder, Jr.  (0002878)
Paul B.  Martins (0007623
Frederick M. Morgan, Jr.  (0027687)
HELMER, MARTINS & MORGAN CO., L.P.A.
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone:    (513) 421-2400
Facsimile:    (513) 421-7902

*Trial Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Plaintiff's Reply In Support Of Motion *In Limine* to Exclude Evidence of Roger Owensby, Jr.'s Prior Misdemeanor Convictions And Arrests was electronically filed on June 2, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      <u>/s/ Paul B. Martins</u>