# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ESTATE OF ROGER D.                    :
OWENSBY JR., et al.,

                                              :     **CASE NO. 01-CV-769**
                                                                 **(Judge S. A. Spiegel)**

              **Plaintiff,**                    :

      **v.**                                    :

**CITY OF CINCINNATI, et al.**            :

              **DEFENDANTS.**                :
_____

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS
_____

Respectfully submitted,

Julia L. McNeil (0043535)
City Solicitor


/s/ *Neil F. Freund*
_____
Neil F. Freund              (0012183)
FREUND, FREEZE & ARNOLD
One Dayton Centre, Ste. 1800
One South Main Street
Dayton, Ohio 45402-2017
(937) 222-2424

/s/ Geri Geiler
Geri Hernandez Geiler (0042081)
Sr. Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, OH 45202
(513) 352-3329
(513) 352-1515 (fax)

Trial Attorney for Defendants City
of Cincinnati,

/s/ Donald E. Hardin /Kimberly A. Rutowski
Donald E. Hardin          (0022095)
Kimberly A. Rutowski       (0076653)
HARDIN, LEFTON, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202
(513) 721-7300
(513) 721-7008 (fax)

Trial Attorneys for Defendants
Robert Blaine Jorg, Patrick Caton, Jason
Hodge, Darren Sellers and Victor
Spellen.

# TABLE OF CONTENTS

Introduction.................................................................................................................1

Function of the Jury.....................................................................................................2

Publicity During Trial…………………………………………………………………..3

Instructions Apply to Each Party................................................................................4

Burden of Proof ..........................................................................................................5

Preponderance of the Evidence .................................................................................6

Certainty Not Required................................................................................................7

Evidence......................................................................................................................8

Direct and Circumstantial Evidence ...........................................................................9

Credibility of Witnesses.............................................................................................10

Prior Inconsistent Statements...................................................................................12

Opinion Evidence - Expert Witnesses.......................................................................13

Exhibits......................................................................................................................14

Overview of Plaintiff's Claims and Defendants' Defenses.........................................15

Stipulations of the Parties..........................................................................................17

Evidence Admitted for a Limited Purpose .................................................................18

Violation of Police Policy Does Not Constitute a Violation of Constitutional Rights…….20

Section 1983 Claim – Excessive Use of Force - Essential Elements............................21

Section 1983 Claim - Under Color of State Law...........................................................22

Section 1983 Claim - Knowingly - Defined .................................................................23

Section 1983 Claim - Excessive Force - Defined ........................................................24

Section 1983 Claim – Denial of Medical Care – Essential Elements……………………26

Section 1983 Claim - Proximate Cause – Defined……………………………………………28

Probable Cause for Arrest……………………………………………………………29

Reasonable Suspicion – Investigatory Stop…………………………………………30

Qualified Immunity (Good Faith Defense)………………………………………………31

State Claims – Assault and Battery………………………………………………………32

State Claims - Wrongful Death - Essential Elements ...................................................33

State Claims - Wrongful Death -...................................................................................34
Malice, Bad Faith, Wanton and Reckless - Defined

State Claims - Wrongful Death -...................................................................................35
Proximate Cause – Defined

Negligence Insufficient for Liability Under §1983…………………………………………36

Liability of Superior Officers- Failure to Supervise-
Police Chief Thomas Streicher – Excessive Force Claim………………………………..  37

Failure to Train on Use of Force Claim …………………………………………………  38

Municipal Liability – Respondeat Superior Not Applicable……………………………   40

Custom of Allowing Excessive Force……………………………………………………41

Multiple Defendants & Fair Consideration………………………………………………42

Joint Tortfeasors…………………………………………………………………………..43

Actual or Compensatory Damages...................................................................... 44

Cautionary Instruction of Actual or Compensatory Damages........................................ 46

Punitive Damages ......................................................................................................... 47

Interrogatories ............................................................................................................... 48

No Recommended Answers to Interrogatories ............................................................. 49

Duty in Deliberating....................................................................................................... 50

Miscellaneous................................................................................................................ 51

ii

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1**

**<u>INTRODUCTION</u>**

**MEMBERS OF THE JURY:**

Now that you have heard the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Fed. Jury Prac. & Inst., 5th Ed. §103.01

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2**

**FUNCTION OF THE JURY**

Your function as jurors in this case is to determine the issues of fact presented by the claims of the Plaintiff, the Estate of Roger Owensby Jr., against the Defendants, Patrick Caton, Jason Hodge, David Hunter, Robert Blaine Jorg, Darren Sellers, Victor Spellen, Thomas Streicher and the City of Cincinnati.

You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. All persons stand equal before the law and are to be dealt with as equals in a court of justice. Sympathy for any party, or prejudice against any party, should play no part in your deliberations or in your decision.

Fed. Jury Prac. & Inst., 5th Ed. §103.01 and §103.11

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3**

**<u>PUBLICITY DURING TRIAL</u>**

If there is publicity about this trial, you must ignore it.  You must decide this case only from the evidence presented in the trial.  Do not read anything or listen to any television or radio programs about the case.  You must decide this case only from the evidence presented in the trial.

I am advised that reports about this trial are appearing in the newspapers and on radio and television.  The person who wrote or is reporting the story may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

Please do not read anything or listen to anything or watch anything with regard to this trial.  You must decide the case solely and exclusively on the evidence that will be received here in court.

Fed. Jury Prac. & Inst., 5th Ed., §102.12

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**

**INSTRUCTIONS APPLY TO EACH PARTY**

Unless otherwise stated, you should consider each instruction given to apply separately and individually to the Plaintiff and to the Defendants in this case.

