UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF | : | |
| ROGER D. OWENSBY JR., et al., | : | |
| | : | |
| | : | Case No. 01-CV-769 |
| Plaintiff, | : | |
| | : | Senior Judge S. Arthur Spiegel |
| v. | : | |
| | : | |
| CITY OF CINCINNATI, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTIONS

Plaintiff hereby submits the following proposed special jury instructions in the above-captioned action:

Proposed Instruction                                                                 Page

1.    Plaintiff's Claims  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

2.    Matters Already Resolved  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

3.    Elements of Action Under 42 U.S.C. § 1983  . . . . . . . . . . . . . . . . . . . . . . . . . .  5

4.    Color of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

5.    No Specific Intent Required  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

6.    Definition of a Fourth Amendment "Seizure"  . . . . . . . . . . . . . . . . . . . . . . . . . .  8

7.    Probable Cause for Arrest  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

8.    Fourth Amendment Excessive Force . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

9.    Excessive Force – Criteria . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

10.   Excessive Force – Objective Test . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

11.   Excessive Force – Person Already Restrained . . . . . . . . . . . . . . . . . . . . . . . .   13

12.   Cause of Death . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

13.   Fourteenth Amendment – Denial of Medical Attention . . . . . . . . . . . . . . . . .   15

14.   Affirmative Duty to Protect . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

15.   Joint Tortfeasors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

16.   Municipal Liability Generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

17.   Assault and Battery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

18.   Wrongful Death Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

19.   Damages for Denial of Medical Care . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

20.   Damages for Excessive Force . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25

21.   Proximate Cause, Explained . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   26

22.   Punitive Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   27

Respectfully submitted,

/s/ James B. Helmer, Jr.
James B. Helder, Jr.  (0002878)
Paul B.  Martins (0007623)
Frederick M. Morgan, Jr.  (0027687)
HELMER, MARTINS & MORGAN CO., L.P.A.
Fourth & Walnut Centre
Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone:    (513) 421-2400
Facsimile:    (513) 421-7902

*Trial Attorneys for Plaintiff*

1.    <u>**Plaintiff's Claims**</u>

The Estate of Roger Owensby, Jr., which is the Plaintiff in this case, has made five claims against the defendants.  The first three of these claims are made under a federal statute, Title 42, United States Code, Section 1983.  That statute forbids state officers from violating a person's constitutional rights, including a person's right to be free from arrest without probable cause; to be free from the use of excessive force by police officers in seizing or arresting that person; and to have prompt medical care when the need for such care arises while a person is in police custody.

The fourth claim is for assault and battery against Mr. Owensby.

The final claim is made under Ohio law on behalf of the heirs of Roger Owensby, Jr.  The heirs allege that each of the federal constitutional violations I just described violated the Ohio Wrongful Death statute, and entitles them to damages.

2.    **Matters Already Resolved**

As you know, the Court has already decided that certain issues did not require resolution by you, the Jury.  The Court instructs you, therefore, that defendants the City of Cincinnati, Chief Thomas Streicher in his official capacity, the Village of Golf Manor, Chief Stephen Tilley in his official capacity, Cincinnati Police Officers Robert Hunter, Thomas Spellen, and Darren Sellers, and Golf Manor Police Officers Robert Heiland and Christopher Campbell are liable to the Estate of Roger Owensby, Jr. for denying Mr. Owensby's constitutional right to prompt medical attention by failing to call for medical assistance when they knew, or were recklessly indifferent to the fact, that such attention was required.

As a consequence of this ruling by the Court, the defendants I just named are liable to the Owensby estate under the federal civil rights laws and the Ohio Wrongful Death Statute, and what remains is for you to assess damages sustained by the Estate and the heirs of Roger Owensby.

You are further instructed that the Court has determined that defendant Patrick Caton failed in his duty to seek medical assistance for Mr. Owensby, because he knew that someone was bleeding and that considerable force had been used by himself and others during the struggle.[1]  Mr. Caton therefore is liable to the Owensby estate under the federal civil rights laws and the Ohio Wrongful Death Statute, and what remains is for you to assess damages sustained by the Estate and the heirs of Roger Owensby.

