UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE ESTATE OF ROGER D. OWENSBY, JR., BY AND THROUGH ROGER D. OWENSBY, | : : : : | Case No. C-1-01-769 |
| | : | Judge Spiegel |
| Plaintiff, | : : | |
| v. | : : | |
| CITY OF CINCINNATI, et al., | : : : | **DEFENDANTS, GOLF MANOR, PROPOSED SPECIAL JURY INSTRUCTIONS** |
| Defendants. | : | |

Come now the Golf Manor Defendants, who, respectfully submit the attached requested Proposed Special Jury Instructions. These Defendants reserve the right to supplement these Instructions in accordance with this Court's Trial Practices concerning the submission of Jury Instructions. These Defendants further reserve the right to supplement these Instructions as issues for trial become clearly defined.

                    Respectfully submitted,

                    /s/    Wilson G. Weisenfelder, Jr.
                    Wilson G. Weisenfelder, Jr. (0030179)
                    RENDIGS, FRY, KIELY & DENNIS, L.L.P.
                    One West Fourth Street, Suite 900
                    Cincinnati, OH  45202-3688
                    (513) 381-9292
                    (513) 381-9206 - Facsimile
                    wgw@rendigs.com
                    Trial Attorney for Defendants, Village of Golf Manor, Stephen Tilley, Robert Heiland and John Doe #7 n/k/a Chris Campbell

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2004, I electronically filed the Proposed Special Jury Instructions with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James B. Helmer, Jr., Esq.
Paul B. Martins, Esq.
Frederick M. Morgan, Jr., Esq.
HELMER, MARTINS & MORGAN
Fourth & Walnut Centre, Suite 1900
105 E. 4th Street
Cincinnati, OH 45202-4008

John J. Helbling, Esq.
3672 Springdale Road
Cincinnati, OH  45251

Mark T. Tillar, Esq.
240 Clark Road
Cincinnati, OH 45215

Donald E. Hardin, Esq.
HARDIN, LEFTON, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH  45202-4322

Geri H. Geiler, Esq.
Julie Bissinger, Esq.
Assistant City Solicitors
Room 214 City Hall
801 Plum Street
Cincinnati, OH  45202

Neil F. Freund, Esq.
FREUND, FREEZE & ARNOLD
One Dayton Centre, Suite 1800
1 South Main Street
Dayton, OH 45402-2017.

Ravert J. Clark, Esq.
114 E. 8th St., Suite 400
Cincinnati, OH 45202

/s/   Wilson G. Weisenfelder, Jr.
Wilson G. Weisenfelder, Jr.

- i -

# TABLE OF INSTRUCTIONS

| JURY INSTRUCTION | TITLE | PAGE NO. |
|---|---|---|
| No. 1 | Municipal Liability | 1 |
| No. 2 | Proximate Cause | 2 |
| No. 3 | Negligence in Ordinary Care | 3 |
| No. 4 | Foreseeability | 4 |
| No. 5 | Conclusion | 5 |
| No. 6 | Comparative Negligence | 6 |

-1-

# GOLF MANOR DEFENDANTS' REQUESTED INSTRUCTION NO. 1

## MUNICIPAL LIABILITY

Plaintiff claims to have been injured as a result of Defendant, City's failure to properly train its officers and this alleged failure can be considered to be the official policy of the Defendant City. Your verdict will be for Plaintiff and against Defendant, Golf Manor, only if you first find in favor of Plaintiff and against the Defendant police officers:

1. First, the Defendant, Golf Manor's training program was inadequate to train its officers and employees to carry out their duties; and

2. The need for more training or different training is so obvious, and the inadequacy so likely to result in the violation of Constitutional rights that the policy makers of Defendant City can reasonably be said to have been deliberately indifferent to the need for such training; and

3. The Court instructs you it has already determined Plaintiff has satisfied the first two elements set forth above; and

4. The failure of Defendant, Golf Manor, to provide proper training was a cause of injury to the Plaintiff.

§165.26 Federal Jury Practice and Instructions, 5th Ed.

## **GOLF MANOR DEFENDANTS' REQUESTED INSTRUCTION NO. 2**

## **PROXIMATE CAUSE**

An injury or damage proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission plays a substantial part in bringing about or actually causing the injury or damage to Plaintiff and that Plaintiff's injury or damage was either a direct result or a reasonable probable consequence of the act or omission.

Plaintiff has the burden of proving each and every element of Plaintiff's claim by a preponderance of the evidence. If you find Plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendant, Golf Manor.

§155.5, Federal Jury Practice and Instructions.

-3-

# GOLF MANOR DEFENDANTS' REQUESTED INSTRUCTION NO. 3

# NEGLIGENCE IN ORDINARY CARE

What is negligence? Negligence is a failure to use ordinary care. Every person is required to use ordinary care to avoid injuring another person or another's property.

Ordinary care is the care that a reasonably careful person would use under the same or similar circumstances.

O.J.I. 7.10

## GOLF MANOR DEFENDANTS' REQUESTED INSTRUCTION NO. 4

## FORESEEABILITY

In deciding whether ordinary care was used, you will consider whether the Defendant ought to have foreseen under the circumstances that the natural and probable result of an act or a failure to act would cause some injury.

The test for foreseeability is not whether he should have foreseen the injury as it happened to the person. The test is whether under all the circumstances a reasonably careful person would have anticipated that injury was likely to result to someone from the act or failure to act.

O.J.I. 7.13

-5-

## GOLF MANOR DEFENDANTS' REQUESTED INSTRUCTION NO. 5

### CONCLUSION

If the Defendant by the use of ordinary care should have foreseen some injury and should have acted, or if he did act, should have taken precautions to avoid the result, then the performance of the act or the failure to take such precautions is negligence.

O.J.I. 7.13(3)

-5-

## GOLF MANOR DEFENDANTS' REQUESTED INSTRUCTION NO. 6

## COMPARATIVE NEGLIGENCE

The Defendant claims the Plaintiff was negligent. The Plaintiff was negligent if he failed to use that care for his own safety which a reasonably careful person would use under the same or similar circumstances.

O.J.I. 9.10