UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ESTATE OF
ROGER OWENSBY, JR., *et al.*,

    Plaintiffs,

vs.

CITY OF CINCINNATI, *et al.*,

    Defendants.

Case No. 1:01-cv-769
(Spiegel, J.; Black, M.J.)

**ORDER DENYING MOTION TO TAKE SUPPLEMENTAL DEPOSITION OF
DR. WECHT (Doc. 152)**

This matter is before the Court on a motion by individual defendants, Patrick Caton, Robert Blaine Jorg, Darren Sellers and Victor Spellen (collectively "defendants"), for leave to take a supplemental deposition of Dr. Cyril Wecht. (Doc. 152).

Defendants state that, subsequent to the video deposition of Dr. Wecht, taken on February 25, 2004, they learned of information concerning a meeting between Dr. Wecht and various officials of the City of Cincinnati that took place on August 14, 2002. They maintain that, because they were unaware of this information at the time of the deposition, they were unable to effectively cross-examine Dr. Wecht. The "new" information of concern to defendants is comprised of notes allegedly taken during the August 14, 2002 meeting by Cincinnati police officer, Lt. Col. Richard Biehl.[1]  (*See* doc.

---

[1] The notes, in their entirety, read as follows:

152, app. F).

    Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure requires a party to obtain leave of court to take a deposition if the person to be examined has already been deposed in the case. Fed. R. Civ. P. 30(a)(2)(B). Leave of court "shall be granted" to the extent it can be done consistent with Rule 26(b)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2) requires the court to limit discovery if it is determined that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation,

---

    8/14/02    Dr. Cyril Wecht    542 Fourth Ave, Pittsburgh PA
        Combination (of factors) is very likely
        & leave the report open
        heart occlusion may have had some role
        – can't rule it out –
        mace could have been a contributing factor
        cannot rule out punch or punches as
        the source of the deep muscular trauma
        arm over nose/mouth cannot be ruled out as a factor
        do not have substant[ial], significant injury

(Doc. 152, app. F).

and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2).

Repeat depositions are disfavored except in certain circumstances, such as where a complaint has been amended to add a new theory or where new evidence is discovered. *See Graebner v. James River Corp.,* 130 F.R.D. 440, 441 (N.D. Cal. 1989). Even where a second deposition is permitted, the Court may limit the scope of the deposition to areas not covered in the first deposition. *See Perry v. Kelly-Springfield Tire Co.,* 117 F.R.D. 425, 426 (N.D. Ind. 1987).

This Court finds that defendants' arguments for additional discovery fail to satisfy the factors enumerated in Rule 26(b)(2).

The discovery sought by defendants appears to be duplicative insofar as Dr. Wecht was questioned previously about the factors mentioned in Lt. Col. Biehl's notes: heart occlusion (doc. 159, "Wecht deposition," pp. 30, 53-54); mace (*id.* at 62-64, 183); punches (*id.* at 34-41, 178-183); arm over nose/mouth (*id.* at 46-50, 66-67, 183-187); and substantial, significant injury (*see id.* at 118 (edema in lungs); *id.* at 43-41, 178 (deep muscle hemorrhages); *id.* at 112, 135 (cuts and abrasions))).

Moreover, defendants have had ample opportunity to discover the information sought. The deadline for completion of discovery was January 1, 2004. (*See* doc. 32).

Defendants have not demonstrated that a second deposition of Dr. Wecht would result in the production of information not already obtained.

Accordingly, **IT IS ORDERED THAT** the motion for leave to take a supplemental deposition of Dr. Cyril Wecht (doc. 152) is **DENIED**.

**IT IS SO ORDERED.**


Date:   6/7/04                                                s/Timothy S. Black
                                                                                                         Timothy S. Black
                                                                                                         United States Magistrate Judge