UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The Estate of Roger D. Owensby Jr., | : | Case No.: 01-CV-769 |
| Plaintiff | : | (Senior Judge S. Arthur Speigel) |
| v. | : | |
| City of Cincinnati, et al., | : | **DEFENDANTS' CATON, HODGE, JORG, SELLERS AND SPELLEN'S RULE 72(a) WRITTEN OBJECTION TO ORDER DENYING DEFENDANTS' MOTION TO TAKE SUPPLEMENTAL DEPOSITION OF DR. WECHT** |
| Defendant | : | |
| | : | |
| | : | |

Now come the Defendants, Patrick Caton, Jason Hodge, Robert Blaine Jorg, Darren Sellers and Victor Spellen, by and through counsel, and hereby object to the order denying Defendants' motion to take supplemental deposition of Dr. Wecht (Doc. 183). The attached memorandum supports this request.

Respectfully submitted,

/s/ Donald E. Hardin
Donald E. Hardin          (0022095)
HARDIN, LEFTION, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202-4322
Telephone:  (513) 721-7300
Facsimile:  (513) 721-7008

Trial Attorney for Defendants Patrick Caton, Robert Blaine Jorg, Jason Hodge, Darren Sellers and Victor Spellen in their individual and/or official capacities.

**MEMORANDUM**

On May 17, defendants Caton, Hodge, Jorg, Sellers and Spellen (hereinafter "defendants") filed a motion requesting leave to take a supplemental deposition of Dr. Cyril Wecht due to the discovery of additional information. (Doc. 152). Defense counsel was unaware of a meeting that occurred on August 14, 2002 between Dr. Wecht and a contingent of officials from the City of Cincinnati. This information was revealed during the initial deposition of Dr. Wecht on February 25, 2004. Dr. Wecht had no record as to who attended that meeting.

On April 14, 2004, after a public records demand was submitted to the Cincinnati City Manager by defense counsel for the moving defendants, the names of those in attendance at the August 14, 2002 meeting with Dr. Wecht were first disclosed by the City of Cincinnati. Lt. Col. Richard Biehl was one of the officials in attendance. On April 15, 2004,the day following disclosure of his name by the City, Lt. Col. Biehl provided defense counsel, Donald Hardin, with notes he had personally taken at the August 14, 2002 meeting. As a result of never being informed of the meeting, counsel for the defendant police officers was unable to effectively cross-examine this expert witness about that meeting. Dr. Wecht will testify via depositions and not in person, at the time of trial.

On May 21, 2004 at the final pre-trial conference in Judge Spiegel's chambers, Judge Spiegel orally granted defendants' counsel, Donald Hardin, leave to take a supplemental deposition of Dr. Wecht. The deposition was to be limited in scope to the issues raised by the notes of Lt. Col. Biehl. Defendants

were in the process of setting up a deposition by telephone with Dr. Wecht. However, Dr. Wecht's office did not return any phone calls.

On June 7, 2004, Magistrate Judge Timothy Black issued an order denying the motion for leave to take the supplemental deposition of Dr. Wecht, stating that the discovery request does not satisfy the requirements of Rule 26(b)(2). Rule 26 (b)(2) requires the court to limit discovery if "(i) the discovery sought is unreasonably cumulative or duplicative . . .(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Fed. R. Civ. P. 26(b)(2).

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the defendants file this objection to Magistrate Black's order denying the motion to take a supplemental deposition of Dr. Wecht.

The defendants have fulfilled the requirements of Rule 26(b)(2). First, the discovery sought by the defendants is not unreasonably cumulative. Information in the notes that were taken at the August 14, 2002 meeting directly conflict with the testimony of Dr. Wecht. Defendant police officers have not had the opportunity to question Dr. Wecht, under oath, as to the discrepancies between his deposition testimony and the statements he made during the August 14, 2002 meeting attended by Lt. Col. Biehl. In all sense of fairness to the individual defendants, Dr. Wecht should be redeposed in order to address issues that will otherwise remain unanswered.

Second, the defendants did not have ample opportunity to discover this information. As stated previously, the August 14, 2002 meeting was unknown to

3

the defendants prior to the February 25, 2004 deposition of Dr. Wecht. The fact that this meeting occurred was first discovered during the deposition. Dr. Wecht could only remember that Mark Gissiner and some officials from the police department attended. (Wecht Depo. p. 27) The City of Cincinnati did not previously disclose to any counsel of record, including defense counsel for the defendant officers, the fact that there was a meeting on August 14, 2002, let alone the names of those Cincinnati officials in attendance. In the interest of justice and fairness to the individual defendants, the failure of the City to produce this information should not be construed against the officers. This information was clearly beyond the officers' control and ability to discover it independently.

Furthermore, the initial deposition of Dr. Wecht occurred on February 25, 2004, nearly two months after the January 1, 2004 deadline for completion of discovery. This delay was due to the City of Cincinnati's motion for a protective order to prevent the deposition of Dr. Wecht. (Doc. 68) The defendant officers were not a party to this motion and should not now be prevented from taking a supplemental deposition due to a discovery deadline that was initially extended due to circumstances beyond their control.

Therefore, the defendants object to and respectfully request this Court to reconsider the June 7, 2004 order of Magistrate Black and grant leave to take the supplemental deposition as previously granted on May 21, 2004 by Judge Spiegel.

Respectfully submitted,

/s/ Donald E. Hardin
Donald E. Hardin          (0022095)
HARDIN, LEFTION, LAZARUS & MARKS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202-4322
Telephone:   (513) 721-7300
Facsimile:    (513) 721-7008

Trial Attorney for Defendants Patrick Caton, Robert Blaine Jorg, Jason Hodge, Darren Sellers and Victor Spellen in their individual and/or official capacities.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Written Objection to Order Denying Defendants' Motion to Take Supplemental Deposition of Dr. Wecht, was electronically filed on June 15, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Respectfully submitted,

/s/ Donald E. Hardin
Donald E. Hardin          (0022095)

5