# City of Cincinnati



Interdepartmental
Correspondence Sheet

Date 12/10/02

To          Colonel Thomas H. Streicher, Jr., Police Chief

From        Captain Andrew G. Raabe, District Three Commander

Copies to

Subject     **Pre-Disciplinary Hearing Summary – Police Officer Jason Hodge**

---

On Monday November 18, 2002 at 1500 hours, Captain Andrew G. Raabe conducted a pre-disciplinary hearing on the charges of Failure of Good Behavior and Neglect of Duty placed by the Internal Investigations Section and Office of Municipal Investigations against Police Officer Jason Hodge of District One. He was charged with violations of sections 1.01C, and 2.12 of the manual of Rules and Regulations and Disciplinary Process for the Cincinnati Police Department.

**REPRESENTATION:**

Mr. Donald Hardin the attorney for the Fraternal Order of Police Lodge #69, represented Officer Hodge at the hearing. Also present were Sergeants Maris Herold and Anthony Carter of Internal Investigations Section, and Mr. John Plahovinsk from the Office of Municipal Investigations.

**SPECIFICATION I:**

On November 7, 2000, Officer Hodge was aware Mr. Owensby was injured. Officer Hodge failed to tend to or seek medical aid for Mr. Owensby's injuries.

Officer Hodge's actions are in violation of section 1.01 (C) of the Manual of Rules and Regulations for the Cincinnati Police Division, which states:

1.01   Members shall not commit any acts or omit any act, which constitutes a violation of any of the rules, regulations, procedures, directives, or orders of the Division.

C.   Members shall not negligently fail to carry out any rule, regulation, procedure, directive, or order of the Division, which leads to physical injury to another or financial loss to the Division, to wit:

Procedure 12.545 <u>Use of Force</u>

Policy (in part);

CPO 0000037?



Following any use of force resulting in the citizen's injury, officers will ensure appropriate first aid is rendered immediately once the incident scene is stabilized.

## Specification II

On November 7, 2000, Officer Hodge observed an injury to Mr. Owensby and rendered no appropriate first aid immediately once the incident scene was stabilized. Officer Hodge's action violated Procedure 12.545 <u>Use of Force</u>, and the Manual of Rules and Regulations and Disciplinary Process, section 2.12.

2.12   Members are responsible for insuring the safety and welfare of persons and their personal property when transporting or having custody of persons who are sick, injured, arrested, or incapacitated in any way.

Procedure 12.545

Following any use of force resulting in a citizen's injury, officers will ensure appropriate first aid is rendered immediately once the incident scene is stabilized.

## Specification III

On November 7, 2000, Officer Jason Hodge failed to report a use of force encounter to his supervisor immediately upon the supervisor's arrival. Officer Hodge's action violated Procedure 12.545 <u>Use of Force</u>.

**<u>The following is a summary of information presented in support of Specification I:</u>**

- Officer Hodge told CIS he observed blood on Mr. Owensby when he first approached the scene. Officer Hodge was aware Mr. Owensby was injured.

- Officer Hodge told IIS that he observed a significant amount of blood on Officer Jorg's shirt.

- Offcier Hodge knew the blood on Officer Jorg's shirt was not from Officer Jorg or any of the other officers on the scene.

- Officer Hodge told IIS that he never attended to the injuries or advised a supervisor of the injuries to Mr. Owensby.

- The MVR videotape from Officer Spellen's car confirms that the scene was stabilized. Several officers can be seen engaging in casual conversation. Officer Hodge leaves the view of the camera and then returns with his coat and a cigarette.

CPO 0Q000378

- The MVR videotape shows that when Sergeant Watts arrived on the scene, the first two officers he has contact with are Officer Jorg and Caton. Officer Hodge did not tell the supervisor about the injuries visible on Mr. Owensby.

**The following is a summary of information submitted as rebuttal by Mr. Hardin in reference to Specification I:**

- Mr. Hardin stated that the MVR tape does show that Sergeant Watts came on the scene, but that he walked up to and then past Officer Hodge. He then went to the side of Officer Spellen's car and started talking to Officers Jorg and Hunter. Mr. Hardin felt it was unreasonable to think that Officer Hodge should yell out to a supervisor as he went past.

