Case 1:01-cv-00769-SAS   Document 196-10   Filed 09/23/2004   Page 1 of 4

Owensby, et al vs. City of Cincinnati, et al.                                                 ALEXANDER HASSE
November 19, 2003

1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

- - - - - - - - - - - - - - - -

ESTATE OF ROGER D.           :
OWENSBY JR., et al.,         :
                             :
        Plaintiffs,          :
   vs.                       :  Case No. 01-CV-769
                             :  (Judge S. A. Spiegel)
CITY OF CINCINNATI,          :
et al.,                      :
                             :
        Defendants.          :

- - - - - - - - - - - - - - - -

Deposition of ALEXANDER HASSE, a witness herein, called by the plaintiffs for examination, pursuant to the Federal Rules of Civil Procedure, taken before me, Wendy Davies Welsh, a Registered Diplomate Reporter and Notary Public in and for the State of Ohio, at the offices of Helmer, Martins & Morgan Co. LPA, 1900 Fourth & Walnut Centre, 105 East Fourth Street, Cincinnati, Ohio, on Wednesday, November 19, 2003, at 10:12 a.m.

Case 1:01-cv-00769-SAS   Document 196-10   Filed 09/23/2004   Page 2 of 4

Owensby, et al vs. City of Cincinnati, et al.                    ALEXANDER HASSE
November 19, 2003

Page 2

```
 1  APPEARANCES:
 2     On behalf of the Plaintiffs:
 3        Paul B. Martins, Esq.
          Don Stiens, Esq.
 4        Helmer, Martins & Morgan Co. LPA
          Suite 1900, Fourth & Walnut Centre
 5        105 East Fourth Street
          Cincinnati, Ohio  45202
 6        Phone:  (513) 421-2400
 7        John J. Helbling, Esq.
          The Helbling Law Firm, L.L.C.
 8        3672 Springdale Road
          Cincinnati, Ohio  45251
 9        Phone:  (513) 923-9740
10     On behalf of the Defendants City of Golf Manor,
       Stephen Tilley, Roby Heiland and Chris
11     Campbell:
12        Richard T. Lauer, Esq.
          Rendigs, Fry, Kiely & Dennis
13        900 Fourth & Vine Tower
          One West Fourth Street
14        Cincinnati, Ohio  45202-3688
          Phone:  (513) 381-9200
15
       On behalf of Defendants City of Cincinnati,
16     Darren Sellers, Jason Hodge:
17        Geri Hernandez Geiler, Esq.
          Assistant City Solicitor
18        Department of Law
          Room 214, City Hall
19        801 Plum Street
          Cincinnati, Ohio  45202
20        Phone:  (513) 352-3346
21
22
23
24
```

Page 3

```
 1  APPEARANCES (Continued):
 2     On behalf of Alexander Hasse and the Defendants
       Robert B. Jorg, Patrick Caton, Jason Hodge,
 3     Victor Spellen and Darren Sellers:
 4        Donald E. Hardin, Esq.
          Hardin, Lefton, Lazarus & Marks, LLC
 5        915 Cincinnati Club Building
          30 Garfield Place
 6        Cincinnati, Ohio  45202
          Phone:  (513) 721-7300
 7
 8                    - - -
 9         S T I P U L A T I O N S
10     It is stipulated by and among counsel for the
11  respective parties that the deposition of ALEXANDER
12  HASSE, a witness herein, called by the plaintiffs
13  for examination, pursuant to the Federal Rules of
14  Civil Procedure, may be taken at this time by the
15  notary; that said deposition may be reduced to
16  writing in stenotype by the notary, whose notes may
17  then be transcribed out of the presence of the
18  witness; and that proof of the official character
19  and qualifications of the notary is expressly
20  waived.
21
                       - -
22
23
24
```

Page 4

```
 1              I N D E X
 2  Examination by:              Page
 3  Mr. Martins . . . . . . . . .   5
    Mr. Lauer . . . . . . . . . . 111
 4  Mr. Hardin  . . . . . . . . . 116
    Mr. Martins . . . . . . . . . 117
 5  Mr. Lauer . . . . . . . . . . 119
 6              - - -
 7           E X H I B I T S
 8                                Page
    Deposition Exhibit 59 . . . . . . . . . . . .  15
 9  Deposition Exhibit 60 . . . . . . . . . . . .  23
    Deposition Exhibit 61 . . . . . . . . . . . .  68
10  Deposition Exhibit 62 . . . . . . . . . . . .  93
    Deposition Exhibit 63 . . . . . . . . . . . .  94
11  Deposition Exhibit 64 . . . . . . . . . . . .  95
    Deposition Exhibit 65 . . . . . . . . . . . .  97
12  Deposition Exhibit 66 . . . . . . . . . . . .  99
    Deposition Exhibit 67 . . . . . . . . . . . . 102
13  Deposition Exhibit 68 . . . . . . . . . . . . 104
14              - - -
```

