UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The Estate of Roger D. Owensby Jr., | : | Case No. 01-CV-769 |
| Plaintiff, | : | |
| -vs- | : | Senior Judge S. Arthur Spiegel |
| City of Cincinnati, et. al., | : | |
| Defendants. | : | |

**DEFENDANT JASON HODGE'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On August 30, 2004, Defendant Officer Jason Hodge filed a motion for summary judgment. (Doc. #192). On September 23, 2004, Plaintiff filed a memorandum in opposition to Officer Hodge's motion and a cross motion for summary judgment on the alleged failure to provide medical care claim. (Doc. #197).

Plaintiff's Motion for Summary Judgment should be denied and Defendant Hodge's Motion for Summary Judgment should be granted.

**I.      Statement of Facts**

Defendant Hodge adopts the statement of facts from Defendants' Caton, Jorg, Sellers and Spellen's Memorandum in Opposition to Partial Summary Judgment (Doc. #103); Surreply to Plaintiff's Reply Memorandum (Doc. #130) and Defendant Hodge's Motion for Summary Judgment (Doc. # 192) as if fully restated herein.

Several of the "facts" in Plaintiff's motion (Doc. #197) are Plaintiff's attempt to create a genuine issue of material fact by embellishing facts

## II.    Argument

### A.  Officer Hodge is entitled to Summary Judgment under any standard of review.

Officer Hodge was unaware of Roger Owensby need for <u>immediate</u> medical care. The Court applied the deliberate indifference standard in ruling against several other defendant officers. (Doc. #156).  Under the deliberate indifference standard the defendant must both "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 824, 834 (1994). This Court stated:

> It is [the officer's] subjective assessment of the events at issue that drives the Court's determination of whether this prong of the "deliberate indifference" standard is satisfied.  Even if [the officer] has a different recollection of the events at issue from everyone else who was present at the scene, his subjective assessment of the facts and Owensby's condition is all that is relevant in this analysis.

*Estate of Roger Owensby v. Cincinnati*, 2004 U.S. Dist. LEXIS 9444, **66.[1]

Plaintiff has not established that Officer Hodge was aware that Mr. Owensby was in need of <u>immediate</u> medical care.  As this Court previously determined, Officer Hodge's subjective assessment is the relevant analysis.  Officer Hodge's perception was that Owensby was actively resisting arrest.  Officer Hodge clearly stated, "[i]t was active resistance on Owensby.  I could feel the muscle tension in his arm being very rigid." (Hodge Depo. p. 105:9-11). Plaintiff's attempt to confuse whether the struggle with Owensby was a seizure or resistance is unfounded. (Doc. #197, p. 3). Furthermore, Dr. Wecht's opinion cited by Plaintiff does not relate to Officer Hodge's subjective knowledge. (Id.).  Dr. Wecht was not on the scene.

---

[1] Plaintiff's statement, "For reasons known only to defendant Hodge, his summary-judgment papers do not even mention the Court's 93-page Opinion…" is inappropriate. (Doc. 197, p. 9).  Apparently Plaintiff failed to read Officer Hodge's Summary Judgment as it did refer to this Court's prior opinion in the opening sentence and in the argument. (Doc.192, pp.1, 9)

Officer Hodge has also consistently stated that Owensby struggled on the way to the Golf Manor cruiser. (Doc. #192, pp. 9-10). He did not perceive Owensby to be a man in distress.

One extremely important fact that this Court failed to acknowledge in its prior decision against several other defendants is the statement of Dr. Schultz, the Deputy Coroner who performed the autopsy. Dr. Schultz stated that the only visible injuries that would have been apparent to the officers on November 7, 2000, were facial abrasions and possibly abrasions on the left forearm. (Schultz Depo. at 148). "The injuries to his face are markers of trauma and they themselves are not injuries that need immediate attention." (Id.). How can a police officer be expected to diagnose a "sufficiently serious" medical need when the only apparent injuries did not require immediate attention?

Plaintiff's blood, sweat, silence and no smell of alcohol argument does not demonstrate that Officer Hodge was aware of Owensby's need for medical care. First of all, the injuries to Owensby's face did not require immediate medical attention. (Schultz Depo. at 148). Officer Hodge did not know whose blood was on Officer Jorg's sleeve until after Jorg's sleeve was cut off. (Hodge Depo. pp. 82-83). It is clear in the cruiser video that the sleeve was not cut off until seconds before Owensby is removed from the Golf Manor car. [2] Officer Hodge and Officer Jorg are visible at the rear of the cruiser at the very end of the video. The sleeve was cut off sometime after 1954:40. (Doc. # 92, Exhibit A). Therefore, Officer Hodge did not know whose blood was on Jorg's sleeve until seconds before the call for medical assistance was made.

Silence proves nothing. Officer Hodge arrived on the scene after Officer Hunter sprayed the mace. (Hodge Depo. at 43). The entire struggle lasted less than one minute and forty

[2] The MVR tape from Officer Spellen's cruiser was filed with the Court on February 2, 2004. (Doc. 86, Exhibit 20).

seconds.  The fact that Officer Hodge did not hear Owensby making noise for the short period of time that Officer Hodge was involved is not actionable.

Sweating proves nothing.  In response to Plaintiff's counsel question, "sweating can be a sign of a medical problem in addition to being a sign of exertion; is that right?" Officer Hodge said, "sure."  (Id. at 101-102).  Owensby ran from three police officers and actively resisted arrest.  The fact that it took five officers to subdue and handcuff Owensby explains why he was sweating.  Officer Hodge did not state that Owensby's sweaty appearance was due to a medical condition.  How could he know that?

