UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The Estate of Roger D. Owensby Jr., | : | Case No. 01-CV-769 |
| Plaintiff, | : | |
| | : | Senior Judge S. Arthur Spiegel |
| v. | : | |
| City of Cincinnati, et. al., | : | *AFFIDAVIT OF KIMBERLY A. RUTOWSKI* |
| Defendants. | : | |

STATE OF OHIO             }
                          } ss:
HAMILTON COUNTY, OHIO     }

Now comes Affiant, Kimberly A. Rutowski, in the above-referenced case and states the following:

1. This Affidavit is based on my personal knowledge;
2. I am of full age and capable of testifying in the proceedings before the Court;
3. I am an attorney for the Fraternal Order of Police, Queen City Lodge No. 69, representing several defendants in the litigation captioned herein;
4. Appendix "A" is a true and accurate copy of the relevant sections of the Labor Agreement between the City of Cincinnati and the Queen City Lodge No. 69, Fraternal Order of Police that was in effect for the years 2003 and 2004; and
5. Appendix "B" is a true and accurate copy of the result of the Peer Review Hearing held in reference to the discipline Officer Jason Hodge received.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Kimberly A. Rutowski

      Sworn to before me and subscribed in my presence this 14th day of October, 2004, by Kimberly A. Rutowski.

Jennifer M. Junius, Notary
My Commission Expires: 1-28-08

# LABOR AGREEMENT

by and between

## QUEEN CITY
## LODGE NO. 69
## FRATERNAL ORDER
## OF POLICE

and the

## CITY OF CINCINNATI

## NON-SUPERVISORS

---

### FOR THE YEARS
### 2003   2004

LABOR AGREEMENT

by and between

QUEEN CITY
LODGE NO. 69
FRATERNAL ORDER
OF POLICE

and the

CITY OF CINCINNATI

FOR THE YEARS

2003    2004

NON-SUPERVISORS

This agreement is made between the City of Cincinnati, hereinafter referred to as the "City" and the Queen City Lodge No. 69 of the Fraternal Order of Police, hereinafter referred to as the "FOP".

# INDEX

DEFINITIONS ..................................................................................................................... 1

ARTICLE I – Recognition .................................................................................................. 1

ARTICLE II – Management Rights .................................................................................... 1

ARTICLE III – Grievance Procedure .................................................................................. 2
    Section 1.  Definition of Grievance ........................................................................ 2
    Section 2.  Who May File ...................................................................................... 3
    Section 3.  Steps ..................................................................................................... 4
    Section 4.  Time Limits .......................................................................................... 7
    Section 5.  Legal Representation ............................................................................ 7
    Section 6.  Employee Protection ............................................................................ 7
    Section 7.  Emergency Condition ........................................................................... 7
    Section 8.  Pay Step Denials .................................................................................. 7
    Section 9.  Performance Ratings ............................................................................ 7
    Section 10.  Disciplinary Appeals .......................................................................... 7
    Section 11.  Police Officer Probationary Period .................................................... 7

ARTICLE IV – Issues and Complaints/Labor Management Committee ............................ 8
    Section 1.  Issues and Complaints .......................................................................... 8
    Section 2.  Labor Management Committee ........................................................... 8

ARTICLE V – Security ..................................................................................................... 10

ARTICLE VI – Agency Shop/Free Check-Off .................................................................. 10

ARTICLE VII – Wages and Benefits ................................................................................ 11
    Section 1.  Wages ................................................................................................. 11
    Section 2.  Holiday/Compensatory Time ............................................................. 11
    Section 3.  Retirement Gifts and Sale of Division Sidearm ................................. 12
    Section 4.  Call Back ........................................................................................... 12
    Section 5.  Shift Differential ................................................................................ 13
    Section 6.  Overtime Compensation .................................................................... 13
    Section 7.  Employees Right to Name Beneficiary .............................................. 15
    Section 8.  Shift Separation ................................................................................. 15
    Section 9.  Bulletin Boards .................................................................................. 15
    Section 10.  Compensation for Court Appearances, Hearing and Show-Up ....... 15
    Section 11.  Longevity Pay .................................................................................. 21
    Section 12.  Plainclothes or Surveillance Allowance ........................................... 21
    Section 13.  Payment for Legal Services ............................................................. 22
    Section 14.  Death Benefit .................................................................................... 22
    Section 15.  Rank Differential .............................................................................. 22
    Section 16.  Damaged Personal Property ............................................................. 23
    Section 17.  Step-Ups ........................................................................................... 23

