UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF<br>ROGER D. OWENSBY JR.,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF CINCINNATI, et al.,<br><br>        Defendants. | Case No. 01-CV-769<br><br>Senior Judge S. Arthur Spiegel |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL (Doc. 201)**

**INTRODUCTION**

This matter is again before the Court upon Defendants' third motion to certify issues for interlocutory appeal pursuant to 28 U.S.C. §1292(b). Defendants ask this Court to certify the "failure to train issue" and to reconsider the denial of their prior certification requests concerning this Court's order overruling their summary judgment motion based on Ohio's Sovereign Immunity Statute, Ohio Rev. Code § 2744. Defendants have failed once again to demonstrate that certification of either of these issues is appropriate.

Defendants have not met their burden of demonstrating that the criteria for certification under 28 U.S.C. § 1292(b) are satisfied. Defendants' two-paragraph argument for why certification is appropriate is flawed. The sole rationale provided by Defendants for granting their motion is that judicial economy will be served if additional issues are certified because the Sixth Circuit will already be considering an appeal of other aspects of this Court's decision granting Plaintiff partial summary judgment. Doc. 201, p. 1. However, the only issue that is before the Sixth Circuit is this Court's denial of § 1983 qualified immunity. Defendants are plainly wrong when

they argue that the Sixth Circuit has overruled Plaintiff's motion to dismiss their interlocutory appeal of the other issues. *See* Doc. 201, p. 2. Instead, the Sixth Circuit simply referred Plaintiff's motion to dismiss to the merits panel for determination. *See* Order filed 11/05/04 (Exhibit A). In fact, rather than denying the motion to dismiss the appeal, the Sixth Circuit noted that, while an order denying qualified immunity involving an issue of law may be an immediately appealable collateral order, the exercise of such appellate jurisdiction is narrowly confined. *Id*. For these reasons, this motion for certification of state sovereign immunity issues should be denied.

**I.    DEFENDANTS HAVE NOT MET THEIR BURDEN OF DEMONSTRATING THAT AN INTERLOCUTORY APPEAL IS JUSTIFIED**

The general rule is that appeals may be taken only from final decisions of the District Court. An order of the District Court is final, and therefore appealable, only if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Stringfellow v. Concerned Neighbors*, 480 U.S. 370, 375 (1987), *quoting Catlin v. United States*, 324 U.S. 229, 233 (1945).

28 U.S.C. §1292(b) creates a narrowly defined exception to the final judgment rule. In *Kraus v. Board of County Road Commissioners*, 364 F.2d 919 (6th Cir. 1966), the Sixth Circuit set forth the standard to be applied for consideration of § 1292(b) petitions. The court quoted with approval the following language from *Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3d Cir. 1958):

> It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be *sparingly applied*. It is to be used only in *exceptional* cases where an intermediate appeal may avoid protracted and expensive litigation and *is not intended to open the floodgates to a vast number of appeals* from interlocutory orders in ordinary litigation.

*Id*. at 922. (Emphasis added). *See also*, *Wagner v. Burlington Industries Inc.*, 423 F.2d 1319, 1322 n.5 (6th Cir. 1970) ("28 U.S.C. §1292(b) is to be strictly construed and contemplates only the extraordinary type of case."). Similarly, in *Lynch v. Johns-Manville Sales Corp.*, 701 F.2d 44, 45 (6th Cir. 1983), the Sixth Circuit stated that, "The provision for appeals from interlocutory orders is reserved for exceptional cases...."

The party seeking certification for interlocutory appeal bears the burden of demonstrating that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978), *quoting Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir.), *cert. denied* 405 U.S. 1041 (1972). Here Defendants have not even attempted to meet their burden of demonstrating how certification of the "failure to train" issue satisfies any of the required criteria for appeal under 1292(b). Nor do Defendants provide any additional rationales for certifying the order concerning Ohio's Sovereign Immunity Statute, Ohio Rev. Code § 2744, other than simply referring to those petitions previously rejected by this Court and the Sixth Circuit.

Moreover, Defendants' categorization of the criteria for granting an interlocutory appeal is wrong. Contrary to the Defendants' disjunctive statement, all of the criteria for certification under 28 U.S.C. § 1292(b) must be established.[1] Defendants fall woefully short of their burden of showing that § 1292(b) certification is appropriate, as they merely state the criteria – improperly in the disjunctive, rather than in the conjunctive – and then offer the bare and unsupported conclusion that this matter "involves the requisite exceptional circumstances" to warrant certification. Defendants fail to even offer any explanation as to how the criteria are satisfied. For this reason alone, their request should be denied, as they have failed to meet their burden.

