Nos. 04-3724/3725

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

NOV 05 2004

LEONARD GREEN, Clerk

| | |
|---|---|
| ESTATE OF ROGER D. OWENSBY, JR., | ) |
| | ) |
| Plaintiff - Appellee, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CITY OF CINCINNATI; THOMAS STREICHER; DARREN SELLERS; ROBERT JORG; PATRICK CATON; VICTOR SPELLEN; DAVID HUNTER, | ) |
| | ) |
| Defendants - Appellants (04-3724), | ) |
| | ) |
| STEPHEN TILLEY; ROBERT HEILAND; CHRIS CAMPBELL, | ) |
| | ) |
| Defendants - Appellants (04-3725). | ) |

Before: KEITH, CLAY, and COOK, Circuit Judges.

In these appeals, the defendants appeal a lengthy order of the district court that, among other things, rejected their defense of qualified immunity and granted summary judgment in favor of the plaintiff on certain claims. The plaintiff now moves for dismissal of both appeals for lack of jurisdiction and makes several arguments in support, including that an appeal on disputed issues of fact is not permissible.

An order denying qualified immunity, to the extent that it turns on a question of law, is an immediately appealable collateral order. *Mitchell v. Forsyth*, 472 U.S. 511 (1985). However, an

**EXHIBIT A**

Nos. 04-3724/3725
- 2 -

appeal from the district court's determination that there are material issues of fact is not within the narrow scope of *Mitchell*. *Johnson v. Jones*, 515 U.S. 304 (1995). But the denial of a summary-judgment motion that "necessarily determine[s] that certain conduct . . . constituted a violation of clearly established law" is appealable even if disputed issues of fact remain. *Behrens v. Pelletier*, 516 U.S. 299 (1996). Here, in granting summary judgment on liability to the plaintiff against various defendants, the district court has necessarily concluded that a constitutional violation occurred. There thus appears to be some basis for the exercise of appellate jurisdiction. It is noted that the defendants have yet to file an opening brief, making an analysis of the appellate issues somewhat premature. In any event, this court has noted that the jurisdictional issue generally is best considered by the merits panel after the completion of briefing. *Berryman v. Rieger*, 150 F.3d 561 (6th Cir. 1998).

It further appears that the defendants wish to invoke pendent appellate jurisdiction in support of certain arguments. While this panel expresses no opinion on the ultimate success of that attempt, it is noted that pendent jurisdiction is not a broad grant of review power. *See, e.g., Crockett v. Cumberland College*, 316 F.3d 578-79 (6th Cir. 2003). The exercise of such jurisdiction is also deferred to the merits panel.

Therefore, the plaintiff's motion to dismiss is referred to the merits panel. The clerk shall promptly enter a briefing schedule in these appeals.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk