UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF ROGER OWNENSBY JR., et al | : | (Judge Spiegel) |
| | : | |
| Plaintiff, | : | Case No. 01-CV-769 |
| vs. | : | |
| | : | **DEFENDANTS' REPLY TO MEMORANDUM IN OPPOSITON TO DEFENDANTS' MOTION TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL** |
| CITY OF CINCINNATI, ET AL., | : | |
| Defendants | : | |
| | : | |

Plaintiff argues that neither the O.R.C. §2744 nor the failure to train issues, which Defendants move to have certified, are controlling questions of law. Plaintiff lacks any citation to legal authority in support of its argument that the O.R.C. §2744 issue cannot be a "controlling question of law" because the court of appeals will ultimately have to remand this case for trial on the remaining core §1983 claims, regardless of the outcome of the O.R.C. §2744 issue. A "controlling question of law" does not mean that the issue must resolve the entire litigation. O.R.C. §2744 is the statute providing the defense of immunity to municipal defendants. All over the state of Ohio, municipal defendants are enjoying sovereign immunity from state tort claims, save for in this case. If the statute is constitutional and the Defendants herein were allowed to use it as the state legislature so intended, many of the claims against them would be eliminated. Declaring that the statute is unconstitutional thereby extinguishes the City's and the Defendant Police Officers statutorily provided defense against each of the state tort claims Plaintiff brings against them. The loss of a defense explicitly provided by the

1

state legislature makes the O.R.C. §2744 issue a controlling question of law. As such, an immediate appeal of the Court's March 25 Order overruling summary judgment to the Sixth Circuit would materially advance the ultimate termination of many claims in this litigation.

The recent case of Colbert v. City of Cleveland (2003), 99 Ohio St. 3d 215, 790 N.E. 2d 781 demonstrates that a substantial difference of opinion exists between this Court's opinion and the Ohio Supreme Court's opinion of the constitutionality of O.R.C. §2744. In his dissent, Justice Pfeifer made clear the Ohio Supreme Court's position that O.R.C. §2744 is constitutional, stating:

> As a threshold issue, I believe sovereign immunity is unconstitutional. See *Garrett v. Sandusky* (1994), 68 Ohio St.3d 139, 141, 624 N.E.2d 704 (Pfeifer, J., dissenting). Accordingly, I would hold that Cleveland is not immune from liability in this case. **However, since a majority of this court does not agree with me**, it is necessary to discuss whether Officer Connors was responding to an "emergency call" as defined in R.C. 2744.01(A).

Colbert at 219. (Emphasis added). This Court based its decision that O.R.C. §2744 is unconstitutional on what it thought the Ohio Supreme Court's opinion would be if it were faced with that issue. (Doc.# 156, pp. 1-7). The Court relied on the dicta in Butler v. Jordan (2001), 92 Ohio St.3d 354, in its analysis. Based on this more recent case, Colbert, which makes clear that the majority of the Ohio Supreme Court believes O.R.C. §2744 to be constitutional, this Court should, at the very least, certify the issue to the Sixth Circuit, or more appropriately, reverse its decision altogether and declare O.R.C. §2744 to be constitutional.[1]

---

[1] Defendants are simultaneously filing a motion with the Ohio Supreme Court to accept jurisdiction of the O.R.C. §2744 issue.

This Court found that the City failed to train its officers on the interpretation and application of both the Mutual Aid Agreement and the Department's Use of Force policy and that such failure led to the constitutional deprivation of failure to provide medical care to Roger Owensby. (Doc.# 156, p. 70, 72). Plaintiff argues that the Sixth Circuit has not accepted jurisdiction over any pendent issues unrelated to the issue of qualified immunity. However, it was this Court who linked the failure to train issue and the constitutional deprivation claims against the officers, to which the Officers raise the qualified immunity defense, in this "rare case." (Doc.#   , p. 73).

> The Court realizes that it is a rare case where a plaintiff will be entitled to summary judgment in its favor on constitutional claims for failure to provide medical care claims against the offending officers and, by extension, summary judgment against the sponsoring municipality on its failure to train claims.

Id. at 73. The rarity of this extension in this case alone, meets the very standard cited by Plaintiff in Wagner v. Burlington Industries Inc., 423 F2d 1319, 1322, n5 (6th Cir. 1970) ("28 U.S.C.§1292(b) is to be strictly construed and contemplates only the extraordinary type of case.") and Lynch v. Johnson-Manville Sales Corp., 701 F.2d 44, 45 (6th Cir. 1983) ("[t]he provision for appeals from interlocutory orders is reserved for exceptional cases…."). Being that jurisdiction over the qualified immunity for the constitutional deprivation claim has been accepted by the Sixth Circuit and that the failure to train issues are inextricably intertwined, it only serves judicial economy to have both issues considered by the appellate court simultaneously.

Plaintiff assumes that the briefing schedule would automatically be extended if the issues were certified and therefore, argues that judicial economy would not be served by certification of the issues. In fact, the issues could be easily be included in the briefing schedule currently set forth by the court of appeals, which has recently extended

the schedule by two weeks, *sua sponte*. The consideration of these issues now, while other matters vital to this case are pending, would only promote judicial economy.

WHEREFORE, Defendants respectfully move this Court for an Order certifying the issues of failure to train and the constitutionality of R.C. 2744 to the Sixth Circuit Court of Appeals.

Respectfully submitted,

**JULIA L. McNEIL** (0043535)
City Solicitor

/s/: *Geri Hernandez Geiler*
**GERI HERNANDEZ GEILER** (0042081)
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio 45202
Ph. (513) 352-3338
Fax (513) 352-1515
email:geri.Geiler@cincinnati-oh.gov

### CERTIFICATE OF SERVICE
### BY ELECTRONIC FILING

I hereby certify that on January 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record listed below.

/s/: *Geri Hernandez Geiler*
GERI HERNANDEZ GEILER

**Certificate of Service:**

4

John J. Helbling
3672 Springdale Road
Cincinnati, Ohio 45251

Mark T. Tillar
240 Clark Road
Cincinnati, Ohio 45215

Paul B. Martins
Fourth & Walnut Centre
Suite 1900
105 East Fourth St.
Cincinnati, Ohio 45202

Wilson G. Weisenfelder
900 Fourth & Vine Tower
Cincinnati, Ohio 45202

Donald E. Hardin
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202

Ravert J. Clark
114 East 8th Street
Suite 400
Cincinnati, Ohio 45202