```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

ESTATE OF ROGER D. OWENSBY, :
   JR.,                      :  NO. 1:01-CV-00769
                                               :
        Plaintiff,        :
                                               :  **OPINION AND ORDER**
     v.                        :
                                               :
CITY OF CINCINNATI, et al., :
        Defendants.       :

In an Order dated May 20, 2004, this Court decided a number of motions for summary judgment filed by the parties concerning, among other matters, three issues with respect to each of the individual Defendant officers: (1) whether they were entitled to summary judgment in their favor as to any of the Plaintiff's claims; and (2) whether the Plaintiff was entitled to summary judgment in its favor against them on any of its claims; and (3) whether they were entitled to qualified immunity on any of Plaintiff's claims (doc. 156).  It did not, however, conduct any such analysis with respect to Defendant Officer Jason Hodge ("Hodge").  At that time, Hodge was serving as a member of the United States military in Iraq.  Not only was he effectively unable to participate in discovery and to therefore defend himself adequately, but he was also protected against default judgment and other procedural defaults by the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501-594.  Accordingly, no conclusions were drawn

regarding Hodges' potential liability or lack thereof in this case.

Since the filing of this Order, Hodge has returned from Iraq and has participated in discovery. As a result – just as with the other individual Defendants – the parties have filed cross-motions for summary judgment as to these same three questions with respect to Office Hodge (docs. 192, 197). They have been fully briefed and are therefore ripe for decision.

## I. APPLICABLE LEGAL STANDARD

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir.1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks

omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled.  First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).  The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  As the "requirement [of the Rule] is that there be no genuine issue of material fact," an

"alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir.1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir.1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989)(internal quotation marks omitted).  In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F .2d

1155, 1162 (6th Cir.1990).  The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962).  Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion.  See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute.  See Matsushita, 475 U.S. at 587.  The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate.  See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

The primary claims placed at issue by the summary judgment motions currently before the Court are Plaintiff's constitutional deprivations for denial of medical care and excessive force, both brought pursuant to 42 U.S.C. § 1983.  This statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

>     laws, shall be liable to the party injured in
>     an action at law, suit in equity, or other
>     proper proceeding for redress, except that in
>     any action brought against a judicial officer
>     for an act or omission taken in such officer's
>     judicial capacity, injunctive relief shall not
>     be granted unless a declaratory decree was
>     violated   or   declaratory   relief   was
>     unavailable.

42 U.S.C. § 1983. Accordingly, before it is entitled to relief, the Plaintiff must establish that Owensby was (1) deprived of a right secured by either the Constitution or laws of the United States (2) by the conduct of a person acting under color of state law. See, e.g., American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-51 (1999); Adickes v. H.S. Kress & Co., 398 U.S. 144, 151 (1970); Alkire v. Irving, 330 F.3d 802, 813 (6th Cir. 2003). There is no dispute among the parties that the officers of both Defendant municipal police departments were acting under color of state law in their official capacities at the times that the incidents forming the basis of this lawsuit occurred.

**II. RELEVANT FACTUAL BACKGROUND**

In evaluating the prior motions, the Court engaged in a lengthy recitation of all of the relevant facts underlying this case (doc. 156)[1]. There is little need to do so again, and the Court hereby incorporates it by reference. It is appropriate, however, to detail Hodge's purported involvement in the incidents

---

[1] In its July 7, 2005 Opinion, the Court of Appeals also recited the facts of this case (doc. 205).

at issue, as supported by the evidentiary materials filed by the parties.

