IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF ROGER OWENSBY, JR.** | : | **CASE NO. 1:01CV769** |
| **Plaintiff,** | : | Judge Spiegel |
| v. | : | |
| | : | **DEFENDANTS' MOTION TO RESCHEDULE TRIAL DATE AND MEMORANDUM IN SUPPORT** |
| **CITY OF CINCINNATI, et al.** | : | |
| **Defendants.** | : | |
| | : | |

The Defendants move the Court to reschedule the trial date for the reasons expressed below.

Cincinnati Police Officers Jorg, Caton, Spellen, Sellers, and Hunter are filing a petition for writ of certiorari to the United States Supreme Court to review this Court's denial of the officers' qualified immunity defense on the claim that they unconstitutionally delayed the provision of medical care to Mr. Roger Owensby, Jr., during the several minutes Mr. Owensby was in the physical custody of the Village of Golf Manor.  The officers' petition for writ of certiorari is due in the Supreme Court on March 7, 2006.  This Court scheduled a trial date of April 3, 2006.  Therefore, the trial is scheduled to begin prior to the time the Supreme Court will rule on the officers' petition for writ of certiorari.  A favorable ruling from the Supreme Court on the officers' petition will require reversal of a possible verdict for the plaintiff if the trial continues as scheduled.  A two or three month continuance of the trial date will allow proper judicial processes to run their course without unduly prejudicing the parties.

The officers will raise a number of legitimate arguments before the Supreme Court. One argument is that the few minutes and limited information available to the officers while Mr. Owensby was in the physical custody of Golf Manor require application of the substantive due process "malice and intent to harm" standard rather than the "traditional deliberate indifference standard."[1] Time and information are the variables that dictate which standard applies. Even under the traditional deliberate indifference standard, none of the officers knew that Mr. Owensby had the serious medical condition of cardiac arrest and cessation of breathing. Care was provided immediately to Mr. Owensby as soon as a Cincinnati sergeant observed Owensby inside the Golf Manor vehicle and detected that he was not breathing. Other issues are the elimination of proximate cause as an element of the plaintiff's failure to provide medical care claim and the erroneous viewing of the allegations in the light most favorable to the plaintiff even though the Court granted summary judgment in favor of the estate and against Officers Sellers, Spellen, and Hunter.

Last year, the Supreme Court granted a police officer's petition for writ of certiorari and remanded consideration of his qualified immunity defense to the United States Court of Appeals for the Sixth Circuit for reconsideration in light of *Brosseau v. Haugen*, 125 S.Ct. 596, 599 (2004).[2] On remand, in *Lyons v. City of Xenia*, 417 F.3d 565 (6th Cir. 2005), the Sixth Circuit reconsidered its earlier ruling and granted the police officers' their qualified immunity defense.

---

[1] Last year, the United States Court of Appeals for the Eighth Circuit ruled, *en banc*, that even non-chase emergency responses justified application of the "malice and intent to harm" substantive due process standard. *Terrell, et al. v. Larson, et al.*, 396 F.3d 975, 979 (8th Cir. 2005). The limited time and information available to the Cincinnati officers in the case at bar are similar.

[2] The Supreme Court held in *Brosseau v. Haugen* that a police officer had qualified immunity from suit since she did not have "fair notice" at the time, and under the specific circumstances of the case, that shooting an individual with a deadly weapon was unlawful. The Supreme Court emphasized the need to ascertain particularity and relevance when determining if a right alleged to have been violated was "clearly established." Police officers' actions falling in the "hazy border" between the permitted and the proscribed are not "clearly established" and do not deny an officer his qualified immunity defense. 125 S.Ct. at 600. The actions of the Cincinnati police officers while Mr. Owensby was in the physical custody of Golf Manor fell, at worst, in a "hazy border" that was not clearly established.

Similarly, the Sixth Circuit did not consider *Brosseau v. Haugen* and did not evaluate the Cincinnati police officers' qualified immunity defense by reference to the deferential standard articulated by the Supreme Court.

Just last week, in a failure to provide medical care case, a panel of the Sixth Circuit granted qualified immunity to two public officials because they only had "brief exposures" with the decedent and did not have "repeated opportunities" to know that proper medical care was not being provided. *Clark-Murphy v. Foreback, et al.*, 2006 WL 265460 (6th Circuit 2006). The time and knowledge available to those two officials who were granted qualified immunity exceeded the time and knowledge available to the Cincinnati police officers.

A few months ago, another panel of the Sixth Circuit considered *Brosseau v. Haugen* and concluded that "there are no cases finding a constitutional right to medical care under these exact (or even vaguely similar) circumstances. Even if a constitutional violation were established, *Brosseau* compels a finding that such a violation is not clearly established." *Jackson v. Schultz, et al.*, 495 F.3d 586, 592 (6th Cir. 2005). In the year 2000, Mr. Owensby "bolted" from the Cincinnati officers (in his counsel's words), the officers struggled with Mr. Owensby for about one minute twenty seconds to secure him in custody, he was placed in a Golf Manor police vehicle guarded by Golf Manor police officers, and was immediately provided medical care about five minutes later when a Cincinnati sergeant detected that he was not breathing. Either the Cincinnati officers did not deprive Mr. Owensby of a constitutional right to medical care, that right was not clearly established in the particularized sense, or the officers were reasonably mistaken.

For the foregoing reasons, this Court should vacate the trial date and reschedule the trial to a time after the United States Supreme Court has had the opportunity to review the petition for

writ of certiorari to be filed by Police Officers Jorg, Caton, Sellers, Spellen, and Hunter.

Respectfully submitted,


JULIA L. McNEIL (0043535)
City Solicitor

s/ Richard Ganulin_____
RICHARD GANULIN (0025642C)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Telephone: (513) 352-3329
Fax:  (513) 352-1515
richard.ganulin@cincinnati-oh.gov

s/ Donald E. Hardin_____
DONALD E. HARDIN (0022095)
Hardin, Lefton, Lazarus & Marks
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202
(513) 721-7300
(513) 721-7008 FAX
donhardin@hllmlaw.com

s/ Ravert J. Clark_____
RAVERT J. CLARK (0042027)
114 East Eighth Street
Cincinnati, Ohio 45202
(513) 587-2887
(513) 621-2525 FAX
notguilty14@aol.com

## CERTIFICATE OF SERVICE

I hereby certify a true and accurate copy of the foregoing Defendants' Motion to Reschedule Trial Date and Memorandum in Support was filed electronically this 15th day of February, 2006. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard Ganulin
RICHARD GANULIN (0025642C)
Assistant City Solicitor

Owensby Spiegel Stay 0206-RG(skj)