RECEIVED
JAN 26 2006
HELMER
MARTINS, RICE & POPHAM CO., L.P.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

NOS. 04-3724; 04-3725 (Consolidated)

ESTATE OF ROGER OWENSBY JR.,

Plaintiff-Appellee

v.

CITY OF CINCINNATI, et al.

Defendants-Appellants

## APPELLANTS' MOTION TO STAY THE MANDATE PENDING THE FILING OF A PETITION FOR WRIT OF CERTIORARI

Julia L. McNeil (0043535)
City Solicitor
Richard Ganulin (0025642C)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3329
(513) 352-1515 FAX
richard.ganulin@cincinnati-oh.gov

Counsel for Defendants-Appellants

James B. Helmer, Jr.
Paul B. Martins
Helmer, Martins, Rice & Popham
Fourth & Walnut Centre, Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
(513) 421-2400
(513) 421-7902 FAX

Mark T. Tillar
John J. Helbling
105 East Main Street
Suite 202
Mason, Ohio 45040
(513) 923-9740
(513) 923-9741 FAX

Counsel for Plaintiff-Appellee

Donald E. Hardin (0022095)
Hardin, Lefton, Lazarus & Marks
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202
(513) 721-7300
(513) 721-7008 FAX
donhardin@hllmlaw.com

Attorney for Defendants-Appellants Robert
Jorg, Patrick Caton, Victor Spellen and
Darren Sellers

Ravert J. Clark (0042027)
114 East Eighth Street
Cincinnati, Ohio 45202
(513) 587-2887
(513) 621-2525 FAX
notguilty14@aol.com

Attorney for Defendant-Appellant
David Hunter

The Appellants move the Court pursuant to FRAP 41 to stay the mandate pending the filing of a Petition for Writ of Certiorari in the United States Supreme Court. For the reasons expressed below, the certiorari petition would present a substantial question and there is good cause for a stay.

A fundamental legal question disputed in this case is the level of culpability required to establish a violation of the decedent's constitutional right to medical care. Given the totality of circumstances including the decedent's attempted flight from Cincinnati police officers, his custody in the police cruiser of another jurisdiction, and the very limited time and medical information available to the Appellants, the Appellants' position is that the determination of a constitutional deprivation is governed by the substantive due process standard requiring proof of malice and intent to harm. *County of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Terrell, et al. v. Larson, et al.*, 396 F.3d 975 (8th Cir. 2005) (en banc). This Court instead held that the District Court properly applied "the traditional deliberate indifference standard" and concluded that even though the Appellants did not know that the decedent had stopped breathing and had an arrested heart, they nonetheless had time to fully consider the potential consequences of their conduct.

The City will argue to the Supreme Court that the malice and intent to harm substantive due process standard is applicable to the case at bar because the traditional standard "rests upon the luxury enjoyed by prison officials of having

time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations. When such extended opportunities to do better are teamed with protracted failure even to care, indifference is truly shocking." *County of Sacramento v. Lewis*, 523 U.S. at 853. In the case at bar, by contrast, there were no "unhurried judgments," no "repeated reflection," no "extended opportunities," no "protracted failure," and there were "competing obligations."

The related question presented to the Supreme Court will be whether the decedent's right to medical care was clearly established in the particularized sense in November 2000. In *Lyons v. City of Xenia*, 417 F.3d 565 (6th Cir. 2005), the Supreme Court granted certiorari with respect to the denial of qualified immunity to a police officer on the arrestee's claim that the officer had used excessive force in tackling her. The Supreme Court required further consideration by this Court in light of the holding in *Brosseau v. Haugen*, 125 S.Ct. 596 (2004), that a police officer had qualified immunity from suit. The officer did not have "fair notice" that her actions were unlawful because they fell in the "hazy border" between the permitted and the proscribed. Similarly, this Court did not consider *Brosseau v. Haugen* in the case at bar.

Another substantial question to be presented to the Supreme Court is this Court's construction of the allegations "in a light most favorable" to the Appellee

estate even though the District Court had concluded that there were no genuine issues of material fact and had granted the <u>Appellee's</u> motion for summary judgment. Instead, the Court should have "view[ed] the evidence through the prism of the substantive evidentiary burden," meaning "the evidence of the non-movant [Appellants] is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson, et al. v. Liberty Lobby, et al.*, 477 U.S. 242, 254-55 (1986).

The certiorari petition will also present the substantial question whether the Appellee estate could lawfully be excused from proving proximate cause as described in this Court's opinion, thereby overbroadening the scope of a failure to provide medical care claim.

There is good cause for a stay in this case because the Appellants will be filing a certiorari petition with the Supreme Court and the District Court has scheduled a trial date prior to the time the Supreme Court will rule on the petition. Not only will the Appellants be deprived of their qualified immunity defense from suit, piecemeal litigation will be inefficient and unjust and will unfairly prejudice the jury against the Appellants.

For the foregoing reasons, the Court should grant this Motion to Stay the Mandate.

Respectfully submitted,

JULIA L. McNEIL (0043535)
City Solicitor


*Richard Ganulin*
RICHARD GANULIN (0025642C)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3329
(513) 352-1515 FAX
richard.ganulin@Cincinnati-oh.gov

Donald E. Hardin (0022095)
Hardin, Lefton, Lazarus & Marks
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202
(513) 721-7300
(513) 721-7008 FAX
donhardin@hllmlaw.com

Ravert J. Clark (0042027)
114 East Eighth Street
Cincinnati, Ohio 45202
(513) 587-2887
(513) 621-2525 FAX
notguilty14@aol.com

ATTORNEYS FOR APPELLANTS

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was sent via First Class United States Mail, postage prepaid, to all parties of record this 24 day of January, 2006.

*Richard Ganulin*
RICHARD GANULIN

OwensbyMandate 0106-RG