UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF | : | |
| ROGER D. OWENSBY JR., | : | |
| | : | |
| | : | Case No. 01-CV-769 |
| Plaintiff, | : | |
| | : | Senior Judge S. Arthur Spiegel |
| v. | : | |
| | : | |
| CITY OF CINCINNATI, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S MOTION TO ENFORCE SCHEDULING ORDER (DOC. 34) AND,
IN THE ALTERNATIVE,
MOTION TO QUASH SUBPOENAS ISSUED MORE THAN TWO YEARS AFTER THE
DISCOVERY CUTOFF**

Without notice or seeking leave of this Court, Defendant City of Cincinnati has served

discovery subpoenas to the Hamilton County Job & Family Services and the Department of the

Army.[1]  The Court ordered discovery cutoff in this case was well over two years ago, on January

1, 2004.[2]  Therefore, Plaintiff moves this Court to enforce its discovery cutoff and prohibit the

City of Cincinnati's use of discovery subpoenas demanding production of documents on the eve

of trial.

Alternatively, Plaintiff moves to quash the subpoenas in light of Plaintiff's personal

interest in avoiding further delay of trial as a result of this unilateral reopening of formal

---

[1] Exhibit A, 2/27/06 Subpoenas and cover letter from defense counsel.

[2] Doc. 34, Order.

discovery.  In fact, this Court should quash Defendant's subpoena issued from this Court to the Department of the Army because it violates the 100 mile limit on subpoenas by commanding that the Department of the Army, located in Alexandria, Virginia, produce documents to the City of Cincinnati's counsel in Cincinnati, Ohio.[3]

Finally, pursuant to Civil Rules 16 and 37, Plaintiff moves this Court to prohibit the introduction of any documents obtained through these untimely and improper subpoenas. Plaintiff also requests that they be awarded their expenses, including reasonable attorneys fees, in having to oppose the untimely issuance of these subpoenas and enforce this Court's Scheduling Order.

A memorandum in support is attached.

Respectfully submitted,

/s/ Paul B. Martins

| | |
|---|---|
| Mark T. Tillar (0029898) | James B. Helmer, Jr.  (0002878) |
| 105 E. Main Street, Ste. 202 | Paul B.  Martins (0007623) |
| Mason, Ohio  45040 | Jennifer L. Lambert (0075762) |
| Telephone: (513) 770-0264 | HELMER, MARTINS, RICE |
| | & POPHAM CO., LPA |
| | Fourth & Walnut Centre, Suite 1900 |
| John J. Helbling (0046727) | 105 East Fourth Street |
| 105 E. Main Street, Ste. 202 | Cincinnati, Ohio 45202-4008 |
| Mason, Ohio 45040 | Telephone:    (513) 421-2400 |
| Telephone: (513) 770-0322 | Facsimile:    (513) 421-7902 |

*Trial Attorneys for Plaintiff*

---

[3] Rule 45(c)(3)(A)(ii), Fed. R. Civ. P.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE
SCHEDULING ORDER (DOC. 34) AND, IN THE ALTERNATIVE, MOTION TO
QUASH SUBPOENAS ISSUED MORE THAN TWO YEARS AFTER THE DISCOVERY
CUTOFF**

I.    **FACTS**

The parties to this litigation are governed by this Court's Scheduling Order which specifies that "Discovery will be completed by January 1, 2004."[4]  In addition to the luxury of investigations performed by its police department and its Officer of Municipal Investigations, Defendant City of Cincinnati had almost two years to complete discovery in this case.

In June 2004, the parties were within two weeks of trying this case when these proceeding had to be stayed while the City and its police officers pursued an unsuccessful interlocutory appeal to the Sixth Circuit, an unsuccessful petition for Rehearing *En Banc*, and an unsuccessful attempt to stay the Sixth Circuit's Mandate.[5]  This has occupied the last two years.  This matter is now properly back before this Court and scheduled for trial on April 3, 2006.

Last week, on February 27, over two years after this Court's Ordered discovery cutoff, the City issued two subpoenas: one to Hamilton County Job & Family Services in Cincinnati and one to the Department of the Army in Alexandria, Virginia.[6]  These are not trial subpoenas which command a person to appear for trial with or without documents.  Instead, both of these subpoenas are discovery subpoenas, commanding the recipient to deliver requested documents to

---

[4] Doc. 32, Order.

[5] Defendants have also unsuccessfully petitioned the United States Supreme Court to stay the scheduled April 3, 2006 trial, and now have filed a petition for certiorari with the Supreme Court.

