UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF ROGER D. OWENSBY JR., et al., | Case No. 01-CV-769 |
| | Senior Judge S. Arthur Spiegel |
| Plaintiff, | |
| v. | |
| CITY OF CINCINNATI, et al., | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF THE DEFENDANTS, CITY OF CINCINNATI, SHIREY, RYAN, BAKER, STREICHER, HUNTER, SELLERS AND HODGES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Estate of Roger D. Owensby ("Plaintiff") submits the following objections and responses to the First Request for Production of Documents of Defendants, City of Cincinnati, Shirey, Ryan, Baker, Streicher, Hunter, Sellers, and Hodges (Defendants").

I. **GENERAL OBJECTIONS**

A.   Plaintiff objects to these document requests to the extent that any of these requests purport to seek documents protected by the attorney-client privilege or the work product doctrine.

B.   Plaintiff objects to these document requests to the extent that they seek documents that are not relevant, not within the scope of discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

C. The inadvertent production by Plaintiff of documents protected by the attorney-client privilege, the work product doctrine, or any other privilege shall not constitute a waiver by Plaintiff of such protection.

D. Plaintiff objects to these document requests to the extent that they seek documents that are already in the possession or control of Defendant.

E. Plaintiff objects to Defendant Definitions and Instructions to the extent that they alter the plain meaning of any term or impose obligations on Plaintiff that are inconsistent with or in addition to the Federal Rules of Civil Procedure.

F. Plaintiff investigation of the facts and information that relate to the claims at issue is ongoing and its responses to these requests are based upon information known to it. Plaintiff reserves the right to modify or supplement any of its responses as additional information becomes known to it.

## RESPONSES TO DOCUMENT REQUESTS

    1.    All medical and hospital records which pertain, refer, or relate to each hospital in which decedent was confined as an inpatient or treated as an outpatient for any complaint or condition which is related in any way to the incident which is the subject matter of the Complaint.

    RESPONSE:

    Plaintiff incorporates the General Objections above and also objects because this document request is vague, overly broad and unduly burdensome. Notwithstanding these objections, other responsive non-privileged documents, to the extent they have not already been produced in this litigation by other parties and to the extent that they are in Plaintiff's possession, custody or control, will be produced at a mutually agreeable time and place.

    2.    All documents which pertain, refer, or relate to written reports, statements, or opinion letters made by each physician or practitioner of any hearing art who saw or treated decedent for any physical or mental condition related in any way to the incident which is the subject matter of the Complaint.

    RESPONSE:

    Plaintiff incorporates the General Objections above and also objects because this document request is vague, overly broad and unduly burdensome. To the extent that this document request seeks any documents from a consulting expert, Plaintiff objects to their production under the work product doctrine. To the extent that this document request seeks any documents from a testifying expert, those documents will be produced in accord with the Federal Rules of Civil Procedure and the Scheduling Orders of this Court.
    Notwithstanding these objections, other responsive non-privileged documents, to the extent they have not already been produced in this litigation by other parties and to the extent that they are in Plaintiff's possession, custody or control, will be produced at a mutually agreeable time and place.

    3.    All documents which pertain, refer, or relate to medical expenses incurred on behalf of decedent which relate in any way to the incident which is the subject matter of the Complaint.

    RESPONSE:

    Plaintiff incorporates the General Objections above and also objects because this document request is vague, overly broad and unduly burdensome. Notwithstanding these objections, other responsive non-privileged documents, to the extent they have not already been produced in this litigation by other parties and to the extent that they are in Plaintiff's possession, custody or control, will be produced at a mutually

agreeable time and place.

4. The death certificate, the coroner's and/or autopsy report (if any), and any photographs related to the subject matter of the Complaint in any fashion whatsoever.

RESPONSE:

Plaintiff incorporates the General Objections above and also objects because this document request is vague, overly broad and unduly burdensome. Notwithstanding these objections, other responsive non-privileged documents, to the extent they have not already been produced in this litigation by other parties and to the extent that they are in Plaintiff's possession, custody or control, will be produced at a mutually agreeable time and place.

5. Decedent's personal and/or business income tax returns for the past five years (including W-2's).

RESPONSE:

Plaintiff incorporates the General Objections above and also objects because this document request is vague, overly broad and unduly burdensome. Notwithstanding these objections, other responsive non-privileged documents, to the extent they have not already been produced in this litigation by other parties and to the extent that they are in Plaintiff's possession, custody or control, will be produced at a mutually agreeable time and place.

6. All documents which pertain, refer, or relate to expenses incurred as a result of decedent's death. This request includes, but without limitation, all medical expenses, funeral and burial expenses, and other miscellaneous expenses.

RESPONSE:

Plaintiff incorporates the General Objections above and also objects because this document request is vague, overly broad and unduly burdensome. Notwithstanding these objections, other responsive non-privileged documents, to the extent they have not already been produced in this litigation by other parties and to the extent that they are in Plaintiff's possession, custody or control, will be produced at a mutually agreeable time and place.

