

# post-gazette.com
A service of the Pittsburgh Post-Gazette®

# Feud pits 2 powerful Dems against each other

Allegheny County district attorney investigating coroner

Sunday, February 13, 2005

By Joe Smydo, Pittsburgh Post-Gazette

If anyone took on Dr. Cyril Wecht, it was going to be Stephen A. Zappala Jr.

That's former Allegheny County Commissioner Mike Dawida's take on the months-old feud between county Coroner Wecht and District Attorney Zappala, two titans of Democratic politics.

What began as a jurisdictional dispute became a larger, more serious issue Friday with Zappala saying he was investigating whether Wecht broke the law by moonlighting as a private consultant on criminal cases, including at least one that passed through the coroner's office. Among the issues, Zappala said, is whether Wecht is using the county lab for private work.

Dawida said Zappala, strong-willed, professional, of a politically powerful family, has the standing and chutzpah to challenge the sharp-tongued, nationally renowned lawyer and forensic pathologist.

Citing Wecht's bulldog persona and habit of writing poison-pen letters to critics, Dawida said he didn't like to challenge him.

A dispute with Wecht is "like a death fight ... Most people just don't want to mess with him because it's just not worth it," he said.

In the jurisdictional dispute, Zappala has tried to block subpoenas the coroner's office issued to police departments so it can hold inquests into two suspicious deaths. He called the proceedings, used to examine circumstances of unexplained deaths and determine criminal liability, an "anachronism."



**Allegheny County Coroner Cyril Wecht**



**Allegheny County District Attorney Stephen A. Zappala Jr.**

Wecht has defended the role of inquests and his right to conduct them. Meanwhile, Zappala has demanded Wecht turn over certain information on the cases to his office.

Pittsburgh Controller Tom Flaherty, former chairman of Allegheny County Democratic Committee, said he's surprised at how rapidly the dispute has escalated from a "simple

http://www.post-gazette.com/pg/pp/05044/456882.stm                                      3/3/2006

dispute over subpoenas."

Flaherty said the investigation into Wecht's private practice clouds the coroner's future with the county, especially given the "deja vu feeling" of some of the allegations. In 1980, Wecht was accused of using county workers and equipment for private work.

At the time, five criminal charges against Wecht were dropped, and he was acquitted of a sixth.

He later paid $200,000 to settle a civil suit by the county which claimed Wecht owed money for out-of-town and private autopsies.

While the jurisdictional feud has been cast as a clash of men accustomed to having their own way, Zappala has raised valid points about a "legal/medical divide," Dawida said.

"It's kind of like church and state," Dawida said, maintaining Zappala should question the coroner's roles of analyzing evidence and conducting legal proceedings based on that evidence.

But "that says nothing bad about Cyril," Dawida said, noting Wecht's reputation and that of Wecht's predecessor, Dr. Joshua Perper, may be why the issue wasn't raised before.

Like Wecht, Dawida said, Zappala is "enormously capable" and trying to attack what he sees as a problem with the system.

At other levels of government, crime labs are divisions of investigative agencies. And on popular television shows, coroners or medical examiners are cast as investigative officers with no judicial duties.

"They don't do both," Dawida said.

Welsh White, professor at the University of Pittsburgh School of Law, said he also understood Zappala's question about the coroner wearing two hats. White, drawing a parallel, said "you don't want a police officer deciding whether somebody's guilty."

But Caroline Roberto, past president of Pennsylvania Association of Criminal Defense Lawyers, said Wecht once asked her to serve as hearing officer at an inquest. She said she was impressed with the process, which generates a body of evidence for prosecutors and defense lawyers to use later if a case goes to court.

Also, she said, she likes such cases reviewed by a party "not being perceived as having a dog in the race." Police and prosecutors, she said, are seen as having a more vested interest.

Roberto said the best question is whether two investigations, one by the coroner and one by the district attorney's office, hinder the search for truth. If not, she said, "everybody benefits" from the two-layered system.

Zappala added a twist Friday when he expressed concern about a $5,000 payment Wecht received from a law firm representing the family of a man killed in 2002 during a scuffle with police in Mount Oliver.

http://www.post-gazette.com/pg/pp/05044/456882.stm                              3/3/2006

Wecht earned the money by writing a report for a federal lawsuit brought by Dixon's family against Mount Oliver police.

Earlier, when the case came before the coroner's office, Wecht recommended homicide charges be pursued. Zappala has not filed charges against the officers involved.

Zappala last week suggested Wecht's moonlighting violated the state ethics law and a federal law that prohibits public officials from using their positions to gain money or services. Also, Zappala was investigating whether Wecht used the county lab or other county resources in his private pathology work.

Wecht said his work didn't involve county property or violate any law.

The feud and Zappala's allegations come against the backdrop of a proposed overhaul of county government.

A referendum in the May 17 primary will ask voters whether they want to eliminate six of the county's 10 row officers. Under the proposal, the coroner's office would be abolished and replaced with an appointed medical examiner.

*(Joe Smydo can be reached at jsmydo@post-gazette.com or 724-746-8812.)*

Back

Copyright ©1997-2004 PG Publishing Co., Inc. All Rights Reserved.