UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN THE MATTER OF:

ESTATE OF ROGER OWENSBY, JR.,     :     Case Nos. 01-CV-769

    Plaintiff,     :     Senior Judge S. Arthur Spiegel

vs.     :

CITY OF CINCINNATI, et. al.     :

    Defendants.     :

## AFFIDAVIT OF BENJAMIN S. ALBRECHT

I, Benjamin S. Albrecht, being first duly sworn and cautioned, and upon the best of my personal knowledge state as follows:

1. That, I am an attorney licensed to practice law in Ohio and employed by the law firm of Downes Hurst & Fishel ("D,H&F");

2. That, I have personal knowledge of the facts attested to herein;

3. That, D,H&F represents the City of Cincinnati ("City") in various labor and employment matters, and I assist in that representation;

4. That, on or about February 24-25, 2004, I served as co-counsel in the representation of the City in the grievance arbitration hearing between the City and Queen City Lodge No. 69, Fraternal Order of Police, regarding the termination of Patrick Caton ("the Grievance Arbitration Hearing");

5. That, the termination of Patrick Caton stemmed from the November 7, 2000 incident involving Mr. Owensby;

6. That, in my representation of the City, I was present at the February 24-25, 2004 arbitration hearing;

7. That, the issue, as framed by the City to the Arbitrator, was "whether Patrick Caton's dismissal was for just cause as required by the Collective Bargaining Agreement. More specifically, was Grievant's dismissal, for multiple incidents of misconduct stemming from the in-custody death of Roger Owensby, Jr., for just cause" for his dismissal, not whether Mr. Owensby died of mechanical asphyxia, sudden cardiac death or some other cause;

8. That, during the arbitration hearing, no witness was called to provide any testimony, or authenticate or explain any document, concerning a determination as to the cause of death of Mr. Owensby;

9. That, during the arbitration hearing, no statements were made by the City conceding the cause Mr. Owensby's death;

10. That, in its Post-hearing Brief, the City made no statement conceding the cause of Mr. Owensby's death, other than that he was dead;

11. That, the City at no time in connection of the Grievance Arbitration Hearing took a position about the cause of Mr. Owensby's death, including that he died of mechanical asphyxia;

12. That, the Arbitrator did not decide that Mr. Owensby died of mechanical asphyxia.

13. That, the decision of the Hamilton County Court of Common Pleas to vacate the Arbitrator's Award was appealed to the First District Court of Appeals;

14. That, the City's position—that it took no position—concerning the cause of Mr. Owensby's death during the arbitration hearing is summarized by the First District Court of Appeals in its decision when its stated "[t]he city does not contend, and the arbitrator made no finding that suggested, that Caton's

conduct caused or contributed to Owensby's death." *Cincinnati v. Queen City Lodge No. 69*, 164 Ohio App.3d 408, 417, 2005-Ohio-6225 at ¶23; and,

15. That, no transcript of the arbitration hearing exists as a court reporter was not requested by either party.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
Benjamin S. Albrecht

Sworn to before me and subscribed in my presence on this the ___9th___ day of March, 2006.

STATE OF OHIO        :
SS                   :
COUNTY OF FRANKLIN   :

BONNI J. AUTERI-KING
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES APRIL 21, 2007

_____
Notary Public

\\theserver\firmdocs\BRIAN\Owensby Albrecht Aff.doc