UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF:<br>ROGER D. OWENSBY, JR.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CINCINNATI, et al.,<br><br>　　　　　Defendants. | Case No. 01-CV-769<br><br>Senior Judge S. Arthur Spiegel |

**PLAINTIFF'S MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND AND TO APPOINT FUND ADMINISTRATOR**

On March 15, 2006, Plaintiff reached a settlement agreement with the remaining Defendants in this action: the City of Cincinnati; its Chief of Police; and, six of its police officers. In conjunction with that settlement, Plaintiff Roger D. Owensby, individually and as Administrator of the Estate of Roger D. Owensby, Jr., hereby moves this Court for an Order:

(I) to establish a fund that shall be called The Owensby Qualified Settlement Fund (the "Fund"); and,

(ii) to appoint Karen D. Meyers, MBA/JD, MEd, CPCU, CLU, FLMI, CSSC, KD Meyers & Associates, PSC, 2651 Observatory Avenue, Cincinnati, Ohio 45208 as the Administrator of said Fund (the "Administrator").

Plaintiff has circulated a draft of this Motion among counsel for the settling Cincinnati Defendants who have no objection to the establishment of the Owensby Qualified Settlement Fund or the appointment of Karen D. Meyers as the Administrator of that Fund.

A memorandum in support of this Motion to Establish Qualified Settlement Fund and Appoint Fund Administrator is attached.

Respectfully submitted,

/s/Mark T. Tillar
Mark T. Tillar (0029898)
105 E. Main Street, Ste. 202
Mason, Ohio  45040
Telephone: (513) 770-0264
Facsimile: (513) 770-0267
*Trial Attorney for Plaintiff*

/s/John J. Helbling
John J. Helbling (0046727)
105 E. Main Street, Ste. 202
Mason, Ohio 45040
Telephone: (513) 770-0322
Facsimile: (513) 770-0267
*Trial Attorney for Plaintiff*

/s/James B. Helmer, Jr.
James B. Helmer, Jr.  (0002878)
Paul B.  Martins (0007623)
Jennifer L. Lambert (0075762)
HELMER, MARTINS, RICE &
  POPHAM CO., L.P.A.
Fourth & Walnut Centre, Suite 1900
105 East Fourth Street
Cincinnati, Ohio 45202-4008
Telephone:  (513) 421-2400
Facsimile:   (513) 421-7902
*Trial Attorneys for Plaintiff*

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND
AND TO APPOINT FUND ADMINISTRATOR**

On November 6, 2001, Plaintiff filed a complaint in this Court against: the City of Cincinnati, its Chief of Police, and six of its police officers ("Cincinnati Defendants"); the Village of Golf Manor, its Chief of Police and two of its police officers ("Golf Manor Defendants"); and, Huntington Meadows Ltd. and several of its security personnel ("Huntington Meadows Defendants").  Doc. 1.

All allegations stem from the November 7, 2000 death of Roger D. Owensby, Jr. when he was stopped, arrested with the use of force by Cincinnati police officers, and placed in the back seat of the Golf Manor police cruiser in the presence of Golf Manor police officers and Huntington Meadows security personnel (the "Incident").  Plaintiff alleged civil right violations under 42 U.S.C. § 1983 claiming that the Cincinnati Defendants violated decedent's Fourth Amendment right to be free of the excessive use of force during the arrest and that all of the Defendants violated decedent's Fourteenth Amendment right to medical care while in custody.  Plaintiff also asserted Ohio wrongful death and survival claims against all Defendants.

Plaintiff settled all claims against the Huntington Meadow Defendants on March 8, 2004.  Doc. 107.

Plaintiff settled all claims against the Golf Manor Defendants on October 18, 2005.  Doc. 217.

On March 15, 2006, during a pretrial conference before this Court, the remaining Cincinnati Defendants offered $6,500,000.00 in full and final settlement for the purpose of resolving and satisfying all claims in this action against the Cincinnati Defendants, including all claims for statutory fees and costs pursuant to 42 U.S.C. § 1988.