Fed. Jury Prac. & Inst., 5th Ed. §103.10

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**

**<u>BURDEN OF PROOF</u>**

The person who claims that certain facts exist must prove them by sufficient evidence to establish, in the minds of you the jury, the degree of belief required by law. This obligation is known as the burden of proof. In this case, the person who claims that certain facts exist must prove them by the preponderance of the evidence.

In this case, the Plaintiff has asserted several claims against the Defendants. That is, the Plaintiff has asserted facts upon which he claims that the Defendants are liable or legally responsible.

The burden of proving his claims is on the Plaintiff. In order to prevail, the Plaintiff must establish all of the essential elements of one or more of his claims by the preponderance of the evidence. Later in these instructions, the Court will explain the Plaintiff's claims and outline the essential elements and factual issues concerning them.

The Defendants have no burden of proof on any issue in this case.

Ohio Jury Inst. Chapter 3.10

*Miller v. Taylor*, 877 F.2d 469 (6th Cir. 1989)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6**

**PREPONDERANCE OF THE EVIDENCE**

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your minds the evidence opposed to it.

A preponderance means evidence that is more probable, more persuasive or of greater probative value.  It is the quality of the evidence that must be weighed.  Quality may or may not be identical with quantity or the greater number of witnesses or exhibits.

If the weight of the evidence is equally balanced or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by the preponderance of the evidence.

In determining whether any fact in issue has been proved by the preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Fed. Jury Prac. & Inst., 5th Ed. §104.01

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7**

**CERTAINTY NOT REQUIRED**

Although the burden is on the party who asserts the affirmative of an issue to prove the claim by the preponderance of the evidence in the case, the rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In a civil action such as this, it is proper to find that a party has succeeded in carrying the burden of proof on an issue of fact if, after consideration of all the evidence in the case, the jurors believe that what is sought to be proved on that issue is more likely true than not true.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8**

**<u>EVIDENCE</u>**

We have used the term "evidence" with some frequency.  Evidence in a case is only the sworn testimony of witnesses, the exhibits received in evidence, and the facts that have been admitted or stipulated, that is, agreed to between the parties.

Opening statements and final arguments of counsel, and any question by counsel which contains an assertion of fact, are not evidence.  Anything to which an objection has been sustained by the Court, or anything that you may have seen or heard outside of the courtroom, is not evidence.  These items must be entirely disregarded.

Statements or answers that were stricken by the Court or which you were instructed to disregard are not evidence and likewise they must be treated as though you had never heard them.

You must not speculate as to why the Court sustained the objection to any question or what the answer to such question might have been.  You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

Fed. Jury Prac. & Inst., 5th Ed. §101.49, §102.71, §103.30

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.

Direct evidence is testimony given by a witness who has seen or heard the facts to which he or she testifies. It includes exhibits admitted into evidence during the trial.

Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of people.

To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may but are not required to make from other facts which you find have been established by direct evidence. Whether an inference is made rests entirely with you.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Fed. Jury Prac. & Inst., 5th Ed. §101.42

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

## **CREDIBILITY OF WITNESSES**

In your efforts to determine the facts, you will be faced with the problem of what weight should be given to the testimony of each witness.  In simple terms, you must determine how credible or believable any witness is.  You may believe all that a witness tells you, part of what he or she tells you, or none of what he or she tells you.

Consider carefully the circumstances under which each witness testified.  Remember the response to questions, assurance or lack of it in answering, and the entire demeanor or appearance while on the witness stand.  Consider also any relation that a witness may bear to either side of the case, his or her reasons for testifying, any interest he or she may have in the outcome of the case, any prejudice or bias he or she may have shown, including any reason or motivation to bear hostility or animosity toward any party, and any partiality he or she may have demonstrated.

In dealing with contradictory testimony, you may consider which testimony the exhibits admitted into evidence support or contradict.

Material inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit that testimony.  In considering the effect of a discrepancy, do not be misled by an unimportant detail, but do consider all discrepancies that relate to matters of importance.  Consider also whether a discrepancy resulted from an innocent error or an intentional falsehood.

Keep in mind that two individuals rarely, if ever, describe an incident precisely alike in all minute details; note that a given individual rarely, if ever, describes the same incident twice in the same minute details.

In your daily life, you are constantly determining who is worthy of belief and who is not. In this case, employ the same tests in determining who is worthy of belief and who is not. Employ the same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness who testified in this trial.

If you believe that a witness has been discredited as to a part of his or her testimony, you may give the balance of his or her testimony such credence, such belief, if any, that you believe it deserves.

Fed. Jury Prac. & Inst., 5th Ed. §101.43, §105.01

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11**

**PRIOR INCONSISTENT STATEMENTS**

Evidence that at some other time a person testifying made a statement under oath at an earlier deposition or in earlier testimony before a different body, which earlier statement is inconsistent with the witness' testimony at trial, may be considered as evidence or proof of the truth of any such earlier statement, as well as for purposes of judging the credibility of the person as a witness.

Evidence that at some other time a party in this case made a prior statement which was not under oath, which earlier statement is inconsistent with the party's testimony at trial, may be considered as evidence or proof of the truth of any such earlier statement, as well as for purposes of judging the credibility of the person as a witness.

Evidence that at some other time a witness, who is not a party in this case, made a prior statement which was not under oath, which earlier statement is inconsistent with the witness' testimony at trial, may be considered for purposes of judging the credibility of the person as a witness.