---

[1] This issue was squarely resolved against former officer Patrick Caton, by clear and convincing evidence, in the arbitration resulting from his termination.  In the Matter of Arbitration between Queen City Lodge No. 69, FOP, and City of Cincinnati, AAA Case No. 52-390-00250-03 (Grievance of Patrick Caton), at 38-40.  Caton therefore is collaterally estopped from denying this fact.  Czajkowski v. City of Chicago, 810 F. Supp. 1428 (N.D. Ill. 1993).

3.    <u>**Elements of Action Under 42 U.S.C. § 1983**</u>

The plaintiff has filed this action in part under a provision of the United States Code, Title 42, Section 1983, which gives a person the right to bring a lawsuit for a violation of a constitutional right by a police officer acting in an official capacity. In order to prevail on this claim, the plaintiff must prove three things:

1.    that the defendants acted under color of law;

2.    that the defendants deprived the plaintiff of one or more constitutional rights; and

3.    that as a proximate result, plaintiff suffered injury or damages.[1]

---

[1] 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635 (1980); *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961).

4.    **Color of Law**

"Acting under color of law" simply means acting in one's capacity as a police officer or an agent of the State or a municipality.  There is no dispute that the defendants in this case were acting under color of law at the time of this incident, and you must find this element to have been established.

5.    **No Specific Intent Required**

It is not necessary to find that a defendant had any specific intent to deprive the

plaintiff of his constitutional rights, or that he acted with malice or ill will in order to find

for the plaintiff.  The plaintiff is entitled to relief if a defendant intended the actions

which resulted in a violation of his constitutional rights.  Whether any of the officers

acted with subjective good faith is irrelevant, and plaintiff need not prove that the

officers had an evil heart.[2]

---

[2] *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Parratt v. Taylor*, 451 U.S. 527
(1981); *Gomez v. Toledo*, 446 U.S. 635 (1980); *Monroe v. Pape*, 365 U.S. 167 (1961);
*Hudson v. New York City*, 271 F.3d 62 (2d Cir. 2001).

6.    **Definition of a Fourth Amendment "Seizure**"

The Fourth Amendment prohibits the unreasonable "seizure" of a person.  A person is "seized" within the meaning of the Fourth Amendment when, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.  Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that the compliance with the officers request might be compelled.

If you find that the plaintiff was seized under this definition and that the defendant did not have sufficient cause for the seizure, then you must find that the seizure violated the plaintiff's constitutional rights.[1]

_____

[1] *California v. Hodari D.*, 499 U.S. 621 (1991); *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

**7.**     **Probable Cause for Arrest**

A police officer may not arrest a person without an arrest warrant unless he has probable cause to believe that a crime has been committed and that the person in question has committed that crime. Probable cause exists if the facts and circumstances known to the officer are sufficient to warrant a prudent person in believing that the suspect probably has committed a crime. A mere possibility that the person has committed a crime is not enough. The hunch, guess, conjecture, or surmise of an officer is not enough, and there must be enough actual evidence to reasonably lead to the conclusion that the suspect has committed a crime. If you find that the defendant arrested the plaintiff without probable cause, you must find the defendant liable for a violation of the plaintiff's constitutional rights.[1]

---

[1] *Dunaway v. New York*, 442 U.S. 200 (1979); *Brown v. Texas*, 443 U.S. 47 (1979); *Henry v. United States*, 361 U.S. 98 (1959); *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949).

**8.**    **Fourth Amendment Excessive Force**

The Estate claims that excessive force was used by defendants Jorg, Caton, and Hunter in connection with the arrest of Mr. Owensby.  A person, even if he is being lawfully arrested, has a constitutional right to be free of excessive force.  An officer is entitled to use such force as a reasonable person would think is required to take one arrested into custody, and this may include such physical force as is reasonably necessary to subdue a person who is struggling with an officer.  However, an officer is not allowed to use any force beyond that reasonably necessary to accomplish his lawful purpose.  Thus, if you find that the defendant used greater force than was reasonably necessary in the circumstances of this case, you must find that the defendant is liable for a violation of the plaintiff's constitutional rights.[1]

---

[1] *Graham v. Connor*, 490 U.S. 386 (1989).