- Mr. Hardin added that when Officer Hodge went over to the store to buy cigarettes, it was after the supervisors had arrived on the scene, found Mr. Owensby, and were performing CPR. Mr. Hardin stated the scene was stabilized at that time and that Officer Hodge bought the cigarettes while he was looking for witnesses.

**Conclusion Specification I:**

Information presented during the hearing and IIS and courtroom transcripts and statements submitted as part of the overall investigation support Specification I.

**Finding Specification I:**

There is a finding of **sustained** for Specification I.

**The following is a summary of information presented in support of Specification II:**

- IIS and OMI interviews show that Officer Hodge observed blood around the mouth and nose area of Mr. Owensby when he was placed in an upright position on the ground. The interviews confirm that Officer Hodge noticed blood and body fluids on Officer Jorg's shirt and that he knew that this was not from Officer Jorg.

**The following is a summary of information presented as rebuttal by Mr. Hardin in reference to Specification II:**

- Mr. Hardin asserted that Procedure 12.545 states, in part, *following a use of force resulting in a citizen's injury that officers are required to ensure appropriate first aid is rendered immediately once the scene is stabilized.* Mr. Hardin stated that although Officer Hodge observed injury to Mr. Owensby when he arrived on the scene, he did not know that the injury had occurred from a use of force and he did not feel it was significant to the point that it was life threatening.

CPO 00000379

3

- Mr. Hardin again pointed out that the MVR video shows how disorganized, confusing, and unstabilized the scene is. Mr. Hardin stated that after Officer Hodge saw Mr. Owensby placed in the rear of the Golf Manor car, he attempted to locate witnesses before they could leave to area.

### Conclusion Specification II:

Information presented during the hearing and IIS, OMI, and courtroom transcripts and statements submitted as part of the overall investigation support Specification II.

### Finding Specification II

There is a finding of **sustained** for Specification II.

### The following is a summary of information presented in support of Specification III:

- Officer Hodge told OMI and IIS that he saw blood around the nose and mouth area of Mr. Owensby after he was lifted in an upright position.

### The following is a summary of information presented as by Mr. Hardin in reference to Specification III:

- Officer Hodge did not use force or observe any use of force during this incident.

- Officer Hodge assisted in getting Mr. Owensby's arm behind his back for handcuffing by using a PR-24 as leverage under the arm. This was not a reportable use of force by Cincinnati Police Department policies and procedures at that time. Nowhere in the IIS or OMI interviews, nor the courtroom testimony, does Officer Hodge state that he observed force used on Mr. Owensby.

- Officer Hodge did not arrive on the scene until after the macing had occurred and did not hear Officer Caton yell for the mace.

- Seeing blood or an injury is not the same as seeing force used or failing to report that force.

### Conclusion Specification III:

Information presented during the hearing and IIS, OMI, and courtroom transcripts and statements submitted as part of the overall investigation, do not support the Specification III charge that Officer Hodge failed to immediately report a use of force against Mr. Owensby as required.

CPO 00000380

4

Although Officer Hodge witnessed blood and injury to Mr. Owensby, there is no information to show that the officer used force himself or witnessed the force used by Officer Caton. OMI stated that Officer Hodge was aware that chemical irritant was used on Mr. Owensby. However, a review of the transcripts shows that Officer Hodge was not present from the start of the struggle with Mr. Owensby. The transcripts also do not show any statements from the officer indicating he observed the use of chemical irritant. In addition, a review of the MVR tape from Officer Spellen's car confirms that Officer Caton came over the radio calling for a supervisor to respond to the scene for a macing. Sergeant Watts is heard acknowledging the report of the macing by Officer Caton prior to his arrival on the scene. Therefore, the macing was reported to supervision immediately.