Page 5

1       ALEXANDER HASSE
2  being by me first duly cautioned and sworn, deposes
3  and says as follows:
4           EXAMINATION
5  BY MR. MARTINS:
6     Q. Would you state for the record, sir, your
7  name.
8     A. Alexander Hasse, H-A-S-S-E.
9     Q. And your age?
10    A. 29.
11    Q. Date of birth?
12    A. 11/9/74.
13    Q. Have you ever had your deposition taken
14 before?
15    A. No.
16    Q. Let me cover some ground rules for you.
17 As you know, as you've just seen, the court reporter
18 has placed you under oath and will take down
19 everything that you say, so try to keep your answers
20 audible. Try to avoid saying uh-huh or huh-uh,
21 things like that which can be confusing on the
22 transcript.
23       I will ask you questions, and if you don't
24 understand a question or you haven't heard the

Case 1:01-cv-00769-SAS    Document 196-10    Filed 09/23/2004    Page 3 of 4

Owensby, et al vs. City of Cincinnati, et al.
November 19, 2003
ALEXANDER HASSE

**Page 54**

1  A. Either way, trunk or the front of the
2  vehicle with us.
3  Q. The front seat?
4  A. Either one.
5  Q. So far, as I understand it, on
6  November 7th you and Officer Sellers make the
7  arrest. You send out a request for an NTA.
8  Officers Jorg, Caton and Hunter respond that they
9  are going to bring NTA books, and they arrive
10 sometime less than a half-hour after the request is
11 made. If we pick it up from there, what happens
12 next?
13 A. The subject had quite a bit of marijuana.
14 Q. But less than 100 grams?
15 A. But less than 100 grams, although I'm not
16 sure if he was aware of that. He was willing to
17 give us information.
18 Q. In order for what?
19 A. I guess, in his mind, to avoid further
20 prosecution.
21 Q. So your understanding is that he did not
22 understand that he had a minor misdemeanor
23 violation?
24     MS. GEILER: Objection.

**Page 55**

1  A. I don't know what he was --
2  Q. Am I correct in understanding that there
3  isn't any lesser offense than a minor misdemeanor?
4  Correct?
5  A. Correct.
6  Q. So in giving you information to lessen the
7  penalty that he was going to face, he would have to
8  understand somehow that he was facing more than a
9  minor misdemeanor?
10    MR. HARDIN: Objection to the question.
11    You may answer.
12 A. I'm not sure if he -- I guess he
13 thought -- I can't say I guess what he thought,
14 but --
15 Q. Well, let me ask you this: What do you
16 recall him saying to either you or Officer Sellers?
17 A. I recall one of us, I believe Officer
18 Sellers, asking him, Would you be willing to give us
19 some more information, help us, you know, tell us
20 where you bought this?
21 Q. And what was his response?
22 A. Yes, he was willing.
23 Q. Once he indicated that he was willing to
24 tell you where he had bought the marijuana, what did

**Page 56**

1  either you or Officer Sellers do?
2  A. I know that Officers Hodge and Lawson were
3  notified. Whether Sellers notified them or once
4  Jorg and Caton and Hunter got there, one of them
5  notified them, I don't recall, but they were made
6  known about it.
7  Q. This conversation that Mr. Williams had
8  with either you or Officer Sellers about saying,
9  I'll tell you where I bought the marijuana, was that
10 while you folks are waiting for the NTA book to
11 arrive?
12 A. I don't recall exact order. It may have
13 even been before we requested the NTA. I don't
14 recall the order.
15 Q. Well, if it was before you requested the
16 NTA, then obviously it would be before the NTA book
17 arrived?
18 A. Correct.
19 Q. Are you saying you don't know if he
20 offered to give you this information after you had
21 the NTA book?
22 A. It was before that. I just don't recall
23 if it was before we requested it or once we
24 requested it.

**Page 57**

1  Q. And my question was just was it before the
2  NTA book arrived.
3  A. Yes.
4  Q. And it was?
5  A. Yes.
6  Q. So when he makes this statement or this
7  offer, the only officers present are you and Officer
8  Sellers?
9  A. Yes.
10 Q. Now, at some point in time Caton, Jorg and
11 Hunter arrive. You are handed one or more NTA
12 books.
13 A. (Nodding head.)
14 Q. What do you do once you have the NTA
15 books?
16 A. Well, there is some discussion in front of
17 the car.
18 Q. Are you a party to the discussion?
19 A. Initially, yes.
20 Q. What happened? What is that?
21 A. It was reference -- we informed the three
22 officers that the subject we had was willing to help
23 us out, give us some information. And I believe it
24 was Jorg who stated, I want him to tell me who LA

# AFFIDAVIT

- - -

STATE OF OHIO        :
                     :   SS
COUNTY OF HAMILTON   :

I, Wendy L. Welsh, Notary Public in and for the State of Ohio, do hereby state that the transcript of the deposition of ALEXANDER HASSE, deponent herein, having been submitted to said deponent for review and signature, has not been signed within the thirty (30) day period allowed under the Federal Rules; said deposition to now have the same force and effect as though signed.

_____
Wendy L. Welsh, Court Reporter

Sworn to before me this 27th day of January, 2004.

_____
Thomas M. Blasing
Notary Public - State of Ohio

My commission expires:
May 4, 2004.