Officer Hodge stated that Owensby's short, choppy steps made it appear as if he were severely intoxicated.  The fact that Officer Hodge did not smell alcohol is irrelevant.  As previously stated, Officer Hodge was only involved in the struggle for an extremely short period of time.

Plaintiff also attempts to show "deliberate indifference" by stating that Officer Hodge went into the store and bought a pack of cigarettes and a soda while Owensby was in the back of the Golf Manor cruiser.  The Sunoco store surveillance tape proves that Officer Hodge clearly did not go into the store and make this purchase prior to the time the call for fire was made.[3]  The MVR tape shows that Officer Hodge is not out of view of the camera for more than thirty seconds.  It has been established that two supervisors, Sgt. Watts and Sgt. Browner, arrive on scene within seconds after the "in custody" call.  The sergeants are standing in close proximity to the Golf Manor cruiser getting the details of the incident from two of the officers who made the initial stop of Owensby, Officers Jorg and Hunter. Officer Hodge did not ignore Mr. Owensby.

---

[3] The Sunoco store surveillance videotape was filed with the Court on February 2, 2004. (Doc. 86, Exhibit B).

Plaintiff appears to make the argument that Officer Hodge was deliberately indifferent because the Court found other defendants were deliberately indifferent. However, this totally obliterates the subjective component of deliberate indifference. As the Court previously stated, the individual officer's subjective assessment is the critical component. Clearly, Officer Hodge did not have sufficient information to make any assessment that Mr. Owensby needed <u>immediate</u> medical care.

### B.  Officer Hodge is entitled to Qualified Immunity.

Officer Hodge was not aware that Owensby needed immediate medical care. Officer Hodge adopts the argument from his Motion for Summary Judgment and Defendants' Caton, Jorg, Sellers and Spellen's Memorandum in Opposition to Partial Summary Judgment as if fully restated herein. (Doc. #192 and 103).

### C.  Officer Hodge was not aware that Mr. Owensby needed immediate medical care and collateral estoppel does not apply.

Plaintiff asserts that Officer Hodge is collaterally estopped from denying that he was unaware of Owensby's need for medical care due to the discipline he received. However, Officer Hodge appealed his three-day suspension to a peer review panel. Peer review is one option Cincinnati Police Officers have to file a grievance challenging discipline. (Exhibit A, Appendix A). The peer review panel reduced the suspension finding Officer Hodge did not have knowledge of the need for aid and that he did not have primary responsibility to ensure aid was rendered. (Exhibit A, Appendix B). In essence, three additional Cincinnati Police Officers found that Officer Hodge's actions on November 7, 2000 were reasonable under the circumstances.

### III.    Conclusion

Officer Hodge did not have any subjective knowledge of Mr. Owensby's need for medical care prior to Sergeant Watts' discovery of Owensby's condition. Therefore, Officer Hodge did not act with deliberate indifference. Plaintiff's motion should be denied and Officer Hodge's motion should be granted .

Respectfully submitted,

/s/ Donald E. Hardin

Donald E. Hardin (0022095)
HARDIN, LEFTION, LAZARUS & MARKS
915 Cincinnati Club Building; 30 Garfield Place
Cincinnati, OH 45202-4322
Telephone:    (513) 721-7300
Facsimile:    (513) 721-7008

Trial Attorney for Defendants Patrick Caton, Robert Blaine Jorg, Jason Hodge, Darren Sellers and Victor Spellen in their individual and/or official capacities

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the Court on October 14, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

| | |
|---|---|
| James B. Helmer, Jr., Esq. | Neil F. Freund, Esq. |
| Paul B. Martins, Esq. | Vaseem S. Hadi, Esq. |
| Frederick M. Morgan, Jr., Esq. | FREUND, FREEZE & ARNOLD |
| Robert M. Rice, Esq. | One Dayton Centre |
| HELMER, MARTINS & MORGAN CO., L.P.A. | One South Main Street, Suite 1800 |
| Fourth & Walnut Centre, Suite 1900 | Dayton, Ohio  45402-2017 |
| 105 East Fourth Street | Trial Counsel for Defendants City of |
| Cincinnati, Ohio  45202 | Cincinnati, John Shirey, |
| Trial Attorneys for Plaintiff | Kent A. Ryan, S. Gregory Baker, |
| | Thomas Streicher, Jr., |
| | Darren Sellers, Jason Hodge |

Geri H. Geiler, Esq.
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio  45202
Trial Attorney for Defendants
John Shirey, Kent A. Ryan, S. Gregory
Baker, Thomas Streicher, Jr., Robert B.
Jorg, Patrick Caton

Mark T. Tillar, Esq.
240 Clark Road
Cincinnati, Ohio  45215
Trial Attorney for Plaintiff

John J. Helbling, Esq.
3672 Springdale Road
Cincinnati, Ohio  45251
Trial Attorney for Plaintiff

Wilson G. Weisenfelder, Jr., Esq.
RENDIGS, FRY, KIELY &
DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, Ohio  45202
Trial Attorney for Defendants City
of Golf Manor, Stephen Tilley,
Roby Heiland, and Chris Campbell

Ravert J. Clark, Esq.
114 East Eighth Street
Suite 400
Cincinnati, Ohio  45202
Trial Attorney for Defendant
David Hunter

/s/Donald E. Hardin
Donald E. Hardin                    (0022095)