Section 18. Sick Leave ........................................................................................................24
Section 19. Vacation............................................................................................................26
Section 20. Donated Time ...................................................................................................27
Section 21. Medical Insurance Benefits...............................................................................29
Section 22. Terminal Benefits .............................................................................................30
Section 23. Resignations......................................................................................................32
Section 24. Injured With Pay Benefit ..................................................................................32
Section 25. Other Leaves.....................................................................................................33
Section 26. Clothing and Equipment ...................................................................................33
Section 27. Working Out of Rank .......................................................................................33
Section 28. Shift Selection...................................................................................................34
Section 29. Field Training Officers......................................................................................34
Section 30. Canine Unit.......................................................................................................34
Section 31. Motorcycle Duty...............................................................................................35
Section 32. Ohio Peace Officer Training Academy Certification .......................................35
Section 33. Tuition Reimbursement.....................................................................................35
Section 34. Training Allowance ..........................................................................................36

ARTICLE VIII – Publication of Assignment Availability.............................................................36

ARTICLE IX – Outside Employment ...........................................................................................36

ARTICLE X – Police Officer's Rights in Disciplinary Investigations..........................................37

ARTICLE XI – Service Record Availability.................................................................................38
    Section 1. Expungement, Inspection Notice .....................................................................38
    Section 2. Period of Limitations .......................................................................................38

ARTICLE XII – Fraternal Order of Police Provisions...................................................................39
    Section 1. FOP Executive Board Members Guarantee.....................................................39
    Section 2. FOP Wage Committee Protection....................................................................39
    Section 3. Union Leave .....................................................................................................39
    Section 4. Release Time for FOP President .....................................................................39
    Section 5. Amendment of Police Procedure Manual........................................................40
    Section 6. Notice of FOP Officials ...................................................................................40

ARTICLE XIII – Integrity of Agreement ......................................................................................41

ARTICLE XIV – Savings Clause...................................................................................................41

ARTICLE XV – Extended Military Service ..................................................................................41

ARTICLE XVI – Residency...........................................................................................................42

ARTICLE XVII – Terms of Agreement.........................................................................................42

ARTICLE XVIII – Waiver or Breach.............................................................................................42

ARTICLE XIX – Notices ........................................................................................................... 43

ARTICLE XX – Abolishment of Promoted Positions ............................................................... 43
    Section 1. Section 124.37 Abolishment Retained ............................................................ 43
    Section 2. Additional Abolishment of Authority ............................................................. 43

APPENDIX A – Wages .............................................................................................................. 45
    2003 SALARY RATES ..................................................................................................... 45
    2004 SALARY RATES ..................................................................................................... 45

APPENDIX B - Grievance Mediation Procedures ...................................................................... 47

APPENDIX C – Health Insurance Comparison Chart ................................................................ 49

APPENDIX D – Tuition Reimbursement .................................................................................... 58

**DEFINITIONS:**

A.   The terms "sworn member", "member" and "employee" shall mean all sworn members of the Cincinnati Police Department who serve as Police Officers and Police Specialists.

## ARTICLE I
## Recognition

For the contract period (December 22, 2002 through December 18, 2004) and for a continuing period thereafter, unless either party gives written notice of its intention to repudiate this clause, the City agrees to recognize the FOP as the exclusive bargaining agent with exclusive bargaining rights for all sworn members of the Cincinnati Police Department up to and including the rank of Specialist.