---

[1] For a listing of the criteria *see infra* at § II.

## II. DEFENDANTS HAVE NOT SATISFIED THE CRITERIA NECESSARY FOR PERMISSIVE APPEAL PURSUANT TO 28 U.S.C. §1292(b)

The Sixth Circuit has recognized that a permissive appeal of an interlocutory order under 28 U.S.C. §1292(b) is appropriate only when: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and, (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re: City of Memphis,* 293 F.3d 345, 350 (6th Cir. 2002). All of these criteria must be met before a certification under §1292(b) is appropriate.

### A. Defendants Have Failed to Demonstrate How These Issues Involve Controlling Questions Of Law

In their motion to certify, Defendants do not make any attempt to demonstrate how the issues of training and state sovereign immunity involve controlling questions of law in this § 1983 action. Accordingly, they have failed to meet their burden on this element.

Nor could Defendants satisfy this burden even if they tried as there is no controlling question of law involved here. In the Sixth Circuit, a "controlling" legal issue is one where the resolution of the issue on appeal "could materially affect the outcome of litigation in the district court." *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). Here, the appellate resolution of a state sovereign immunity claim will not materially affect the outcome of this § 1983 litigation and, thus, is not a "controlling question of law." In fact, even if the Court of Appeals were to reverse this Court's ruling on the issue of the constitutionality of the state's sovereign immunity statute, this litigation would continue to trial on the remaining core § 1983 claims, including police excessive force claims and damages arising out of the death of Roger Owensby on November 7, 2000.

**B.    Defendants Have Failed to Show That Substantial Grounds For A Difference Of Opinion Exist**

Federal courts have required conflicting and contradictory opinions in order to establish a substantial difference of opinion for purposes of §1292(b). *See e.g. Dorward v. Consolidated Rail Corp.*, 505 F. Supp. 58, 59 (E.D. Pa. 1980). However, in their motion to certify, Defendants have not pointed to *any* contradictory opinions which conflict with this Court's holdings on the "failure to train issue" or concerning Ohio Rev. Code § 2744. Indeed, as demonstrated in Plaintiff's memorandum in opposition to the Defendants' first § 2744 Petition, the Ohio Supreme Court cases cited by Defendants expressly stated that the issue of the constitutionality of § 2744 was not properly presented and therefore would not be addressed. *See* Doc. 123 at pp. 5-7.[2]

Defendants offer no explanation at all as to how this Court's ruling on their unspecified "failure to train issue" provides grounds for a substantial difference of opinion and Defendants have offered no additional case law or rationale for this Court to reconsider their previously rejected request for certification of the Ohio Rev. Code § 2744 sovereign immunity issue.[3]

---

[2] Indeed, a lack of authority on a disputed issue does not necessarily establish the substantial grounds for a difference of opinion required for certification pursuant to 28 U.S.C. §1292(b). *FDIC v. FNB*, 604 F. Supp. 616, 620 (E.D. Wis. 1985). "The mere fact that there are no cases interpreting the [statutory] language involved herein does not necessarily create substantial grounds for difference of opinion." *Barrett v. Burt*, 250 F. Supp. 904, 907 (D.C. Iowa 1966). Merely because a court may be the first to encounter an issue does not mean that there is a substantial difference of opinion if a court follows the plain meaning of the applicable law. *Berry v. School District*, 467 F. Supp. 721, 728 (W.D. Mich. 1978); *see also, Day v. NLO, Inc.*, 811 F. Supp. 1271, 1276 (S.D. Ohio 1992) (Spiegel, J.) (permission to appeal pursuant to 28 U.S.C. §1292(b) denied despite the existence of "uncharted, novel" legal issues).

[3] Plaintiff has already fully stated the reasons for opposing certification of that ruling and incorporates that briefing by reference. *See* Doc. 123. As this Court previously noted in denying Defendants' motion, the City has presented no grounds on which to reverse or otherwise have the Court reconsider its determination that Ohio Rev. Code § 2744 is unconstitutional. *See* Doc. 156, Order, p. 7.