Officer Hodge was one of the officers responding to the call for assistance from Sam's Carryout, where the altercation with Roger Owensby ("Owensby") occurred.  When he arrived, the other officers already on the scene were struggling with Owensby and attempting to handcuff him; Owensby was lying prone on the store's parking lot with his right hand already handcuffed.  Officer Hodge knelt down on Owensby's right side between his neck and his shoulders and assisted Officer Caton in extracting Owensby's right arm from under his chest, where he encountered some unspecified resistance.[2]  To aid Officer Caton in his efforts, Hodge took Officer Hunter's PR-24 baton and used it to pry Owensby's right arm from beneath him, after which Officer Caton was successful in handcuffing him.  Caton and Jorg then picked Owensby up by his upper arms.  After securing permission to place Owensby in the back of the Golf Manor cruiser, Officers Caton and Jorg began walking and/or carrying Owensby thereto.  Hodge claims that Owensby was walking toward the cruiser with very short, choppy steps as though he "appeared to be in an intoxicated state," even though Hodge did not smell any alcohol (doc. 197).  He never heard Owensby make a

---

[2] Evidently, Hodge was unsure whether the resistance was a result of active struggle from Owensby, resistance from the handcuffed wrist on the pavement, mechanical resistance from the weight of the officers on top of Owensby, or a combination of all of these factors.

sound during the entire time he was on the scene.

At that point, Hodge went into the convenience store to obtain the manager's name and identification; while there, he purchased a pack of cigarettes and a Pepsi for Officer Caton. Upon returning, he noticed that Office Jorg's left sleeve had blood "all over" it, and, concerned that Jorg might have been exposed to blood contamination the way that he had on a previous occasion, cut off the sleeve and placed it in the trunk of Jorg's cruiser. (Id.)[3] It is undisputed that until the time he heard another officer opine that Owensby was not breathing, after which Officers Hasse and Caton began administering CPR, Hodge took no action to check on Owensby's condition.

**III. LAW AND ANALYSIS**

In determining the similar motions previously filed in this case, the Court engaged in a thorough evaluation and determination of the legal standards applicable to each claim, including that for the Plaintiff's claim for failure to provide medical care (doc. 156). As with the fact section, there is little to be gained by repeating this analysis here; the Court reaffirms and incorporates this analysis in this Order. In light of this approach, and given that the parties have filed cross-motions for

---

[3] It is apparently undisputed from the testimony that Hodge realized Owensby was bleeding while he was on the sidewalk and that Owensby was the only person he knew was bleeding as a result of the struggle.

summary judgment on each issue, it is most economical to address them by claim or issue rather than by motion. The Court will proceed through each seriatim.

1. Failure to Provide Medical Care

As with the previous motions, there appears to be no bona fide dispute that, viewed objectively, Owensby's need for medical care was "sufficiently serious;" even if there were, the Court finds this prong for a claim for unconstitutional denial of medical care satisfied as a matter of law on these facts. Regardless of whether Owensby's condition was the result of injuries suffered during the struggle with the Cincinnati police officers or his own physical condition – or a combination thereof – a cessation of breathing and an arrested heart are "serious medical needs" worthy of immediate care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Hodge, however, disputes that he was subjectively aware of Owensby's distress and that, accordingly, summary judgment against him on this claim is inappropriate and, in fact, summary judgment in his favor is warranted.

When Hodge's actions and statements are evaluated and viewed in a light most favorable to him, a question of fact exists as to whether he subjectively realized a substantial risk of serious harm to Owensby and failed to summon or otherwise provide appropriate medical care for his condition. Unlike many of the other officers, Hodge was not there for the entire struggle, and he

does not admit to witnessing Owensby being maced or beaten by other officers.  He also was not privy to any comments or observations that Owensby might have been unable to breathe or otherwise in distress.  Although he noted that Jorg had Owensby's blood on his shirt, this observation is insufficient to establish as a matter of law "circumstances clearly indicating the existence of" Owensby's serious medical needs.  <u>Horn by Parks v. Madison County Fiscal Court</u>, 22 F.3d 653, 660 (6th Cir. 1994).  Similarly, his observations that Owensby was silent during the struggle and stumbled are insufficient to establish, as a matter of law, that he was subjectively aware of Owensby's need for medical care.  Accordingly, the Court finds that a question of fact exists as to whether Hodge violated Owensby's right to medical care, and both Hodge's and the Plaintiff's motions for summary judgment will be denied as to this issue.[4]

2. <u>Excessive Force</u>

---

[4] The Plaintiff contends that because Hodge was disciplined for failing to provide medical care to Owensby, he is collaterally estopped "from denying that the conduct which gave rise to the discipline occurred" (doc. 197).  As presented to the Court, this only serves to reinforce the conclusion that Hodge was aware that Owensby was bleeding and required some – perhaps minor – medical care.  That does not, however, necessarily lead to the conclusion that Hodge's denial also reached constitutionally objectionable levels, which Plaintiff concedes.  Accordingly, the Court finds that this claim presents questions of material fact requiring its submission to a jury.  Furthermore, to the extent that Hodge attempts to raise issues of causation or futility in support of his claim for summary judgment, the Court finds them unavailing for the reasons expressed in its earlier Order.