[6] Exhibit A.

the Cincinnati office of the City's lead counsel.[7]  Copies of these subpoenas were mailed to

Plaintiff's counsel, Mark T. Tillar and John J. Helbling.[8]

## II.    PLAINTIFF'S MOTION TO ENFORCE THE SCHEDULING ORDER

A Civil Rule 45 subpoena is a formal discovery tool.[9]  Civil Rule 34(c), which governs

"Production of Documents and Things" states:  "[a] person not a party to the action may be

compelled to produce documents and things or to submit to an inspection as provided in Rule

45."  Additionally, Civil Rule 26(a)(5) provides that "parties may obtain discovery" by various

methods, including: "production of documents or things."  As a result, this Court's Scheduling

Order (Doc. 34) setting a January 1, 2004 discovery cutoff applies to the subpoenas issued last

week.[10]

---

[7] *Id.*

[8] Although the City has dealt with the undersigned counsel for the past 2 ½ years, it is odd that they chose not to serve copies of these subpoenas upon the undersigned who learned of this matter through co-counsel.  As lead counsel for the Plaintiff, the undersigned hereby request that Defendants serve them with all matters relating to this litigation.

[9] *See, e.g., Mortg. Info. Servs. v. Kitchens*, 210 F.R.D. 562, 566 (D.N.C. 2002) *In re Papst Licensing GmbH Patent Litigation*, 2001 U.S. Dist. LEXIS 10012 *60 (E.D. La. 2001); *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) ("The inclusion of references to Rule 45 within Rules 26 and 34 is a clear indication that procuring documents from non-parties can constitute discovery."), *quoting Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995), *citing Smith v. Midland Brake*, 162 F.R.D. 683 (D. Kan. 1995)); *Marvin Lumber & Cedar Co. v. PPG Indus.*, 177 F.R.D. 443, 444 (D. Minn. 1997).

[10] *DAG Enters. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005), *vacated on other grounds*, 2005 U.S. Dist. LEXIS 3566 (D.D.C. 2005); *Dodson v. CBS Broadcasting Inc.*, 2005 U.S. Dist. LEXIS 30126 *3-6 (D.N.Y. 2005); *Playboy Enter. Int'l Inc. v. OnLine Entm't, Inc.*, 2003 U.S. Dist. LEXIS 26867 *1-4 (E.D.N.Y. 2003); *Nicholas v. Wyndham Int'l, Inc.*, 2003 U.S. Dist. LEXIS 24085 *1-5 (D.V.I. 2003); *Mortgage Info. Servs., Inc.*, 210 F.R.D. at 566-68 & n.2 (W.D.N.C. 2002); *Dreyer v. GACS Inc.*, 204 F.R.D. 120, 122-23 (N.D. Ind. 2001); *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D. Okla. 2001); *Alper*, 190 F.R.D. at 283; *Puritan Inv. Corp. v. ASLL Corp.*, 1997 U.S. Dist. LEXIS 19559 *3-4 (E.D. Pa. 1997); *Rice v. United*

Consistent with the Federal Rules, the Sixth Circuit has concluded on multiple occasions that when parties have had ample time and opportunity to conduct discovery, a district court is correct in quashing subpoenas compelling the production of documents issued long after the discovery cutoff.[11]

As a result, *before issuing these subpoenas* the City was required to make a "showing of good cause" and obtain "leave of the district judge."[12]  The City neither sought leave of this Court nor even attempted to make any showing of good cause for their unilateral action.

There are multiple reasons why the City cannot sustain its burden of establishing good cause to justify the issuance of these discovery subpoenas two years after the discovery cutoff in contravention of this Court's Scheduling Order.

First, the City of Cincinnati's unilateral attempt to restart formal discovery "after the discovery deadline unnecessarily lengthens the discovery process, and diverts the parties'

---

*States*, 164 F.R.D. 556, 557-58 (N.D. Okla. 1995); *BASF Corp. v. Old World Trading Co.*, 1992 U.S. Dist. LEXIS 1111 *3-4 (N.D.Ill. 1992); *Pitter v. American Express Co.*, 1984 U.S. Dist. LEXIS 21736 *9-20 (S.D.N.Y. 1984); *Marvin Lumber & Cedar Co.*, 177 F.R.D. at 445.