7. In the event decedent participated in the operation of a business or profession, produce a profit and loss statement and balance sheets for the last five years of decedent's life.

RESPONSE:

Plaintiff incorporates the General Objections above and also objects because this document request is vague, overly broad and unduly burdensome. In the last five years of decedent's life he was a soldier in the United States Army, serving in the United States as well as overseas. Notwithstanding these objections, other responsive non-privileged documents, to the extent they have not already been produced in this litigation by other parties and to the extent that they are in Plaintiff's possession, custody or control, will be produced at a mutually agreeable time and place.

8. All documents which pertain, refer, or relate to compensatory damage claims made by the personal representative of the decedent for the following:

(a) Loss of support from the reasonably expected earning capacity of the decedent;

(b) Loss of services of the decedent;

(c) Loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education suffered by the surviving spouse, minor children, parents, or next of kin;

(d) Loss of prospective inheritance to decedent's heirs at law at the time of death.

(e) The mental anguish incurred by the surviving spouse, minor children, parents, or next of kin.

RESPONSE:

Plaintiff incorporates the General Objections above and also objects because this document request is vague, overly broad and unduly burdensome. Notwithstanding these objections, other responsive non-privileged documents, to the extent they have not already been produced in this litigation by other parties and to the extent that they are in Plaintiff's possession, custody or control, will be produced at a mutually agreeable time and place.

-5-

9. Any other documents not previously referred to in this Request for Production of Documents which pertain, refer, or relate to the claim for damages as more fully described in the Complaint.

RESPONSE:

Plaintiff incorporates the General Objections above and also objects because this document request is vague, overly broad and unduly burdensome, especially as to the terms, "any other documents not previously referred to." Notwithstanding these objections, other responsive non-privileged documents, to the extent that they can be determined in light of the vague and ambiguous nature of this request, to the extent they have not already been produced in this litigation by other parties and to the extent that they are in Plaintiff's possession, custody or control, will be produced at a mutually agreeable time and place.

10. All documents which the personal representative of the decedent intends to introduce at a trial on the merits of this case.

RESPONSE:

Plaintiff incorporates the General Objections above and also objects because this document request is vague, overly broad and unduly burdensome. Plaintiff has not yet determined what documents the personal representative of the decedent intends to introduce at a trial on the merits of this case. Notwithstanding this objection, Plaintiff will produce the documents it intends to introduce at trial on the merits of this case at a time and in the fashion required by the Federal Rules of Civil Procedure and the Orders of this Court.

-7-

*[signature]*
James B. Helmer, Jr. (0002878)
Paul B. Martins (0007623)
Frederick M. Morgan, Jr. (0027687)
Robert M. Rice (0061803)
Trial Attorneys for Plaintiff
HELMER, MARTINS & MORGAN CO., L.P.A.
Fourth & Walnut Centre, Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 421-2400
Facsimile: (513) 421-7902

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served, by ordinary U.S. mail, postage prepaid, on August 4, 2003, upon the following:

Neil F. Freund
Vaseem S. Hadi
FREUND, FREEZE & ARNOLD
One Dayton Centre
One South Main Street, Suite 1800
Dayton, Ohio 45402-2017
*Trial Counsel for Defendants City of Cincinnati, John Shirey, Kent A. Ryan, S. Gregory Baker, Thomas Streicher, Jr., Darren Sellers, Jason HODGES*

Gloria Sigman
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
*Trial Attorney for Defendants John Shirey, Kent A. Ryan, S. Gregory Baker, Thomas Streicher, Jr., Robert B. Jorg, Patrick Caton*

Mark T. Tillar
240 Clark Road
Cincinnati, Ohio 45202
*Trial Attorney for Plaintiff*

John J. Helbling
3672 Springdale Road
Cincinnati, Ohio 45251
*Trial Attorney for Plaintiff*

Donald E. Hardin
HARDIN, LEFTON, LAZARUS
   & MARKS, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202
*Trial Attorney for Defendants Robert B. Jorg, Patrick Caton, Darren Sellers, Jason HODGES, and Victor Spellen*

Wilson G. Weisenfelder, Jr.
RENDIGS, FRY, KIELY &
   DENNIS, LLP
900 Fourth & Vine Tower
Cincinnati, Ohio 45202
*Trial Attorney for Defendants City of Golf Manor, Stephen Tilley, Roby Heiland, and Chris Campbell*

Dale A. Stalf
BUCKLEY, KING & BLUSO
1320 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
*Counsel for Defendants Huntington Meadows, LTD, and Bryan Menefee*

Ravert J. Clark
114 East Eighth Street
Suite 400
Cincinnati, Ohio 45202
*Trial Attorney for Defendant David Hunter*

_[signature]_