Plaintiff has accepted this offer, on condition that the City of Cincinnati agrees to certain non-economic terms dictated into the sealed record on March 15, 2006 at the pretrial conference.

Cincinnati City Council approved the settlement and authorized the payment of the agreed $6,500,000.00 on March 22, 2006.

Plaintiff and the Cincinnati Defendants further agreed that the $6,500,000.00 is comprised of $4,000,000.00 paid in full and final satisfaction of all claims of the Plaintiff against the Cincinnati Defendants arising out of this litigation; and $2,500,000.00 paid in full and final satisfaction of all claims for statutory attorneys' fees and costs arising out of this litigation pursuant to 42 U.S.C. § 1988.

## I.    PAYMENT INTO THE OWENSBY QUALIFIED SETTLEMENT FUND

The Probate Court of Hamilton County, Ohio appointed Roger D. Owensby as the Administrator of the Estate of his deceased son, Roger D. Owensby, Jr. A copy of the Probate Court Letters of Authority appointing Mr. Owensby as Administrator of the Estate of Roger D. Owensby, Jr. is attached as Exhibit A.

The Cincinnati Defendants agreed to pay $4,000,000.00 into a qualified settlement fund on or before May 1, 2006. This settlement payment does not make the Estate whole under the law but is a compromise agreed upon by all parties in resolving this litigation.

## II.   PAYMENT OF 42 U.S.C. § 1988 ATTORNEYS' FEES AND COSTS

The Cincinnati Defendants further agreed to pay an additional $2,500,000.00 into the trust account of Helmer, Martins, Rice & Popham, Co., LPA, on or before May 1, 2006 in full and final satisfaction of all claims for attorneys' fees and costs arising under 42 U.S.C. § 1988. This settlement payment is a compromise agreed upon by all parties in fully resolving this litigation.

### III. THE OWENSBY QUALIFIED SETTLEMENT FUND

The final allocation of the settlement funds among the eligible members of the Estate under the laws of the State of Ohio is unknown presently. The Owensby family members who comprise the Estate of Roger D. Owensby, Jr., including a Guardian Ad Litem appointed by the Hamilton County Probate Court, must confer and hopefully agree upon the distribution of the proceeds. Additionally, the proceeds attributed to the minor daughter of the decedent is likely to be invested in structured settlement annuities which can make periodic payments for decedent's daughter's benefit over her lifetime subject to the local rules of the Hamilton County Probate Court and the best interest of the minor. This process will also take time and will involve coordination with an annuity life insurance company or companies. Finally, the proposed distribution must be presented to the Hamilton County Probate Court where a fairness hearing will be held to consider any objections to the proposed distribution and to finally decide all issues relating to the administration of any proceeds of the Estate, including consideration and integration of the prior settlement proceeds from the Golf Manor settlement, as well as allocation and distribution of the wrongful death proceeds. All of this will require time.

Hence there is a need for the establishment of a qualified settlement fund, as described in Treas. Reg.1.468B-1, established by order of this Court. The qualified settlement fund shall be known as the Owensby Qualified Settlement Fund. The Owensby Qualified Settlement Fund shall be invested in government money market funds unless otherwise ordered by this Court and shall make payments as ordered by the Hamilton County Probate Court. Unless ordered otherwise by this Court, the Fund shall be distributed as ordered by the Hamilton County Probate Court and at all times remain subject to the continuing jurisdiction of this Court until a final distribution report

is filed.

The Fund may, with the consent of persons with whom it enters into Agreements, assign any periodic payment liabilities created under any settlement agreements to a qualified assignee by entering into qualified assignments of such periodic payment liabilities within the meaning of Section 130(c) of the Internal Revenue Code. The qualified assignee shall, respecting each person who is to receive periodic payments under a settlement agreement, purchase one or more qualified funding assets within the meaning of Section 130(d) of the Internal Revenue Code to fund any periodic payment liabilities assigned to the qualified assignee. If any such qualified funding asset is other than an obligation of the United States, it shall be in the form of annuity contracts issued by life insurance company or companies, rated A+ or better by A.M. Best Company and subject to Hamilton County Probate Court local rules.