Fed. Jury Prac. & Inst., 5th Ed. §105.04; §105.09

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**

**OPINION EVIDENCE - EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession or calling, may state their opinion as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

An expert opinion, however, is not binding upon the jury. You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely. If, on the other hand, you should decide that the opinion of an expert witness is based upon sufficient education and experience, that the reasons given in support of the opinion are sound and that the facts upon which the opinion is based are accurate and complete, you may consider that opinion as evidence in your deliberations.

Fed. Jury Prac. & Inst., 5th Ed. §101.40

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

### <u>EXHIBITS</u>

A number of exhibits and testimony related to them have been introduced.  You will determine what weight, if any, the exhibits should receive in the light of all the evidence.

As indicated earlier, you must consider, among other things, all exhibits received in evidence, regardless of who may have produced them.  This is an important point.  In this case, the Defendants identified as exhibits many of the same items (such as documents) that also were marked and admitted by the Plaintiff.  In order to avoid duplication (the necessity of the jury having to review two sets of exhibits, many of the parts of which would be identical), this Court declines to admit exhibits of one party that are duplications of exhibits already admitted into evidence by the other party.  Therefore, you are to attach no significance, whatsoever, to the fact that a given item of evidence has been admitted as the Plaintiff's exhibit as opposed to the Defendants' exhibit.  Conversely, you are to attach no significance, whatsoever, to the fact that a given item of evidence has been admitted as the Defendants' exhibit rather than the Plaintiff's exhibit.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14**

**<u>OVERVIEW OF PLAINTIFF'S CLAIMS AND DEFENDANTS' DEFENSES</u>**


The Plaintiff is Roger Owensby, the Administrator of Roger Owensby Jr.'s estate. The Plaintiff brings this lawsuit as a result of the death of Roger Owensby Jr., which occurred on November 7, 2000. The Plaintiff contends that Defendants, Caton, Hodge, Hunter, Jorg, Sellers and Spellen used excessive force and acted with malice, in bad faith or in a reckless or wanton manner, when they detained and arrested Roger Owensby Jr. The Plaintiff contends that the Defendants knew or should have known that Roger Owensby Jr.'s condition required immediate medical care and that the Defendants willfully, wantonly and callously failed to seek immediate medical care. The Plaintiff also contends that the Defendants did not have probable cause to arrest Roger Owensby Jr. Plaintiff further contends that the City of Cincinnati failed to establish adequate police procedures and failed to properly train and supervise the officers.

Based upon these allegations, the Plaintiff has set forth five claims for relief under Section 1983 of Title 42 of the United States Code and under Ohio law.

<u>First</u>, Plaintiff asserts a claim under Section 1983 against Caton, Hodge, Hunter, Jorg, Sellers and Spellen, alleging that they used excessive force to seize Roger Owensby Jr., thus violating Roger Owensby Jr.'s right to be free from unreasonable seizures, which is guaranteed by the Fourth Amendment to the United States Constitution. The Plaintiff also asserts that Caton, Hodge, Hunter, Jorg, Sellers and Spellen were deliberately indifferent to the medical needs of Roger Owensby Jr.

Second, Plaintiff asserts a state claim for proximate damages against Caton, Hodge, Hunter, Jorg, Sellers and Spellen for their responsibility to provide timely medical care to Roger Owensby Jr.

Third, Plaintiff asserts pendent state claims of assault and battery and negligence for excessive use of force against Caton, Hodge, Hunter, Jorg, Sellers and Spellen.

Fourth, Plaintiff asserts pendent state claims for vicarious liability against the City of Cincinnati and Village of Golf Manor arising out of the actions of the defendant police officers.

Fifth, Plaintiff asserts a wrongful death claim against Caton, Hodge, Hunter, Jorg, Sellers and Spellen under Ohio law, as a result of Roger Owensby Jr.'s death. The Plaintiff alleges that wrongful acts of Caton, Hodge, Hunter, Jorg, Sellers and Spellen caused the death of Roger Owensby Jr.

The Defendants deny that they violated Roger Owensby Jr.'s rights under the Fourth Amendment or Fourteenth Amendment. The Defendants deny they committed wrongful acts against Roger Owensby Jr. Defendants assert that they are absolutely and/or qualifiedly immune from suit pursuant to federal law and immune pursuant to Ohio Revised Code §2744.01. Defendants contend that they acted with probable cause and in good faith. The Defendants contend that their actions were objectively reasonable under the circumstances of the events occurring on November 7, 2000. The Defendants acted in self-defense and in the defense of others. Roger Owensby unreasonably resisted a lawful detention and arrest and his intentional conduct proximately resulted in his own injuries and                                                                                     death.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15**

**STIPULATIONS OF THE PARTIES**

The parties have stipulated to the following facts, which you must accept as true:

1.    Defendants Patrick Caton, Jason Hodge, David Hunter, Robert B. Jorg, Darren Sellers and Victor Spellen were on-duty City of Cincinnati police officers on November 7, 2000 and were acting under the color of state law.

2.    Roger Owensby, Jr. died at the time Defendant police officers were attempting to arrest him.

3.    Roger Owensby, Jr. was an African American male who was twenty-nine years old on November 7, 2000.

Fed. Jury Prac. & Inst., 5th Ed. §102.11

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**

**EVIDENCE ADMITTED FOR A LIMITED PURPOSE**

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other purpose.