**9.    Excessive Force – Criteria**

There is no precise definition or formula available for determining whether force is excessive in a particular case.  You should take into account the severity of the crime the police were investigating, whether the plaintiff posed an immediate threat to the safety of the officers or others, and whether the plaintiff was actively resisting arrest or attempting to avoid arrest by fleeing.  Whether the officer used reasonable force must be judged from the perspective of a reasonable police officer on the scene, the totality of circumstances confronting the officer and the time available to the officer to assess the need for force under the circumstances of this case.[1]

---

[1] *Graham v. Connor*, 490 U.S. 386 (1989).

10.    **Excessive Force – Objective Test**

Whether the force used by the officer was reasonable must be judged from the perspective of an objectively reasonable officer.  It is for you to decide, based on all the evidence, what force a reasonable officer would have used.  The state of mind of the defendant himself is irrelevant.  Evil intentions on the part of the officer will not establish a constitutional violation if the force used was objectively reasonable.  At the same time, if the force used was unreasonable, you must hold the officer liable for a constitutional violation, even if you believe he had good intentions.[1]

---

[1] *Graham v. Connor*, 490 U.S. 385 (1989).

12

11.    **Excessive Force—Person Already Restrained**

The use of force by police officers is not reasonable under the Constitution if there is no need for force.  It is unreasonable and a violation of the Fourth Amendment for a police officer to use physical force on a person who has been arrested and restrained, who is securely under the control of the police, and who is not attempting to escape.[1]

---

[1] *Cox v. Treadway*, 75 F.3d 230, 234 (6th Cir. 1996).

12.    **Cause of Death**

You are instructed that the cause of Mr. Owensby's death was mechanical asphyxiation, and that the manner of his death was homicide as a result of police intervention and during restraint attempts.[2]  The word "homicide" means that Mr. Owensby's death occurred as the result of actions of other persons, and did not result from natural causes.  The word does not mean that anyone was, or was not, at fault in connection with Mr. Owensby's death.

---

[2] Ohio Rev. Code Ann. § 313.19; Joint Exhibit X; Report of Hamilton County Coroner's Office

13.     **Fourteenth Amendment—Denial of Medical Attention**

The Due Process Clause of the 14th Amendment of the Constitution prohibits police officers from refusing to provide medical care to a person in detention when the officer knows the person to suffer from a serious medical need.

As you know, the Court already has determined that defendants Caton, Hunter, Spellen, Sellers, Heiland, and Campbell did deprive Mr. Owensby of his constitutional right to medical attention, and so you are not asked to consider this issue as to those five individuals.

You will, however, consider whether defendants Jorg, and/or Hodge deprived Mr. Owensby of his constitutional right to medical care.  You will consider this issue as to each of these three officers individually; that is, just because you do or do not find that any defendant is liable, that does not mean that the other defendants are, or are not, liable.

To prove that a defendant violated Mr. Owensby's right to medical attention, the plaintiff must prove, by a preponderance of evidence, four elements:

1.      that Mr. Owensby had a serious need for medical treatment when in the custody of the defendants;

2.      that the defendants were aware of Mr. Owensby's serous need for medical treatment;

3.      that the defendants acted with deliberate indifference in failing to provide treatment within the reasonable time period; and,

4.      that as a proximate result Mr. Owensby was injured.

15

In considering these elements, you are instructed that a serious medical need is one that has been diagnosed by a physician as requiring treatment or one which is so obvious that a layperson would easily recognize the necessity of treatment. You are further instructed that deliberate indifference is only established if there was actual knowledge of a substantial risk of serious harm to Roger Owensby, Jr. and if defendants intentionally disregarded the risk by failing to take steps to provide treatment within a reasonable time. Whether an officer had knowledge of a serious medical need is a question of fact subject to demonstration in the usual ways, including inferences from circumstantial evidence, and you may conclude that an officer knew of a serious medical need from the very fact that it was obvious.

Intent is not an element that the plaintiff need prove in this case. Plaintiff need not show that the defendants intended to deprive Roger Owensby, Jr. of his rights. The fact that the defendants had no specific intent or purpose to deprive Roger Owensby, Jr. of his civil rights will not absolve them from liability if they did, in fact, deprive him of those rights.