**Finding Specification III:**

Unfounded

**The following is a summary of mitigation presented at the hearing:**

Lieutenant Robert Ruebusch, the Third Shift Commander of District One, appeared at the hearing as a character witness for Officer Hodge. Lieutenant Ruebusch stated that Officer Hodge has worked on his shift for over a year. Lieutenant Ruebusch described Officer Hodge as one of his best officers who has received numerous Employee Supplement Log notations for excellent work and production. Lieutenant Ruebusch stated that he has always found Officer Hodge to be truthful and forthcoming in all contacts he has had with the officer.

Mr. Hardin presented numerous certificates and awards that Officer Hodge has received during his service in the armed forces.

**Employee Disciplinary Profile:**

| Date | Discipline | Rule | Failure of Good behavior |
|---|---|---|---|
| 5/25/01 | Written Reprimand | 3.04 | 3rd Missed Court |

| Date | Discipline | Rule | Failure of Good Behavior |
|---|---|---|---|
| 6/6/00 | Administrative Insight | | Foot chase tactics |

**Recommendation:**

3 day (24 hours) suspension

CPO 00000381

AGR

Interdepartmental
Correspondence Sheet

# City of Cincinnati



Date  3/27/03

| | |
|---|---|
| To | Colonel Thomas H. Streicher, Jr., Police Chief |
| From | Captain Daniel W. Gerard, Internal Investigations Section Commander |
| Copies to | |
| Subject | Internal Investigations Case #00248 |

COPY

Officer Jason Hodge, Badge P162, District One, received a twenty four-hour suspension in regard to Internal Investigations Section case #00248. On January 29, 2003, Officer Hodge was recalled to active military duty. According to Ms. Patricia Van Arsdale, Personnel Section, it is unknown when Officer Hodge will return to duty as a Cincinnati Police Officer. Based on these circumstances, IIS recommends Officer Hodge's disciplinary penalty be held in abeyance until Officer Hodge returns from active military duty.

DWG
DWG/mh

3/28/03
APPROVED
RAB/APC

SGT Herold-
FNA
MWB
3/31/03

CPO 00000382

Form 32
Page 2

Form 32 Attachment
Pre-Disciplinary Hearing
November 18, 2002
Police Officer Jason L. Hodge

Charges:  Failure of Good Behavior and Neglect of Duty

**SPECIFICATION I:**

On November 7, 2000, Officer Hodge was aware Mr. Owensby was injured. Officer Hodge failed to tend to or seek medical aid for Mr. Owensby's injuries.

Officer Hodge's actions are in violation of Rule 1.01 (C) of the Manual of Rules and Regulations for the Cincinnati Police Division, which states:

Rule 1.01   Members shall not commit any acts or omit any act, which constitute of any of the rules, regulations, procedures, directives, or orders of the Division.

   C. Members shall not negligently fail to carry out any rule, regulation, procedure, directive, or order of the Division, which leads to physical injury to another or financial loss to the Division. To wit:

   Procedure 12.545 <u>Use of Force</u>

   Policy (in part);

   Following any use of force resulting in the citizen's injury, officers will ensure appropriate first aid is rendered immediately once the incident scene is stabilized.

**Specification II**

The allegation that on November 7, 2000, Officer Hodge observed a medical injury to Mr. Owensby and rendered no appropriate first aid immediately once the incident scene is stabilized is sustained. Officer Hodge's action violated CPD Procedure Manual Section 12.545, Use of Force, and the Manual of Rules and Regulations and Disciplinary Process, Section Two, 2.12.

Rule 2.12   Members are responsible for insuring the safety and welfare of persons and their personal property when transporting or having custody of persons who are sick, injured, arrested, or incapacitated in any way.

   Procedure 12.545

CPO 00000383

Form 32
IIS Case #00248

Form 32
Page 3

Following any use of force resulting in a citizen's injury, officers will ensure appropriate first aid is rendered immediately once the incident scene is stabilized.

**Employee Profile Information:**

| Date | Discipline | Rule | Failure or Good Behavior |
|---|---|---|---|
| 5/25/01 | Written Reprimand | 3.04 | 3rd Missed Court |
| 6/6/00 | Administrative Insight | | Foot chase tactics |

CPO 00000384

Form 32
IIS Case #00248