"Exclusive bargaining rights" shall be interpreted to mean that the City shall not negotiate, meet or confer with any person, group of persons, associations or unions other than the Fraternal Order of Police, Queen City Lodge No. 69, for purpose of effecting or attempting to effect a change in the terms of this Agreement as it applies to any provision of this contract, and shall not permit any City employee or agent to adopt or continue any policy, procedure or program which is in conflict with any provision of this contract.

## ARTICLE II
## Management Rights

The FOP recognizes that, except as provided in this labor agreement, the City of Cincinnati retains the following management rights as set forth in Ohio Revised Code Section 4117.08(C) 1-9:

1. To determine matters of inherent managerial policy which include, but are not limited to areas of discretion or policy such as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology and organizational structure;
2. To direct, supervise, evaluate or hire employees;
3. To maintain and improve the efficiency and effectiveness of governmental operations;
4. To determine the overall methods, process, means, or personnel by which governmental operations are to be conducted;
5. To suspend, discipline, demote or discharge for just cause, or lay-off, transfer, assign, schedule, promote or retain employees;
6. To determine the adequacy of the work force;
7. To determine the overall mission of the employer as a unit of government;
8. To effectively manage the work force;
9. To take actions to carry out the mission of the public employer as a governmental unit.

With respect to these management rights, the City of Cincinnati shall have the clear and exclusive right to make decisions in all areas and such decisions, except as otherwise provided in this Agreement, shall not be subject to the grievance procedure.

The City is not required to bargain on subjects reserved to the management and direction of the City in Revised Code Section 4117.08 except as affect wages, hours, terms and conditions of

1

employment and the continuation, modification, or deletion of this collective bargaining agreement. The FOP may raise a legitimate complaint or file a grievance based on this collective bargaining agreement.

## ARTICLE III
### Grievance Procedure

All sworn members of the Cincinnati Police Department shall be entitled to the following grievance procedures:

**Section 1. Definition of Grievance**

A grievance shall be an allegation that the terms of the written Agreement between the FOP and the City have been violated or misinterpreted or when there is a difference of opinion as to the application of the same, interpretation of same, or a disagreement as to whether the City has disciplined an employee for just cause.

Disciplinary actions subject to this grievance and arbitration procedure shall include all disciplinary actions except for discharges and terminations. Employees who are discharged or terminated shall, at his or her option, select this grievance and arbitration procedure. In the alternative, said discharged or terminated employees may appeal their discharges through the state civil service laws. In the event said terminated employee selects this grievance and arbitration procedure, his or her rights to proceed under the state civil service laws shall be considered waived, and this grievance and arbitration procedure shall be final and binding upon the parties. In the event said terminated employee elects to proceed under state civil service law, he or she shall have an additional thirty (30) days in which to convert the appeal to the grievance arbitration process. It is understood by the parties that no member shall have the right to both a civil service hearing and a grievance arbitration hearing.

Disciplinary grievances involving suspensions of more than three (3) days without pay, demotion, discharge or termination shall advance automatically to Step 6 of the grievance procedure.

Disciplinary Grievances of all pay step denials and disciplinary penalties of three (3) days or less shall be submitted to either Peer Review or the Civil Service Commission ("CSC"). A Peer Review Panel shall be established at each sworn rank consisting of volunteers at that rank who shall serve for a period of one (1) year.

For each case, five (5) prospective panelists shall be selected by lot by drawing names out of a black bag in the presence of the Police Chief and the FOP President, or their designated representatives. The City and the member shall each strike one (1) panelist and the remaining three (3) panelists shall hear the matter under appeal.

The Panel shall hear the case within fourteen (14) calendar days after its selection and shall determine if there was just cause for the pay step denial or disciplinary penalty. The Panel may affirm, reverse or reduce the denial or penalty and shall issue its written decision within seven (7) calendar days. The decision of the Peer Review Panel shall be final and binding. A panel may hear all pending disciplinary cases related to a particular incident if all charged officers are of the same rank.