Instead, Defendants assert that merely because the § 1983 qualified immunity issue is raised as an interlocutory appeal, subject to Plaintiff's motion to dismiss, this Court should certify this matter as a pendent appeal. However, if that were the standard, all interlocutory orders in every §1983 qualified immunity appeal would qualify for immediate appeal. This is precisely the type of appellate floodgate that Congress and the Sixth Circuit have directed should remain shut. *See e.g. Wagner*, 423 F.2d 1319 at n.5 ("28 U.S.C. §1292(b) is to be strictly construed and contemplates only the extraordinary type of case."); *Milbert*, 260 F.2d at 433 (§ 1292(b) is to be "sparingly applied" in only "exceptional cases.").

Defendants' Motion to Certify should be denied as Defendants have utterly failed to demonstrate or even to suggest that substantial grounds for difference of opinion on this matter exist.

### C. An Immediate Appeal Would Not Materially Advance The Ultimate Termination Of This Litigation

Rather than materially advancing the ultimate termination of this litigation, permitting this appeal would only delay its resolution. The briefing schedule in the § 1983 qualified immunity appeal has been issued and the Defendants'/Appellants' proof brief has already been filed. By the time this motion to certify is ripe, Plaintiff's/Appellee's proof brief will also have been filed. Certifying these matters now would require the Sixth Circuit to vacate the existing briefing schedule or order additional briefing. Either action will result in further delay which is contrary to the "judicial economy" trumpeted by Defendants and contrary to public interest since it would be many months or years before these additional issues are fully briefed for Sixth Circuit review, argument, and decision.

Moreover, judicial economy will be hindered by granting this petition and additional detours to the Court of Appeals since, regardless of the outcome in the Sixth

Circuit, this matter must still return to this Court for jury trial on pending excessive force claims and the assessment of damages.

Roger Owensby, Jr. died at the hands of Cincinnati police officers on Election Day, November 7, 2000. Since then, this country has gone to war and seen another national election. We are now in the fifth year since Mr. Owensby was killed, and his family continues to wait for justice and a trial. Permitting Defendants' interlocutory appeal of pendent sate issues would only serve to further delay the litigation process and unduly prolong the resolution of this matter.

### D. Defendants' Only Proffered Rationale For Permitting This Appeal is Flawed

The only rationale offered by Defendants for reconsideration of this Court's order denying its prior motion for certification on Ohio Rev. Code § 2744 is that other issues are now on appeal to the Sixth Circuit. Contrary to Defendants' characterization, the only issue before the Sixth Circuit is the narrow issue of qualified immunity, to the extent it turns on a question of law. The Sixth Circuit has *not* accepted jurisdiction over Defendants' appeal of other pendent issues unrelated to the qualified immunity appeal. *See* Exhibit A at p.2. As the Sixth Circuit has previously noted, its scope of review of an order denying qualified immunity is extremely limited. *Id.* As such, Defendants' characterizations that other issues are also on appeal, along with the qualified immunity issue, are simply incorrect.

### III. CONCLUSION

The permissive certification procedure is to be used sparingly. Here, the required criteria for permissive appeal pursuant to 28 U.S.C. §1292(b) are not satisfied. Defendants have not met their burden of demonstrating that its use is warranted in this case.

Accordingly, as it has in the past, this Court should again deny Defendants' Motion for Certification under 28 U.S.C. §1292(b).  Defendants have proffered no reason for a different result.

Respectfully submitted,

| | |
|---|---|
| Mark T. Tillar (0029898)<br>105 E. Main Street, Ste. 202<br>Mason, Ohio  45040<br>Telephone: (513) 770-0264<br><br>John J. Helbling (0046727)<br>105 E. Main Street, Ste. 202<br>Mason, Ohio 45040<br>Telephone: (513) 770-0322 | /s/Paul B. Martins<br>James B. Helmer, Jr.  (0002878)<br>Paul B.  Martins (0007623)<br>Frederick M. Morgan, Jr.  (0027687)<br>HELMER, MARTINS & MORGAN CO., LPA<br>Fourth & Walnut Centre, Suite 1900<br>105 East Fourth Street<br>Cincinnati, Ohio 45202-4008<br>Telephone:   (513) 421-2400<br>Facsimile:    (513) 421-7902<br><br>*Trial Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Plaintiff's Memorandum in Opposition to Defendants' Motion to Certify Issues for Interlocutory Appeal was electronically filed on January 3, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                      /s/ Paul B. Martins