Hodge moved for summary judgment in his favor on Plaintiff's excessive force claim against him. In response, Plaintiff indicated that it "will not pursue and does not object to the dismissal of the excessive force claim against Officer Hodge for his role in the arrest of Mr. Owensby" (doc. 196). In closing, it avers that "Officer Hodge's motion for summary judgment should be...granted in part (as to the claim of excessive force)" (Id.). In light of Plaintiff's concessions, this motion is well founded, and it will be granted.

3. Qualified Immunity

In its earlier Order, the Court engaged in a rather lengthy analysis of whether, on the facts of this case, the other individual officers were entitled to qualified immunity from Plaintiff's claim for the denial of medical care. Hodge echoes their arguments in his initial motion, and, in his response, he "adopts [his and the other individual Defendants' arguments] as if fully restated herein" (doc. 198). At the time he filed his motion, however, the other individual Defendants had taken an interlocutory appeal of this Court's denial of qualified immunity on these grounds.

On July 7, 2005, the Sixth Circuit affirmed this Court's denial of qualified immunity for the officers' failure to provide medical care (doc. 205) in full. Accordingly, the Court has little difficulty concluding that, on the facts of this case, Hodge is not

entitled to qualified immunity on Plaintiff's claim for failure to provide medical care.  To the extent that he would attempt to effect an interlocutory appeal of this determination, the Court finds – as the Sixth Circuit has already decided this precise issue in this case – that it would be frivolous and for no other reason than to impose delay.  See, e.g., Dickerson v. McClellan, 37 F.3d 251 (6th Cir 1994); Yates v. City of Cleveland, 941 F.2d 444, 448-49 (6th Cir. 1991).

**IV.  OTHER PENDING MATTERS**

The Court notes two pending motions that have been rendered irrelevant with the passage of time and the Sixth Circuit's July 7, 2004 Order.  On May 27, 2004, Defendants filed a Motion to Stay Proceedings (doc. 166) essentially requesting a stay of trial pending the outcome of their pending appeal on qualified immunity.  As Defendants' appeal has been denied, so should this motion.  Similarly, on December 9, 2004, Defendant City of Cincinnati moved the Court to certify issues to the Sixth Circuit so that it would exercise pendent jurisdiction while considering Defendants' qualified immunity appeal (doc. 201).  The Sixth Circuit's July 7, 2005 decision made it clear that this would not be appropriate (doc. 205), and this motion is also denied.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (doc. 197) is DENIED.  Defendant Hodge's Motion for

-12-

Summary Judgment (doc. 192) is GRANTED IN PART AND DENIED IN PART, such that Defendant Hodge's motion for summary judgment as to Plaintiff's denial of medical care claims and the issue of qualified immunity is DENIED, and his motion for summary judgment as to Plaintiff's excessive force claim is GRANTED.  Finally, the Court DENIES Defendants' Motion to Stay Proceedings (doc. 166), DENIES Defendant City of Cincinnati's Motion to Certify Issues to the Court of Appeals (doc. 201), and SETS this matter for a status conference at 2:00 p.m. on September 22, 2005.

    SO ORDERED.


Dated: September 1, 2005    <u>s/S. Arthur Spiegel</u>
                                          S. Arthur Spiegel
                                          United States Senior District Judge