[11] *Ghandi v. Police Dep't of Detroit*, 747 F.2d 338, 354-55 (6th Cir. 1984).  *See also Thomas v. City of Cleveland*, 57 Fed. Appx. 652, 654 (6th Cir. 2003), *cert. denied*, 540 U.S. 989 (2003), *reh'g denied*, 540 U.S. 1145 (2004) (district court is within its discretion to quash a subpoena duces tecum when the subpoena was served after a discovery deadline); *Fields v. Runyon*, 99 F.3d 1138 (6th Cir. 1996) (unpublished table decision), *reported in full*, 1996 U.S. App. LEXIS 27380 *4-6 ("It is not an abuse of discretion to quash a subpoena served after the discovery deadline."); *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995), *cert. denied*, 516 U.S. 1078 (1996) ("Because the plaintiff here had adequate opportunity to discover this material through the normal discovery process, the district court did not abuse its discretion in quashing the subpoena.")

[12] Rule 16(b), Fed. R. Civ. P.; *DAG Enters.*, 226 F.R.D. at 104.

3

attention from the post-discovery aspects of preparing a case for trial."[13]  "A scheduling order is

not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel

without peril."[14]  "Disregard of the order would undermine the court's ability to control its docket,

disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier."[15]

Second, the only document resembling the subject matter sought in the subpoenas listed

in the Joint Final Pretrial Order is Roger D. Owensby Jr.'s medical records, which are listed as

*Plaintiff's* Exhibit 527.[16]  Any other documents produced in response to the subpoenas are

unlikely to fit any of the other Joint Exhibits or Defense Exhibits.  Allowing a party to continue

to unilaterally restart formal discovery almost two years after the Order was submitted to the

Court defeats the very reason for requiring the parties to compile and submit a Joint Final Pretrial

Order.[17]

---

[13] *Alper*, 190 FRD at 284, *citing In re Application of Time, Inc.*, 1999 U.S. Dist. LEXIS 15858 *7 (E.D. La. 1999).

[14] *DAG Enters.*, 226 F.R.D. at 104, *quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

[15] *Id.*, *quoting Johnson*, 975 F.2d at 610.  However, as some courts note, a subpoena for the production of documents may properly utilized after the discovery deadlines, such as "to secure the production at trial of original documents previously disclosed by discovery."  Here, this exception does not apply.  *Mortg. Info. Servs.*, 210 F.R.D. at 567, *citing Rice*, 164 F.R.D. at 558 n.1;  *Puritan Inv. Corp.*, 1997 U.S. Dist. LEXIS 19559 *3; Randolph S. Sergent, Federal Document Subpoenas and Discovery Deadlines, 34 MD. B. J. 54 (Sept./Oct. 2001). Defendants have never requested these documents from any party to this litigation nor any third party, despite the voluminous discovery that did occur in this case.  Final exhibit lists were exchanged and made part of the Court's Pretrial Order in this case nearly 2 years ago.  Exhibits that Defendant's new counsel now subpoena were not listed on the City or Joint Exhibit lists.

[16] On May 27, 2004, pursuant to Court Order (Doc. 161), the parties submitted their Joint Final Pretrial Order to this Court.

[17] *Revander v. Denman*, 2004 U.S. Dist. LEXIS 628 *4-5 (S.D.N.Y. 2004), *citing BASF Corp.*, 1992 U.S. Dist. LEXIS 1111 at *4 ("Indeed, 'the court's policy of requiring parties to

Third, the City of Cincinnati had ample opportunity during the course of discovery to subpoena these documents. The City's Police Department could have obtained these documents during its internal investigation which started the night of Mr. Owensby's death. The City's Office of Municipal Investigations could have obtained these documents during its investigation that culminated in the administrative discipline of many of the involved police officers.

The City knew that Mr. Owensby's Army records might be at issue at this case. In fact, the City requested and the Plaintiff produced Mr. Owensby's Army medical records to the City in response to the City's June 16, 2003 First Set of Request for Production of Documents.[18] These records are listed as Plaintiff's Exhibit 527 in the Joint Final Pretrial Order.

Likewise, the City's counsel examined Ms. Donna Marie Todd (the mother of decedent's minor child) about child support matters during her deposition on November 21, 2003.[19] Thus, the City had in hand discovery on both of the subpoenaed subjects well before the discovery cutoff. If the City was not satisfied with the information that it had, the City could have inquired further before the discovery cutoff. Instead, the City waited until the eve of trial to seek additional discovery without notice or leave of this Court.

For these reasons, Defendant City of Cincinnati's subpoenas should be stricken as violating the Court's discovery cut-off date.

---

submit a pretrial order detailing those documents which it may use at trial is rendered nugatory if a trial subpoena may issue demanding documents not previously produced or identified.'").