Persons entering into Agreements with the Fund shall agree in writing to a discharge of the Fund's liabilities to make any periodic payments under the Agreements by executing, along with the Fund and the qualified assignee, a qualified assignment of said liabilities.

The claims made against the Cincinnati Defendants as a result of the Incident are made on account of the personal physical injury and death of Roger D. Owensby, Jr. and arise out of alleged liability in tort or violation of law, including violations of 42 U.S.C. § 1983.

The qualified assignee is not and shall not be related to Plaintiff or the Cincinnati Defendants within the meaning of Section 267(b) or Section 707(b)(1) of the Internal Revenue Code. The qualified assignee shall not be controlled by the Fund and the qualified assignee shall not directly or indirectly control the Fund.

IV.  **THE FUND ADMINISTRATOR**

Karen D. Meyers, MBA/JD, MEd, CPCU, CLU, FLMI, CSSC, of KD Meyers & Associates, PSC, is an experienced Fund Administrator, having served in several State and Federal cases, including, but not limited to, three cases arising from the September 11, 2001 National Tragedy and the associated United States Victim's Compensation Fund filed in United States District Court for the Southern District of New York.  Ms. Meyers has also served in various roles in similar civil rights death cases brought in this Court.  A copy of Ms. Meyers' resume containing her qualifications is attached as Exhibit B.

V.  **NO OBJECTION TO FUND OR ADMINISTRATOR BY CINCINNATI DEFENDANTS**

Plaintiff has circulated a draft of this Motion among counsel for the Cincinnati Defendants who have no objection to the establishment of the Owensby Qualified Settlement Fund or the appointment of Karen D. Meyers as the Administrator of the Fund.

VI.  **CONCLUSION**

WHEREFORE, Plaintiff respectfully request that the Court enter an Order:

1. Establishing the Owensby Qualified Settlement Fund as a qualified settlement fund within the meaning of Treasury Regulation 1.468B-1;

2. Appointing Karen Diane Meyers, MBA/JD, MEd, CPCU, CLU, FLMI, CSSC, of KD Meyers & Associates, PSC,  as Administrator of said Fund;

3. Completely extinguishing any civil liability of the Cincinnati Defendants related to the injury and death of Roger D. Owensby, Jr. arising out of the Incident, including claims for attorneys fees, expenses and costs and completely discharging and releasing the Cincinnati Defendants once:

    a. the Owensby Qualified Settlement Fund is established;

    b. the Cincinnati Defendants pay the agreed amount of $4,000,000.00 into the Owensby Qualified Settlement Fund;

      c.      the Hamilton County Probate Court authorizes Roger Owensby, Administrator of the Estate of Roger D. Owensby, Jr., to execute a settlement and release of all claims against the Cincinnati Defendants; and,

      d.      the Cincinnati Defendants also pay the agreed amount of $2,500,000.00 into the trust account of Helmer, Martins, Rice & Popham, Co., LPA, in satisfaction of all claims for 42 U.S.C. § 1988 attorneys fees and costs.

4. Ordering that said payments from the Cincinnati Defendants shall be made into the Fund on or before May 1, 2006.

5. Ordering that the Fund shall acknowledge the receipt of the $4,000,000.00 in a writing addressed to the Plaintiff and the Cincinnati Defendants within five days of receipt of said amount.

6. Authorizing the Fund to enter into Agreements with appropriate persons, including the use of settlements with periodic payments upon obtaining an Order of the Probate Court of Hamilton County, or its successors and assigns regarding distribution.

7. Authorizing the Fund to make distribution of the proceeds in compliance with the orders of the Hamilton County Probate Court.

8. Authorizing the Fund to effect qualified assignments of any resulting periodic payment liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

    A proposed Order is attached and is being e-mailed to the Court.