You may consider the Use of Force Policy for the Cincinnati Police Department, solely for the purpose of determining whether the Plaintiff has proven his wrongful death claim under Ohio law, by the preponderance or greater weight of the evidence. When deciding whether the Plaintiff has established claim under Section 1983, you may not consider the Use of Force Policy solely for the purpose of determining whether the Plaintiff has proven his claims under Ohio law, by the preponderance or greater weight of the evidence.  When deciding whether the Plaintiff has established his claim under Section 1983, you may not consider the Use of Force Policy.

You have heard testimony about various use of force continuums. You may consider this testimony when deciding whether the Plaintiff has established his claim under Section 1983.  You also may consider this testimony when deciding whether the Plaintiff has established his wrongful death claim under Ohio law.

You have heard testimony that Roger Owensby Jr. had a criminal record.  You have also heard testimony that Roger Owensby Jr. had a history of drug abuse and had used marijuana the day he died.  Finally, you have heard evidence that there were drugs found on Roger Owensby Jr. on the night of his death.  The Defendants had no knowledge of these facts at the time of the arrest.  As a result, these facts cannot justify

the use of force by the Defendants.  However, you may consider Roger Owensby Jr.'s criminal record, his history of drug abuse, and his use of drugs the day he died for the limited purpose of determining Roger Owensby Jr.'s state of mind when stopped by Caton, Jorg and Hunter and whether Roger Owensby Jr. actively resisted arrest, thereby causing or contributing to his own death.

Fed. Jury Prac. & Instruc., 5th Ed. §101.45 Evidence for Limited Purpose

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17**

**<u>VIOLATION OF POLICE POLICY DOES NOT CONSTITUTE A VIOLATION OF
CONSTITUTIONAL RIGHTS</u>**

A city's police department may choose to hold its officers to a higher standard
than that required by the Constitution without being subjected to or subjecting their
officers to increased liability under §1983.  Violation of a police policy or procedure
does not equal a Constitutional violation.

*Claybrook v. Birchwell,* 274 F.3d 1098 (6th Cir. 2001)

*Russo v. City of Cincinnati,* 953 F.2d 1036 (6th Cir. 1992)

*Smith v. Freland*, 954 F2d 343, 347-348 (6th Cir. 1992)

*U.S. v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18**

## SECTION 1983 CLAIM – EXCESSIVE USE OF FORCE -ESSENTIAL ELEMENTS

In order to establish his Section 1983 claim against Caton, Hodge, Hunter, Jorg, Sellers, and Spellen predicated on the alleged use of excessive force to seize Roger Owensby Jr., the Plaintiff must prove each of the following essential elements by the preponderance or greater weight of the evidence:

First, that Caton, Hodge, Hunter, Jorg, Sellers, and Spellen were acting under color of state law when they detained and arrested Roger Owensby Jr.;

Second, that Caton, Hodge, Hunter, Jorg, Sellers, and Spellen acted knowingly;

Third, that Caton, Hodge, Hunter, Jorg, Sellers, and Spellen used excessive force to seize Roger Owensby Jr., there by depriving him of a right secured by the United States Constitution; and

Fourth, that Caton, Hodge, Hunter, Jorg, Sellers, and Spellen's use of excessive force to seize Roger Owensby Jr. was a direct and proximate cause of any injuries alleged.

If the Plaintiff fails to prove any one of these elements you must find for the Defendants.

Fed. Jury Prac. & Inst., 5th Ed. §165.20

*Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1980).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19**

**<u>SECTION 1983 CLAIM - UNDER COLOR OF STATE LAW</u>**

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county or municipal law, ordinance or regulation.

The parties have stipulated and agreed that at all relevant times in this case, the Defendant Officers were police officers of the City of Cincinnati Police Department and were acting under color of state law when they detained and arrested Roger Owensby Jr. Accordingly, the issue of whether the Defendant Officers acted under color of law is withdrawn from your consideration and must be considered to be true.

Fed. Jury Prac. & Inst., 5th Ed. §165.40

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20**

**SECTION 1983 CLAIM - KNOWINGLY - DEFINED**

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. "Knowingly" refers to a conscious decision to take certain actions, and not a conscious decision to deprive someone of a right, privilege or immunity secured or protected by the Constitution or the laws of the United States.

Fed. Jury Prac. & Inst., 5th Ed. §167.31

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21**

**<u>SECTION 1983 CLAIM - EXCESSIVE FORCE - DEFINED</u>**

In this claim, the Plaintiff alleges that Patrick Caton, Jason Hodge, David Hunter, Robert B. Jorg, Darren Sellers and Victor Spellen deprived Roger Owensby Jr. of his Fourth Amendment right to be free from an unreasonable seizure involving the excessive use of force.   The Fourth Amendment provides, in part, that "[t]he right of the people to be secure in their persons, ... against unreasonable ... seizures shall not be violated."

When Roger Owensby Jr. was detained and arrested, he was "seized," within the meaning of the Fourth Amendment.  When a police officer uses excessive force to seize a person, that seizure is unreasonable, even if the seizure is otherwise made in accordance with law.

The test to determine whether a police officer has used excessive force is whether the officer's use of force was objectively reasonable in light of the facts and circumstances confronting him at that time.   Specific factors to consider include, whether the suspect poses an immediate threat to the safety of the officer or others, whether he is resisting, and whether the officer could have reasonably avoided the use of force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  In assessing the reasonableness of the amount of force used, you must make allowance for the fact that police officers often are forced to make split second judgments - in circumstances that are tense, uncertain and rapidly evolving-about the amount of force that is necessary in a particular situation.

The test to determine whether a police officer has used excessive force must be applied without regard to a given officer's underlying intent or motivation.    The police officer's evil intent will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force lawful under the Fourth Amendment.