Thus, if you find that the defendants were aware of the fact that plaintiff was seriously in need of medical attention, and failed to provide access to medical personnel or intentionally delayed such access, then you shall find that the defendants are liable for a violation of plaintiff's constitutional rights in this regard. Although mere negligent or inadvertent inattention to plaintiff's medical needs does not amount to a violation of his constitutional rights, if you find that the defendants deliberately assumed a posture of indifference to his serious medical needs, you must find them liable for a violation of his constitutional rights.[1]

---

[1] *Estelle v. Gamble*, 429 U.S. 97 (1976).

14.    **Affirmative Duty to Protect**

The taking of an individual into custody by police officers, and thereby imposing limitations on his freedom to act on his own behalf, imposes an affirmative duty upon all police officers present to assume responsibility for the individual's safety from harm and general well-being, including medical care.[2] This duty is imposed upon all of the officers present at the scene, whether or not they actively participated in the apprehension and/or custody of the individual.[3]

An individual given the badge of authority as a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in the officer's presence or otherwise within his knowledge. A police officer, whether he is a supervisor or not, is liable for the reasonably foreseeable consequences of the neglect of his duty to enforce the laws and preserve the peace.[4]

The Court has determined that Mr. Owensby was in the joint custody of both the City of Cincinnati and the Village of Golf Manor. In order to find liability for an injury, therefore, the plaintiff must show by a preponderance of the evidence that and that the defendant violated his duty to him by exhibiting deliberate indifference to his well-being in either their actions or inactions.[5]

---

[2]OHIO REV. CODE ANN. § 737.11 (Page 2004) ("The police force of a municipal corporation shall...protect persons..."); *Deshaney v. Winnebago County Dep't Of Soc. Serv.*, 489 U.S. 189, 199-200 (1989); *May v. Franklin County Bd. Of Comm'rs*, 59 Fed. Appx. 786, 791 (6th Cir. 2003); *Davis v. Brady*, 143 F.3d 1021, 1024-1026 (6th Cir. 1998).

[3]O.R.C. Ann. § 737.11; *Bruner v. Dunaway*, 684 F.2d 422, 426 (6th Cir. 1982), *citing Smith v. Ross*, 482 F.2d 33, 36-37 (6th Cir. 1973).

[4]*Bruner*, 684 F.2d at 426, *citing Byrd v. Brishke*, 466 F.2d 6 (7th Cir. 1972).

[5]*Davis*, 143 F.3d at 1026-1027.

**15.**    **Joint Tortfeasors**

In this case there are multiple defendants.  As you have been instructed, all of them but defendants Jorg and Hodge have been determined to be liable to the Estate for denial of medical care.

In this connection, you should determine whether the officers acted jointly with and/or assisted each other.  Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other.  The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiffs in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one.[1]

---

[1] Prosser and Keeton on the Law of Torts (5th ed.) pp 322-24 § 46; Devitt, Blackman and Wolf.

18

16.    **Municipal Liability Generally**

The City of Cincinnati and the Village of Golf Manor are defendants in this case and are liable to the Estate for violations of the constitutional rights of the plaintiff, which the Court has determined were caused by policies or customs of the City of Cincinnati or the Village of Golf Manor which demonstrated a deliberate indifference to the rights of Mr. Owensby.

In this case, the Court has already determined that the City of Cincinnati and the Village of Golf Manor failed to properly train police officers on their police forces regarding the constitutional right to necessary medical assistance; that this training failure exhibited deliberate indifference to the constitutional rights of Mr. Owensby; that those failures were a proximate cause of injury to Mr. Owensby; and therefore that the City of Cincinnati and the Village of Golf Manor are jointly and severally liable to the Owensby estate for damages caused as a result of the denial of medical care which in turn resulted from that failure to train.

The Owensby Estate does not contend that the City of Cincinnati, Thomas Streicher, the Village of Golf Manor, or Stephen Tilley are liable for the alleged use of excessive force against Mr. Owensby.

You therefore do not need to consider any issues with respect to the City of Cincinnati and the City of Golf Manor except for the amount of damages to be awarded against them.