All matters submitted to the CSC shall proceed pursuant to state law. Choice of CSC or Peer Review shall be at the option of the member and shall be mutually exclusive.

Eligibility to be a peer review panelist shall be limited to sworn members with at least three (3) years experience in the Police Department. Panelists may not have any sustained suspensions or demotions within the previous three (3) years. Each prospective panelist must undergo two (2) hours of mutually developed mandatory training.

The member shall be entitled to a representative of his/her choice and to call witnesses. The Peer Review Panel shall be entitled to review all investigative records, interviews or any other records related to the issue to be decided.

All Peer Review Panel members shall be free from coercion, intimidation, discrimination, threats or other detrimental actions based on their activities in the Peer Review Process and shall not be subject to transfer in retaliation for such Peer Review activities.

The grievance and arbitration machinery of this agreement shall be the sole recourse available to employees who receive disciplinary penalties less than termination or discharge subject to this agreement, and is in lieu of the procedures and provisions of Section 124.01 et seq. of the Revised Code or related provisions of the City Code or charter.

### Section 2. Who May File

1. Due to the fact that the FOP is the exclusive bargaining agent for all members, and the City has expressed its prior intent to refuse to recognize any grievance not previously reviewed, approved and filed by the FOP, any member believing he has a grievance shall discuss the matter with his immediate supervisor and attempt to resolve the stated problem. The matter must be brought to the attention of the immediate supervisor within fifteen (15) calendar days of the date on which the member becomes aware of the incident or condition precipitating the problem. If the problem is not resolved through discussion with the immediate supervisor within thirty (30) working days of the date on which the member becomes aware of the incident or condition precipitating the problem, it may be presented to the FOP for its consideration as a grievance.

After reviewing the complaint, the FOP, at its discretion, may initiate a grievance at Step One relative to the complaint. All grievances shall be reduced to writing, contain a full statement of particulars, and be filed on forms approved by the FOP, at the appropriate levels as set forth in this Agreement.

The FOP may also initiate, at Step Two, a grievance in its own name on behalf of the membership, provided such grievance is filed in writing within fifteen (15) calendar days from the date the FOP becomes aware of the incident alleged to be a violation of this Agreement.

2. The FOP, or its designated representative, shall be granted reasonable on duty time to investigate, prepare and/or file a grievance. Witnesses who are reasonably necessary to the resolution of the grievance and who are employees of the City of Cincinnati, shall be allowed to attend any hearing resulting from the filing of a grievance. Any member who is on duty and required by either the City or

the FOP to attend a grievance hearing shall be released from duty to attend. Any member who is off duty and required to attend a grievance hearing by the FOP shall not be compensated by the City.

Any member who is off duty and required to attend a grievance hearing by the City shall be granted a minimum of 3 hours compensation (2 hours X 1-1/2). Any time over 2 hours shall also be compensated for at 1-1/2 rates.

At any step of this grievance procedure, the FOP shall have the final authority in respect to any aggrieved member to decline to process further a grievance, if, in the judgement of the FOP, such grievance lacks merit or justification under the terms of this agreement, or has been adjusted or rectified under the terms of this agreement to the satisfaction of the FOP. No provision in the agreement shall be interpreted to require the FOP to represent a member in any stage of the grievance procedure if it considers the grievance to be without merit or in contradiction of any law or regulation.

**Section 3. Steps**

*Step One*

Matters not resolved by initial discussion with the immediate supervisor shall be presented to the Relief or Unit Commander within forty-five (45) calendar days from the date on which the member becomes aware of the incident or condition precipitating the grievance. The Relief or Unit Commander shall indicate thereon, in writing, his response to the grievance by the end of relief on the fifth calendar day following the day on which the written grievance was presented. The written grievance containing the response of the Relief or Unit Commander shall be delivered to the individual or organization filing it within five (5) calendar days. Once the grievance has been reduced to writing, no material change may be made in the subject matter of the grievance.