[18] Exhibit B, Plaintiff's Response to Document Request No. 1.

[19] Todd Depo., pp. 9-14, attached.

5

## IV.    PLAINTIFF'S MOTION TO QUASH THE SUBPOENAS

While a party generally has no standing to move to quash a subpoena directed at a third party, a exception exists when the party asserts "privilege, personal interest, or proprietary interest"[20]  However, "a party has standing to move to enforce the Court's orders and rules."[21]  In this case, the Defendants have blatantly violated this Court's Scheduling Order.  Therefore, for the reasons already stated, the Plaintiff moves to quash the subpoenas.

### A.    The Subpoena to the Department of the Army Violates Rule 45(c)(A)(ii).

In addition to the deficiencies noted above, the City's subpoena to the Department of the Army also violates Rule 45(c)(A)(ii), Fed. R. Civ. P.

Civil Rule 45(c)(A)(ii), allows the Court, upon timely motion, to squash or modify a subpoena if it "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person."  This distance requirement applies to a request for the production of documents.[22]

The subpoena that Defendant improperly issued from this Court[23] commands the

_____

[20] *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005).

[21] *Id.*, *citing Central Bank of Tampa v. Transamerica Ins. Group*, 128 F.R.D. 285 (M.D. Fla. 1989).

[22] *Anderson v. Virgin Islands*, 180 F.R.D. 284 (D. VI 1998).

[23] Rule 45(b)(2) provides that "...a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena...." If Defendant City of Cincinnati intends to have the production made in Cincinnati, then their subpoena violates the 100 mile distance limit of Rule 45(b)(2).  If Defendant City of Cincinnati intended the production to be made in Alexandria, Virginia, then the subpoena is defective as

Department of the Army's Freedom of Information and Privacy Officer, located in Alexandria,

Virginia to deliver "any and all document relating to service by Roger D. Owensby, Jr" to the

Cincinnati office of the City's lead counsel.[24]  The Army office subpoenaed is located

approximately 530 miles from the officer of the City's counsel.  As such, this subpoena is issued

by the wrong District Court and would require the recipient to travel in excess of five times the

distance limit imposed by Rule 45.  As such, the subpoena is defective and should be quashed.

## III.    PLAINTIFF'S REMEDY

In the Sixth Circuit, when a party violates a scheduling order, the court "has discretion to

impose whatever sanction it feels is appropriate, under the circumstances."[25]

There is no justification for such noncompliance with this Court's Scheduling Order.

Between Mr. Owensby's death on November 7, 2000 and the discovery cutoff of January 1,

2004, the City, its police force, its Office of Municipal Investigations, and its parade of counsel

in this action[26] were all afforded more than enough time to locate and obtain the documents that

---

having been issued by the wrong court.

[24] Exhibit A.

[25]  *Estes v. King's Daughters Med. Ctr.*, 59 Fed. Appx. 749, 753 (6th Cir. 2003), *citing* Advisory Committee notes to Fed. R. Civ. P. 16(f) (1983); *United States v. Rayco, Inc.*, 616 F.2d 462, 464 (10th Cir. 1980)); *Clarksville-Montgomery County Sch. Sys. v. United States Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991), *citing Rayco, Inc.*, 616 F.2d at 464), *reh'g denied*, 1991 U.S. App. LEXIS 5163 (6th Cir. 1991).

[26] According to this Court's Docket Sheet, the City of Cincinnati has been represented by no less than 10 different attorneys who have entered appearances in this action: Mark Vollman, Gloria Sigman, Geri Geiler, Julie Bissinger, Neil Freund, Vassem Hadi, Richard Ganulin, Larry James, Brian Hurley, and Robert Gehring.  No doubt there are additional lawyers and paralegals who also worked on this case and could have obtained the subpoenaed documents in a timely manner.

they now seek.  As discussed above, the City was aware of both sets of records during discovery, as evidenced by their document requests and their deposition questions, and they choose not to obtain those documents.  Thus, this present attempt to obtain these discovery documents on the eve of trial can only be another in a long line of attempts to delay this trial or an improper attempt to sandbag the Plaintiff.  Either reason warrants the following remedies.

### A.    Exclusion Of All Documents Obtained Through The Improper Subpoenas.

Defendants should be prohibited at trial from referring to or introducing into evidence any documents obtained through these improper subpoenas.  This remedy is expressly authorized by Civil Rule 37(b)(2)(B) as well as Civil Rule 16(f) when a party violates a scheduling order.  Here, this remedy is particularly appropriate because it will discourage further improper conduct by defense counsel.   It is also fair to Plaintiff, whose counsel will otherwise be occupied with preparing for trial without having to monitor defense counsels' every action.