Respectfully submitted,

/s/Mark T. Tillar  
Mark T. Tillar (0029898)  
105 E. Main Street, Ste. 202  
Mason, Ohio 45040  
Telephone: (513) 770-0264  
Facsimile: (513) 770-0267  
*Trial Attorney for Plaintiff*

/s/John J. Helbling  
John J. Helbling (0046727)  
105 E. Main Street, Ste. 202  
Mason, Ohio 45040  
Telephone: (513) 770-0322  
Facsimile: (513) 770-0267  
*Trial Attorney for Plaintiff*

/s/James B. Helmer, Jr.  
James B. Helmer, Jr.  (0002878)  
Paul B.  Martins (0007623)  
Jennifer L. Lambert (0075762)  
HELMER, MARTINS, RICE &  
  POPHAM CO., L.P.A.  
Fourth & Walnut Centre, Suite 1900  
105 East Fourth Street  
Cincinnati, Ohio 45202-4008  
Telephone:  (513) 421-2400  
Facsimile:   (513) 421-7902  
*Trial Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing **Plaintiff's Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator**, was electronically filed on March 31, 2006.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                                           /s/ Paul B. Martins

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ESTATE OF                         :
ROGER D. OWENSBY, JR.,            :
                                  :
                                  :   Case No. 01-CV-769
        Plaintiff,                :
                                  :   Senior Judge S. Arthur Spiegel
v.                                :
                                  :
CITY OF CINCINNATI, et al.,       :
                                  :
                                  :
        Defendants.               :
                                  :

**ORDER**

For good cause shown and there being no objection thereto, the Motion to Establish the Qualified Settlement Fund and appoint a Fund Administrator is granted. It is ordered that:

1. The Owensby Qualified Settlement Fund is established as a qualified settlement fund within the meaning of Treasury Regulation 1.468B-1;

2. Karen Diane Meyers, MBA/JD, MEd, CPCU, CLU, FLMI, CSSC of KD Meyers & Associates, PSC, is appointed as Administrator of said Fund;

3. All civil liability of Defendants related to the injury and death of Roger D. Owensby, Jr. arising out of decedent's stop, arrest, and death on November 7, 2000, including claims for 42 U.S.C. § 1988 attorneys fees, expenses and costs, are extinguished and completely discharged and released once:

    a.  The Owensby Qualified Settlement Fund is established;

    b.  The Hamilton County Probate Court authorizes Roger Owensby, Administrator of the Estate of Roger D. Owensby, Jr., to execute a settlement and release of all claims against the Cincinnati Defendants;

    c.    The agreed upon amount of $4,000,000.00 is paid into the Fund; and,

    d.    The Cincinnati Defendants also have paid the agreed amount of $2,500,000.00 into the trust account of Helmer, Martins, Rice & Popham, Co., LPA, in satisfaction of all claims for 42 U.S.C. § 1988 attorneys fees and costs.

4. Said payment of $4,000,000.00 from Defendants shall be made into the Owensby Qualified Settlement Fund on or before May 1, 2006.

5. The Fund shall acknowledge the receipt of the $4,000,000.00 in a writing addressed to all signatories of this Motion within five days of receiving said amount. The Fund shall be invested in government money market funds unless otherwise ordered by this Court.

6. The Fund is authorized to enter into agreements with appropriate persons, including the use of settlements with periodic payments upon obtaining an order of the Hamilton County Probate Court, or its successors and assigns in interest regarding distribution.

7. The Fund is authorized to make distribution of the proceeds in compliance with the orders of the Hamilton County Probate Court.

8. The Fund is authorized to effect qualified assignments of any resulting periodic payment liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

9. The Fund is ordered to: pay any taxes as they become due from the earnings on the Fund; file any required tax returns as they become due, and, file a final distribution report with the Court terminating the Fund once all matters are resolved with the Hamilton County Probate Court.

10. Said payment of $2,500,000.00 shall be paid into the trust account of Helmer, Martins, Rice & Popham, Co., LPA on or before May 1, 2006.

11.     This Court retain jurisdiction over this case for the purpose of enforcing this settlement.


IT IS SO ORDERED.

                                                                                      _____
                                                                                      S. Arthur Spiegel
                                                                                       United States District Court