*Graham v. Connor*, 490 U.S. 386, 396-97 (1988)

§1983 Litigation Forms, 3rd Ed. §5-50, §5-51 (2002)

Fed. Jury Prac. & Inst., 5th Ed. §

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22**

<u>SECTION 1983 CLAIM- DENIAL OF MEDICAL CARE-ESSENTIAL ELEMENTS</u>

The Plaintiff claims that Roger Owensby Jr. was deprived of his Fourteenth Amendment right to receive adequate medical care subsequent to his arrest.  Mere negligent or inadvertent inattention to plaintiff's medical needs does not amount to a violation of his constitutional rights.  The medical need at issue must be "sufficiently serious" to actually raise awareness in a person's custodians.  Deliberate indifference is established only if there is actual knowledge of a substantial risk that plaintiff has a serious medical problem and if the defendants consciously refuse to take steps to deal with the problem.  Under circumstances that are rapidly evolving and there is limited time to act, due process requires proof of malice and intent to harm.

Thus, Plaintiff must prove that Caton, Jorg and/or Hodge:

<u>First,</u> actually knew of a sufficiently serious medical condition that posed a substantial risk to Roger Owensby Jr.;

<u>Second,</u> acted with malice and intent to harm Roger Owensby Jr. by failing to provide medical care; and

<u>Third,</u>  the denial of medical care was a direct and proximate cause of his death.

If the Plaintiff fails to prove any one of these elements you must find for the Defendants.

*Estelle v. Gamble,* 429 U.S. 97 (1976)

*Bell v. Wolfish,* 441 U.S. 520 (1979)

*Watkins v. City of Battle Creek,* 273 F.3d 682 (6th Cir. 2002)

*County of Sacramento v. Lewis,* 523 U.S. 833 (1998)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23**

**SECTION 1983 CLAIM - PROXIMATE CAUSE - DEFINED**

The Plaintiff must prove not only that Roger Owensby Jr.'s Fourth and Fourteenth Amendment rights were violated when he was detained and arrested, but also that the violation of his Fourth and Fourteenth Amendment rights was a proximate cause of his alleged injuries.  A violation of the Fourth Amendment is a proximate cause of the death of a person, when it creates a situation which, in the natural and continuous sequence, directly produces the death, and without which the death would not have occurred.  The necessary proximate cause exists when a death is the natural and foreseeable result of a violation of the Fourth Amendment.

The test for foreseeability is not whether a party should have foreseen the harm as it happened to a specific person.  The test is whether under all the circumstances a reasonably prudent person would have anticipated that harm was likely to result to someone from the act.

Fed. Jury Prac. & Inst., 5th Ed. §165.23

*Vaughn v. City of Lebanon,* 18 Fed. Appx. 252 (6th Cir. 2001)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO.  24**

**PROBABLE CAUSE FOR ARREST**


A police officer may not arrest a person without an arrest warrant unless he has probable cause to believe that a crime has been committed and that the person in question has committed that crime.  Probable cause exists if the facts and circumstances known to the officer, and of which he had reasonably trustworthy information, are sufficient to warrant a prudent person in believing that the suspect probably has committed a crime. Eyewitness identification alone is probable cause.   A mere possibility that the person has committed a crime is not enough.  The hunch, guess, conjecture, or surmise of an officer is not enough, and there must be enough actual evidence to reasonably lead to the conclusion that the suspect has committed a crime.  If you find that the defendant arrested the plaintiff without probable cause, you must find the defendant liable for a violation of the plaintiff's constitutional rights.


*Beck v. Ohio,* 379 U.S. 89, 91 (1964)

*Ahlers v. Schebil,* 188 F.3d 365 (6th Cir. 1999)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25**

**<u>REASONABLE SUSPICION –INVESTIGATORY STOP</u>**


Police officers have the authority to make a brief stop of an individual when the officer has a reasonable, articulable suspicion that the individual was involved in criminal wrongdoing.  The police officer must be able to articulate more than an inchoate and unparticularized suspicion or hunch.   Whether reasonable suspicion exists is determined by the totality of the circumstances and is a less demanding standard than probable cause.


*Terry v. Ohio,* 392 U.S. 1 (1968)

*Alabama v. White,* 496 U.S. 325 (1990)

*U.S. v. Arvizu,* 534 U.S. 266 (2002)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26**

**QUALIFIED IMMUNITY – GOOD FAITH DEFENSE**

If you find that the Plaintiff has proven his claim, you must then consider the Defendant Officers' defense that they acted in good faith and therefore, are not liable. The concern of the good faith inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the searches, you find from a preponderance of the evidence that the police officers had a reasonable and good faith belief that their actions did not violate the constitutional rights of the plaintiff, then you cannot find them liable even if the Plaintiff's rights were in fact violated as a result of the Defendant's good faith action.

*Saucier v. Katz*, 533 U.S. 194, 205 (2001)

*Fisher v. City of Memphis*, 234 F.3d 312 (6th 2000) (While the issue of qualified immunity normally rests with the court, in cases arising under the Fourth Amendment's U.S. Const. Amend. IV, reasonableness standard, the applicability of qualified immunity will often turn on the resolution of contested factual issues. Where the legal question of qualified immunity turns upon which version of facts one accepts, the jury, not the judge must determine liability.)

*Blisset v. Coughlin*, 66 F.3d 531 (2nd Cir. 1995)

*Anderson v. Creighton*, 483 U.S. 635, 638 (1987)

§1983 Litigation Forms §5-61, 3rd Ed. (2002)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27**

**STATE CLAIM: ASSAULT AND BATTERY**

An assault is the intentional offer or attempt, without authority or consent, to harm or offensively touch another that reasonably places the other in fear of such contact.