17.    **Assault and Battery**

An "assault" in the context of this civil case means the intentional offer or attempt, without authority or consent, to harm or offensively touch another, as a result of which the other person is placed in fear of harm or offensive touching. Words alone do not constitute an assault, but must be coupled with a definite act or acts by one with apparent ability to carry out the offensive act.[1]

To prove battery under Ohio law, a plaintiff must establish that the defendant unlawfully touched him with the intent of inflicting injury or of at least creating fear of injury.[2] The plaintiff claims that defendants Jorg, Caton, and Hunter committed battery against Mr. Owensby.

To constitute battery, the contact complained of must be harmful or offensive.[3] In order to determine whether any defendant had the intent of inflicting injury on Mr. Owensby, you should consider whether, under all the circumstances, that defendant intended to inflict injury on Mr. Owensby.[4]

---

[1] 2 O.Jur. Inst. 219.01.

[2] 6 Ohio Jur. 3d, Assault §§ 4 (1978).

[3] Snyder v. Turk, 90 Ohio App. 3d 18, 24-25, 627 N.E.2d 1053 (1993).

[4] 6 Ohio Jur. 3d, Assault §§ 5; see also Brewing Co. v. Archer, 42 Ohio St. 213, 214 (1984). Woods v. Miamisburg City Schs, 254 F. Supp. 2d 868 (S.D. Ohio 2003)

**18.    <u>Wrongful Death Act</u>**

In the State of Ohio, there is a law known commonly as the Wrongful Death Act. This law permits the personal representative of the estate of a deceased person to bring an action whenever the death of a person or injuries resulting in the death of a person have been caused by the wrongful act or the gross negligence of another person.  In this case, Roger Owensby, Sr., the Court-appointed personal representative of the estate of his deceased son, Roger Owensby, Jr., is suing the defendants.  Roger Owensby, Sr. is representing the estate and the next of kin of Roger Owensby, Jr., who include the decedent's mother and father (Roger and Brenda Owensby), daughter (Myiesha Owensby), younger brother (Shawn Owensby), and her mother (Donna Todd).  They are the real parties in interest the wrongful death claim made in this lawsuit and in that sense are the real plaintiffs whose damages you are to determine if you decide for the personal representative of the estate of Roger Owensby, Jr.[5]

In this case, the Court's finding of liability under Section 1983 against defendants City of Cincinnati, Village of Golf Manor, Thomas Streicher in his official capacity, Stephen Tilley in his official capacity, Caton, Hunter, Spellen, Heiland, and Campbell subjects these defendants to liability under the wrongful death statute.  As to those defendants, therefore, your only task in connection with the wrongful death claim is the assessment of damages.

As to defendants Jorg and Hodge, you may find them liable under the wrongful death statute only if you found that they deprived Mr. Owensby of a constitutional right. If you find that Defendant Jorg is liable for either use of excessive force which con-tributed to Mr. Owensby's death, or for denial of Mr. Owensby's right to medical care,

---

[5] Ohio Rev. Code Ann. § 2125.02.

then you will find him liable for Mr. Owensby's wrongful death. However, if you find that Mr. Jorg is not liable for either excessive force or denial of medical care, then you cannot find him liable for wrongful death.

If you find that defendant Hodge is liable for the denial of Mr. Owensby's right to medical care, then you will find him liable for Mr. Owensby's wrongful death. However, if you do not find Officer Hodge liable for denial of medical care, then you cannot find him liable for wrongful death.

19.    **Damages for Denial of Medical Care**

I will now instruct you as to the standards you will apply to determine the amount of damages to be awarded to the Owensby estate.

First, I will discuss what are called actual, or compensatory, damages. As to defendants Caton, Hunter, Sellers, Spellen, Heiland, Campbell, the City of Cincinnati, Streicher, the City of Golf Manor, and Tilley, you are instructed that the Court has concluded that each of these defendants is liable to the Owensby estate for whatever amount of damages you award in connection with the denial of medical care to Mr. Owensby.

As to defendants Jorg and Hodge, you will consider damages against each of them only if you first conclude that they are liable to the estate.