*Step Two*

Grievances not settled in the first step shall be delivered to the District or Section Commander within seven (7) calendar days after receipt of the written response from the Relief or Unit Commander. The District or Section Commander shall, in conjunction with the appropriate Bureau Commander, investigate the allegations contained in the grievance. Within seven (7) calendar days after submission to him, the District or Section Commander shall prepare a written response to the grievance and provide the individual or organization filing the grievance and the Chief of Police with a copy of his response. If the response prepared by the District or Section Commander is not satisfactory, then the party filing the grievance shall have seven (7) calendar days to appeal the grievance to the Third Step.

*Step Three*

If the grievance is not settled to the satisfaction of all concerned parties, then the grievance shall be submitted to the Chief of Police who shall review the grievance. Within seven (7) calendar days after its submission to him, the Chief of Police shall issue a written decision and a copy of the decision shall be delivered to the individual or organization filing the grievance. If the decision of the Chief of Police is not satisfactory, then the party filing the grievance shall have seven (7) calendar days in which to appeal the grievance to the Fourth Step.

*Step Four*

If the decision of the Chief of Police is not satisfactory, then the grievance shall be submitted to the Assistant or Deputy City Manager. The Assistant or Deputy City Manager shall submit his written decision to the party or organization filing the grievance not later than fourteen (14) calendar days after receipt of the grievance by the Assistant or Deputy City Manager. If the decision of the Assistant or Deputy City Manager is not satisfactory, the individual or organization filing the grievance shall have seven (7) calendar days to appeal the grievance to the Fifth Step.

*Step Five*

If the grievance is not resolved to the satisfaction of the individual or organization filing the grievance, then the individual or organization filing the grievance shall notify the City Manager in writing, within seven (7) calendar days after the decision of the Assistant or Deputy City Manager, that the grievance has not been resolved. The City Manager shall review the grievance and shall prepare a written decision to the grievance within fourteen (14) calendar days after receipt of the decision of the Assistant or Deputy City Manager. A copy of the decision shall be delivered to the individual or organization filing the grievance. If the aggrieved party is dissatisfied with the decision of the City Manager, the grievant shall have thirty (30) calendar days to appeal the grievance to the Sixth Step.

*Step Six*

Mediation: If the grievant is not satisfied with the decision or adjustment at Step Five, then the individual or organization filing the grievance and the City may submit the matter for grievance mediation in accordance with the procedures in Appendix B hereto.

Arbitration: If the grievant is not satisfied with the decision or adjustment at Step Five, an arbitrator, acceptable to both parties, shall be appointed. Arbitrators shall be drawn by lot for each case, in the presence of the FOP President or designee and a representative of the City. The parties shall move to select an arbitrator within twenty (20) calendar days of the date the FOP requests to proceed to arbitration. AAA rules shall apply to all arbitration procedures, including the selection of arbitrators, except as provided herein. The decision of the arbitrator shall be binding. The cost of the arbitrator shall be borne equally by the parties. The Union and the City shall each share the filing fees, administrative fees, or panel fees charged by the AAA. The City, however, shall pay all such administrative fees, filing fees or panel fees in the event a terminated employee selects this grievance and arbitration procedure in lieu of his or her rights to proceed under the civil service laws for cases involving employment terminations. The expense of the expert witnesses shall be paid by the party producing same; and, in the event there is a transcript of proceedings, the party ordering the transcript shall be responsible for the cost of said transcript.

The Arbitrator shall have no power to render a decision that will add to, subtract from, or alter, change or modify the terms of this agreement and his/her power shall be limited to interpretation or application of the express terms of this agreement.

**Arbitration Panel**

The parties shall each submit the names of twenty arbitrators who are members of the AAA or FMCS roster of arbitrators. Fifty per cent (50%) and no more than fifty per cent (50%) of each submission shall consist of arbitrators who maintain a business address within sixty (60) miles of the City of Cincinnati. The first nine (9) names that appear on both lists shall comprise a permanent panel of arbitrators.