This remedy of excluding these documents from trial is also equitable because these documents were never identified by Defendants in the Joint Final Pretrial Order.[27]

### B.    Payment Of Plaintiff's Expenses, Including Attorneys' Fees, In Enforcing This Court's Scheduling Order.

As a remedy for the blatant disobedience of the Court's Scheduling Order, Plaintiff seeks the recovery of his expenses, including his reasonable attorneys' fees incurred as a result of the noncompliance.

Civil Rule 16(f) provides that:

---

[27] *Columbia Gas Transmission Corp. v. Zeigler*, 83 Fed. Appx. 26, 31 (6th Cir. 2003), *citing United States v. Lummi Indian Tribe*, 841 F.2d 317, 320 (9th Cir. 1988), *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1335 (8th Cir. 1985); *Lirette v. Popich Bros. Water Transp., Inc.*, 660 F.2d 142, 144-45 (5th Cir. 1981).

> If a party or party's attorney fails to obey a scheduling or pretrial order . . . or if a party or party's attorney fails to fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such order thereto as are just, and among others any of the order provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, **the judge shall require** the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorneys's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 16(f), Fed. R. Civ. P. (Emphasis Added).

Here, the City of Cincinnati blatantly ignored the Court's Order establishing January 1, 2004 as the discovery cutoff date and unilaterally served discovery subpoenas without seeking leave of Court or even providing advanced coordination with Plaintiff's counsel.  As dictated by Civil Rule 16(f), such a violation of this Court's orders requires the payment of Plaintiff's expenses, including the payment of reasonable attorneys' fees.[28]

Both remedies are appropriate in this situation and, in fact, are conservative.  The Sixth Circuit has upheld the dismissal of an action based on a party's noncompliance with pretrial orders.  Such an extreme remedy is authorized by Rule 16(f) which incorporates the dismissal remedy of Rule 37(b)(2)(C).[29]  However, the Plaintiff believes that the more moderate sanction of excluding any improperly obtained documents and the payment of Plaintiff's expenses is fair and adequate for this case.

---

[28] *Chambers v. NASCO*, 501 U.S. 32, 43 n.8 (1991), *reh'g denied*, 501 U.S. 1269 (1991).

[29] *Clarksville-Montgomery County Sch. Sys. v. United States Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991); *Russell v. Clark*, 1999 U.S. App. LEXIS 2322 *3-5 (6th Cir. 1999)

IV.     **CONCLUSION**

The discovery subpoenas issued last week by the City of Cincinnati violate this Court's Scheduling Order (Doc. 34).  As such, it should be quashed because: they were issued more than two years after the discovery cutoff; Defendant never sought leave of this Court to violate the Scheduling Order; Defendant has an army of investigators and at least 10 lawyers who could have obtained this information before the discovery cutoff and elected not to do so; and, reopening discovery on the eve of trial would impose an unfair burden on Plaintiff.

Pursuant to Civil Rule 16(f) and Civil Rule 37, the appropriate remedy for this misconduct is the exclusion from trial of any documents obtained pursuant to these improper subpoenas and the payment of Plaintiff's expenses in having to respond to Defendant's misconduct and to enforce this Court's Scheduling Order.

Respectfully submitted,


/s/ Paul B. Martins

| | |
|---|---|
| Mark T. Tillar (0029898) | James B. Helmer, Jr.  (0002878) |
| 105 E. Main Street, Ste. 202 | Paul B.  Martins (0007623) |
| Mason, Ohio  45040 | Jennifer L. Lambert (0075762) |
| Telephone: (513)770-0264 | HELMER, MARTINS, RICE |
| | & POPHAM CO., LPA |
| | Fourth & Walnut Centre, Suite 1900 |
| John J. Helbling (0046727) | 105 East Fourth Street |
| 105 E. Main Street, Ste. 202 | Cincinnati, Ohio 45202-4008 |
| Mason, Ohio 45040 | Telephone:     (513) 421-2400 |
| Telephone: (513) 770-0322 | Facsimile:     (513) 421-7902 |

*Trial Attorneys for Plaintiff*

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Plaintiff's Motion to Enforce Scheduling Order (Doc 34), And, in the Alternative, Motion to Quash Subpoenas Issued More than Two Years after the Discovery Cutoff**, was electronically filed on March 6, 2006.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Paul B. Martins