Battery is intentional, unconsented, contact with another.

The defendants claim that they had authority and they were justified using only the amount of force necessary to effect the arrest. This is an affirmative defense. The burden of proving an affirmative defense by a preponderance of the evidence is on the defendants.

Ohio Jury Inst., §219.01; §219.02; §3.10

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28**

**STATE CLAIM - WRONGFUL DEATH - ESSENTIAL ELEMENTS**

In addition to, and independent from, the claim that Roger Owensby Jr.'s rights under the Fourth Amendment were violated, the Plaintiff asserts state-law wrongful death claim against the Defendants, as a result of Roger Owensby Jr.'s death.  In order to prevail on this claim, the Plaintiff must prove each of the following essential elements by the preponderance or greater weight of the evidence.

First, that Caton, Hodge, Hunter, Jorg, Sellers, and/or Spellen acted with malice, in bad faith, or in a wanton or reckless manner when Roger Owensby Jr. was detained and subdued; and

Second, that the malicious, bad faith, wanton or reckless actions of Caton, Hodge, Hunter, Jorg, Sellers, and/or Spellen were a proximate cause of Michael Carpenter's death.

Ohio Revised Code § 2744.03(A)(6)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29**

**STATE CLAIM - WRONGFUL DEATH - MALICE, BAD FAITH,
WANTON AND RECKLESS - DEFINED**

Malice means an attitude or state of mind that makes a person knowingly do an act for an improper or wrongful purpose. It includes a wrongful act, intentionally done. It also includes an intent to annoy or injure another, although ill will or personal hostility are not required. The existence of malice may be determined from all facts and circumstances in evidence.

Bad faith is the absence of good faith, generally involving an act, not prompted by an honest mistake or failure to exercise reasonable care, but rather by some interested or improper motive.

An individual acts in a wanton manner when, under the surrounding circumstances and existing conditions, he must be aware, from his knowledge of the circumstances and conditions, that his conduct probably will result in injury. Wanton misconduct implies a failure to use any care for another person and an indifference to the consequences, when the probability that harm will result from such a failure is great, and such probability is known, or ought to have been known, to the actor.

A person acts in a reckless manner when, with needless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result.

§1983 Litigation Forms, 3rd Ed. § 5-64 (2002)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30**

**STATE CLAIM - WRONGFUL DEATH**
**PROXIMATE CAUSE - DEFINED**

The Plaintiff must prove not only that Caton, Hodge, Hunter, Jorg, Sellers and Spellen were negligent when they detained and arrested Roger Owensby Jr., but also that such conduct was a proximate cause of his death.  A Defendant's malicious, bad faith or wanton or reckless actions are a proximate cause of the death of a person when those actions create a situation which, in the natural and continuous sequence, directly produces the death, and without which it would not have occurred.  Proximate cause exists when the death is the natural and foreseeable result of a Defendant's malicious, bad faith, wanton or reckless actions.

The test for foreseeability is not whether a party should have foreseen the harm as it happened to a specific person.  The test is whether under all the circumstances a reasonably prudent person would have anticipated that harm was likely to result to someone from the act.

Ohio Jury Inst., §11.10

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 31**

**NEGLIGENCE INSUFFICIENT FOR LIABILITY UNDER §1983**

Negligent conduct may not form the basis for a claim of excessive force under the federal Constitution. Negligence is defined as the failure to use ordinary care.

Therefore, if you find that the Defendant Officers were merely negligent in their duties, you shall not find them liable on Plaintiff's claim of any violation of Plaintiff's Fourth or Fourteenth Amendment rights.

*Daniels v. Williams*, 474 U.S. 27 (1986)

*Collins v. City of Harker Heights*, 503 U.S. 115 (1992)

*Lewellen v. Metropolitan Government*, 34 F.3d 345, 349 (6th Cir)

Ohio Jury Instructions, General, §7.10 (2002)

§1983 Litigation Forms §5-52 (2002)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32**

**LIABILITY OF SUPERIOR OFFICERS – FAILURE TO SUPERVISE - POLICE CHIEF**

**THOMAS STREICHER – EXCESSIVE FORCE CLAIM**

Plaintiff makes a claim that Chief of Police, Thomas Streicher, unconstitutionally failed to supervise the Defendant Officers, resulting in the Defendant Officers using excessive force in the arrest of Roger Owensby, Jr.

Plaintiff must establish each of the following:

First:   That the Defendant Police Officers unconstitutionally used excessive

force against Roger Owensby Jr. ; and

Second:   That Chief Streicher either authorized or directly participated in the

specific incident of misconduct which he knew or should have

known would cause others to inflict the constitutional injury.

Liability under this theory must be based upon more than a mere right to control employees and cannot be based upon simple negligence.

Fed. Jury Prac. & Inst. §165.24 (5th Ed. 2001), citing *Hayes v. Jefferson County*, 668 F.2d 869,. 874 (6th Cir.), rehearing denied, 673 F.2d 152 (6th Cir. 1982), construing *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598 (1976); *Vaughn v. City of Lebanon*, 18 Fed. App. 252, 270; 2001 U.S. App. LEXS 18935.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 33**

**FAILURE TO TRAIN ON USE OF FORCE CLAIM**

Plaintiff claims that Roger Owensby, Jr. was deprived of his civil rights as a result of the City of Cincinnati's and Chief Thomas Streicher's failure to train its police officers in the use of force necessary to effect a lawful arrest.