In deciding on amounts of damages, you are to award that amount which you determine to be fair and just under all the circumstances to those persons represented in this case. Examples of damages you may award, if you find that they have been proved by a preponderance of the evidence, include:

1.    reasonable medical, hospital, funeral and burial expenses;

2.    reasonable compensation for the pain and suffering undergone by Roger Owensby, Jr. while he was conscious during the time between his injuries and his death, including his loss of enjoyment of life;

3.    Roger Owensby, Jr.'s loss of enjoyment of life or the value of his life;

3.    losses suffered by the heirs, Roger Owensby, Sr., Brenda Owensby, Shawn Owensby, Donna Todd, and Myiesha Owensby, as a result of Roger Owensby, Jr.'s death including:

a.    loss of support from the reasonably expected earning capacity  of

the decedent;

b.   loss of services of the decedent;

c.   loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education suffered by the surviving spouse, minor children, parents, or next of kin;

d.   loss of prospective inheritance to the decedent's heirs at law at the time of the decedent's death; and,

e.   the mental anguish incurred by the surviving spouse, minor children, parents, or next of kin.

Which, if any, of these elements of damage has been proven is for you to decide based upon the evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment. Your verdict as to actual damages must be solely to compensate for the damages and not to punish the defendants.

**20.**    **Damages for Excessive Force**

If you find that Mr. Jorg, Mr. Caton, and/or Officer Hunter used excessive force in the course of arresting Mr. Owensby, you shall first determine what amount of damage was caused to Mr. Owensby as a result of that use of excessive force, <u>in addition to the amount of damages you award for wrongful death</u>.  In evaluating such damages, you may consider such factors as the conscious pain and suffering and terror experienced by Mr. Owensby in connection with the use of excessive force.

Additionally, if you find that Mr. Jorg, Mr. Caton, and/or Officer Hunter used excessive force in the course of arresting Mr. Owensby, then you are to consider whether that excessive force was a proximate cause of the death of Mr. Owensby.  If you find that it was, then you are to award damages to the Owensby estate in the same amount as the damages awarded to the estate for denial of medical care.  **This will not result in a separate award of damages, but is a housekeeping matter for the court and the parties,** and the verdict form which the Court will go over with you will make clear your responsibilities in this regard.

**21.    Proximate Cause, Explained**

Proximate cause is an act or failure to act which in the natural and continuous sequence directly produces the death or injury, and without which it would not have occurred.  Causation exists when the death or injury is the natural and foreseeable result of the act.

There may be more than one proximate cause of an injury or death.  When the act of a party combines with the act of another to produce the damage, the act of each is a cause.[6]

The only issue with respect to which you must consider proximate cause is whether excessive force was a proximate cause of either injury or death to Mr. Owensby.

_____

[6] Ohio Jury Inst. 11.10, as modified.

22.    **Punitive Damages**

I will now discuss punitive damages.  "Punitive" is another word for punishment. If you find for the plaintiff and if you award compensatory damages, you may—but you are not required—to award punitive damages against the defendants who are current and former police officers.

Because of certain legal issues with which you need not be concerned, you may not award punitive damages against the Cities of Cincinnati and Golf Manor, or against Thomas Streicher or Stephen Tilley.

The purpose of punitive damages in the law is to punish a defendant and to deter a defendant and others from committing similar acts in the future.  Because the issue is punishment, rather than compensation, the plaintiff has a higher burden of proof in connection with punitive damages.  While all other issues before you are to be decided by a preponderance of the evidence, you may award punitive damages only if you find that the plaintiff has shown by what we call "clear and convincing" evidence. This is still a lower burden than "beyond a reasonable doubt,"

You must consider the issue of punitive damages on a defendant-by-defendant basis, and you may award punitive damages against a defendant only if you find that his conduct was malicious or in reckless disregard of plaintiff's rights.  Conduct is malicious if it is accompanied by ill will or spite or if it is for the purpose of injuring another person.  Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to the safety and the rights of other people.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages should be in an amount sufficient to fulfill their purposes

but should not reflect bias, prejudice or sympathy. In considering punitive damages, you may consider the degree of reprehensibility of the defendants' conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the individual police officer defendants and not others and may award different amounts against different individual defendants.

Facts you should consider in assessing punitive damages include, first, the nature of the defendants' conduct; secondly, the impact of that conduct on Roger Owensby, Jr. and the Owensby estate; third, the relationship between the defendant and Roger Owensby, Jr.; and, fourth, the likelihood that the defendant will repeat such conduct if left unpunished.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Proposed Special Jury Instructions was electronically filed on June 2, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


/s/ Paul B. Martins