If less than nine (9) names appear on both lists, then all names that appear on both lists shall be on the permanent panel and the remaining names shall be combined into one list. From the combined list of names, each party will alternately pick one name until a total of nine (9) arbitrators have been selected overall. The order of picking shall be determined by a coin toss.

**Removal and/or Replacement of Arbitrator from Panel:**

1) Either the City or the FOP may annually remove an arbitrator from the panel after the arbitrator has issued at least one (1) decision, but before the arbitrator is assigned a new case.

2) The parties may mutually agree to remove the name of an arbitrator from the panel at any time.

3) The procedure for establishment of the initial arbitration panel shall be utilized to replace an arbitrator who is removed, by a party, or the parties, or who chooses not to remain on the panel, except that the names of six (6) arbitrators shall be submitted to fill each vacancy on the panel. Said arbitrators shall meet the same criteria as set forth above.

The parties shall continue to utilize the grievance/arbitration procedure as set forth in the labor agreement by and between the City and the FOP for the years 2001-2002, for all matters in which the FOP or the member determines to proceed to arbitration and that relate to incidents that occurred before the effective date of this labor agreement. Any incidents that occur on or after the effective date of this labor agreement shall proceed under this grievance/ arbitration procedure.

**Pre-Arbitration Hearing Discovery for Discipline cases:** Either party may request in writing, a pre-arbitration/Civil Service Commission meeting. Such meeting shall be for the purpose of meeting to discuss the merits of the grievance, to exchange lists of witnesses (with a description of testimony expected), and to exchange copies of any documents expected to be used in the arbitration hearing. Requests for such meeting shall be in writing and presented/served on the other party within thirty (30) calendar days after the step five written answer. A meeting shall be scheduled on a date no later than ten (10) days prior to the scheduled arbitration or Civil Service hearing.

The Grievant, or his or her representative, may not submit into evidence in any disciplinary grievance or disciplinary arbitration proceeding documents or testimony related to the City or Department of Police's action or inaction in any disciplinary case that pre-dates a period more than three (3) years prior to the date of the alleged misconduct or breach of discipline alleged against the Grievant.

6

### Section 4. Time Limits

It shall be the obligation of the grievant to file his grievance within the proper time limit. Any grievant who is not satisfied with the decision must file his grievance with the proper party at the next step. Grievances not pursued by the grievant within the stated time limit shall be deemed to have been resolved. A failure by a supervisor or management representative to respond within the proper time shall allow the grievant to proceed to the next step.

### Section 5. Legal Representation

The individual or organization filing the grievance shall have the right to be represented by legal counsel at any time after the completion of Step Two of this procedure.

### Section 6. Employee Protection

All employees shall be free from any and all restraint, interference, coercion or reprisal on the part of their supervisors in filing any grievance or appeal, or in seeking information relating to the grievance. The above principles apply equally after final resolution of the grievance.

### Section 7. Emergency Condition

Where there is an emergency condition, upon mutual agreement between the parties, any step or steps in the procedure may be combined to accelerate the resolution of the grievance. The time limits set forth herein may be extended provided such extension is agreed to in writing by both sides.

### Section 8. Pay Step Denials

Grievances concerning pay step denials: If a grievance on a pay step denial is granted, a gross pay adjustment will be made to the date the pay step should have gone into effect.

### Section 9. Performance Ratings

In the event a sworn member of the Cincinnati Police Department receives a performance rating which is at least fifteen percent (15%) lower than his/her last annual rating, the rating shall be subject to grievance procedure, beginning at Step Three.

### Section 10.   Disciplinary Appeals

All forms of disciplinary action which are not appealable to the Civil Service Commission or the courts, except written or oral reprimands and Forms 475, shall be subject to review through Steps 3, 4, 5 and 6 of the grievance procedure.