To establish this claim, Plaintiff must prove all of the following:

1)    That excessive force was unconstitutionally used against Roger Owensby, Jr.; and

2)    The City of Cincinnati and Chief Streicher failed to provide adequate training, identifying the specific training deficiency that caused the alleged harm to Roger Owensby, Jr; and

3)    The City of Cincinnati and Chief Streicher failed to act in response to repeated findings of use of unconstitutional excessive force by its officers; and

4)    The City of Cincinnati and Chief Streicher knowingly or recklessly disregarded the need to train its police officers differently in the use of force in light of foreseeable circumstances that could result from the lack of instruction; and

5)    The failure to provide proper training on the use of force was the proximate cause of the deprivation of Roger Owensby's civil rights.

That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program.

Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality can a city be liable for such a failure under §1983.

*City of Canton v. Harris*, 489 U.S. 378, 390-391(1989)(citing *Springfield v. Kibbe*, 480 U.S. at 268 (O'Connor, J., dissenting); *Oklahoma City v. Tuttle*, 471 U.S. at 821(emphasis added); *Brown v. Shaner*, 172 F.3d 927, 930 (6th Cir. 1999)(quoting *City of Canton*, supra at 389.)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 34**

**MUNICIPAL LIABILITY – RESPONDEAT SUPERIOR NOT APPLICABLE**

A municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation. Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.  It is not enough merely to show that the City of Cincinnati employee caused the constitutional deprivation.

*City of Canton v. Harris,* 489 U.S. 378, 388–389 (1989).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 35**

**<u>CUSTOM OF ALLOWING EXCESSIVE FORCE</u>**

In order for Plaintiff to prove an unconstitutional custom of allowing excessive force by the City of Cincinnati the Plaintiff must prove the following:

1)      The existence of a clear and persistent pattern of unconstitutional use of excessive force by Cincinnati Police Officers; and

2)      Notice to City policymakers of the use of excessive force such that the need to act is so obvious that their conscious decision not to act amounts to a policy of deliberate indifference to Roger Owensby's constitutional rights; and

3)      The Policymaker's tacit approval of the unconstitutional use of excessive force; and

4)      That acquiescence proximately caused the alleged constitutional deprivation.

*Doe v. Tennessee*, 103 F.3d 495 (6th Cir. 1996)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 36**

**<u>MULTIPLE DEFENDANTS AND FAIR CONSIDERATION</u>**


Although there is more than one Defendant in this action, it does not follow from that fact alone that if one is liable, all Defendants are liable.  Each Defendant is entitled to a fair consideration of his own defense and is not to be prejudiced by the fact, if it should become a fact, that you find against one of them.  Nor should the Plaintiff be prejudiced by the fact, if it should become a fact, that you find in favor of one of the Defendants.


Fed. Jury Prac. & Inst., 5th Ed., §103.14

Model Jury Instruction for the 5th, 8th, 9th and 11th Circuits.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 37**

## JOINT TORTFEASORS

In this case there are multiple individual defendants and you must determine whether any or all of them are liable to the plaintiffs. In this connection, you should determine whether the officers acted jointly with and/or assisted each other. Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiffs in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one.

Prosser and Keeton on the Law of Torts (5th ed.) pp. 322-24 §46.

-45-

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 38**

**ACTUAL OR COMPENSATORY DAMAGES**

If you find, based on the foregoing instructions, that the Plaintiff has met his burden of proving, by the preponderance or greater weight of the evidence, all essential elements of one or more or all of his claims, you will then determine the amount of damages, if any, that the Plaintiff should receive. The fact that I instruct you on the proper measure or amount of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find, by the preponderance of the evidence, that the Defendants are liable or legally responsible. The Plaintiff has the burden of proving, by the preponderance of the evidence, both that she is entitled to any damages and, if so, the amount of those damages. Any damages you decide to award must not be based on speculation or on uncertainty.

With respect to the Plaintiff's claims of excessive force and failure to provide medical care under Section 1983, you may award damages to compensate the Plaintiff for any conscious, emotional or physical pain and suffering that Roger Owensby Jr. experienced after being detained and prior to his death. You may not award damages for Roger Owensby Jr.'s conscious pain and suffering based on sympathy, speculation, or guesswork. On the other hand, the law does not require the Plaintiff to prove the amount of Roger Owensby Jr.'s conscious pain and suffering with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. With respect to the

Plaintiff's claims of excessive force and failure to provide medical care under Section 1983, you may not award damages to compensate for the injury or loss suffered by Roger Owensby, Administrator of the Estate of Roger Owensby Jr., as a result of Roger Owensby Jr.'s death.

With respect to the Plaintiff's wrongful death claim under Ohio law, you may award damages to compensate for the injury or loss suffered by Roger Owensby, Administrator of the Estate of Roger Owensby Jr., as a result of Roger Owensby Jr.'s death. When determining the amount of damages to be awarded on the wrongful death claim, you may consider any factors existing at the time of Roger Owensby Jr.'s death that are relevant to the damages suffered by Roger Owensby, Administrator of the Estate of Roger Owensby Jr., as a result of his death. Compensatory damages for wrongful death may include damages for the following:

(1)    loss of services of Roger Owensby Jr.;

(2)    loss of the society of Roger Owensby Jr., including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, and

(3)    mental anguish experienced by Roger Owensby and Roger Owensby Jr.