### Section 11.   Police Officer Probationary Period

Upon being sworn in as a Police Officer, the employee will have a one-year probationary period from the date of being sworn in as a Police Officer. Such Police Officer, in a probationary status, may be removed for cause prior to the time the employee has worked six (6) months. In such

cases he/she shall be given a formal notice of disciplinary action and shall have the right of appeal as provided in paragraph 2 of Section 1 above. Such Police Officer in probationary status may be removed without right of appeal after the employee has worked six (6) months of his/her probationary period.

A Police Officer in a probationary status, who fails probation, shall have no right to demotion to the status or position of Police Recruit, but shall not be precluded from reapplying for the position of Police Recruit.

## ARTICLE IV
### Issues and Complaints/Labor Management Committee

### Section 1. Issues and Complaints

The City recognizes that conditions exist, peculiar to a Police Administration, which necessitate continuing discussions between members of the FOP and the City Administration. To facilitate this discussion, the City agrees to mandatory meetings with the FOP President or his representatives to hear issues and complaints relating to matters which adversely affect a member or members of the FOP and which are not covered by the grievance procedure or are not under the jurisdiction of the Civil Service Commission.

Issues and complaints may be presented to the Unit Commander, the Bureau Commander, the Chief of Police, the Assistant or Deputy City Manager, or the City Manager. The party to whom the issue or complaint is presented must discuss the matter. Issues and complaints may be presented at any of the stated levels of administration. Discussion or presentation at a particular level will not be a bar to presenting the issue or complaint at any other level.

### Section 2. Labor Management Committee

**Operating Guidelines**

In an effort to further a good working relationship between the parties, a labor management committee ("LMC") shall be formed to investigate, study, and discuss solutions to mutual problems affecting labor relations.

A.   Representation on this committee will be:

   For the City:

   Assistant or Deputy City Manager, or designee
   Director of Personnel, or Department Representative
   Chief of Police, or designee
   Up to two (2) additional members, of the City's choosing, who are City employees and are not represented by AFSCME, Cincinnati Fire Fighters Local 48, or any other Union.

   For the FOP:

8

# City of Cincinnati

Interdepartmental Correspondence Sheet

7-04

Date  05-10-04

| | |
|---|---|
| To | Lieutenant Colonel Richard Janke, Patrol Bureau Commander |
| From | Lieutenant Mark W. Briede, Acting Internal Investigations Section Commander |
| Copies to | |
| Subject | Peer Review Hearing Results for Police Officer Jason Hodge |

On May 10, 2004, a Peer Review Hearing was conducted at the Internal Investigations Section conference room regarding Grievance #07-2004. The hearing was held in reference to disciplinary action for Police Officer Jason Hodge, Badge #P162, District 1. Police Officer Jason Hodge received a three day suspension on March 8, 2004.

The Peer Review Panel reduced the disciplinary action imposed to an ESL entry. Please send a copy of the ESL entry to Police Officer Sharon Byrd at Internal Investigations Section.

A copy of the Peer Review Panel finding is attached.

MWB (AB)
MWB/skb

# PEER REVIEW PANEL AWARD

Grievance # __07-2004.__ was heard by the undersigned panel on __P.O. Jason Hodge__.

The suspension / reprimand imposed by the City is (circle one) sustained / ~~reversed~~ or (reduced). If reduced, the penalty shall be __ESL – (Counseling on the responsibility of proper aid to all citizens if needed)__

## COMMENTS

Based upon information presented, we find that ~~they that~~ P.O. Jason Hodge did not have primary responsibility to insure that aid was rendered to Mr. Crosby, @ the time of the arrest. P.O. Hodge was not the primary officer on the scene and did not have the full knowledge of the immediate necessity of aid.

_[signature]_
Panel Member

_[signature]_
Panel Member

_[signature]_
Panel Member

## DISSENT
(IF APPLICABLE)

_____

Panel Member

At least two members must agree on sustaining, reversing, or reducing a penalty for a decision to be final. No deadlocks are permitted.