You may not award damages for Roger Owensby Jr.'s wrongful death based on sympathy, speculation, or guesswork. On the other hand, the law does not require the Plaintiff to prove the amount of wrongful death damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Ohio Revised Code §2125.02(B)

Fed. Jury Prac. & Inst., 5th Ed. §165.70

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 39**

<u>**CAUTIONARY INSTRUCTION ON ACTUAL OR COMPENSATORY DAMAGES**</u>

**(AVOIDANCE OF DOUBLE RECOVERY)**

The Plaintiff has asserted a claim under Section 1983, alleging that the Defendants used excessive force when they seized Roger Owensby. The Plaintiff also has asserted a survivorship claim under Ohio law, alleging that malicious, bad faith, wanton, or reckless conduct by the Defendants caused Roger Owensby Jr.'s death. Although the essential elements of these two claims differ, the measure of damages available under each claim is the same. Under each claim, you may award damages to compensate the Plaintiff for any conscious, emotional or physical pain and suffering that Roger Owensby Jr. experienced after being detained and arrested and prior to his death. If you find for the Plaintiff on his Section 1983 Claim and his survivorship claim under Ohio law, such a finding will not entitle the Plaintiff to a double recovery of damages. In other words, you may not award the Plaintiff the same damages twice merely because multiple claims are involved. Rather, the Plaintiff is entitled to recover only once for any harm suffered, regardless of how many claims you resolve in his favor.

Fed. Jury Prac. & Inst., 5th Ed. §165.73

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40**

<u>**PUNITIVE DAMAGES**</u>

The Plaintiff is also seeking punitive damages against the Defendants.  Unlike compensatory damages, which are intended to make a party whole, punitive damages are intended to punish a wrongdoer and to discourage others from committing similar acts.

Punitive damages may be awarded against the Defendants only where they are shown to have been motivated by evil motive or intent or if his actions involved reckless or callous indifference to the federally protected rights of others.  The Plaintiff must establish his entitlement to punitive damages by a preponderance of the evidence.

If you find that punitive damages should be assessed against any of the Defendant Officers, you may consider the financial resources of such Defendant Officer in fixing the amount of such damages.

You may not award punitive damages against the City of Cincinnati.

*Vetters v. Berry,* 575 F.2d 90 (6th Cir. 1978); (Judge Rubin's Jury Inst.)

*Lee v. Southern Home Corp.*, 429 F.2d 290 (5th Cir. 1970)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41**

**<u>INTERROGATORIES</u>**

You will have with you in the jury room certain interrogatories or questions. Please draw no inference from the manner or the order in which I explain them to you.

Each applicable interrogatory or question must represent the considered judgment of every juror. In order to return the answers to the applicable interrogatories or questions, you must all fill out and sign each such applicable interrogatory or question. All answers to each applicable interrogatory or question must be unanimous. The interrogatories or question <u>must</u> be considered in the exact order in which they are numbered.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42**

**NO RECOMMENDED ANSWERS TO INTERROGATORIES**


Nothing that the Court has said in these instructions and nothing in the manner in which the interrogations or questions have been prepared or explained to you is intended to suggest or to convey in any way a result the Court things you should reach.

The answers to the applicable interrogatories or questions are the exclusive duty and responsibility of the jury. I state to you categorically that the Court has no opinion as to the facts of this case, the legal responsibility (or lack of legal responsibility) or the Defendants, or the propriety of any answers to interrogatories or questions which you might return.


Fed. Jury Prac. & Inst., 5th Ed. §106.07

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43**

**<u>DUTY IN DELIBERATING</u>**

It is your duty, to confer with one another, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion, if you are convinces it is erroneous.

However, do not surrender your honest conclusion as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning answers to interrogatories.

Remember always that you are not partisans. You are judges, impartial tries of the facts. Your sole interest is to ascertain the truth from the evidence in the case. Do not take a firm position at the outset and then be too proud to change your position.

Fed. Jury Prac. & Inst., 5th Ed. §106.01

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 44**

**<u>MISCELLANEOUS</u>**

The Court cannot embody all the law in any single part of these instructions.  In considering one portion, you must consider it in the light of and in harmony with all the instructions.

The Court has instructed you on all of the law necessary for your deliberations. Whether or not certain instructions are applicable may depend upon the conclusions you reach on the facts.  If you have an impression that the Court indicated how any disputed fact should be decided, you must put such impression because only you determine such matters.

You must not be influenced by any consideration of sympathy or prejudice.  It is your duty to weigh the evidence, to decide the disputed questions of fact, to apply the instructions to your findings and to render your answers to interrogatories accordingly.  In fulfilling your duty as jurors, your efforts must be to arrive at fair and just answers to the interrogatories presented to you.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 45**

**POLICY OF FAILURE TO TRAIN ON PROVISION OF MEDICAL CARE**

Plaintiff claims that Defendant City of Cincinnati, a municipality, is liable to Plaintiff for the denial of constitutional rights to Roger Owensby, Jr.  Defendant City of Cincinnati may be liable if you find that Roger Owensby, Jr. was deprived of his constitutional right to receive medical care and that such deprivation was done pursuant to a governmental policy of a failure to train in the provision of medical care.  Whether such a policy exists is a question of fact for you to determine.

Defendant City of Cincinnati may be liable to Plaintiff if you find that Roger Owensby, Jr. was:

1.    deprived of medical care; and

2.    if that deprivation was done pursuant to a policy of a failure to train by the City of Cincinnati; and

3.    that the City of Cincinnati's failure to train its Officers on the provision of medical care was the proximate cause of the deprivation of Roger Owensby's constitutional rights.

*Vaughn v. City of Lebanon*, 18 Fed. Appx. 252; 2001 U.S. App. LEXIS 18935